ALTO LITIGATION, PC
  Bahram Seyedin-Noor (Bar No. 203244)
  bahram@altolit.com
  Bryan Ketroser (Bar No. 239105)
  bryan@altolit.com
  Joshua A. Korr (Bar No. 304577)
  josh@altolit.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 779-2586
Facsimile: (415) 306-8744

Attorneys for Plaintiff,
Ariel Abittan

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, | Case No. 5:20-cv-09340-NC |
| PLAINTIFF, | **PLAINTIFF'S OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |
| v. | |
| LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), | Judge: Hon. Nathanael Cousins
Date Action Filed: December 24, 2020 |
| DEFENDANTS, | |
| and | |
| EIAN LABS INC., | |
| NOMINAL DEFENDANT. | |

**OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTION**

Pursuant to Civil L.R. 3-13(c), Plaintiff Ariel Abittan ("Abittan" or "Plaintiff") by and through his attorneys, hereby submits his Opposition to Pendency of Other Action or Proceeding in response to Defendant Temujin Labs Inc.'s (Delaware) ("Defendant" or "Temujin") Notice of Pendency of Other Action or Proceeding (Dkt. 20).

Defendant contends that its affirmative lawsuit, *Temujin Labs Inc. v. Abittan, et al.*, Case No. 20-CV-372622, pending, in the Superior Court of California, County of Santa Clara (the "State Court Action") meets the requirements of Civil Local Rule 3-13.  Plaintiff disputes that this Action falls within the scope of Local Rule 3-13(a) because it does not involve "all or a material part of the same subject matter **and** all or substantially all of the same parties as another action." (Emphasis added).  Indeed, neither condition is met.

At the outset, there is no identity of parties.  Combined, the two litigations involve: (1) Ariel Abittan; (2) Charles Lu; (3) Benjamin Fisch; (4) Temujin Labs Inc. (Delaware); (5) Temujin Labs Inc. (Cayman); (6) Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen); (7) Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding); and (8) Eian Labs Inc.  The only parties to both disputes are Abittan and Temujin Labs Inc. (Delaware).  Two of eight is not "all or substantially all of the same parties."  Civ. L.R. 3-13(a).

Furthermore, the cases do not involve "all or a material part of the same subject matter." *Id.*  Indeed, the majority of claims in both lawsuits have nothing to do with one another.  For example, in this Action, Plaintiff asserts seven direct causes of action (out of twelve) relating to Defendants' misappropriation of several high-end luxury watches, improper expenditures on Plaintiff's credit cards, and defamatory statements regarding Plaintiff's character.  Those allegations are entirely independent from Temujin's employment dispute with its former CEO (Lu) and CTO (Fisch) or any purported trade secrets.

Likewise, the State Action (**Exhibit A**) contains numerous counts that have nothing to do with Plaintiff or this Action.  For example, six of the eleven counts are breach of contract or tort claims against either Lu or Fisch that do not involve Plaintiff.  And the remaining counts are almost entirely distinct.  The declaratory relief and trade secret counts involve Temujin's

1
OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING
Case No.: 5:20-cv-09340-NC

allegation that Abittan, Lu, and Fisch are seeking to usurp Temujin's source code to start a competing business. This Action has nothing to do with the use of source code or any attempt to operate a competing business. And the Counts for conspiracy and tortious interference are based on Temujin's allegation that Abittan, Lu, and Fisch publicized this source code, fomented internal dissent at Temujin, interfered with investor relationships, and refused to hand over access to Temujin credentials. None of those allegations have anything to do with this Action.

The only overlap between the cases involves the dispute regarding whether a certain intellectual property transfer agreement was fraudulently induced (as Abittan contends) or valid (as Temujin contends). That dispute, while important to Abittan's derivative claims on behalf of Nominal Defendant Eian Labs Inc., is an ancillary issue in the State Action that would affect just two of Temujin's claims. The gravamen of the State Action concerns Fisch and Lu's conduct and Temujin's allegations regarding the use of source code to form a competing business – all of which is factually distinct from this Action. One factual overlap does not make it so that this Action and the State Action involve "all or a material part of the same subject matter and all or substantially all of the same parties as another action." Civ. L.R. 3-13(a). Nor does it provide grounds for dismissal of any of Plaintiff's claims, let alone all of them.

Notwithstanding the foregoing, as the parties previously informed the Court via stipulation (Dkt. 21), Plaintiff and Defendant "are discussing a separate stipulation and proposed order that would include a voluntary dismissal of this action in favor of Plaintiff re-filing Plaintiff's claims" in the State Action.

DATED: March 17, 2021                ALTO LITIGATION, PC

                                    By:   */s/ Joshua Korr*
                                          Joshua Korr
                                          Attorneys for Plaintiff Ariel Abittan