1   DEAN S. KRISTY (CSB No. 157646)
    dkristy@fenwick.com
2   JENNIFER BRETAN (CSB No. 233475)
    jbretan@fenwick.com
3   CASEY O'NEILL (CSB No. 264406)
    coneill@fenwick.com
4   JOSHUA PARR (CSB No. 318549)
    jparr@fenwick.com
5   FENWICK & WEST LLP
    555 California Street, 12th Floor
6   San Francisco, CA 94104
    Telephone: 415.875.2300
7   Facsimile: 415.281.1350

8   FELIX LEE (CSB No. 197084)
    flee@fenwick.com
9   FENWICK & WEST LLP
    801 California Street
10  Mountain View, CA 94041
    Telephone: 650.988.8500
11  Facsimile: 650.938.5200

12  Attorneys for Defendant Temujin Labs Inc.
    (Delaware)

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                  SAN JOSE DIVISION

17  ARIEL ABITTAN,                          Case No.:  5:20-cv-09340

18            Plaintiff,                     **DEFENDANT TEMUJIN LABS INC.
                                            (DELAWARE)'S NOTICE OF
19       v.                                  MOTION AND MOTION TO DISMISS
                                            COMPLAINT; MEMORANDUM OF
20  LILY CHAO (A/K/A TIFFANY CHEN, A/K/A     POINTS AND AUTHORITIES IN
    YUTING CHEN), DAMIEN DING (A/K/A         SUPPORT THEREOF**
21  DAMIEN LEUNG, A/K/A TAO DING),
    TEMUJIN LABS INC. (A DELAWARE            Date:   May 19, 2021
22  CORPORATION), AND TEMUJIN LABS INC.      Time:  1:00 PM
    (A CAYMAN CORPORATION),                  Place:  Courtroom 5, 4th Floor
23                                           Judge:  Hon. Nathanael Cousins
             Defendants,
24
         and
25
    EIAN LABS INC.,
26
             Nominal Defendant.
27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ...............................................................1

ISSUES TO BE DECIDED ..........................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................................1

I.     INTRODUCTION ...............................................................................................................1

II.    STATEMENT OF FACTS ..................................................................................................3

       A.     Parties ........................................................................................................................3

       B.     Findora Blockchain Technology...............................................................................4

       C.     Plaintiff's Alleged Relationship with Chao, Ding and the Findora Project ...........4

       D.     Alleged Improprieties at Findora .............................................................................5

       E.     Formation of the Temujin Defendants and Sale of the Eian Assets ........................5

       F.     Plaintiff's Interference with Temujin's Business and Prior Pending
              Litigation...................................................................................................................5

       G.     Procedural History and Plaintiff's Claims ...............................................................6

III.   ARGUMENT.......................................................................................................................6

       A.     Plaintiff Must File His Claims Against Temujin Delaware in State Court .............6

              1.     Plaintiff's Claims Here Closely Relate to Those in the State Action .........7

              2.     Plaintiff's Purported Claims Existed Well Before the Answer Date..........9

       B.     Plaintiff's Derivative Claims Violate the Pleading Requirements of Rule
              23.1 in Multiple Respects and Must Therefore Be Dismissed ...............................9

              1.     The Derivative Claims Must be Dismissed As Unverified .......................9

              2.     Plaintiff Fails to Allege He Is (or Ever Was) an Eian Shareholder ..........10

       C.     Plaintiff Otherwise Fails to State a Viable Claim.................................................10

              1.     All Claims Against Temujin Delaware Fail As Group Pleading..............11

              2.     Plaintiff Has Not Adequately Pleaded a RICO Claim..............................12

                     a.     Plaintiff Fails to Allege the Required "Conduct" .........................13

                     b.     Plaintiff Fails to Allege a RICO "Enterprise" .............................14

                     c.     Plaintiff Fails to Allege a "Pattern" of Racketeering Activity ......15

FENWICK & WEST LLP
ATTORNEYS AT LAW

## TABLE OF CONTENTS (CONT'D)

**Page**

        d.    Plaintiff Fails to Allege "Racketeering" Activity ........................16

   3.    Plaintiff's RICO Conspiracy Claim Fails in Turn ....................................16

   4.    Plaintiff's State Law Claims Fail for Numerous Additional Reasons .......17

        a.    The Derivative Aiding and Abetting Claim Fails ..........................17

        b.    The Derivative Fraudulent Inducement Claim Fails ....................18

        c.    Plaintiff Has Not Adequately Pleaded Fraud................................19

        d.    The Conversion Claim Fails .........................................................22

        e.    Plaintiff Cannot Recover on Grounds of Unjust Enrichment, Whether Derivative or Direct ........................................................22

        f.    Plaintiff Is Not Entitled to an Accounting ....................................23

IV.    CONCLUSION..............................................................................................................24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Accuray, Inc. S'holder Der. Litig.*,
   757 F. Supp. 2d 919 (N.D. Cal. Aug. 31, 2010) ...................................................................... 10

*Agric. Water v. Occidental Oil & Gas Corp.*,
   235 F. Supp. 3d 1132 (E.D. Cal. 2017) ................................................................................... 14

*Align Tech., Inc. v. Tran*,
   179 Cal. App. 4th 949 (2009) ............................................................................................... 7, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................ 10, 11

*Baumer v. Pachl*,
   8 F.3d 1341 (9th Cir. 1993) ..................................................................................................... 17

*Beats Elecs., LLC. v. Lamar*,
   2015 WL 9694787 (C.D. Cal. Aug 31, 2015) ........................................................................... 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................. 10

*Bus. Funding Grp., Inc. v. Architectural Renovators, Inc.*,
   1993 WL 104611 (Del. Ch. Mar. 31, 1993) ............................................................................. 24

*Cheiker v. Prudential Ins. Co.*,
   820 F.2d 334 (9th Cir. 1987) ...................................................................................................... 7

*City of Santa Monica v. Stewart*,
   126 Cal. App. 4th 43 (2005) ..................................................................................................... 21

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*,
   235 F. Supp. 3d 1132 (E.D. Cal. 2017) ................................................................................... 14

*In re Comverge, Inc. S'holders Litig.*,
   2014 WL 6686570 (Del. Ch. Nov. 25, 2014) ...................................................................... 17, 18

*In re ConAgra Foods Inc.*,
   908 F. Supp. 2d 1090 (C.D. Cal. 2012) ................................................................................... 23

*In re Crown Vantage, Inc.*,
   421 F.3d 963 (9th Cir. 2005) ...................................................................................................... 7

*Currie Medical Specialties, Inc. v. Bowen*,
   136 Cal. App. 3d 774 (1982) .................................................................................................. 7, 8

*Destfino v. Reiswig*,
   630 F.3d 952 (9th Cir. 2011) ..................................................................................................... 11

1

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

2

**Page(s)**

3

**Cases**

4

*DiGiacobbe v. Sestak*,
  2003 WL 1016985 (Del. Ch. Mar. 3, 2003) ...................................................23

5

6

*Duggal v. G.E. Cap. Commc'ns Servs., Inc.*,
  81 Cal. App. 4th 81 (2000) ...........................................................................23

7

*Eclectic Props. E., LLC v. The Marcus & Millichap Co.*,
  2012 WL 713289 (N.D. Cal. Mar. 5, 2012), *aff'd*, 751 F.3d 990 (9th Cir. 2014)..............13, 15

8

9

*Edejer v. DHI Mortg. Co.*,
  2009 WL 1684714 (N.D. Cal. Jun. 12, 2009)...............................................20

10

*In re Extreme Networks Inc. S'holder Deriv. Litig.*,
  573 F. Supp. 2d 1228 (N.D. Cal. Aug. 12, 2008) .........................................9

11

12

*Flores v. Strauss Water Ltd.*,
  2016 WL 5243950 (Del. Ch. Sept. 22, 2016) ...............................................19

13

*Fortis Advisors LLC v. Dialog Semiconductor PLC*,
  2015 WL 401371 (Del. Ch. Jan. 30, 2015)....................................................18

14

*Gantler v. Stephens*,
  965 A.2d 695 (Del. 2009) ...............................................................................19

15

16

*Gonzalez v. Planned Parenthood of Los Angeles*,
  759 F.3d 1112 (9th Cir. 2014) .......................................................................11

17

*H.J. Inc. v. Nw. Bell Tel. Co.*, .........................................................................15
  492 U.S. 229 (1989)

18

19

*Hartford Cas. Ins. Co. v. J.R. Mktg., LLC.*,
  61 Cal. 4th 988 (2015) ...................................................................................23

20

*Hexion Specialty Chems., Inc. v. Huntsman Corp.*,
  965 A.2d 715 (Del. Ch. 2008) .......................................................................17

21

22

*Hutchins v. Nationstar Mortg. LLC*,
  2017 WL 2021363 (N.D. Cal. May 12, 2017)................................................23

23

*In re iPhone Application Litig.*,
  2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ..............................................11

24

*In re Jamster Mktg. Litig.*,
  2009 WL 1456632 (S.D. Cal. May 22, 2009) ................................................14

25

26

*Jolley v. Chase Home Fin., LLC*,
  213 Cal. App. 4th 872 (2013) ........................................................................24

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

## **TABLE OF AUTHORITIES (CONT'D)**

2

**Page(s)**

3

**Cases**

4

*In re JUUL Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*,
  2020 WL 6271173 (N.D. Cal. Oct. 23, 2020) ................................................................. 13, 14

5

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ....................................................................................... 11, 20

6

*Keirsey v. eBay, Inc.*,
  2012 WL 12920765 (N.D. Cal. Aug. 6, 2012) ...................................................................... 23

7

8

*Kopchuk v. Countrywide Fin. Corp.*,
  2010 U.S. Dist. LEXIS 23884 (E.D. Cal. Mar. 15, 2010) .................................................... 20

9

*Kuroda v. SPJS Holdings, LLC*,
  971 A.2d 872 (Del. Ch. 2009) .............................................................................................. 23

10

11

*Lazar v. Superior Court*,
  12 Cal. 4th 631 (1996) ......................................................................................................... 20

12

*Malpiede v. Townson*,
  780 A.2d 1075 (Del. 2001) ................................................................................................... 17

13

14

*McDermott, Inc. v. Lewis*,
  531 A.2d 206 (Del. 1986) ..................................................................................................... 19

15

*Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*,
  833 F.2d 1360 (9th Cir. 1987) .............................................................................................. 16

16

17

*Metaxas v. Lee*,
  2020 WL 7025095 (N.D. Cal. Nov. 30, 2020) ................................................................ 15, 16

18

*Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*,
  854 A.2d 121 (Del. Ch. 2004) .............................................................................................. 18

19

20

*In re MIPS Techs. Inc., Deriv. Litig.*,
  542 F. Supp. 2d 968 (N.D. Cal. Jan. 11, 2008) ...................................................................... 9

21

*Mktg. W., Inc. v. Sanyo Fisher (USA) Corp.*,
  6 Cal. App. 4th 603 (1992) ................................................................................................... 21

22

23

*Nemec v. Shrader*,
  991 A.2d 1120 (Del. 2010) ................................................................................................... 22

24

*Oakdale v. Village Group v. Fong*,
  43 Cal. App. 4th 539 (1996) ................................................................................................. 22

25

26

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ..................................................................................... 11, 14, 15

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

**Cases**

*Pochiro v. Prudential Ins. Co.*,
   827 F.2d 1246 (9th Cir. 1986) ............................................................................... 7

*Religious Tech. Ctr. v. Wollersheim*,
   971 F.2d 364 (9th Cir. 1992) .............................................................................. 16

*Reves v. Ernst & Young*,
   507 U.S. 170 (1993) ........................................................................................... 13

*Reyn's Pasta Bella, LLC. v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) ................................................................................ 6

*Royce Int'l Broad. Corp. v. Field*,
   2000 WL 236434 (N.D. Cal. Feb. 23, 2000) ...................................................... 16

*Schoon v. Smith*,
   953 A.2d 196 (Del. 2008) ................................................................................... 10

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ............................................................................ 16

*SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*,
   88 F.3d 780 (9th Cir. 1996) ................................................................................ 10

*Spotlight Ticket Mgmt., Inc. v. StubHub, Inc.*,
   2020 WL 4342260 (C.D. Cal. May 22, 2020) .............................................. 14, 16

*State Farm Mut. Auto. Ins. Co. v. Superior Court*,
   114 Cal. App. 4th 434 (2003) ............................................................................. 20

*Steam Press Holdings, Inc. v. Hawaii Teamsters & Allied Workers Union, Local 996*,
   302 F.3d 998 (9th Cir. 2002) .............................................................................. 15

*Stephenson v. Capano Dev. Inc.*,
   462 A.2d 1069 (Del. 1983) ................................................................................. 18

*Stitt v. Citibank, N.A.*,
   942 F. Supp. 2d 944 (N.D. Cal. 2013) ................................................................ 13

*Sumotext Corp. v. Zoove, Inc.*,
   2017 WL 2774382 (N.D. Cal. June 26, 2017) .................................................... 11

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .............................................................................. 11

*Tafflin v. Levitt*,
   493 U.S. 455 (1990) ............................................................................................. 8

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

**TABLE OF AUTHORITIES (CONT'D)**

2

**Page(s)**

3

**Cases**

4

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
  2 Cal. App. 4th 153 (1991) .................................................................20

5

6

*Temujin Labs Inc. v. Abittan et al.*,
  No. 20CV372622 (filed Nov. 6, 2020) ........................................... 6, 9

7

*In re Tower Air, Inc.*,
  416 F.3d 229 (3d Cir. 2005) ................................................................19

8

9

*United States v. Bohonus*, ...............................................................16
628 F.2d 1167 (9th Cir. 1980)

10

*United States v. Cyphers*,
  604 F.2d 635 (9th Cir. 1979) ...............................................................16

11

*United Artists Corp. v. Masterpiece Prods.*,
  221 F.2d 213 (2d Cir. 1955) .................................................................7

12

13

*United States v. Taylor*,
  802 F.2d 1108 (9th Cir. 1986) .............................................................16

14

*In re Verisign Inc. Der. Litig.*,
  531 F. Supp. 2d 1173 (N.D. Cal. Sept. 14, 2007)...............................10

15

16

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .............................................................17

17

*Vichi v. Koninklijke Philips Elecs., N.V.*,
  85 A.3d 725 (Del. Ch. 2014) ...............................................................18

18

19

*Virden v. Graphics One*,
  623 F. Supp. 1417 (C.D. Cal. 1985) ....................................................16

20

*W. Airlines, Inc. v. Sobieski*,
  191 Cal. App. 2d 399 (1961) ..........................................................19, 20

21

22

*In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*,
  2013 WL 12130034 (C.D. Cal. July 19, 2013)...................................13

23

24

*Wimo Labs LLC v. eBay, Inc.*,
  2016 WL 11507382 (C.D. Cal. Jan. 28, 2016) ...................................15

25

*Windsor I, LLC v. CWCapital Asset Mgmt. LLC*,
  238 A.3d 863 (Del. 2020)....................................................................22

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

## __TABLE OF AUTHORITIES (CONT'D)__

2

**Page(s)**

3

**Statutes and Rules**

4

Delaware Code

5
8 *Del. C.* § 327 ........................................................................................ 10

6

United States Code
18 U.S.C. § 1961(4) .............................................................................. 14
18 U.S.C. § 1962(c) ...................................................................... 12, 13, 14

7

8

California Code of Civil Prodedure
§ 367 ...................................................................................................... 21
§ 426.10(c) ............................................................................................... 7
§ 426.30 .................................................................................................... 9
§ 426.30(a) ............................................................................................... 7

9

10

11

Federal Rules of Civil Procedure
Rule 8(a)(2) ............................................................................................ 11
Rule 9(b) ............................................................................................ 11, 17
Rules 12(b)(1) ......................................................................................... 1
Rules 12(b)(6) .............................................................................. 1, 6, 10
Rule 23.1 .................................................................................. 1, 2, 9, 10
Rule 23.1(b) ..................................................................................... 9, 10

12

13

14

15
Racketeer Influenced and Corrupt Organizations Act ("RICO") ......................................... *passim*

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on May 19, 2021 at 1:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Nathanael M. Cousins, located at the United States District Court for the Northern District of California, 280 South First Street, 4th Floor, San Jose, California, defendant Temujin Labs Inc. (Delaware) ("Temujin Delaware") will, and hereby does, move to dismiss the complaint (the "Complaint").  Temujin Delaware moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of standing and failure to state a claim.  This motion is based on the Memorandum of Points and Authorities below, the Declaration of Jennifer Bretan ("Bretan Declaration") and attached exhibits, the [Proposed] Order, the arguments of counsel, and any other matters properly before the Court.[1]

## ISSUES TO BE DECIDED

1.      Whether claims against Temujin Delaware are subject to dismissal where they should have been brought as compulsory counterclaims in earlier-filed state court litigation.

2.      Whether Plaintiff lacks standing to assert derivative claims on behalf of Eian Labs Inc. ("Eian") given that the Complaint was not verified and Plaintiff is not a shareholder of Eian, both of which are mandated by Rule 23.1.

3.      Whether Plaintiff otherwise fails to state a claim against Temujin Delaware.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This is a case of seller's remorse.  More than a year *after* Plaintiff Ariel Abittan ("Plaintiff") approved the sale of Eian's intellectual property assets to Temujin Labs Inc. (Cayman) ("Temujin Cayman," and together with Temujin Delaware, the "Temujin Defendants"),[2] and just as the blockchain project the Temujin Defendants had started to work on (which they fully developed and named "Findora") was poised for great success, Plaintiff began

---

[1] Unless otherwise noted, references to "¶" are to paragraphs in the Complaint and references to Exhibits ("Ex.") are to the exhibits to the Bretan Declaration.

[2] Temujin Delaware is wholly owned by Temujin Cayman.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  making tortiously false claims that he controlled the project and the associated technology.

2  Temujin Delaware filed suit against Plaintiff and various of his co-conspirators in Santa Clara

3  County Superior Court to prevent further tortious interference, and to recover damages for

4  injuries inflicted by Plaintiff's attempted sabotage of the Findora project.

5  In a transparent attempt to deflect from his misdeeds, Plaintiff filed this suit, making the

6  revisionist claim that the sale of assets related to Findora was procured by fraud. This assertion is

7  irredeemably flawed, first and foremost because nothing was concealed from Plaintiff. Plaintiff

8  reviewed and was aware of the terms of the agreement when he approved the sale of Eian's assets

9  to Temujin Cayman in his capacity as a member of the majority shareholder of Eian. Plaintiff has

10  also held himself out to be Eian's CEO and purports "[o]n information and belief" to be an Eian

11  director. To the extent he *now* claims he did not understand the terms of the sale – purportedly

12  because he was in a hurry to catch a plane and did not read the sale documents carefully – this

13  would merely reflect a breach of *his* fiduciary duties to Eian. While Plaintiff may now regret his

14  decisions, or the lack of any role for him on the Findora project, no facts are pleaded in the

15  Complaint that show fraud. Plaintiff's vague claims of a continuing "ownership" interest are

16  unsupported by any agreement and are contradicted by the asset sale agreement he approved.

17  That is not the basis for any lawsuit, much less one purporting to assert claims on Eian's behalf

18  (given that he was never an Eian shareholder), or with sensationalized, but deficient, allegations

19  of "racketeering."

20  The claims against Temujin Delaware also fail for a variety of other reasons. ***First***,

21  Plaintiff erred in bringing his claims in federal court. Those claims, and the allegations

22  underlying them, directly overlap with the prior-filed state action. As such, they are compulsory

23  counterclaims that must be litigated in the earlier state court case.

24  ***Second***, Plaintiff purports to assert four derivative claims on behalf of Eian against

25  Temujin Delaware. Rule 23.1 expressly mandates, however, that any Complaint pleading

26  derivative claims be verified, and Plaintiff's failure to do so requires that the derivative claims be

27  dismissed. In addition, only a current shareholder of Eian can assert derivative claims on its

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

behalf.  Plaintiff is not now, and never was, a shareholder of Eian.  These defects doom the derivative claims.

**Third**, the Complaint routinely conflates claims against Temujin Delaware with those against other defendants, blurring the lines between the entities and the individual defendants.  In the Ninth Circuit, as elsewhere, "group pleading" of this sort is not permitted.  The prohibition applies with particular force here given that Plaintiff's claims sound in fraud and are subject to heightened pleading requirements.  No particularized facts are alleged demonstrating what Temujin Delaware did to further any alleged fraud (e.g., who said what and had authority to speak for whom).  Nor could Plaintiff plead such facts.  Temujin Delaware **did not exist** until July 2019, years after all or virtually all of the alleged wrongdoing alleged in multiple causes action purportedly pleaded against it.

**Fourth**, the array of other claims Plaintiff purports to allege (civil RICO, conversion, unjust enrichment, and for an "accounting") suffer from other defects and fail to state a claim against Temujin Delaware.  For all these reasons, Plaintiff's Complaint should be dismissed.

## II.     STATEMENT OF FACTS

### A.     Parties

Plaintiff is an individual residing in New York.  ¶ 21.  He claims to be a co-founder and co-owner of a venture Temujin Delaware operates under the trade name "Findora."  ¶¶ 21, 24.  Temujin Delaware is a Delaware corporation with its principal place of business in Santa Clara County, California and provides services in connection with the development and operations of Findora pursuant to an agreement with the Cayman entity.  ¶ 24.  Temujin Cayman is a Cayman Islands corporation and wholly owns Temujin Delaware.  ¶ 25.  Plaintiff also purports to assert claims against certain individuals allegedly associated with Findora: "Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen)" ("Chao") and "Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding)" ("Ding").  Plaintiff also names Eian (formerly known as Porepsus Labs Inc. ("Porepsus")) as a nominal defendant, and purports to bring derivative claims on Eian's behalf.  ¶¶ 22-23, 26.

### B.      Findora Blockchain Technology

Findora is a blockchain-based financial technology project.  ¶ 43.[3]  Its mission is to support an online platform where blockchain concepts verify transactions in a transparent way, while also protecting transaction privacy.  *See id.*  For example, the "Findora ledger" is designed to record transactions publicly, while maintaining the confidentiality of the types and amounts of digital assets exchanged.  Thus far, Findora products have shown great promise.  *See, e.g.* ¶ 156.

### C.      Plaintiff's Alleged Relationship with Chao, Ding and the Findora Project

Plaintiff claims he met Chao and Ding buying and selling luxury watches on the internet around May 2016, over three years before either Temujin Defendant was incorporated.  ¶¶ 27-34.  Plaintiff pleads no facts linking his "watch" venture to either Temujin Defendant or to Findora (*see* ¶¶ 27-41) but says he "developed a relationship of trust" with Chao and Ding.  ¶¶ 35, 41.

In January 2018, Plaintiff claims he, Chao, and Ding formed Juniper Ventures Inc. ("JVI") to start a blockchain business, and Plaintiff became a 50% shareholder.  ¶¶ 43-44.  Plaintiff allegedly became a 50% shareholder in a second entity, Juniper Ventures Partners, LLC ("Juniper").  ¶ 48.  A third entity, Porepsus, issued 672,000 shares of common stock to Juniper and 176,471 shares to a non-party.  ¶ 49.  Through his 50% stake in Juniper, Plaintiff claims an indirect interest in 336,000 shares of Porepsus (about 40% of the 848,471 issued in total) but alleges no direct shareholdings in Porepsus and does not claim he personally held shares.  *See id*.  In October 2018, Porepsus changed its name to Eian, which allegedly "held the rights to all of the intellectual property associated with the blockchain business" and the name "Findora."  ¶¶ 51-52.

From 2018 until July 2019, Plaintiff claims he collaborated with Chao, Ding and others to make Findora a success.  ¶ 59.  Despite no relevant experience in the area (at least as pleaded in the Complaint), he supposedly: "handled all aspects of hiring and negotiating with employees," including Stanford University-affiliated blockchain and cryptography experts; helped "in the creation of at least one white paper" and with "fundraising and investor pitches"; and held other undefined "operational responsibilities."  ¶¶ 59-62, 71-72.

---

[3] "Blockchain" refers to a process whereby a list of records (typically of digital currency) is vetted and confirmed by network participants in a decentralized fashion.  Blocks of verified records are periodically recorded on a public ledger referred to as the blockchain.

FENWICK  &  WEST  LLP
ATTORNEYS AT  LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

### D.   Alleged Improprieties at Findora

Over the course of his claimed association with Eian and Findora, Plaintiff claims there was impropriety, including: hidden identities and relationships (¶¶ 53-58); unreimbursed credit card expenses (¶¶ 75-82); requests to return investor funds that were not honored (¶¶ 83-86); and diversion of funds from the Findora project (¶¶ 115-18).  Plaintiff does not allege facts showing any of these activities, even if true, were carried out or authorized by Temujin Delaware.

### E.   Formation of the Temujin Defendants and Sale of the Eian Assets

Temujin Delaware and Temujin Cayman were incorporated on July 2, 2019.  *See* Ex. A, B.  On July 3, the following day, Plaintiff met with Chao and Ding.  ¶ 87.  At that meeting, in his capacity as a member of Juniper (which, in turn, was a shareholder in Eian), Plaintiff signed a document approving the sale of Eian's assets (including intellectual property) to Temujin Cayman in exchange for satisfaction of $300,000 in outstanding debt.  ¶¶ 95, 101-02, 151; *see also* Ex. C. The transaction closed on or about August 12, 2019.  Ex. D.  Temujin Delaware was not a party to the transaction, only Temujin Cayman.  *Id.*  Plaintiff does not allege that Chao or Ding, in negotiating the asset sale, did so on behalf of Temujin Delaware.  Indeed, the Complaint does not plead that Chao or Ding had any formal association with any Temujin Defendant, whether as an executive, a director, or otherwise.  Instead, Plaintiff states that Charles Lu ("Lu") was Temujin Delaware's CEO at the time of the asset sale but did not participate in the negotiations.  *See* ¶¶ 88-98.

Following the Eian asset transfer, Plaintiff allegedly continued to engage with Chao and Ding about his outstanding credit card debt and any ongoing business relationship but was ultimately asked to separate from the project.  ¶¶ 99-110.  Plaintiff also claims he was defamed when Chao told others Plaintiff no longer owned any portion of the Findora project.  ¶ 112

### F.   Plaintiff's Interference with Temujin's Business and Prior Pending Litigation

Plaintiff's claim that he holds an ownership interest in the Findora project is one he has been making for months before filing this action, most notably to Temujin Delaware employees and consultants.  The doubt sowed by Plaintiff's false ownership assertion ultimately caused key members of the team to stop contributing, and actively interfere with project development.  By

FENWICK & WEST LLP
ATTORNEYS AT LAW

October 2020, these distractions had reached a crisis level, with several individuals—including Lu (then CEO) and project advisor Ben Fisch and others—abruptly resigning from their employment and consulting relationships.  ¶¶ 5, 119, 124.  Pointing to Plaintiff's claims of ownership, several of them also conspired with Plaintiff to spur further defection and disrupt ongoing operations (*e.g.*, by withholding access to Findora's social media and project development accounts), ostensibly to launch a competing project.  Because of the false claims of ownership, and the disruption and injuries to the Findora project, Temujin Delaware was forced to file suit against Plaintiff (and certain individuals acting in concert with him) on November 6, 2020 in Santa Clara County Superior Court.  *Temujin Labs Inc. v. Abittan et al.*, No. 20CV372622 (filed Nov. 6, 2020).[4]  Central to that dispute is the claim Plaintiff presses here: right, entitlement, and ownership of the Findora project and its intellectual property.

### G.    Procedural History and Plaintiff's Claims

Ignoring the pendency of the state court action based on the same core set of facts, Plaintiff filed this suit on December 24, 2020.  The Complaint asserts thirteen claims, ten of which are asserted against Temujin Delaware: (1) four derivative claims ostensibly on Eian's behalf (aiding and abetting breach of fiduciary duty, fraudulent inducement, unjust enrichment, and a request for an accounting); and (2) six direct claims (civil violation and conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, conversion, unjust enrichment, and accounting).  None are well pleaded.

## III.  ARGUMENT

### A.    Plaintiff Must File His Claims Against Temujin Delaware in State Court

All claims against Temujin Delaware should be dismissed under Rule 12(b)(6) because Plaintiff was required to assert them in the state court action.  "Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory

---

[4] *See* Ex. E.  Temujin Delaware seeks judicial notice of the fact of the lawsuit and its subject matter for the limited purpose of evaluating the argument (*see* § III(A), *infra*) that Plaintiff was required to assert his claims against Temujin Delaware in the state court action.  *See Reyn's Pasta Bella, LLC. v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of litigation filings appropriate).

FENWICK & WEST LLP
ATTORNEYS AT LAW

counterclaim in an earlier action." *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n.7 (9th Cir. 2005) (citing *Cheiker v. Prudential Ins. Co.*, 820 F.2d 334 (9th Cir. 1987)).  This is true even where the earlier action is in state court.  *See Cheiker*, 820 F.2d at 336.

Federal courts apply the law of the forum state to determine if claims should have been brought as counterclaims in an earlier state court action.  *See Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1249 (9th Cir. 1986).  Under California law, "if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded."  Cal. Civ. Proc. Code § 426.30(a).  Application of this compulsory counterclaim rule requires only that: (1) the current federal claims are logically related to those asserted in a prior suit; and (2) the current claims existed (or will exist) at the time Plaintiff answers in the prior suit.  *Align Tech., Inc. v. Tran*, 179 Cal. App. 4th 949, 960 (2009).  Both requirements are easily satisfied here.

### 1. Plaintiff's Claims Here Closely Relate to Those in the State Action

Claims are sufficiently related if they "arise[] out of the same transaction, occurrence, or series of transactions or occurrences" at issue in the prior suit.  Cal. Civ. Proc. Code § 426.10(c).  California courts construe relatedness "broadly" to accomplish the statute's purpose of "avoiding a multiplicity of actions."  *Align Tech.*, 179 Cal. App. 4th at 960.  There need not be "an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them."  *Currie Medical Specialties, Inc. v. Bowen*, 136 Cal. App. 3d 774, 777 (1982) (citing *United Artists Corp. v. Masterpiece Prods.*, 221 F.2d 213, 216 (2d Cir. 1955)).

The scattershot nature of the claims against Temujin Delaware cannot obscure the fact that they all take aim at the same relationships, transactions, and occurrences at issue in the state suit.  Boiled down, Plaintiff claims that Temujin Delaware: (1) aided an attempt to deprive and did deprive Plaintiff of his purported ownership stake in the Findora project (Counts 2-8, 10-11, 13); and (2) engaged in an enterprise and conspired to defraud Plaintiff of his interest in the project (Counts 6-8).  Each claim rests on the Plaintiff-Findora relationship.  Indeed, Plaintiff admits as much when, in the overreaching RICO claim, he alleges that Defendants had a "joint and

1  common purpose" to "generate profits" for Findora.  ¶¶ 171, 174.[5]

2      The same nexus exists in the state case.  The core assertion there is that, despite having

3  approved Eian's asset transfer to Temujin Cayman, Plaintiff is wrongfully attempting to assert an

4  ownership interest in the Temujin Defendants, and/or Findora.  *See, e.g.*, Ex. E ¶ 22 ("[W]ithout

5  basis . . . Ariel Abittan in recent weeks has represented to co-founders and current and former

6  employees of Temujin . . . that [he] is the rightful owner of Temujin and/or its intellectual

7  property.").  On this key issue, there is an "absolute identity of factual background[]" between the

8  federal and state cases, far more than is required.  *Bowen*, 136 Cal. App. 3d at 777.

9      The state case also alleges that Plaintiff conspired with others to encourage investors,

10  employees and advisors to defect, to interfere with the Findora project and to launch competing

11  ventures.  Ex. E ¶¶ 24-27, 36-41.  Specifically, it is alleged that the state court defendants were

12  engaged in spreading Mr. Abittan's false ownership claims and other misinformation to interfere

13  the project.  *Id.*  Once again, there is heavy factual overlap between the state and federal cases.

14  *Compare* Ex. E ¶ 39 (alleging contact with investors "to disrupt the relationship") and ¶ 41

15  (alleging contact with employees "to sow distrust"), *with* ¶ 113 (alleging employee dissatisfaction

16  "due to concerns over lack of transparency" and beliefs that "misconduct" was occurring), ¶¶

17  124-34 (describing increase in investor questions and concerns regarding recent resignations).

18      Ultimately, each claim against Plaintiff in the state case is central to the claims here in that

19  they hinge on the same false assertion that Plaintiff owns some part of the Findora project.  *See*

20  Ex. E ¶¶ 44-47 (declaratory relief as to ownership of intellectual property), ¶¶ 48-52 (civil

21  conspiracy based on Plaintiff's false ownership claim), ¶¶ 53-60 (tortious interference based on

22  same), ¶¶ 93-100 (trade secret misappropriation based on unauthorized theft, use and/or

23  disclosure of intellectual property).  Under California's "expansive" relatedness test, far more

24  than a "logical relationship" exists between the two cases.  *Bowen*, 136 Cal. App. 3d at 777; *see*

25  *also Align Tech*, 179 Cal. App. 4th at 962 (finding tort claims in separate cases sufficiently related

26

27  ---
[5] Federal and "state courts have concurrent jurisdiction to consider civil claims arising under
RICO," so Plaintiff can assert that claim in state court.  *Tafflin v. Levitt*, 493 U.S. 455, 467
28  (1990).

FENWICK & WEST LLP
ATTORNEYS AT LAW

where all claims "arose out of [the overall] relationship"); *Beats Elecs., LLC. v. Lamar*, 2015 WL 9694787, at *6 (C.D. Cal. Aug 31, 2015) (counterclaims tied to a "working relationship" must be brought in first suit).

### 2.    Plaintiff's Purported Claims Existed Well Before the Answer Date

It is beyond dispute that Plaintiff's purported claims predate the answer deadline in the state case (which deadline is currently stayed pending the initial case management conference). Cal. Civ. Proc. Code § 426.30 (claims must be "in existence" as of the response date).  *See* Ex. F (Case Mgmt. Conf. Order in *Temujin Labs Inc. v. Abittan et al.*).  In fact, Plaintiff's issues with Chao and Ding (and the Findora project) predate the state lawsuit by over a year.  *See* ¶ 99. Plaintiff also admits in this case that he (and the other defendants in the state case) "uncovered . . . information regarding Ding and Chao's misconduct" in connection with the project ***not later than October 2020***.  ¶ 5.  Thus, the putative basis for the claims Plaintiff has alleged here were known to him before the state court action, and he was required to assert them in ***that*** forum, not here.

### B.    Plaintiff's Derivative Claims Violate the Pleading Requirements of Rule 23.1 in Multiple Respects and Must Therefore Be Dismissed

Plaintiff purports to bring four causes of action (Counts 1 through 4) derivatively on behalf of nominal defendant Eian.  ¶¶ 142-65.  Putting aside their lack of substantive merit (*see* Sections III(C)(1)-(4), *infra*), each of these claims must be dismissed for failure to comply with Rule 23.1, which governs the pleading requirements of derivative actions.

### 1.    The Derivative Claims Must be Dismissed As Unverified

Rule 23.1(b) requires that any complaint alleging derivative claims "must be verified." Plaintiff's Complaint is not verified, and on that basis alone each derivative claim must be dismissed.  Fed. R. Civ. P. 23.1(b); *In re Extreme Networks Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1237 (N.D. Cal. Aug. 12, 2008) ("An unverified derivative complaint should be dismissed with leave to amend"); *In re MIPS Techs. Inc., Deriv. Litig.*, 542 F. Supp. 2d 968, 974 (N.D. Cal. Jan. 11, 2008) (same).

### 2.    Plaintiff Fails to Allege He Is (or Ever Was) an Eian Shareholder

To bring a derivative claim, Plaintiff needed to properly allege that he "was a shareholder or member at the time of the transaction complained of . . . ."  Fed. R. Civ. P. 23.1(b); *see also* 8 *Del. C.* § 327.  Courts have strictly enforced this requirement, compelling plaintiffs to "unambiguously indicate in any . . . complaint the dates they purchased [Company] stock, and whether they have continuously owned [Company] stock from the time of purchase up to the present."  *In re Verisign Inc. Der. Litig.*, 531 F. Supp. 2d 1173, 1202 (N.D. Cal. Sept. 14, 2007).[6]

Plaintiff fails to satisfy this requirement, and indeed pleads no facts demonstrating he is or ever was a shareholder of Eian *at all*.  Plaintiff never specifies how or when he purportedly acquired his shares, and the Complaint makes clear he is *assuming* he is an Eian shareholder simply because (he claims) Chao allegedly said so.  ¶ 49.  The Complaint never explains how Plaintiff could become an Eian shareholder on mere say so, or without having paid for shares or executing agreements effectuating the stock transactions.  *Id.*  Such allegations do not remotely suffice to satisfy the ownership requirements of Rule 23.1 and provide an independent ground for dismissal.  *See In re Accuray, Inc. S'holder Der. Litig.*, 757 F. Supp. 2d 919, 926 (N.D. Cal. Aug. 31, 2010) (the "strict standard of Rule 23.1" mandates that plaintiffs "identify *when* they purchased [their company] shares" (emphasis in original)).

### C.    Plaintiff Otherwise Fails to State a Viable Claim

Dismissal is appropriate under Rule 12(b)(6) where a plaintiff fails to assert a cognizable legal theory or to allege sufficient facts.  *See, e.g.*, *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782-83 (9th Cir. 1996).  To raise an inference of wrongdoing, the facts alleged must suggest a right to relief that is more than conceivable, but is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  More than "labels and conclusions, and a formulaic recitation of the elements of a cause of action," Plaintiff must offer facts that, if true, raise the right to relief "above the speculative level."  *Id.* at 555; *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[6] While plaintiff claims "[o]n information and belief" to be a director of Eian (¶140), Delaware law unambiguously holds that director status does not confer derivative standing.  *Schoon v. Smith*, 953 A.2d 196, 210 (Del. 2008) (rejecting effort by non-shareholder director to sue derivatively).

FENWICK & WEST LLP
ATTORNEYS AT LAW

678 (2009) ("'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice) (internal citation omitted). Courts need not accept as true conclusory allegations, unwarranted deductions of fact or unreasonable inferences. *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014).

Where fraud is alleged, Plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Specific facts are required to "give defendants notice of the particular misconduct" alleged. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) ("plaintiffs [must] differentiate their allegations . . . inform each defendant separately of the allegations surrounding his alleged participation in the fraud"); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) ("must state the time, place, and specific content of the false representations" and the parties to the misrepresentations) (citation omitted).

### 1.    All Claims Against Temujin Delaware Fail As Group Pleading

In defiance of the requirement that specific facts be pleaded raising a reasonable inference that **each** defendant "is liable for the misconduct alleged" (*Iqbal*, 556 U.S. at 678), the Complaint instead engages in impermissible "group pleading." Courts in this district have repeatedly held that allegations made against defendants collectively are insufficient to meet the requirements of Rule 9(b) *or* Rule 8(a)(2). *See, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, 2017 WL 2774382, at *10 (N.D. Cal. June 26, 2017) ("[a]llegations which lump multiple defendants together are insufficient to put any one defendant on notice of the conduct upon which the claims against it are based"); *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (same). The allegations must "differentiate . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud" or wrongdoing. *Swartz*, 476 F.3d at 764-65 (rejecting complaint under Rule 9(b) because it was "shot through with general allegations that the 'defendants' engaged in fraudulent conduct"); *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (dismissing fraud complaint that grouped multiple defendants together and alleged that "everyone did everything").

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

The Complaint repeatedly flouts these pleading requirements by conflating Temujin Delaware, Temujin Cayman and the individual defendants, describing them as one collective, or one company. *See, e.g.*, ¶ 2 ("Defendants' conspiracy flies under the banner of a fintech company called Findora"), ¶ 4 ("Defendants fraudulently induced Plaintiff to sign an intellectual property sale agreement"), ¶ 4 ("Defendants took advantage of their fiduciary relationship with Eian"), ¶ 75 (vaguely describing "credit card accounts for the business"), ¶ 103 (describing the "Temujin transactions"), ¶¶ 125-30 (describing correspondence with unidentified "Findora" representatives). The Complaint does so without pleading any basis for disregarding the corporate form or imputing one defendant's dealings to another.

The group pleading defect is especially glaring when it comes to Temujin Delaware. Plaintiff bases each of his claims against Temujin Delaware (with the possible exception of conversion) in whole or in part on the allegedly coercive Eian asset sale. But Plaintiff does not claim that Temujin Delaware (or its CEO Lu) was involved in the sale. Indeed, Temujin Delaware was not a party to the transaction (*see* Ex. D), and, if anything, appears to have been excluded from the negotiations. ¶ 88 (Chao explained "that she did not want to talk in the Findora office because 'Charles [Lu, Findora's then-CEO] is a gossipe [sic]'").

And while Plaintiff levels a series of vague charges of impropriety against Chao and Ding (based on a claimed luxury watch business, hidden identities or relationships, and the status of Plaintiff's credit card debt and other investments), Plaintiff pleads no facts connecting those claims to Temujin Delaware. As pleaded, the purported watch transactions occurred years before Temujin Delaware was formed, as did all or substantially all of the other events about which Plaintiff complains. Because the Complaint lacks specific facts tying any allegation of wrongdoing to Temujin Delaware, all of the claims against that entity must be dismissed.

### 2.     Plaintiff Has Not Adequately Pleaded a RICO Claim

Group pleading is particularly fatal to Plaintiff's RICO claims against Temujin Delaware, even ignoring that a dispute over whether Plaintiff has any ownership interest in the Findora project is hardly the basis for a RICO claim. Nevertheless, Plaintiff alleges that ***all defendants*** conducted a RICO enterprise in violation of 18 U.S.C. § 1962(c), predicated on wire and mail

1   fraud, interstate transportation of stolen property, and the sale or receipt of stolen property.

2   ¶¶ 169-182.  To state such a claim, however, he must allege specific facts, *as to each defendant*,

3   showing: (1) the conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity,

4   (5) causing injury to plaintiff's business or property.  *Eclectic Props. E., LLC v. The Marcus &*

5   *Millichap Co.*, 2012 WL 713289, at *6 (N.D. Cal. Mar. 5, 2012) (applying Rule 9(b)'s heightened

6   pleading standard to RICO claim grounded in fraud), *aff'd*, 751 F.3d 990 (9th Cir. 2014).

7   Plaintiff makes no such showing with respect to Temujin Delaware (much less anyone else).

### a.   Plaintiff Fails to Allege the Required "Conduct"

9   *First*, "conduct" under Section 1962(c) requires that a defendant played some part in

10   directing the affairs of the RICO enterprise, not just defendant's own affairs.  *In re WellPoint,*

11   *Inc. Out-of-Network "UCR" Rates Litig.*, 2013 WL 12130034, at *15 (C.D. Cal. July 19, 2013)

12   (dismissing claims against co-defendant who acted independently of enterprise) (citing *Reves v.*

13   *Ernst & Young*, 507 U.S. 170, 185 (1993)).  Accordingly, Plaintiff must specify how each

14   defendant participated in the enterprise.  *Stitt v. Citibank, N.A.*, 942 F. Supp. 2d 944, 956 (N.D.

15   Cal. 2013) ("Because the alleged racketeering activity fails to 'inform each defendant separately

16   of the allegations surrounding [its] alleged participation in the fraud,' the RICO claim fails.").

17   Here, Plaintiff generally avers that "[a]ll defendants" received misappropriated monies

18   and intellectual property and that "Ding and Chao formed a scheme to defraud Plaintiff" (¶¶ 171,

19   175-78) ostensibly in connection with: (1) the 2016 purchase and sale of watches (¶¶ 31-32); (2)

20   the 2018 formation of and investments in JVI, Juniper, and Eian (¶¶ 44-45, 71); (3) the 2018 and

21   early 2019 use of credit cards opened by Plaintiff (¶¶ 78-80, 82); and (4) the 2019 sale of Eian's

22   assets to Temujin Cayman (¶¶ 92, 95).  Plaintiff contends, on this basis, that "[a]ll [d]efendants"

23   conducted a fraudulent enterprise.  *See, e.g.*, ¶ 171.  This assertion flies directly in the face of the

24   fact that three of these alleged activities pre-date the July 2, 2019 formation of either Temujin

25   Defendant.  Thus, Plaintiff cannot properly plead that the activities constitute enterprise conduct

26   directed by either entity, certainly not by Temujin Delaware.  Moreover, even as to the Eian asset

27   sale, Temujin Delaware was not a party to that agreement (*see* ¶ 151), and the Complaint lacks

28   particularized facts indicating that Temujin Cayman, which paid $300,000 for the assets, acted for

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

any reason other than its own interests.  *In re JUUL Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*, 2020 WL 6271173, at *26 (N.D. Cal. Oct. 23, 2020) (conduct furthering defendant's own interests, and not those of the enterprise, fails to support RICO claim); *Spotlight Ticket Mgmt., Inc. v. StubHub, Inc.*, 2020 WL 4342260, at *3 (C.D. Cal. May 22, 2020) ("Courts have overwhelmingly rejected attempts to characterize routine commercial relationships—in which the parties transact to provide services—as RICO enterprises.").

### b.      Plaintiff Fails to Allege a RICO "Enterprise"

*Second*, "enterprise" under Section 1962(c) is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  Here, Plaintiff asserts an "association-in-fact."  ¶¶ 172-74.  This theory requires particularized facts demonstrating (1) a common purpose, (2) an ongoing organization, either formal or informal, and (3) that the various associates function as a continuing unit.  *Odom*, 486 F.3d at 552.  Plaintiff has not adequately pleaded those facts.

Notwithstanding that the alleged "frauds" here are highly attenuated and took place over many years – e.g., involving luxury watch deals, credit card debt, and purported investments in various entities between 2016 and 2019 – Plaintiff asserts that "all defendants" had a common purpose: "to generate profits by defrauding investors and business partners out of assets."  ¶ 171. That conclusion is unsupported by well-pleaded facts.  The Complaint does not, for example, allege any facts demonstrating how Temujin Delaware benefited from watch transactions, personal credit card expenditures, or historical investments in unrelated entities (*e.g.*, Juniper) – especially given that it did not exist when these alleged improprieties occurred.  Further, even if Temujin Cayman benefited from having purchased the Eian assets (another purported fraud), that alone does not demonstrate a "common purpose" shared by all.  *See Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1175 (E.D. Cal. 2017) ("Though plaintiffs now argue in conclusory fashion that they have alleged the existence of a common purpose, the FAC pleads no specific facts indicating that defendants acted with an objective unrelated to ordinary business or government aims."); *In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *6 (S.D. Cal. May 22, 2009) (rejecting claim where plaintiff failed "to identify

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   specific allegations in support of the common purpose.").

2   Similarly, the Complaint offers nothing to suggest that any defendant (much less Temujin

3   Delaware) operated as an "ongoing organization" or "cooperated with [another]" to form such an

4   organization. *Wimo Labs LLC v. eBay, Inc.*, 2016 WL 11507382, at *3-4 (C.D. Cal. Jan. 28,

5   2016) (enterprise members must have cooperated by forming "a vehicle for the commission of at

6   least two predicate acts of fraud."). Instead, the Complaint alleges the opposite, describing a host

7   of different interests in a variety of different ventures and entities over time. Moreover, Plaintiff

8   fails to plead "that the various associates function as a *continuing* unit." *Eclectic Props. E.*, 2012

9   WL 713289, at *7 (emphasis added). The "continuity requirement focuses on whether the

10  associates' behavior was 'ongoing' rather than isolated activity." *Id.* at *8 (citing *Odom*, 486

11  F.3d at 553). None of the discrete interests, transactions, and events described in the Complaint

12  meet the continuous and ongoing activity by defendants contemplated by such a claim –

13  particularly with respect to Temujin Delaware, which did not even exist until mid-2019.

14        **c.**    **Plaintiff Fails to Allege a "Pattern" of Racketeering Activity**

15  *Third*, to adequately plead the "pattern" element, Plaintiff must allege at least two

16  predicate acts which are (1) related, and (2) continuous. *Steam Press Holdings, Inc. v. Hawaii*

17  *Teamsters & Allied Workers Union, Local 996*, 302 F.3d 998, 1011 (9th Cir. 2002). "The pattern

18  requirement must be satisfied as to each defendant individually." *Eclectic Props. E.*, 2012 WL

19  713289, at *9. To be related, predicate acts must have "the same or similar purposes, results,

20  participants, victims, or methods of commission, or otherwise are interrelated by distinguishing

21  characteristics and are not isolated events." *Metaxas v. Lee*, 2020 WL 7025095, at *12 (N.D. Cal.

22  Nov. 30, 2020) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). Here, Plaintiff

23  fails to allege that Temujin Delaware committed related acts. Indeed, the Complaint only

24  marginally ties its parent company to a single act at issue (*i.e.*, the Eian asset sale).

25  The continuity requirement is met if the predicate acts pose a threat of continuing activity.

26  *Metaxas*, 2020 WL 7025095, at *12. Continuity can be demonstrated in one of two ways: closed-

27  ended ("a series of related predicates extending over a substantial period of time" and more than

28  "a few weeks or months"); or open-ended ("past conduct that by its nature projects into the future

FENWICK & WEST LLP
ATTORNEYS AT LAW

with a threat of repetition."). *Id.* As above, because Temujin Delaware did not exist until after the alleged wrongdoing, neither showing is established. And, although Plaintiff now alleges that on July 3, 2019, he was misled to believe Eian was being "converted to a Cayman entity" in which he would have some continuing ownership (¶ 89), that alone is legally inadequate. *See Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360, 1364 (9th Cir. 1987) (even where two distinct predicate acts are alleged, no pattern is alleged where both acts are part of defendants' "single effort to induce [the plaintiff] to form [a] joint venture."); *Metaxas*, 2020 WL 7025095, at *12 ("[W]hen a plaintiff alleges only a single scheme with a single victim it cuts against a finding of both closed-ended as well as open-ended continuity."); *Royce Int'l Broad. Corp. v. Field*, 2000 WL 236434, at *4 (N.D. Cal. Feb. 23, 2000) (alleged fraudulent inducement of one contract failed to establish a pattern of racketeering).

### d.    Plaintiff Fails to Allege "Racketeering" Activity

*Fourth*, the Complaint does not adequately plead the predicate racketeering activity of wire or mail fraud, interstate transportation of stolen property, or the sale or receipt of stolen property. Each of these activities involves a scheme or artifice to defraud or steal and scienter must be plead with particularity.[7] Conclusory assertions of fraud or deception by "all defendants" do not suffice. *Spotlight Ticket Mgmt.*, 2020 WL 4342260, at *4 (rejecting as conclusory claims that fail to identify the time, place and specific content of allegedly false representations or the parties to the communications).

### 3.    Plaintiff's RICO Conspiracy Claim Fails in Turn

Because Plaintiff has failed to plead primary RICO liability, his RICO conspiracy claim also fails. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.8 (9th Cir. 1992) ("Because we find that RTC has failed to allege the requisite substantive elements of RICO, the conspiracy cause of action cannot stand."); *Spotlight Ticket Mgmt.*, 2020 WL 4342260, at *6

---

[7] *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986) (wire fraud); *Virden v. Graphics One*, 623 F. Supp. 1417, 1422 (C.D. Cal. 1985) (citing *United States v. Bohonus*, 628 F.2d 1167, 1171 (9th Cir. 1980)) (mail fraud); *United States v. Taylor*, 802 F.2d 1108, 1112 (9th Cir. 1986) (interstate transportation of stolen property); *United States v. Cyphers*, 604 F.2d 635, 636 (9th Cir. 1979) (sale or receipt of stolen property).

1   (same).  As to Temujin Delaware, Plaintiff's conspiracy claim also fails for a second reason: he

2   does not offer a single particularized fact supporting an inference that it was aware of any

3   purported racketeering enterprise.  Nor could he, as the claims at issue here pre-dated its very

4   existence.  *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) ("[C]onspiracy to violate RICO

5   requires a showing that defendant 'was aware of the essential nature and scope of the enterprise

6   and intended to participate in it.'") (internal quotation omitted).

### 4.   Plaintiff's State Law Claims Fail for Numerous Additional Reasons

#### a.   The Derivative Aiding and Abetting Claim Fails

9        Putting aside that Plaintiff lacks standing to bring derivative claims on Eian's behalf,

10   Plaintiff purports to assert such a claim against Temujin Delaware for aiding and abetting Chao's

11   purported breach of fiduciary duty to Eian (a Delaware Corporation).  ¶¶ 26, 140, 149-53.  Under

12   applicable Delaware law, to state that claim, Plaintiff must set forth well-pleaded facts

13   demonstrating "'(1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty, .

14   . . (3) knowing participation in that breach by [Temujin Delaware],' and (4) damages proximately

15   caused by the breach."  *Malpiede v. Townson*, 780 A.2d 1075, 1096 (Del. 2001) (citation

16   omitted).  Because Plaintiff's overarching theory sounds in fraud, the heightened pleading

17   requirements of Rule 9(b) apply.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th

18   Cir. 2003).

19        The aiding and abetting claim fails on all accounts.  The Complaint is devoid of well-

20   pleaded facts (as opposed to Plaintiff's mere "belief") showing that Chao owed fiduciary duties to

21   Eian, and thus Plaintiff has failed to plead the existence or breach of fiduciary duties to Eian.

22   *Malpiede*, 780 A.2d at 1097.  Moreover, as to Temujin Delaware, Plaintiff similarly fails to plead

23   particularized facts showing "knowing participation," offering only the rote assertion that

24   Temujin Delaware knew Chao was a fiduciary of Eian and "assisted" and "conspired" with her

25   "to obtain . . . Eian's corporate assets at a woefully inadequate price."  ¶ 151; *Malpiede*, 780 A.2d

26   at 1097 (third party must "act with the knowledge that the conduct advocated or assisted

27   constitutes such a breach"); *see also Hexion Specialty Chems., Inc. v. Huntsman Corp.*, 965 A.2d

28   715, 747 n.88 (Del. Ch. 2008) (aiding and abetting liability requires an unusual level of

FENWICK & WEST LLP
ATTORNEYS AT LAW

knowledge – an actual belief that actions constituted a fiduciary breach); *In re Comverge, Inc. S'holders Litig.*, 2014 WL 6686570, at *17 (Del. Ch. Nov. 25, 2014) (knowing participation in breach must be supported by "non-conclusory facts").

### b.    The Derivative Fraudulent Inducement Claim Fails

Plaintiff also attempts to assert a derivative claim against Temujin Delaware for fraudulent inducement, based on the Eian asset sale.  ¶¶ 154-61.  Under Delaware law, to plead fraudulent inducement, Plaintiff is required to plead specific facts, as to each defendant, showing: (1) a false representation of material fact; (2) knowledge of or belief as to the falsity of the representation or reckless indifference to its truth; (3) intent to induce the plaintiff to act or refrain from acting; (4) plaintiff's action or inaction in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance.  *Stephenson v. Capano Dev. Inc.*, 462 A.2d 1069, 1073 (Del. 1983).  The fraudulent inducement claim fails as to Temujin Delaware for three central reasons.

*First*, as discussed above, Plaintiff fails to plead facts linking any alleged representation by Chao and Ding to Temujin Delaware.  Nor are any facts alleged suggesting a knowing misrepresentation regarding the asset sale by Temujin Delaware, which alone is fatal to this claim.  *Fortis Advisors LLC v. Dialog Semiconductor PLC*, 2015 WL 401371, at *6 (Del. Ch. Jan. 30, 2015) (failure to link specific misrepresentation to specific defendant defeats a fraud claim); *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 798-99 (Del. Ch. 2014) (statement of sales personnel will not be imputed to joint venture participant absent facts showing actual or apparent authority to speak on joint venture participant's behalf).

*Second*, according to Plaintiff, Temujin Delaware was not a party to the asset sale and its principals did not know about it.  ¶¶ 88, 93, 151.  Thus, as pleaded, Temujin Delaware lacked the requisite knowledge and intent.  *See Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 146-47 (Del. Ch. 2004) (dismissing fraud allegations against a business entity absent specific facts imputing knowledge to that entity).

*Third*, Plaintiff fails to plead the necessary element of justifiable reliance as to Temujin Delaware.  He claims he "reasonably relied" on supposed misrepresentations by Chao (who, "[o]n

1    information and belief," he claims was a director of Eian (¶ 140)) about "the contents and legal

2    effect of the paperwork" he signed.  ¶¶ 144, 155.  But reliance is unreasonable as a matter of law

3    where the party was on notice of facts contrary to the very representations at issue.  *See Flores v.*

4    *Strauss Water Ltd.*, 2016 WL 5243950, *7 (Del. Ch. Sept. 22, 2016) (rejecting as unreasonable

5    reliance on oral promises contradicted by the actual agreement).  According to Plaintiff, he was

6    presented with paperwork approving the Eian asset sale.  ¶ 91.  He reviewed that document and

7    signed it.  ¶¶ 92-93, 155; *see also* Ex. C.  His purported reliance on any claimed oral

8    representation by anyone is not reasonable where it ran counter to the "unambiguous written

9    contract" that he signed.  *Flores*, 2016 WL 5243950, at *9 (rejecting attempt to "avoid the deal

10   [plaintiff] made in favor of the deal it now wishes it made.").[8]

11        If Plaintiff did not fully understand the agreement or grasp its legal effect, he was free to

12   consult counsel or seek further information.  Indeed, as a purported Eian fiduciary (whether its

13   CEO or as a claimed director), he would have had a ***duty*** to inform himself.  "[O]fficers of

14   Delaware corporations, like directors, owe fiduciary duties of care and loyalty."  *See Gantler v.*

15   *Stephens*, 965 A.2d 695, 708-09 (Del. 2009).  Executing key agreements without understanding

16   what they mean would be a clear violation of such duties.  *See In re Tower Air, Inc.*, 416 F.3d

17   229, 241 (3d Cir. 2005) (plaintiff states a claim for breach of fiduciary duty and gross negligence

18   based on inattention and irrational decision-making).  In sum, Plaintiff cannot possibly sustain a

19   claim of fraudulent inducement when the clear terms of what he was agreeing to were plainly in

20   front of him.  *Flores*, 2016 WL 5243950, *7

21                     **c.      Plaintiff Has Not Adequately Pleaded Fraud**

22        Plaintiff fares no better in pleading direct claims of fraud against Temujin Delaware.

23   Because substantially all of the alleged activities giving rise to the claims occurred in California

24   (where Temujin Delaware is headquartered), California law applies to those claims.  *W. Airlines,*

25   *Inc. v. Sobieski*, 191 Cal. App. 2d 399, 411 (1961) (applying California law to affairs of Delaware

26   corporation with principal place of business and substantial contacts in California).[9]

27   ───────────────────

28   [8] For the same reason, this claim fails under California law.  *See* § III(C)(4)(c), *infra.*

     [9] *Accord McDermott, Inc. v. Lewis*, 531 A.2d 206, 216 (Del. 1986) (describing a "preference for

FENWICK & WEST LLP
ATTORNEYS AT LAW

Plaintiff's claim of common law fraud is ostensibly based on a series of alleged "false and fraudulent misrepresentations and omissions" by Ding and Chao, who he claims were "acting in their own capacities and on behalf of Temujin in certain instances." ¶ 189. Putting aside the lack of any well-pleaded, particularized facts substantiating any of those claims (which largely relate to the purported luxury watch business, Plaintiff's investments in other ventures, and other statements that are not actionable (*see*, *id*. sub (a)-(e)), the only statement that even arguably relates **to Temujin Delaware** is Plaintiff's oft-repeated refrain the he was told the "transfer of Eian's assets to Temujin [Cayman] would not affect Plaintiff's or other investors' ownership rights in Findora in any way." *Id.* sub (f). But that claim, of course, relates to a different corporate entity and is completely belied by the asset sale agreement Plaintiff himself signed.

In any event, to plead fraud, Plaintiff is required to allege particularized facts showing (a) a material misrepresentation; (b) knowledge of falsity; (c) intent to induce reliance on the misrepresentation; (d) justifiable reliance on the misrepresentation; and (e) resulting damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *see also Kearns*, 567 F.3d at 1126 (same). The allegations pleaded in the Complaint fail to satisfy these elements in multiple respects.

*First*, no facts are offered to show that any alleged misrepresentation or omission was made or authorized by Temujin Delaware. *See Kopchuk v. Countrywide Fin. Corp.*, 2010 U.S. Dist. LEXIS 23884, at *20 (E.D. Cal. Mar. 15, 2010) (Plaintiff "failed to allege who actually made the supposedly false representations or their ability to speak for the corporation"); *Edejer v. DHI Mortg. Co.*, 2009 WL 1684714, at *12 (N.D. Cal. Jun. 12, 2009) (claims fail to meet the heightened pleading requirements for fraud where it is not alleged that the entity or its authorized agents made the statements at issue. Missing are the "the names of the persons who made the allegedly fraudulent representations, **their authority to speak [for Temujin Delaware],** to whom

---

forum law" and an "emphasis on state interest in forum residents" . . . "[i]n fields like torts, where the typical dispute involves two persons . . . and where the common substantive policy is to spread the loss . . ." (internal citation omitted)). Nor do the direct claims implicate any internal relationship among or between Temujin Delaware and its current officers, directors or shareholders. *State Farm Mut. Auto. Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434, 442 (2003) (courts apply law of the state of incorporation only to "matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders").

Fenwick & West LLP
Attorneys at Law

1    they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm*

2    *Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991) (emphasis added).  Conclusory averments

3    that Chao and Ding "in certain [unspecified] instances" made statements "on behalf of Temujin"

4    do not suffice.  ¶ 189.

5          *Second*, as previously noted, Temujin Delaware did not exist before July 2, 2019.  Even

6    assuming any of the vaguely alleged misrepresentations—whether about luxury watches, Chao's

7    friendships, or potential future investors—were actionable (they are not), Plaintiff never explains

8    how statements ***predating*** an entity's existence by months or years can possibly amount to a fraud

9    by that entity.

10         *Third*, Plaintiff does not state a claim for fraud based on his allegation that ***other non-***

11   ***party investors*** were somehow harmed when they were allegedly told their investments were

12   secure and would be repaid within ninety days.  ¶ 189(e).  Plaintiff has no standing to bring a

13   direct claim on other investors' behalf.  Cal. Civ. Proc. Code § 367 ("Every action must be

14   prosecuted in the name of the real party in interest . . . ."); *City of Santa Monica v. Stewart*, 126

15   Cal. App. 4th 43, 59 (2005) ("A party lacks standing if it does not have an actual or substantial

16   interest in, or would not be benefited or harmed by, the ultimate outcome [on the claim

17   asserted].").  Indeed, even if he had standing, Plaintiff concedes that the non-party investors

18   "decided to roll their investments into future equity or token offerings" (¶ 72), which is contrary

19   to the purported harm Plaintiff now attempts to redress on their behalf.

20         *Finally*, alleged misstatements about the impact of the Eian asset sale on Plaintiff's

21   interest (even if they could be attributed to Temujin Delaware) do not state a claim for fraud.  ¶

22   189(f).  This is true because Plaintiff had express written notice of the effect of the Eian asset

23   sale, and thus could not have justifiably relied on oral representations to the contrary.  *See, e.g.*,

24   *Mktg. W., Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612 (1992) (finding employees'

25   reliance on oral representations that jobs were safe unreasonable where the written instrument

26   expressly provided that they could be terminated without cause).  While Plaintiff may have made

27   a business decision he now regrets, he cannot convert that into a fraud claim against Temujin

28   Delaware.

FENWICK & WEST LLP
ATTORNEYS AT LAW

#### d.      The Conversion Claim Fails

Plaintiff alleges a conversion claim against Temujin Delaware based on: (1) a property interest in luxury watches (¶ 201); (2) $637,000 in unreimbursed credit card debt (¶¶ 85, 202); and (3) the $50,000 he claims to have invested in JVI (¶ 203).  None of these supposed acts are alleged to have anything to do with Temujin Delaware.

Under California law, "[t]he elements of a conversion [claim] are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages."  *Oakdale v. Village Group v. Fong*, 43 Cal. App. 4th 539, 543-44 (1996).  Plaintiff's alleged watch transactions occurred in 2016 and no facts suggest that the later-formed Temujin Delaware was involved with those transactions.  The same is true for Plaintiff's claimed credit card debt, which allegedly arose in 2018 and culminated with repayment demands in April and May 2019 (again, prior to Temujin Delaware's formation).  ¶¶ 75-86.  Temujin Delaware could not have benefited from (much less directed) any of these activities.  So too, Plaintiff's $50,000 investment in JVI *in January 2018* fails.  While Plaintiff details that investment history (¶¶ 43-45), the balance of the Complaint is entirely silent about JVI and offers no facts to support any claimed  misuse of those funds by anyone (much less Temujin Delaware).  Because Plaintiff's conversion count lacks any factual foundation, it too must be dismissed.

#### e.      Plaintiff Cannot Recover on Grounds of Unjust Enrichment, Whether Derivative or Direct

In light of the foregoing defects, Plaintiff also has no basis to allege that Temujin Delaware was unjustly enriched and so cannot recover on that theory.  Because Eian was a Delaware corporation, Delaware law applies to the derivative unjust enrichment claim (¶¶ 162-65) and requires: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law."  *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 875 (Del. 2020) (quoting *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010)).  For the reasons discussed, Plaintiff cannot plead that the Eian asset sale or any other value transfer to Temujin

Delaware was unjustified.  To the contrary, Eian was hundreds of thousands of dollars in debt at the time of the sale (which debt Temujin Cayman satisfied in exchange for the asset sale).  ¶¶ 4, 95; Ex. D.  Even if Plaintiff could show that the sale was not justified at the time, Temujin Delaware was not a party to the sale.  Further, the existence of adequate remedies at law – such as those available if Plaintiff prevailed on his breach of contract or other claims – precludes recovery on an unjust enrichment theory.  *See Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 891 (Del. Ch. 2009) ("a claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim.").

The same is true under California law (applicable to Plaintiff's direct claim for unjust enrichment).  ¶¶ 207-10.  Plaintiff fails to plead that "the enrichment obtained lacks any adequate legal basis and thus 'cannot conscientiously be retained.'"  *Hartford Cas. Ins. Co. v. J.R. Mktg., LLC.*, 61 Cal. 4th 988, 998 (2015) (citation omitted).  Further, in California, "unjust enrichment is a theory of recovery, not an independent legal claim," and for that additional reason, is unavailable here.  *Keirsey v. eBay, Inc.*, 2012 WL 12920765, at *2 (N.D. Cal. Aug. 6, 2012) (dismissing unjust enrichment claim because it "does not constitute a stand-alone cause of action"); *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1114 (C.D. Cal. 2012) (same).

### f.      Plaintiff Is Not Entitled to an Accounting

Finally, under both Delaware and California law, and irrespective of Plaintiff's attempt to assert it as both a derivative and direct claim, an accounting is a remedy derivative of other claims, not a standalone claim.  Because Plaintiff has failed to state any viable primary claim (whether on Eian's behalf or directly against Temujin Delaware) there are no grounds for an accounting.  *DiGiacobbe v. Sestak*, 2003 WL 1016985, at *4 (Del. Ch. Mar. 3, 2003) (An accounting "is an equitable remedy by which a fiduciary is required to account to those to whom he owed his fidelity for the results of the exercise of his duty."); *Hutchins v. Nationstar Mortg. LLC*, 2017 WL 2021363, at *5 (N.D. Cal. May 12, 2017) ("The right to an accounting is derivative of other claims."); *Duggal v. G.E. Cap. Commc'ns Servs., Inc.*, 81 Cal. App. 4th 81, 95 (2000) (same).  Moreover, because Plaintiff is not alleged to be a shareholder of Temujin Delaware, it did not owe him fiduciary duties, and this is a further reason why an accounting is

Fenwick & West LLP
Attorneys at Law

1  unavailable.  *Bus. Funding Grp., Inc. v. Architectural Renovators, Inc.*, 1993 WL 104611, at *2

2  (Del. Ch. Mar. 31, 1993) ("an accounting lies only where . . . a fiduciary relationship exists");

3  *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 910 (2013) (dismissing request for an

4  accounting absent a fiduciary duty between the parties).

5  **IV.    CONCLUSION**

6         The Complaint here fails from start to finish.  On the eve of the Findora blockchain

7  project's success, and in an ongoing campaign to disrupt and put up roadblocks in front of it – ***the***

8  ***very wrongs*** Temujin Delaware was attempting to address in its prior-filed state action – Plaintiff

9  filed this action in federal court.  Brought in the wrong court, leveling a series of derivative

10  claims on behalf of an entity as to which he lacks any standing to proceed, and offering a series of

11  indiscriminate direct claims, not one of which is well-pleaded, the Complaint cannot stand.  For

12  all of the foregoing reasons, all claims against Temujin Delaware fail and the Complaint should

13  be dismissed with prejudice.

14  Dated:    April 9, 2021                         FENWICK & WEST LLP

15                                                        By: /s/  *Jennifer C. Bretan*
                                                              Jennifer  C. Bretan
16
                                                        Attorneys for Defendant Temujin Labs Inc.
17                                                        (Delaware)

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW