DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
JOSHUA PARR (CSB No. 318549)
jparr@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendants Temujin Labs Inc. (Delaware)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>    Defendants,<br>    and<br><br>EIAN LABS INC.,<br><br>    Nominal Defendant. | Case No.: 5:20-cv-09340-NC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT TEMUJIN LABS INC. (DELAWARE)'S MOTION TO DISMISS COMPLAINT** |

The motion of defendant Temujin Labs Inc. (Delaware) ("Temujin Delaware") to dismiss plaintiff's Complaint came on for hearing before the Court on May 19, 2021. The parties were represented by their respective counsel of record.

After considering the papers submitted by the parties and the arguments of counsel, the Court finds that:

1. Each of plaintiff's claims against Temujin Delaware is subject to dismissal for failure to comply with California's compulsory counterclaim statute. Each of plaintiff's claims against Temujin Delaware "arises out of the same transaction, occurrence, or series of transactions or occurrences" as are at issue in the earlier filed case, *Temujin Labs Inc. v. Abittan et al.*, No. 20CV372622 (Cal. Sup. Ct. Cnty. of Santa Clara) (filed Nov. 6, 2020). Cal. Code Civ. Proc. §§ 426.10(c); 426.30(a); *see also In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n.7 (9th Cir. 2005) ("Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action.") (citing *Cheiker v. Prudential Ins. Co.*, 820 2d. 334 (9th Cir. 1987)).

2. Plaintiff's derivative claims purportedly on behalf of Eian Labs Inc. ("Eian") against Temujin Delaware fail because plaintiff has failed to adequately plead the statutory prerequisites of Federal Rule of Civil Procedure 23.1. Specifically, the Complaint is not verified and plaintiff fails to allege he was a shareholder of Eian.

3. Each of plaintiff's claims against Temujin Delaware fails because plaintiff has failed to plead specific facts raising a reasonable inference that Temujin Delaware is liable for the misconduct alleged and instead impermissibly conflates Temujin Delaware with other defendants.

4. Plaintiff's claims for violations of 18 U.S.C. §§ 1962(c) and (d) against Temujin Delaware fail because plaintiff has failed to plead facts, as opposed to conclusions, demonstrating each primary liability element with respect to Temujin Delaware with the required specificity, and absent well-pleaded primary liability, there can be no liability for conspiracy under § 1962(d).

5. Plaintiff's claim for aiding and abetting breach of fiduciary duty against Temujin Delaware fails because plaintiff has failed to plead facts, as opposed to conclusions, stating a claim against Temujin Delaware. Further, plaintiff has failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

6. Plaintiff's claim for fraudulent inducement against Temujin Delaware fails because plaintiff has failed to plead facts, as opposed to conclusions, stating a claim against Temujin Delaware. Further, plaintiff has failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

7. Plaintiff's claim for fraud against Temujin Delaware fails because plaintiff has failed to plead facts, as opposed to conclusions, stating a claim against Temujin Delaware. Further, plaintiff has failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

Fenwick & West LLP
Attorneys at Law

8. Plaintiff's claims for conversion against Temujin Delaware fail because plaintiff has failed to plead facts, as opposed to conclusions, demonstrating any conduct whatsoever by Temujin Delaware with respect to the supposedly converted property.

9. Plaintiff's claim for unjust enrichment against Temujin Delaware fails because plaintiff has failed to plead an absence of justification for Eian's asset sale or any other value transfer to Temujin Delaware, plaintiff has adequate remedies at law, and under California law, "unjust enrichment is a theory of recovery, not an independent legal claim." *Keirsey v. eBay, Inc.*, 2012 WL 12920765, at *2 (N.D. Cal. Aug. 6, 2012).

10. Plaintiff is not entitled to an accounting from Temujin Delaware under Delaware or California law because he has failed to state any viable primary claim against Temujin Delaware, whether on behalf of Eian derivatively or against Temujin Delaware directly, and plaintiff has not alleged facts indicating he is a shareholder of Temujin Delaware such that it could owe him fiduciary duties.

Therefore, it is HEREBY ORDERED that: (1) Temujin Delaware's motion to dismiss pursuant to California's compulsory counterclaim statute, Cal. Code Civ. Proc. § 426.30(a) is GRANTED; and (2) Temujin Delaware's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED; and the Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: _____    _____
The Honorable Nathanael Cousins
United States Magistrate Judge