DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
JOSHUA PARR (CSB No. 318549)
jparr@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendant Temujin Labs Inc. (Delaware)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>           Plaintiff,<br><br>     v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>           Defendants,<br><br>     and<br><br>EIAN LABS INC.,<br><br>           Nominal Defendant. | Case No.: 5:20-cv-09340<br><br>**DEFENDANT TEMUJIN LABS INC. (DELAWARE)'S REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date: May 19, 2021<br>Time: 1:00 PM<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Nathanael Cousins |

Defendant Temujin Labs Inc. (Delaware) ("Temujin Delaware") hereby requests that the Court take judicial notice of the following documents, attached as **Exhibits A through F** to the Declaration of Jennifer C. Bretan ("Bretan Declaration"), in connection with its motion to dismiss the Complaint. Exhibits A, B, E and F are each are subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. In addition, Exhibits C and D may be considered under the incorporation by reference doctrine because each is expressly referred to, relied on, or quoted in the Complaint. The documents to be considered are as follows:

1.  The entity details of Temujin Delaware as reflected in the certification of incorporation by Delaware's Secretary of State and as published online by the Delaware Division of Corporations (last accessed March 30, 2021, available at https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx), true and correct copies of which are attached as **Exhibit A** to the Bretan Declaration. These documents are offered to demonstrate that Temujin Delaware was incorporated on July 2, 2019, which fact is subject to judicial notice because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

2.  The Cayman Islands General Registry Report for Temujin Labs Inc. (Cayman) ("Temujin Cayman"), a true and correct copy of which is attached as **Exhibit B** to the Bretan Declaration. This document is offered to demonstrate that Temujin Cayman was incorporated on July 2, 2019, which fact is subject to judicial notice because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

3.  The July 3, 2019 Unanimous Action of Members of Juniper Venture Partners LLC approving the transfer of the assets of Eian Labs Inc. ("Eian") to Temujin Cayman, a true and correct copy of which is attached as **Exhibit C** to the Bretan Declaration. This document is offered to demonstrate the fact of and contents of the consent document Plaintiff alleges he signed and may be considered under the "incorporation by reference" doctrine because Plaintiff refers to and relies upon this document in his Complaint at paragraphs 4, 91-97, and 155.

4.  The August 12, 2019 Intellectual Property Sale Agreement between Eian and Temujin Cayman, a true and correct copy of which is attached as **Exhibit D** to the Bretan

Declaration.  This document is offered to demonstrate the fact of and contents of the agreement and may be considered under the "incorporation by reference" doctrine because Plaintiff refers to and relies upon this agreement in his Complaint at paragraphs 4, 95, 101, and 155.

5.      The complaint filed by Temujin Delaware against Ariel Abittan and other co-defendants on November 6, 2020 in Santa Clara County Superior Court, *Temujin Labs Inc. v. Abittan et al.*, No. 20CV372622, a true and correct copy of which is attached as **Exhibit E** to the Bretan Declaration.  This document is offered to demonstrate the existence of an earlier-filed related case and is subject to judicial notice because the existence of that case is not disputed and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

6.      Attached as **Exhibit F** is a true and correct copy of the Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline entered by the court in *Temujin Labs Inc. v. Abittan et al.* on November 9, 2020.  This document is offered to demonstrate the deadline for Ariel Abittan to answer in that case and is subject to judicial notice because the fact that the deadline has not passed is not disputed and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

## I. EXHIBITS A, B, E AND F ARE PROPERLY SUBJECT TO JUDICIAL NOTICE PURSUANT TO FRE 201

Courts may take judicial notice of information made publicly available by government entities.  *See United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities (the school districts), and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").  Exhibits A and B are records available from the Delaware Secretary of State and the Cayman Islands General Registry, respectively, and are thus properly subject to judicial notice.  Temujin Delaware offers Exhibits A and B solely to demonstrate that both it and Temujin Cayman were formed on July 2, 2019.

In addition, court filings, such as Exhibits E and F are properly subject to judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Temujin Delaware offers Exhibits E and F solely to demonstrate the existence of (and pertinent deadlines related to) the case filed by Temujin Delaware against Ariel Abittan and other co-defendants on November 6, 2020, in Santa Clara County Superior Court.

## II. EXHIBITS C AND D ARE REFERRED TO, RELIED ON OR QUOTED IN THE COMPLAINT AND ARE INCORPORATED BY REFERENCE

The Complaint purports to quote, refer to, or rely on Exhibits C and D. The incorporation by reference doctrine allows the Court to consider such documents, whether or not they are judicially noticeable, where, as here, a plaintiff refers extensively to those documents and the documents form the basis of their claims. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012). The Court may consider the full contents, even if a complaint only relies on certain portions. *See, e.g.*, *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document[.]").

For the reasons set forth above, Temujin Delaware respectfully requests that the Court consider **Exhibits A through F** to the Bretan Declaration.

Dated: April 9, 2021

FENWICK & WEST LLP

By: /s/ *Jennifer C. Bretan*
Jennifer C. Bretan

Attorneys for Defendant Temujin Labs Inc. (Delaware)