DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
JOSHUA PARR (CSB No. 318549)
jparr@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendants Temujin Labs Inc.
(Delaware), Temujin Labs Inc. (Cayman), and the
Individual Defendants

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN, | Case No.: 5:20-cv-09340 |
| Plaintiff, | **INDIVIDUAL DEFENDANTS' AND TEMUJIN LABS INC. (CAYMAN)'S NOTICE OF MOTION AND MOTION TO DISMISS OR IN THE ALTERNATIVE QUASH SERVICE OF SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), | |
| Defendants, | Date:  July 7, 2021 |
| and | Time:  1:00 p.m. |
| EIAN LABS INC., | Place:  Courtroom 5, 4th Floor |
| Nominal Defendant. | Judge:  Hon. Nathanael Cousins |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS OR IN THE ALTERNATIVE QUASH SERVICE OF SUMMONS ...................................................................... 1

ISSUES TO BE DECIDED .......................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.     INTRODUCTION ............................................................................................ 1

II.    STATEMENT OF FACTS ............................................................................... 3

    A.    Parties ................................................................................................... 3

    B.    Procedural History ............................................................................... 3

    C.    Initial Service Attempt On Temujin Cayman Through Paracorp Inc. ................... 4

    D.    While Claiming That He Intended To Voluntarily Dismiss This Action, Plaintiff Attempts Substitute Service On The Moving Defendants ........................................................................................... 5

III.   LEGAL STANDARD ...................................................................................... 6

IV.    ARGUMENT ................................................................................................... 7

    A.    Plaintiff Has Failed To Serve Any Individual Defendant ..................................... 7

        1.    Plaintiff's Proofs Of Service Are Defective And Do Not Establish Proper Service Of Process ........................................ 8

        2.    Plaintiff Has Failed To Establish He Served Any Defendant At The Proper Address ............................................ 9

        3.    Plaintiff Has Not Shown That The Service Papers Were Left With An Individual That Can Properly Be The Subject Of Effective Service ........................................ 10

    B.    Plaintiff Has Failed To Serve Temujin Cayman ................................................. 10

        1.    Plaintiff Has Not Served Any "Managing Or General Agent" Or "General Manager" Of Temujin Cayman ........................................ 11

        2.    Plaintiff Also Failed To Serve Temujin Cayman Via Substitute Service ........................................ 12

    C.    Plaintiff Has Failed To Serve Moving Defendants Within The Required Ninety Days Of Filing The Complaint ............................................. 13

V.     CONCLUSION ............................................................................................... 14

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

Page(s)

CASES

*Corcoran v. Arouh*,
    24 Cal. App. 4th 310 (1994).............................................................................9

*Crowley v. Bannister*,
    764 F.3d 967 (9th Cir. 2013)............................................................................7

*Duncan v. Int'l Markets Live, Inc.*,
    2020 WL 4369631 (S.D. Iowa Apr. 13, 2020)...............................................10

*Esget v. TCM Fin. Servs. LLC*,
    2011 WL 4089550 (E.D. Cal. Sept. 13, 2011).....................................7, 8, 12

*Hickory Travel Sys., Inc. v. TUI AG*,
    213 F.R.D. 547 (N.D. Cal. 2003).............................................................11, 12

*Hotel Emps. & Rest. Emps. Int'l Union Welfare Fund ex rel. Zumtobel v. Kephart & Corti Prods., Inc.*,
    2012 WL 1155380 (D. Nev. Apr. 4, 2012)......................................................10

*Jones v. Dovery*,
    2008 WL 510820 (S.D. Cal. Feb. 22, 2008)....................................................14

*Jones v. James Trading Co.*,
    2019 WL 6354392 (C.D. Cal. July 3, 2019).....................................................6

*Mach 1 Air Servs., Inc. v. Mainfreight, Inc.*,
    2015 WL 11181334 (D. Ariz. Mar. 5, 2015)................................................7, 10

*SKC Kolon PI, Inc. v. Kaneka Corp.*,
    2010 WL 11553177 (C.D. Cal. Nov. 18, 2010)...............................................12

*Temujin Labs Inc. v. Abittan et al.*,
    No. 20CV372622 (complaint at Dkt. No. 37, Ex. E)....................................4, 5

*Tinsley v. Comm'r of I.R.S.*,
    1998 WL 59481 (N.D. Tex. Feb. 9, 1998).........................................................6

*Townsel v. Contra Costa Cnty.*,
    820 F.3d 319 (9th Cir. 1987)...........................................................................14

*United States v. Rose*,
    437 F. Supp. 2d 1166 (S.D. Cal. 2006) .........................................................10

*Universal Trading & Inv. Co. v. Kiritchenko*,
    2007 WL 295548 (N.D. Cal. Jan 30, 2007)....................................................10

*Van v. Black Angus Steakhouses, LLC*,
    2018 WL 2763330 (N.D. Cal. June 8, 2018)...........................................6, 7, 11

FENWICK & WEST LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Wai v. Zhu,*
   2021 WL 214207 (N.D. Cal. Jan. 21, 2021) ...............................................................9

*Wright v. Ferry,*
   2018 WL 1898913 (S.D. Cal. Apr. 20, 2018) ...........................................................9

*Yao v. Crisnic Fund, S.A.,*
   2011 WL 3818406 (C.D. Cal. Aug. 29, 2011) ....................................................7, 11

**STATUTES AND RULES**

California Code of Civil Procedure

   § 415.20 ...........................................................................................*passim*

   § 415.30 .....................................................................................................8

   § 416.10 ...................................................................................................11

California Corporations Code

   § 2110 ...............................................................................................11, 12

Federal Rules of Civil Procedure

   Rule 4 ..............................................................................................*passim*

   Rule 12(b)(5) ..........................................................................................1, 6

Atherton Municipal Code

   Chapter 17.32 (Residential District R1-A) ................................................9

   Chapter 17.48 (Home Occupations) .........................................................9

Racketeer Influenced and Corrupt Organizations Act ..................................4

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

## NOTICE OF MOTION AND MOTION TO DISMISS OR IN
## THE ALTERNATIVE QUASH SERVICE OF SUMMONS

PLEASE TAKE NOTICE that on July 7, 2021 at 1:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Nathanael M. Cousins, located at the United States District Court for the Northern District of California, 280 South First Street, 4th Floor, San Jose, California, Temujin Labs Inc. (Cayman) ("Temujin Cayman") and the two individual defendants ("Individual Defendants" and, together with Temujin Cayman, the "Moving Defendants") will, and hereby do, move to dismiss or in the alternative quash the service of a summons in this action pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  This motion is based on the Memorandum of Points and Authorities below, the accompanying Declaration of Jennifer Bretan ("Bretan Decl.") and attached exhibits, the Request for Judicial Notice, the [Proposed] Order, the arguments of counsel, and any other matters properly before the Court.[1]

## ISSUES TO BE DECIDED

1.      Whether plaintiff has failed to serve process on either of the Individual Defendants or Temujin Cayman.

2.      Whether plaintiff lacks good cause for his failure to serve the Moving Defendants within ninety (90) days of filing his complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

For nearly two months, plaintiff represented to the Court and to defendants that he intended to dismiss this action, and thereafter refile his claims as a countersuit in an earlier filed state court action.  As the 90-day deadline for service of process approached, however, plaintiff waffled, and a veritable comedy of errors ensued in his efforts to – unsuccessfully – serve his Complaint on various of the defendants.  The parade of ineffectual actions plaintiff undertook include the following:

---

[1] Unless otherwise noted, references to "¶" are to paragraphs in plaintiff's complaint and references to Exhibits ("Ex.") are to the exhibits to the Bretan Decl.

FENWICK & WEST LLP
ATTORNEYS AT LAW

- Purporting to leave service papers at a residence supposedly belonging to the Individual Defendants, ***but not specifying the address*** in the proof of service, as required under Rule 4;

- Purporting to leave the service papers with a housekeeper without establishing – as the law requires – that she actually ***resides*** at that address;

- Mailing copies of the service papers to an incorrect address (69 Isabella Ave. in Atherton), *i.e.*, a house where no defendant resides or conducts business;

- Making the demonstrably false assumption that the two Individual Defendants are married (they are not), and therefore must live together (they do not), and so can be served at the same address;

- Attempting to serve a foreign entity, Temujin Cayman, through the wrong registered agent for service of process; and

- After realizing service on Temujin Cayman was erroneous, inexplicably serving Temujin Cayman at the same residential address (69 Isabella Ave.) where no defendant, much less Temujin Cayman, resides or conducts business.

Because these efforts do not remotely suffice to effect service under governing law, the action against the Moving Defendants should be dismissed, or service against them quashed.

Not only were these service attempts futile, they were made at precisely the same time plaintiff was representing – both to this Court and defendants alike – that he would voluntarily dismiss this case in favor of proceeding in the state court action. As inquiries to plaintiff over the status of the promised dismissal went unanswered, or were met with excuses that dismissal was delayed by plaintiff's travel, plaintiff was taking actions (*i.e.*, the aforementioned service attempts) that were entirely inconsistent with his stated intention to dismiss. Once he believed (wrongly) that service of process was accomplished, plaintiff quickly reversed course and disclaimed any interest in dismissal. These sharp tactics employed are to no avail, however, as none of the efforts made to serve the Moving Defendants were effective.

To date, only defendant Temujin Labs Inc. (Delaware) ("Temujin Delaware") (which is wholly owned by Temujin Cayman, and is the plaintiff in the prior-pending state court action) has been properly served, through its registered agent in Delaware.[2] The Moving Defendants, which includes a foreign entity, have not been validly served, by any method, and they now move to dismiss or quash service, accordingly.

---

[2] Temujin Delaware's separate motion to dismiss is pending at this time.

## II.   STATEMENT OF FACTS

### A.   Parties

As discussed in greater detail in Temujin Delaware's Motion to Dismiss (Dkt. No. 36), plaintiff is a New York resident who claims to be a co-founder and co-owner of a blockchain-based financial technology project that Temujin Delaware helped develop under the trade name "Findora."  ¶¶ 21, 24, 43.[3]  Findora's mission is to support an online platform where blockchain processes verify transactions in a transparent way, while also protecting transaction privacy.  *See* ¶ 43.  The Findora ledger is designed to record transactions publicly, while maintaining as confidential the types and amounts of digital assets exchanged.  Thus far, the Findora project has shown great promise.  *See, e.g.*, ¶ 156.

Temujin Delaware, which is not a party to this motion, is a Delaware corporation with its principal place of business in Santa Clara County, California and provides services to Temujin Cayman in connection with the development and operations of Findora. ¶ 24.  Temujin Cayman is a Cayman Islands corporation.  ¶ 25.  Temujin Cayman's registered office is a P.O. Box listed in the Cayman Islands General Registry.  Ex. B.  Plaintiff also asserts claims against certain individuals allegedly associated with the Temujin entities and the Findora project, and in connection with a purported luxury watch business on which they collaborated: "Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen)" ("Ms. Chao") and "Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding)."[4]  Plaintiff also names Eian Labs Inc. ("Eian") (formerly known as Porepsus Labs Inc.) as a nominal defendant, and, despite the fact that he is not alleged to be a shareholder of that entity, purports to bring derivative claims on Eian's behalf.  ¶¶ 22-23, 26.

### B.   Procedural History

Plaintiff's assertion that he maintains an ownership interest in the Findora project is a claim he made for months before filing this action, most notably to Temujin Delaware employees

---

[3] "Blockchain" refers to a process whereby a list of records (typically of digital currency) is vetted and confirmed by network participants in a decentralized fashion.  Blocks of verified records are periodically recorded on a public ledger referred to as the blockchain.

[4] Plaintiff's substantive confusion of identities reflected in the Complaint is not addressed in this motion, which solely concerns ineffective service.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    and consultants.  The doubt sowed by plaintiff's false allegations of ownership took root,

2    ultimately causing key members of the team to stop contributing and to interfere with project

3    development.  By October 2020, the distractions had reached a crisis level, with several

4    individuals – including Charles Lu (Temujin Delaware's then-CEO), project advisor Benjamin

5    Fisch, and others – abruptly resigning.  ¶¶ 5, 119, 124.  Pointing to plaintiff's disputed ownership

6    claims, several of them also conspired with plaintiff to spur further defection and disrupt ongoing

7    operations (*e.g.*, by withholding access to Findora's social media and project development

8    accounts and wrongfully attempting to open-source key code), while seeking to launch competing

9    projects.  Because of the false claims of ownership, and other disruptions to the Findora project,

10   Temujin Delaware was forced to take action by filing suit on November 6, 2020 against plaintiff

11   (and Messrs. Lu and Fisch) in Santa Clara County Superior Court.  *See Temujin Labs Inc. v.*

12   *Abittan et al.*, No. 20CV372622 (complaint at Dkt. No. 37, Ex. E) (the "State Action").  Central

13   to that dispute is the same claim plaintiff presses here:  ownership of the Findora project and its

14   intellectual property and associated rights and entitlements.

15          Ignoring the pendency of the State Action based on the same core set of facts, plaintiff

16   filed this suit on December 24, 2020.  The Complaint asserts thirteen claims.  Temujin Delaware,

17   which is the only entity served to date, has moved to dismiss the ten claims against it: (1) four

18   derivative claims purportedly on Eian's behalf (aiding and abetting breach of fiduciary duty,

19   fraudulent inducement, unjust enrichment, and a request for an accounting); and (2) six direct

20   claims (civil violation and conspiracy under the Racketeer Influenced and Corrupt Organizations

21   Act ("RICO"), fraud, conversion, unjust enrichment, and accounting).  Dkt. No. 36.  Other

22   claims, including a derivative breach of fiduciary duty claim (¶¶ 142-148), and direct claims for

23   breach of contract (¶¶ 195-199) and defamation (¶¶ 211-214), are brought solely against one or

24   both of the Individual Defendants.

25          **C.**     **Initial Service Attempt On Temujin Cayman Through Paracorp Inc.**

26          On January 29, 2021, plaintiff served Temujin Delaware via Paracorp Inc. ("Paracorp"),

27   its registered agent for service of process in Delaware (Dkt. No. 14).  On the same day, plaintiff

28   inexplicably attempted to serve Temujin Cayman through Paracorp – which is ***not its*** registered

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   agent.  Dkt. No. 13 ("Person Served: Michael Miller-McCreanor, Paracorp Inc., Registered Agent

2   for Service of Process, authorized to accept served under F.R.C.P. Rule 4").  Plaintiff's proof of

3   service does not demonstrate the existence of any relationship between Paracorp and Temujin

4   Cayman.  Apparently conceding that such service was deficient, plaintiff made an equally

5   ineffective attempt to serve Temujin Cayman at an address in Atherton, California, as described

6   below.  Dkt. Nos. 25-27.  At no point did plaintiff resort to well-established procedures for

7   serving foreign entities, such as the Hague Service Convention, which are designed to maintain

8   international comity with foreign entities and their governments.

9       **D.**    **While Claiming That He Intended To Voluntarily Dismiss This Action, Plaintiff Attempts Substitute Service On The Moving Defendants**

10

11   On March 2, 2021, three days before Temujin Delaware's motion to dismiss the

12   Complaint was due, plaintiff proposed to voluntarily dismiss this action in favor of proceeding in

13   the State Action.  Bretan Decl., ¶ 7; Ex. F.  In light of this development, Temujin Delaware

14   ceased work on its motion, and the parties submitted a stipulation extending the deadlines to

15   respond to the Complaint while papering the dismissal.  Bretan Decl. ¶ 7; Dkt. No. 21.

16   Thereafter, despite repeated inquiries with respect to the status of the dismissal, little progress

17   was made, delays which were ascribed to client travel by plaintiff's counsel.  Bretan Decl., ¶ 9,

18   Exs. H.  Plaintiff reaffirmed his intent to dismiss in an opposition he filed in response to Temujin

19   Delaware's notice of the pending State Action on March 17, 2021 (Dkt. No. 23) (noting "a

20   voluntary dismissal of this action in favor of [p]laintiff re-filing [p]laintiff's claims' in the [s]tate

21   [a]ction" was contemplated).  That evening, plaintiff reached out to assure that the opposition

22   notice "was done to preserve our position in the litigation while we continue work on the

23   voluntary dismissal stip, not as a reversal of course."  Bretan Decl. ¶ 8, Ex. G.

24   The following day, on March 18, 2021, plaintiff attempted to serve each of the Moving

25   Defendants by substitute service. Bretan Decl. ¶ 9.  The proofs of service filed as to each of the

26   Moving Defendants were executed by an individual identified as Robert Ferris, P.I. 14584 and

27   state: "I left the summons at the individual's residence or usual place of abode with [] Patricia

28   Bedolla, a person of suitable age and discretion who resides there, on [] 03/18/2021, and mailed a

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    copy to the individual's last known address." Dkt. Nos. 25-27.  The proofs omit the address

2    where service was supposedly completed and do not provide support for the assertion that the

3    individual identified, Patricia Bedolla (a housekeeper), resides at the property, as opposed to

4    being someone who was merely present that day to clean the house. *Id.*[5]  Plaintiff also filed

5    proofs of service supposedly reflecting that the summons and complaint were mailed to each of

6    the Moving Defendants on March 19, 2021, by a second individual, Kellie Emmons, to 69

7    Isabella Avenue, Atherton, California 94027 ("69 Isabella Ave.").  Dkt. Nos. 28-30 ("Person

8    served: MAILED PURSUANT TO COVID-19 REGULATIONS").  These proofs of service do

9    not provide evidence that any defendant in this action resides at 69 Isabella Ave., or that 69

10   Isabella Ave. is the place of business, physical address, or mailing address of any defendant.  To

11   the contrary, 69 Isabella Ave. appears to be a residential property owned by an entity called

12   Nessco Investments LLC ("Nessco").  Ex. E.

13       Plaintiff has stipulated, and the Court has approved, that the Moving Defendants' instant

14   motion challenging service under Federal Rule of Civil Procedure 12(b)(5) may be bifurcated

15   from any further motion practice and brought first.  Dkt. No. 44.

16   **III.    LEGAL STANDARD**

17       Rule 12(b)(5) permits a defendant to challenge the mode or method of service of the

18   summons and complaint.  Where the efficacy of service is contested, the burden is on the party

19   claiming proper service to establish its validity.  *Van v. Black Angus Steakhouses, LLC*, 2018 WL

20   2763330, at *2 (N.D. Cal. June 8, 2018).  Plaintiff must demonstrate ***with evidence*** that service

21   actually complied with Rule 4 or that there is a fact issue requiring an evidentiary hearing to

22   resolve.  *Tinsley v. Comm'r of I.R.S.*, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998); *see also*

23   *Jones v. James Trading Co.*, 2019 WL 6354392, at *3 (C.D. Cal. July 3, 2019) ("[N]either 'actual

24   notice [of an action] nor simply naming the person in the caption of the complaint will subject

---

25   [5] By letter of April 7, 2021, plaintiff's former counsel demanded $18,622.11 in connection with
26   the purported service on the Moving Defendants via Ms. Bedolla (claiming she was "Ding and
     Chao's housekeeper") and claimed plaintiff would seek another $40,000 to $50,000 in fees and
27   costs if the Moving Defendants did not agree to pay. *See* Bretan Decl. ¶ 11, Ex. J.  Defense
     counsel asked plaintiff to substantiate these alleged costs, given the exorbitant amounts that were
28   purportedly spent to drop a service package off at a residence, but no response to this request was
     ever received. *Id.* ¶ 12, Ex. K.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    defendants to personal jurisdiction if service was not made in substantial compliance with Rule

2    4.'") (quoting *Crowley v. Bannister*, 764 F.3d 967, 975 (9th Cir. 2013)).

3        While a plaintiff typically meets this burden by producing the process server's return of

4    service, the proof of service does not itself operate as *prima facie* evidence of the conditions

5    necessary for valid service. *Mach 1 Air Servs., Inc. v. Mainfreight, Inc.*, 2015 WL 11181334, at

6    *3 (D. Ariz. Mar. 5, 2015) (proof of service is not *prima facie* evidence that corporate subsidiary

7    was statutory or general agent for service of process on parent company); s*ee also Yao v. Crisnic*

8    *Fund, S.A.*, 2011 WL 3818406, at *7 (C.D. Cal. Aug. 29, 2011) ("Even if Plaintiff could show

9    that substitute service on [consultant] could be effective as service on [defendant corporation]—

10   which the Court highly doubts—the proof of service itself supplies no connection between

11   [consultant] and [defendant corporation].").  Further, a proof of service that omits basic

12   information – for example, the address where service was made – cannot itself demonstrate

13   effective service. *See Esget v. TCM Fin. Servs. LLC*, 2011 WL 4089550, at *2 (E.D. Cal. Sept.

14   13, 2011) (omission of address renders proof of service facially defective).  If service of process

15   is insufficient, the court may dismiss an action entirely or may simply quash the service attempted

16   and order that defective service be cured. *Van*, 2018 WL 2763330, at *2.

17   **IV.**     **ARGUMENT**

18      **A.**     **Plaintiff Has Failed To Serve Any Individual Defendant**

19        Plaintiff does not claim to have personally served either of the Individual Defendants.

20   Instead, he purports to have served each of them through substitute means, by leaving service

21   papers at a residence (without stating an address) and thereafter mailing service copies to 69

22   Isabella Ave.  Dkt. Nos. 25-26.  Under Rule 4(e)(2)(B), substitute service on individuals is

23   authorized by "leaving a copy of each at the ***individual's dwelling or usual place of abode*** with

24   someone of suitable age and discretion ***who resides there***" (emphasis added).  Alternatively, Rule

25   4 permits service in compliance with the forum state's law, and California law permits substitute

26   service on individuals by "leaving a copy of the summons and complaint at the person's ***dwelling***

27   ***house***, ***usual place of abode***, ***usual place of business***, or ***usual mailing address***" with "***a***

28   ***competent member of the household or a person apparently in charge*** of his or her office, place

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   of business, or usual mailing address." Fed R. Civ. P. 4(e)(1); Cal. Code Civ. Proc. § 415.20(b)

2   (emphasis added). Plaintiff's service attempts on the Individual Defendants do not satisfy federal

3   or state law.

**1.      Plaintiff's Proofs Of Service Are Defective And Do Not Establish Proper Service Of Process**

6          The proofs purporting to reflect service at the Individual Defendants' residence are

7   facially defective. They do not list the residential address at which papers allegedly were left, let

8   alone establish that the location is either of the Individuals Defendants' usual residence, place of

9   business, or mailing address, under Rule 4 or state law. The proofs say only that Robert Ferris, a

10  private investigator, "left the summons at the individual's residence or usual place of abode with

11  [] Patricia Bedolla, a person of suitable age and discretion who resides there, on [] 03/18/2021,

12  and mailed a copy to the individual's last known address." Dkt. Nos. 25-26. No specific address

13  is listed, much less one linked to an Individual Defendant, and the proofs are thus insufficient to

14  meet plaintiff's burden to demonstrate service in compliance with Rule 4. *See Esget*, 2011 WL

15  4089550, at *2 (valid service not demonstrated by proof of service omitting suite number from

16  address of purported substitute service).

17         The only address information provided appears in separate proofs of service plaintiff filed

18  to demonstrate that the summons and complaint were mailed to the Individual Defendants, as is

19  required to complete substitute service under state law. Dkt. Nos. 28-29; Cal. Code Civ. Proc. §

20  415.20(b). According to those filings, the summons and complaint were "MAILED PURSUANT

21  TO COVID-19 REGULATIONS" to 69 Isabella Avenue, Atherton, CA 94027 on March 19,

22  2021. However, there is no connection between the two sets of proofs, which were executed by

23  different people. Additionally, mailing process to an alleged California resident alone does not

24  satisfy federal or state law requirements. *See* Fed R. Civ. P. 4; Cal. Code Civ. Proc. § 415.30 (for

25  in-state service, requiring mailing of summons and complaint and defendant's acknowledgment

26  and receipt of summons). Plaintiff also fails to explain what "COVID-19 Regulations" he is

27  referring to or how they are relevant to service of process here.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

**2. Plaintiff Has Failed To Establish He Served Any Defendant At The Proper Address**

2

3    Any purported substitute service on the Individual Defendants at 69 Isabella Ave. also

4  fails because plaintiff has not demonstrated and cannot demonstrate the requisite connection

5  between either of them and that address.  The property is apparently owned by Nessco

6  Investments LLC and nothing suggests that either of the Individual Defendants resides at 69

7  Isabella Ave.  Bretan Decl. ¶ 6, Ex. E.  Indeed, the fact that plaintiff purports to have made three

8  attempts to serve them at that address, but never found them there, suggests otherwise.  *See, e.g.*,

9  *id.*, Ex. J.  Even if either of the Individual Defendants *owned* the property (as noted, they do not;

10  nor is any connection between either of the Individual Defendants and Nessco suggested),

11  substitute service at 69 Isabella Ave. would still not be proper absent a showing that the

12  Individual Defendants *actually* reside there.  *See Wai v. Zhu*, 2021 WL 214207, at *1 (N.D. Cal.

13  Jan. 21, 2021) (substitute service not effective at home owned by defendant who lived elsewhere).

14    Plaintiff also makes no showing (indeed, has not even suggested) that 69 Isabella Ave. is

15  the Individual Defendants' "place of business" or "usual mailing address" under Cal. Code Civ.

16  Proc. § 415.20(b).  Nor could he.  69 Isabella Ave. is not a place of business or mailing address of

17  any individual or entity involved in this case; the property is a single-family home in a part of

18  Atherton zoned R-1A.  Ex. C.  Under applicable zoning law, the permitted uses of the property

19  are limited to single-family dwelling, second dwelling unit, places of worship, public utilities or

20  facilities, or "home occupations," which means only the inhabitants can be employed at the

21  premises.[6]  Plaintiff offers no reason to believe 69 Isabella Ave. is anything but residential, and to

22  the contrary, his proofs of service concede it is a residential address.  *See* Dkt. Nos. 25-26 (noting

23  service on an "individual's residence or usual place of abode.").  *Cf. Wright v. Ferry*, 2018 WL

24  1898913, at *4 (S.D. Cal. Apr. 20, 2018) (noting that under California law, substitute service at

25  individual defendant's place of business is effective at the corporate offices of a corporate entity

26  where he is an officer or director, and conducts some business activities there.); *Corcoran v.*

27

28
FENWICK & WEST LLP
ATTORNEYS AT LAW

---

[6] *See* Atherton Mun. Code 17.32 (Residential District R-1A) and 17.48 (Home Occupations), http://www.codepublishing.com/CA/Atherton/#!/Atherton17/Atherton17.html.

*Arouh*, 24 Cal. App. 4th 310, 315 (1994) (attempted substitute service defective where no connection was demonstrated between defendant and address of attempted service).

### 3. Plaintiff Has Not Shown That The Service Papers Were Left With An Individual That Can Properly Be The Subject Of Effective Service

Plaintiff's purported service also fails because he can make no showing that Patricia Bedolla, the individual with whom the summons was left (allegedly the Individual Defendants' "housekeeper"), resides at 69 Isabella Ave.  Bretan Decl. ¶ 11, Ex. J.  Under Rule 4(e)(2)(B), the summons and complaint must be left at the defendant's residence with "someone of suitable age and discretion ***who resides there***" (emphasis added).  Putting aside that nothing in the Complaint, much less in the proofs of service, establishes that either Individual Defendant (much less both of them) resides at 69 Isabella Ave., federal courts interpreting Rule 4 routinely quash service in cases involving individuals that do not reside at the defendant's dwelling.  *Duncan v. Int'l Markets Live, Inc.*, 2020 WL 4369631, at *3 (S.D. Iowa Apr. 13, 2020) ("Federal district courts have held service is ineffective under Rule 4(e)(2)(B) when a complaint is served on a nonresident housekeeper at the defendant's residence.") (listing cases); *Hotel Emps. & Rest. Emps. Int'l Union Welfare Fund ex rel. Zumtobel v. Kephart & Corti Prods., Inc.*, 2012 WL 1155380, at *4 (D. Nev. Apr. 4, 2012) (substitute service by leaving summons with non-resident maître d' and bartender not effective); *United States v. Rose*, 437 F. Supp. 2d 1166, 1172 (S.D. Cal. 2006) ("Where substitute service is used, the person with whom the summons is left ***must also be a resident*** of the 'usual place of abode.'") (emphasis added; citation omitted).  And even under California law, where process can sometimes be left with "a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," Cal. Code Civ. Proc. § 415.20(b), plaintiff does not make any showing that Ms. Bedolla so qualifies.  *See Mach 1 Air Servs.*, 2015 WL 11181334, at *3 (proof of service is evidence that service occurred, not that it was valid).

### B. Plaintiff Has Failed To Serve Temujin Cayman

As a territory of the United Kingdom, the Cayman Islands is subject to the Hague Service Convention.  *Universal Trading & Inv. Co. v. Kiritchenko*, 2007 WL 295548, at *2 (N.D. Cal.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Jan 30, 2007) ("The Cayman Islands and the Isle of Man, as territories of the United Kingdom, are

2   signatories to the Hague Convention.").  Plaintiff did not try to utilize those procedures, however.

3   Instead, plaintiff purports to have attempted service on Temujin Cayman through other means.

4   Those efforts fail.

### 1.   Plaintiff Has Not Served Any "Managing Or General Agent" Or "General Manager" Of Temujin Cayman

7   Pursuant to Rule 4(h)(1), service on Temujin Cayman can be made by delivering the

8   complaint to "an officer, a managing or general agent, or any other agent authorized by

9   appointment or by law to receive service of process," or by serving in a manner authorized by

10   state law.  California law permits service of process on a foreign corporation by delivery "to any

11   officer of the corporation or its general manager in this state".  Cal. Code Civ. Proc. § 416.10;

12   Cal. Corp. Code § 2110.  Plaintiff's initial proof of service for Temujin Cayman describes service

13   on "Michael Miller-McCreanor, Paracorp Inc."  Dkt. No. 14.  As noted, Paracorp is Temujin

14   *Delaware's* registered agent for service of process.  Ex. A.  Plaintiff has not demonstrated, nor

15   can he, that Paracorp is Temujin *Cayman's* agent.  Unless plaintiff can do so, the attempt to serve

16   through Paracorp does not comply with Rule 4 or California law.  *Yao*, 2011 WL 3818406, at *7

17   (Rule 4(h)(1) inapplicable where no connection demonstrated between supposed "agent" and

18   party to be served).

19   Nor could service on Temujin Delaware have resulted in valid service on Temujin

20   Cayman.  As an initial matter, the proof does not state that Temujin Cayman was being served

21   *through* Temujin Delaware.[7]  The fact that Temujin Delaware is owned by Temujin Cayman

22   does not alter this conclusion, as the entities are separate and service is not effective on the parent

23   entity unless plaintiff can show that the Delaware entity is Temujin Cayman's "general agent."

24   *Van*, 2018 WL 2763330, at *3 (service on domestic subsidiary did not result in effective service

25   on foreign parent under Rule 4(h)(1)); *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 553

---

28   [7] Indeed, Temujin Delaware is not mentioned on the proof of service, only Paracorp, which is an independent basis for finding service defective.  *See* Dkt. No 14.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

(N.D. Cal. 2003) ("[F]or agency to exist, the subsidiary's activity must be integral to the parent's business."). No such evidence is provided here.

Finally, the attempt to serve through Paracorp is also invalid under applicable state law. State law permits service on a foreign entity's officer, or on its "general manager" in the state, but plaintiff has not demonstrated that Paracorp – *in Delaware* – is Temujin Cayman's officer or general manager located *in California*. *SKC Kolon PI, Inc. v. Kaneka Corp.*, 2010 WL 11553177, at *2 (C.D. Cal. Nov. 18, 2010) (attempted service on foreign parent corporation not authorized by Cal. Corp. Code § 2110; process was delivered to registered agent of Texas-based subsidiary); *Hickory Travel Sys.*, 213 F.R.D. at 552 ("Federal courts interpreting these provisions [of California law] have found them to create no procedure for serving a foreign corporation by serving its domestic subsidiary.").

## 2.  Plaintiff Also Failed To Serve Temujin Cayman Via Substitute Service

Plaintiff's second effort to serve Temujin Cayman fares no better than his first. In apparent recognition that his initial service attempt was defective, he now claims to have served Temujin Cayman via substitute service in the same manner and at the same location as the Individual Defendants. Plaintiff's proof of service states that "Temujin (Cayman) c/o Lily Chao" was served by substitute service because the summons and complaint were left with Patricia Bedolla and also mailed to the same address. Dkt. Nos. 27, 30. This is not remotely adequate under governing law.

As with the service attempts on the Individual Defendants, the purported proof does not indicate the specific address at which process was left. Dkt. No. 27. As discussed above, a proof of service which omits the address where service was made is legally inadequate, and by itself justifies granting of the Moving Defendants' motion. *See Esget*, 2011 WL 4089550, at *2.

Furthermore, Rule 4(e)(2)(B) does not by its terms authorize substitute service on a corporation, as it does for individuals. While an entity may be served via substitute service consistent with state law, such effort would require plaintiff to serve process at the entity's office or physical address, or the entity's usual mailing address if the physical address is unknown. Cal. Code Civ. Proc. § 415.20(a). In turn, the summons and complaint must be left "with the person

FENWICK & WEST LLP
ATTORNEYS AT LAW

who is apparently in charge" of the premises, or in the case of service at a mailing address, "with a person at least 18 years of age, who shall be informed of the contents thereof". Cal. Code Civ. Proc. § 415.20(a).

California law does not provide any mechanism for serving a foreign corporate entity in the manner attempted here:  delivering process to a purported housekeeper at the claimed domestic residence of an Individual Defendant who does not live at the residence.  For such an attempt to suffice, 69 Isabella Ave. would need to be *Temujin Cayman's* physical address or mailing address.  Plaintiff has not and cannot make such a showing, as 69 Isabella Ave. is a residential property and there is no evidence to suggest it is being used by Temujin Cayman (much less any other entity) for business purposes.  Indeed, plaintiff *did not* list 69 Isabella Ave. as an address associated with Temujin Cayman in the summons that issued (*see* Dkt. No. 7, Addendum).

Nor has plaintiff demonstrated that Temujin Cayman has *any* physical or mailing address in the United States.  Rather, consistent with the summons plaintiff asked this Court to issue, its registered office is in the Cayman Islands, as set forth in the jurisdiction's General Registry.  Ex. B.  Further, plaintiff has not demonstrated any connection between Patricia Bedolla and Temujin Cayman or Ms. Chao, much less that Ms. Bedolla is the "person who is apparently in charge" of Temujin Cayman's physical business address.  Cal. Code Civ. Proc. § 415.20(a).

## C.   Plaintiff Has Failed To Serve Moving Defendants Within The Required Ninety Days Of Filing The Complaint

If a defendant is not served within ninety (90) days of a complaint being filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice (as to the relevant defendant(s)) or order that service be made within a specified time. Fed. R. Civ. P. 4(m).  Plaintiff filed his complaint on December 24, 2020, and thus was required to have served all parties by March 24, 2021.  Here, plaintiff waited until the last minute, and then scrambled to serve the Moving Defendants (ineffectively) on the same day that he reiterated his intent to dismiss. Having failed to serve the Individual Defendants or Temujin Cayman within the requisite time, and without seeking leave to do so outside that time frame, there is no good cause for this failure.  *See*

1    *Jones v. Dovery*, 2008 WL 510820, at *1 (S.D. Cal. Feb. 22, 2008) ("Plaintiff's ignorance of or

2    confusion about service requirements does not constitute 'good cause' for failure to serve.")

3    (quoting *Townsel v. Contra Costa Cnty.*, 820 F.3d 319, 320 (9th Cir. 1987)).

4    **V.      CONCLUSION**

5           For the foregoing reasons, process is ineffective as to the Moving Defendants and the

6    Court should dismiss all claims as to them.  In the alternative, the Court should quash plaintiff's

7    prior attempts to serve the Individual Defendants and Temujin Cayman and order plaintiff to

8    complete service within sixty (60) days of the Court's order, failing which, all claims against the

9    Individual Defendants and Temujin Cayman should be dismissed with prejudice.

10   Dated:   May 28, 2021                          FENWICK & WEST LLP

11                                                  By: /s/  *Jennifer C. Bretan*

12                                                      Jennifer  C. Bretan

13                                                  Attorneys for the Individual Defendants and
                                                    Temujin Labs Inc. (Cayman)