DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
JOSHUA PARR (CSB No. 318549)
jparr@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendants Temujin Labs Inc.
(Delaware), Temujin Labs Inc. (Cayman), and the
Individual Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARIEL ABITTAN,

                    Plaintiff,

          v.

LILY CHAO (A/K/A TIFFANY CHEN, A/K/A
YUTING CHEN), DAMIEN DING (A/K/A
DAMIEN LEUNG, A/K/A TAO DING),
TEMUJIN LABS INC. (A DELAWARE
CORPORATION), AND TEMUJIN LABS INC.
(A CAYMAN CORPORATION),

                    Defendants,

          and

EIAN LABS INC.,

                    Nominal Defendant.

Case No.:  5:20-cv-09340

**DECLARATION OF
JENNIFER C. BRETAN
IN SUPPORT OF INDIVIDUAL
DEFENDANTS' AND TEMUJIN LABS
INC. (CAYMAN)'S MOTION TO
DISMISS OR IN THE ALTERNATIVE
QUASH SERVICE OF SUMMONS**

Date:   July 7, 2021
Time:   1:00 p.m.
Place:  Courtroom 5, 4th Floor
Judge:  Hon. Nathanael Cousins

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    I, Jennifer C. Bretan, hereby declare:

2    1.    I am an attorney admitted to practice before this Court and a partner at the law

3    firm of Fenwick & West LLP, which represents the individual defendants, Temujin Labs Inc.

4    (Cayman) ("Temujin Cayman"), and Temujin Labs Inc. (Delaware) ("Temujin Delaware") in this

5    action.  I have personal knowledge of the matters set forth in this declaration and, if called upon

6    to do so, could and would testify competently as to the matters described below.

7    2.    Attached hereto as **Exhibit A** are true and correct copies of the certification of

8    incorporation available from Delaware's Secretary of State and the entity details of Temujin

9    Delaware, noting its registered agent as Paracorp Incorporated, as published online by the

10   Delaware Secretary of State, Division of Corporations (last accessed March 30, 2021, available at

11   https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx).

12   3.    Attached hereto as **Exhibit B** is a true and correct copy of the Cayman Islands

13   General Registry Report for Temujin Cayman, noting its registered agent as Aequitas

14   International Management Ltd. in the Cayman Islands.

15   4.    Attached hereto as **Exhibit C** is a true and correct copy of the Town of Atherton

16   Zoning Map as published online by the Town of Atherton (last accessed May 24, 2021, available

17   at https://www.ci.atherton.ca.us/DocumentCenter/View/286/Zoning24x36_001?bidId=).  For the

18   Court's convenience, Exhibit C also includes an enlarged portion of the map with a notation to

19   better help identify 69 Isabella Avenue, Atherton, California 94027 ("69 Isabella Ave.") and its

20   zoning categorization.

21   5.    Attached hereto as **Exhibit D** is a true and correct copy of the publicly available

22   property tax bill for 69 Isabella Ave., noting parcel number 070-250-400, from the County of San

23   Mateo Tax Collector (last accessed May 26, 2021, available at https://sanmateo-ca.county-

24   taxes.com/public/property_tax/bills/6950408) and highlighted for the Court's convenience.

25   6.    Attached hereto as **Exhibit E** are true and correct copies of the records of transfer

26   of real property for 69 Isabella Ave. since 1985 as published by the San Mateo County Assessor,

27   County Clerk-Recorder's Office (last accessed May 24, 2021, available at

28   https://apps.smcacre.org/recorderworks/, click "Search"; then "Search by (APN) Assessor Parcel

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  Number"; then search "070250400") and record of grant deed transfer for parcel 070250400 to

2  Nessco Investments LLC, highlighted for the Court's convenience.

3      7.    Attached hereto as **Exhibit F** is a true and correct copy of an excerpt of an email

4  chain between counsel for the parties.  As reflected in the chain, on March 2, 2021 at 6:04 p.m.

5  Pacific Time, which was three days before Temujin Delaware's motion to dismiss the complaint

6  would have been due, plaintiff's counsel sent an email proposing to "consolidate the lawsuits in

7  State Court."  My colleague Felix Lee responded at 7:06 p.m. Pacific Time seeking to clarify

8  whether plaintiff was proposing a stipulated dismissal.  At 7:44 p.m., plaintiff's counsel

9  responded stating that "what we have in mind completely obviates the need to file a motion to

10  dismiss on your part in this court" and that "the stipulation would provide for dismissal of claims

11  in federal court and our re-filing them in state court."  In light of this development, Temujin

12  Delaware ceased work on its motion, and the parties submitted a stipulation extending the

13  deadlines to respond to the Complaint while papering the dismissal.  Dkt. No. 21.  The relevant

14  exchanges in Exhibit F are highlighted for the Court's convenience

15      8.    Attached hereto as **Exhibit G** is a true and correct copy of an email sent on March

16  17, 2021.  Following plaintiff's counsel's proposed voluntary dismissal of the action on March 2,

17  2021, the parties began negotiating a stipulation to that effect.  On March 4, 2021, plaintiff's

18  counsel sent a draft stipulation to "voluntarily dismiss all claims in the federal litigation." On

19  March 17, 2021, following additional exchanges, plaintiff's counsel reaffirmed that it was

20  plaintiff's intention to voluntarily dismiss the action, notwithstanding an Opposition to the Notice

21  of Pendency of Other Action or Proceeding he had filed earlier that day (Dkt. No. 23) and assured

22  it "was done to preserve our position in the litigation while we continue work on the voluntary

23  dismissal stip, not as a reversal of course."  The relevant exchanges in Exhibit G are highlighted

24  for the Court's convenience

25      9.    Attached hereto as **Exhibit H** is a true and correct copy of an excerpt of an email

26  chain between counsel for the parties.  The latest email in this chain was sent on March 22, 2021.

27  By March 18, 2021, progress toward a stipulation to effectuate voluntary dismissal had stalled,

28  and defendants' counsel asked whether the Plaintiff would still agree to voluntarily dismiss the

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   action.  Although we would later learn, according to the purported proofs of service he filed, that

2   plaintiff was then attempting substitute service on the individual defendants and Temujin Cayman

3   that same day, on March 19, 2021, as reflected in Exhibit H, plaintiff's counsel merely ascribed

4   the delay to plaintiff's travel.  The relevant exchanges in Exhibit H are highlighted for the Court's

5   convenience.

6   10.   Attached hereto as **Exhibit I** is a true and correct copy of an excerpt of an email

7   chain between counsel for the parties, with the latest email in this chain sent on April 5, 2021.  As

8   reflected in Exhibit I, by April 5, 2021 plaintiff's counsel reversed course and began discussing a

9   *partial* voluntary dismissal.  The relevant exchanges in Exhibit I are highlighted for the Court's

10   convenience.

11   11.   Attached hereto as **Exhibit J** is a true and correct copy of an April 7, 2021 letter

12   from plaintiff's counsel to defendants' counsel.  In that letter, Mr. Korr represented that service

13   was made on the individual defendants through substitute service on March 18, 2021.  According

14   to the letter, plaintiff's process server knocked on the door at 69 Isabella Avenue, Atherton,

15   California 94027 and left service packages with a "housekeeper."  The letter demanded

16   $18,622.11 in connection with the purported service and noted that, if forced to file a motion to

17   recover said fees and costs, plaintiff will incur $40,000 to $50,000 in additional fees and costs

18   that defendants would be forced to pay.

19   12.   Attached hereto as **Exhibit K** is a true and correct copy of an April 8, 2021 letter I

20   sent to plaintiff's counsel in response to the April 7, 2021 letter.  The April 8, 2021 letter, in

21   addition to noting service was defective and inconsistent with plaintiff's representations that he

22   was dismissing the action, and also asked plaintiff to substantiate his alleged costs.  To date, no

23   response to that request has been received.

24   I declare under penalty of perjury under the laws of the United States of America that the

25   foregoing is true and correct.

26   Executed this 28th day of May 2021.

27   By: /s/  *Jennifer C. Bretan*
       Jennifer C. Bretan

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

# Exhibit A



# Delaware

Page 1

The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT "TEMUJIN LABS INC" IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

THE FOLLOWING DOCUMENTS HAVE BEEN FILED:

CERTIFICATE OF INCORPORATION, FILED THE SECOND DAY OF JULY, A.D. 2019, AT 11:03 O`CLOCK A.M.

CERTIFICATE OF AMENDMENT, FILED THE TWENTY-SEVENTH DAY OF JANUARY, A.D. 2020, AT 4:35 O`CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID CORPORATION, "TEMUJIN LABS INC".

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.



Jeffrey W. Bullock, Secretary of State

7497264  8310

SR# 20210627405

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 202590874

Date: 02-24-21



**Department of State: Division of Corporations**

Allowable Characters

| HOME | | | | |
|------|--|--|--|--|
| | | **Entity Details** | | |

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| File Number: | 7497264 | Incorporation Date / Formation Date: | 7/2/2019 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | TEMUJIN LABS INC | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | PARACORP INCORPORATED | | |
|---|---|---|---|
| Address: | 2140 S DUPONT HWY | | |
| City: | CAMDEN | County: | Kent |
| State: | DE | Postal Code: | 19934 |
| Phone: | 302-697-4590 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]                    [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

# Exhibit B



# Search Report

| | |
|---|---|
| **Entity Name :** | Temujin Labs Inc |
| **Jurisdiction :** | Cayman Islands |
| **Registration Number :** | 353128 |
| **Registration Date :** | 02nd July 2019 |
| **Entity Type :** | EXEMPT |
| **Registered Office :** | AEQUITAS INTERNATIONAL MANAGEMENT LTD. |
| | P. O. Box 10281 |
| | Grand Pavilion Commercial Centre, |
| | Suite 24, 802 West Bay Road, |
| | Grand Cayman  KY1-1003 |
| | Cayman Islands |

| | |
|---|---|
| **Status :** | ACTIVE |
| **Status Date :** | 02nd July 2019 |

- INFORMATION REGARDING THE CORPORATE RECORDS AND REGISTERS ARE NOT AVAILABLE FOR PUBLIC INSPECTION

- THIS REPORT DOES NOT CONFIRM THE ENTITY IS IN GOOD STANDING

Authorisation Code : 697672256313
www.verify.gov.ky
07 January 2021

Exhibit C



# Town of Atherton Zoning Map

Legend:
PFS
POS
R-1A
R-1B
Prepared: December 28, 2011
0
0.125
0.25
0.5
0.75
1
Miles
LYNX TECHNOLOGIES
R-1A
R-1B
PFS
POS
MENLO SCHOOL
SACRED HEART
TAFT SCHOOL



Exhibit D

# 2020-2021 SAN MATEO COUNTY SECURED TAX BILL 2020-2021

FOR FISCAL YEAR BEGINNING JULY 1, 2020 AND ENDING JUNE 30, 2021

| PARCEL NUMBER | TAX RATE AREA | BILL NUMBER |
|---|---|---|
| 070-250-400 | 01-001 | 2020-363305 |

LEGAL DESCRIPTION
LOT 12 BRITTANY MEADOWS RSM 115/68-69

SITUS: 69 ISABELLA AVE ATHERTON

ASSESSED TO:

| ASSESSMENT INFORMATION | VALUES |
|---|---|
| Land | $11,822,838 |
| Improvements | $975,262 |
| Fixtures | $0 |
| Personal Property | $0 |
| Taxable Value | $12,798,100 |
| Exemptions | $0 |
| Value After Exemptions | $12,798,100 |
| Tax Saved Due to Exemptions | $0.00 |

| TAXING AGENCY | RATE | AMOUNT |
|---|---|---|
| Countywide Tax (Secured) | 1.00000000% | $127,981.00 |
| Midpen Open Space Bond | 0.00150000% | $191.98 |
| Menlo Park Esd Bond | 0.03510000% | $4,492.13 |
| Sequoia Uhsd Bond | 0.03150000% | $4,031.40 |
| Smccd Bond | 0.02130000% | $2,725.99 |
| General Tax Total | 1.08940000% | $139,422.50 |
| FEDCA&NPDES STORM FEE | 650-363-4100 | $7.34 |
| MP ESD COMB MEAS SP TAX | 650-321-7140 | $1,142.74 |
| WEST BAY SANI DIST | 650-321-0384 | $1,224.00 |
| SFBRA MEASURE AA | 888-508-8157 | $12.00 |
| SMC MOSQ ABMNT DIST | 800-273-5167 | $3.74 |
| SEQUOIA UHSD MAINT | 800-273-5167 | $11.70 |

Total Tax Payable $ 141824.02

STATEMENT PORTION FOR YOUR RECORDS

* For Home banking- Use the Parcel Number 070-250-400 and pay the full installment due. Partial payments and overpayments will be returned.
* Failure to pay the full amount due on time will result in penalties and costs.
* Pay Online at https://tax.smcgov.org
* 65 or older may qualify for a school parcel tax exemption on a primary residence in next fiscal year. Contact the District Office at 650-321-7140.

**1** DUE NOVEMBER 1, 2020
AFTER December 10, 2020 ADD 10% PENALTY TO YOUR PAYMENT
$0.00

**2** DUE FEBRUARY 1, 2021
AFTER April 12, 2021 ADD 10% PENALTY AND $40 COST TO YOUR PAYMENT
$0.00

---

Detach this stub and return with your payment

WRITE YOUR PARCEL NUMBER ON YOUR CHECK AND USE AN ENCLOSED ENVELOPE

IF PROPERTY HAS BEEN SOLD PLEASE FORWARD THIS BILL TO THE NEW OWNER

PAYABLE IN U.S.FUNDS ONLY

SECOND INSTALLMENT PAYMENT CANNOT BE ACCEPTED UNLESS FIRST INSTALLMENT IS PAID

**MARK YOUR CALENDAR –**
NO REMINDER NOTICES WILL BE MAILED!

PARCEL NUMBER
070-250-400
05/26/2021 Web Print

ASSESSED TO:

**2**

PAY

DUE FEB 1, 2021 Paid 04/02/2021

AFTER April 12 2021 ADD
10% PENALTY AND $40.00 COST TO YOUR PAYMENT

TOTAL DELINQUENT INSTALLMENT DUE

MAKE CHECKS PAYABLE TO: SANDIE ARNOTT, SAN MATEO COUNTY TAX COLLECTOR
MAIL TO: P.O. BOX 45878
SAN FRANCISCO, CA 94145-0878

RETURN WITH 2ND OR BOTH PAYMENT(S)

S2070-250-40000000000000002020-3633050000000000000000000000000000006

---

Detach this stub and return with your payment

BEFORE PAYING THIS BILL MAKE SURE IT IS FOR YOUR PROPERTY

INCLUDE **BOTH** PAYMENT STUBS TO PAY TOTAL TAX OF

BY DEC. 10, 2020
USE AN ENCLOSED ENVELOPE

PAYABLE IN U.S.FUNDS ONLY

**SEE REVERSE SIDE AND INSERT FOR OTHER IMPORTANT INFORMATION**

PARCEL NUMBER
070-250-400
05/26/2021 Web Print

ASSESSED TO:

**1**

PAY

DUE NOV 1, 2020 Paid 11/16/2020

AFTER December 10 2020 ADD
10% PENALTY TO YOUR PAYMENT

TOTAL DELINQUENT INSTALLMENT DUE

MAKE CHECKS PAYABLE TO: SANDIE ARNOTT, SAN MATEO COUNTY TAX COLLECTOR
MAIL TO: P.O. BOX 45878
SAN FRANCISCO, CA 94145-0878

RETURN WITH 1st OR BOTH PAYMENT(S)

S1070-250-40000000000000002020-3633050000000000000000000000000000007

Exhibit E

# San Mateo County

RecorderWorks.Common.Entities.SearchByParcelNumberCriteria

| Document Number | Grantor | Grantee | Document Type | Recording Date | Number of Pages |
|---|---|---|---|---|---|
| 2012-098884 | JASON WILLIAM GILMORE | JASON WILLIAM G TR | DEED | 7/13/2012 | 3 |
| 2012-098884 | | JASON WILLIAM G TRUST | DEED | 7/13/2012 | 3 |
| 2012-098885 | JASON KAREN DEIWERT | JASON WILLIAM GILMORE | DEED | 7/13/2012 | 3 |
| 2012-129832 | COBB MADELYN JASON TR | COBB MADELYN JASON | DEED | 9/10/2012 | 5 |
| 2012-129832 | WALTERS MARIANNE JASON TR | WALTERS MARIANNE JASON TR | DEED | 9/10/2012 | 5 |
| 2012-129832 | ADAMS ELIZABETH JASON TR | WALTERS MARIANNE JASON TRUST | DEED | 9/10/2012 | 5 |
| 2012-129832 | JASON TRUST | ADAMS ELIZABETH JASON TR | DEED | 9/10/2012 | 5 |
| 2012-129832 | | ADAMS ELIZABETH JASON TRUST | DEED | 9/10/2012 | 5 |
| 2012-129832 | | JASON WILLIAM G TR | DEED | 9/10/2012 | 5 |
| 2012-129832 | | JASON WILLIAM G TRUST | DEED | 9/10/2012 | 5 |
| 2012-138440 | COBB MADELYN JASON TR | NESSCO INVESTMENT LLC | DEED | 9/25/2012 | 3 |
| 2012-138440 | WALTERS MARIANNE JASON TR | | DEED | 9/25/2012 | 3 |
| 2012-138440 | ADAMS ELIZABETH JASON TR | | DEED | 9/25/2012 | 3 |

| Document Number | Grantor | Grantee | Document Type | Recording Date | Number of Pages |
|---|---|---|---|---|---|
| 2012-138440 | JASON WILLIAM G TR | | DEED | 9/25/2012 | 3 |
| 2012-138440 | COBB MADELYN JASON TRUST | | DEED | 9/25/2012 | 3 |
| 2012-138440 | WALTERS MARIANNE JASON TRUST | | DEED | 9/25/2012 | 3 |
| 2012-138440 | ADAMS ELIZABETH JASON TRUST | | DEED | 9/25/2012 | 3 |
| 2012-138440 | JASON WILLIAM G TRUST | | DEED | 9/25/2012 | 3 |
| 2015-127265 | NESSCO INVESTMENTS LLC | NESSCO INVESTMENTS LLC | DEED | 12/3/2015 | 4 |
| 2015-127265 | NESSCO INVESTMENT LLC | | DEED | 12/3/2015 | 4 |



RecorderWorks™
search & retrieval            Parcel Number: 070250400

## Back To Search Result

**Document Number:**

← 2015-127265

**Number of Pages:** 4  **Recording Date:** 12/3/2015

### Legal Descriptions

LOT 12, AS SHOWN ON THAT CERTAIN MAP
ENTITLED "BRITTANY MEADOWS", FILED
IN THE OFFICE OF THE COUNTY RECORDER
OF SAN MATEO COUNTY, STATE OF CAUFORNIA,
ON DECEMBER 03, 1986 IN BOOK 115 OF MAPS
AT PAGE(S) 68 AND 69.

### Document Types

⦿ DEED

### Details

← 1 of 1 →

**Assessors Parcel No:** 070250400
**City:**
**Transfer Tax Amount:** 0.0000
**Conveyance Tax Amount:** 0.0000

### Grantors

NESSCO INVESTMENTS LLC
NESSCO INVESTMENT LLC

### Grantees

NESSCO INVESTMENTS LLC

**Frequently Asked Questions**

Exhibit F

| | |
|---|---|
| **From:** | Bahram Seyedin-Noor |
| **To:** | Felix Lee; Jennifer Bretan |
| **Cc:** | Josh Korr; Dean Kristy; Casey O'Neill; Joshua Parr; Rachael Karlin; Bryan Ketroser |
| **Subject:** | Re: Abittan v. Chao, Case No. 5:20-cv-09340 |
| **Date:** | Tuesday, March 2, 2021 7:44:25 PM |
| **Attachments:** | image017.png |
| | image019.png |

**\*\* EXTERNAL EMAIL \*\***

Correct, what we have in mind completely obviates the need to file a motion to dismiss on your part in this court. If it helps you in determining whether to put pens down, we can stipulate to a further three week extension while we hammer out the details. But the bottom line is, the stipulation would provide for dismissal of claims in federal court and our re- filing them in state court.

Sent from iPhone

---

**From:** Felix Lee <FLee@Fenwick.com>
**Sent:** Tuesday, March 2, 2021 7:06:10 PM
**To:** Bahram Seyedin-Noor <bahram@altolit.com>; Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Josh Korr <josh@altolit.com>; Dean Kristy <DKristy@Fenwick.com>; Casey O'Neill <coneill@fenwick.com>; Joshua Parr <JParr@fenwick.com>; Rachael Karlin <rachael@altolit.com>; Bryan Ketroser <bryan@altolit.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Thanks Bahram. To clarify, is this just a stipulated dismissal of the federal court action (with the approval from Judge Cousins based on the derivative claims) and then you will decide later how to proceed in state Court?

It would help us to get clarity on this point, as we might otherwise want to still put in a scheduling stipulation for our motion to dismiss tomorrow (unless, per our question above, the need to do so will be fully obviated by whatever you will be proposing). As you know, we were planning to move to dismiss Friday. Please let us know as soon as you can as it obviously will impact our plans in the next few days. Thanks.

Felix Lee
Fenwick | Partner | 650-335-7123 | flee@fenwick.com

---

**From:** Bahram Seyedin-Noor <bahram@altolit.com>
**Sent:** Tuesday, March 2, 2021 6:04 PM
**To:** Felix Lee <FLee@Fenwick.com>; Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Josh Korr <josh@altolit.com>; Dean Kristy <DKristy@Fenwick.com>; Casey O'Neill <coneill@fenwick.com>; Joshua Parr <JParr@fenwick.com>; Rachael Karlin <rachael@altolit.com>;

Bryan Ketroser <bryan@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

**\*\* EXTERNAL EMAIL \*\***

Felix – Thanks for reaching out. ==Our client has authorized us to work on a stipulation to consolidate the lawsuits in State court.== Given the pending derivative claims, that will require approval by Judge Cousins. We will circulate a draft stip/proposed order for your review. In the meantime, let us know if you have questions.

Thanks,
Bahram


**Bahram Seyedin-Noor**

**Direct** +1 415 868 5602

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
www.altolit.com



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all copies of the message. Do not review, copy, forward, or rely on this email and its attachment in any way. Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys. All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

---

**From:** Felix Lee <FLee@Fenwick.com>
**Date:** Tuesday, March 2, 2021 at 3:18 PM
**To:** Bahram Seyedin-Noor <bahram@altolit.com>, Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Josh Korr <josh@altolit.com>, Dean Kristy <DKristy@Fenwick.com>, Casey O'Neill <coneill@fenwick.com>, Joshua Parr <JParr@fenwick.com>, Rachael Karlin <rachael@altolit.com>, Bryan Ketroser <bryan@altolit.com>

**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Hi Bahram,

Any update on this?  Please let us know as we'd like to get our stip on file with the Court as soon as possible.  Thanks.

Felix Lee

Fenwick | Partner | 650-335-7123 | flee@fenwick.com

---

**From:** Bahram Seyedin-Noor <bahram@altolit.com>
**Sent:** Monday, March 1, 2021 12:04 PM
**To:** Felix Lee <FLee@Fenwick.com>; Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Josh Korr <josh@altolit.com>; Dean Kristy <DKristy@Fenwick.com>; Casey O'Neill <coneill@fenwick.com>; Joshua Parr <JParr@fenwick.com>; Rachael Karlin <rachael@altolit.com>; Bryan Ketroser <bryan@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

**\*\* EXTERNAL EMAIL \*\***

Thanks, Felix.  I understand your position.  I'm scheduled to talk with the client this evening and will revert after.

**Bahram Seyedin-Noor**

**Direct** +1 415 868 5602

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
www.altolit.com



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all

copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

---

**From:** Felix Lee <FLee@Fenwick.com>
**Date:** Monday, March 1, 2021 at 11:37 AM
**To:** Bahram Seyedin-Noor <bahram@altolit.com>, Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Josh Korr <josh@altolit.com>, Dean Kristy <DKristy@Fenwick.com>, Casey O'Neill <coneill@fenwick.com>, Joshua Parr <JParr@fenwick.com>, Rachael Karlin <rachael@altolit.com>, Bryan Ketroser <bryan@altolit.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Bahram,

Apologies, last week got away from us, but we are hoping to get the scheduling stipulation on file with the Court today or tomorrow at the latest.  Before doing so, we wanted circle back on whether you will agree to push out the date of the current CMC, in light of our upcoming motion to dismiss as well as whatever you may be considering on the consolidation front. Given these issues, and the underlying stay in the state action, we believe the case management discussion is premature.  As we would prefer not to have to move for relief, we wanted to check in to see if you had reconsidered your view.  If so, we can fold that issue back into our proposed stipulation, and propose resetting 30 days after any decision on the motion to dismiss.  Please let us know, thanks.

Felix Lee
Fenwick | Partner | 650-335-7123 | flee@fenwick.com

---

**From:** Bahram Seyedin-Noor <bahram@altolit.com>
**Sent:** Monday, February 22, 2021 1:30 PM
**To:** Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Josh Korr <josh@altolit.com>; Dean Kristy <DKristy@Fenwick.com>; Casey O'Neill <coneill@fenwick.com>; Joshua Parr <JParr@fenwick.com>; Rachael Karlin <rachael@altolit.com>; Bryan Ketroser <bryan@altolit.com>; Felix Lee <FLee@Fenwick.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

**\*\* EXTERNAL EMAIL \*\***

Hi Jennifer – We prefer April 9.  Candidly, we are still exploring the idea of case consolidation in

some form (per earlier discussion) and hope to report on that too this week.

Thanks,
Bahram

**Bahram Seyedin-Noor**

**Direct** +1 415 868 5602

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
www.altolit.com



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

---

**From:** Jennifer Bretan <jbretan@fenwick.com>
**Date:** Monday, February 22, 2021 at 9:55 AM
**To:** Bahram Seyedin-Noor <bahram@altolit.com>
**Cc:** Josh Korr <josh@altolit.com>, Dean Kristy <DKristy@Fenwick.com>, Casey O'Neill <coneill@fenwick.com>, Joshua Parr <JParr@fenwick.com>, Rachael Karlin <rachael@altolit.com>, Bryan Ketroser <bryan@altolit.com>, Felix Lee <FLee@Fenwick.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Hi Bahram,

We did not hear back from you and would like to submit the scheduling stipulation this morning.  Do you prefer April 2 or 9 to oppose?  Reply would follow 2 weeks later.

Exhibit G

**From:**      Josh Korr
**To:**        Felix Lee; Jennifer Bretan
**Cc:**        Bahram Seyedin-Noor
**Subject:**   Re: Abittan v. Chao, Case No. 5:20-cv-09340
**Date:**      Wednesday, March 17, 2021 6:09:00 PM
**Attachments:** image003.png
               image005.png

Felix and Jennifer,

The opposition we just filed to the notice of pendency of other action was done to preserve our position in the litigation while we continue work on the voluntary dismissal stip, not as a reversal of course.

Best,
Josh
--
**JOSHUA A. KORR**
**Direct:** +1 415 870 4816 | **Fax:** +1 415 306 8744
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111



www.altolit.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

**From:** Felix Lee <FLee@Fenwick.com>
**Date:** Monday, March 15, 2021 at 10:30 AM
**To:** Bahram Seyedin-Noor <bahram@altolit.com>, Jennifer Bretan <jbretan@fenwick.com>, Josh Korr <josh@altolit.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Bahram,

<mark>Following up on both our state court stipulation regarding summons as well as the federal court stipulation dismissing the action.</mark>  Can we execute the state court stip?  And let us know whether we can proceed with the federal court stip incorporating our edits, or if you have something else that you want to propose.  Thanks.

Felix Lee
Fenwick | Partner | 650-335-7123 | flee@fenwick.com

---

**From:** Felix Lee
**Sent:** Friday, March 12, 2021 8:57 AM
**To:** Bahram Seyedin-Noor <bahram@altolit.com>; Jennifer Bretan <jbretan@fenwick.com>; Josh Korr <josh@altolit.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

Bahram,

This is was the closest that we were able to find, both of which were sent to us by Ariel.

Felix Lee
Fenwick | Partner | 650-335-7123 | flee@fenwick.com

---

**From:** Bahram Seyedin-Noor <bahram@altolit.com>
**Sent:** Thursday, March 11, 2021 4:56 PM
**To:** Felix Lee <FLee@Fenwick.com>; Jennifer Bretan <jbretan@fenwick.com>; Josh Korr <josh@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

**\*\* EXTERNAL EMAIL \*\***

Can you please send over the documents that you do have? Thank you.

**Bahram Seyedin-Noor**

**Direct** +1 415 868 5602

4 Embarcadero Center, Suite 1400

San Francisco, CA 94111

www.altolit.com



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

**From:** Felix Lee <FLee@Fenwick.com>
**Date:** Thursday, March 11, 2021 at 4:36 PM
**To:** Jennifer Bretan <jbretan@fenwick.com>, Bahram Seyedin-Noor <bahram@altolit.com>, Josh Korr <josh@altolit.com>
**Cc:** Dean Kristy <DKristy@Fenwick.com>, Casey O'Neill <coneill@fenwick.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Bahram,

We've reviewed the documents that we have regarding Eian Labs and haven't found anything suggesting that lawsuits cannot be filed in California State Court.  That said, we did not incorporate Eian so we don't have all the documents – Ariel should be in possession of the relevant corporate docs and if you find anything to cause concern please let us know.  And it's worth reiterating that we filed our lawsuit in Santa Clara in the first instance, so that should dispel any notion that we have an aversion to litigating in that forum.  So let us know whether we can proceed with the dismissal along the lines that we discussed.

Also let us know if you have any edits to the summons stipulation we sent you.  Thanks.

Felix Lee
Fenwick | Partner | 650-335-7123 | flee@fenwick.com

**From:** Felix Lee
**Sent:** Wednesday, March 10, 2021 2:55 PM
**To:** Jennifer Bretan <jbretan@fenwick.com>; Bahram Seyedin-Noor <bahram@altolit.com>; Josh Korr <josh@altolit.com>
**Cc:** Dean Kristy <DKristy@Fenwick.com>; Casey O'Neill <coneill@fenwick.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

Bahram and Josh,

Following up on our conversation earlier today, attached is the stipulation we would propose to file with the Court in the state court action regarding the summons.  Let us know if we can execute and file, thanks.

Felix Lee
Fenwick | Partner | 650-335-7123 | flee@fenwick.com

**From:** Jennifer Bretan <jbretan@fenwick.com>
**Sent:** Wednesday, March 10, 2021 11:15 AM
**To:** Bahram Seyedin-Noor <bahram@altolit.com>; Josh Korr <josh@altolit.com>
**Cc:** Felix Lee <FLee@Fenwick.com>; Dean Kristy <DKristy@Fenwick.com>; Casey O'Neill <coneill@fenwick.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

Bahram and Josh,

In advance of our call, sending over our thoughts on the approach here (as revised in the stip).

Regards,

Jennifer

Jennifer Bretan

FENWICK | Partner | 415-875-2412 | jbretan@fenwick.com

**From:** Bahram Seyedin-Noor <bahram@altolit.com>
**Sent:** Tuesday, March 9, 2021 3:12 PM
**To:** Jennifer Bretan <jbretan@fenwick.com>; Josh Korr <josh@altolit.com>; Felix Lee <FLee@Fenwick.com>; Dean Kristy <DKristy@Fenwick.com>; Joshua Parr <JParr@fenwick.com>; Casey O'Neill <coneill@fenwick.com>
**Cc:** Rachael Karlin <rachael@altolit.com>; Bryan Ketroser <bryan@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

That works. Thanks

**Bahram Seyedin-Noor**

**Direct** +1 415 868 5602

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
www.altolit.com



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

---

**From:** Jennifer Bretan <jbretan@fenwick.com>
**Date:** Tuesday, March 9, 2021 at 3:02 PM
**To:** Josh Korr <josh@altolit.com>, Felix Lee <FLee@Fenwick.com>, Dean Kristy
<DKristy@Fenwick.com>, Joshua Parr <JParr@fenwick.com>, Casey O'Neill
<coneill@fenwick.com>
**Cc:** Rachael Karlin <rachael@altolit.com>, Bahram Seyedin-Noor <bahram@altolit.com>,
Bryan Ketroser <bryan@altolit.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Sorry I was tied up last week.

We are reviewing, but have some questions on this approach.  Can we talk tomorrow at 12:30?  If so, I can send a dial in.

Thanks,

Jennifer

Jennifer Bretan

**FENWICK** | Partner | 415-875-2412 | jbretan@fenwick.com

---

**From:** Josh Korr <josh@altolit.com>
**Sent:** Tuesday, March 9, 2021 11:41 AM
**To:** Jennifer Bretan <jbretan@fenwick.com>; Felix Lee <FLee@Fenwick.com>; Dean Kristy
<DKristy@Fenwick.com>; Joshua Parr <JParr@fenwick.com>; Casey O'Neill <coneill@fenwick.com>
**Cc:** Rachael Karlin <rachael@altolit.com>; Bahram Seyedin-Noor <bahram@altolit.com>; Bryan
Ketroser <bryan@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

Hi Jennifer,

Following up on my email of last Thursday, would you please let us know if the stipulation we
proposed is acceptable?

Thank you,
Josh
--
**JOSHUA A. KORR**
**Direct:** +1 415 870 4816 | **Fax:** +1 415 306 8744
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111



www.altolit.com

The information contained in this email may be confidential and/or legally privileged. It has been
sent for the sole use of the intended recipient(s). If the reader of this message is not an intended
recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination,
distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you
have received this communication in error, please immediately notify the sender and destroy all
copies of the message. Do not review, copy, forward, or rely on this email and its attachment in any
way. Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto
Litigation and its attorneys do not represent you as your attorneys. All rights of the sender for
violations of the confidentiality and privileges applicable to this email and any attachments are
expressly reserved.

---

**From:** Josh Korr <josh@altolit.com>
**Date:** Thursday, March 4, 2021 at 1:03 PM
**To:** Jennifer Bretan <jbretan@fenwick.com>, Felix Lee <FLee@Fenwick.com>, Dean Kristy

<DKristy@Fenwick.com>, Joshua Parr <JParr@fenwick.com>, Casey O'Neill
<coneill@fenwick.com>
**Cc:** Rachael Karlin <rachael@altolit.com>, Bahram Seyedin-Noor <bahram@altolit.com>,
Bryan Ketroser <bryan@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

Hi Jennifer,

<mark>Attached is a draft joint stipulation to voluntarily dismiss all claims in the federal litigation.</mark>  Please let
us know if this is acceptable to your side.

Best,
Josh
--
**JOSHUA A. KORR**
**Direct:** +1 415 870 4816 | **Fax:** +1 415 306 8744
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111



www.altolit.com

The information contained in this email may be confidential and/or legally privileged. It has been
sent for the sole use of the intended recipient(s). If the reader of this message is not an intended
recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination,
distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you
have received this communication in error, please immediately notify the sender and destroy all
copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any
way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto
Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for
violations of the confidentiality and privileges applicable to this email and any attachments are
expressly reserved.

Exhibit H

| | |
|---|---|
| **From:** | Jennifer Bretan |
| **To:** | "Bahram Seyedin-Noor"; "Josh Korr" |
| **Cc:** | Felix Lee |
| **Bcc:** | jbretan@fenwick.com |
| **Subject:** | RE: Abittan v. Chao, Case No. 5:20-cv-09340 |
| **Date:** | Monday, March 22, 2021 10:16:37 AM |
| **Attachments:** | image001.png |
| | image005.png |
| | image007.png |

Hi Bahram and Josh,

Could we get a response to our questions?

Hopefully you have had a chance to connect with your client between March 11 and now, notwithstanding any travel, but even if not, this seems like information you could share on a provisional basis.

Please let us know.

Regards,

Jennifer

Jennifer Bretan

FENWICK | Partner | 415-875-2412 | jbretan@fenwick.com

---

**From:** Jennifer Bretan
**Sent:** Friday, March 19, 2021 5:01 PM
**To:** Bahram Seyedin-Noor <bahram@altolit.com>; Josh Korr <josh@altolit.com>
**Cc:** Felix Lee <FLee@Fenwick.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

Hi Bahram,

It has been 9-10 days since we sent our edits and spoke about the dismissal stipulation.

Could you give us some more color here on the issues and approach? We have a response deadline next Friday, so waiting to hear about this until early next week, if you think it is going to be anything other than the approach we suggested, doesn't really work.

On the summons stipulation, we can just file a motion if need be in the state action, but wouldn't think that should be necessary. Do you have edits there as well or are you just waiting for sign off?

Any insight appreciated.

Regards,

Jennifer

Jennifer Bretan

**FENWICK** | Partner | 415-875-2412 | jbretan@fenwick.com

---

**From:** Bahram Seyedin-Noor <bahram@altolit.com>
**Sent:** Friday, March 19, 2021 4:44 PM
**To:** Felix Lee <FLee@Fenwick.com>; Josh Korr <josh@altolit.com>; Jennifer Bretan <jbretan@fenwick.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

<mark>Our client has been traveling, but I anticipate having our final redlines early next week.</mark>  Not sure, however, what administrative motion you have in mind – happy to discuss.

Have a good weekend.
Bahram

**Bahram Seyedin-Noor**

**Direct** +1 415 868 5602

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
www.altolit.com



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

---

**From:** Felix Lee <FLee@Fenwick.com>
**Date:** Thursday, March 18, 2021 at 1:35 PM
**To:** Josh Korr <josh@altolit.com>, Jennifer Bretan <jbretan@fenwick.com>

**Cc:** Bahram Seyedin-Noor <bahram@altolit.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Josh,

Thanks for letting us know. On that note, have you heard back from your client on the approach for the dismissal stipulation or our summons stipulation? On the latter, if getting signoff from your client will be an issue we are fine simply submitting an administrative motion to the Court to move things along. We will plan to proceed on that basis early next week unless you tell us otherwise. Thanks.

Felix Lee
Fenwick │ Partner │ 650-335-7123 │ flee@fenwick.com

---

**From:** Josh Korr <josh@altolit.com>
**Sent:** Wednesday, March 17, 2021 6:09 PM
**To:** Felix Lee <FLee@Fenwick.com>; Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Bahram Seyedin-Noor <bahram@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

**\*\* EXTERNAL EMAIL \*\***

Felix and Jennifer,

The opposition we just filed to the notice of pendency of other action was done to preserve our position in the litigation while we continue work on the voluntary dismissal stip, not as a reversal of course.

Best,
Josh
--
**JOSHUA A. KORR**
**Direct:** +1 415 870 4816 **| Fax:** +1 415 306 8744
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111



www.altolit.com

# Exhibit I

| | |
|---|---|
| **From:** | Jennifer Bretan |
| **To:** | Josh Korr |
| **Cc:** | Bryan Ketroser; Faith Shapiro; Felix Lee; Casey O"Neill; Dean Kristy; Joshua Parr; Bahram Seyedin-Noor |
| **Bcc:** | jbretan@fenwick.com |
| **Subject:** | RE: Abittan v. Chao, Case No. 5:20-cv-09340 |
| **Date:** | Monday, April 5, 2021 7:25:38 PM |
| **Attachments:** | image002.png |
| | image004.png |
| | image006.png |
| | image008.png |
| | image010.png |
| | image013.png |
| | image017.png |
| | image019.png |
| | image021.png |
| | 2021.04.05 (DRAFT - REV - FINAL) Stip Extending Time For All Defendants to Respond to Complaint (Alto Edits V.4).docx |

Josh,

The various stipulations submitted to the court – as well as your recent opposition to the notice of pendency of the state court action – discuss the voluntary "dismissal of this action" not dismissal of "one or more claims" – something you have confirmed to us now (and the Court) multiple times over.  The same is true of Bahram's statement on March 2 confirming that what plaintiff had in mind "completely obviates the need to file a motion to dismiss on your part in this court."   You cannot reconcile those statements with the notion that you were only contemplating dismissing some claims.  For the record, we also disagree with your characterization of the discussions prior to March 2.

Given the above, the edits are not acceptable. Submitting the verbatim language used in our multiple previous extension stipulations, i.e., "voluntary dismissal of this action" should not be controversial.  You were also prepared to submit the stipulation without the additional language on fees, so we do not understand why that is necessary now, particularly given that you have removed other language we had suggested on the timing of those service attempts.

Let us know if the attached is acceptable to file.

Jennifer

Jennifer Bretan
**FENWICK** | Partner | 415-875-2412 | jbretan@fenwick.com

---

**From:** Josh Korr <josh@altolit.com>
**Sent:** Monday, April 5, 2021 6:39 PM
**To:** Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Bryan Ketroser <bryan@altolit.com>; Faith Shapiro <faith@altolit.com>; Felix Lee <FLee@Fenwick.com>; Casey O'Neill <coneill@fenwick.com>; Dean Kristy <DKristy@Fenwick.com>; Joshua Parr <JParr@fenwick.com>; Bahram Seyedin-Noor <bahram@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

Jennifer,

Attached is a version accepting your change regarding all defendants. <mark>Regarding the discussions surrounding dismissal, the current discussions between the parties involve whether one or more claims should be dismissed, so we cannot accept that edit.</mark>  You have our permission to file the attached.

We do not accept your continued inaccurate characterization of the meet and confers.  Your side told us in a meet in confer in February that several claims between Mr. Abittan and Defendants Ding and Chao were, in your view, properly brought in federal court.  Fenwick suggested to us that Mr. Abittan voluntarily dismiss some but not all claims.  To now claim that you were "never" discussing partial dismissal is simply false.

Best,
Josh
--
**JOSHUA A. KORR**
**Direct:** +1 415 870 4816 | **Fax:** +1 415 306 8744
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111



[www.altolit.com](http://www.altolit.com)

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

**From:** Jennifer Bretan <[jbretan@fenwick.com](mailto:jbretan@fenwick.com)>
**Date:** Monday, April 5, 2021 at 6:04 PM
**To:** Josh Korr <[josh@altolit.com](mailto:josh@altolit.com)>
**Cc:** Bryan Ketroser <[bryan@altolit.com](mailto:bryan@altolit.com)>, Faith Shapiro <[faith@altolit.com](mailto:faith@altolit.com)>, Felix Lee <[FLee@fenwick.com](mailto:FLee@fenwick.com)>, Casey O'Neill <[coneill@fenwick.com](mailto:coneill@fenwick.com)>, Dean Kristy

<DKristy@Fenwick.com>, Joshua Parr <JParr@fenwick.com>, Bahram Seyedin-Noor
<bahram@altolit.com>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Josh,

The edits as drafted do not work.  Bahram offered to extend the deadline for all defendants to
respond to April 30.  We also were never discussing one or more claims, we were discussing
Plaintiff's voluntary dismissal of the action.

In any event, I have made changes on top of your revisions making those points more neutrally and
would be okay with the attached as revised.

Please advise if okay to file.

Regards,

Jennifer

Jennifer Bretan
**FENWICK** | Partner | 415-875-2412 | jbretan@fenwick.com

_____

**From:** Josh Korr <josh@altolit.com>
**Sent:** Monday, April 5, 2021 5:38 PM
**To:** Jennifer Bretan <jbretan@fenwick.com>
**Cc:** Bryan Ketroser <bryan@altolit.com>; Faith Shapiro <faith@altolit.com>; Felix Lee
<FLee@Fenwick.com>; Casey O'Neill <coneill@fenwick.com>; Dean Kristy <DKristy@Fenwick.com>;
Joshua Parr <JParr@fenwick.com>; Bahram Seyedin-Noor <bahram@altolit.com>
**Subject:** Re: Abittan v. Chao, Case No. 5:20-cv-09340

Jennifer,

Please see our revisions in the attached.  You have our consent to file with those changes.

Best,
Josh
--
**JOSHUA A. KORR**
**Direct:** +1 415 870 4816 | **Fax:** +1 415 306 8744
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111



[www.altolit.com](www.altolit.com)

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please immediately notify the sender and destroy all copies of the message.  Do not review, copy, forward, or rely on this email and its attachment in any way.  Furthermore, if you have not executed an engagement letter with Alto Litigation, PC, then Alto Litigation and its attorneys do not represent you as your attorneys.  All rights of the sender for violations of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

---

**From:** Jennifer Bretan <[jbretan@fenwick.com](jbretan@fenwick.com)>
**Date:** Monday, April 5, 2021 at 4:49 PM
**To:** Bahram Seyedin-Noor <[bahram@altolit.com](bahram@altolit.com)>, Josh Korr <[josh@altolit.com](josh@altolit.com)>
**Cc:** Bryan Ketroser <[bryan@altolit.com](bryan@altolit.com)>, Faith Shapiro <[faith@altolit.com](faith@altolit.com)>, Felix Lee <[FLee@Fenwick.com](FLee@Fenwick.com)>, Casey O'Neill <[coneill@fenwick.com](coneill@fenwick.com)>, Dean Kristy <[DKristy@Fenwick.com](DKristy@Fenwick.com)>, Joshua Parr <[JParr@fenwick.com](JParr@fenwick.com)>
**Subject:** RE: Abittan v. Chao, Case No. 5:20-cv-09340

[External Email]

Bahram,

Thanks for the proposal.  Draft stipulation attached.  Please let me know if this works and we will get it on file tonight.

Nice to meet you Faith.

Regards,

Jennifer

Jennifer Bretan
**FENWICK** | Partner | 415-875-2412 | [jbretan@fenwick.com](jbretan@fenwick.com)

Exhibit J



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

415.779.2586 General
415.306.8744 Fax

josh@altolit.com
www.altolit.com

April 7, 2021

***Via Electronic Mail***

Felix Lee and Jennifer Bretan
Fenwick & West LLP
flee@fenwick.com
jbretan@fenwick.com

Re:     **Abittan v. Chao, Case No. 5:20-cv-09340**

Dear Felix and Jennifer,

On January 7, 2021, we sent you valid requests to waive service for Defendants Lily Chao and Damien Ding. Your clients did not return those requests and the deadlines provided therein expired on February 8.

As you know, service was effectuated on Defendants Chao and Ding as of March 19, 2021. That is because on March 18, Ding and Chao's housekeeper was properly served with service packages for both defendants pursuant to FRCP 4(e) and CCP 415.20. Specifically, when Plaintiff's process server knocked on the front door to Ding and Chao's residence at 69 Isabella Ave. in Atherton, the housekeeper answered and noted that she was cleaning the house for Ding and Chao, who were not present. The housekeeper was then handed the service packages and informed of their contents. This was Plaintiff's third attempt to serve Ding and Chao at 69 Isabella Ave. Service was completed on March 19, when copies of these service packages were sent by first-class mail to the 69 Isabella Ave. address.

While you have claimed this service was untimely, that position is meritless. *See Ginns v. Shumate*, 65 Cal. App. 3d 802, 805 (1977) ("Service is complete when all of the required acts are done."). The deadline for service in this matter was March 24, 2021. Plaintiff met the deadline by completing all of the acts required by CCP 415.20 on March 19. You may be under the mistaken impression that service was untimely due to the ten-day "grace period" in CCP 415.20. Courts have squarely rejected that argument. *See id.* (denying motion to dismiss where "a portion of the grace period extended beyond" plaintiff's service deadline).

Because your clients refused to waive service, our client has had to incur substantial costs to properly effectuate service on them. As a result, your clients must pay for Plaintiff's fees and costs incurred in effectuating service on Ding and Chao. Fed. R. Civ. Proc. 4(d)(2)(A). That amounts to $18,662.11.



If your clients agree to pay these fees and costs, which they are obligated to do pursuant to FRCP 4(d)(2)(A), then we will send you information for the appropriate account to wire the money to.  If your clients do not agree to pay these costs, we will be forced to file a motion to recover them, which we estimate will incur an additional $40,000 to $50,000 in fees and costs that your clients will be forced to pay pursuant to FRCP 4(d)(2)(B).

Please let us know by close of business tomorrow (April 8, 2021).

Sincerely,



Joshua A. Korr, Esq.

Exhibit K



| | |
|---|---|
| 555 California Street | 415.875.2300 |
| 12th Floor | Fenwick.com |
| San Francisco, CA 94104 | |

Jennifer Bretan
jbretan@fenwick.com |  +1 415.875.2412

April 8, 2021

**VIA EMAIL (JOSH@ALTOLIT.COM)**

Josh Korr, Esq.
Alto Litigation
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

      Re:    <u>Abittan v. Chao, Case No. 5:20-cv-09340</u>

Dear Josh:

We write in response to your letter of April 7, 2021 demanding payment of $18,662.11 in fees and costs allegedly incurred in connection with attempting to serve the individuals defendants in this matter.

We note that we have not been provided with any support for the supposed "fees and costs" demanded, nor does your description of the claimed service efforts (knocking on a door and delivering packages to a housekeeper at an address in Atherton, and then mailing copies to the same address) suggest anything approaching the $18,662.11 you seek.  Please send itemized support for this claim to us for our review, so that we may properly consider the basis for the demand.

Notwithstanding the foregoing, as we have expressed to you many times since you first made this claim about service on March 25, the purported service is defective. Neither individual resides at this address, and the Cayman entity cannot be served there, so service has not been made and is thus not timely as to any of them.

But even if the purported service had been effective (and again, it is not), or timely, there is a larger issue here that needs to be addressed.

On March 2, 2021, three days before the entity defendants were due to move to dismiss this action (which they were preparing to do), your client proposed to dismiss the complaint in favor of re-filing it in state court in connection with the prior pending state court case. Notwithstanding the significant expense already incurred by our clients in preparing to move to dismiss, we went pencils down based on your representation, and jointly notified the Court of the planned dismissal and discussions.

Josh Korr, Esq.
April 8, 2021
Page 2

You then followed up on March 4, sending us "a draft joint stipulation to voluntarily dismiss **all claims** in the federal litigation."  We provided you with our comments on the stipulation on March 10, conferred with you the next day on the approach, and even provided you with requested documents.  Then, two weeks passed with no further movement from you on the dismissal.

In that period, **in response to our direct inquiries**, we note that counsel represented to us that the reason for the delay in responding related to client travel and affirmed that you were continuing to work on the voluntary dismissal stipulation and had not reversed course.

This same representation about dismissal was not just made to us. The various stipulations submitted to the court – including on **March 3**, as well as in your opposition to the notice of pendency of the state court action on **March 17** – always discussed the "**voluntary dismissal of this action**." The same is true of your colleague's statement on March 2 confirming that what plaintiff had in mind "**completely obviates the need to file a motion to dismiss on your part in this court**."  The statements were unequivocal.

It now appears that, despite indicating since March 2 that Plaintiff would be dismissing the case, on March 18 and 19 (just after making that same representation to us and the Court once again), Plaintiff tried to effect service on the individuals and the Cayman entity. If anyone, it is Plaintiff who should bear the costs for undertaking that unnecessary action, which is entirely at odds with counsels' and Plaintiff's prior representations.

Consequently, in addition to providing us the requisite substantiation of your demand, we need clarity from your client as to whether he intends to dismiss, which we have asked for repeatedly for weeks.  If you insist on leaving this issue shrouded in ambiguity, we will need to move forward with litigating this case in earnest.

Sincerely,

FENWICK & WEST LLP

Jennifer Bretan