DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
JOSHUA PARR (CSB No. 318549)
jparr@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendant Temujin Labs Inc.
(Delaware)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARIEL ABITTAN,

          Plaintiff,

    v.

LILY CHAO (A/K/A TIFFANY CHEN, A/K/A
YUTING CHEN), DAMIEN DING (A/K/A
DAMIEN LEUNG, A/K/A TAO DING),
TEMUJIN LABS INC. (A DELAWARE
CORPORATION), AND TEMUJIN LABS INC.
(A CAYMAN CORPORATION),

          Defendants,

    and

EIAN LABS INC.,

          Nominal Defendant.

Case No.: 5:20-cv-09340

**DEFENDANT TEMUJIN LABS INC.
(DELAWARE)'S REPLY
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

Judge: Hon. Nathanael Cousins

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 2

      A.   Plaintiff Cannot Avoid the Compulsory Counterclaim Rule ................................ 2

           1.   Section 426.30 *Does* Apply in Federal Court ........................................... 2

           2.   Section 426.30 Has Been Triggered ......................................................... 3

           3.   As to Temujin Delaware, the Movant Here, There is a Near-
                Complete Identity of Interests Between the Two Cases ........................... 4

      B.   The Purported "Derivative" Claims Fail ...................................................... 4

           1.   Plaintiff Concedes He Did Not Follow Rule 23.1 on Verification ............ 4

           2.   Plaintiff's Admission That He is Not a Shareholder of Eian
                Confirms He Has No Standing to Bring Derivative Claims .................... 5

      C.   Plaintiff's Impermissible Group Pleading Mandates Dismissal ......................... 6

      D.   Plaintiff's RICO Claims Fail ................................................................... 6

           1.   Plaintiff Has Not Alleged RICO Claims with Particularity ..................... 6

                i.    Plaintiff Fails to Allege Any "Conduct" by Temujin
                      Delaware ........................................................................... 7

                ii.   Plaintiff Fails to Allege the Existence of a RICO
                      "Enterprise" ...................................................................... 8

                iii.  Plaintiff Fails to Allege a "Pattern" of "Racketeering
                      Activity" ........................................................................... 9

           2.   The RICO Conspiracy Claim Likewise Fails ......................................... 10

      E.   Plaintiff's State Law Claims Fail .............................................................. 10

           1.   Plaintiff Has Not Alleged that Temujin Delaware Knowingly Aided
                and Abetted a Breach of Fiduciary Duty .............................................. 10

           2.   Plaintiff Has Failed to Allege that Temujin Delaware Fraudulently
                Induced Anyone ................................................................................. 11

           3.   Plaintiff Has Not Adequately Pleaded Fraud ........................................ 11

           4.   The Conversion Claim Fails ................................................................ 13

           5.   Plaintiff Cannot Recover on Grounds of Unjust Enrichment .................. 13

           6.   Plaintiff Is Not Entitled to an Accounting ............................................ 14

IV.   CONCLUSION ................................................................................................. 15

1

## TABLE OF AUTHORITIES

2    CASES                                                                           PAGE(S)

3    *Align Tech., Inc. v. Tran*,
4        179 Cal. App. 4th 949 (2009).................................................................3, 4

5    *Baumer v. Pachl*,
         8 F.3d 1341 (9th Cir. 1993)......................................................................10
6
     *Bus. Funding Grp., Inc. v. Architectural Renovators, Inc.*,
7        1993 WL 104611 (Del. Ch. Mar. 31, 1993) ..........................................15

8    *Cal. Med. Assn. v. Aetna U.S. Healthcare of Cal., Inc.*,
9        94 Cal. App. 4th 151 (2001)....................................................................14

10   *Cheiker v. Prudential Ins. Co. of Am.*,
         820 F.2d 334 (9th Cir. 1987)...................................................................2, 3
11
     *Comm. To Protect our Agric. Water v. Occidental Oil & Gas Corp.*,
12       235 F. Supp. 3d 1132 (E.D. Cal. 2017)....................................................8

13   *Destfino v. Reiswig*,
14       630 F.3d 952 (9th Cir. 2011).....................................................................6

15   *Eclectic Props. E., LLC v. The Marcus & Millichap Co.*,
         2012 WL 713289 (N.D. Cal. Mar. 5, 2012), *aff'd*, 751 F.3d 990 (9th Cir. 2014)...................6
16
     *Eclectic Props. E., LLC v. The Marcus & Millichap Co.*,
17       751 F.3d 990 (9th Cir. 2014).....................................................................8

18   *Erie R.R. Co. v. Tompkins*,
19       304 U.S. 64 (1933)...............................................................................2, 3

20   *Gasperini v. Center for Humanities, Inc.*,
         518 U.S. 415 (1996).................................................................................3
21
     *H.J. Inc. v. Nw. Bell Tel. Co.*,
22       492 U.S. 229 (1989) .................................................................................9

23   *Hartford Cas. Ins. Co. v. J.R. Mktg., LLC*,
24       61 Cal. 4th 988 (2015).............................................................................14

25   *Hexion Specialty Chems., Inc. v. Huntsman Corp.*,
         965 A.2d 715 (Del. Ch. 2008)..................................................................11
26
     *In re Accuray, Inc. S'Holder Deriv. Litig.*,
27       757 F. Supp. 2d 919 (2010)........................................................................5

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

**TABLE OF AUTHORITIES (CONT'D)**

2

CASES                                                                                                    PAGE(S)

3

*In re Extreme Networks Inc. S'holder Deriv. Litig.,*

4       573 F. Supp. 2d 1228 (N.D. Cal. 2008)................................................................5

5
*In re Verisign Inc. Der. Litig.,*
        531 F. Supp. 2d 1173 (N.D. Cal. Sept. 14, 2007)........................................ 5, 6, 14
6

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.,*
7       2017 WL 4890594 (N.D. Cal. Oct. 30, 2017)........................................................9

8
*In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.,*
        2013 WL 12130034 (C.D. Cal. July 19, 2013)......................................................7
9

10
*Jolley v. Chase Home Fin., LLC,*
        213 Cal. App. 4th 872 (2013)..............................................................................15
11

12
*Kamen v. Kemper Fin. Servs., Inc.,*
        500 U.S. 90 (1991).................................................................................................5
13
*Keirsey v. eBay, Inc.,*
        2012 WL 12920765 (N.D. Cal. Aug. 6, 2012)....................................................14
14

15
*Ketayi v. Health Enrollment Grp.,*
        2021 WL 347687 (S.D. Cal. Feb. 2, 2021).......................................................7, 8
16

17
*Kopchuk v. Countrywide Fin. Corp.,*
        2010 U.S. Dist. LEXIS 23884 (E.D. Cal. Mar. 15, 2010)...................................12
18
*Kuroda v. SPJS Holdings, LLC,*
        971 A.2d 872 (Del. Ch. 2009).......................................................................13, 14
19

20
*LD v. United Behav. Health,*
        2021 WL 930624 (N.D. Cal. Mar. 11, 2021).........................................................9
21

22
*Lopes v. Vieria,*
        2011 WL 1883157 (E.D. Cal. May 17, 2011).......................................................4
23
*Malpiede v. Townson,*
        780 A.2d 1075 (Del. 2001)..................................................................................10
24

25
*Mangold v. Cal. Pub. Utilities Comm'n,*
        67 F.3d 1470 (1995)...............................................................................................3
26
*Metaxas v. Lee,*
        2020 WL 7025095 (N.D. Cal. Nov. 30, 2020).......................................................9
27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES (CONT'D)**

CASES                                                                    PAGE(S)

*Miele v. Franklin Res., Inc.*,
    2015 WL 4934071 (N.D. Cal. Aug. 18, 2015)....................................................14

*Mktg. W., Inc. v. Sanyo Fisher (USA) Corp.*,
    6 Cal. App. 4th 603 (1992) ..................................................................................12

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993)...................................................................................10

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007)..................................................................................8

*Paracor Fin., Inc. v. GE Capital Corp.*,
    96 F.3d 1151 (9th Cir. 1996)................................................................................13

*Patrick v. Alacer Corp.*,
    167 Cal. App. 4th 995 (2008).............................................................................5, 6

*Payward, Inc. v. Runyon*,
    2021 WL 242903 (N.D. Cal. Jan. 25, 2021)..........................................................3

*Pearce v. Superior Court*,
    149 Cal. App. 3d 1058 (1983)................................................................................6

*Pochiro v. Prudential Ins. Co. of Am.*,
    827 F.2d 1246 (9th Cir. 1987)............................................................................2, 3

*Procare Labs., Inc. v. Gull Labs., Inc.*,
    1995 WL 110137 (9th Cir. Mar. 15, 1995)............................................................2

*Rosenthal v. Burry Biscuit Corp.*,
    30 Del. Ch. 299 (1948).........................................................................................6

*Spotlight Ticket Mgmt., Inc. v. StubHub, Inc.*,
    2020 WL 4342260 (C.D. Cal. May 22, 2020)...............................................8, 9, 10

*Springs v. First Nat'l Bank of Cut Bank*,
    835 F.2d 1293 (9th Cir. 1988)................................................................................2

*State Farm Mut. Auto Ins. Co. v. Superior Court*,
    114 Cal. App. 4th 434 (2003)...............................................................................15

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007)............................................................................6, 12

FENWICK & WEST LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES (CONT'D)**

CASES                                                                                    PAGE(S)

*Tan v. Quick Box, LLC,*
    2021 WL 1293862 (S.D. Cal. Apr. 7, 2021)................................................................8

*Vashisht-Rota v. Howell Mgmt. Servs., LLC,*
    837 Fed. Appx. 602 (9th Cir. 2021)......................................................................3

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003)..........................................................................10

*Vichi v. Koninklijke Philips Elecs., N.V.,*
    85 A.3d 725 (Del. Ch. 2014)...........................................................................11

*Windsor I, LLC v. CWCapital Asset Mgmt. LLC,*
    238 A.3d 863 (Del. 2020)..............................................................................14

STATUTES AND RULES

California Code of Civil Procedure
    § 367.................................................................................................12
    § 426.30...........................................................................................2, 3, 4
    § 426.30(b)(2)........................................................................................4

Federal Rules of Civil Procedure
    Rule 9(b)...........................................................................................6, 10
    Rule 23.1.........................................................................................1, 4, 5, 6

Racketeer Influenced and Corrupt Organization Act (RICO).............................................*passim*

OTHER AUTHORITIES

California Law Commission Reports
    10 Cal. L. Rev. Comm. Reports 501 (1970). .............................................................4

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Defendant Temujin Labs Inc. (Delaware) ("Temujin Delaware") respectfully submits this

2   Reply Memorandum of Points and Authorities in Support of its Motion to Dismiss ("Mot.").

3   **I.     INTRODUCTION**

4   Temujin Delaware's Motion to Dismiss identified myriad defects in Plaintiff's pleading of

5   his claims.  Plaintiff Ariel Abittan's Opposition ("Opp.") does not convincingly address any of

6   them.  He fails to demonstrate that he filed this action in the correct court or that he has standing

7   to bring his derivative claims, and indeed, makes multiple concessions that confirm the opposite.

8   Plaintiff does not deny, for instance, that the dispute at the heart of this case is being litigated in a

9   prior-filed state court action, and in so doing, openly flouts California's compulsory counterclaim

10  rule – and controlling Ninth Circuit precedent – mandating these claims be brought in state court.

11  Similarly, Plaintiff admits he ignored Rule 23.1's verification requirement for derivative actions

12  (and multiple cases in this district dismissing complaints on that basis), relying instead on

13  inapposite authority that bears no resemblance to the facts at issue here.  Equally fatal is

14  Plaintiff's concession that he is not a direct shareholder of Eian Labs, establishing beyond dispute

15  that he lacks standing to bring his derivative claims.  Plaintiff's attempt to invent a new basis for

16  derivative standing – *i.e.,* that he is a "shareholder of a shareholder" – is based on a fundamental

17  misreading of case law and must be rejected.

18  The Opposition fares no better as to the individual causes of action.  In each instance,

19  Plaintiff engages in impermissible "group pleading" that conflates Temujin Delaware with the

20  other defendants in this case, which courts have repeatedly rejected as insufficient to satisfy the

21  stringent requirements for pleading claims sounding in fraud.  Such nebulous pleading not only

22  justifies dismissal in and of itself, but also independently impairs each cause of action.  The RICO

23  claims fail, for example, in the absence of any particularized facts demonstrating how Temujin

24  Delaware ***specifically*** was involved in any conduct, enterprise, or pattern of racketeering activity.

25  The aiding and abetting breach of fiduciary duty claim is similarly defective, given Plaintiff's

26  failure to plead specific facts showing actual knowledge of unlawfulness on the part of Temujin

27  Delaware, much less that any defendant owed a fiduciary duty to Eian Labs.  Instead, Plaintiff

28  impermissibly premises that conclusory assertion on mere "information and belief."  Plaintiff's

Fenwick & West LLP
Attorneys at Law

1  fraud claims are even more farfetched.  Not only is Plaintiff unable to plead facts linking **Temujin**

2  **Delaware** to any specific misstatement, or point to any facts that were concealed from him, he

3  advances the astonishing claim that Temujin Delaware is liable for misstatements made **before it**

4  **even existed**.

5      Plaintiff's remaining claims – for conversion, unjust enrichment, and "accounting" – are

6  essentially afterthoughts.  Each must be dismissed here, where Plaintiff fails to plead a predicate

7  violation and fails to satisfy multiple other elements of each cause of action.

8      Plaintiff's effort to avoid the prior-filed state action and impose unwarranted additional

9  burdens on Temujin Delaware should meet with a rightful end.  Plaintiff's Complaint should be

10 dismissed with prejudice.

11 **II.    ARGUMENT**

12     **A.    Plaintiff Cannot Avoid the Compulsory Counterclaim Rule**

13        **1.    Section 426.30 *Does* Apply in Federal Court**

14      Plaintiff's assertion that California's compulsory counterclaim rule is inapplicable is

15 conclusively rebutted by controlling Ninth Circuit law, which states that "[t]he question whether

16 [plaintiff's] claims are compulsory counterclaims which should have been pleaded in [an] earlier

17 . . . state court action *is a question of state law*."  *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d

18 1246, 1249 (9th Cir. 1987) (emphasis added).  The Opposition does not distinguish or even

19 mention *Pochiro*, a fact that by itself warrants rejection of Plaintiff's claim that "Section 426.30

20 does not apply in Federal Court."  Opp. at 7.  Furthermore, subsequent to its holding in *Pochiro*,

21 the Ninth Circuit has repeatedly applied state law compulsory counterclaim rules to actions in

22 federal court, affirming dismissal.  *See e.g.*, *Procare Labs., Inc. v. Gull Labs., Inc.*, 1995 WL

23 110137, at *1 (9th Cir. Mar. 15, 1995) (applying Utah's compulsory counterclaim rule); *Springs*

24 *v. First Nat'l Bank of Cut Bank*, 835 F.2d 1293, 1295-96 (9th Cir. 1988) (applying Montana's

25 compulsory counterclaim rule); *Cheiker v. Prudential Ins. Co. of Am.*, 820 F.2d 334, 336-37 (9th

26 Cir. 1987) (applying California's compulsory counterclaim rule).

27      Plaintiff cites *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1933), in support of his contention

28 that California's compulsory counterclaim rule is "procedural" and thus should not apply.  Opp.

FENWICK & WEST LLP
ATTORNEYS AT LAW

at 7.  As the Ninth Circuit implicitly recognized in *Pochiro*, however, the compulsory
counterclaim rule is ***substantive***, rather than procedural, because its application can result in
dismissal, and is therefore outcome determinative.  *See Gasperini v. Center for Humanities, Inc.*,
518 U.S. 415, 428 (1996) (discussing outcome-determinative or -affective test).  Additionally,
applying the compulsory counterclaim rule fulfills the "twin aims" of *Erie*: "discouragement of
forum-shopping"; and avoiding the "inequitable administration of the laws."  *Id.* (citation and
quotations omitted).  This forum-shopped federal case should therefore be dismissed to avoid the
inequity and administrative difficulties of duplicative litigation.[1]

     Plaintiff also relies on *Payward, Inc. v. Runyon*, 2021 WL 242903, at *8 (N.D. Cal. Jan.
25, 2021), for the proposition that "absent a final judgment entered in a state court action,
§ 426.30 has no application in federal court."  That holding, however, runs directly contrary to
*Pochiro* and other Ninth Circuit opinions, none of which were presented to the Court in *Runyon*.
*Id.*; *see also Vashisht-Rota v. Howell Mgmt. Servs., LLC*, 837 Fed. Appx. 602, 602 (9th Cir. 2021)
(affirming dismissal of compulsory counterclaims which "arose from the same transaction or
occurrence as the claims being litigated in a *pending* Utah state court case") (emphasis added).
This Court should therefore follow the Ninth Circuit and hold that Section 426.30 applies.

### 2.    Section 426.30 Has Been Triggered

     Plaintiff also argues that because his answer deadline in the state litigation has not yet
passed, Section 426.30 has not been "triggered," and he is free to maintain causes of action in
federal court that should rightfully be litigated with related claims in the state court action.  Opp.
at 9.  Plaintiff misreads the timing provisions of Section 426.30, ignoring governing law that
plainly states that "section 426.30 includes a timing element. The related cause of action must be
one that ***was in existence at the time of service of the answer***…otherwise, the failure to assert it
in prior litigation is not a bar under the statute."  *Align Tech., Inc. v. Tran*, 179 Cal. App. 4th 949,
960 (2009) (emphasis added).  It is axiomatic that the pertinent causes of action against Temujin

---

[1] *Erie* concepts and the holding in *Pochiro* apply with equal force where federal question jurisdiction is alleged, especially as here, where state courts have concurrent jurisdiction over the federal RICO claims.  *See Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (1995).  But even if the Court declines to dismiss the federal RICO claims on the basis of Section 426.30, the state law claims should still be dismissed.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Delaware are "in existence" – given that Plaintiff has already brought them – and thus the bar to

bringing such claims in federal court imposed by Section 426.30 is in full effect. If Plaintiff's

illogical reading of the statute were entertained, it would only forestall the inevitable, *i.e.*, once

Plaintiff answers the complaint in state court, the related claims here will be barred. Permitting

these causes of action to linger in the interim runs directly counter to the directive pronounced by

Courts that Section 426.30 must be "liberally construed" to avoid a "multiplicity of actions."

*Align*, 179 Cal. App. at 959-60.[2]

### 3. As to Temujin Delaware, the Movant Here, There is a Near-Complete Identity of Interests Between the Two Cases

Plaintiff's observation that three of the federal defendants are not plaintiffs in the state

case does nothing to salvage his claims against Temujin Delaware, who is the moving party and

thus entitled to the full protection of Section 426.30. Opp. at 10. The sufficiency of Plaintiff's

claims against the other three defendants will be litigated if and when they are properly served,

but the claims against Temujin Delaware should be dismissed.

### B. The Purported "Derivative" Claims Fail

#### 1. Plaintiff Concedes He Did Not Follow Rule 23.1 on Verification

Plaintiff concedes – as he must – that his Complaint is not verified. Opp. at 10. Plaintiff's

derivative claims must therefore be dismissed under the plain terms of Rule 23.1. Plaintiff's

citation to *Lopes v. Vieria* in support of his assertion that "subsequent events demonstrate that the

objectives of verification have been satisfied" is entirely inapposite. 2011 WL 1883157, at *36

(E.D. Cal. May 17, 2011). The defendant in *Lopes* did not challenge the lack of a verification at

the pleading stage, waiting until the case had been litigated ***for four years*** to seek dismissal at

summary judgment. *Id.* The fact pattern in *Lopes* plainly bears no resemblance to that presented

---

[2] Plaintiff's reading of Section 426.30(b)(2) also flies in the face of the subsection's legislative history, which establishes that it is designed to preserve a party's rights if the party fails ever to answer and a default judgment is entered. 10 Cal. L. Rev. Comm. Reports 501, 547 (1970) ("[Subsection 426.30(b)(2)] permits a party to default without waiving any cause of action. If the party does not desire to defend the action and a default judgment is taken, it would be unfair if an additional consequence of such default were that all related causes of action the party had would be waived and extinguished."). It would be an error of statutory construction to apply Subsection 426.30(b)(2) outside the default judgment context, especially here, where Plaintiff will answer in the state court action in due course.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    here, and the Court should follow the multiple authorities cited by Defendant – ***none*** of which

2    Plaintiff attempts to distinguish – that unambiguously hold that an unverified derivative

3    complaint must be dismissed pursuant to Rule 23.1.  *See* Mot. at 9 (citing cases); *see also In re*

4    *Extreme Networks Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1237 (N.D. Cal. 2008).

5
         **2.     Plaintiff's Admission That He is Not a Shareholder of Eian Confirms**
              **He Has No Standing to Bring Derivative Claims**
6

7         Plaintiff's Opposition admits that Mr. Abittan is not a "direct shareholder[]" of Eian Labs.

8    Opp. at 12. Under controlling Delaware law and federal cases in this district interpreting that law

9    – none of which Plaintiff distinguishes – this absence of share ownership requires the derivative

10   claims be dismissed for lack of standing.  Mot. at 10; *In re Verisign Inc. Der. Litig.*, 531 F. Supp.

11   2d 1173, 1202 (N.D. Cal. Sept. 14, 2007).

12        In a desperate attempt to salvage his derivative claims, Plaintiff asserts, without citation to

13   any authority, that California law governs whether he has derivative standing.  Opp. at 11.  This

14   averment runs directly contrary to the internal affairs doctrine, which states that Delaware law

15   governs not only the merits of derivative claims, but also the question of whether standing

16   requirements and other prerequisites for asserting those claims are satisfied.  *Kamen v. Kemper*

17   *Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991); *see Verisign*, 531 F. Supp. 2d at 1202 (applying

18   Delaware law and dismissing derivative claims for failure to demonstrate share ownership and

19   consequent lack of standing).

20        Plaintiff's invocation of California law is futile in any event.  His assertion that he has

21   derivative standing because he owns an "interest in one entity that, in turn, is the shareholder of

22   the subject corporation" (Opp. at 12) is based on a misreading of the Court's ruling in *Patrick v.*

23   *Alacer Corp.*, 167 Cal. App. 4th 995, 1011-12 (2008).  In *Patrick*, the family trust that owned

24   company shares was contractually required to convey a portion of those shares to the plaintiff

25   after her husband had died.  *Id.* at 1013 ("Through her alleged community property interest,

26   plaintiff is already entitled to some of the [company] stock held in the trust's name.").  Thus, the

27   Court's ruling in *Patrick* was premised on a ***direct shareholding interest*** by plaintiff in the

28   subject company – which Plaintiff has conceded ***he does not have*** in this action.  *Id.*; Opp. at 12.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Consequently, Plaintiff's derivative claims must be dismissed for failure to plead a shareholding

2    interest that confers standing in accordance with Rule 23.1. *In re Accuray, Inc. S'Holder Deriv.*

3    *Litig.*, 757 F. Supp. 2d 919, 926 (2010); *Verisign*, 531 F. Supp. 2d at 1202.[3]

4    **C.     Plaintiff's Impermissible Group Pleading Mandates Dismissal**

5    Putting aside that Plaintiff has filed his action in the wrong court and has no standing to

6    bring derivative claims, his Complaint independently fails to state a claim for multiple reasons.

7    As a threshold matter, Plaintiff fails to justify his disregard of the basic pleading principle that

8    allegations regarding Temujin Delaware, Temujin Labs Inc. (Cayman) ("Temujin Cayman") and

9    the individual defendants cannot be conflated into a single collective, which his Complaint does

10   repeatedly.  Mot. at 12.  This impermissible "group pleading" defies the requirement that plaintiff

11   "differentiate . . . and inform each defendant separately of the allegations surrounding his alleged

12   participation in the" wrongdoing.  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)

13   (citation and quotations omitted); *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011)

14   (dismissing fraud complaint that grouped multiple defendants together and alleged that "everyone

15   did everything").  Plaintiff sheepishly buries his discussion of group pleading in a footnote that

16   inexplicably relies upon allegations in the Complaint *that make no specific mention of Temujin*

17   *Delaware at all*, which only underscores the undifferentiated and defective nature of Plaintiff's

18   pleading.  Opp. at 14, n.9; *see* Compl. ¶¶ 95-102; 175.

19   **D.     Plaintiff's RICO Claims Fail**

20   **1.     Plaintiff Has Not Alleged RICO Claims with Particularity**

21   Plaintiff does not dispute that Rule 9(b)'s heightened pleading standard applies to his

22   RICO claims.  *Eclectic Props. E., LLC v. The Marcus & Millichap Co.*, 2012 WL 713289, at *6

23   (N.D. Cal. Mar. 5, 2012), *aff'd*, 751 F.3d 990 (9th Cir. 2014).  Further, each element of a RICO

24   violation must be pleaded with respect to each defendant.  *Id.*  The Complaint falls short.

---

[3] Plaintiff's other authorities are readily distinguishable and do not support a departure from this precedent.  *See Rosenthal v. Burry Biscuit Corp.*, 30 Del. Ch. 299, 311 (1948) (addressing question of whether direct shareholder in corporation whose shares were "represented by street certificates standing in the name of brokers" could sue derivatively); *Pearce v. Superior Court*, 149 Cal. App. 3d 1058, 1062-68 (1983) (permitting derivative suit to proceed based on California statutory construction of "beneficial shareholder" where shares of corporation were held in a trust as to which plaintiff was the beneficiary).

FENWICK & WEST LLP
ATTORNEYS AT LAW

Stripped of conclusory assertions that parrot the statute, the Opposition does no more than assert that the consideration paid for Eian's assets by Temujin Delaware's parent corporation (which Plaintiff expressly approved) was, in hindsight, too low, and that notwithstanding the language of the agreement he signed, Plaintiff believed he should "own" an interest in the project.  Even accepting that theory at face value, it cannot support a RICO case against anyone, much less Temujin Delaware, which simply helped with the development of the Findora project after the acquisition.  It engaged in nothing unlawful and is not alleged to have made any "false" statements whatsoever.  RICO claims should not be made lightly, and the Opposition, like the Complaint, fails to identify the required facts needed to state a claim.

> **i.      Plaintiff Fails to Allege Any "Conduct" by Temujin Delaware**

Plaintiff indiscriminately alleges wrongdoing by "all Defendants," while failing to specify what acts Temujin Delaware committed.  *See, e.g.*, ¶¶ 171, 172, 175-78.  The only allegation that even remotely relates to Temujin Delaware is Eian's sale of assets to Temujin Delaware's corporate parent, Temujin Cayman.  But Plaintiff does not (and cannot) allege that Temujin Delaware was a party to that transaction.  *See In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*, 2013 WL 12130034, at *15 (C.D. Cal. July 19, 2013) (must allege non-conclusory facts showing a defendant played some part in "directing the enterprise's affairs," as opposed to "simply being involved").  And, even ignoring that these are separate entities, Plaintiff also does not support an inference that Temujin Cayman (much less Temujin Delaware) was acting for any reason other than its own commercial interests when it acquired Eian's assets.

Rather than offering particularized facts, the Opposition offers overheated rhetoric, arguing that Temujin Delaware was "part of the chain of command, implemented Ding and Chao's directives, and was indispensable to the mission of looting Eian" and was a "sham entit[y]" with "no legitimate business or commercial relationships."  Opp. at 13-14.  But these are just empty conclusions, not *facts.*  Absolutely nothing pleaded in the Complaint supports them or bears them out.

Nor do Plaintiff's authorities support the notion that a claim is pleaded here.  In *Ketayi v. Health Enrollment Grp.*, 2021 WL 347687, at *26 (S.D. Cal. Feb. 2, 2021), the court held that

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    plaintiffs had sufficiently alleged "conduct" by defendants who were factually alleged to have

2    underwritten and marketed the health plan at issue.  By contrast, the court *dismissed* RICO claims

3    against a co-defendant who was alleged merely to have administered the health plan; the

4    administrator's tangential involvement, like Temujin Delaware's here, was not enough.  *See id.*

5        Similarly, in *Tan v. Quick Box, LLC*, 2021 WL 1293862, at *21 (S.D. Cal. Apr. 7, 2021),

6    the complaint alleged that defendants provided specific services to the alleged RICO enterprise.

7    By contrast, the Complaint here fails to connect Temujin Delaware to the Eian asset sale or other

8    purported wrongdoing (involving the sale of "watches" and other activities long before Temujin

9    Delaware even existed).  The Opposition reaches for an inference of corrupt intent, while the

10   Complaint has pleaded nothing other than a routine corporate relationship.  *See Spotlight Ticket*

11   *Mgmt., Inc. v. StubHub, Inc.*, 2020 WL 4342260, at *4 (C.D. Cal. May 22, 2020) (must "show

12   more than a business deal gone bad for economic and non-fraudulent reasons") (quoting *Eclectic*

13   *Props.*, 751 F.3d at 997).

14              **ii.        Plaintiff Fails to Allege the Existence of a RICO "Enterprise"**

15       Additionally, to plead the existence of an "association-in-fact" enterprise, Plaintiff must

16   set forth particularized facts demonstrating (1) a common purpose, (2) an ongoing organization,

17   either formal or informal, and (3) that the various associates function as a continuing unit.  *Odom*

18   *v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007).  Plaintiff argues that the Complaint

19   adequately alleges the existence of such an enterprise, but all he cites in that regard are generic

20   fraud allegations which, without specificity, do nothing to implicate Temujin Delaware in a

21   common purpose, ongoing organization, or continuing unit.  *See e.g.*, ¶¶ 30, 31, 32, 44, 45, 71,

22   78, 79, 80, 82.  Plaintiff attempts to fall back on naked conclusions, speculating that Temujin

23   Delaware's "sole purpose was to implement the intent of Defendants Chao and Ding to

24   manufacture a fictitious ownership structure that cut out Abittan's equity and involvement in

25   Findora." Opp. at 15.  Plaintiff cites nothing to support such conjecture; even if such conclusions

26   were factual (and they are not), they would not salvage the Complaint because they appear

27   nowhere in it.  *See Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F.

28   Supp. 3d 1132, 1175 (E.D. Cal. 2017) (no common purpose absent "specific facts [of] . . . an

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    objective unrelated to ordinary business or government aims").

2                        iii.    **Plaintiff Fails to Allege a "Pattern" of "Racketeering Activity"**

3           Plaintiff's assertion that he has adequately pleaded a "pattern" of "racketeering activity"

4    likewise cannot withstand scrutiny. *See* Opp. at 15-16. Aside from criticizing the entity's

5    existence, the Complaint does not even attempt to allege a predicate act committed by Temujin

6    Delaware, much less a pattern of acts. Thus, in opposition, all Plaintiff can do is lump Temujin

7    Delaware with other defendants, without specifying what predicate acts Temujin Delaware

8    supposedly committed. *See id.* That does not suffice. *Spotlight Ticket Mgmt.*, 2020 WL

9    4342260, at *4 (conclusory averments of fraud inadequate).

10          Equally inadequate is Plaintiff's failure to explain how any supposed acts are "related" or

11   "continuous," as he must. *See Metaxas v. Lee*, 2020 WL 7025095, at *12 (N.D. Cal. Nov. 30,

12   2020) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)) (to be *related*, predicate

13   acts must have "the same or similar purposes, results, participants, victims, or methods of

14   commission, or otherwise are interrelated by distinguishing characteristics and are not isolated

15   events"; to be *continuous*, the predicate acts must pose a threat of continuing activity). This too

16   justifies dismissal.

17          In a last-ditch attempt to salvage his claim, Plaintiff now purports to rely on a "co-

18   schemer" theory of liability for mail or wire fraud. Opp. at 16. But under a co-schemer theory,

19   he would have had to plead that (1) Temujin Delaware was a "knowing participant in a scheme to

20   defraud"; (2) Temujin Delaware had the "intent to defraud"; and (3) Temujin Delaware's co-

21   schemer(s) (*i.e.*, the individual defendants or Temujin Cayman) committed acts of fraud ***during***

22   Temujin Delaware's participation in the supposed scheme ***and*** that those acts were within the

23   scope of the scheme. *LD v. United Behav. Health*, 2021 WL 930624, at *6 (N.D. Cal. Mar. 11,

24   2021); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017

25   WL 4890594, at *12 (N.D. Cal. Oct. 30, 2017). Plaintiff has not pleaded facts supporting any of

26   these elements as to Temujin Delaware (which did not even exist at the time of many of the

27   alleged "wrongful" acts about which Plaintiff complains).

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

### 2.     The RICO Conspiracy Claim Likewise Fails

Plaintiff concedes that his RICO conspiracy claims "rise and fall" with his primary RICO claims.  Opp. at 17.  Because he has failed to state a claim under RICO, he has likewise failed to state a RICO conspiracy claim. *Spotlight Ticket Mgmt.*, 2020 WL 4342260, at *6.  Additionally, the Complaint does not contain particularized facts supporting an inference that Temujin Delaware was aware of the alleged racketeering enterprise, a necessary element of conspiracy. *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) ("[C]onspiracy to violate RICO requires a showing that defendant 'was aware of . . . the enterprise and intended to participate in it.'") (citation omitted).

### E.     Plaintiff's State Law Claims Fail

#### 1.     Plaintiff Has Not Alleged that Temujin Delaware Knowingly Aided and Abetted a Breach of Fiduciary Duty

Plaintiff's discussion of his aiding and abetting breach of fiduciary duty claim does little more than repeat the elements of the claim and assert in conclusory fashion that Plaintiff satisfies them.  Opp. at 18.  This does not remotely satisfy Plaintiff's Rule 9(b) burden of pleading this claim – which sounds in fraud – with required particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  With regard to the existence of a fiduciary relationship, Plaintiff's argument hinges entirely upon an assertion pleaded "on information and belief" that defendant Chao was a director of Eian, without a single particularized fact stated in support.  Opp. at 18; ¶ 140.  This is defective pleading, which by itself warrants dismissal of this claim. *See Neubronner v. Milken*, 6 F.3d 666, 672-73 (9th Cir. 1993) (affirming dismissal of fraud and misrepresentation claims where plaintiff provided no factual basis for allegations made on information and belief).

Furthermore, even if a duty was owed and breached, Plaintiff has failed to satisfy the stringent requirement to present facts showing Temujin Delaware "act[ed] with the knowledge that the conduct advocated or assisted constitute[d] such a breach." *Malpiede v. Townson*, 780 A.2d 1075, 1097 (Del. 2001).  Plaintiff can point to nothing in the Complaint other than allegations regarding Chao's activities and rote assertions that Temujin Delaware knew of them,

1   without any particularized facts showing why such knowledge can properly be imputed.  Opp. at

2   18 (citing ¶¶ 95-102 (describing Chao's alleged activities), ¶¶ 151-52 ("[d]espite such knowledge

3   . . . conspiring")).  That falls short of the high bar for pleading actual knowledge, and this claim

4   should therefore be dismissed.  *Hexion Specialty Chems., Inc. v. Huntsman Corp.*, 965 A.2d 715,

5   747 n.88 (Del. Ch. 2008) (aiding and abetting liability requires an unusual level of knowledge –

6   an actual belief that actions constituted a fiduciary breach).

7           **2.      Plaintiff Has Failed to Allege that Temujin Delaware Fraudulently
8                     Induced Anyone**

9           Plaintiff likewise fails to satisfy his burden to plead his fraudulent inducement claim with

10  particularity.  His attempt to impute allegedly misleading statements made by the individual

11  defendants to Temujin Delaware by claiming they were "agents" of the Company is not supported

12  by a single specific fact substantiating that claim.  *Vichi v. Koninklijke Philips Elecs.*, N.V., 85

13  A.3d 725, 798-99 (Del. Ch. 2014) (statements made by individuals cannot be imputed to a

14  company absent facts showing actual or apparent authority to speak on its behalf).  Moreover,

15  Plaintiff's arguments in this regard mischaracterize his own Complaint and judicially noticeable

16  facts, specifically that "Ding and Chao" misrepresented contractual documents transferring assets

17  from Eian to "Temujin."  Opp. at 19.  But the documents at issue did not transfer any assets to

18  Temujin Delaware, further underscoring the lack of any substantive connection between Temujin

19  Delaware and the alleged fraudulent inducement.  *See* Bretan Decl., Ex. D (Dkt. No. 37).

20          Separately, and as two additional reasons to dismiss this claim, (a) Temujin Delaware was

21  not a party to the asset sale transaction or represented at discussions of it, and thus presumptively

22  lacks the required knowledge, and (b) even if it had been a party, there can be no justifiable

23  reliance supporting fraudulent inducement where the plain language of a transaction document

24  contradicted the supposedly false oral statements.  Mot. at 18-19.  Plaintiff's Opposition makes no

25  effort to address these arguments, thus effectively conceding them.  *See* Opp. at 19.

26          **3.      Plaintiff Has Not Adequately Pleaded Fraud**

27          Similarly unpersuasive is Plaintiff's argument regarding his direct claim for common law

28  fraud.  *First*, as is the case with his other claims, the Complaint contains no facts linking any

FENWICK & WEST LLP
ATTORNEYS AT LAW

misrepresentation or omission to Temujin Delaware. Mot. at 20. Plaintiff merely assumes that the individual defendants were acting "on behalf of the Temujin Entities" (Opp. at 20), while citing to a paragraph in the Complaint that says the individuals were doing so "in certain instances" (¶ 189) and a handful of other paragraphs which talk about the individual defendants' supposed scheme (¶¶ 95-96, 99-102, 190-91). Those conclusory assertions do not come remotely close to meeting the exacting standard for pleading fraud, which demands detailed factual allegations linking specific misrepresentations to a specific defendant, here, Temujin Delaware. *See Kopchuk v. Countrywide Fin. Corp.*, 2010 U.S. Dist. LEXIS 23884, at *20 (E.D. Cal. Mar. 15, 2010) (Plaintiff "failed to allege who actually made the supposedly false representations or their ability to speak for the corporation").

*Second*, Plaintiff takes the baffling position that the judicially noticeable fact that Temujin Delaware did not exist before July 2, 2019, a date ***after*** all or virtually all of the alleged fraud, is an "inapposite argument." Opp. at 20. Plaintiff's assertion that this only limits the scope of the claim but does not serve as a basis for dismissal stands Plaintiff's pleading burden on its head. *Id.* at 20-21. The onus is on Plaintiff to plead particularized facts showing how Temujin Delaware committed fraud, which is a literal impossibility for an entity that ***did not exist*** at the time of the alleged misstatements. Such a temporal disconnect provides more than sufficient reason to dismiss on the pleadings. *See, e.g.*, *Swartz*, 476 F.3d at 765 (affirming dismissal of common law fraud claim as against defendants attenuated from alleged misrepresentations).

*Third*, an alleged basis for this claim is harm to non-party investors, on whose behalf Plaintiff has no standing to sue. Mot. at 21 (citing ¶ 189(e)). Although his Opposition downplays this pleading defect as an issue for summary judgment, Plaintiff does not contest that black letter standing law precludes him from recovering on behalf of non-parties. Opp. at 21; Cal. Civ. Proc. Code § 367 ("Every action must be prosecuted in the name of the real party in interest . . . ."). Accordingly, the purported harm to non-parties lends no support to the alleged fraud claim.

*Fourth*, Plaintiff cannot shirk the consequences of his knowing execution of the relevant contractual documents, which defeats the fraud claim as a matter of law. Mot. at 21 (citing *Mktg. W., Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612 (1992) (there can be no

FENWICK & WEST LLP
ATTORNEYS AT LAW

reasonable or justifiable reliance supporting fraud where a written instrument contradicted alleged misrepresentations)).  While Plaintiff argues he had no "opportunity to review" the paperwork and was not on notice of the contents, these assertions are rebutted by Plaintiff's own Complaint, which concedes that he **did** have an opportunity to review the paperwork he signed and **was** on notice of the contents.  Opp. at 21; Compl. ¶ 91 (Plaintiff was given the paperwork for signature); ¶ 92 (Plaintiff asked questions about the documents); ¶ 93 (Plaintiff noted details such as signature lines for others to sign).  If Plaintiff chose not to read carefully the contents of the documents he was presented and signed – in direct contravention of his duty to inform himself of their contents – he cannot shift responsibility for that dereliction to Temujin Delaware, who was not a party to the transaction or represented by its CEO during the relevant discussion.  ¶¶ 88-98.

### 4.    The Conversion Claim Fails

Plaintiff fails to support his conversion claim as well.  Citing an inapposite decision on summary judgment, he argues that "[t]he full extent of Temujin Delaware's involvement in wrongfully taking possession of particular components of Plaintiff's property and the damages arising from that conduct are premature factual matters."  Opp. at 21.  That misses the point entirely.  As a failure of basic notice pleading, Plaintiff has set forth no facts indicating a connection between Temujin Delaware and the property at issue: luxury watches; credit card debt; and a $50,000 investment in an entity with no alleged link to Temujin Delaware.  Mot. at 22.  Nor can he, because the alleged activity pertaining to this property pre-dated Temujin Delaware's existence, a lack of concurrency to which Plaintiff has no response.  Opp. at 21.

### 5.    Plaintiff Cannot Recover on Grounds of Unjust Enrichment

Given the foregoing defects, there is no value transfer to Temujin Delaware for which Plaintiff can recover on an unjust enrichment theory.  That holds true under the laws of Delaware (applicable to the derivative claim) and California (applicable to the direct claim).  Mot. at 22-23.

Plaintiff argues in opposition that because he asserts fraudulent inducement of a contract (the Eian asset sale agreement), and demands rescission of that contract, his remedy at law on the contract does not preclude unjust enrichment.  That argument is misguided.  Under both Delaware and California law, "a claim for unjust enrichment is not available if there is a contract that

FENWICK & WEST LLP
ATTORNEYS AT LAW

governs the relationship between parties that gives rise to the unjust enrichment claim." *Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 891 (Del. Ch. 2009); *Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). An asset sale agreement governs the relevant transactional relationship among Plaintiff, Eian, and any purchaser of Eian's assets (*i.e.*, Temujin Cayman). That document controls and forecloses an off-contract equitable claim, even one levied against a non-party to the contract. *See Kuroda*, 971 A.2d at 891-92 (rejecting argument that unjust enrichment claim should survive as against defendants who were not parties to relevant contract); *Cal. Med. Assn. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172-73 (2001) (contracts "covering a subject" preclude unjust enrichment claims on that subject).

Plaintiff also argues it is inconsistent for Temujin Delaware to point out that it was not a party to the asset sale contract while arguing that the contract precludes an unjust enrichment claim. There is nothing inconsistent about these arguments, and indeed they mutually reinforce the weakness of Plaintiff's claim, *i.e.*, that there is no contractual basis to hold Temujin Delaware liable, and unjust enrichment would be the wrong legal theory to pursue such claim in any event.

Regardless, there are no well-pleaded facts indicating that Temujin Delaware received any of Eian's assets – a self-evident prerequisite to an unjust enrichment claim against Temujin Delaware. *See Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 875 (Del. 2020) (requiring an enrichment, and impoverishment, and a relationship between the two); *Hartford Cas. Ins. Co. v. J.R. Mktg., LLC*, 61 Cal. 4th 988, 998 (2015) (requiring an enrichment that cannot conscientiously be retained). For this reason, even if contractual and equitable claims may in certain instances be pleaded in the alternative, neither type of claim lies against Temujin Delaware. Additionally, under California law applicable to the direct claim, "unjust enrichment is a theory of recovery, not an independent legal claim." *Keirsey v. eBay, Inc.*, 2012 WL 12920765, at *2 (N.D. Cal. Aug. 6, 2012). Plaintiff has no response to that point either.

### 6.     Plaintiff Is Not Entitled to an Accounting

Finally, Plaintiff concedes that under both Delaware and California law, an accounting is a remedy derivative of other claims, not a standalone claim. *See* Opp. at 23. Because Plaintiff has failed to state any viable primary claim, there are no grounds for an accounting. Mot. at 23.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   Moreover, under Delaware law, which applies to at least the derivative accounting claim,[4]

2   Plaintiff would need to be a shareholder of Temujin Delaware, and thus owed fiduciary duties by

3   it, to be entitled to an accounting.  Mot. at 23-24 (citing *Bus. Funding Grp., Inc. v. Architectural*

4   *Renovators, Inc.*, 1993 WL 104611, at *2 (Del. Ch. Mar. 31, 1993) ("an accounting lies only

5   where . . . a fiduciary relationship exists")).  He is not and never has been a shareholder of

6   Temujin Delaware (*see* Opp. at 12), however, which defeats this claim under Delaware law.

7   Likewise, Plaintiff's attempt to rely on California law is unavailing, even if it did apply to

8   the direct accounting claim.  California law would require a fiduciary relationship between

9   Plaintiff and Temujin Delaware, or absent that, at least some "relationship . . . between the

10  plaintiff and defendant . . . [and] that some balance is due the plaintiff that can only be ascertained

11  by an accounting." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 910 (2013).  Plaintiff

12  has pleaded no such relationship with Temujin Delaware—fiduciary, contractual, or otherwise.

13  **IV.     CONCLUSION**

14  For the foregoing reasons, and because amendment would be futile given the nature of the

15  deficiencies identified, the Court should dismiss the Complaint in its entirety and with prejudice

16  as against Temujin Delaware.

17  Dated:   June 18, 2021                                FENWICK & WEST LLP

18                                                          By: /s/        *Jennifer Bretan*
                                                                  Jennifer Bretan
19

20                                                          Attorneys for Defendant Temujin Labs Inc.
                                                            (Delaware)
21

22

---

23  [4] Delaware law applies to Plaintiff's derivative accounting claim, given that Plaintiff is seeking an
    accounting on behalf of Eian (a Delaware corporation) from Temujin Delaware (a Delaware
24  corporation). *VeriSign*, 531 F. Supp. 2d at 1215 (Delaware law, the law of the state of
    incorporation, applies to claims which implicate corporate internal affairs, including a demand for
25  an accounting); *Miele v. Franklin Res., Inc.*, 2015 WL 4934071, at *7-9 (N.D. Cal. Aug. 18,
    2015) (collecting authorities and applying Delaware law to fiduciary duty claim per California's
26  internal affairs doctrine); *State Farm Mut. Auto Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434,
    442 (2003) (law of the state of incorporation applies to "matters peculiar to the relationships
27  among or between the corporation and its . . . shareholders").  The Court need not conclusively
    rule on the choice of law issue, however, because under California law, the result is the same –
28  the claim fails.  Mot. at 23-24.