DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
JOSHUA PARR (CSB No. 318549)
jparr@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendant Temujin Labs Inc.
(Delaware)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>           Plaintiff,<br><br>     v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>           Defendants,<br>     and<br><br>EIAN LABS INC.,<br><br>           Nominal Defendant. | Case No.: 5:20-cv-09340<br><br>**DEFENDANT TEMUJIN LABS INC. (DELAWARE)'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Judge: Hon. Nathanael Cousins |

Defendant Temujin Labs Inc. (Delaware) ("Temujin Delaware") respectfully submits this Reply Memorandum of Points and Authorities in Support of its Request for Judicial Notice and Notice of Documents Incorporated by Reference in Support of Motion to Dismiss Complaint (ECF No. 38).

Plaintiff opposes Temujin Delaware's request that the Court consider six documents in conjunction with its motion to dismiss – four under the judicial notice doctrine and two under the incorporation by reference doctrine – and in so doing inexplicably *fails to discuss any of the documents or their contents*, much less elaborate why any of them specifically should not be considered.  Opp. at 2, n.2; ECF Nos. 37-38.  Plaintiff cites *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) for various high-level cautionary statements about the use of documents pursuant to judicial notice and incorporation by reference, but at no point provides an explanation how any of the documents at issue run afoul of those doctrines.  Opp. at 2 n.2.

Plaintiff's aversion to specifics is not surprising, as an examination of the documents and the purposes for which they are being submitted decisively demonstrate that none are controversial or discouraged under *Khoja*.  Exhibits A and B to the Bretan Declaration (ECF No. 37) are publicly available government records offered solely to demonstrate that the two company defendants were incorporated on July 2, 2019.  ECF No. 38 at 1-3.  Plaintiff makes no effort to dispute the authenticity or accuracy of this information, which dooms Plaintiff's attempt to oppose consideration of these documents.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities…and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").

Exhibits E and F are public court filings offered solely to demonstrate the existence of an earlier-filed related case and the stayed answer deadline therein.  *Id.* at 2-3.  Courts routinely take judicial notice of such information, and Plaintiff makes no effort to distinguish any of relevant authorities in Temujin Delaware's request that definitively justify consideration of these documents.  *See, e.g.*, *United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017) (judicial notice of public government documents); *Reyn's Pasta Bella, LLC v. Visa USA,*

*Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of filings in other litigation).

Similarly, unlike the materials in *Khoja* (*e.g.*, analyst reports, blog posts), Exhibits C and D are contracts pertaining to assets Eian sold, are referred to extensively in the Complaint, and form the basis of Plaintiff's claims, and so are incorporated by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference appropriate where ("plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document[.]").  These materials are offered solely to demonstrate "the fact of and contents" of those documents and may be considered here. ECF No. 38 at 3 (citing *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (appropriate to consider exhibits referenced and relied upon in complaint); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) (same)).  Plaintiff makes no specific argument to the contrary.

For all of the foregoing reasons, the Court should grant Temujin Delaware's request.

Dated: June 18, 2021 FENWICK & WEST LLP

By: /s/    *Jennifer Bretan*
Jennifer Bretan

Attorneys for Defendant Temujin Labs Inc. (Delaware)