Katherine Eskovitz (CA Bar No. 255105)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
Tel: (646) 791-6883
Email: keskovitz@rcfllp.com
       bpierce@rcfllp.com

Constantine P. Economides (*pro hac vice*)
ROCHE FREEDMAN LLP
Florida Bar No. 118177
200 S Biscayne Blvd
Suite 5500
Miami, FL 33131
Tel: (305) 971-5943
Email:  ceconomides@rcfllp.com

*Counsel for Plaintiff,*
*Ariel Abittan*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, | Case No. 5:20-CV-09340-NC |
| PLAINTIFF, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR AN EVIDENTIARY HEARING AND/OR JURISDICTIONAL DISCOVERY** |
| v. | |
| LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), | Judge: Nathanael Cousins |
| DEFENDANTS, | |
| and | |
| EIAN LABS INC., | |
| NOMINAL DEFENDANT. | |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ........................................................................................................ 1

II.  ISSUES TO BE DECIDED ......................................................................................... 1

III. BACKGROUND .......................................................................................................... 2

IV.  ARGUMENT ................................................................................................................ 3

    A.   PLAINTIFF HAS VALIDLY SERVED DEFENDNATS DING, CHAO, AND TEMUJIN LABS INC. (CAYMAN) ...................................................................... 3

        1.   Defendants Chao and Ding ................................................................................. 3

        2.   Temujin Labs Inc. (Cayman) .............................................................................. 5

    B.   EVEN IF THERE WERE SERVICE DEFECTS, PLAINTIFF HAS SUBSTANTIALLY COMPLIED WITH RULE 4 ......................................................... 7

    C.   PLAINTIFF REQUESTS AN EVIDENTIARY HEARING WITH TESTIMONY OR JURISDICTIONAL DISCOVERY ........................................................................ 9

V.   CONCLUSION ........................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Allergan, Inc. v. Dermavita Ltd. P'ship*,
  No. SACV 17-00619-CJC(DFMx), 2017 WL 4769511 (C.D. Cal. July 26, 2017) .................... 10

*AXS Grp. LLC v. LISNR, Inc.*,
  No. CV 17-8413-GW(SKx), 2018 WL 4792907 (C.D. Cal. Feb. 14, 2018) .............................. 10

*Bds. of Trs. of Sheet Metal Workers Pension Tr. of N. Cal. v. CER Mech. Corp.*,
  No. 20-CV-03462-WHO, 2021 WL 1338556 (N.D. Cal. Apr. 9, 2021) ...................................... 4

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) ........................................................................................................ 7

*DePalmer v. Jian Zhu*,
  No. C19-1449JLR, 2020 WL 7059233 (W.D. Wash. Dec. 2, 2020) ...................................... 9, 12

*Ghostbed, Inc. v. Casper Sleep, Inc.*,
  315 F.R.D. 689 (S.D. Fla. 2016) .................................................................................................. 7

*Heuvel v. Expedia Travel*,
  No. 2:16-CV-00567-JAM-AC, 2017 WL 2403568 (E.D. Cal. June 2, 2017) .............................. 7

*Kinsley Tech. Co. v. Ya Ya Creations, Inc.*,
  No. 2:20-CV-04310-ODW(KSx), 2021 WL 1546955 (C.D. Cal. Apr. 20, 2021) ....................... 4

*Lammey v. Valdry*,
  No. 2:20-CV-10655-RGK-AS, 2021 WL 840436 (C.D. Cal. Feb. 4, 2021) ................................ 3

*Langer v. Beverly Hills Suites LLC*,
  No. 2:20-CV-02715-JWH-MAAx, 2020 WL 6489313 (C.D. Cal. Oct. 21, 2020) ...................... 9

*Medimpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.*,
  No. 19CV1865-GPC(LL), 2020 WL 1433327 (S.D. Cal. Mar. 24, 2020) ................................... 7

*Papineau v. Brake Supply Co., Inc.*,
  No. 4:18-CV-00168-JHM, 2020 WL 2461890 (W.D. Ky. May 12, 2020) .................................. 5

*Piper, Inc. v. Pavlyukovskyy*,
  No. 20-CV-03663-WHO, 2020 WL 6868831 (N.D. Cal. Nov. 23, 2020) .................................. 9

*Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*,
  575 Fed. App'x 710 (9th Cir. 2014) ............................................................................................ 6

*SEC v. Internet Sols. for Bus. Inc.*,
  509 F.3d 1161, 1166 (9th Cir. 2007) ........................................................................................... 4

*The Bank of N.Y. Mellon FKA The Bank of N.Y. as Trustee for the Registered Holders of the
  Cwabs, Inc., Asset-Backed Certificates, Series 2005-13, v. Nev. Assoc. Servs.*,
  No. 2:16-CV-02400-MMD-VCF, 2021 WL 2418005 (D. Nev. June 14, 2021) ......................... 3

*TransparentBusiness, Inc. v. Infobae,*
  No. 3:20-CV-00582-MMD-WGC, 2020 WL 7125689 (D. Nev. Dec. 4, 2020) .......................... 7

*Van Den Heuvel v. Expedia Travel*,
  No. 2:16-CV-0567 JAM AC(PS), 2017 WL 3333941 (E.D. Cal. Aug. 4, 2017) ......................... 7

**OTHER AUTHORITIES**

Cal. Civ. Proc. Code § 415.20(a) ................................................................................................... 4
Fed. R. Civ. P. 4(m) ....................................................................................................................... 7
Fed. R. Civ. P. Rule 4(h)(1)(B) ...................................................................................................... 5

iii
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 5:20-CV-09340-NC

Plaintiff Ariel Abittan respectfully submits this Memorandum of Law in opposition to the Individual Defendants' and Temujin Labs Inc. (Cayman)'s Motion To Dismiss or in the Alternative Quash Service of Summons ("Motion" or "Mot.").[1]

## I. INTRODUCTION

Plaintiff alleges that Defendants engaged in fraudulent conduct and racketeering activity to deprive him of his interest in Findora, a company he co-founded. Consistent with that alleged conduct, Defendants Chao and Ding have attempted to evade service of process and create confusion in the record. After Plaintiff served the complaint and summons at Chao's and Ding's residence, those Defendants retained counsel and filed the instant Motion under Rule 12(b)(5). Chao and Ding now suggest that they lack a connection to the home address where Plaintiff had frequently visited them. They also suggest that there is an issue with the parties in interest, asserting that Plaintiff has a "substantive confusion of identities." In making those arguments, however, Chao and Ding decline to offer their own testimony or to explicitly state that they never lived at that address.

For the reasons stated below, Plaintiff has validly served process on all Defendants. Nonetheless, to the extent the Court identifies unresolved issues of fact, Defendants should be compelled to provide testimony supporting their assertion that there is "confusion" as to the identities of the named parties and their arguments that they are not connected to the service address. Thus, Plaintiff respectfully requests that the Court deny the Motion in full or, alternatively, order Defendants to provide testimony at an evidentiary hearing and/or submit to jurisdicational discovery.

## II. ISSUES TO BE DECIDED

1.  Whether Plaintiff validly served Defendants Chao, Ding, and Temujin Labs Inc. pursuant to Rule 4?

2.  If there were service defects, whether Plaintiff substantially complied with Rule 4?

3.  Whether, the Court should order Defendants Chao, Ding and Temujin Labs Inc. to provide testimony at any evidentiary hearing and/or submit to jurisdictional discovery?

---

[1] Unless otherwise noted, all emphasis has been added, and internal citations have been omitted. Citations to "¶" refer to the Complaint (ECF No. 1). Capitalized terms that are not defined have the meanings ascribed in the Complaint or Motion.

1
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
CASE NO. 5:20-CV-09340-NC

4. Whether, if service is quashed, Plaintiff should be permitted additional time to serve process?

## III. BACKGROUND

Since filing the Complaint on December 24, 2020, Plaintiff has worked diligently to serve the summons and complaint on Defendants Temujin Labs Inc. (Delaware), Temujin Labs Inc. (Cayman), Chao, and Ding. Plaintiff's process server attempted to serve Chao and Ding at 69 Isabella Avenue, Atherton, CA 94027 (the "69 Isabella Ave.") on January 17, 19, 25, 26, 27, and 28th. *See* Economides Decl., Exs. A, B. Chao and Ding had always represented that they resided at 69 Isabella Ave. Specifically, Abittan had stayed with Chao and Ding at that location on multiple occasions. Abittan Decl. ¶¶ 4-11. Throughout January, however, Chao and Ding successfully evaded service. Economides Decl. Exs. A, B.

On January 29, 2021, Plaintiff's process server personally served Temujin Labs Inc. (Delaware) and Temujin Labs Inc. (Cayman) *via* the registered agent in Delaware for the entity "Temujin Labs Inc." *See* ECF Nos. 10, 11. On March 2, 2021, attorneys from Fenwick & West LLP appeared as counsel for those entities. ECF No. 16. Pursuant to Rule 7.1, those attorneys then filed a "Certification of Interested Persons," noting that "Temujin Labs Inc. (Delaware) is wholly owned by Temujin Labs Inc. (Cayman)." ECF No. 17.

On March 18, 2021, Plaintiff's process server served three sets of the summons and complaint—one set, respectively, for Defendant Chao, Defendant, Ding, and Defendant Temujin Labs Inc. (Cayman)—at 69 Isabella Ave. ECF Nos. 25, 26, 27; *see also* Economides Decl., Exs. C, D. A person named Patricia Bedolla received the documents. Economides Decl., Exs. C, D. On March 19, 2021, Plaintiff's process server mailed copies of the summons and complaint—for service on Chao and Ding—to the same address. ECF Nos. 28, 29, 30.

The service had the intended effect of notifying Chao and Ding of the lawsuit and prompting their retention of counsel to defend them in the litigation. On April 21, 2021, attorneys from Fenwick

& West represented all Defendants in entering into a scheduling stipulation. ECF No. 44.[2] On May 28, 2021, attorneys from Fenwick & West, on behalf of the "individual defendants," filed a "Notice of Appearance of Counsel," "Certification of Interested Entities or Persons," and a "Consent to Magistrate Judge Jurisdiction." ECF Nos. 50, 51, 52.

Nonetheless, Ding, Chao, and Temujin Labs Inc. (Cayman) filed the instant Motion on May 28, 2021. For the reasons stated below, the Motion lacks merit.

IV. **ARGUMENT**

A. **PLAINTIFF HAS VALIDLY SERVED DEFENDNATS DING, CHAO, AND TEMUJIN LABS INC. (CAYMAN)**

1. **Defendants Chao and Ding**

"Under Fed. R. Civ. P. 4(e)(2)(B), a plaintiff may properly serve a defendant by leaving a copy of the summons and the complaint with 'at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" *The Bank of N.Y. Mellon FKA The Bank of N.Y. as Trustee for the Registered Holders of the Cwabs, Inc., Asset-Backed Certificates, Series 2005-13, v. Nev. Assoc. Servs.*, No. 2:16-CV-02400-MMD-VCF, 2021 WL 2418005, at *3 (D. Nev. June 14, 2021) ("The Court can easily conclude that [defendant's long-term tenant] is someone of "someone of suitable age and discretion" in the absence of any argument or evidence to the contrary"); *Lammey v. Valdry*, No. 2:20-CV-10655-RGK-AS, 2021 WL 840436, at *4 (C.D. Cal. Feb. 4, 2021) ("Plaintiff has filed proof of service stating that his hired process server left the summons, complaint, and other documents at Defendant Valdry's residence with an adult woman who lived there. By contrast, Defendant Valdry has provided no evidence that he was not properly served.").

Additionally, "Federal Rule of Civil Procedure 4(e)(1) allows for service following state law for serving a summons in the state where the district court is located." *Bds. of Trs. of Sheet Metal Workers Pension Tr. of N. Cal. v. CER Mech. Corp.*, No. 20-CV-03462-WHO, 2021 WL 1338556,

---

[2] Previously, on April 5, 2021, attorneys from Fenwick & West had represented Temujin Cayman and Temujin Delaware in signing a stipulation regarding the deadline to respond to the Complaint. ECF No. 31.

at *3 (N.D. Cal. Apr. 9, 2021). "California law provides that a defendant 'may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.'" *Id.* (quoting Cal. Civ. Proc. Code § 415.20(a)). "When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof." *Id.*

Regardless of the provision at issue, "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Kinsley Tech. Co. v. Ya Ya Creations, Inc.*, No. 2:20-CV-04310-ODW(KSx), 2021 WL 1546955, at *2 (C.D. Cal. Apr. 20, 2021) (quoting *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)).

Under those provisions, Plaintiff properly served Chao and Ding at 69 Isabella Ave. The undisputed evidence shows that Chao and Ding resided and received mail at that address. *See* Abittan Decl. ¶¶ 5, 6, 7, 8, 10, 11. The record confirms that Patricia Bedolla, physically received the served documents and that the documents were mailed to the same address the next day. *See* ECF Nos. 25, 26, 27, 28, 29, 30; *see also* Economides Decl., Ex. C. If Ms. Bedolla also lived at 69 Isabella Ave., then service was sufficient under Rule 4(e)(2)(B). If Ms. Bedolla was merely in control of that residence at the time, where the record shows that Chao and Ding received mail, then service was sufficient under Rule 4(e)(1) and Cal. Civ. Proc. Code § 415.20(a). Thus, Plaintiff's proofs of service, as well as additional evidence, establish valid service under Rule 4(e)(2)(B) or Rule 4(e)(1) (incorporating Cal. Civ. Proc. Code § 415.20(a)). *See Piper, Inc.*, 2020 WL 6868831, at *4 ("Considering that California's substitute service statute is to be liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant, [plaintiff's] efforts to personally serve [defendant] constitute reasonable diligence.").

Furthermore, Defendants have not met their burden to overcome that showing with strong

and convincing evidence. Critically, neither Chao nor Ding filed a declaration or affidavit. They did **not** deny that they live at 69 Isabella Ave. They did **not** deny knowing, employing, or living with Ms. Bedolla. They did **not** deny receiving the service papers. They did **not** specify where they live.

Instead—ignoring their burden to produce strong and convincing evidence—Defendants' counsel filed a carefully worded Motion, stating:

> The property is apparently owned by Nessco Investments LLC and nothing **suggests** that either of the Individual Defendants resides at 69 Isabella Ave. Bretan Decl. ¶ 6, Ex. E. Indeed, the fact that plaintiff purports to have made three attempts to serve them at that address, but never found them there, suggests otherwise. *See, e.g., id.*, Ex. J. Even if either of the Individual Defendants owned the property (as noted, they do not; nor is any connection between either of the Individual Defendants and Nessco **suggested**), substitute service at 69 Isabella Ave. would still not be proper absent a showing that the Individual Defendants actually reside there.

Mot. at 9:5 – 9:12. Although Defendants counsel submitted evidence regarding the ownership of 69 Isabella Ave. and seek inferences regarding Chao's and Ding's residence, neither Defendant actually denies living there.

In sum, Plaintiff has submitted proofs of service, as well as testimony that service occurred at Chao's and Ding's residence. In response, Chao and Ding have resorted to misdirection, without providing substantive evidence that they no longer live at 69 Isabella Ave. Based on that record, the Court should deny the Motion.

### 2. Temujin Labs Inc. (Cayman)

Temujin Labs Inc. (Cayman)'s challenge to service fails for two reasons. First, Plaintiff validly served Temujin Cayman *via* that entity's agent and alter ego Temujin Delaware. *See* ECF No. 13.

Under Rule 4(h), a plaintiff can serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. Rule 4(h)(1)(B). "[T]he nature of the relationship between a foreign parent corporation and a domestic subsidiary can cause the subsidiary to become the corporation's agent by law for the purpose of service of process." *Papineau v. Brake Supply Co., Inc.*, No. 4:18-CV-00168-JHM, 2020 WL 2461890, at *2 (W.D. Ky. May 12, 2020); *see also Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 575

Fed. App'x 710, 713 (9th Cir. 2014) ("[W]e find that ZSIE and Zongshen, Inc. were so closely related that the latter was ZSIE's agent for service as a matter of law, notwithstanding [ZSIE's] failure or refusal to appoint [Zongshen, Inc.] formally as an agent.").

The current record shows **no** material distinctions between Temujin Delaware and Temujin Cayman. As alleged by Plaintiff, Chao and Ding created those entities as part of a RICO conspiracy to loot Eian and defraud Plaintiff. *See* Complaint ¶¶ 95-102, 171, 172, 175. The corporate records from Delaware and the Caymans, as submitted by Defendants, do not establish that Temujin Cayman and Temujin Delaware are even separate entities, rather than the same entity registered to do business in multiple locations. The records show only that:

- An entity named "Temujin Labs Inc" was **incorporated** in Delaware on July 2, 2019, *see* ECF No. 54 at 6-7 of 47;
- An "exempt" entity named "Temujin Labs Inc" was **registered** in the Cayman Islands on July 2, 2019, *see* ECF No. 54 at 9 of 47.

This evidence suggests that there is one Temujin Labs Inc., which was incorporated in Delaware and which, on the same day, was registered to do business in the Cayman Islands. The only document purporting to distinguish between the entities is a single "Certificate of Interested Entities or Persons," filed on behalf of both entities, stating that "Temujin Labs Inc. (Delaware) is wholly owned by Temujin Labs Inc. (Cayman)." ECF No. 17. Thus—even if two separate entities exist, a fact that is unclear—they were created on the same day by the same people for the same illegitimate purpose. They are represented by the same counsel in this litigation, and they filed a joint Rule 7.1 certification. Additionally, they have declined to present any evidence showing different offices, officers, directors, purposes, or activities.

Every fact in the record, therefore, shows overwhelming interchangeability giving rise to an agency relationship. Accordingly, Plaintiff validly served Temujin Labs Inc. Cayman *via* service at the registered agent in Delaware for Temujin Labs Inc. Delaware. *See* ECF No. 13.

<u>Second</u>, on June 16, 2021, Plaintiff successfully served Temujin Labs Inc. Cayman at its address in the Cayman Islands pursuant to Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague

Convention"). "[T]he United Kingdom has . . . made no objection to Article 10(a) of the Hague Convention, making service via postal channels a valid method of service in the United Kingdom and its territories, including the Cayman Islands." *Ghostbed, Inc. v. Casper Sleep, Inc*., 315 F.R.D. 689, 691–92 (S.D. Fla. 2016); *see also TransparentBusiness, Inc. v. Infobae,* No. 3:20-CV-00582-MMD-WGC, 2020 WL 7125689, at *1 (D. Nev. Dec. 4, 2020) ("Note § 10(a) of the Hague Convention states that the Convention does not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad if the country of destination does not object. The Ninth Circuit has joined the Second Circuit in holding that the meaning of 'send' in Article 10(a) includes 'serve.'" (citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)).

On June 11, 2021, Plaintiff used postal channels, pursuant to Article 10(a) of the Hague Convention, to serve Temujin Labs Inc. at its registered agent in the Cayman Islands. Declaration of Christina Larkin, ¶ 3. The documents were successfully delivered on June 16, 2021. *Id.* ¶ 4. Finally, any argument regarding a time limit under Rule 4(m) does not apply. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]").

### B. **EVEN IF THERE WERE SERVICE DEFECTS, PLAINTIFF HAS SUBSTANTIALLY COMPLIED WITH RULE 4**

"As a general principle, Rule 4 is a flexible rule that should be liberally construed, and substantial compliance with the service requirements of Rule 4 is sufficient so long as the opposing party receives sufficient notice." *Heuvel v. Expedia Travel*, No. 2:16-CV-00567-JAM-AC, 2017 WL 2403568, at *1–*2 (E.D. Cal. June 2, 2017), *report and recommendation adopted sub nom. Van Den Heuvel v. Expedia Travel*, No. 2:16-CV-0567 JAM AC(PS), 2017 WL 3333941 (E.D. Cal. Aug. 4, 2017). Accordingly, courts will deny Rule 12(b)(5) motions to dismiss where plaintiffs "have substantially complied with service of process." *Medimpact Healthcare Sys., Inc. v. IQVIA Holdings Inc.,* No. 19CV1865-GPC(LL), 2020 WL 1433327, at *15 (S.D. Cal. Mar. 24, 2020). "Substantial compliance with service of process despite deficiencies requires that: '(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from

the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id.* at *15.

None of those <u>four</u> factors is in legitimate dispute. <u>First</u>, Defendants Chao, Ding, and Temujin Labs Inc. Caymans have notice. They have retained sophisticated counsel and filed documents with the Court. *See* ECF Nos. 44, 50, 51, 52.

<u>Second</u>, Defendants cannot identify any prejudice. They have notice. They have counsel. They are litigating. Discovery has not commenced. Tacitly recognizing those realities, Defendants do not identify any prejudice.

<u>Third</u>, to the extent any service was improper, there is a justifiable excuse. After commencing this suit on December 24, 2020, Plaintiff repeatedly attempted service at the home (69 Isabella Ave.) where he had visited and stayed with Chao and Ding numerous times throughout the parties' business relationship. *See* Abittan Decl. ¶ 5. Plaintiff organized service attempts at that address on January 17, 19, 25, 26, 27, and 28th. *See* Economides Decl., Exs. A, B. Plaintiff successfully served the papers at 69 Isabella Ave. on March 18, 2021, and mailed the papers to the same address the next day. ECF Nos. 25, 26, 27, 28, 29, 30; Economides Decl. Exs. C, D.

If service was defective—notwithstanding the arguments, *supra*—Defendants' conduct caused the defects. In addition to avoiding Plaintiffs' process server, Chao and Ding have obfuscated the public records of their identities and assets. Plaintiff's investigation of public records did not yield alternate addresses for Chao and Ding. Despite inviting Plaintiff to their home at 69 Isabella Ave. multiple times, Chao and Ding have now suggested in this litigation that they have no connection to the property or to the entity that publicly owns the property. *See* Mot. at 9 ("The property is apparently owned by Nessco Investments LLC . . . . Even if either of the Individual Defendants owned the property (as noted, they do not; nor is any connection between either of the Individual Defendants and Nessco suggested), substitute service at 69 Isabella Ave. would still not be proper absent a showing that the Individual Defendants actually reside there.").[3]

Simply put, Plaintiff did not sleep on his rights or ignore his service obligations. Rather, he

---

[3] As to Temujin Labs Inc., moreover, Plaintiff promptly served the U.S. address for what appear to be indistinguishable entities.

has expended significant time and money to validly serve Defendants, who, in turn, have done everything in their power to prevent service. Consequently, there is a justifiable excuse for any remaining defects in service. *See* ECF No. 31.

<u>Finally</u>, Plaintiff would be severely prejudiced if the Complaint were dismissed. He has already briefed a Rule 12(b)(6) motion to dismiss filed by Temujin Labs Inc. Delaware. *See* ECF No. 36. He has also undertaken substantial efforts to serve process on the remaining Defendants. Meanwhile, he has been deprived of his rightful interest in the ongoing operations and profits from Findora. A dismissal would force Plaintiff to re-file, incur additional expenses, and encounter further delays in redressing his rights. Thus, the prejudice would be severe.

In sum, if Plaintiff has not complied with Rule 4, then he has substantially complied. Hence, Defendants Motion should be denied in full.

## C. **PLAINTIFF REQUESTS AN EVIDENTIARY HEARING WITH TESTIMONY OR JURISDICTIONAL DISCOVERY**

As explainted above, Plaintiff served the Defendants in compliance with, or substantial compliance with, Rule 4. To the extent the Court finds that factual issues remain, however, Plaintiff is entitled to an evidentiary hearing and/or jurisdictional discovery.

In the Ninth Circuit, an evidentiary hearing may be required to resolve a motion under Rule 12(b)(5) challenging the sufficiency of service. *See, e.g.*, *Piper, Inc. v. Pavlyukovskyy*, No. 20-CV-03663-WHO, 2020 WL 6868831, at *2 (N.D. Cal. Nov. 23, 2020) ("Unless there is a defect in the proofs of service, a motion to dismiss under Rule 12(b)(5) requires defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service. In response, the plaintiff must provide evidence showing that the service was proper, or creating an issue of fact requiring an **evidentiary hearing** to resolve."); *DePalmer v. Jian Zhu*, No. C19-1449JLR, 2020 WL 7059233, at *2 (W.D. Wash. Dec. 2, 2020) (same); *Langer v. Beverly Hills Suites LLC*, No. 2:20-CV-02715-JWH-MAAx, 2020 WL 6489313, at *4 (C.D. Cal. Oct. 21, 2020) ("A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an **evidentiary hearing**.").

Additionally, jurisdictional "[d]iscovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Allergan, Inc. v. Dermavita Ltd. P'ship*, No. SACV 17-00619-CJC(DFMx), 2017 WL 4769511, at *4 (C.D. Cal. July 26, 2017); *AXS Grp. LLC v. LISNR, Inc.*, No. CV 17-8413-GW(SKx), 2018 WL 4792907, at *3 (C.D. Cal. Feb. 14, 2018) ("[T]he Court would allow Plaintiff and/or Defendant (if either makes a timely request) to immediately conduct limited discovery in regards to the upcoming motion to dismiss, but only in regards to the service of process issue.").

Plaintiff has sued Lily Chao and Damien Ding, a married couple with whom Plaintiff was business partners for years. Plaintiff repeatedly visited and stayed overnight with Chao and Ding at their house located at 69 Isabella Avenue, Atherton, CA 94027, and he did so as late as July 2019. Abittan Decl. ¶¶ 4, 5. While staying at the house, Plaintiff even observed Chao's and Ding's children, who attended school approximately one mile away. Abittan Decl. ¶ 6.

However, Defendants have now raised service of process challenges that trigger questions as to their identities. Sophisticated counsel from Fenwick & West have appeared on behalf of the "Individual Defendants," stating that "**Plaintiff's substantive confusion of identities reflected in the Complaint is not addressed in this motion**, which solely concerns ineffective service." Mot. at 3 n.4. Counsel further represented that:

- It's a "demonstrably false assumption that the two Individual Defendants are married (they are not), and therefore must live together (they do not)" (Mot. at 2:6 – 2:7);
- 69 Isabella Ave. "is apparently owned by Nessco Investments LLC and nothing suggests that either of the Individual Defendants resides at 69 Isabella Ave" (Mot. at 9:5 – 9:7);
- No "connection between either of the Individual Defendants and Nessco [is] suggested" by the record (Mot. at 9:10).

The Motion's primary basis appears to be that the movants lack any current or past connection to the 69 Isabella Ave. address where Plaintiff repeatedly stayed with his previous business partners and where Plaintiff served the complaint and summons.

Those averments—suggesting that the individuals filing the Motion are not the individuals who partnered with Plaintiff to create Findora—create critical issues of fact. If the movants have

never lived at 69 Isabella Ave., they should testify to that fact. If they previously lived there but moved before process was served, they should testify to those facts. If the movants are somehow not Lily Chao and Damien Ding—such that Plaintiff has a "substantive confusion of identities" (Mot. at 3 n.4)—they should testify to those facts. Instead, they filed a motion that suggests, without support, that there are mistaken identities vis-à-vis the Complaint and/or service of the Complaint.

Causing additional ambiguity, Fenwick & West's filings with the Court do not specify the names of the "individual defendants" who are making certifications and who are represented by counsel. *See* ECF No. 50 (notice of appearance "as counsel for the individual defendants," without ever naming or defining "individual defendants," including in the signature block); ECF No. 51 (certification from "the individual defendants, by and through counsel" without ever naming or defining "individual defendants," including in the signature block); ECF No. 52 (consent to magistrate judge jurisdiction by the "individual defendants," without ever naming or defining "individual defendants," including in the signature block). Throughout the Motion, moreover, the moving parties describe themselves as "the two individual defendants," without using names. *See* ECF No. 53 at 1:6 – 1:8. Indeed, the Motion omits references to Ding or Chao, except when quoting from Plaintiff's filings or correspondence.

In most circumstances, the undefined use of the term "individual defendants"—in lieu of the defendants' names—would be innocuous. Here, however, the Motion states that Plaintiff has "substantive confusion of identities" as to the defendants, while the filings have a pattern of omitting those defendant's names.

These collective circumstances justify an evidentiary hearing or jurisdictional discovery. Plaintiff respectfully requests an order requiring the "individual defendants" and Temujin Labs Inc. to appear at an evidentiary hearing for direct and cross examination on the topics of the correct parties in interest and service of process on those parties. Alternatively, those parties should immediately sit for depositions on those topics. If, as Defendants state, there is "substantive confusion of identities," all parties have an incentive to resolve the confusion as soon as possible. Otherwise, the parties, their counsel, and the Court will waste time and resources.

Consequently, unless the Motion is denied in full and Defendants confirm that there are no

outstanding issues as to the parties in intereste, Plaintiff is entitled to cross examine Defendants at an evidentiary hearing or obtain immediate jurisdictional discovery.

## V.      CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court deny the Motion or, alternatively, order an evidentiary hearing and/or jurisdictional discovery. If the Court does grant the Motion, Plaintiff respectfully requests additional time to effectuate service.[4]

Dated: May 21, 2021

Respectfully submitted,

**ROCHE FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides (*pro hac vice*)
Florida Bar No. 118177
200 S Biscayne Blvd
Suite 5500
Miami, FL 33131
Tel: (305) 971-5943
Email:  ceconomides@rcfllp.com

Katherine Eskovitz (CA Bar No. 255105)
Brianna Pierce (CA Bar No. 336906)
1158 26th Street, Suite 175
Santa Monica, CA 90403
Tel: (646) 791-6883
Email: keskovitz@rcfllp.com
            bpierce@rcfllp.com

*Counsel for Plaintiff,
Ariel Abittan*

---

[4] *See DePalmer*, 2020 WL 7059233, at *2  ("A showing of good cause is not required for the court to allow additional time for service.").

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 18, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

By:    */s/ Constantine P. Economides*

        Constantine P. Economides