DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
JOSHUA PARR (CSB No. 318549)
jparr@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendants Temujin Labs Inc. (Delaware), Temujin Labs Inc. (Cayman), and the Individual Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>             Plaintiff,<br><br>     v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION)<br><br>             Defendants,<br>     and<br><br>EIAN LABS INC.,<br><br>             Nominal Defendant. | Case No.: 5:20-cv-09340<br><br>**ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES**<br><br>Judge:     Hon. Nathanael M. Cousins |

1   Pursuant to Civil Local Rule 7-11, Defendants move for administrative relief and request that the Court continue the Case Management Conference currently scheduled for July 28, 2021 to September 15, 2021, or in the alternative, 30 days after rulings on the currently pending motions to dismiss, along with all associated case management and ADR deadlines. At this juncture, Defendants believe it is premature to hold the initial case management conference or for the parties to meet and confer on Rule 26(f) discovery topics, or ADR, given that the procedural status of each of the Defendants in this action is uncertain and currently being litigated.

Specifically, Defendant Temujin Delaware has moved to dismiss on the basis that each of Plaintiff's claims against it should have been brought as compulsory counterclaims in an earlier-filed state court action, and also on grounds that Plaintiff lacks standing to assert his derivative claims. Dkt. No. 36. The other Defendants have also moved to dismiss under Fed. R. Civ. P. 12(b)(5) (or in the alternative, to quash service) because none were properly served. Dkt. No. 53. Both of these motions are still pending before the Court, and neither will be decided before the parties will be obligated to conduct their Rule 26(f) meet and confer discussions in advance of the initial case management conference.

Until the Court rules on these outstanding motions, the topics to be broached at the case management conference are not ripe for discussion. Asking parties that have not been properly served to meet and confer on discovery – and thereafter appear at a case management conference – would undercut the objectives of requiring service of process, and would needlessly expend time and resources of the parties and the Court. Similarly, the question of whether the claims against Temujin Delaware should be in this Court at all – given that they are compulsory counterclaims that should have been filed in a parallel state court action – also makes discussion of case management and discovery issues premature. A continuance of the conference date to September 15 should provide sufficient time for these issues to resolve, so the relevant proceedings can proceed in orderly fashion with no ambiguity as to the status of the litigants.

Each of these points was raised with Plaintiff's counsel in an effort to secure an agreement to move the case management conference to September 15. *See* Lee Decl., ¶¶ 2-4. Counsel refused, however, to stipulate to moving the case management conference date. *Id.* The only

FENWICK & WEST LLP
ATTORNEYS AT LAW

rationale set forth for maintaining the current date was that such conferences are often held while pleading motions are pending, and that Plaintiff would like discovery to proceed, but no explanation was provided as to how any discovery or case management discussions could be held with parties who have not been served (or where there is a dispute over service) or with a party that should have been sued in an earlier filed action. Nor was Plaintiff's counsel able to identify any specific prejudice that would accrue if the case management conference were pushed out a few weeks.[1]

Consequently, for all the foregoing reasons, Defendants respectfully request that the Court re-schedule the Case Management Conference currently set for July 28, 2021 to September 15, 2021, or in the alternative, 30 days after rulings on the currently pending motions to dismiss, and defer all case management deadlines, including Rule 26 conference obligations and all associated ADR Multi-Option Program deadlines, accordingly.

Dated: July 2, 2021                         FENWICK & WEST LLP

                                            By: /s/    *Jennifer Bretan*
                                                       Jennifer Bretan

                                            Attorneys for Defendants

---

[1] Plaintiff's counsel insinuated in passing that Defendants are asking for a continuance because they do not want to engage in discovery, but this assertion is belied by the fact that in the parallel state court action – where substantially overlapping claims are being litigated – Defendant Temujin Delaware is the only party that thus far has served discovery. Lee Decl. ¶ 3. The relief that Defendants seek is motivated solely by the uncertain status of the litigants and desire to conserve judicial resources.