DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
JOSHUA PARR (CSB No. 318549)
jparr@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendants Temujin Labs Inc.
(Delaware), Temujin Labs Inc. (Cayman), and the
Individual Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARIEL ABITTAN,

        Plaintiff,

        v.

LILY CHAO (A/K/A TIFFANY CHEN, A/K/A
YUTING CHEN), DAMIEN DING (A/K/A
DAMIEN LEUNG, A/K/A TAO DING),
TEMUJIN LABS INC. (A DELAWARE
CORPORATION), AND TEMUJIN LABS INC.
(A CAYMAN CORPORATION),

        Defendants,

        and

EIAN LABS INC.,

        Nominal Defendant.

Case No.: 5:20-cv-09340

**INDIVIDUAL DEFENDANTS' AND
TEMUJIN LABS INC. (CAYMAN)'S
REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OR IN THE
ALTERNATIVE QUASH SERVICE OF
SUMMONS**

Date:  July 28, 2021
Time:  1:00 p.m.
Place:  Courtroom 5, 4th Floor
Judge:  Hon. Nathanael Cousins

FENWICK & WEST LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

Page

I.      INTRODUCTION................................................................................................. 1

II.     ARGUMENT........................................................................................................ 2

        A.     Plaintiff Fails To Meet His Burden of Demonstrating Proper Service
               on the Individual Defendants..................................................................... 2

               1.     Plaintiff Concedes His Proofs of Service Were Defective and
                      Do Not Establish Proper Service of Process...................................... 2

               2.     Plaintiff Fails to Establish He Served the Individual Defendants
                      at the Proper Address........................................................................ 3

               3.     Plaintiff Fails to Show That Service Papers Were Left With An
                      Individual That Can Properly Be Subject of Effective Service............. 5

        B.     Plaintiff Also Cannot Demonstrate Valid Service on Temujin Cayman.............. 6

               1.     Service by Mail to the Cayman Islands Does Not Comply with
                      the Hague Convention........................................................................ 6

               2.     Service Through Temujin Delaware's Registered Agent Is Not
                      Valid Service on Temujin Cayman...................................................... 7

               3.     Service at 69 Isabella Avenue Was Not Valid...................................... 9

        C.     Plaintiff Has Not Substantially Complied with Rule 4 ......................................... 9

        D.     No Jurisdictional Discovery or Evidentiary Hearing Is Warranted.................... 11

III.    CONCLUSION.................................................................................................... 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fenwick & West LLP
Attorneys at Law

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arthur Ct. Designs, Inc. v. Jensen*,
  2009 WL 2157544 (N.D. Cal. July 20, 2009)............................................................9, 10, 11

*Audio Toys, Inc. v. Smart AV Pty Ltd.*,
  2007 WL 1655793 (N.D. Cal. June 7, 2007)..........................................................................10

*Boards of Trustees of Sheet Metal Workers Pension Tr. of N. Cal. v. CER Mech. Corp.*,
  2021 WL 1338556 (N.D. Cal. Apr. 9, 2021)............................................................................6

*Borzeka v. Heckler*,
  739 F.2d 444 (9th Cir. 1984)....................................................................................................9

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004)................................................................................................6, 7

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010)....................................................................................................8

*DePalmer v. Zhu*,
  2020 WL 7059233 (W.D. Wash. Dec. 2, 2020)....................................................................11

*Duncan v. Int'l Markets Live, Inc.*,
  2020 WL 4369631 (S.D. Iowa Apr. 13, 2020).........................................................................5

*Hickory Travel Sys., Inc. v. TUI AG*,
  213 F.R.D. 547 (N.D. Cal. 2003)..........................................................................................8, 9

*Hotel Emps. & Rest. Emps. Int'l Union Welfare Fund ex rel. Zumtobel v. Kephart & Corti Prods., Inc.*,
  2012 WL 1155380 (D. Nev. Apr. 4, 2012)..............................................................................5

*Jackson v. Hayakawa*,
  682 F.2d 1344 (9th Cir. 1982)................................................................................................10

*Johnston v. Wheeler*,
  2014 WL 6611349 (W.D. Wash. Nov. 20, 2014)..................................................................12

*Langer v. Beverly Hills Suites LLC*,
  2020 WL 6489313 (C.D. Cal. Oct. 21, 2020)........................................................................11

*Mach 1 Air Servs., Inc. v. Mainfreight, Inc.*,
  2015 WL 11181334 (D. Ariz. Mar. 5, 2015)......................................................................3, 8

*Mendoza-Jimenes v. Bonneville Cty.*,
  2018 WL 3745818 (D. Idaho Aug. 7, 2018)..........................................................................10

*Piper, Inc. v. Pavlyukovskyy*,
  2020 WL 6868831 (N.D. Cal. Nov. 23, 2020)......................................................................11

**TABLE OF AUTHORITIES (CONT'D)**

PAGE(S)

*Rodriguez v. Lehigh Sw. Cement Co.*,
   2015 WL 1325528 (N.D. Cal. Mar. 24, 2015)................................................................12

*S.J., ex rel. S.H.J. & J.J. v. Issaquah Sch. Dist.*,
   2007 WL 764916 (W.D. Wash. Mar. 8, 2007)..........................................................10, 11

*SEC v. Internet Solutions for Bus.*,
   509 F.3d 1161 (9th Cir. 2007) ........................................................................................3

*United States Small Bus. Admin. v. Bensal*,
   853 F.3d 992 (9th Cir. 2017)...........................................................................................8

*United States v. Rose*,
   437 F. Supp. 2d 1166 (S.D. Cal. 2006) ...........................................................................5

*Van v. Black Angus Steakhouses, LLC*,
   2018 WL 2763330 (N.D. Cal. June 8, 2018)..........................................................3, 4, 11

*Wai v. Zhu*,
   2021 WL 214207 (N.D. Cal. Jan. 21, 2021) ...................................................................10

*Wiggins v. USA*,
   2021 WL 937682 (C.D. Cal. Mar. 2, 2021) ....................................................................11

STATUTES AND RULES

California Code of Civil Procedure
   § 415.20.......................................................................................................................5, 6
   § 416.10...........................................................................................................................9
   § 2110..............................................................................................................................9

Federal Rules of Civil Prodcedure
   Rule 4 ......................................................................................................................*passim*

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Temujin Labs Inc. (Cayman) ("Temujin Cayman") and the two individual defendants

2    ("Individual Defendants" and, together with Temujin Cayman, the "Moving Defendants") hereby

3    submit this Reply Memorandum of Points and Authorities in Support of Motion to Dismiss or in

4    the Alternative Quash Service of Summons ("Motion" or "Mot.").

5    **I.    INTRODUCTION**

6    The Moving Defendants' Motion identified a series of fatal service-related errors by

7    plaintiff over the past six months, including: defective proofs of service; leaving process with the

8    wrong person; mailing process to the wrong address; and serving process through the wrong

9    registered agent.  In response, plaintiff has undertaken additional steps to try to correct a few of

10   these defects – and in so doing, openly concedes that his prior service efforts were inadequate –

11   but none of these attempted remedial actions pass muster under governing law.

12   Recognizing that his original proofs of substitute service were defective – because they

13   did not state the service address – plaintiff altered the proofs his process server executed three

14   months ago by inserting the address "69 Isabella Avenue, Atherton," which is impermissible

15   given that plaintiff did not seek leave of Court to do so.  Even if the Court were to overlook this

16   sleight of hand, this does little to meet plaintiff's burden of demonstrating substitute service on

17   the Individual Defendants.  Federal and state rules on substitute service require that process be

18   left (a) at an individual's residence, usual place of business, or the like, (b) with someone who

19   resides there or is apparently in charge.  Neither plaintiff's proofs, nor any other evidence

20   submitted, establishes the Individual Defendants reside at 69 Isabella Avenue or that it is their

21   usual place of business.  Furthermore, plaintiff has not and cannot demonstrate that the person

22   who allegedly received the papers (Patricia Bedolla) lives at or is in charge of the residence.

23   Similarly, after the Motion was filed, plaintiff basically admits that his prior attempts to

24   serve Temujin Cayman were ineffective, by mailing process to Temujin Cayman and claiming

25   this further effort satisfies the Hague Convention.  It does not.  The Hague Convention, in

26   combination with Rule 4, permits service only through a Central Authority in the Cayman

27   Islands, through a mailing from ***the clerk of court*** in this district, or pursuant to Court order.

28   Plaintiff has not followed any of those procedures.  Consequently, he resorts to the fallback – and

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   illogical – argument that Temujin Cayman is the same legal entity as its wholly-owned Delaware

2   subsidiary.  The public record contradicts that theory, as does plaintiff's own Complaint, which

3   sues the two entities separately.  Nor has there been any factual showing that the Delaware

4   subsidiary is an alter ego, agent, or general manager of the Cayman parent.

5          Finally, plaintiff argues that if the Court finds his service efforts faulty, "jurisdictional

6   discovery" or an evidentiary hearing is warranted.  But personal jurisdiction has not been

7   challenged, service has, and requiring an un-served party to provide discovery is inappropriate.

8   Plaintiff ignores the point, and his primary basis for seeking to collect evidence is his desire to

9   clear up his own confusion regarding individual identities.  Those identities are not at issue on the

10  instant Motion, however.  At issue is the fact that plaintiff has not made a prima facie showing

11  that he has effected service on any individual or Temujin Cayman.  Plaintiff has neither strictly

12  nor substantially complied with Rule 4.  The Court should grant the Motion.

**II.     ARGUMENT**

     **A.     Plaintiff Fails To Meet His Burden of Demonstrating Proper Service on the Individual Defendants**

          **1.     Plaintiff Concedes His Proofs of Service Were Defective and Do Not Establish Proper Service of Process**

17         Plaintiff concedes that the proofs purporting to substantiate service on the Individual

18  Defendants are facially defective, as demonstrated by his reliance on ***altered proofs of service***

19  that fill in the address where service papers were allegedly delivered – information that was

20  missing from the proofs originally filed with the Court.  *See* Economides Decl., Ex. C; Dkt. Nos.

21  25-26.  Plaintiff provides no authority to support the proposition that these key omissions can be

22  remedied in this manner, months after the fact.  Opp. at 2-4.  To the contrary, Fed. R. Civ. P.

23  4(l)(3) states that court approval must be provided to amend a proof of service, and plaintiff has

24  failed to obtain such leave.  Indeed, the Opposition ***does not disclose at all*** that the proofs

25  plaintiff now relies upon are different from those originally submitted to the Court, much less

26  explain how these alterations are permissible and legally curative.  *Id.*  This fact critically

27  undermines plaintiff's service argument and justifies by itself granting the Individual Defendants'

28  motion to dismiss.  *See* Fed. R. Civ. P. 4(l)(3).

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    Even if plaintiff's altered proofs of service were entertained, they are still flawed.  In

2 apparent acknowledgment that his proofs of service were missing required information, plaintiff

3 submits an affidavit from the process server who allegedly effected service – dated three months

4 after the fact – but the averments contained therein only muddy the waters further, as the affidavit

5 and the proofs of service state ***conflicting dates*** on which service was allegedly made.  *See*

6 Economides Decl., Ex. C (purporting to have effected service on 3/18/21); Ex. D (purporting to

7 have effected service on 3/17/21).  The inability to correctly state the most basic facts about

8 plaintiff's purported service attempts rebuts any claim that he has met his burden of

9 demonstrating proper service.  *Van v. Black Angus Steakhouses, LLC*, 2018 WL 2763330, at *2

10 (N.D. Cal. June 8, 2018) (plaintiff bears the burden of demonstrating proper service).

11    Plaintiff attempts to deflect from these improperly documented service attempts by

12 mischaracterizing the governing legal standard, arguing that it is ***defendants*** who have failed to

13 carry their burden to overcome his alleged evidence of service with "strong and convincing

14 evidence." Opp. at 4-5, 6.  As argued in greater detail in the Motion, it is ***plaintiff*** who must

15 demonstrate the validity of his purported service.  Only if a plaintiff makes a prima facie showing

16 of valid service does the burden shift to defendants, who would then be required to demonstrate

17 invalid service with "strong and convincing" evidence.  *Mach 1 Air Servs., Inc. v. Mainfreight,*

18 *Inc.*, 2015 WL 11181334, at *3 (D. Ariz. Mar. 5, 2015) (quoting *SEC v. Internet Solutions for*

19 *Bus.*, 509 F.3d 1161, 1166 (9th Cir. 2007)).  As noted, neither plaintiff's original defective proofs

20 of service nor the additional materials offered in opposition demonstrate service in compliance

21 with Rule 4.  Because plaintiff has failed to meet his threshold burden to show service on any of

22 the Moving Defendants was effective, they are not required to rebut that insufficient evidence,

23 and the Complaint should be dismissed.  *See Mach 1 Air Servs.,* 2015 WL 11181334, at *3

24 (defendant bears no burden to provide evidence absent a prima facie showing by plaintiff).

25        **2.    Plaintiff Fails to Establish He Served the Individual Defendants at the**
              **Proper Address**
26

27    Even if plaintiff's defective proofs were deemed effective to evince service at 69 Isabella

28 Avenue, plaintiff's service arguments still fall flat, as the evidence provided by Mr. Abittan does

1   not establish that either Individual Defendant currently resides at that address, and indeed his

2   submissions rebut such a claim.  Most notably, plaintiff references a January 2018 text exchange

3   supposedly with Lily Chao, where she directs Mr. Abittan to go to 69 Isabella Avenue in

4   Atherton.  Abittan Decl., Ex. 1.  Plaintiff once again appears to confuse Yuting Chen with Lily

5   Chao, but they are verifiably ***not*** the same person.  Chen Decl., ¶¶ 2-3.  Plaintiff's continuing

6   conflation of two different women as one cannot be misused to assert that Lily Chao resides at 69

7   Isabella Avenue, and indeed, only serves to undermine all the assertions he makes about "Lily

8   Chao" and what he allegedly knows about her.  Abittan Decl., ¶¶ 2-11.  But even putting aside the

9   persisting insistence that they are one and the same, at most, the exchange serves to show that Mr.

10  Abittan visited someone at 69 Isabella Avenue ***three years ago***.  *Id.*  It does not establish that

11  either Individual Defendant resided at that address, much less that they continue to do so several

12  years later when the service attempt here was made.  *See also* Chen Decl. ¶ 4 (no one lived at 69

13  Isabella Avenue in 2021).  In short, nothing plaintiff offers establishes that either of the Individual

14  Defendants reside at 69 Isabella Avenue such that service on them could have been properly

15  effected there.  *Black Angus Steakhouses*, 2018 WL 2763330, at *2 (plaintiff bears the burden of

16  demonstrating proper service).

17          Plaintiff also glosses over the evidence that shows the Individual Defendants ***do not*** live at

18  69 Isabella Avenue.  He does not dispute that plaintiff's process servers never saw either

19  Individual Defendant at that address, despite repeated surveillance and service attempts, and in

20  fact, plaintiff's own process server casts doubt on whether ***any person*** currently resides there,

21  stating "no answer at the callbox no vehicles lot of debris in front of the gate.  The debris doesn't

22  allow people to exit or enter property doesn't look like anyone is there."  Economides Decl., Ex.

23  A.  Moreover, by his own admission, plaintiff has not been to 69 Isabella Avenue in more than a

24  year and a half and thus has no contemporaneous knowledge of who currently resides there.

25  Compl. ¶ 35 (noting plaintiff has not traveled to Atherton since the end of 2019).  Consequently,

26  plaintiff has failed to carry his burden to demonstrate that either of the Individual Defendants

27  reside at 69 Isabella Avenue, and thus their motion to dismiss should be granted.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

3.     **Plaintiff Fails to Show That Service Papers Were Left With An Individual That Can Properly Be Subject of Effective Service**

Even if plaintiff could prove that the Individual Defendants live at 69 Isabella Avenue (he cannot) service is still ineffective given that he never demonstrates how leaving the service package with Patricia Bedolla satisfies the requirements of either Rule 4(e)(2)(B) or Cal. Code Civ. Proc. § 415.20.  With regard to the federal rule, plaintiff only speculates that *if* Ms. Bedolla lived at 69 Isabella Ave., substitute service of the individual defendants would be possible, but at no point does he attempt to substantiate that Ms. Bedolla actually resides at that address.  *See* Opp. at 4 ("*If* Ms. Bedolla also lived at 69 Isabella Ave., then service was sufficient under Rule 4(e)(2)(B)." (emphasis added)).  Because Rule 4(e)(2)(B) requires that the summons and complaint be left at a defendant's residence in the possession of someone *who also resides there*, he cannot demonstrate valid substitute service under the rule.  *See Duncan v. Int'l Markets Live, Inc.*, 2020 WL 4369631, at *3 (S.D. Iowa Apr. 13, 2020) (substitute service ineffective under Rule 4(e)(2)(B) when delivered to nonresident housekeeper) (listing cases); *Hotel Emps. & Rest. Emps. Int'l Union Welfare Fund ex rel. Zumtobel v. Kephart & Corti Prods., Inc.*, 2012 WL 1155380, at *4 (D. Nev. Apr. 4, 2012); *United States v. Rose*, 437 F. Supp. 2d 1166, 1172 (S.D. Cal. 2006) ("Where substitute service is used, the person with whom the summons is left *must also be a resident* of the 'usual place of abode.'") (emphasis added; citation omitted).

Substitute service on Ms. Bedolla is likewise ineffective under California law given that plaintiff does not argue, much less *substantiate*, that is she is a "member of the household" or in charge of the premises at 69 Isabella Avenue.  Opp. at 4 (stating conditionally that "*[i]f* Ms. Bedolla was merely in control of that residence at the time, where the record shows that Chao and Ding received mail, then service was sufficient under Rule 4(e)(1) and Cal. Civ. Proc. Code § 415.20(a)") (emphasis added).  Plaintiff simply reiterates that Ms. Bedolla received documents at 69 Isabella Avenue and thereafter disposed of them.  Neither plaintiff nor his process server's affidavit (Dkt. No. 62, Ex. D) demonstrates the nature of the connection between Ms. Bedolla and 69 Isabella Avenue, much less that she is a member of that household or in charge of the premises in a manner that would allow her to accept service in conformance with governing law.  Fed. R.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  Civ. P. 4(e)(1); Cal. Civ. Proc. Code § 415.20(b) (Complaint left at a defendants' purported

2  residence must be left with "a competent member of the household," or must be left with a person

3  "apparently in charge" if left at a defendant's office, place of business, or usual mailing address).[1]

4          In sum, plaintiff's proofs of service are faulty, he fails to show that the Individual

5  Defendants reside at the address where papers were allegedly served, and he has not established

6  that the person receiving the papers was able to do so in satisfaction of the governing statutes.

7  The Individual Defendants' motion to dismiss should therefore be granted, or the attempted

8  service on them should be quashed.

9      **B.**     **Plaintiff Also Cannot Demonstrate Valid Service on Temujin Cayman**

10          **1.**     **Service by Mail to the Cayman Islands Does Not Comply with the Hague Convention**

11

12          Upon receipt of Defendants' motion to dismiss, plaintiff clearly recognized his prior

13  attempts to serve Temujin Cayman were ineffective, given that he felt compelled to attempt

14  service on it *yet again* (while seeking an extension of time to file his Opposition to do so), this

15  time by mailing process to Temujin Cayman's registered agent in the Cayman Islands.  Dkt. No.

16  64.  Contrary to plaintiff's assertions, however, that mailing did not result in successful service

17  pursuant to the Hague Convention.

18          Service of a foreign entity outside the United States is governed by Rule 4(f), which

19  permits service in compliance with the Hague Convention.  Fed. R. Civ. P. 4(f)(1).  But the

20  Hague Convention requires "service of process through the Central Authority of a receiving

21  state."  *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004) ("It is undisputed that [plaintiff]

22  did not use either the Central Authority under the Hague Convention or any other internationally

23  agreed means for accomplishing service. Rule 4(f)(1), therefore, does not provide a basis for

24  service in this case.").  That did not occur here, nor does plaintiff purport to have done so.

---

25  [1] Plaintiff cites *Boards of Trustees of Sheet Metal Workers Pension Tr. of N. Cal. v. CER Mech.*

26  *Corp.*, 2021 WL 1338556, at *3 (N.D. Cal. Apr. 9, 2021), but that holding relies on
§ 415.20(a), which is applicable only to *entities*.  *See* Judicial Council Comment to Cal. Code

27  Civ. Proc. § 415.20 ("Corporate and Noncorporate Entities (subd. (a)) If a defendant is a
corporate or noncorporate entity, service may be made in the first instance, in lieu of delivery of

28  process to a specified officer or employee of such entity personally, by leaving the papers in his
office.").

FENWICK & WEST LLP
ATTORNEYS AT LAW

1      Alternatively, Rule 4(f)(2) authorizes service via "any form of mail requiring a signed

2   receipt, to be addressed and dispatched ***by the clerk of the court*** to the party to be served."

3   *Brockmeyer*, 383 F.3d at 805 (quoting Fed. R. Civ. P. 4(f)(2)(C)(ii)) (emphasis added).  Plaintiff's

4   mailing did not comply with this requirement, because his mailing was not "addressed and

5   dispatched by the clerk of the court." *Id.* at 804 (service by mail does not comply with Rule

6   4(f)(2)(C)(ii) unless "a signed receipt is required" and the mail is "addressed and mailed by the

7   clerk of the federal district court in which the suit is filed.").  Nor does 4(f)(2)(A) authorize

8   plaintiff's purported service. *Id.* at 808 ("We therefore conclude, along with the other courts that

9   have considered the question, that Rule 4(f)(2)(A) does not authorize service of process by

10   ordinary first class international mail.").  And plaintiff likewise cannot claim that he served

11   Temujin Cayman pursuant to the direction of the Cayman Islands in response to a letter rogatory

12   or letter of request, as reliance on Rule 4(f)(2)(B) would require.

13      Finally, plaintiff's mailing also fails to comply with Rule 4(f)(3), which authorizes service

14   "by other means not prohibited by international agreement as may be directed by the court."

15   Here, plaintiff has not sought, and the Court has not issued, any applicable order.  In sum, no

16   component of Rule 4(f) supports plaintiff's attempt to serve Temujin Cayman by mail.

17          **2.      Service Through Temujin Delaware's Registered Agent Is Not Valid
                       Service on Temujin Cayman**
18

19      As noted, plaintiff all but concedes that his first attempt to serve Temujin Cayman was

20   unsuccessful, as evidenced by his subsequent (and equally unsuccessful) attempt to serve Temujin

21   Cayman by mail.  Plaintiff nevertheless argues for the efficacy of his original attempt to serve

22   Temujin Cayman by delivering the summons and complaint to ***Temujin Delaware's*** registered

23   agent Paracorp Inc.  Opp. at 5-6.  Plaintiff cannot demonstrate, however, any relationship between

24   Paracorp and Temujin Cayman, and is thus forced to retreat to the unsupported theory that

25   Temujin Cayman and Temujin Delaware are the same entity, and that this "entity" has already

26   been served through Temujin Delaware's registered agent.  Opp. at 6.

27      The flaws in plaintiff's argument are numerous and apparent. *First*, he again mistakenly

28   attempts to shift to Temujin Cayman ***plaintiff's*** burden to demonstrate valid service.  As

FENWICK & WEST LLP
ATTORNEYS AT LAW

discussed above, this is contrary to the law.  It was and remains plaintiff's burden to demonstrate effective service, and he must do so with evidence, not conclusory statements.  *Mach 1 Air Servs.*, 2015 WL 11181334, at *3 (proof of service is not prima facie evidence that subsidiary was statutory or general agent for service of process on parent company).

*Second*, plaintiff's argument that Temujin Delaware and Temujin Cayman are the same entity is rebutted by his own pleading and characterization of these companies, mostly notably that he sued Temujin Delaware and Temujin Cayman as **separate entities**.  Compl. ¶¶ 24-25.  Plaintiff offers no explanation as to why he would sue Temujin Cayman separately or allege that Temujin Cayman is a distinct entity if he believed that it was in fact Temujin Delaware.

*Third*, plaintiff's assertion that Temujin Delaware and Temujin Cayman are one and the same is completely unsupported by facts.  Plaintiff speculates (incorrectly) that Temujin Cayman is in fact Temujin Delaware and that the singular company was **incorporated** in Delaware and merely **registered** in the Cayman Islands.  Opp. at 6.  The Cayman Islands General Registry Report for Temujin Cayman clearly indicates, however, that Temujin Cayman is registered as a Cayman entity and is not as a foreign entity.  Dkt. No. 54, Bretan Decl., Ex. B, ("Jurisdiction: Cayman Islands").  In turn, Temujin Delaware is registered as a Delaware corporation.  *Id*., Ex. A, ("Residency: Domestic[;] State: DELAWARE").  Moreover, Temujin Cayman's Amended and Restated Articles of Association, on file with the Cayman General Registry of the Cayman Islands, conclusively show that Temujin Cayman was formed as a Cayman entity.[2]  Thus, Plaintiff's argument that his Complaint demonstrates the "overwhelming interchangeability" of the Temujin Entities is decisively rebutted by foundational corporate documents, and lacks any other factual or evidentiary support.  *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 554 (N.D. Cal. 2003) (service on corporate affiliate invalid absent demonstrated agency or alter ego

---

[2] Temujin Cayman's Amended and Restated Articles of Association, attached to the accompanying Reply Declaration of Jennifer C. Bretan, are properly the subject of judicial notice as information made publicly available by a government entity.  *See United States Small Bus. Admin. v. Bensal*, 853 F.3d 992, 1003 n.3 (9th Cir. 2017) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities") (quotation omitted), *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities…and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    relationship).

2        *Fourth*, plaintiff's alter ego theory is no substitute for demonstrating the existence of a

3    sufficient agency relationship to allow the Court to conclude that service was proper.  Under Rule

4    4(h)(1)(B), Temujin Delaware would have to be "an officer, a managing or general agent, or any

5    other agent authorized by appointment or by law to receive service of process" on behalf of

6    Temujin Cayman.  A subsidiary qualifies as "managing or general agent" of a parent only if the

7    subsidiary's activity is "integral to the parent's business." *Hickory Travel Sys.*, 213 F.R.D. at

8    553.  Alternatively, Temujin Delaware would have to be Temujin Cayman's "general manager"

9    in California for service to be valid under applicable state law.  Cal. Code Civ. Proc. § 416.10;

10   Cal. Corp. Code § 2110.  Plaintiff has provided no evidence that such a relationship exists, and

11   the Court should not infer its existence without more.

### 3.    Service at 69 Isabella Avenue Was Not Valid

13       Plaintiff does not argue in his Opposition that Temujin Cayman was properly served

14   through substitute service at 69 Isabella Avenue, and in so doing concedes the point.

### C.    Plaintiff Has Not Substantially Complied with Rule 4

16       Plaintiff argues that even if the Court rules his service attempts did not comply with Rule

17   4 (as is warranted), the Court should nevertheless deny the 12(b)(5) motion because his purported

18   service "substantially complied" with Rule 4.  Opp. at 7-9.  This assertion has no basis in fact or

19   law, as he fails to satisfy the prerequisites of demonstrating substantial compliance.  Specifically,

20   Courts ruling on motions to quash may only excuse technical errors in service if *each* of four

21   requirements are met: "'(a) the party that had to be served personally received actual notice, (b)

22   the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse

23   for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his

24   complaint were dismissed.'" *Arthur Ct. Designs, Inc. v. Jensen*, 2009 WL 2157544, at *3 (N.D.

25   Cal. July 20, 2009) (quoting *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)).  Here,

26   plaintiff can demonstrate at most the first element.  Further, plaintiff cites no case in which a

27   failure to serve a person of suitable age and discretion who resides at the defendant's home can

28   nonetheless be deemed substantial compliance under Rule 4(e)(2)(B).  *See Arthur Ct. Designs*,

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

2009 WL 2157544, at *3 (no substantial compliance where plaintiff failed to show person who received summons and complaint was "a person of suitable age and discretion who resides at the defendant's home" under Rule 4); *Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 WL 1655793, at *4 (N.D. Cal. June 7, 2007) (concluding that there was no substantial compliance when service on the company was attempted by leaving the documents with a non-managerial employee who likely would have informed the company manager).

With respect to the first element, plaintiff argues that Temujin Cayman and the Individual Defendants have actual notice of the lawsuit. That is not enough; if it were, the service rules would be rendered meaningless. All four elements must be met, and actual notice of the suit itself does not excuse plaintiff from substantially complying with Rule 4. *Wai v. Zhu*, 2021 WL 214207, at *2 (N.D. Cal. Jan. 21, 2021) ("Indeed, the Ninth Circuit has rejected such a theory, holding that, in the absence of 'substantial compliance with Rule 4, actual notice of an action is insufficient.") (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)); *see also Mendoza-Jimenes v. Bonneville Cty.*, 2018 WL 3745818, at *4 (D. Idaho Aug. 7, 2018) ("Here, the fact that the Bonneville County Defendants knew about the suit and filed the Motion to Dismiss does not take the place of proper service under Rule 4.").

Furthermore, plaintiff has failed to articulate a justifiable excuse for his failure to properly serve Temujin Cayman and the Individual Defendants. Plaintiff cannot cite a single authority supporting his claim that Defendants bear responsibility for his inability to locate a correct address for them, or that it is a justifiable excuse that he was insistent on making multiple unsuccessful service attempts at an ***incorrect*** address. Opp. at 8. Nor does plaintiff argue Defendants made any false representations that would support a finding of justifiable excuse. *Cf. S.J., ex rel. S.H.J. & J.J. v. Issaquah Sch. Dist.*, 2007 WL 764916, at *3 (W.D. Wash. Mar. 8, 2007) (justifiable excuse demonstrated where defendant's superintendent's administrative assistant incorrectly represented to process server that she was authorized to accept service).

Finally, plaintiff fails to demonstrate both that he would be "severely prejudiced" if his Complaint were dismissed and that the Moving Defendants would suffer "no prejudice" as a result of the defective service. Under governing law plaintiff must make a showing that his

1   ability to pursue his claim will be hindered, *e.g.*, by loss of evidence, increased difficulties of

2   discovery, or greater opportunity for fraud or collusion. *Arthur Ct. Designs, Inc.*, 2009 WL

3   2157544, at *3. Plaintiff's assertion that he will be forced to "re-file, incur additional expenses,

4   and encounter further delays in redressing his rights" does not remotely meet this standard. Opp.

5   at 9; *Cf. Issaquah Sch. Dist.*, 2007 WL 764916, at *3 (finding severe prejudice only where

6   dismissal barred refiling entirely because of the statute of limitations); *Wiggins v. USA*, 2021 WL

7   937682, at *5 (C.D. Cal. Mar. 2, 2021) (Court unable to find that plaintiff is prejudiced by

8   dismissal due to legal issues such as statutes of limitations). Being required to expend time and

9   resources to effectuate service *correctly* cannot be deemed "severe prejudice," and plaintiff cites

10   no authority to the contrary. Opp. at 9.

11          Moreover, should this motion be denied, Moving Defendants will be equally prejudiced,

12   *i.e.*, incur additional expenses, be forced to defend against a meritless claim, and encounter

13   further delays in the resolution of the case. Plaintiff cannot point to consequences flowing from

14   the Court granting the motion as evidence of "severe prejudice" to him, while ignoring similar

15   consequences resulting in prejudice to the Moving Defendants if their motion is denied.

16          **D.      No Jurisdictional Discovery or Evidentiary Hearing Is Warranted**

17          As discussed, it is plaintiff's burden to put forth evidence sufficient to establish valid

18   service. *Black Angus Steakhouses, LLC*, 2018 WL 2763330, at *3. Plaintiff has failed to meet

19   that burden with respect to any of the Moving Defendants. Consequently, the Moving

20   Defendants need not submit any further evidence; it is plaintiff's failing alone that compels

21   dismissal.[3] Recognizing as much, plaintiff argues that "jurisdictional discovery" is appropriate

22   ─────────────────────────────────
   [3] Plaintiff relies on inapposite authorities to argue otherwise. In *Piper, Inc. v. Pavlyukovskyy*,
23   2020 WL 6868831, at *6 (N.D. Cal. Nov. 23, 2020), the Court denied a 12(b)(5) motion where
   plaintiff offered multiple pieces of evidence demonstrating that the purported service address was
24   defendant's usual place of business. Here, plaintiff makes no such similar showing. Moreover,
   *Piper* also stands for the proposition that defects in a proof of service obviate the need for an
25   evidentiary hearing, as is the case here. *Id.* In *DePalmer v. Zhu*, 2020 WL 7059233, at *3 (W.D.
   Wash. Dec. 2, 2020), the Court ruled that plaintiff's attempted service under Washington's
26   Nonresident Driver Statute failed to meet his "prima facie burden of proper service."
   Consequently, no evidence was necessary to determine service was not properly made. *Id.* In
27   *Langer v. Beverly Hills Suites LLC*, 2020 WL 6489313, at *4 (C.D. Cal. Oct. 21, 2020), the Court
   found that plaintiff's declaration of personal service was sufficient to create a presumption of
28   validity. Because the plaintiff claimed personal service, no additional evidence (such as evidence
   that substitute service was left with a competent member of the defendant's household or that the

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   because the Individual Defendants have raised questions as to their identities.  Opp. at 10.

2   Plaintiff misstates the Individual Defendants' grounds for challenging service of process.  The

3   Moving Defendants have not addressed plaintiff's substantive confusion of identities, because it

4   has no relevance to the issue of proper service.  Mot. at 3 n.4.[4]  Plaintiff's various service

5   attempts are deficient regardless of his mistaken claims about identities.

6       Moreover, any jurisdictional discovery or other evidence collection would be

7   inappropriate at this stage because it would be based, not on a bona fide factual issue, but on

8   unsubstantiated speculation, especially with respect to the relationship between Temujin Cayman

9   and its Delaware subsidiary.  *Rodriguez v. Lehigh Sw. Cement Co.*, 2015 WL 1325528, at *8

10  (N.D. Cal. Mar. 24, 2015) (quashing defective service of process and denying plaintiff's request

11  for an evidentiary hearing); *Johnston v. Wheeler*, 2014 WL 6611349, at *3 (W.D. Wash. Nov. 20,

12  2014) (quashing defective service of process and denying request for jurisdictional discovery).

13  Plaintiff has not articulated how the requested hearing or discovery would enable him to

14  demonstrate that his purported service was proper.

15      Finally, plaintiff's request that the Moving Defendants appear at an evidentiary hearing or

16  sit for deposition has a clear ulterior motive, as he will simply serve them with process the

17  moment they appear.  Forcing a party who has not been properly served to appear in such manner

18  would render the service rules illusory.

19  **III.    CONCLUSION**

20      For the foregoing reasons, plaintiff's purported service of process is ineffective as to the

21  Moving Defendants and the Court should dismiss all claims against them.  In the alternative, the

---

recipient of the summons and complaint was an agent or alter ego of the defendant) was necessary.  Here, by contrast, such evidence is required, yet nothing is offered to show Ms. Bedolla 's connection to 69 Isabella Ave., or that Temujin Cayman qualifies as an agent or alter ego of Temujin Delaware, or that simply mailing service to Temujin Cayman's registered agent complies with Rule 4.  As such, the burden remains on plaintiff and nothing further is required of the Moving Defendants in quashing service.

[4] Plaintiff expresses suspicion regarding the manner in which the Individual Defendants are referenced in the Motion and their reticence to unnecessarily divulge details about their lives and personal information in public filings.  Opp. at 10-11.  There is nothing nefarious, however, about the Individual Defendants' caution, given the hostility that the government of the People's Republic of China has shown to the cryptocurrency industry, and its harsh treatment of the Chinese nationals involved in that industry.

1   Court should quash plaintiff's prior attempts to serve the Individual Defendants and Temujin

2   Cayman and order plaintiff to complete service within sixty (60) days of the Court's order, failing

3   which, all claims against the Individual Defendants and Temujin Cayman should be dismissed

4   with prejudice.

5

6   Dated:   July 9, 2021                    FENWICK & WEST LLP

7                                            By: /s/  Jennifer C. Bretan

8                                                Jennifer  C. Bretan

9                                            Attorneys for the Individual Defendants and
                                             Temujin Labs Inc. (Cayman)
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28