Katherine Eskovitz (CA Bar No. 255105)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
Email: keskovitz@rochefreedman.com
        bpierce@rochefreedman.com

Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email:  ceconomides@rochefreedman.com

Joseph M. Delich (pro hac vice)
ROCHE FREEDMAN LLP
(NY Bar No. 5487186)
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: (646) 970-7541
Email: jdelich@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>                               PLAINTIFF,<br><br>                  v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>                               DEFENDANTS,<br><br>               and<br><br>EIAN LABS INC.,<br><br>               NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC<br><br>**PLAINTIFF'S MOTION FOR AN ORDER ALLOWING DEFENDANTS LILY CHAO AND DAMIEN DING TO BE SERVED (1) THROUGH COUNSEL, (2) THROUGH TEMUJIN LABS INC. (DELAWARE'S) REGISTERED AGENT, (3) BY TEXT, OR (4) BY PUBLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    October 27, 2021<br>Time:    1:00 p.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Nathanael Cousins |

**TO THE COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 27, 2021, at 1:00 p.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Nathanael M. Cousins, located at the United States District Court for the Northern District of California, 280 South First Street, 4th Floor, San Jose, California 95113, Plaintiff Ariel Abittan ("Plaintiff") will, and hereby does, move for an order allowing service of the summons and complaint on Defendant Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao") and Defendant Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"; collectively, "Defendants") via one or more of the following methods: (1) service on Defendants' counsel; (2) service via Temujin Labs Inc.'s (Delaware) ("Temujin DE") registered agent for service of process; (3) service via text message; and/or (4) service via publication, pursuant to Fed. R. Civ. P. Rule 4(e)(l) and Cal. Code Civ. P. §§ 413.30 and 415.50. If Court the grants an order to serve by any alternative method of service, Plaintiff requests additional time to fulfill the order and serve Defendants.

This motion is made on the grounds that:

- Defendants are evading service of process while directing litigation strategy,
- Plaintiff has exercised reasonable diligence to locate Defendants,
- Defendants cannot be located by a hired investigator,
- Plaintiff has unsuccessfully attempted to serve Defendants by personal service and mail service,
- Plaintiff has previously communicated with Defendants via text message, and
- Defendants have actual notice of this lawsuit as the "primary client representatives" of former co-defendant Temujin DE.

Accordingly, alternative service via Defendants' counsel, Temujin DE, text message, or publication is appropriate under Fed. R. Civ. P. 4(e)(l) and Cal. Code Civ. P.§ 413.30 and § 415.50.

This motion is based upon this Notice; the accompanying Memorandum of Points and Authorities; the Declaration of Constantine P. Economides (the "Economides Declaration") and attached exhibits; the Declaration of Kirsten Lee Soares; the Declaration of Ariel Abittan (the "Abittan Decl.") and attached exhibits; the Declaration of Abraham Abittan ("Dr. Abittan

- 2 -

1  Decl.")(all filed currently herewith); all pleadings, papers, and records on file with the Court in this

2  action; and all other such argument and evidence as may be presented to the Court in connection

3  with this motion.

4  Dated: September 20, 2021                          **ROCHE FREEDMAN LLP**

5                                                     */s/ Constantine P. Economides*
                                                      Constantine P. Economides (pro hac vice)
6                                                     (Florida Bar No. 118177)
                                                      ROCHE FREEDMAN LLP
7                                                     1 SE Third Avenue, Suite 250
                                                      Miami, Florida 33131
8                                                     Tel: (305) 971-5943
                                                      Email: ceconomides@rcfllp.com
9

10                                                    Katherine Eskovitz (CA Bar No. 255105)
                                                      Brianna Pierce (CA Bar No. 336906)
11                                                    ROCHE FREEDMAN LLP
                                                      1158 26th Street, Suite 175
12                                                    Santa Monica, CA 90403
                                                      Email: keskovitz@rochefreedman.com
13                                                    bpierce@rochefreedman.com

14                                                    Joseph M. Delich (pro hac vice)
                                                      ROCHE FREEDMAN LLP
15                                                    (NY Bar No. 5487186)
                                                      99 Park Avenue, Suite 1910
16                                                    New York, NY 10016
                                                      Tel: (646) 970-7541
17                                                    Email: jdelich@rochefreedman.com

18                                                    *Counsel for Plaintiff,*
                                                      *Ariel Abittan*
19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC

1

**TABLE OF CONTENTS**

2   TABLE OF AUTHORITIES .................................................................................................... ii

3   INTRODUCTION ................................................................................................................... 1

4   STATEMENT OF RELEVANT FACTS ................................................................................ 2

5   LEGAL STANDARD .............................................................................................................. 5

6   ARGUMENT ........................................................................................................................... 7

7       A.   Service on Defendants' Counsel is Appropriate Under Cal. Civ. P. Code § 413.30 ....... 7

8       B.   Service on Temujin DE's Agent for Service of Process is Appropriate .......................... 8

9       C.   Service Via Text Message is Appropriate Under Cal. Civ. P. Code § 413.30 ............... 10

10      D.   Service By Publication is Appropriate Under Cal. Civ. P. Code § 415.50 ................... 11

11      E.   Additional Time Should Be Permitted For Serving Defendants .............................. 14

12  CONCLUSION ...................................................................................................................... 15

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Aevoe Corp. v. Pace*,
4
    No. C-11-3215-MEJ, 2011 WL 3904133 (N.D. Cal. Sept. 6, 2011) ......................................... 6

5
*Am. Express Centurion Bank v. Zara*,
    199 Cal. App. 4th 383 (2011) ................................................................................................ 12
6

7
*Balsam v. Angeles Tech. Inc.*,
    No. C 06-04114 JF (HRL), 2007 WL 2070297 (N.D. Cal. July 17, 2007) ............................... 7

8
*Calvert v. Al Binali*,
9
    29 Cal. App. 5th 954 (2018) .................................................................................................. 12

10
*Clark v. Farris-Ellison*,
    No. CV 19-8551-MWF-PLA, 2019 WL 8645757 (C.D. Cal., Dec. 12, 2019) ........................... 7
11

12
*Commercial Judgment Recovery Fund 1 LLC v. A2Z Plating Co.*,
    No. SACV 11–0572 DOC (RNBx), 2011 WL 29410294 (C.D. Cal. July 15, 2011) ................. 9

13
*Coomes v. Shamji*,
14
    260 F. App'x. 988 (9th Cir. 2007) ......................................................................................... 9

15
*Creative Intellects v. Haygood*,
    No. 2:21-CV-02670-RGK-AFM, 2021 WL 3568237 (C.D. Cal. July 23, 2021) ..................... 11
16

17
*Donel, Inc. v. Badalian*,
    87 Cal. App. 3d 327 (1978) ................................................................................................. 13

18
*Efaw v. Williams*,
19
    473 F.3d 1038 (9th Cir. 2007) .............................................................................................. 14

20
*Electrical Specialty Co. v. Road and Ranch Supply, Inc.*,
    967 F.2d 309 (9th Cir. 1992) ................................................................................................. 6

21

22
*Entrepreneur Media, Inc. v. Casey*,
    No. 8:18-CV-01058-JLS-AGR, 2018 WL 6424515 (C.D. Cal. Oct. 1, 2018) .......................... 7

23
*Espindola v. Nunez*,
    199 Cal. App. 3d 1389 (1988) ............................................................................................. 12
24

25
*Estate of Moss*,
    204 Cal. App. 4th 521 (2012) ................................................................................................ 7

26
*Facebook, Inc. v. Banana Ads, LLC*,
27
    No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) ....................................... 6

28

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC

*Green v. Ara Yavruyan, et al.*,
    No. 21CV1045-GPC(BLM), 2021 WL 4034194 (S.D. Cal. Sept. 3, 2021) ............................ 12

*Harris v. Cavasso*,
    68 Cal. App. 3d 723 (1977) ............................................................................... 13

*In re Sheehan*,
    253 F.3d 507 (9th Cir. 2001)............................................................................. 14

*Indian Hills Holdings, LLC v. Frye*,
    337 F.R.D. 293 (S.D. Cal. 2020)........................................................................ 12

*J&J Sports Productions, Inc. v. Castellon*,
    No. 15-cv-01941-WHO, 2015 WL 6089898 (N.D. Cal. Oct. 16, 2015) ..................... 9

*Lawrence v. City & Cty. of San Francisco*,
    No. 14-CV-00820-MEJ, 2016 WL 5869760 (N.D. Cal. Oct. 7, 2016)....................... 14

*Lemoge v. United States*,
    587 F.3d 1188 (9th Cir. 2009)............................................................................ 14

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ........................................................................................... 7

*Rio Prop., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002)............................................................................ 10

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002)............................................................................. 8

*Rodriguez v. Cho*,
    236 Cal. App. 4th 742 (2015) ............................................................................ 12

*Mercury Cable & Energy, Inc. v. Wang Chen*,
    No. SA CV 12-1857-DOC (ANx), 2013 WL 12415691 (C.D. Cal. Jan. 7, 2013) ..................... 6

*United Health Servs., Inc. v. Meyer*,
    No. C 12-6197 CW, 2013 WL 843698 (N.D. Cal. Mar. 6, 2013) ............................ 6

**Other Authorities**

4 C. Wright & A. Miller, Federal Practice and Procedure § 161 (2d ed. 1987) ............................ 6

Cal. Civ. P. Code § 413.30.................................................................................. passim

Cal. Civ. P. Code § 415.20.................................................................................. 9, 10

Cal. Civ. P. Code § 415.50 ................................................................................. 13, 14

Cal. Civ. P. Code §§ 415.10-415.50 ........................................................................ 6

Cal. Gov. Code § 6060 .................................................................................................................... 14

Fed. R. Civ. P. 4(e)(l) .................................................................................................................... 2, 6

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

This case arises from a multi-year fraudulent conspiracy orchestrated by Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"); her husband Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"; collectively, "Defendants"); the assorted entities they control, including Temujin Labs Inc. (Delaware) ("Temujin DE") and Temujin Labs Inc. (Cayman) ("Temujin Cayman"); and a coterie of Chinese nationals that played straw-person roles in Defendants' quest to swindle Plaintiff Ariel Abittan ("Abittan") out of millions of dollars and the intellectual property known as Findora. *See generally*, Complaint filed December 24, 2020 ¶¶ 27-134.[1]

A key tool in Defendants' arsenal of fraud was (and continues to be) the use of false names to obfuscate Defendants' identities. Throughout their five-year business relationship, Chao and Ding were each known by at least three different names and pressured Plaintiff to use a false name too. Now—despite an ongoing attempt through two separate lawsuits in Santa Clara County Superior Court[2] to solidify their purported ownership of the stolen Findora technology, despite having retained the sophisticated law firm of Fenwick & West LLP ("Fenwick") to defend and prosecute the various actions, despite Fenwick's representation that Defendants are "aware and abiding by their preservation obligations" in this lawsuit, and despite communicating about this case via text message with Plaintiff's father—Chao and Ding continue to use their misidentification tactics to evade service of the summons and complaint and play games with this Court.

Because of the extent of Defendants' evasion, Plaintiff has expended significant amounts of time and money to serve Chao and Ding—hiring a private investigator, searching public databases, and repeatedly attempting mail and personal service at the known addresses linked to Defendants. As held by the Court (*see* [ECF No. 78]), none of these efforts has been successful.

---

[1] Unless otherwise noted, all emphasis has been added, and internal citations have been omitted. Citations to "¶" refer to the Complaint (ECF No. 1) and references to Exhibits ("Ex.") are to the exhibits to the Economides Declaration. Capitalized terms that are not defined have the meanings ascribed in the Complaint.

[2] *See Temujin Labs Inc. v. Abittan et al.*, No. 20CV372622 (filed Nov. 6, 2020) (the "Abittan State Action"); *see also Temujin Labs Inc. v. Franklin Fu*, No. 21CV375422 (filed Jan. 4, 2021) (the "Fu State Action").

Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff leave to serve Defendants through at least one of the following methods: (1) service via Defendants' counsel, (2) service via Temujin DE's agent for service of process, (3) service via text message, and/or (4) service via publication.

## STATEMENT OF RELEVANT FACTS

This is a case about fraudulent conduct, misdirection, and racketeering activity orchestrated by Defendants to deprive Plaintiff of millions of dollars and his interest in Findora's intellectual property, which Plaintiff helped create. ¶ 1. Throughout this multi-year scheme, Plaintiff was lulled into trusting Defendants by their grandiose displays of wealth, plausible (but likely false) relationships with China's most elite businesspeople, and the intentional use of false names to purportedly avoid detection by the Chinese government. ¶¶ 35-41.

But this case is *not* one of mistaken identity. Plaintiff spent thousands of hours working alongside Defendants to buy and sell high-value watches, seek and obtain millions of dollars from investors, recruit prestigious cryptographers, and build a successful fintech company. ¶¶ 28, 69, 59. Hundreds of these hours were spent face-to-face—most frequently at Defendants' house located at 69 Isabella Avenue, Atherton, CA ("69 Isabella Ave.")—with numerous witnesses present, including employees and Defendants' own children. *See* Declaration of Ariel Abittan in Support of Plaintiff's Opposition to Motion to Dismiss ("Abittan MTD Decl.") [ECF No. 63]. Thousands of text messages were exchanged, not just with Plaintiff, but with Plaintiff's father, Dr. Abraham Abittan, too. *See, generally*, Abittan Decl.; Dr. Abittan Decl. Plaintiff and Defendants became so close that Defendants flew to New York to attend Plaintiff's brother's wedding (the invitation to which was mailed to Defendants' house at 69 Isabella Ave.). Abittan MTD Decl. ¶ 11.

Through their sophisticated counsel, however, Defendants now claim that Plaintiff suffers from a "substantive confusion of identities[.]" *See* Individual Defendants' and Temujin Labs Inc. (Cayman)'s Motion to Dismiss ("Motion to Dismiss") [ECF No. 53] at 3 n.4. But, at no point has Fenwick identified a name other than "Chao" or "Ding," for their clients who, as alleged, defrauded Plaintiff. Nor have Defendants provided any evidence to suggest that their clients, Chao and Ding, are the wrong parties in interest. To the contrary, after Plaintiff served a Document Preservation

1   Notice on Defendants (Ex. A), and after Plaintiff's counsel asked Fenwick to clarify which

2   defendants they represented (Ex. B), Fenwick responded: "[O]ur clients are aware of and are

3   abiding by their preservation obligations. On the issue of representation, we represent all defendants

4   (as we indicated to you before), and we are authorized to accept service on behalf of the Delaware

5   Temujin Labs entity." (Ex. C).  Fenwick subsequently admitted in a declaration filed in the Fu State

6   Action that Defendants are the "principal client representatives" for Temujin DE. (Ex. D at ¶ 4).

7          Accordingly, since filing the complaint on December 24, 2020, Plaintiff has made

8   reasonable and diligent attempts to serve Chao and Ding by both personal and mail service. *See*

9   Plaintiff's Opposition to Defendants' Motion to Dismiss [ECF No. 61]; *see also* Exhibits 1-4 of the

10  Declaration of Constantine P. Economides in Support of Plaintiff's Opposition to Defendants'

11  Motion to Dismiss [ECF No. 62]. Plaintiff's efforts to serve Defendants include **seven** different

12  attempts at personal service on January 17, 19, 25, 26, 27, 28, and March 18, 2021. S*ee* [ECF No.

13  62]; *see also* [ECF Nos. 25, 26]. And, on March 19, 2021, Plaintiff's process server mailed copies

14  of the summons and complaint—for service on Chao and Ding—to 69 Isabella Ave. [ECF Nos. 28,

15  29, 30].

16         Additionally, Plaintiff hired a private investigator to locate Defendants. *See* Declaration of

17  Kirsten Lee Soares (the "Soares Decl."). Plaintiff provided the investigator with the address 69

18  Isabella Ave. as the primary residence of Defendants, together with eight (8) other addresses that

19  Defendants claimed as their own secondary residential or commercial addresses, including:

20         •   133 Burns Avenue, Atherton, CA;

21         •   70 Barry Lane, Atherton, CA;

22         •   236 Park Lane, Atherton, CA;

23         •   8 Faxon First, Atherton, CA;

24         •   221 Atherton Avenue, Atherton, CA;

25         •   350 Sharon Park Drive, Menlo Park, CA;

26         •   2 Douglass Way, Atherton, CA 94027; and

27         •   121 SW Salmon Street, Suite 1100, Portland, OR.

28

- 3 -

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC

*Id.* at ¶ 3. Plaintiff also provided the investigator with seven phone numbers that he had personally used to communicate with Chao and Ding. *Id.*at ¶ 4. Using these addresses and phone numbers, the investigator conducted extensive database research to verify or locate a current residential or commercial address for Defendants. *Id.* at ¶ 4. During the course of her search, the investigator conducted an extensive investigation into each of these addresses, phone numbers, and the person(s) or entities associated with them (*id.* at ¶ 5); accessed numerous commercial data sources, open source materials and subscription-based people finder and public record databases regularly used by private investigation firms, including TLOxp and LexisNexis (*id.* at ¶ 6); accessed the property data source First American DataTree and recorded property documents available through county governments in various jurisdictions (*id.* at ¶ 7); conducted traditional internet searches through various search engines and looked for open social media accounts (*id.* at ¶ 8); conducted a people search through IRB Search, an online provider of address histories and other background records, looking for the subjects under all of their known aliases (*id.* at ¶ 9); and conducted searches at the office of the Recorder of San Mateo, the office of the Secretary of State of California, and the California Department of Motor Vehicles (*id.* at ¶ 10). The investigator's associate also observed 69 Isabella Ave. on multiple days at various times (*id.* at ¶ 11); conducted license plate searches of any car parked at the address (*id.* at ¶ 11); and investigated the corporate entities listed on the public filing related to 69 Isabella (*id.* at ¶ 12). The investigator determined that many of the assets connected to Defendants—from houses to cars—are owned by or registered to a different corporate entity. I*d.* at ¶12. At the conclusion of the search, the investigator had spent over **70 hours** conducting in-person and electronic investigations. *Id.* at ¶ 14. Despite these momentous efforts, the investigator was unable to definitively identify assets in the names used by Defendants or to definitely locate the whereabouts of Defendants. *Id.* at ¶ 16. And, consequently, Abittan was unable to effectuate service upon Defendants by personal or substitute service. *See* Order [ECF No. 78].

Another attempt was made when, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Plaintiff initiated service on Temujin Cayman via the Central Authority in the Cayman Islands. To ensure that Ding and Chao received notice, Plaintiff also sent additional copies

- 4 -

of the summons and complaint to be served on Ding and Chao c/o Temujin Cayman. The Central Authority has confirmed that service of all three sets of documents was completed on July 7, 2021. [ECF Nos. 80, 81, 82].

Moreover, after this action was initiated, Plaintiff's father, Dr. Abittan, continued communicating with Ding via text message at the number (650) 382-9869. *See* Declaration of Abraham Abittan ("Dr. Abittan Decl.") ¶ 6. Dr. Abittan texted Chao at the numbers (650) 850-9036 and, most recently, at (650) 334-8837. *Id.* ¶ 7. Dr. Abittan continued speaking directly with Ding, scheduling numerous meetings to talk about the facts of this case. *Id.* at ¶ 4. Dr. Abittan and Ding continued communicating about this case for months, until **Dr. Abittan** stopped responding, prompting Ding to accuse Dr. Abittan of "ignoring" him on April 14, 2021. *Id.* at ¶ 7.

Additionally, on December 24, 2020, Plaintiff sent a copy of the complaint to Fenwick via email and asked if they were authorized to accept service on behalf of their clients. (Ex. E). On December 29, Fenwick said they were checking with their clients. *Id.* And on January 20, Fenwick ultimately said they were authorized to accept service on behalf of Temujin DE (Ex. C)—the "principal client representatives" of which are Ding and Chao. (Ex. D).

Thus, although Defendants have evaded formal service, Plaintiff's attempts thus far have had the intended effect of notifying Ding and Chao of the lawsuit, prompting their retention of counsel to defend them in the litigation, and providing them with copies of the summons and complaint. Moreover, on April 21, 2021, attorneys from Fenwick represented all Defendants in entering into a scheduling stipulation. [ECF No. 44]. On May 28, 2021, attorneys from Fenwick, on behalf of the "individual defendants," filed a "Notice of Appearance as Counsel," "Certification of Interested Entities or Persons," and a "Consent to Magistrate Judge Jurisdiction" [ECF Nos. 50, 51, 52]. In sum, Defendants have actual notice of this action, and the absence of formal service has arisen from Defendants' evasion, despite Plaintiff's diligence.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure governs the service of a summons and complaint in federal court. The goal of Rule 4 is "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

unnecessary technicality in connection with service of process." *Electrical Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 161, at 216 (2d ed. 1987)). In order to satisfy this expansive reach, Rule 4(e)(1) allows federal courts located in California to authorize service of process in conformity with California law. Fed. R. Civ. P. 4(e)(1).

California law permits five basic methods of service: (1) personal delivery; (2) delivery to the party's usual residence or place of business (referred to as "substitute service"); (3) service by mail; (4) service on persons outside the state; and (5) service by publication. Cal. Civ. P. Code §§ 415.10-415.50. California also provides "a broad framework" for alternative means of service under Cal. Civ. P. Code § 413.30. *Aevoe Corp. v. Pace*, No. C-11-3215-MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (California code provides "a broad framework for alternative means of service" where the plaintiff took those steps a reasonable person who truly desired to give notice would have taken under the circumstances). Specifically, Cal. Civ. P. Code § 413.30 provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. P. Code § 413.30.

Accordingly, federal courts have the ability to "craft" methods of service, especially where, as here, there is evidence that a defendant is evading service. *See Mercury Cable & Energy, Inc. v. Wang Chen*, No. SA CV 12-1857-DOC (ANx), 2013 WL 12415691, at *2 (C.D. Cal. Jan. 7, 2013) (authorizing alternative service under Cal. Civ. P. Code § 413.30 on defendants who were aware of the action pending against them, but "appear[ed]  to be avoiding service"). *See also United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) (permitting alternative service under Cal. Civ. P. Code § 413.30); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (same); *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011) (same); *Balsam v. Angeles Tech. Inc.*, No. C 06-04114 JF (HRL), 2007 WL 2070297, at *3 (N.D.

- 6 -

1  Cal. July 17, 2007) (same); *Entrepreneur Media, Inc. v. Casey*, No. 8:18-CV-01058-JLS-AGR,

2  2018 WL 6424515, at *2 (C.D. Cal. Oct. 1, 2018) (same).

3  <u>**ARGUMENT**</u>[3]

4  A.  <u>**Service on Defendants' Counsel is Appropriate Under Cal. Civ. P. Code § 413.30**</u>

5        Fenwick represents every defendant in this action, has filed dispositive motions, has

6  negotiated with Plaintiff's counsel on behalf of Ding and Chao, and routinely communicates with

7  Defendants as the "principal client representatives" (Ex. D) of former co-defendant Temujin DE.

8  Moreover, while acting as the primary representatives of Temujin DE, Chao and Ding *expressly*

9  authorized Fenwick to accept service on Temujin DE's behalf in this action. *Id*. And yet, Chao and

10  Ding have withheld such authorization for personal service. Given the broad framework for

11  alternative service provided for by Cal. Civ. P. Code § 413.30, counsel for Defendants should be

12  directed to accept service on behalf of Ding and Chao because such service is reasonably calculated,

13  under the circumstances, to apprise Defendants of the pendency of this action.

14        Furthermore, service on Defendants' counsel does not violate due process. Due process

15  does not require a defendant to specifically authorize service on an agent, such as counsel. Instead,

16  "[t]he reasonableness and hence the constitutional validity of any chosen method may be defended

17  on the ground that it is in itself reasonably certain to inform those affected." *Mullane v. Central*

18  *Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950). Moreover, California courts have

19  consistently held that an attorney may be directed to accept service on behalf of a client where "the

20  attorney is already representing the party who was served" or "the serving party demonstrates that

21  the attorney's relationship with the served party was sufficiently close and enduring to make it

22  reasonably certain that [the served party] would be apprised of the service." *Clark v. Farris-Ellison*,

23  No. CV 19-8551-MWF-PLA, 2019 WL 8645757, at *2 (C.D. Cal., Dec. 12, 2019) (quoting *Warner*

24  *Bros. Records v. Golden W. Music Sales*, 36 Cal. App. 3d 1012, 1018 (1974)); *see also  Estate of*

25  *Moss*, 204 Cal. App. 4th 521, 533 (2012) (service proper on attorney where document "was filed

26  in the very same action in which [the a]ttorney was already representing" the served party); Service

27

28  [3] Plaintiff renews the arguments regarding "substantial compliance," as raised in Plaintiff's Opposition to Defendants' Motion to Dismiss [ECF No. 61].

1   of Summons, Cal. Prac. Guide Civ. Pro. Before Trial Ch. 4-D (service on a person's lawyer is

2   insufficient where the lawyer has "no actual or ostensible authority to accept service in the action"

3   except where "the attorney-client relationship is sufficiently close and enduring")).

4           The relationship between Defendants and Fenwick makes it a verifiable certainty that

5   service through Fenwick would apprise Defendants of this action (if, somehow, Defendants lack

6   notice despite receipt of the summons and complaint through various avenues and despite their

7   participation in this action through counsel). Fenwick has acknowledged that they represent Chao

8   and Ding in this action (Ex. C); that Chao and Ding are the "primary client representatives" of their

9   other client, Temujin DE (Ex D); and that Temujin DE has both authorized Fenwick to accept

10  service on its behalf in this action and been properly served with the summons and complaint (Ex.

11  C). It is thus highly probable that Defendants are actively directing this litigation and have received

12  the summons and complaint from Fenwick.

13          Moreover, Fenwick has fervently represented Chao and Ding throughout the pendency of

14  this litigation by, *inter alia*, negotiating stipulations on behalf of all defendants [ECF No. 44] and

15  filing dispositive motions to quash previous attempts at service on Chao and Ding [ECF No. 53].

16  In sum, Defendants already have actual notice of this lawsuit—obtained through the counsel they

17  share with Temujin DE—and therefore service on the same counsel is appropriate under Cal. Civ.

18  P. Code § 413.30 as reasonably calculated to provide Defendants with actual notice of these

19  proceedings.

20          **B.  <u>Service on Temujin DE's Agent for Service of Process is Appropriate</u>**

21          Courts uniformly view Cal. Civ. P. Code § 413.30 as allowing federal courts to "craft"

22  methods of service so long as they are "reasonably calculated, under all the circumstances, to

23  apprise interested parties of the pendency of the action and afford them an opportunity to present

24  their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). A

25  court's ability to authorize alternative service is particularly important in the modern era of remote

26  work environments that have made traditional services methods, such as substitute service,

27  ineffective in certain circumstances.

28

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For example, under traditional substitute service, Defendants could be served by delivering the case-initiating documents to their usual place of business—Temujin DE—in the presence of a person apparently in charge of the office. Cal. Civ. P. Code § 415.20(b). Although the term "usual place of business" is not defined, commentary to the statute indicates that it includes a defendant's "own business enterprise." Cal. Civ. Proc. § 415.20 judicial council's cmt. subdiv. b. In *Commercial Judgment Recovery Fund 1 LLC v. A2Z Plating Co.*,

the court deemed substitute service on the defendant's "usual place of business" effective where the defendant lived outside of the United States and his activity with the domestic business was limited to "brief visits of a couple of hours," but where defendant was the CEO at the time of service. No. SACV 11–0572 DOC (RNBx), 2011 WL 2941029, at *4 (C.D. Cal. July 15, 2011).

In *Coomes v. Shamji*, the Court found substitute service effective at defendant's "usual place of business" where the defendant had invested in the business and sporadically assisted the executive in charge of that business. 260 F. App'x. 988 (9th Cir. 2007). Similarly, in *J&J Sports Productions, Inc. v. Castellon*, service was properly completed at the defendant's "usual place of business"—a restaurant of which he was vice president and director—even though defendant worked full time for another business. No. 15-cv-01941-WHO, 2015 WL 6089898, at *2 (N.D. Cal. Oct. 16, 2015). Taken together, the breadth of the case law suggests that a defendant's "usual place of business" is any corporate office of a corporate entity with which he or she has at least some relationship that makes it reasonably certain that the defendant would be apprised of the service made upon them via the business.

Here, it is unclear what precise role or title Defendants hold in Temujin DE's corporate structure, but at a minimum, Chao and Ding caused the formation of Temujin DE in 2019 and thereafter orchestrated the execution of multiple contracts on behalf of Temujin DE and its parent, Temujin Cayman, including employment contracts, consulting agreements, and the purported purchase of the intellectual property associated with Findora. Compl. ¶¶ 95-102. And despite not legally owning Temujin DE or being listed on any publicly filed document as an officer or agent of Temujin DE, Temujin DE's own counsel acknowledges that Chao and Ding are the "principal

- 9 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

client representatives for Temujin DE." (Ex. D). This concession by Defendants' counsel is sufficient to establish that Temujin DE constitutes Chao's and Ding's "usual place of business" for affecting substitute service under Cal. Civ. P. Code § 415.20(b).

Substitute service, however, is impossible—and the invocation of Cal. Civ. P. Code § 413.30's provision for alternative service is thus necessary—where a defendant's usual place of business has "neither an office nor a door[.]" *See, e.g.*, *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002). Accordingly, because service of Chao and Ding would be appropriate at Temujin DE's headquarters as Defendants' "usual place of business," if such an office existed, Plaintiff requests leave to serve Defendants via Temujin DE's agent for service of process. Service on Temujin DE's agent for service of process is "reasonably calculated" to provide Defendants with notice of this action. Indeed, as the "primary client representatives for Temujin DE," Chao and Ding have certainly already received the summons and complaint from Temujin DE, which already appeared in this action and expressly authorized Fenwick to accept service on its behalf. Because service of process via Temujin DE's agent for service of process comports with constitutional notions of due process, this method of alternative service is appropriate under the circumstances.

### C. Service Via Text Message is Appropriate Under Cal. Civ. P. Code § 413.30

While the California Code includes no explicit provision for service by text message, California federal courts have uniformly recognized that service by electronic means is often appropriate and necessary. *See e.g., United Health Servs., Inc.*, 2013 WL 843698, at *2 (ordering service via email under Cal. Civ. P. Code § 413.30); *Facebook, Inc.*, 2012 WL 1038752, at *3 (permitting electronic service where there was evidence that defendants engaged in internet-based commercial activities and relied on email as a means of communication); *Aevoe Corp.*, 2011 WL 3904133, at *2 (granting leave to serve by email where defendant previously communicated with plaintiff via email and defendant had actual notice of the lawsuit); *Balsam*, 2007 WL 2070297, at *3 (ordering service via email under Section 413.30, even where the email addresses were not confirmed to belong to defendants); *Entrepreneur Media, Inc.*, 2018 WL 6424515, at *2 (holding

- 10 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

that a sufficient showing for email service was made when plaintiff has been unable to locate and serve defendant personally); *Mercury Cable & Energy, Inc.,* 2013 WL 12415691, at *2 (authorizing service via email on defendants who were aware of the action pending against them, but "appear[ed] to be avoiding service").

In *Creative Intellects v. Haygood*, the court authorized email and text message service, noting that the "circumstances of each case dictate whether a particular form of alternative service is reasonably calculated to provide actual notice" as required under Cal. Civ. P. Code § 413.30. No. 2:21-CV-02670-RGK-AFM, 2021 WL 3568237, at *3 (C.D. Cal. July 23, 2021). Specifically, the court found that email service was the most effective way to reach defendant, and thus an appropriate method of service, because plaintiff had reason to believe defendant's email address was valid given that plaintiff had sent numerous emails to the address without receiving a "bounce back" email and because defendant admitted to having received an email from plaintiff at the address. *Id.* The court also authorized concurrent service via text message, noting that text message service "add[ed] to the likelihood that service will be effective." However, because the plaintiff could not confirm that the phone number was a cell phone (capable of receiving texts) rather than a landline, the court noted that a text alone was not reasonably calculated to give actual notice. *Id.*

This rationale supports service by text on Defendants Ding and Chao. Plaintiff has valid cell phone numbers used to exchange texts with Defendants, and texting was the most effective communication medium between Plaintiff and Defendants.[4] Thus, text message is the most effective way to provide [additional] notice to Defendants.

**D. Service By Publication is Appropriate Under Cal. Civ. P. Code § 415.50**

Even though service through counsel, Temujin DE's agent for service of process, and via text message would provide notice and comport with due process, Plaintiff requests, out of an abundance of caution, alternative service via publication. Under California law and "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort'

---

[4] To a lesser degree, Plaintiff has emailed with Ding and Chao at damien@findora.org and lily@eian.io, respectively. In an abundance of caution—if the Court deems necessary—Plaintiff can also serve copies of the summons and complaint via email to those email addresses.

1
2
3
4
5
6
7
8
9

when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Indian Hills Holdings, LLC v. Frye,* 337 F.R.D. 293, 299 (S.D. Cal. 2020) (citing *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018)). Under Section 415.50 an individual may be served by publication  only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and that *either* (1) "[a] cause of action exists against the party upon whom service is to be made or ... she is a necessary or proper party to the action" or (2) "[t]he party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court." *Id.*

10
11
12
13
14
15
16
17
18
19
20
21
22

In order to show diligence, a plaintiff need only make two or three attempts at personal service. *See Green v. Ara Yavruyan, et al.*, No. 21CV1045-GPC(BLM), 2021 WL 4034194, at *2 (S.D. Cal. Sept. 3, 2021).  "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, [voter registries, and assessor's office property indices situated near the defendant's last known location], generally are sufficient." *Id.*; *see also Am. Express Centurion Bank v. Zara,* 199 Cal. App. 4th 383, 389 (2011) (two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as "reasonable diligence"); *Rodriguez v. Cho,* 236 Cal. App. 4th 742, 750 (2015) (three attempts to serve a defendant at his place of business was reasonably diligent to warrant substituted service); *Espindola v. Nunez,* 199 Cal. App. 3d 1389, 1391-92 (1988) (finding reasonable diligence after Plaintiff hired a private investigator to locate and make three attempts to serve Defendant his residence).

23
24
25
26
27

In addition to eight attempts at personal service, Plaintiff also incurred additional effort and expense to retain a private investigation firm to locate Defendants, to no avail. Consequently, it is beyond dispute that Plaintiff has taken "those steps which a reasonable person who truly desired to give notice would have taken under the circumstances," and that

28

1   this element of service by publication has been met. *Donel, Inc. v. Badalian,* 87 Cal. App. 3d
2   327, 333 (1978).

3        The second required showing under Cal. Civ. P. Code § 415.50(a) that a "cause of
4   action exists against the party upon whom service is to be made" can be established through a
5   declaration "containing a statement of some fact which would be legal evidence, having some
6   appreciable tendency to make the jurisdictional fact appear. ..." *Harris v. Cavasso,* 68 Cal.
7   App. 3d 723, 726 (1977). Proof of these claims is not a requirement, merely a quantum of
8   evidence showing that a cause of action exists against each Defendant. *Id.;* Cal. Civ. P. Code
9   § 415.50(a). In the instant action, Plaintiff states numerous causes of action against
10  Defendants, one of which is Fraud. ¶¶ 188-194. As more fully laid out in the Complaint and in
11  the Abittan Declaration (filed concurrently with this Motion),[5] Ding and Chao, acting in their
12  own capacities and on behalf of Temujin Labs Inc. (Delaware) and Temujin Labs Inc. (Cayman) in
13  certain instances made repeated false and fraudulent misrepresentations and omissions to Plaintiff
14  regarding, *inter alia*, personal expenditures on Plaintiff's credits cards, including that Chao would
15  reimburse Plaintiff for all expenditures on these cards and that the cards would be used entirely for
16  business purposes. *See* Abittan Decl. at ¶¶ 9-10. These representations were false, as Ding and Chao
17  always planned to rack up hefty expenditures for both business and personal purposes on Plaintiff's
18  credit cards and leave Plaintiff stuck with the tab. *Id.* at ¶ 10. When Defendants made these
19  representations and omissions, they knew that they were false. *Id.* These representations and
20  omissions were made with the intent to defraud and deceive. *Id.* at ¶ 11. Plaintiff's reliance on
21  Defendants' misrepresentations and omissions was justifiable. *Id.* at ¶ 12. As a result of Defendants'
22  fraudulent misrepresentations and omissions, Chao was able to incur at least $365,622.60 in
23  expenses on Plaintiff's American Express card without his authorization, resulting in, among other
24  damages, a lawsuit against Plaintiff by American Express. *Id.* at ¶ 13 and Ex. A thereto.

25       Accordingly, service can be made by publication of the summons in a California newspaper
26  of general circulation that is most likely to give actual notice to the party to be served for the period

27
28  [5] Plaintiff renews the arguments showing that Plaintiff states thirteen causes of action, as raised in Plaintiff's Opposition to Temujin Labs Inc. (Delaware)'s Motion to Dismiss [ECF No. 36].

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC

1   of once a week for four successive weeks with five days intervening between the respective

2   publication dates. Cal. Civ. P. Code § 415.50(b); Cal. Gov. Code § 6060. Thus, because Ding and

3   Chao's last known residence was in Atherton, California, where their children are known to attend

4   Sacred Hearts School (*see* Abittan Decl. ¶ 3), Plaintiff requests an order for publication in the San

5   Jose Mercury News, the local newspaper service covering San Mateo County, which includes the

6   township of Atherton.

7   ### E.  <u>Additional Time Should Be Permitted For Serving Defendants</u>

8          Rule 4(m) *requires* a district court to grant an extension of time to serve a defendant when

9   a plaintiff shows good cause for the delay, and *permits* the district court to grant an extension even

10  in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007); *see also In*

11  *re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) ("First, upon a showing of good cause for the

12  defective service, the court must extend the time period. Second, if there is no good cause, the court

13  has the discretion to dismiss without prejudice or to extend the time period."). "Good cause" is

14  generally equated with "diligence*." Lawrence v. City & Cty. of San Francisco*, No. 14-CV-00820-

15  MEJ, 2016 WL 5869760, at *4 (N.D. Cal. Oct. 7, 2016) (quoting *Townsel v. Contra Costa Cty.,*

16  *Cal.*, 820 F.2d 319, 320 (9th Cir. 1987)). Courts also may consider factors such as prejudice to the

17  defendant, actual notice of a lawsuit, and eventual service. *Id.* (citing *Lemoge v. United States*, 587

18  F.3d 1188, 1198 (9th Cir. 2009).

19         Given the efforts of Plaintiff to serve Defendants outlined above, along with Defendants'

20  own efforts to evade service, Plaintiff has met the standard of "good cause" warranting an extension

21  of time to serve Chao and Ding. Moreover, no plausible prejudice could possibly result to

22  Defendants by extending the time to serve given that they already possess the summons and

23  complaint and have retained counsel, who in turn, have appeared and sought relief in this action.

24         Accordingly, Plaintiff requests the Court grant an extension to effectuate service on

25  Defendants in accordance with the alternative service requested herein.

26

27

28

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC

1

## **CONCLUSION**

2      For the foregoing reasons, Plaintiff respectfully requests, pursuant to Rules 4(e) and 4(m),

3 that the Court issue an order allowing 60 days to effectuate service on Chao and Ding and permitting

4 service via one of the following methods:

5   1.   serving a copy of the documents on Defendants' counsel;

6   2.   serving a copy of the documents on Temujin DE's registered agent for service of process;

7   3.   texting [and/or emailing] Defendants' respective cell phone numbers [and/or email

8        addresses] with a link to the service documents; and

9   4.   publishing the summons in the San Jose Mercury four times with five days in between each

10       publication.

11 Dated: September 20, 2021                    **ROCHE FREEDMAN LLP**

12                                              */s/ Constantine P. Economides*
                                               Constantine P. Economides (pro hac vice)
13                                             (Florida Bar No. 118177)
                                               ROCHE FREEDMAN LLP
14                                             1 SE Third Avenue, Suite 250
                                               Miami, Florida 33131
15                                             Tel: (305) 971-5943
                                               Email: ceconomides@rcfllp.com
16

17                                             Katherine Eskovitz (CA Bar No. 255105)
                                               Brianna Pierce (CA Bar No. 336906)
18                                             ROCHE FREEDMAN LLP
                                               1158 26th Street, Suite 175
19                                             Santa Monica, CA 90403
                                               Email: keskovitz@rochefreedman.com
20                                             bpierce@rochefreedman.com

21                                             Joseph M. Delich (pro hac vice)
                                               ROCHE FREEDMAN LLP
22                                             (NY Bar No. 5487186)
                                               99 Park Avenue, Suite 1910
23                                             New York, NY 10016
                                               Tel: (646) 970-7541
24                                             Email: jdelich@rochefreedman.com

25                                             *Counsel for Plaintiff,*
                                               *Ariel Abittan*
26

27

28

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC