# EXHIBIT B



4 Embarcadero Center, Suite 1400   415.779.2586 General
San Francisco, CA 94111   415.306.8744 Fax

bryan@altolit.com
www.altolit.com

January 8, 2021

*Via Electronic Mail*

Felix Lee
flee@fenwick.com

      Re:    *Abittan v. Chao, et al.*, Case No. 5:20-cv-09340 (N.D. Cal.)

Dear Felix:

      As you know, we represent Ariel Abittan in the above-referenced litigation. I write to inquire as to the scope of your firm's representation in this matter and to raise concerns regarding the apparent spoliation of evidence by your clients

## Who Does Fenwick Represent?

      On December 20, we sent you a draft complaint. Our respective teams then spoke a number of times before the Christmas holiday. One such call was on December 21 at 7pm. During that call, my partner Bahram Seyedin-Noor asked you which parties Fenwick & West represents, to which you replied: "All the defendants in your complaint."

      Now that the complaint has been filed, please confirm that Fenwick continues to represent "[a]ll the defendants," including: (a) Lily Chao; (b) Damien Ding; (c) Temujin Labs Inc. (Delaware); and (d) Temujin Labs Inc. (Cayman).

      Relatedly, you informed us during our conversations that you believed Defendant Chao and Tiffany Chen are different individuals. Now that you have, presumably, had a chance to both review the various text messages we discussed during our conversations, and discuss the other allegations in our client's complaint with your clients, please let us know whether you still believe that "Lily Chao" and "Tiffany Chen" are different people. Regardless of your answer to the foregoing, please let us know what steps, if any, you have taken to verify the identity of your clients given the issues we have raised.

## What Steps Are Fenwick and Its Clients Taking to Preserve Documents?

      Based on your statement that Fenwick represents "[a]ll the defendants" in this matter, on December 21, we sent you a "Document Preservation Notice" ("Notice") reminding you, and informing your clients, of litigants' and prospective litigants' duties to preserve documents and information potentially relevant to claims and defenses in pending and/or



Jan. 8, 2021
Page 2 of 4

imminent litigation. In that Notice, we specifically called out "Telegram" and "Other Social Media Accounts" as potential repositories of relevant materials that must be preserved.

I mention Telegram in particular given the great deal of activity on the Findora Telegram accounts in the lead up to, and during, Findora's Initial Coin Offering ("ICO"). Our firm regularly has been monitoring your clients' Telegram accounts, and we have been alarmed to see a number of posts apparently being ***deleted by your clients even after we sent our December 21 Notice***. For example, note the following messages which appear to have been "Deleted" by a Findora "admin" named "Edna":



We suspect that "Edna" is Defendant Chao. Whoever it is, "Edna" clearly is an "Admin" of the Findora Telegram account, meaning that it is an individual under the control of your client, Temujin. Furthermore, at least some of the "deleted" messages seem to have been part of conversations that expressly reference the litigation between the parties. Accordingly, we request that you immediately instruct each of your clients to:

- Stop deleting messages on Findora-controlled Telegram accounts;

- Make best efforts to recover and preserve any previously-deleted messages; and

- Not delete any other documents or information potentially relevant to the claims or defenses in the state or federal litigation currently pending between our respective clients.

We also reiterate our request that you immediately make forensic images of the hard drives of the computers belonging to or used, from 2015 through the present, by the following individuals (as well as the individuals who use the handles "Edna" and "Crypto Long" on Telegram):  Defendant Chao; Defendant Ding; Jianrong Wang; Selena Chen; and Guanghua Liang.  To the extent you or your client, Defendant Chao, contend that they are different people from Defendant Chao, we also request that you immediately make forensic images of the hard drives of the computers belonging to or used by Tiffany Chen or Yuting Chen.  Similarly, to the extent you or your client, Defendant Ding, contend that he is a different person from Defendant Ding, we also request that you immediately make forensic images of the hard drives of the computers belonging to or used by Damien Leung.

Given the thousands of relevant text messages that your clients sent during the relevant time period, we further request that you immediately make forensic images of the phones belonging to or used by the same group of individuals from 2015 through the present.

### Has Fenwick Advised Findora on the ICO?

Following the December 21 call, our teams spoke again on December 22 at 7pm.  During that call, Bahram asked whether Fenwick has advised Findora on its ICO, but neither you nor your colleagues responded.  Findora's current management team—including Defendants Chao and Ding—have made and continue to make material misrepresentations to the public about Findora, on Telegram and elsewhere.  *See, e.g.*, Compl. ¶¶ 120-133.  And the "owner" of the Findora Telegram account ("Crypto Long," likely Defendant Ding), has held out Fenwick & West as "a reputable Silicon Valley Law firm" that would "never work with a scam to tarnish their name":

> **Crypto Long**  *owner*
> We observed there have been attacks aiming to harm Findora's technological and financial success since Oct 2020. Findora Foundation quickly initiated litigation against such unlawful attacks to protect all stakeholders' interest. The legal actions are conducted by Fenwick & West, a reputable Silicon Valley law firm. Fenwick and West, will never work with a scam to tarnish their name.
> *edited 11:42 PM*

Please confirm whether Fenwick has been, or is currently, advising Findora in connection with its pending ICO.  Relatedly, please confirm whether Fenwick sees any



Jan. 8, 2021
Page 4 of 4

conflict of interest in simultaneously representing Defendants Chao and Ding on the one hand, and Temujin on the other hand, at a time when Defendants Chao and Ding are causing Temujin to violate federal and state securities laws, thus opening Temujin up to massive liability.

\* \* \*

Particularly in light of apparently-ongoing spoliation of evidence by your clients, we appreciate your immediate attention to the foregoing. We respectfully request your response to the questions set forth above, as well as an update on your clients' document preservation and recovery efforts, by next Tuesday, January 12.

We are, of course, happy to discuss the foregoing via teleconference as well.

Sincerely,



Bryan Ketroser, Esq.