Katherine Eskovitz (CA Bar No. 255105)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
Email: keskovitz@rochefreedman.com
        bpierce@rochefreedman.com

Constantine P. Economides (*pro hac vice*)
Florida Bar No. 118177
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email:  ceconomides@rochefreedman.com

Joseph M. Delich (pro hac vice)
ROCHE FREEDMAN LLP
(NY Bar No. 5487186)
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: (646) 970-7541
Email: jdelich@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, | Case No. 5:20-CV-09340-NC |
| PLAINTIFF, | |
| v. | **DECLARATION OF ARIEL ABITTAN** |
| LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), | |
| DEFENDANTS, | |
| and | |
| EIAN LABS INC., | |
| NOMINAL DEFENDANT. | |

DECLARATION OF ARIEL ABITTAN | CASE NO. 5:20-CV-09340-NC

I, Ariel Abittan, declare as follows:

1. I am over the age of 18, reside in New York, am competent to testify, and give this declaration based on my personal knowledge.

2. Over the course of my five-year relationship with Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao") and her husband Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"; collectively, "Defendants"), I was invited to stay at their home, 69 Isabella Avenue, Atherton, CA 94027 ("69 Isabella Ave.") on numerous occasions. *See* Declaration of Ariel Abittan in Support of Plaintiff's Opposition to Motion to Dismiss [ECF No. 63].

3. Defendants repeatedly told me that 69 Isabella Ave. was their primary residence. Defendants lived at the address with their two children, both of whom I learned attended Sacred Heart Schools in Atherton. I learned from Defendants that they donated money to the school in honor of their children.[1]

4. Defendants also told me they owned many other homes and offices, including:

- 133 Burns Avenue, Atherton, CA;
- 70 Barry Lane, Atherton, CA;
- 236 Park Lane, Atherton, CA;
- 8 Faxon First, Atherton, CA;
- 221 Atherton Avenue, Atherton, CA;
- 350 Sharon Park Drive, Menlo Park, CA;
- 2 Douglass Way, Atherton, CA 94027; and
- 121 SW Salmon Street, Suite 1100, Portland, OR.

5. At all times, Defendants' primary mode of communication was text message.

---

[1] *See also* https://issuu.com/sacredheartschoolsatherton/docs/annual_report_2015-2016 at p 25.

6. I sent and received text messages from Ding at the following numbers:

- (650) 937-9228
- (650) 382-9869
- (929) 251-3781

7. I sent received text messages from Chao at the following numbers:

- (650) 512-9453
- (650) 850-9036
- (650) 334-8837
- (415) 568-0486

8. Through text message and other means, Defendants made numerous (false) statements to me, including, *inter alia*, communications regarding:

   a. Chao's unauthorized use of my credit card for her personal expenses and her promise to repay the expenditures;

   b. Representations that Defendants were on the brink of closing deals to raise hundreds of millions of dollars for Findora from a variety of well-known individuals and entities including Jack Ma's wife and other "famous guys"; and,

   c. Promises that investors I secured (many of whom were my family members and friends) would be repaid within ninety days of their investment and that their investments were secure.

9. These representations were false. Defendants did not fully reimburse me for their personal expenses. Defendants also refused to provide any documentary evidence to substantiate that they secured investments they had claimed to secure. And, my investors were never repaid. In sum, Defendants made multiple false representations.

10. I believe Defendants made these representations to perpetrate their narrative of grandiose wealth and induce me into to raising substantial amounts of money from my own family and friends. I ultimately raised $1,200,000.

11. After years of witnessing defendants' grandiose lifestyle, I justifiably believed their representations about wealthy connections. And Defendants representations were a substantial reason why my network was willing to invest in the Findora project.

12. I have been damaged as a result of Defendants' lies and omissions in many ways, including (but not limited to) the incursion of, *inter alia*, a $365,622 American Express credit card bill, which resulted in the filing of a lawsuit against me by American Express. *See* Exhibit A attached hereto, which is a true and correct copy of the Summons and Complaint filed against me in the Supreme Court of Nassau County in New York State, *American Express National Bank v. Ariel Abittan* et al., No. 602466/2020 (filed on Feb. 18, 2020). I have also been deprived of my rightful interest in Findora, the company I helped found and grow with Defendants.

13. I observed my father texting Ding and Chao numerous times. Most recently, I am aware that my father texted with Ding about this lawsuit in March of 2021 at the number (650) 382-9869. My last communication with Ding was also at this number.

14. I am also aware that my father texted Chao before and after the commencement of this lawsuit at the numbers (650) 850-9036 and (650) 334-8837. My last communication with Chao was at (650) 334-8837.

15. I also communicated with Ding and Chao via email. Defendants both had several email addresses that changed as the names of the companies changed; however, most recently, I

sent emails to and received emails from Ding at damien@findora.org. I also sent emails to and received emails from Chao at lily@eian.io.

16. I declare under penalty of perjury that the foregoing is true and correct. Executed on September 20, 2021 at Lawrence, New York.

_____
Ariel Abittan