# EXHIBIT A

## CONSUMER CREDIT TRANSACTION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

———————————————————————

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | Index No.: |
| Plaintiff, | SUMMONS |
| -against- | Plaintiff's Address: |
| | 115 W. Towne Ridge Parkway |
| ARIEL ABITTAN a/k/a | Sandy, UT 84070 |
| ARIEL MICHAEL ABITTAN and | |
| PROJECT REVOLUTION FUND, INC., a | |
| Delaware Corporation, d/b/a REVOLUTION | |
| FUND INC | |
| | |
| 247 E Juniper Circle | The Basis of the venue designated is |
| Lawrence, NY 11559 | Defendant's Residence. |
| Defendant(s). | |

———————————————————————

**TO THE ABOVE NAMED DEFENDANT**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after completion of service where service is made in any other manner than by personal delivery within the state. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint. The basis of venue is the defendant's residence.

Dated: 02/13/2020

Doyle & Hoefs, LLC

_____
Michael J. Hoefs, Esq.
2043 Springwood Road
York PA 17403
(833) 247-6258
Contact@doylehoefs.com
Attorneys for Plaintiff

This communication is from a debt collector.

Reference No.: 19102059

Case 5:20-cv-09340-NC   Document 85-1   Filed 09/20/21   Page 3 of 7

CONSUMER CREDIT TRANSACTION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

_____

AMERICAN EXPRESS NATIONAL BANK          INDEX NO.:

                                    Plaintiff,

            -against-

ARIEL ABITTAN a/k/a
ARIEL MICHAEL ABITTAN and
PROJECT REVOLUTION FUND, INC., a
Delaware Corporation, d/b/a REVOLUTION
FUND INC,

                        Defendant(s).                    **COMPLAINT**

_____

        Plaintiff, American Express National Bank ("Plaintiff") by its attorneys, Doyle & Hoefs,
LLC, as and for its complaint herein against defendant, Ariel Abittan a/k/a Ariel Michael Abittan
("Defendant") and Project Revolution Fund, Inc. a Delaware Corporation, d/b/a Revolution Fund
Inc. ("Company Defendant") (collectively referred to as "Defendants"), hereby allege as follows:

    1.   At all relevant times, Plaintiff is a national bank organized under the laws of the United
States, with its headquarters located at 115 W. Towne Ridge Parkway, Sandy, UT 84070.

    2.   Plaintiff is the original creditor.

    3.   Upon information and belief, at all relevant times Defendant was and is an individual
residing in the County of Nassau in the State of New York.

    4.   Upon information and belief, at all relevant times Company Defendant was and is a
corporation, incorporated in the State of Delaware with an address of incorporation at 2140
South Dupont Highway, Camden, DE 19934.

    5.   Defendants applied for and received a Credit Card (the "Credit Card") issued by Plaintiff
that enabled Defendants to charge items to an account number ending in 3003 (the "Account").

    6.   At all relevant times Defendants were the holders of the Account, and thus is responsible
for paying all amounts charged to the Account.

7. By accepting and using the Credit Card Defendants agreed to all of the terms and conditions set forth in the Cardmember Agreement (the "Agreement").

8. Plaintiff sent and Defendants received the Agreement when Defendants received the Credit Card.

9. Defendants used the Credit Card to charge various items to the Account for which payment was not made.

10. Plaintiff sent or otherwise made available monthly statements (the "Statements") to Defendant for the Account, which showed the amount due on the Account.

11. Defendants failed and refused to make the payments to Plaintiff as set forth in the Statements. As a result, Plaintiff suspended the charge privileges on the Account of Defendant.

12. The current balance with respect to the Account owed by Defendants to Plaintiff is $365,622.60.

### AS AND FOR THE FIRST CAUSE OF ACTION
### Breach of Contract (Defendant)

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this complaint as though fully set forth at length herein.

14. In violation of the Agreement requiring payment in full of the amount due on the Account Defendant has failed and refused to make the payments to Plaintiff as set forth in the Statements. As a result, Plaintiff suspended the charge privileges on the Account of Defendant.

15. Defendant agreed to pay for all items charged to the Account. In addition Defendant agreed to pay Plaintiff court costs in the event Plaintiff referred the Account to outside attorneys for collection.

16. As set forth above, Defendant is currently indebted to Plaintiff for unpaid charges in the amount of $365,622.60.

17. Despite Due demand Defendant has failed and refused to pay any portion of the amount due and owing.

18. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for breach of contract in the sum of $365,622.60, in addition or any court costs.

## AS AND FOR A SECOND CAUSE OF ACTION
### Account Stated (Defendant)

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 of this complaint as though fully set forth at length herein.

20. Plaintiff duly issued and sent or otherwise made available to Defendant the Statements, which set forth in detail all items charged to the Account and the total amount due and owing by Defendant to Plaintiff on the Account.

21. Defendant received the Statements without protest and neither objected to them nor indicated that they were erroneous in any respect.  Defendant thereby acknowledged that the debt owed to Plaintiff, as set forth in the Statements, is true and correct.

22. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for an account stated in the sum of $365,622.60, in addition to any court costs.

## AS AND FOR A THIRD CAUSE OF ACTION
### Unjust Enrichment (Defendant)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 of this complaint as though fully set forth at length herein.

24. Defendant benefitted from all of the charges made to the Account, has acknowledged receipt of those benefits, and has failed to pay for same.

25. Given the failure of Defendant to make payment for the outstanding balance owed with respect to the Account, and the fact that Defendant was the beneficiary of all items charged to the Account, Defendant would be unjustly enriched to Plaintiff's detriment unless judgment is entered for the full balance due and owing on the Account.

26. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant for unjust enrichment in an amount to be determined at trial, in addition to any court costs.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### Breach of Contract (Company Defendant)

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 of this complaint as though fully set forth at length herein.

28. In violation of the Agreement requiring payment in full of the amount due on the Account Company Defendant has failed and refused to make the payments to Plaintiff as set forth in the Statements.  As a result, Plaintiff suspended the charge privileges on the Account of Company Defendant.

Case 5:20-cv-09340-NC   Document 85-1   Filed 09/20/21   Page 6 of 7

29. Company Defendant agreed to pay for all items charged to the Account.  In addition Company Defendant agreed to pay Plaintiff court costs in the event Plaintiff referred the Account to outside attorneys for collection.

30. As set forth above, Company Defendant is currently indebted to Plaintiff for unpaid charges in the amount of $365,622.60.

31. Despite Due demand Company Defendant has failed and refused to pay any portion of the amount due and owing.

32. By reason of the foregoing, Plaintiff is entitled to judgment against Company Defendant for breach of contract in the sum of $365,622.60, in addition or any court costs.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Account Stated (Company Defendant)

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this complaint as though fully set forth at length herein.

34. Plaintiff duly issued and sent or otherwise made available to Company Defendant the Statements, which set forth in detail all items charged to the Account and the total amount due and owing by Company Defendant to Plaintiff on the Account.

35. Company Defendant received the Statements without protest and neither objected to them nor indicated that they were erroneous in any respect.  Company Defendant thereby acknowledged that the debt owed to Plaintiff, as set forth in the Statements, is true and correct.

36. By reason of the foregoing, Plaintiff is entitled to judgment against Company Defendant for an account stated in the sum of $365,622.60, in addition to any court costs.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Unjust Enrichment (Company Defendant)

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 of this complaint as though fully set forth at length herein.

38. Company Defendant benefitted from the charges made to the Account, has acknowledged receipt of those benefits, and has failed to pay for same.

39. Given the failure of Company Defendant to make payment for the outstanding balance owed with respect to the Account, and the fact that Company Defendant was the beneficiary of all items charged to the Account, Company Defendant would be unjustly enriched to Plaintiff's detriment unless judgment is entered for the full balance due and owing on the Account.

40. By reason of the foregoing, Plaintiff is entitled to judgment against Company Defendant for unjust enrichment in an amount to be determined at trial, in addition to any court costs.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

A. On the first cause of action of the complaint, Plaintiff requests judgment in the sum of $365,622.60, plus court costs;

B. On the second cause of action of the complaint, Plaintiff requests judgment in the sum of $365,622.60, plus court costs;

C. On the third cause of action of the complaint, Plaintiff requests judgment in an amount to be determined at trial plus court costs;

D. On the fourth cause of action of the complaint, Plaintiff requests judgment against Company Defendant in the sum of $365,622.60, plus court costs;

E. On the fifth cause of action of the complaint, Plaintiff requests judgment against Company Defendant in the sum of $365,622.60, plus court costs;

F. On the sixth cause of action of the complaint, Plaintiff requests judgment against Defendant in an amount to be determined at trial plus court costs; and

G. For such other and further relief as this Court deems just and proper.

Dated: 02/13/2020

DOYLE & HOEFS, LLC

By: _____
Michael J. Hoefs, Esq.
2043 Springwood Road
York PA 17403
(833) 247-6258
Attorneys for Plaintiff

This communication is from a debt collector.