Katherine Eskovitz (CA Bar No. 255105)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
Email: keskovitz@rochefreedman.com
      bpierce@rochefreedman.com

Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email: ceconomides@rochefreedman.com

Joseph M. Delich (pro hac vice)
ROCHE FREEDMAN LLP
(NY Bar No. 5487186)
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: (646) 970-7541
Email: jdelich@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN, <br><br> PLAINTIFF, <br><br> v. <br><br> LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), <br><br> DEFENDANTS, <br><br> and <br><br> EIAN LABS INC., <br><br> NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC <br><br> **DECLARATION OF ABRAHAM ABITTAN** |

I, Abraham Abittan, declare as follows:

1. I am over the age of 18, reside in New York, am competent to testify, and give this declaration based on my personal knowledge.

2. In or around 2017, I came to know Lily Chao (a/k/a



Tiffany Chen, a/k/a Yuting Chen) ("Chao") and her husband Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"; collectively, "Defendants") through my son, Ariel Abittan, and their evolving business ventures.

3. In or around July 2018, based on material statements made by Defendants about the strength of the Findora project and the investments already in place, my friends and family invested substantial sums of money in Findora. When promised returns were not made, I began speaking directly with Defendants about the business.

4. Around that same time, I also became aware that Defendants were using my son's credit cards for their personal expenses, and I communicated with Chao and Ding about paying off the balance of the credit cards.

5. I communicated with Defendants via text message or phone, and flew to meet them in person in March of 2019 to discuss the investor returns and credit card issues.

6. I always scheduled calls and meetings with Defendants via text message.

7. At all times, Defendants' primary mode of communication was text message.

8. I do not remember ever emailing with either Ding or Chao.

9. I always texted Ding at (650) 382-9869.

10. I texted Chao at (650) 850-9036 and, most recently, at (650) 334-8837.

11. My last communication with Chao was on October 21, 2020 when we discussed the credit card balance, and Chao represented that she was going to send my son $100,000 (despite owing hundreds of thousands more).

12. After this lawsuit was commenced, I continued texting Chao at both numbers, but she did not respond. When I asked her husband—Ding—why Chao was not responding, he always texted that it was due to illness or having a busy schedule. He never said that Chao had changed her number or made me think that Chao wasn't aware that I was trying to contact her.

13. Eventually it became clear that Chao was not going to return my texts or calls, and that Ding would be my primary contact going forward.

14. I believe that Ding was relaying all my communications to Chao.

15. Thus, I continued texting substantively with Ding at the same number for months after this lawsuit was commenced. In one instance, I texted Ding that we should leave it to the lawyers. Ding texted back: "Up to you."



16. Eventually I became frustrated with Ding's obfuscation, and I stopped engaging with him. My last communication from Ding was on March 14, 2021 when Ding texted that I was "ignoring" him.

17. I declare under penalty of perjury that the foregoing is true and correct. Executed on September 20, 2021 at Lawrence, New York.

*9/20/21*

Abraham Abittan

DECLARATION OF ABRAHAM ABITTAN | CASE NO. 5:20-CV-09340-NC