**CULHANE MEADOWS PLLC**
13101 Preston Road, Ste. 110-1510
Dallas, Texas 75240
Millicent Meroney (State Bar No. 151304)
Telephone: 512-585-0912
mMeroney@cm.law
Caroline Morgan (*Pro Hac Vice pending*)
Telephone: 917-635-4940
cmorgan@cm.law
Jingjing Ye (*Pro Hac Vice pending*)
Telephone: 469-410-5232
jye@cm.law
Lawrence Kass (*Pro Hac Vice to be filed*)
Telephone: (914) 564-5694
lkass@cm.law
Attorneys for Defendants,
LILY CHAO ET AL.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, | Case No.: 5:20-cv-09340-NC |
| PLAINTIFF, | **NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME** |
| v. | Magistrate Judge: Nathanael M. Cousins |
| LILY CHAO ET AL, | |
| DEFENDANTS, | |
| and | |
| EIAN LABS INC., | |
| NOMINAL DEFENDANT. | |

**NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME**

**TO ALL PARTIES AND TO THEIR COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to Civil Local Rule 6-1(b), Civil Local Rule 6-3, and Federal Rules of Civil Procedure Rule 6(b), Defendants Lily Chao, Damien Ding, and Temujin Labs Inc. a Cayman Corporation ("Temujin Cayman") (collectively "Defendants"), respectfully request the Court grant an extension to respond to the Complaint up and until October 29, 2021,

The instant motion is based on this Notice of Motion and Motion, and the below and the supporting Declaration of Millicent Meroney Lundburg.[2]

Respectfully submitted,

DATED: September 30, 2021

CULHANE MEADOWS PLLC
Millicent S. Meroney

By: /s/ Millicent S. Meroney

Defendants respectfully request the Court grant an extension to respond to the Complaint up and until October 29, 2021, and state as follows:

1. This motion meets the requirements of Local Rule 6-3, Motion to Change Time, which provides, in pertinent part, that such motion must include the following:

    (a) Form and Content. A motion to enlarge or shorten time may be no more than five pages in length and must be accompanied by a proposed order and by a declaration that:

    (1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time;

    (2) Describes the efforts the party has made to obtain a stipulation to the time change;

    (3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and ...

    (5) Discloses all previous time modifications in the case, whether by stipulation or Court order; and

    (6) Describes the effect the requested time modification would have on the schedule for the case.

2. The record reflects that service has been a thoroughly litigated issue in this action. Indeed, this Court, in ruling on Defendants' motion to dismiss, Ordered Plaintiff to properly serve Defendants by September 20, 2021, failing which all Defendants shall be dismissed. Dkt. Entry 77.

3. On September 13, 2021, and again on September 20, 2021, Plaintiffs filed certificates of service concerning alleged service on Defendants. Dkt. Entry 80-82.

4. On September 27, 2021, Culhane Meadows PLLC ("Culhane Meadows") was engaged by Defendants to represent them in this matter. The recent engagement is one of the reasons for requesting this extension of time. Meroney Declaration in Support of Motion for Extension of Time ("Meroney Decl.") ¶ 1.

5. On September 28, 2021, during a meet and confer for a then upcoming case management conference (the continuance of which this Court Ordered today, September 30, 2021, Dkt. Entry 90), Plaintiff's counsel stated that it was their belief that Temujin Cayman's time to respond to the Complaint had expired before Culhane Meadows was retained. Plaintiff's counsel also stated that if Culhane Meadows challenged service then Plaintiff would file a Rule 11 motion. Meroney Decl. ¶ 2.

6. Culhane Meadows attempted several times to obtain Plaintiff's stipulation to this continuance. On September 29, 2021, citing their recent engagement and counsel's belief that Temujin Cayman was in default, Culhane Meadows asked Plaintiff's counsel for thirty (30) days to respond to the Complaint. Meroney Decl. ¶ __ Plaintiff's counsel refused to grant Defendants the requested extension and instead offered only two weeks of additional time *and on the condition that Defendants waive service*, a central issue in this case, as explained above. *Id.* ¶ 3.

7. That same day, after denying Defendants' request for an extension of time, Plaintiff sought as a professional courtesy an extension of time to respond to the complaint in *Temujin Labs Inc. v. Ariel Abittan, et al.* 20 CV 372622 currently pending in the Superior Court of the State of California, Santa Clara County, where the same counsel represents Mr. Abittan as a defendant and Culhane Meadows represents plaintiff Temujin Labs Inc. Defendants granted Plaintiff's request out of professional courtesy *without any qualification* and made a second request for Plaintiff to provide the same professional courtesy given him by Defendants and grant their extension without any qualification in this action. Meroney Decl. ¶ 4.

8. On September 29, 2021, Plaintiff again declined to grant an extension to Defendants unless Defendants waive service. Meroney Decl. ¶ 5.

9. Under California law, Defendants' request for a continuance due to a change in counsel is reasonable and should be granted. Although the extension does not relate to a trial date, a rule of the California Rules of Court involving trial continuances is

instructive. "Although continuances of trials are disfavored," as the applicable Rule states, the Rule goes on to specifically provide that a substitution of counsel required in the interests of justice can constitute good cause for a continuance. Rule 3.1332(c)(4). The simple fact that the Rules expressly list substitution of counsel as a potential basis for continuing a *trial* highlights the reasonableness of granting a continuance in such a case as this, where the burden should be low as the requested extension does not involve trial and there would be no prejudicial disruption of the case schedule. *Cf. Alvarado v. Fedex Corporation*, No. 04-0098 SI, at *1 (N.D. Cal. June 9, 2008) ("the Court finds that the substitution of counsel filed on June 9, 2008, and the complexity of the matter justify an extension of time within which to file an [*sic*] motion to modify the Special Master's Recommendation").

10. Given the significance of service in this action, an extension out of professional courtesy is fair and reasonable when counsel has only been retained several days ago and has not concluded whether service was proper or not, among other legal issues.

11. Plaintiff had no problem making a similar argument when it argued to this Court in connection with seeking an extension of time that, "[Plaintiff] is in the process of obtaining substitute counsel, which substitute counsel, Plaintiff contends, will require time to get up to speed on the matter[.]" Stipulation Setting Schedule and Extending Time to Respond and Continuing Case Management Conference and [Proposed] Order. Dkt. Entry 43.

12. Absent this Court granting the within Motion, the Defendants would be unduly prejudiced and suffer substantial harm in that they either will face a default or be prevented from considering and potentially asserting defenses they may have. Meroney Decl. ¶ 6.

13. Defendants make this motion in good faith and not for undue delay. Meroney Decl. ¶ 7.

14. A review of the docket and filings in this matter shows that prior to Culhane

Meadows being engaged, through stipulation, defendant Temujin Cayman's time to respond to the Complaint has been extended four times. Defendants Lily Chao and Damien Ding's time to respond to the Complaint has been extended by stipulation once before. Meroney Decl. ¶ 8. Noteworthy, however, is this Court's Order after all the aforementioned stipulations that service against all the Defendants with respect to the Complaint was insufficient. Docket Entry 77. Since such Order, this is the first request for an extension of time to respond to the Complaint that Defendants have sought. Meroney Decl. ¶ 9.

15. The requested time modification would not impact the schedule for this case where no party has filed an Answer and Plaintiff has a pending motion for alternative service upon Defendants. Dkt Entry 83. Further the initial Case Management Conference is not until November 17, 2021, which is after the proposed extended time to respond to the Complaint. Meroney Decl. ¶ 11.

16. This motion meets all of the requirements necessary for the Court to grant it, include the requirements of Local Rule 6-3, Motion to Change Time.

17. By making this motion, Defendants do not intend to appear in this action or waive service and reserves all such rights related thereto.

Respectfully submitted,

DATED: September 30, 2021

CULHANE MEADOWS PLLC
Millicent S. Meroney

By: _/s/ Millicent S. Meroney_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

[PROPOSED ORDER]

IT IS ORDERED THAT:

The above Request for Extension of Time is Granted so that Defendants will have up to and including October 29, 2021.

DATED: _____

　　　　　　　　　　　　　　　　　　　Magistrate Judge:
　　　　　　　　　　　　　　　　　　　Nathanael M. Cousins