Katherine Eskovitz (CA Bar No. 255105)
Brianna K. Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
Email: keskovitz@rochefreedman.com
        bpierce@rochefreedman.com

Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email:  ceconomides@rochefreedman.com

Joseph M. Delich (*pro hac vice*)
ROCHE FREEDMAN LLP
(NY Bar No. 5487186)
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: (646) 970-7541
Email: jdelich@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>PLAINTIFF,<br><br>v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>DEFENDANTS,<br><br>and<br><br>EIAN LABS INC.,<br><br>NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME AND PLAINTIFF'S REQUEST FOR STATUS CONFERENCE**<br><br>Date:     November 10, 2021<br>Time:    1:00 p.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Nathanael Cousins |

Plaintiff, Ariel Abittan, responds to clarify the record, correct inaccuracies in Defendants' Motion for Extension of Time ("Motion"), explain Plaintiff's position on the motion, and request a status conference with the Court to resolve outstanding procedural matters. In support, Plaintiff will address six issues.

First, Plaintiff's counsel believes that, upon substitution, new counsel are entitled to extensions of time to familiarize themselves with the record, address scheduling matters, and respond to substantive motions. Accordingly, Plaintiff's counsel conferred in good faith with Defendants' new counsel. While conferring, Defendants' counsel raised the reasonable point that it would be premature, for example, to agree to a discovery plan while they are coming up to speed and while Plaintiff's Motion for Alternative Service [ECF No. 83] remains pending. Plaintiff's counsel, therefore, stipulated to a continuation of the case management conference. [ECF No. 89].[1] Plaintiff's counsel has also agreed to an extension of time for Defendants to respond to the Motion for Alternative Service. *See* Economides Declaration, attached hereto, at **Exhibit A**. Although Defendants' efforts to avoid service of process have caused needless delay, Plaintiff's counsel understands that Defendants' new counsel requires time to assess the procedural and substantive issues raised in the Motion for Alternative Service.[2]

Second, as to the response time for Temujin Labs, Inc. (Cayman) ("Temujin Cayman"), Defendants incorrectly state that "Plaintiff's counsel refused to grant Defendants the requested extension and instead offered only two weeks of additional time a*nd on the condition that Defendants waive service*[.]" Motion ¶ 6 (emphasis in original). The condition was limited to Temujin Cayman; it did not include Defendants Chao or Ding. And the condition was **not** that

---

[1] Although a full case management conference is likely premature, Plaintiff, as elaborated below, respectfully requests a short status conference to discuss the outstanding issues raised in Defendants' Motion and herein.

[2] At the time Defendants were filing the stipulation to extend the case management conference, Plaintiff's counsel did not agree to include language regarding the extension for responding to the Motion for Alternative Service. Plaintiff's counsel wanted to ensure that an agreement was also reached regarding procedural issues in the state case. Nonetheless, the parties have agreed to a proposed extension for the Motion for Alternative Service, and Plaintiffs' counsel believes that Defendants are preparing and plan to file a stipulation. *See* Economides Decl., Exhibit A.

1 Temujin Cayman "waive" service—*i.e.*, waive the requirement that Temujin Cayman receive the

2 summons and complaint via a method specified by Rule 4(f). *See* FRCP Rule 4(d) (describing

3 procedures for waiving service). Plaintiff has validly served Temujin Cayman under Rule 4(f). *See*

4 [ECF No. 81]. Specifically—and as explained in detail to Defendants' counsel (*see* Economides

5 Decl., Ex. A)—Plaintiff served Temujin Cayman on July 7, 2021, by using the Central Authority

6 in the Cayman Islands pursuant to the Hague Service Convention. *See* [ECF No. 81]. In challenging

7 prior service attempts, Temujin Cayman had repeatedly argued that service must occur via that

8 precise method. *See* [ECF No. 53 at 5, 10-11]; [ECF No. 72 at 6]. And Plaintiff incurred the costs

9 and delays of obliging.

10 Plaintiff's counsel, therefore, believes that the service issues as to Temujin Cayman have

11 finally been put to rest. Accordingly, Plaintiffs' counsel asked Defendants' counsel to waive

12 arguments that service was insufficient, **not to waive the right to receive service**. *See* Economides

13 Decl., Ex. A ("I've asked that—given our service through the Hague Central Authority—you agree

14 not to challenge service of process. I believe that any such challenge would be frivolous, and I don't

15 want to waste more time on this issue. If you refuse that condition, you are effectively stating that

16 you want additional time only to then challenge the very type of service that your client repeatedly

17 demanded and ultimately received.").

18 <u>Third</u>, after challenging service attempts, demanding service via the Cayman Islands

19 Central Authority, and receiving that service on July 7, 2021, Temujin Cayman did not respond to

20 the complaint. Plaintiffs' counsel and Defendants' predecessor counsel discussed a reasonable

21 extension, but the latter never reached out to finalize the terms and never sought relief from the

22 Court. Although there was a delay in Plaintiff's receipt (and subsequent filing) of the Certificate of

23 Service from the Central Authority, Temujin Cayman's response time ran from service on July 7,

24 2021, not from the filing of proof of service. *See* Rule 4(l)(3) ("Failure to prove service does not

25 affect the validity of service."). As confirmed by its previous filings on the record, moreover,

26 Temujin Cayman **cannot** credibly argue that it somehow lacked actual notice of the complaint and

27

28

- 2 -

1   summons. Under these circumstances, it is prejudicial if Temujin Cayman takes even more time to

2   respond to the complaint only to, once again, challenge service of process.

3       Fourth, Plaintiff's counsel did **not** state that "if Culhane Meadows challenged service, then

4   he would file a Rule 11 motion." *See* [ECF No. 91-1 ¶ 2]. Rather, Plaintiff's counsel stated that he

5   believes a service challenge (as to Temujin Cayman) would be frivolous and would not meet the

6   requirements under Rule 11. For the reasons stated above, Plaintiffs' counsel maintains that belief.

7   But Plaintiffs' counsel would **never** file a Rule 11 motion without first seeing an adversary's

8   precise filing with the Court, diligently assessing whether the filing complies with Rule 11, serving

9   a draft motion under Rule 5, conferring with the adversary as needed, and allowing a 21-day period

10  for the adversary to withdraw the challenged content. *See* FRCP Rule 11(c). Defendants' counsel

11  are **wrong** to the extent they are intimating that Plaintiff's counsel threatened to file a Rule 11

12  motion in bad faith, without due diligence, without following all appropriate procedures, or without

13  regard for the content of Defendants' forthcoming submissions.

14      Fifth—and to the extent relevant to the Court—Defendants have not fully explained the

15  procedural posture of the state case. Plaintiff's demurrer, counterclaims, and crossclaims are due

16  on Monday, October 4, 2021. Before filing demurrers, Plaintiff must meet and confer as to the

17  substance. On September 29, 2021, Plaintiff's counsel engaged in that process with Defendants'

18  new counsel. Although Defendants' new counsel participated expeditiously and in good faith, they

19  were not prepared (and could not have been, given their recent retention) to respond substantively

20  to most of Plaintiff's grounds for demurrer. Prior to the deadline, therefore, there is not an

21  opportunity for the meet and confer process to manifest into an amended complaint or into

22  narrowed grounds for a demurrer. Furthermore, Mr. Abittan's co-defendants in the state case

23  reached a stipulation to extend their response deadline by 30 days. Under those circumstances,

24  Plaintiff's counsel requested an equivalent extension—which would permit Defendants' counsel to

25  familiarize themselves with the operative complaint and Mr. Abittan's grounds for demurrer.

26  Defendants counsel ultimately agreed, but they failed to specify to this Court that their own

27  retention was a significant factor underpinning the requested extension.

28

- 3 -

1      Finally, Plaintiff respectfully requests a short status conference with the Court to resolve

2  the outstanding issues, including: (a) whether Defendants Ding and Chao should first respond to

3  the Motion for Alternative Service or respond to the Complaint; (b) Temujin Cayman should be

4  permitted to respond to the Complaint out of time, while also challenging service of process; (c)

5  coordinating with the state case to preserve judicial and the parties' resources, without imposing

6  prejudice on any party; and (d) answering any additional questions the Court may have about the

7  procedural posture of the litigation.

8

9                                   **CONCLUSION**

10      For the foregoing reasons, Plaintiff respectfully requests a status conference and/or any

11  other relief that the Court deems necessary as to Defendants' Motion for Extension of Time.

12  Dated: October 1, 2021                    **ROCHE FREEDMAN LLP**

13                                            */s/ Constantine P. Economides*
                                             Constantine P. Economides (*pro hac vice*)
14                                           (Florida Bar No. 118177)
                                             ROCHE FREEDMAN LLP
15                                           1 SE Third Avenue, Suite 250
                                             Miami, Florida 33131
16                                           Tel: (305) 971-5943
                                             Email: ceconomides@rcfllp.com
17

18                                           Katherine Eskovitz (CA Bar No. 255105)
                                             Brianna K. Pierce (CA Bar No. 336906)
19                                           ROCHE FREEDMAN LLP
                                             1158 26th Street, Suite 175
20                                           Santa Monica, CA 90403
                                             Email: keskovitz@rochefreedman.com
21                                           bpierce@rochefreedman.com

22                                           Joseph M. Delich (*pro hac vice*)
                                             ROCHE FREEDMAN LLP
23                                           (NY Bar No. 5487186)
                                             99 Park Avenue, Suite 1910
24                                           New York, NY 10016
                                             Tel: (646) 970-7541
25                                           Email: jdelich@rochefreedman.com

26                                           *Counsel for Plaintiff,*
                                             *Ariel Abittan*
27

28                                    - 4 -
─────────────────────────────────────────────────────────
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME AND
PLAINTIFF'S REQUEST FOR STATUS CONFERENCE| CASE NO. 5:20-CV-09340-NC