# Exhibit A

| | |
|---|---|
| **Subject:** | Re: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal) |
| **Date:** | Thursday, September 30, 2021 at 12:41:24 PM Eastern Daylight Time |
| **From:** | Constantine Economides |
| **To:** | Caroline Morgan, Brianna Pierce, Lawrence T. Kass |
| **CC:** | Millicent Lundburg, Jingjing Ye |
| **Attachments:** | RE: Temujin-Abittan.eml, image001.png, image002.png, image003.png, image004.png, image005.png, image006.png, image007.png, image008.png, image009.png, image010.png, image011.png, image012.png, image013.png, image014.png, image015.png, image016.png, image017.png, image018.png, image019.png, image020.png |

Caroline,

I want the record to be clear. On May 28, 2021, Temujin Cayman argued that service on Temujin Cayman was ineffective at the address of Temujin DE and at the 69 Isabella Ave. address (where Mr. Abittan repeatedly visited and stayed with Ms. Chao and Mr. Ding). *See* ECF No. 53. The issue was **not** that Temujin Cayman lacked notice of the lawsuit or copies of the complaint and summons. The argument was solely that, irrespective of actual notice, Temujin Cayman has a right to require Plaintiff to serve process in a particular way. Specifically, Temujin Cayman argued that "[a]t no point did plaintiff resort to well-established procedures for serving foreign entities, such as the Hague Service Convention, which are designed to maintain international comity with foreign entities and their governments." ECF No. 53 at 5, 10-11.

Accordingly, we initiated service via the Hague Service Convention at Temujin Cayman's registered address in the Cayman Islands. We sent the service papers to the Central Authority in the Cayman Islands. Knowing that the Central Authority process can take some time, we also sent copies via registered mail directly to Temujin Cayman's registered address, and while the Central Authority service was pending, we argued that such service by mail was sufficient under Article 10(a) of the Hague Service Convention. On July 9, 2021, Temujin Cayman responded as follows:

> Contrary to plaintiff's assertions, however, that mailing did not result in successful service pursuant to the Hague Convention.
> Service of a foreign entity outside the United States is governed by Rule 4(f), which permits service in compliance with the Hague Convention. Fed. R. Civ. P. 4(f)(1). But the Hague Convention requires "service of process through the Central Authority of a receiving state." *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004) ("It is undisputed that [plaintiff] did not use either the Central Authority under the Hague Convention or any other internationally agreed means for accomplishing service. Rule 4(f)(1), therefore, does not provide a basis for service in this case."). That did not occur here, nor does plaintiff purport to have done so.

ECF No. 72 at 6.

The Central Authority has now confirmed that Temujin Cayman was served on July 7, 2021 (notably, **prior** to your client's July 9, 2021 reply brief excerpted above). ECF No. 81. As proof of service, we've filed an official Hague Certificate as provided by the official Central Authority. *See* ECF No. 81; *see also* FRCP Rule 4(l)(2)(A).

Despite receiving the precise method of service that Temujin Cayman repeatedly demanded, Temujin Cayman did not respond to the complaint or seek relief by the deadline of July 30 (21 days after service). But Brianna reminded me that, in August, we informed Fenwick & West that service had been effected and discussed the courtesy of a reasonable extension to respond. I've attached the email chain. Fenwick asked for proof of

service, but as a practical matter, the Central Authority's delay in sending a Certificate of Service does not affect the validity of service. *See* Rule 4(l)(3) ("Failure to prove service does not affect the validity of service."). In any case, we believed the service issue as to Temujin Cayman was finally put to rest. Before agreeing to a stipulated briefing schedule for Temujin Cayman, we would have required a confirmation that service would not be challenged. On September 13, we filed the certificate of service (ECF No 81), but Fenwick did not reach out or request an agreement on a response time.

Now, you have asked for 30 more days to respond to the Complaint—until October 29—amounting to a total extension of 91 days from the original July 30th deadline. I've asked that—given our service through the Hague Central Authority—you agree not to challenge service of process. I believe that any such challenge would be frivolous, and I don't want to waste more time on this issue. If you refuse that condition, you are effectively stating that you want additional time only to then challenge the very type of service that your client repeatedly demanded and ultimately received.

Therefore, we decline your request. Given this history, if you still insist on challenging service, we will not coordinate or acquiesce as to Temujin Cayman's failure to respond. And, I have no problem presenting this history to the Court or otherwise explaining our position.

If you agree not to challenge service, we will agree to a two-week extension for your response to the complaint (until October 14), and we're offering those two weeks solely as a courtesy because you just substituted into the action. **Please let us know by COB if you agree**. Absent that agreement, you can seek unilateral relief, which we will oppose for the reasons stated herein.

Meanwhile, your other clients have repeatedly evaded service and even suggested in court filings that they have no connection to 69 Isabella Ave. You have access to the truth—whether they now live there or have ever lived there—and it is your decision whether to set the record straight. Nonetheless, even though we continue to experience prejudice from your clients' conduct, we extended the professional courtesy of agreeing to an extension for your response to our pending service motion (a motion that should never have needed to have been brought in a case with sophisticated counsel and parties who unequivocally have copies of the summons and complaint). Once again, we agreed to the extension solely because you are new counsel.

Finally, I want reiterate an offer that I made to Fenwick. We will dismiss this case and proceed against all defendants in the state court action, **if we can do so without prejudice to our client**. Therefore, we will dismiss if your clients agree to accept service of process in the state action and to a tolling agreement of the SOL (i.e. the operative filing date for the SOL would relate back to the complaint in the federal action). Given the court's earlier dismissal of Temujin DE, all parties now have an interest in proceeding in a single forum. As I'm sure you understand, however, we cannot move to that forum if we lose the benefits of months of efforts and enormous costs to serve process.

Kind regards,

**Constantine P. Economides**
Counsel

Roche Freedman LLP
SunTrust International Center
1 S.E. 3rd Avenue
Suite 1240
Miami, FL 33131
(t) (305) 851-5997
(@)ceconomides@rochefreedman.com

**From:** Caroline Morgan <cmorgan@cm.law>
**Date:** Wednesday, September 29, 2021 at 10:22 PM
**To:** Constantine Economides <ceconomides@rochefreedman.com>, Brianna Pierce <bpierce@rochefreedman.com>, "Lawrence T. Kass" <lkass@cm.law>
**Cc:** Millicent Lundburg <mlundburg@cm.law>, Jingjing Ye <jye@cm.law>
**Subject:** RE: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Constantine,

We will grant you your requested 30 day extension to respond to our complaint as a professional courtesy. Please provide a draft stipulation for our review.

Though your email below confirms our verbal agreement to the briefing schedule for our response to your motion in the federal action, it would have been more efficient for all (including the court) to include it in tonight's filing. Nonetheless we shall prepare another stipulation. We reject your statement that our clients have violated Rule 4(d)(1).

I will discuss your new proposal concerning Temujin with my clients. I said courts prefer to discuss things on the merits in response to you threatening to file a motion for default. I emailed you today asking for an agreement not to file any such motion or the like for 30 days but you have chosen not to extend this professional courtesy. I trust you will rethink this considering our above courtesy of a 30 day extension to you. Please advise by tomorrow morning.

**Caroline Morgan**
CULHANE|MEADOWS PLLC

917-635-4940
cmorgan@cm.law

**From:** Constantine Economides <ceconomides@rochefreedman.com>
**Sent:** Wednesday, September 29, 2021 8:32 PM
**To:** Caroline Morgan <cmorgan@cm.law>; Brianna Pierce <bpierce@rochefreedman.com>; Lawrence T. Kass <lkass@cm.law>
**Cc:** Millicent Lundburg <mlundburg@cm.law>; Jingjing Ye <jye@cm.law>
**Subject:** Re: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Caroline,

As Brianna said, we have tried to proceed with your transition with professional courtesy, anticipating that the courtesies would be mutual.

We have a pending motion regarding substitute service of your two clients who have continually evaded service and obfuscated their identities in court filings. Nonetheless, yesterday, I discussed an extension of time, understanding that you are getting up to speed.

Today, we saw that you agreed to a 30-day extension with Mr. Abittan's co-defendants in the state case, and

we requested a parallel extension. We have to file a demurrer on Monday, yet we don't have the benefit of substantive responses to the grounds we laid out today—once again, because of your transition. We are still awaiting your response.

In any case, we will proceed as follows. Regarding the federal service motion, we agree to a stipulation with a schedule discussed on the phone yesterday. That agreement is solely for your benefit, as a professional courtesy—even though your clients and predecessor counsel have violated their duties under Rule 4(d)(1) to avoid unnecessary expenses in service.

We request a 30-day extension to respond in the state case. If you do not agree (we anticipate an answer tonight), we will file a motion tomorrow, and you can explain your opposition to the court.

Regarding Temujin Cayman, they have been served in the federal action, and their response deadline has passed. They were served in the precise way that they argued was required: pursuant to the Hague Central Authority in the Cayman Islands.

As you said, courts prefer to litigate on the merits. If you agree that we are done with service and waive those arguments, we'll agree to a reasonable extension of two weeks for Temujin Cayman to respond. Otherwise, the parties can seek separate relief from the court, as they see fit.

Kind regards,

Constantine P. Economides
Counsel
Roche Freedman LLP
Southeast Financial Center
200 S Biscayne Blvd
Suite 5500
Miami, FL 33131
(t) (305) 851-5997
(@) ceconomides@rcfllp.com

Sent from my IPhone

**From:** Caroline Morgan <cmorgan@cm.law>
**Sent:** Wednesday, September 29, 2021 7:38 PM
**To:** Brianna Pierce; Lawrence T. Kass; Constantine Economides
**Cc:** Millicent Lundburg; Jingjing Ye
**Subject:** RE: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Brianna,

You already granted our extension verbally over the phone, we spent time hashing out the schedule, looking at all of our respective calendars, even making sure not to go to close to Thanksgiving so I was not seeking anything from you today. If you now choose to proceed by retracting verbal agreements that is unfortunate because now I will have to verify everything in writing.

**Caroline Morgan**
**C**ULHANE|**M**EADOWS PLLC
   917-635-4940
   cmorgan@cm.law

---

**From:** Brianna Pierce <bpierce@rochefreedman.com>
**Sent:** Wednesday, September 29, 2021 7:30 PM
**To:** Caroline Morgan <cmorgan@cm.law>; Lawrence T. Kass <lkass@cm.law>; Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Millicent Lundburg <mlundburg@cm.law>; Jingjing Ye <jye@cm.law>
**Subject:** Re: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

While we did discuss an extended timeline, Constantine also made clear that we would stop agreeing to professional courtesies where our reciprocal requests continue to be rebuffed. His example was our willing acceptance of service on behalf of our client in comparison to Defendants' repeated refusal to authorize counsel to accept service.

Now, Defendants are seeking an extension of a motion that is due on Monday in federal court, and we are seeking an extension of a motion that is also due on Monday in state court. Our meet and confer obligation has not been satisfied because of the last minute change of counsel, so we need an extension. Moreover, your clients have already stipulated to an extension for the other two defendants in the state action.

Please file the stipulation **without** the proposed schedule change. We can either both file joint stipulations tomorrow, or we can both file motions seeking additional time.

**Brianna K. Pierce**
Associate
Roche Freedman LLP
1 SE 3rd Ave., Suite 1250
Miami, FL 33131
(t) 786.706.7801
(m) 619.977.5248
(@) bpierce@rochefreedman.com

---

**From:** Caroline Morgan <cmorgan@cm.law>
**Date:** Wednesday, September 29, 2021 at 4:15 PM
**To:** Brianna Pierce <bpierce@rochefreedman.com>, Lawrence T. Kass <lkass@cm.law>, Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Millicent Lundburg <mlundburg@cm.law>, Jingjing Ye <jye@cm.law>
**Subject:** RE: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Hi Brianna,

I need to discuss with Mills and we said we would get back to you today which I will do.

We need to file this document today, can I incorporate the extension you already granted without any qualification?

Thanks,


**Caroline Morgan**
C&#818;ulhane|M&#818;eadows <sub>PLLC</sub>

📱 [917-635-4940](tel:917-635-4940)
✉ [cmorgan@cm.law](mailto:cmorgan@cm.law)

---

**From:** Brianna Pierce <[bpierce@rochefreedman.com](mailto:bpierce@rochefreedman.com)>
**Sent:** Wednesday, September 29, 2021 7:10 PM
**To:** Caroline Morgan <[cmorgan@cm.law](mailto:cmorgan@cm.law)>; Lawrence T. Kass <[lkass@cm.law](mailto:lkass@cm.law)>; Constantine Economides <[ceconomides@rochefreedman.com](mailto:ceconomides@rochefreedman.com)>
**Cc:** Millicent Lundburg <[mlundburg@cm.law](mailto:mlundburg@cm.law)>; Jingjing Ye <[jye@cm.law](mailto:jye@cm.law)>
**Subject:** Re: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Caroline, can you please confirm that defendants are agreeing to an extension of time in the state court action as discussed this morning? Given that more time is necessary for all parties, I doubt there's any issue extending this mutual professional courtesy. If you're in agreement, you can make the edit as proposed and file.

Thanks,

**Brianna K. Pierce**
Associate
Roche Freedman LLP
1 SE 3rd Ave., Suite 1250
Miami, FL 33131
(t) 786.706.7801
(m) 619.977.5248
(@) [bpierce@rochefreedman.com](mailto:bpierce@rochefreedman.com)

---

**From:** Caroline Morgan <[cmorgan@cm.law](mailto:cmorgan@cm.law)>
**Date:** Wednesday, September 29, 2021 at 4:03 PM
**To:** Brianna Pierce <[bpierce@rochefreedman.com](mailto:bpierce@rochefreedman.com)>, Lawrence T. Kass <[lkass@cm.law](mailto:lkass@cm.law)>, Constantine Economides <[ceconomides@rochefreedman.com](mailto:ceconomides@rochefreedman.com)>
**Cc:** Millicent Lundburg <[mlundburg@cm.law](mailto:mlundburg@cm.law)>, Jingjing Ye <[jye@cm.law](mailto:jye@cm.law)>
**Subject:** RE: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Brianna

The Stipulation provides the below number paragraph 14. During our call two days ago we agreed to a different briefing schedule as follows: Opposition to the motion filed 9/20 currently due 10/4 is now due 10/18. Reply is due 10/25. Hearing on motion is November 9.

> The undersigned counsel is currently aware of an upcoming deadline of October 4, 2021 to respond to "Plaintiff's Motion for an Order Allowing Defendants Lily Chao and Damien Ding to Be Served (1) Through Counsel…", Dkt. 8, filed September 20, 2021. Meroney Decl. ¶ 14. Defendants have not yet determined whether it may need a continuance of that deadline.

==Can we make this change and file? If you would like to see the edits can you confirm that you will be available for the next 30 minutes? Otherwise we will file and we will have to do another stipulation tomorrow.==

**Caroline Morgan**
CULHANE|MEADOWS PLLC
📱 917-635-4940
✉ cmorgan@cm.law

---

**From:** Brianna Pierce <bpierce@rochefreedman.com>
**Sent:** Wednesday, September 29, 2021 6:20 PM
**To:** Lawrence T. Kass <lkass@cm.law>; Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Caroline Morgan <cmorgan@cm.law>; Millicent Lundburg <mlundburg@cm.law>; Jingjing Ye <jye@cm.law>
**Subject:** Re: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

That's fine. You can file. Thanks.

**Brianna K. Pierce**
Associate
Roche Freedman LLP
1 SE 3rd Ave., Suite 1250
Miami, FL 33131
(t) 786.706.7801
(m) 619.977.5248
(@) bpierce@rochefreedman.com

**From:** Lawrence T. Kass <lkass@cm.law>
**Date:** Wednesday, September 29, 2021 at 3:17 PM
**To:** Brianna Pierce <bpierce@rochefreedman.com>, Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Caroline Morgan <cmorgan@cm.law>, Millicent Lundburg <mlundburg@cm.law>, Jingjing Ye <jye@cm.law>
**Subject:** RE: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Ok then we will drop a footnote saying "Defendants do not concede the 'a/k/a' aliases from the caption of Plaintiffs' original complaint are correct. See e.g., Dkt. 74 (Chen Declaration)."

If you want to add a statement counter ours, then we're okay with it. Can you let me know by return?

Thanks,
Larry

**Lawrence T. Kass**
CULHANE|MEADOWS PLLC
914-564-5694
lkass@cm.law

---

**From:** Brianna Pierce <bpierce@rochefreedman.com>
**Sent:** Wednesday, September 29, 2021 6:02 PM
**To:** Lawrence T. Kass <lkass@cm.law>; Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Caroline Morgan <cmorgan@cm.law>; Millicent Lundburg <mlundburg@cm.law>; Jingjing Ye <jye@cm.law>
**Subject:** Re: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Apologies for including Temujin DE. You are correct that the Delaware entity has been dismissed. The identifying sentence should read:

"…defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding), and Temujin Labs Inc. (Cayman) (collectively "Defendants") in this civil action…"

Unfortunately, we cannot agree to your other edit. To ask Mr. Abittan to consent to a stipulation filed by individuals "sued as" the identified defendants would be in essence asking him to acquiesce to your thinly veiled argument that the aliases are incorrect and that there has been a misjoinder of parties. We will not make such a concession, as we do not think there has been any such confusion of identities.

If you have case law that suggests the use of the names in the caption works some type of waiver, then we may reconsider. Though it is worth noting that this entire exercise could be avoided if you simply told us the names of your individual clients in full candor.

**Brianna K. Pierce**
Associate

Roche Freedman LLP
1 SE 3rd Ave., Suite 1250
Miami, FL 33131
(t) 786.706.7801
(m) 619.977.5248
(@) bpierce@rochefreedman.com

**From:** Lawrence T. Kass <lkass@cm.law>
**Date:** Wednesday, September 29, 2021 at 2:42 PM
**To:** Brianna Pierce <bpierce@rochefreedman.com>, Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Caroline Morgan <cmorgan@cm.law>, Millicent Lundburg <mlundburg@cm.law>, Jingjing Ye <jye@cm.law>
**Subject:** RE: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Brianna,

Thanks again for the quick turnaround and efforts to reach common ground. I can't speak to what has gone before or the statements you've made; I only know we need to verify any aliases before saying anything that could be construed as agreeing or acquiescing. We can try to iron out the alias issue in good faith as we move forward but, in the meantime, can we just edit the text you have redlined as follows?

Pursuant to Fed. R. Civ. P. 16 & 26(f) and Civil Local Rules 6-1, 6-2, 16-9 and 16-10, defendants Lily Chao et al. (identified in the Complaint as Lily Chao a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), and Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding), and Temujin Labs Inc. (Delaware) (collectively "Defendants").

I think this keeps your point without sacrificing ours. Does this seem fair?

Also, I'd like to delete Temujin per Dkt. 78 dismissing it from the action. If have any objection to that one, can you advise?

Much appreciated.

Best,
Larry

**Lawrence T. Kass**
CULHANE|MEADOWS PLLC
914-564-5694
lkass@cm.law

**From:** Brianna Pierce <bpierce@rochefreedman.com>
**Sent:** Wednesday, September 29, 2021 5:33 PM
**To:** Lawrence T. Kass <lkass@cm.law>; Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Caroline Morgan <cmorgan@cm.law>; Millicent Lundburg <mlundburg@cm.law>; Jingjing Ye <jye@cm.law>
**Subject:** Re: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Larry,

Respectfully, there isn't anything that needs to be verified with respect to the caption or aliases. Regardless of whether your clients contest the validity of those names or to the extent they are now going by new aliases, the caption and parties as plead remain the same. Frankly, we have run into the issue of your clients wanting to hide their identities on several occasions. This pattern of obfuscation permeates both the federal and state actions. We object to such tactics.

Moreover, in order to clarify which parties are entering into this stipulation, it is essential that all defendants are identified by the name used in the caption at least once. While we object to the truncation of the caption, as a sign of cooperation, we will agree to identify the defendants in the first sentence of each document wherein you define the defendants entering into the stipulation.

I accepted your other changes. Our singular edits to the stipulation and the accompanying declaration are attached.

**Brianna K. Pierce**
Associate
Roche Freedman LLP
1 SE 3rd Ave., Suite 1250
Miami, FL 33131
(t) 786.706.7801
(m) 619.977.5248
(@) bpierce@rochefreedman.com

---

**From:** Lawrence T. Kass <lkass@cm.law>
**Date:** Wednesday, September 29, 2021 at 1:59 PM
**To:** Brianna Pierce <bpierce@rochefreedman.com>, Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Caroline Morgan <cmorgan@cm.law>, Millicent Lundburg <mlundburg@cm.law>, Jingjing Ye <jye@cm.law>
**Subject:** RE: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Thanks so much Brianna. We appreciate your timely review and edits.

With respect to the caption, we'd like to keep as it was because we have not yet had an opportunity to verify all aliases, and Fed. R. Civ. P. 10 says we can provide a short caption as follows:

> (a) Caption; Names of Parties. Every pleading must have a caption with the court's

name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; **the title of other pleadings, after naming the first party on each side, may refer generally to other parties**.

Your edits and a couple tweaks of ours are included in the attached draft. Ours are in track changes. We deleted the mention of a discovery deadline because we aren't aware of any due from Defendants (although please let us know if you have a different understanding).

Can we have your permission to file the attached with declaration?

Thanks again,
Larry

**Lawrence T. Kass**
C̲ULHANE|M̲EADOWS PLLC
📱 914-564-5694
✉ lkass@cm.law

---

**From:** Brianna Pierce <bpierce@rochefreedman.com>
**Sent:** Wednesday, September 29, 2021 4:36 PM
**To:** Lawrence T. Kass <lkass@cm.law>; Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Caroline Morgan <cmorgan@cm.law>; Millicent Lundburg <mlundburg@cm.law>; Jingjing Ye <jye@cm.law>
**Subject:** Re: 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Larry,

Thanks for the draft. We had a few cosmetic edits just to clarify the parties, but nothing substantive.

**Brianna K. Pierce**
Associate
Roche Freedman LLP
1 SE 3rd Ave., Suite 1250
Miami, FL 33131
(t) 786.706.7801
(m) 619.977.5248
(@) bpierce@rochefreedman.com

---

**From:** Lawrence T. Kass <lkass@cm.law>
**Date:** Wednesday, September 29, 2021 at 1:18 PM
**To:** Brianna Pierce <bpierce@rochefreedman.com>, Constantine Economides <ceconomides@rochefreedman.com>
**Cc:** Caroline Morgan <cmorgan@cm.law>, Millicent Lundburg <mlundburg@cm.law>, Jingjing Ye <jye@cm.law>
**Subject:** 2021-09-29 DRAFT Stipulation and Joint Request to Continue Case Management Conference - Abittan v. Chao et al. (Federal)

Hi Brianna and Constantine,

It's a pleasure to meet you. I'm Larry Kass and will be working on the cases with Caroline and Mills.

I was asked to prepare a draft stipulation to continue the Case Management Conference currently set for October 6. Given that the conference is scheduled for next Wednesday, and extension requests normally must be sought at least 14 days prior, it appears the request needs to be noted as being "out of time." **I would appreciate your urgent review, if possible, so that we can iron out any issues and hopefully file it today.** I think filing today is important because the Case Management Statement would have been due today.

Note that I have highlighted a portion relating to Rule 26(f). As a newcomer, I don't know if the parties have met & conferred; I/we can revise that portion (or any other) if it's inaccurate. My understanding is that the dates are correct and/or have been agreed, but let me know if you think I have any errors.

Last, note that I am concurrently preparing a declaration that will support the indicated statements in the draft stipulation & request. There will be no difference in substance; it will just be Mills declaring the statements that are in the attached draft.

Thanks for your cooperation.

Best,
Larry

**Lawrence T. Kass**
Partner and Litigation Practice Chair

  914-564-5694
lkass@cm.law


Atlanta | Austin | Boston | Chicago | Dallas | Delaware | Houston | New Jersey | New York | Philadelphia | Washington, DC

This message is for the personal and confidential use of the intended recipient(s) and may be subject to attorney-client privilege. If you have received this communication in error, please notify the sender immediately. Please note that general marketing updates/legal news alerts provided by Culhane Meadows or its attorneys are for informational purposes only and should not be relied on as legal advice for any specific situation. Laws can change rapidly and, therefore, you should always consult with your CM attorney to ensure you have the most accurate and current counsel pertaining to your situation.

---

**From:** Brianna Pierce <bpierce@rochefreedman.com>
**Sent:** Wednesday, September 29, 2021 3:36 PM
**To:** Caroline Morgan <cmorgan@cm.law>; Millicent Lundburg <mlundburg@cm.law>; Jingjing Ye <jye@cm.law>; Lawrence T. Kass <lkass@cm.law>
**Cc:** Constantine Economides <ceconomides@rochefreedman.com>
**Subject:** [ext:] Stipulation -- Temujin DE v. Abittan et al.

**Security Notice:** This email is from an external sender outside Culhane Meadows. Do not click links or attachments unless you recognize the sender and are expecting the attachment.

Caroline and Millicent,

We are in receipt of the filed stipulation and proposed order extending time for Mr. Fisch and Mr. Lu to respond to Temujin DE's complaint in the state action. Accordingly, to keep the case on the same timing, we'd like to file a mirror stipulation for Mr. Abittan's time to respond.

I will circulate a draft stipulation upon your agreement.

Thanks,

**Brianna K. Pierce**
Associate

Roche Freedman LLP
1 SE 3rd Ave., Suite 1250
Miami, FL 33131
(t) 786.706.7801
(m) 619.977.5248
(@) bpierce@rochefreedman.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original

message.


NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.