**CULHANE MEADOWS PLLC**
13101 Preston Road, Ste. 110-1510
Dallas, Texas 75240
Millicent Meroney (State Bar No. 151304)
  Telephone: 512-585-0912
  mMeroney@cm.law
Caroline Morgan (*Pro Hac Vice to be filed*)
  Telephone: 917-635-4940
  cmorgan@cm.law
Jingjing Ye (*Pro Hac Vice to be filed*)
  Telephone: 469-410-5232
  jye@cm.law
Lawrence Kass (*Pro Hac Vice to be filed*)
  Telephone: (914) 564-5694
  lkass@cm.law
Attorneys for Defendants,
  LILY CHAO ET AL.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>    PLAINTIFF,<br><br>    v.<br><br>LILY CHAO ET AL,<br><br>    DEFENDANTS,<br><br>    and<br><br>EIAN LABS INC.,<br><br>    NOMINAL DEFENDANT. | Case No.: 5:20-cv-09340-NC<br><br>**REPLY TO OPPOSITION TO NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME**<br><br>Date: November 10, 2021<br>Time: 1:00 p.m.<br>Place: Courtroom 5, 4th floor<br>Magistrate Judge: Nathanael M. Cousins |

Defendants respectfully respond to Plaintiff's Opposition filed October 1, 2021, Dkt. 92, and state as follows:

Defendants filed a simple, routine Motion to Extend Time to Respond to the Complaint and requested up to and including October 29, 2021 to respond. In their Motion, they met the requirements of the Local Rule by providing: (1) the reasons for shortening time (the recent engagement of new counsel); (2) the efforts Defendants made to obtain a stipulation to the time change (the phone calls and email requests made to counsel); (3) the substantial harm or prejudice that would occur if the Court did not change the time (Defendants potential inability to consider and respond to the Complaint); ... (5) all previous time modifications in the case, whether by stipulation or Court order (the several stipulations between counsel are listed); and (6) the effect the requested time modification would have on the schedule for the case (at this early stage of the proceedings, the effect would be minimal, if any). Plaintiff's Opposition fails to address any of these requirements, instead taking the Court through tangents that are not relevant to the present Motion. For these reasons alone, Defendants respectfully request the Motion be granted.

Even as to those tangents, however, Plaintiff's Opposition provides the Court with incomplete information and an incomplete record. Prior to Culhane Meadows' retention, Plaintiff's counsel *had expressly agreed* with Defendants' *predecessor* counsel to an extension of the time of Defendants' responses to the Complaint. This agreement is actually memorialized in an <u>attachment</u> to the email that Plaintiff included as Ex. A to the declaration in support of its Opposition *but Plaintiff failed to include that attachment* as part of Ex. A. Defendants now provide that attachment (sans the email that the Court already has as Plaintiff's Ex. A) in a declaration supporting this reply. *See* Declaration of Millicent S. Meroney in support of Reply, October 1, 2021 ("Meroney Reply Decl.") ¶ 1, *id.* Ex. 1 (attachment from email between Plaintiff's counsel and Defendants' predecessor counsel memorializing said agreement). In particular, Plaintiff's counsel stated: "Given the gap in time from the service date and your receipt of the documents, we'll agree to a reasonable extension. Once we get the proofs of service and you've assessed the service, how about we meet and confer over timing…." *Id.*

Though Plaintiff's counsel had already expressly made this agreement with Defendants' predecessor counsel, it appears Plaintiff may be seeking to take advantage of the substitution of counsel to retract a previously agreed extension and raise the issue of default.  Plaintiff argues that "Although there was a delay in Plaintiff's receipt (and subsequent filing) of the Certificate of Service from the Central Authority, Temujin Cayman's response time ran from service on July 7, 2021, not from the filing of proof of service." Opp. at 2:22-24. First, whether or not service was effective is not before the Court. Moreover, Plaintiff overlooks that, according to the Stipulation Setting Schedule and Extending Time to Respond and Continuing Case Management Conference and Modified Order, April 21, 2021, Temujin Cayman's response was in fact due "within 30 days in the event that service is deemed effective."  Dkt. 44 at 3:15-16. Even if it were assumed that service was "deemed effective" on Temujin Cayman on July 7, no response would have been due until August 6, by which point opposing counsel *had already agreed to a reasonable extension of time* to respond once the proofs of service came in. Meroney Reply Decl. Ex. 1 ("Given the gap in time from the service date and your receipt of the documents, we'll agree to a reasonable extension. *Once we get the proofs of service and you've assessed the service, how about we meet and confer over timing*" (emphasis added)).

Plaintiff also argues that although the parties "discussed [in fact *agreed to*] a reasonable extension, [] the latter never reached out to finalize the terms and never sought relief from the Court."  However, as a confirmation email from Defendants' predecessor counsel shows, the parties agreed that only *after* Defendant's counsel assessed the service issues would the parties then "submit a schedule for responding and briefing." Plaintiff did not file its proofs of service in their entirety until September 20, so there would have been little opportunity to assess service issues before then.  Moreover, and more importantly, nothing in any correspondence among counsel dictated that the agreement among counsel had a particular expiration date or that it was Temujin Cayman's unilateral duty to reopen the dialogue once the proofs of service came in. As importantly, prior to Culhane Meadows being substituted as counsel, it does not appear Plaintiff ever asserted Temujin Cayman was in default nor does Plaintiff argue otherwise.

Without seeking to address every other allegation in Defendants' opposition, especially those which are not germane or do not warrant response, Defendants offer the following responses to Plaintiff's "first," "fifth," and "last" points.

In Plaintiff's "first" point, counsel seems to suggest it agreed to a stipulation to continue the Case Management Conference primarily as a professional courtesy. In fact, however, neither party (including Plaintiff) had yet met-and-conferred under Rule 26(f). A Rule 26(f) conference must occur at least 21 days before a Rule 16 scheduling conference. Fed. R. Civ. P. 26(f). Absent a time machine to go back two weeks, Plaintiff's counsel himself could not have met his Rule 26(f) obligation to meet-and-confer on September 15, 2021 -- 21 days prior to the Case Management Conference that until then was scheduled on October 6, 2021. To meet his Rule 26(f) obligation, the Conference needed to be pushed back which would push the Rule 26(f) date back along with it. Nor had the parties *even started* drafting a Case Management Statement, which was due September 29, 2021, *the very date the parties stipulated to request a continuance* of the Conference. Therefore, Plaintiff was in as much need of the continuance as Defendants. The mutual benefit that Plaintiff gained by the stipulation, contrary to Plaintiff's spurious "first" point about it being a courtesy to Defendants, is also noteworthy also because in its "fifth" point, Plaintiff seeks to allege that an extension in the *state case* was, in supposed contrast, mutually beneficial. (In fact, as Defendant has already shown, it was Plaintiff who sought the extension in the state case).

Plaintiff's "last" point is not a point at all; rather it is a laundry list of requests that are outside the scope of what is permitted in an Opposition, do not respond to the Motion , and should not be considered. Plaintiff's counsel has not met-and-conferred about whether it would be necessary or productive to schedule a mini-conference (to talk about issues solely of apparent importance to Plaintiff but perhaps not Defendants) before the Case Management Conference currently scheduled for November 17. Any such idea for a mini, *ad hoc* conference should be first fully vetted between the parties and then (and only then) could it perhaps be made the subject of a stipulation or motion; it is certainly not appropriate to tack such a unilateral request onto the end

of an opposition to an extension of time. That said, should the Court find it helpful, Defendants stand ready to appear for oral argument, a mini-conference or whatever the Court requests.

     Absent this Court granting Defendants' motion, Defendants will be prejudiced, as explained in Defendants' motion. Defendants request that the Court reject Plaintiff's arguments and grant the requested motion for extension of time.

Respectfully submitted,

DATED: October 1, 2021

CULHANE MEADOWS PLLC
Millicent S. Meroney

By:   */s/ Millicent S. Meroney*