Craig A. Hansen (SBN 209622)
Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
Email: steve@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1250
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Attorneys for Individual Defendants
By Special Appearance

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

ARIEL ABITTAN

PLAINTIFF,

v.

LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),

DEFENDANTS,

and

EIAN LABS INC.,

NOMINAL DEFENDANT.

Case No.: 5:20-CV-09340-NC

**INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER ALLOWING DEFENDANTS LILY CHAO AND DAMIEN DING TO BE SERVED (1) THROUGH COUNSEL, (2) THROUGH TEMUJIN LABS INC. (DELAWARE)'S REGISTERED AGENT, (3) BY TEXT, OR (4) BY PUBLICATION; AND REQUEST FOR DISMISSAL PURSUANT TO FED. R. CIV. PRO. RULE 4(M) AND COURT'S ORDER DATED JULY 19, 2021.**

Date: November 10, 2021
Time: 1:00 p.m.
Place: Courtroom 5, 4th Floor
Judge: Hon. Nathanael Cousins

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ... 1
II. BACKGROUND ... 1
III. ARGUMENT ... 5
A. The Complaint Should Be Dismissed Without Prejudice Because Plaintiff Failed to Comply with the Court's July 19, 2021 Order ... 5
B. There is No Good Cause for Extending Time for Service of the Complaint ... 5
C. There is No Basis for an Alternative Method of Service ... 5
1. Alternative Service on Defendants' Counsel is Not Appropriate ... 6
2. Alternative Service on Temujin DE's Agent for Service is Not Appropriate ... 6
3. Alternative Service Via Text Message is Not Appropriate ... 8
4. Alternative Service By Publication is Not Appropriate ... 10
IV. CONCLUSION ... 11

# TABLE OF AUTHORITIES

Page

## Cases

*Aevoe Corp. v. Pace*,
No. C 11-3215 MEJ, 2011 WL 3904133 (N.D. Cal. Sept. 6, 2011) .......... 9, 10

*Balsam v. Angeles Technology Inc. et al.*,
No. C 06-04114 JF (HRL), 2007 WL 2070297 (N.D. Cal. July 17, 2007) .......... 9

*Calvert v. Al Binali*,
29 Cal.App.5th 954 (2018) .......... 11

*Clarke v. Farris-Ellison*,
No. CV 19-8551-MWF-PLA, 2019 WL 8645757 (C.D. Cal. Dec. 12, 2019) .......... 6

*Commercial Judgment Recovery Fund 1 LLC v. A2Z Plating Co.*,
No. SACV 11-0572 DOC (RNBx), 2011 WL 2941029 (C.D. Cal. July 15, 2011) .......... 7

*Coomes v. Shamji*,
260 F. App'x. 988 (9th Cir. 2007) .......... 7

*Creative Intellects v. Haygood*,
No. 2:21-CV-02670-RGK-AFM, 2021 WL 3568237 (C.D. Cal. July 23, 2021) .......... 9

*Duarte v. Freeland*,
No. C-05-2780 EMC, 2008 WL 683427 (N.D.Cal. Mar.7, 2008) .......... 10

*Entrepreneur Media, Inc. v. Casey*,
No. 8:18-cv-01058-JLS-AGR, 2018 WL 6424515 (C.D. Cal. Oct. 1, 2018) .......... 8, 9

*Estate of Moss*,
204 Cal.App.4th 521 (2012) .......... 6

*Facebook Inc. v. Banana Ads, LLC et al.*,
No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) .......... 9

*J & J Sports Productions v. Castellon*,
No. 15-cv-01941-WHO, 2015 WL 6089898 (N.D. Cal. Oct. 16, 2015) .......... 7

*Lawrence v. City and Cty. of San Francisco*,
No. 14-CV-00820-MEJ, 2016 WL 5869760 (N.D. Cal. Oct. 7, 2016) .......... 5

*Olvera v. Olvera*,
232 Cal.App.3d 32 (1991) .......... 11

*Recouvreur v. Carreon*,
No. CR 12-03435 RS, 2012 WL 12920768 (N.D. Cal. Oct. 15, 2012) .......... 7

*Rio Properties, Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) .......... 7

*Townsel v. Contra Costa Cty., Cal.*,
820 F.2d 319 (9th Cir. 1987) .......... 5

*United Health Services, Inc. v. Meyer*,
No. C 12-6197 CW, 2013 WL 843698 (N.D. Cal. Mar. 6, 2013) .......... 9

## Statutes

Cal. Civ. P. Code § 413.30 .......... 6, 7, 8
Cal. Civ. P. Code § 415.50 .......... 11
Cal. Civ. P. Code § 416.90 .......... 6
Fed. R. Civ. P. Rule 4 .......... 2, 4, 5
Fed. R. Civ. P. Rule 4(m) .......... 1, 5

## Other Authorities

Cal. Prac. Guide Civ. Pro. Before Trial Ch. 4-D .......... 6

## I. INTRODUCTION

Having had nine months to properly serve his Complaint—filed December 24, 2020—on all the remaining defendants, plaintiff Abittan has failed to do so. On July 19, 2021, the Court dismissed the Complaint as to defendant Temujin Labs (Delaware) (Order dated July 19, 2021, ECF No. 78). That same day, the Court gave plaintiff until September 20, 2021 to complete service on the individual defendants and Temujin Labs Inc. (Cayman) or the Complaint "will be dismissed without prejudice under FRCP 4." (Order dated July 19, 2021, ECF No. 77.)

On September 20, 2021, the last day to serve, instead of completing service, plaintiff filed the instant motion seeking permission for alternative service on the individual defendants ("Motion" or "Mot.," *see* ECF No. 83).

However, plaintiff's failure to comply with the Court's July 19, 2021 Order (ECF. No. 77) means his Complaint should now be dismissed without prejudice per that Order. Not only did plaintiff not serve the remaining defendants by the deadline, it appears that plaintiff made no effort to do so in the 60-day extension between the Court's July 19 Order and the September 20 deadline. Certainly, there is no evidence of any "reasonable diligence" by the plaintiff attempting to serve the remaining defendants between July 19 and September 20, nor any "good cause" for the last-minute further extension of time he requested on the very last day to serve. Moreover, plaintiff also does not meet the requirements for the various types of alternative service he belatedly requests.

Accordingly, under Fed. R. Civ. P. Rule 4(m) and pursuant to this Court's previous Order (ECF No. 77), the present Complaint must be dismissed without prejudice.

## II. BACKGROUND

Plaintiff Abittan originally filed his Complaint on December 24, 2020. It is now over nine months later and he has still not served the Complaint on the remaining defendants. One of the Defendants, Temujin Labs Inc. (Delaware), was served with the Complaint and, on April 9, 2021, successfully moved to dismiss the Complaint on the ground that Abittan should have filed his claims against Temujin Labs Inc. (Delaware) as compulsory counterclaims in a prior-filed action by Temujin Labs Inc. (Delaware) pending in the Superior Court of California in Santa Clara County,

Case no. 20CV372622. (Order dated July 19, 2021, granting Temujin Lab Inc. (Delaware)'s Motion to Dismiss without leave to amend, ECF No. 78.)

On May 28, 2021, the individual defendants and Temujin Labs Inc. (Cayman) moved to dismiss or, in the alternative, to quash the summons for failure to serve process. (ECF No. 53.) On July 19, 2021, the Court granted that motion to dismiss, but gave plaintiff Abittan another opportunity to properly serve the Complaint by September 20, 2021 or it would be dismissed without prejudice under Fed. R. Civ. P Rule 4). See ECF No 77 setting forth the Court's gavel order dated July 19, 2021:

> Order granting 53 Motion to Dismiss entered by Magistrate Judge Nathanael M. Cousins. The Court finds service of process insufficient. Plaintiff is granted an extension to 9/20/2021 to serve the moving defendants. If service not made, the complaint will be dismissed without prejudice under FRCP 4. …. (This is a text-only entry generated by the court. There is no document associated with this entry.) (Entered: 07/19/2021)

Order dated July 19, 2021, at ECF No. 77.

However, instead of serving the remaining defendants by the September 20, 2021 deadline, on that last day, plaintiff filed the instant motion for alternative service as to the individual defendants only.

The prior history of this matter and plaintiff's previous improper efforts to serve the individual defendants are reflected in the briefing of the prior motion to dismiss, or in the alternative to quash service (see ECF Nos. 53, 61, and 72 and related papers), culminating in this Court's Order at ECF No. 77, which gave plaintiff an additional 60 days in which to complete service.

Since the Court's Order on July 19, 2021, plaintiff has not served the remaining defendants and plaintiff has failed to demonstrate any reasonable diligence or good cause for his failure to serve.

The only new information about his attempts to serve the remaining defendants provided in plaintiff's Motion or the supporting papers is his attempt to serve Temujin Cayman pursuant to the Hague Convention, and give "notice" to the individual defendants. Mot. at 4-5. But the Motion merely spends one paragraph describing this attempt:

> Another attempt was made when, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Plaintiff initiated service on Temujin Cayman via the

> Central Authority in the Cayman Islands. To ensure that Ding and Chao received notice, Plaintiff also sent additional copies of the summons and complaint to be served on Ding and Chao c/o Temujin Cayman. The Central Authority has confirmed that service of all three sets of documents was completed on July 7, 2021. [ECF Nos. 80, 81, 82]. (Mot. at 4-5.)

Of course, it is stating the obvious that purporting to serve *individual defendants* through a *registered agent entity for a foreign corporation in that foreign country* comes nowhere near to complying with the requirements for service upon individuals pursuant to federal and California law. No doubt that is why plaintiff only mentions this in passing in the Motion, which by itself is an admission that the individual defendants were not properly served through the Hague Convention.[1]

It is not clear what plaintiff's basis is for asserting that the individual defendants "receive[d] notice" through this alleged Cayman Islands entity and there is certainly no evidence in the proforma affidavits included in ECF Nos. 80-82 as to what ultimately happened to the summons and complaint. It is hard to understand why plaintiff believes that sending "additional copies" to an unrelated corporate entity in the Cayman Islands contributes at all towards "reasonable diligence" in serving the individual defendants – and, of course, it does not. It is worth noting too that these actions in the Cayman Islands supposedly took place on July 7, 2021, but the alleged "Certificates of Service" were not filed until September 13, 2021.

Thus, apart from filing ECF Nos. 80-82 on September 13, 2021 (that allegedly relate to matters in early July 2021), ***there is no evidence of any actions*** that plaintiff took since the Court's July 19 Order concerning service of the individual defendants.

As before, however, plaintiff casts aspersions on the individual defendants, accusing them of "evading service" when there is no evidence of that. Despite setting matters straight as to certain false assertions by plaintiff during the previous briefing as to service, plaintiff repeats those errors. Plaintiff asserts without any basis that the individual defendants are using "misidentification tactics to evade service of the summons and play games with this Court." Not so. Plaintiff's failures to properly serve the individual defendants are of his own making and due to his lack of diligence and failure to comply with the requirements for service.

---

[1] It also appears that Temujin Cayman was not properly served through the Hague Convention, but that is not an issue for this Opposition.

All of the exhibits referenced in the Economides Declaration (ECF No. 84) filed by plaintiff in support of the present Motion could have been presented previously, during the prior briefing regarding service. None of the information presented is new and it does nothing to support plaintiff's requirement to show reasonable diligence.

Notably, plaintiff spends much of the motion referring to his previous efforts to serve the individual defendants, which this Court has already determined did not satisfy the requirements for service. Plaintiff mistakenly seems to believe that these previous efforts are enough to provide the "reasonable diligence" and "good cause" he needs to overcome dismissal under Fed. R. Civ. P. Rule 4. Indeed, he asserts that "consequently, Abittan was unable to effectuate service upon Defendant's by personal or substitute service. *See* Order [ECF No. 78]." Mot. at 4.

Plaintiff also submits a Declaration from a private investigator, Kirsten Lee Soares, in support of the present motion. But this, too, only appears to describe efforts to serve conducted ***prior to*** the Court's previous Order in July 2021. Notably, the Soares Declaration does not set out the dates of any efforts to serve. In fact, she explains that she was "retained by ***two previous teams of counsel for Plaintiff*** … to locate [the individual defendants] for the purpose of serving the summons and complaint in this action." (Soares Decl. ¶ 2.) Notably, ***current*** counsel for plaintiff substituted into this case on ***April 20, 2021*** [ECF No. 40]. So the Soares Declaration does not provide evidence of any efforts to serve the individual defendants since April 2021, and certainly not ***since the Court's Order in July 2021***. Plaintiff's brief confirms that these efforts occurred *before* the Court's July 2021 Order: "And, consequently, Abittan was unable to effectuate service upon Defendants by personal or substitute service. *See* Order [ECF No. 78]." Mot. at 4:23-24.

Rather than using reasonable diligence to attempt to properly serve the individual defendants within the extended time provided by the Court, plaintiff now asks for permission to serve the individual defendants using alternative methods without meeting the necessary requirements in order to invoke these unusual procedures. There is also no good cause for further time. Plaintiff's motion for alternate service should be denied and the Complaint dismissed without prejudice.

## III. ARGUMENT

### A. The Complaint Should Be Dismissed Without Prejudice Because Plaintiff Failed to Comply with the Court's July 19, 2021 Order

It is undisputed that plaintiff did not complete service of the individual defendants before the Court's September 20, 2021 deadline. Plaintiff does not argue as much in his Motion, which is why instead he seeks a *third* chance.

But plaintiff made ***no effort*** to use the additional 60 days the Court gave him to attempt to accomplish service. There is ***no evidence*** of further attempts at personal service and there is ***no evidence*** of further attempts at substitute service since the Court's July 19 Order.

Accordingly, pursuant to the Fed. R. Civ. P. Rule 4 and this Court's July 19 Order, the Complaint should be dismissed without prejudice.

### B. There is No Good Cause for Extending Time for Service of the Complaint

Rule 4(m) entitled "Time Limit for Service," states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But **if the plaintiff shows good cause for the failure**, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. Pro. Rule 4(m). "'Good cause' is generally equated with 'diligence.'" *Lawrence v. City and Cty. of San Francisco*, No. 14-CV-00820-MEJ, 2016 WL 5869760, at *4 (N.D. Cal. Oct. 7, 2016) (quoting *Townsel v. Contra Costa Cty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987)).

Here, plaintiff did not act with diligence. He made *no effort* during the additional time to serve the individual defendants. There is therefore no "good cause" for extending the time for service.

### C. There is No Basis for an Alternative Method of Service

Plaintiff requests permission to serve the individual defendants by four different, alternative methods. However, as discussed below, none of these methods is appropriate because plaintiff does not meet the requirements for each proposed alternative form of service.

**1. Alternative Service on Defendants' Counsel is Not Appropriate**

Plaintiff first argues that service on the individual defendants' counsel is appropriate under Cal. Civ. P. Code § 413.30. However, the facts and the authorities plaintiff relies upon do not support such service in the present circumstances.

Fenwick is no longer counsel for the individual defendants. Individual defendants are now represented by the undersigned counsel in this matter, who have only very recently been retained.[2]

Counsel making this special appearance for the individual defendants, like Fenwick previously, do not have authorization to accept service of process on behalf of the individual defendants. Moreover, as acknowledged in the Motion "service on a person's lawyer is insufficient where the lawyer has 'no actual or ostensible authority to accept service in the action' except where 'the attorney-client relationship is sufficiently close and enduring.'" (Mot. at 7-8, citing Cal. Prac. Guide Civ. Pro. Before Trial Ch. 4-D.) Given present counsel were just retained, the relationship is not "sufficiently close and enduring." *Clarke v. Farris-Ellison*, No. CV 19-8551-MWF-PLA, 2019 WL 8645757, at *2 (C.D. Cal. Dec. 12, 2019). Plaintiff also cites to *Estate of Moss*, 204 Cal.App.4th 521, 533 (2012), but this is readily distinguishable because there the party and her attorney had already appeared in the matter and service concerned a "postprobate contest" in the very same probate action. Notably, the appellate court stated: "[w]e emphasize the narrowness of our holding. In this case, we consider only whether service of process on a party's attorney of record is sufficient where the process is issued *in the same case* as that in which the attorney is already representing the party" (emphasis in original). Those are not the facts here. Moreover, *Estate of Moss* concerned service under Cal. Civ. P. Code § 416.90, not § 413.30 as asserted here. (*Id*. at 534.)

Accordingly, alternative service upon defendants' counsel is not appropriate here.

**2. Alternative Service on Temujin DE's Agent for Service is Not Appropriate**

Plaintiff's arguments attempting to justify alternative service on Temujin DE's agent for service are confusing and baseless.

---

[2] The individual defendants note that by filing this Opposition, they are only appearing by "Special Appearance," and are not making a general appearance. They do not intend to waive, and are not waiving, any and all objections to service and to jurisdiction.

Plaintiff begins by asserting that "Defendants could be served by delivering case-initiating documents to their usual place of business—Temujin DE—in the presence of a person apparently in charge of the office. Cal. Civ. P. Code § 415.20(b)." (See Mot. at 9). Thus, Plaintiff's Motion first addresses *substitute service,* citing cases concerning substitute service: *Commercial Judgment Recovery Fund 1 LLC v. A2Z Plating Co.,* No. SACV 11-0572 DOC (RNBx), 2011 WL 2941029 (C.D. Cal. July 15, 2011)*, Coomes v. Shamji*, 260 F. App'x. 988 (9th Cir. 2007) and *J & J Sports Productions v. Castellon,* No. 15-cv-01941-WHO, 2015 WL 6089898 (N.D. Cal. Oct. 16, 2015), which all concerned officers of the corporations and business owners. Thus, in *Commercial Judgment Recovery Fund,* the defendant was the CEO (*Commercial Judgment Recovery Fund, supra* at *4), in *Coomes*, the business was the defendant's own business (*Coomes, supra* at 988), and in *J & J Sports Productions*, defendant was the vice president and director (*J & J Sports Productions, supra* at *2). In contrast, here plaintiff states "it is unclear what precise role or title Defendants hold in Temujin DE's corporate structure." Yet plaintiff alleges, *without evidence*, merely through a citation to the allegations in his Complaint that the individual defendants "caused the formation of Temujin DE in 2019 and thereafter orchestrated the execution of multiple contracts on behalf of Temujin DE and its parent Temujin Cayman… ." (Mot. at 9:25.) Moreover, plaintiff acknowledges individual defendants as "not legally owning Temujin DE or being listed in any publicly filed document as an officer or agent of Temujin DE." So the cases cited by plaintiff are inapposite.

Ultimately, plaintiff concludes, without more, that "[s]ubstitute service, however, is impossible—and the invocation of Cal. Civ. P. Code § 413.30's provision for alternative service is thus necessary—where a defendant's usual place of business has 'neither an office nor a door[.]' *See e.g.*, *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002)."

However, plaintiff has presented *no evidence* as to his investigations into the individual defendants' "usual place of business," whether there is "neither an office nor a door," and whether service there would be "impossible." Plaintiff is too quick to dismiss substituted service as an option. It was an option that plaintiff could have attempted during his 60-day extension, but he did not. *See also Recouvreur v. Carreon*, No. CR 12-03435 RS, 2012 WL 12920768, at *2 (N.D. Cal. Oct. 15, 2012) (distinguishing the *Rio Properties* case where defendant was an individual apparently

resident in the United States).

Plaintiff simply asserts now that "because service of [the individual defendants] would be appropriate at Temujin DE's headquarters as Defendants' 'usual place of business' *if* such an office existed, Plaintiff requests leave to serve Defendants via Temujin DE's *agent for service of process*." (Mot. at 10, emphasis added.)

But plaintiff cites no authority for such service of *individuals* via the *registered agent of a corporation*, nor explains why service on Temujin DE's agent for service would provide *notice* to the individual defendants. Plaintiff does not allege any connection between the individual defendants and Temujin DE's agent for service. Indeed, by acknowledging individual defendants as "not legally owning Temujin DE or being listed in any publicly filed document as an officer or agent of Temujin DE and that "it is unclear what precise role or title Defendants hold in Temujin DE's corporate structure," there is no basis to believe that service on *Temujin DE's agent for service* would provide notice to the individual defendants.

Accordingly, plaintiff's request for alternative service on the individual defendants via service on Temujin DE's agent for service should be denied.

**3. <u>Alternative Service Via Text Message is Not Appropriate</u>**

Plaintiff's Motion next requests alternative service by email and text under Cal. Civ. P. Code § 413.30, which courts have approved in certain circumstances. However, those circumstances do not apply in the present case and the cases relied upon by plaintiff are readily distinguishable.

At the outset, Plaintiff needs to show "reasonable diligence," which he cannot. As the court held in *Entrepreneur Media, Inc. v. Casey,* No. 8:18-cv-01058-JLS-AGR, 2018 WL 6424515 (C.D. Cal. Oct. 1, 2018):

> A party asking for service through email or social media must usually show that the party to be served 'cannot with reasonable diligence be served in another manner. [citations omitted] 'Reasonable diligence' means that 'the plaintiff took those steps that a reasonable person who truly desired to give notice would have taken under the circumstances.'

*Id*. at *2. As described above, plaintiff did nothing to attempt to serve the individual defendants since the July 2021 Order, despite the opportunity to do so. If plaintiff "truly desired to give notice," he should have taken some steps to attempt service, but he did nothing. That is not reasonable

diligence, so that plaintiff's request should be denied.

Furthermore, in the cases relied upon by plaintiff, there was evidence that the party to be served regularly used the known email address and that email was "reasonably calculated to give actual notice to the party to be served." See, for example, *United Health Services, Inc. v. Meyer,* No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) (defendant sent plaintiff "more than thirty-five emails from that email address, including communications regarding the transmission of legal documents…"); *Facebook Inc. v. Banana Ads, LLC et al.,* No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (defendants were "all engaged in internet-based commercial activities and rely on email as a means of communication"); *Aevoe Corp. v. Pace,* No. C 11-3215 MEJ, 2011 WL 3904133, at *2 (N.D. Cal. Sept. 6, 2011) (where plaintiff had previously communicated with [the defendant] via email, and had received a copy of the complaint via email from the plaintiff); *Balsam v. Angeles Technology Inc. et al.,* No. C 06-04114 JF (HRL), 2007 WL 2070297, at *3 (N.D. Cal. July 17, 2007) (where plaintiff asserted that email was defendants' "preferred method of communication" and the email address was "provided to the domain name registrar" and "to individuals who signed up for the website's services."); *Entrepreneur Media Inc. v. Casey, supra* at *1) (where, among other things, defendant "encourages users to contact him via email."); *Creative Intellects v. Haygood,* No. 2:21-CV-02670-RGK-AFM, 2021 WL 3568237, at *2 (C.D. Cal. July 23, 2021) (where defendant "admitted that he had received an email from Plaintiff's counsel").[3]

Here, by contrast, plaintiff's evidence as to the individual defendants' email addresses is equivocal. *See* Abittan Decl. ¶ 15 (ECF No. 85): "I also communicated with [the individual defendants] via email. Defendants both *had several email addresses that changed as the names of the companies changed*" (emphasis added). He lists the email addresses he "most recently" sent emails to, but does not specify the dates he did so.

Plaintiff's evidence as to text messages is also not strong. Although plaintiff asserts that "[a]t

[3] In addition, many of the cases plaintiff relies upon concern internet-related issues: *Facebook Inc. v. Banana Ads, LLC et al.*, *supra* at *1 (cybersquatting and registering internet domain names confusingly similar to facebook.com); *Aevoe Corp. v. Pace*, *supra* at *1 (cybersquatting by defendant concerning a website); *Balsam v. Angeles Technology Inc. et al*, *supra* at *1 (spam email messages); *Entrepreneur Media Inc. v. Casey*, *supra* at *1 (trademark infringement associated with defendant's social media accounts and websites). There are no such internet-related issues here.

all times, Defendants' primary mode of communication was text message" (*id.* at ¶ 5), he identifies *seven numbers* that he says he sent and received text messages from the individual defendants (*id.* at ¶¶ 7-8). While plaintiff also identifies the numbers at which he had his "last communication" with the individual defendants, he again declines to indicate when those were. The only specific evidence as to the timing of texts is from plaintiff's father, Abraham Abittan, who states in his declaration that he texted Chao at two numbers and that his "last communication" was *on October 21, 2020*. But he further states that "[a]fter this lawsuit was commenced, I continued texting Chao at both numbers, *but she did not respond*." *See* Abraham Abittan Decl. ¶¶ 11 and 12 (ECF No. 86) (emphasis added.) He further states in his Declaration that, although he apparently texted Ding after the lawsuit was commenced, his "last communication from Ding was *on March 14, 2021* when Ding texted that I was 'ignoring' him." (*Id.* at ¶¶ 15-16.)

The declarations filed in support of plaintiff's request to serve by text raise serious questions as to whether the numbers plaintiff proposes to text are "reasonably calculated to give actual notice." According to these declarations, it is *over 6 months since the last successful text communication* with one of the individual defendants, and *almost a year* in the case of the other individual defendant. Given that passage of time, which, if any, of the seven numbers identified are *currently* in use and by which defendant? Moreover, plaintiff submitted no evidence that he or anyone on his behalf has attempted to contact either of the individual defendants by email or text since the last stated communications, which were well before the September 20, 2021 service deadline. Why did he not do so? Again, this reflects a lack of reasonable diligence by plaintiff.

Accordingly, based on plaintiff's lack of reasonable diligence and the absence of evidence from the plaintiff as to *current* text numbers and email addresses, plaintiff's request for alternative service on the individual defendants by text and email should be denied.

**4. <u>Alternative Service By Publication is Not Appropriate</u>**

As explained in the *Aevoe* case, relied upon by plaintiff, "'[b]ecause of due process concerns, service by publication must be allowed only as a last resort.' *Duarte v. Freeland*, No. C-05-2780 EMC, 2008 WL 683427, at *1 (N.D.Cal. Mar.7, 2008)," *Aevoe Corp. v. Pace, supra*, at *2. One reason that publication is a method of last resort is that courts recognize that "such service is on

many occasions unlikely to result in actual notice." *Olvera v. Olvera*, 232 Cal.App.3d 32, 40 (1991).

Moreover, Cal. Civ. P. Code § 415.50 also requires the plaintiff to show the Court that "the party to be served cannot *with reasonable diligence* be served in another manner." Cal. Civ. P. Code § 415.50(a) (emphasis added). And "[i]f there is any situation in which strict compliance can reasonably be required, it is that of service by publication." *Calvert v. Al Binali*, 29 Cal.App.5th 954, 963 (2018).

Plaintiff asserts that he has been diligent, but he only points to efforts he made *prior to* the Court's Order on July 19, 2021, which gave him an additional 60 days to complete service. Surely "reasonable diligence" cannot equate to getting 60 more days and then doing …. absolutely nothing!

Accordingly, plaintiff's request for service by publication should be denied.

## IV. CONCLUSION

For the reasons set out above, individual defendants respectfully request that the Court now dismiss the Complaint without prejudice for failure to comply with the Court's July 19, 2021 Order, and deny plaintiff's Motion for Alternative Service and his request for yet further time to serve.

DATED: October 18 , 2021

Respectfully submitted,

HANSEN LAW FIRM, P.C.

By: /s/ Craig A. Hansen

Craig A. Hansen
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1250
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Counsel for the Individual Defendants
By Special Appearance.