Katherine Eskovitz (CA Bar No. 255105)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1158 26th Street, Suite 175
Santa Monica, CA 90403
Email: keskovitz@rochefreedman.com
        bpierce@rochefreedman.com

Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email: ceconomides@rochefreedman.com

Joseph M. Delich (*pro hac vice*)
ROCHE FREEDMAN LLP
(NY Bar No. 5487186)
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: (646) 970-7541
Email: jdelich@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, <br><br> PLAINTIFF, <br><br> v. <br><br> LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), <br><br> DEFENDANTS, <br><br> and <br><br> EIAN LABS INC., <br><br> NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AN ORDER ALLOWING DEFENDANTS LILY CHAO AND DAMIEN DING TO BE SERVED (1) THROUGH COUNSEL, (2) THROUGH TEMUJIN LABS INC. (DELAWARE'S) REGISTERED AGENT, (3) BY TEXT, OR (4) BY PUBLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: November 10, 2021 <br> Time: 1:00 p.m. <br> Place: Courtroom 5, 4th Floor <br> Judge: Hon. Nathanael Cousins |

Federal Rule of Civil Procedure 4(d) provides:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) **has a duty to avoid unnecessary expenses of serving the summons**. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

FRCP Rule 4(d). On January 7, 2021, Plaintiff's counsel sent valid requests for service waivers to Lily Chao's and Damien Ding's counsel.[1] But Chao and Ding did not waive service. Accordingly, Plaintiff has attempted service on—and provided actual notice to—Chao and Ding multiple times. *See* [ECF No. 83]. Nonetheless, Chao and Ding have contested every service attempt, and they now oppose the alternative service that would provide the additional notice they seek.

Because of Plaintiff's ongoing diligence—*e.g.*, hiring a private investigator, searching available records, attempting service at the only known residence for Chao and Ding, and attempting service at Temujin Labs, Inc. (the co-defendant that Plaintiff alleges was used by Chao and Ding as a vehicle for fraud)—alternative service is now justified. Simply put, Chao and Ding maintain that they are entitled to additional notice of the lawsuit, and Plaintiff has provided the Court legally supported means of providing that notice.

Nonetheless, Chao and Ding now oppose Plaintiff's request to provide that additional notice. *See* Opposition [ECF No. 99]. Plaintiff files this reply to address three flawed points raised in Chao's and Ding's Opposition.

First, Chao and Ding assert that Plaintiff has not acted diligently and failed to comply with the Court's July 19, 2021 Order. Those assertions are wrong.

Plaintiff has an immense, immutable interest in serving process on Chao and Ding. And Plaintiff is willing to exhaust any additional reasonable efforts to effect service. The problem, however, is that Chao and Ding have obfuscated their locations. Through a costly and time-confusing investigation, Plaintiff (relying on his counsel and investigator) researched available records relating to 8 addresses and 7 phone numbers connected to Ding and Chao. The investigation

---

[1] The notices and waivers were sent by Plaintiff's previous counsel to Chao and Ding's previous counsel at Fenwick & West LLP.

did not yield an alternative to the residence where Chao and Ding had hosted Plaintiff multiple times: 69 Isabella Ave. And the investigation indicated that Chao and Ding continue to live at that address. Accordingly, Plaintiff attempted service at that location—protected by a manned guard gate—multiple times.

In challenging those service attempts, Chao and Ding concealed their address. Their counsel carefully suggested that there was an absence of proof connecting Chao and Ding to the 69 Isabella Ave. address. *See* [ECF No. 53 at 10; ECF No. 54 at Ex. E]. But Chao and Ding (and their counsel) never affirmatively stated that they do not live there. *Id.* Nor did they state that they live somewhere else. *Id.* And the public records have not revealed another location. In sum, the available public records reflect substantial efforts by Chao and Ding to conceal their identities, assets, and residence.

Nonetheless, following the Court's July 19, 2021, Plaintiff's counsel expended additional time and resources but could not identify an alternate address to serve Chao or Ding. Plaintiff's counsel, therefore, researched viable means of alternative service and, within the Court's deadline, set forth why one or more of those means are justified. Under these circumstances, Plaintiff acted diligently, and the requested alternative service is warranted.

Second, Chao and Ding suggest that the "reasonable diligence" justifying alternative service should be limited to the time period after the Court's July 19, 2021 order. That assertion is factually and legally wrong.

"'Reasonable diligence' means that 'the plaintiff took those steps that a reasonable person who truly desired to give notice would have taken under the circumstances." *Entrepreneur Media, Inc. v. Casey*, No. 8:18-cv-01058-JLS-AGR, 2018 WL 6424515 (C.D. Cal. Oct. 1, 2018) ("Plaintiff has been unable to locate and serve Casey personally, even after hiring a private investigator to locate addresses associated with Casey. The Court finds this is sufficient to show that Casey cannot with reasonable diligence be served through non-electronic means." (quotation marks omitted)).

Accordingly, Plaintiff's previous but unsuccessful attempts to serve Chao and Ding are directly relevant. Those attempts—based on the costly efforts of a private investigator—demonstrate that Plaintiff took steps that a reasonable person would take to give Chao and Ding

1 notice under the circumstances. The additional mailings to Temujin Labs Inc.—as well as the
2 successful service via the Hague Service Convention of 3 copies of the summons and complaint
3 through Temujin Labs Inc.'s registered agent in the Cayman Islands—add to that diligence.

4     Third, Chao and Ding suggest that service of process on their new counsel is inappropriate
5 because their relationship with counsel "is not sufficiently close or enduring." [ECF No. 99 at 6].
6 That suggestion is remarkable. After Plaintiff's Motion highlighted that close relationship, Chao
7 and Ding obtained new counsel not once, but twice, prior to filing their Opposition. Nevertheless,
8 as their predecessors before them, the current counsel still represent all of the Defendants in this
9 action, and it is "reasonably certain that [the served party] would be apprised of the service" via
10 that new counsel. *Clark v. Farris-Ellison*, No. CV 19-8551-MWF-PLA, 2019 WL 8645757, at *2
11 (C.D. Cal., Dec. 12, 2019).

12     In sum, Chao and Ding—and their three sets of counsel—have received the complaint and
13 summons in various ways. Nonetheless, Chao and Ding insist on receiving the complaint and
14 summons via some additional mechanism, as long as that mechanism does not involve the methods
15 proposed by Plaintiff and supported by applicable precedent. Plaintiff has made the required
16 showing for alternative service, and Chao's and Ding's opposing arguments fail.

## **CONCLUSION**

18     For the foregoing reasons, and as set forth in the Motion [ECF No. 83]—Plaintiff
19 respectfully requests, pursuant to Rules 4(e) and 4(m), that the Court issue an order allowing 60
20 days to effectuate service on Chao and Ding and permitting service via one of the following
21 methods:

22   1. serving a copy of the documents on Defendants' counsel;
23   2. serving a copy of the documents on Temujin DE's registered agent for service of process;
24   3. texting [and/or emailing] Defendants' respective cell phone numbers [and/or email
25      addresses] with a link to the service documents; and
26   4. publishing the summons in the San Jose Mercury four times with five days in between each
27      publication.

- 3 -

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC

| | | |
|---|---|---|
| 1 | Dated: October 25, 2021 | **ROCHE FREEDMAN LLP** |
| 2 | | */s/ Constantine P. Economides* |
| 3 | | Constantine P. Economides (*pro hac vice*)<br>(Florida Bar No. 118177) |
| 4 | | ROCHE FREEDMAN LLP<br>1 SE Third Avenue, Suite 250 |
| 5 | | Miami, Florida 33131<br>Tel: (305) 971-5943 |
| 6 | | Email: ceconomides@rochefreedman.com |
| 7 | | Katherine Eskovitz (CA Bar No. 255105) |
| 8 | | Brianna Pierce (CA Bar No. 336906)<br>ROCHE FREEDMAN LLP |
| 9 | | 1158 26th Street, Suite 175<br>Santa Monica, CA 90403 |
| 10 | | Email: keskovitz@rochefreedman.com<br>bpierce@rochefreedman.com |
| 11 | | Joseph M. Delich (*pro hac vice*) |
| 12 | | ROCHE FREEDMAN LLP<br>(NY Bar No. 5487186) |
| 13 | | 99 Park Avenue, Suite 1910<br>New York, NY 10016 |
| 14 | | Tel: (646) 970-7541<br>Email: jdelich@rochefreedman.com |
| 15 | | *Counsel for Plaintiff,* |
| 16 | | *Ariel Abittan* |

- 4 -

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR ALTERNATIVE SERVICE| CASE NO. 5:20-CV-09340-NC