1  Craig A. Hansen (SBN 209622)
     Email: craig@hansenlawfirm.net
2  Stephen C. Holmes (SBN 200727)
     Email: steve@hansenlawfirm.net
3  Philip E. Yeager (SBN 265939)
     Email: phil@hansenlawfirm.net
4  Collin D. Greene (SBN 326548)
     Email: collin@hansenlawfirm.net
5  HANSEN LAW FIRM, P.C.
   75 E. Santa Clara Street, Suite 1250
6  San Jose, CA 95113-1837
   Telephone: (408) 715 7980
7  Facsimile: (408) 715 7001

8  Attorneys for Defendant
   Temujin Labs Inc., a Cayman corporation
9  By Special Appearance

10

11                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
12                              **SAN JOSE DIVISION**

13

| | |
|---|---|
| ARIEL ABITTAN | Case No.: 5:20-CV-09340-NC |
| PLAINTIFF, | **[PROPOSED] ORDER GRANTING DEFENDANT TEMUJIN LABS INC., A CAYMAN CORPORATON'S MOTION TO DISMISS** |
| v. | |
| LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), | Date:    December 15, 2021<br>Time:    1:00 PM<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Nathanael Cousins |
| DEFENDANTS, | |
| and | |
| EIAN LABS INC., | |
| NOMINAL DEFENDANT. | |

– 1 –

The motion of Defendant Temujin Labs Inc., a Cayman corporation ("Temujin Cayman") to dismiss Plaintiff's Complaint came on for hearing before the Court on December 15, 2021. The parties were represented by their respective counsel of record.

After considering the papers submitted by the parties and the arguments of counsel, the Court finds that:

1. Plaintiff's derivative claims purportedly on behalf of Eian Labs Inc. ("Eian") against Temujin Cayman fail because plaintiff has failed to adequately plead the statutory prerequisites of Federal Rule of Civil Procedure 23.1. Specifically, the Complaint is not verified and plaintiff fails to allege he was a shareholder of Eian.

2. Each of plaintiff's claims against Temujin Cayman fails because plaintiff has failed to plead specific facts raising a reasonable inference that Temujin Cayman is liable for the misconduct alleged and instead impermissibly conflates Temujin Cayman with other defendants.

3. Plaintiff's claims for violations of 18 U.S.C. §§ 1962(c) and (d) against Temujin Cayman fail because plaintiff has failed to plead facts, as opposed to conclusions, demonstrating each primary liability element with respect to Temujin Cayman with the required specificity, and absent well-pleaded primary liability, there can be no liability for conspiracy under § 1962(d).

4. Plaintiff's claim for aiding and abetting breach of fiduciary duty against Temujin Cayman fails because plaintiff has failed to plead facts, as opposed to conclusions, stating a claim against Temujin Cayman. Further, plaintiff has failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

5. Plaintiff's claim for fraudulent inducement against Temujin Cayman fails because plaintiff has failed to plead facts, as opposed to conclusions, stating a claim against Temujin Cayman. Further, plaintiff has failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

6. Plaintiff's claim for fraud against Temujin Cayman fails because plaintiff has failed to plead facts, as opposed to conclusions, stating a claim against Temujin Cayman. Further, plaintiff has failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

7. Plaintiff's claims for conversion against Temujin Cayman fail because plaintiff has failed to plead facts, as opposed to conclusions, demonstrating any conduct whatsoever by Temujin Cayman with respect to the supposedly converted property.

8. Plaintiff's claim for unjust enrichment against Temujin Cayman fails because plaintiff has failed to plead an absence of justification for Eian's asset sale or any other value transfer to Temujin Cayman, plaintiff has adequate remedies at law, and under California law, "unjust enrichment is a theory of recovery, not an independent legal claim." *Keirsey v. eBay, Inc.*, 2012 WL 12920765, at *2 (N.D. Cal. Aug. 6, 2012).

9. Plaintiff is not entitled to an accounting from Temujin Cayman under California law because he has failed to state any viable primary claim against Temujin Cayman, whether on behalf of Eian derivatively or against Temujin Cayman directly, and plaintiff has not alleged facts indicating he is a shareholder of Temujin Cayman such that it could owe him fiduciary duties.

Therefore, it is HEREBY ORDERED that (1) Temujin Cayman's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) is GRANTED, and the Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED: _____     _____

The Honorable Nathanael Cousins
United States Magistrate Judge

– 2 –