Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email:  ceconomides@rochefreedman.com
          bpierce@rochefreedman.com

Joseph M. Delich (pro hac vice)
ROCHE FREEDMAN LLP
(NY Bar No. 5487186)
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: (646) 970-7541
Email: jdelich@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, <br><br> PLAINTIFF, <br><br> v. <br><br> LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), <br><br> DEFENDANTS, <br><br> and <br><br> EIAN LABS INC., <br><br> NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** <br><br> Judge:  Nathanael Cousins <br> Date:    December 15, 2021 <br> Time:   1:00 PM <br> Place:   Courtroom 5, 4th Floor |

Plaintiff Ariel Abittan respectfully submits this Memorandum of Law in opposition to the untimely Motion to Dismiss by Defendant Temujin Labs Inc. (Cayman) ("Motion").[1]

## I. INTRODUCTION

After failing to respond to Plaintiff's Complaint for 64 days, Defendant Temujin Labs Inc. (Cayman) ("Temujin Cayman") sought and obtained leave to respond to the Complaint by October 29, 2021. Despite this extension, Temujin Cayman *again* failed to respond to the Complaint by the court-ordered deadline. On November 8, 2021, without seeking or obtaining leave to file an untimely motion, Temujin Cayman filed the instant Motion. Because Temujin Cayman failed to timely respond and raise its arguments, the majority of those arguments are now waived.

Furthermore, the Motion is a substantive carbon copy of the motion to dismiss previously filed by Temujin Labs Inc. (Delaware) ("Temujin DE"). *See* [ECF No. 36]. Accordingly, the Motion fails for the same reasons stated in Plaintiff's Opposition to Temujin DE's Motion to Dismiss (ECF No. 49), which is incorporated herein by reference (other than Section A).[2] *See, generally*, Ex. A.

Finally, in the event Defendant's Motion is not denied in full, Plaintiff respectfully requests leave to amend the Complaint to correct any defects and to conform the pleading to newly discovered facts of fraud. But Plaintiff respectfully requests the opportunity to amend *after* this Court decides Plaintiff's pending motion for alternative service on Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao") and Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"). *See* [ECF No. 83]. Otherwise, Plaintiff would suffer prejudice in repeating months of costly service efforts thwarted by Chao's and Ding's evasion. Once Chao and Ding are served in the manner ordered by this Court, Plaintiff could serve an amended complaint, as well as any motions or other filings, pursuant to Rule 5 (*i.e.*, via CM/ECF without any possibility for Chao or Ding to evade).

---

[1] Unless otherwise noted, all emphasis has been added, and internal citations have been omitted. All citations to "Ex." refer to exhibits attached to the Declaration of Constantine P. Economides, filed concurrently herewith. Capitalized terms that are not defined have the meanings ascribed in the Complaint or Motion.

[2] Plaintiff cites to his prior opposition (ECF No. 49) where such citation can avoid redundancy. *See* Ex. A. Plaintiff does not incorporate Section A of the opposition, which addressed the compulsory counterclaim arguments that do not apply to Temujin Cayman.

## II. ISSUES TO BE DECIDED

1. Whether Defendant's Motion to Dismiss is untimely.

2. Whether Plaintiff has stated valid derivative claims on behalf of Eian Labs Inc.

3. Whether Plaintiff has stated valid individual claims against Temujin Cayman.

4. Whether Plaintiff should be permitted to amend the Complaint after the Court decides Plaintiff's motion for alternative service [ECF No. 83].

## III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the Complaint and initiated this litigation on December 24, 2020. [ECF No. 1]. Thereafter, Plaintiff undertook herculean efforts to serve the Complaint on all defendants. *See* [ECF Nos. 61-64, 83-87]. Plaintiff served Temujin Cayman on July 7, 2021, by using the Central Authority in the Cayman Islands pursuant to the Hague Service Convention. [ECF No. 81].

As a result of this valid service, and pursuant to FRCP 12(a) and (b), Temujin Cayman was required to serve an answer or responsive motion no later than July 28, 2021. Temujin Cayman filed neither. On August 6, 2021, Plaintiffs' counsel raised Defendant's default with Defendants' counsel. *See* [ECF No. 93-1]. Counsel for the parties discussed a reasonable extension, but Defendants' counsel never reached out to finalize the terms and never sought relief from the Court. *See* [ECF No. 92].

On September 30, 2021, Defendant filed a Motion for Extension of Time to respond to the Complaint. [ECF No. 91]. Plaintiff opposed the motion, noting that Temujin Cayman should not delay the case by, once again, challenging service of process. [ECF No. 92]. Plaintiff noted that he had served Temujin Cayman via the precise method that Defendants had previously demanded— via the Central Authority in the Cayman Islands, pursuant to the Hague Service Convention. *See* [ECF No. 92] at 2. The Court granted the extension of time, directing Temujin Cayman to respond to the Complaint no later than October 29, 2021. [ECF 95].

Nevertheless, Temujin Cayman did not respond to the Complaint by October 29, 2021. Nor did it seek an extension from Plaintiff or the Court or otherwise explain its failure to respond. On November 5, 2021, therefore, Plaintiff's counsel emailed Temujin Cayman's counsel, informing

them that Plaintiff intended to obtain a clerk's entry of default under Rule 55(a) and inquiring as to the reason for Defendant's failure to respond to the validly served Complaint. *See* Ex. B.

On November 8, 2021, Defendant's counsel responded: "Temujin Cayman will be responding to the Complaint today. Therefore, clerk's entry of default under Rule 55(a) would not be appropriate at this time. We will provide more information about Temujin Cayman's response by COB today, as requested in your email." Ex. B. No additional information was ever provided.

Instead, later that day, Defendant filed a near carbon copy of former defendant Temujin DE's motion to dismiss. *See* [ECF No. 36]. Other than deleting the section related to compulsory counterclaims, and replacing references to Temujin DE with Temujin Cayman, there are no real substantive changes to the Motion: no unique arguments related to Temujin Cayman; no acknowledgment of untimeliness; and no request for affirmative relief from its court-ordered deadline.

In sum, Defendant's response to the Complaint was due on July 28, 2021. Defendant failed to respond. The Court granted Defendant leave to respond to the Complaint by October 29, 2021, and *again*, Defendant failed to respond. Then, *without* seeking leave to file an untimely response, *without* explanation or justification, and *without* even acknowledging that the filing was untimely, Defendant filed the instant Motion—10 days after the extended deadline.

### IV.   RELEVANT LEGAL STANDARD

*See* [ECF No. 49] at 6-7.

### V.   ARGUMENT

#### A.   Defendant's Motion is Untimely

Pursuant to FRCP (12)(a)(1)(A): "A defendant **must** serve an answer: (i) within 21 days after being served with the summons and complaint[.]" Pursuant to FRCP 12(b): "A motion asserting [*inter alia*, failure to state a claim upon which relief can be granted] **must** be made before pleading if a responsive pleading is allowed." A failure to file a timely answer does not extend a defendant's time to file a pre-answer motion under Rule 12. *See Xenium, S.A. de C.V. v. Carlson Hotels Worldwide, Inc.*, 2005 WL 8173126, at *2 (S.D. Cal. Aug. 1, 2005) (rejecting defendant's contention "that, because it has yet to file a responsive pleading to the amended complaint, its

motion [to dismiss] is timely. . . . [S]uch a reading of the rules would allow parties unlimited time to file a motion under Rule 12(b).").

In *Xenium, S.A. de C.V. v. Carlson Hotels Worldwide, Inc.*, for example, the court denied a motion to dismiss as untimely:

> Under the federal rules, defendant must have filed an answer or other responsive pleading to the amended complaint no later than March 11, 2005. *See* Fed.R.Civ.P. 15(a). Because defendant filed and served its motion to dismiss on March 30, 2005, nineteen days after a responsive pleading was due **without seeking an extension of time to respond** to the amended complaint, **the instant motion is untimely filed and must, therefore, be denied.** Because this Court finds the instant motion untimely, plaintiff's remaining arguments presented in its opposition will not be addressed.

2005 WL 8173126, at *2 (S.D. Cal. Aug. 1, 2005).

Similarly, in *Theragun, Inc. v. LifePro Fitness, LLC*, the court denied an untimely motion to dismiss where it was filed just "two days beyond the stipulated, and Court ordered, deadline" without leave of court. 2021 WL 5183877, at *1 (C.D. Cal. Jan. 12, 2021). In *Theragun*, the movant argued in its reply brief, for the first time, that its motion to dismiss "constituted a motion under Fed. R. Civ. P. 6 for a retroactive extension of time to file the motion to dismiss." *Id.* The court rejected the movant's last-ditch effort to overcome its tardiness, finding that a party "cannot seek affirmative relief for the first time in a reply brief." *Id.* (*citing Zuckerman v. Green Earth Tech., Inc.*, 2011 WL 13213658, *4 (C.D. Cal. Jan. 10, 2011)).

Plaintiff served Temujin Cayman on July 7, 2021. After failing to timely respond to the Complaint by July 28, 2021 as required by FRCP 12(a) and 12(b), Defendant sought and obtained an extension to respond to the Complaint by October 29, 2021. Despite this extension, Defendant failed to file a responsive pleading on October 29, 2021. Instead, without seeking leave to file an untimely motion, without explanation or justification, and without acknowledging that the motion was untimely, Defendants filed the Motion on November 8, 2021—ten days too late.

Accordingly, the present motion is untimely and must be denied. Defendant should be required to file an answer to the Complaint within 14 days of the denial of this Motion pursuant to FRCP 12(a)(4)(A).

B. **Defendant's Motion is Without Merit as Discussed at Length in Plaintiff's Opposition to the Nearly Identical Motion to Dismiss filed by Temujin Labs Inc. (Delaware)**

In the event that Defendant's Motion is not denied as untimely, Defendant's motion remains meritless. Specifically, Plaintiff incorporates by reference his Opposition. Ex. A, [ECF No. 49]. For a discussion of whether Plaintiff has stated valid derivative claims on behalf of Eian Labs Inc., *see* Ex. A at 10-12. For a discussion of whether Plaintiff has stated valid individual claims against Temujin Cayman, *see* Ex. A at 12-23.

C. **Plaintiff Intends to Amend the Complaint, Therefore, to the Extent Any Defect Exists, Plaintiff is Ready, Willing, and Able to Cure Such Defect**

If Defendant's Motion is not denied as untimely, and to the extent there are any defects in Plaintiff's Complaint, Plaintiff submits that he is prepared to file an amended complaint to conform to newly discovered evidence of fraud. Through his ongoing investigation, Plaintiff has reviewed numerous key documents that Plaintiff did not possess when the original Complaint was filed; connected over a dozen shell companies to Defendants' elaborate scheme to defraud; discovered several new participants in Defendants' criminal enterprise; and developed a more fully informed understanding of how Defendants stole Findora and millions of dollars from Plaintiff.

At this stage, however, Plaintiff has refrained from amending as of right, pursuant to FRCP 15(a)(1), because of the severe prejudice he would suffer if a new operative complaint were filed before service on Chao and Ding is resolved.[3] "[I]t is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' In other words, 'the original pleading no longer performs any function.'" *Montoya v. City of San Francisco*, 2021 WL 197659, at *2 (N.D. Cal. Jan. 20, 2021) (quoting R*amirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted)). Thus, if Plaintiff amends

---

[3] On September 20, 2021, Plaintiff filed a motion for leave to serve Chao and Ding via alternative means on the grounds that Plaintiff has expended significant amounts of time and money to serve Chao and Ding—hiring a private investigator, searching public databases, and repeatedly attempting mail and personal service at the known addresses linked to Defendants. *See* [ECF No. 83]. Chao and Ding opposed Plaintiff's alternative service motion [ECF No. 99]; Plaintiff replied [ECF No. 103]; and this Court vacated a prior scheduled hearing on the motion [ECF No. 107]. The motion remains pending.

the Complaint while his own motion for alternative service remains pending, Plaintiff will effectively vitiate his extensive efforts to serve Chao and Ding and would face potential prejudice regarding relation back.

Thus, Plaintiff respectfully requests that the Court first resolve Plaintiff's alternative service motion and then consider Temujin Cayman's untimely Motion. If the Motion is not denied as untimely, and if any portion is granted in whole or in part, Plaintiff requests leave to amend the complaint.

## VI.   CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court deny the Motion. If the Court does grant the Motion, Plaintiff respectfully requests leave to amend.

Dated: November 22, 2021

Respectfully submitted,

**ROCHE FREEDMAN LLP**

/s/ Constantine P. Economides
Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email:   ceconomides@rochefreedman.com
           bpierce@rochefreedman.com

Joseph M. Delich (pro hac vice)
ROCHE FREEDMAN LLP
(NY Bar No. 5487186)
99 Park Avenue, Suite 1910
New York, NY 10016
Tel: (646) 970-7541
Email:   jdelich@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*