United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL ABITTAN,<br><br>        Plaintiff,<br><br>    v.<br><br>LILY CHAO and others,<br><br>        Defendants. | Case No. 20-cv-09340-NC<br><br>**ORDER GRANTING EXTENSION OF TIME AND ALTERNATIVE SERVICE OF PROCESS FOR DEFENDANTS CHAO AND DING**<br><br>Re: Dkt. No. 83 |

Plaintiff moves for an order allowing him to serve Defendants Chao and Ding through at least one of four methods: 1) Service via Chao and Ding's counsel; 2) Service via Temujin (DE)'s agent for service of process; 3) Service via text message; and 4) Service via publication, pursuant to Fed. R. Civ. P. Rule 4(e)(l) and Cal. Civ. Proc. Code §§ 413.30 and 415.50. Plaintiff also requests additional time to serve Chao and Ding. For the reasons discussed below, that motion is GRANTED in part. Plaintiff will have sixty days from the date of this order to serve the summons and complaint on Defendants Chao and Ding via text message and email message.

**I.  FACTS**

This case arises out of a dispute between Plaintiff Ariel Abittan and Defendants Lily Chao, Damien Ding, Temujin Labs, Inc. (Cayman), and Temujin Labs, Inc. (DE) over

1  the assets and intellectual property of a financial technology venture, Findora.  ECF 1;
2  ECF 36.
3      Since filing a complaint in December 2020, Plaintiff has made numerous
4  unsuccessful attempts to serve Defendants, by both personal service and mail.  ECF 61.
5  Specifically, Plaintiff attempted personal service on six different dates in January 2020 and
6  once in March 2020.  ECF 62.  Also, in March 2020, Plaintiff's process server mailed
7  copies of the summons and complaint to two Defendants.  ECF 28, 29, 30.
8      Additionally, Plaintiff hired a private investigator to locate Defendants.  *See*
9  Declaration of Kirsten Lee Soares, ECF 87.  Plaintiff provided Soares with the address 69
10 Isabella Ave. as the primary residence of Defendants, together with eight other addresses
11 that Defendants claimed as their own secondary residential or commercial addresses, as
12 well as seven phone numbers Plaintiff had personally used to communicate with
13 Defendants.  *Id.* ¶¶ 3, 4.  The investigator conducted extensive research, ultimately
14 expending over seventy hours, but was unsuccessful in locating Chao and Ding.  *Id.* ¶¶ 5-
15 16.
16     Then, on December 24, 2020, Plaintiff sent a copy of the complaint to Fenwick via
17 email and asked if counsel were authorized to accept service on behalf of their clients.
18 ECF 84-5.  Fenwick ultimately said they were authorized to accept service on behalf of
19 Temujin (DE).  ECF 84-3.  According to Fenwick, the "principal client representatives" of
20 the company were Chao and Ding.  ECF 84-4 ¶ 4.
21     On May 28, 2021, the individual Defendants and Temujin Labs Inc. (Cayman)
22 moved to dismiss or, in the alternative, to quash the summons for failure to serve process.
23 ECF 53.  On July 19, 2021, the Court granted that motion to dismiss. But, in a gavel order,
24 gave Plaintiff Abittan another opportunity to properly serve the Complaint by September
25 20, 2021, noting that it would be dismissed without prejudice under Fed. R. Civ. P. Rule 4
26 at that time.  ECF 77.
27     On September 20, 2021, Plaintiff filed the instant Motion for an order permitting
28 Defendants Chao and Ding to be served through either counsel, Temujin (DE)'s agent for

1  service of process, text message or publication. In responding to the Motion, Defendants
2  argue that the case should be dismissed pursuant to the Court's July 19, 2021, order
3  because Plaintiffs have not made any further attempt to serve process on Defendants since
4  the that time, nor have they shown reasonable diligence or good cause for an extension.
5  ECF 99 at 8.

In reply, Plaintiff asserts that, in addition to previous efforts, "following the Court's [order], Plaintiff's counsel expended additional time and resources but could not identify an alternate address to serve Chao or Ding. Plaintiff's counsel, therefore, researched viable means of alternative service and, within the Court's deadline, set forth why one or more of those means are justified." ECF 103 at 3.

## II.  LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure governs the service of a summons and complaint in federal court. The goal of Rule 4 is "to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Electrical Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 161, at 216 (2d ed. 1987)). To satisfy this broad goal, Rule 4(e)(1) allows federal courts located in California to authorize service of process in conformity with California law. Fed. R. Civ. P. 4(e)(1).

California law permits five basic methods of service: 1) personal delivery; 2) delivery to the party's usual residence or place of business (referred to as "substitute service"); 3) service by mail; 4) service on persons outside the state; and 5) service by publication. Cal. Civ. Proc. Code §§ 415.10-415.50. California also provides "a broad framework" for alternative means of service under Cal. Civ. Proc. Code § 413.30. *Aevoe Corp. v. Pace*, No. 2011-CV-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (California code provides "a broad framework for alternative means of service" where the plaintiff took those steps a reasonable person who truly desired to give notice would have taken under the circumstances). Specifically, Cal. Civ. Proc. Code § 413.30

1  provides that "[w]here no provision is made in this chapter or other law for the service of
2  summons, the court in which the action is pending may direct that summons be served in a
3  manner which is reasonably calculated to give actual notice to the party to be served." Cal.
4  Civ. Proc. Code § 413.30.

5  Further Plaintiffs must show good cause for an extension to a deadline to serve a
6  complaint and summons. Fed. R. Civ. P. 4(m). "Good cause is generally equated with
7  diligence." *Lawrence v. City and Cty. of San Francisco*, No. 14-CV-00820-MEJ, 2016 WL
8  5869760, at *4 (N.D. Cal. Oct. 7, 2016) (internal citations and quotation marks omitted).

### III.  DISCUSSION

On the facts of this case, the Court finds that Plaintiff has shown good cause for an extension of time to serve Defendants Chao and Ding. With respect to methods of service, the Court concludes that service of process via Defendant's counsel is not appropriate because it is not "reasonably calculated to give actual notice to the parties to be served" because Defendant's counsel was very recently retained, and Defendants have changed counsel multiple times during this litigation. Additionally, Plaintiffs have not shown that service through Temujin Lab (DE)'s registered agent would give notice to Chao and Ding because of their uncertain role in the company. Finally, to serve by publication, Plaintiff must show that "the party to be served cannot with reasonable diligence be served in another manner." Cal. Civ. Proc. Code § 415.50(a). The Court concludes that that standard has not yet been met here.

By contrast, the Court concludes that service by text and email is "reasonably calculated to give actual notice" to Chao and Ding because the record indicates that Plaintiff's father, Abraham Abittan, communicated with Chao via text up until the commencement of the lawsuit and with Ding until March 2021. Plaintiff also communicated with them via email. Plaintiffs will have sixty days from the date of this order to serve Ding through text message at (650) 382-9869, and Chao through text message at the numbers (650) 850-9036 and (650) 334-8837. ECF 86 ¶¶ 5-13. Plaintiff must also email the summons and complaint to: damien@findora.org and lily@eian.io.

4

*See* ECF 83 at 18 n.4.

### A.   Good Cause For An Extension of Time

The Court concludes that Plaintiff has shown good cause for an extension of time, diligently attempting to locate and serve Defendants.  In the sixty days prior to this Motion, "[p]laintiff's counsel expended additional time and resources but could not identify an alternate address to serve Chao or Ding.  Plaintiff's counsel, therefore, researched viable means of alternative service and, within the Court's deadline, set forth why one or more of those means are justified." ECF 103 at 3.  Prior to that Plaintiff and his agents searched for Defendants at many addresses, emails, and using public records.  *See* ECF 87.

### B.   Plaintiff's Proposed Alternative Methods Of Service On Chao and Ding

#### 1)  Service Via Defendants' Counsel

Plaintiff first requests to serve process on Defendants' counsel.  In requesting to serve via Defendants' former counsel Fenwick,[1] Plaintiff argues that Fenwick represents every Defendant in this action, has filed motions on behalf of Defendants, has negotiated with Plaintiff's counsel on behalf of Chao and Ding, and communicates with Plaintiff as the primary representatives of Temujin.  Further, Plaintiff asserts that service via counsel does not violate due process because it is "reasonably certain to inform those affected." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).  What's more, Plaintiff argues California courts have consistently held that an attorney may be directed to accept service of process on behalf of a client where either the attorney is representing the client or "the serving party demonstrates that the attorney's relationship with the served party was sufficiently close and enduring to make it reasonably certain that [the served party] would be apprised of the service." *Clark v. Farris-Ellison*, No. 19-CV-8551 MWF-PLA, 2019 WL 8645757 at *2 (C.D Cal., Dec. 12, 2019) (internal citations omitted).  *See also*, *Estate of Moss*, 204 Cal. App. 4th 521, 533 (2012) (noting that where a party and her

---

[1] Fenwick was current counsel for Chao and Ding at the time this Motion was filed.  By the time of the reply, Defendants had changed twice. ECF 88, 98.

1  attorney have already appeared in the action, and as to whom new process... related to
2  that same action is issued, service on the attorney of record is adequate as a matter of law
3  under Cal. Civ. Proc. Code § 416.90.").[2]

4  Chao and Ding argue that those cases do not govern here because Fenwick is no
5  longer counsel for Defendants, and current counsel was very recently retained, such that
6  they don't have the sort of "close and enduring relationship" required in *Farris-Ellison*.
7  ECF 99 at 9. Plaintiff replies that Defendants are sufficiently close to their counsel that
8  they would be informed of the complaint. ECF 103 at 4.

9  If Fenwick was still representing Chao and Ding, as they were at the time of the
10 initial motion, it may well have been feasible to serve the summons and complaint on
11 Fenwick. Fenwick had engaged in the type of sustained advocacy on behalf of Chao and
12 Ding in this case that courts relied on in *Farris-Ellison*. As it is, Chao and Ding have
13 changed lawyers twice since filing the motion, and the current counsel is only making a
14 special appearance for the Plaintiffs. ECF 99 at 9 n.4. Additionally, here, unlike in *Moss*,
15 there is no argument that counsel was authorized by the parties to receive service under
16 Cal. Civ. Proc. Code § 416.90.

17 Accordingly, service of process through Chao and Ding's current counsel is not
18 appropriate here.

19 2) Service via Temujin (DE)'s Agent for Service of Process

20 Plaintiff next requests to serve Chao and Ding via Temujin (DE)'s agent for service
21 of process. Although Plaintiff acknowledges that it is unclear what role or title they have
22 in Temujin (DE)'s corporate structure, Chao and Ding caused the formation of Temujin
23 (DE) in 2019 and have executed multiple contracts on its behalf. ECF 83 at 16; ECF 1 ¶¶
24 95-102. Chao and Ding are not listed as owners, officers, or agents on any of Temujin's
25 publicly filed documents, but Temujin (DE)'s own counsel acknowledges that they are the
26 "principal client representatives" for the company. ECF 83 at 17.

---

[2] Cal. Civ. Proc. Code § 416.90 allows service on a person not otherwise specified by the code who has been authorized by the parties.

1      Plaintiff likens this case to *Rio Prop. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th
2 Cir. 2002). There, the Ninth Circuit held that alternative service via a domestic courier
3 against an international entity was appropriate where that entity listed the "courier's"
4 address as its own when registering allegedly infringing internet domain name and where it
5 directed its customers to remit payment to the courier's address. *Id.* at 1017.
6      Defendants respond that the circumstances at issue in *Rio Prop. Inc.* do not exist
7 here. Plaintiff has no evidence that Chao and Ding caused the formation of Temujin
8 (DE)'s corporate structure. That is just an allegation in the complaint. ECF 99 at 10.
9 Plaintiff acknowledges that Defendants are not the owners, nor are they in charge of any
10 part of Temujin (DE). Additionally, Defendants argue that Plaintiff has not adequately
11 investigated whether substitute service at Defendants' place of business would be possible,
12 instead drawing a false equivalency between substitute service at a Defendants' place of
13 business and alternative service via a domestic process server. ECF 99 at 10-11. Finally,
14 Defendants argue that it is unclear why this type of alternative service would give Chao
15 and Ding notice. *Id.*
16      The Court agrees with Chao and Ding that, on this record it is unclear that service
17 via Temujin's process server would give actual notice to them. Unlike in *Rio Prop. Inc.*,
18 Chao and Ding never directed anyone to transmit anything to a process server's address or
19 represented that it was their own. It is also not clear that Temujin (DE)'s process server
20 has any contact with Chao and Ding currently.
21      Accordingly, service of process via Temujin (DE)'s service processer is not
22 "reasonably calculated to provide actual notice."
23      3) <u>Service Via Text Message</u>
24      Plaintiff next requests permission to serve Chao and Ding via text message, noting
25 that Plaintiff's father had communicated with both Defendants via text about the business.
26 ECF 83 at 18. The Court concludes that this method of service is "reasonably calculated to
27 provide actual notice" to Chao and Ding.
28      While the California Code of Civil Procedure does not include an explicit provision

7

for service of process via text message, California courts have allowed electronic service of process when supported by an appropriate factual record. *See, e.g.*, *United Health Servs., Inc. v. Meyer*, No. 12-CV-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) (allowing email service where plaintiff had received emails before at addresses in the record). And Courts have approved of service by messages to social media accounts where supported by the record. *St. Francis Assisi v. Kuwait Fin. House*, No. 16-CV-3240 LB, 2016 WL 5725002, at *2 (N.D. Cal. Sep. 30, 2016) (allowing service via Twitter); *Shinde v. Nithyananda Found.*, No. 14-CV-00363 JGB, 2014 WL 12597121, at *6–7 (C.D. Cal. Aug. 25, 2014) (allowing service via Facebook).

Plaintiff argues that this case is akin to *Creative Intellects v. Haygood*, No. 21-CV-02670-RGK-AFM, 2021 WL 3568237 at *3 (C.D. Cal. July 23, 2021) (allowing concurrent service of process via email and text message). This Court agrees. There, as here, plaintiff had been unsuccessful in serving a defendant despite multiple attempts. *Id.* at *2. Similar to here, plaintiffs' counsel communicated with defendants via email addresses and phone. *Id.* Undertaking a fact-specific inquiry, the court there decided that the combination of text message and email was "reasonably calculated to give actual notice of the suit to defendant." *Id.* at 3. On that record, plaintiffs had reason to believe that email service would give notice to defendant because counsel had communicated with him there. Also, they had some reason to believe that texting would be effective because counsel had spoken to defendant on the phone on multiple occasions. *Id.* During one such conversation, defendant mentioned being out of town, suggesting that his phone was a cell phone with texting capabilities and not a landline. The court concluded that, taken alone, texting would not be "reasonably calculated to provide actual notice" but that, in conjunction with email increased the likelihood that service would be effective. *Id.*

Defendants argue that *Haygood* does not apply because Plaintiff here has not shown reasonable diligence, as required by the court there. Here, there is no evidence that the parties to be served regularly used the known email addresses, such that it was "reasonably calculated to give actual notice to the party to be served." Defendants both had several

emails that changed as the names of the companies changed." ECF 99 at 12.

This Court disagrees. For the reasons discussed above, Plaintiff has exercised reasonable diligence. Additionally, there is evidence that Plaintiff's father has texted with Defendants at these numbers. ECF 86 ¶¶ 5-13. Additionally, Counsel represents that Plaintiff has also emailed, to a lesser extent, with Defendants at the emails he will serve to, increasing the likelihood of successful service. ECF 83 at 18 n.4.

Therefore, the Court concludes that, as was the case in *Haygood*, the combination of texting and email is "reasonably calculated to provide actual notice" of the complaint.

4) <u>Service Via Publication</u>

Finally, Plaintiff requests permission to serve Chao and Ding via publication. This court concludes that this would not be "reasonably calculated to provide actual notice" of the suit at this time. Under California law and "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 299 (S.D. Cal. 2020) (citing *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018)).

Under Cal. Civ. Proc. Code § 415.50 an individual may be served by publication only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" and that *either* (1) "[a] cause of action exists against the party upon whom service is to be made or ... she is a necessary or proper party to the action" or (2) "[t]he party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court."

The Court is not convinced at this time that Chao and Ding cannot be served any other way. Therefore, service by publication is not appropriate at this time.

IV. **CONCLUSION**

The Court finds that Plaintiff has shown good cause for an extension of time to

serve Defendants Chao and Ding. With respect to methods of service, the Court concludes that service of process via Defendant's Counsel is not appropriate because it is not "reasonably calculated to give actual notice to the parties to be served." because new counsel was very recently retained, and Chao and Ding have changed counsel multiple times during this litigation. Additionally, Plaintiff has not shown that service through Temujin Lab (DE)'s agent would give notice to Chao and Ding because of their uncertain role in the company. Finally, service by publication is not yet appropriate because Plaintiff can be served in other ways.

By contrast, the Court concludes that service by text and email is "reasonably calculated to give actual notice" to Chao and Ding. Plaintiff must have sixty days from the date of this order to serve Ding through text message at (650) 382-9869, and Chao through text message at the numbers (650) 850-9036 and (650) 334-8837. Plaintiff must also email the summons and complaint to: damien@findora.org and lily@eian.io. *See* ECF 83 at 18 n.4; ECF 86 at 2.

**IT IS SO ORDERED.**

Dated: November 23, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge