1   Constantine P. Economides (*pro hac vice*)
    (Florida Bar No. 118177)
2   Brianna K. Pierce
    (CA Bar No. 336906)
3   ROCHE FREEDMAN LLP
    1 SE 3rd Avenue, Suite 1240
4   Miami, FL 33131
    Tel: (305) 971-5943
5   Email: ceconomides@rochefreedman.com
            bpierce@rochefreedman.com
6
    Joseph M. Delich (pro hac vice)
7   ROCHE FREEDMAN LLP
    (NY Bar No. 5487186)
8   99 Park Avenue, Suite 1910
    New York, NY 10016
9   Tel: (646) 970-7541
    Email: jdelich@rochefreedman.com
10
    *Counsel for Plaintiff,*
11  *Ariel Abittan*

    Craig A. Hansen (SBN 209622)
      Email: craig@hansenlawfirm.net
    Stephen C. Holmes (SBN 200727)
      Email: steve@hansenlawfirm.net
    Philip E. Yeager (SBN 265939)
      Email: phil@hansenlawfirm.net
    Collin D. Greene (SBN 326548)
      Email: collin@hansenlawfirm.net
    HANSEN LAW FIRM, P.C.
    75 E. Santa Clara Street, Suite 1250
    San Jose, CA 95113-1837
    Telephone: (408) 715 7980
    Facsimile: (408) 715 7001

    *Attorneys for Defendants*

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN JOSE DIVISION**

15  ARIEL ABITTAN,                              Case No. 5:20-CV-09340-NC

16
                    PLAINTIFF,
17                                              **INITIAL JOINT CASE MANAGEMENT
          v.                                    STATEMENT AND RULE 26(f)
18                                              REPORT; [PROPOSED] ORDER**

19  LILY CHAO (A/K/A TIFFANY CHEN, A/K/A        Complaint Filed: December 24, 2020
    YUTING CHEN), DAMIEN DING (A/K/A
20  DAMIEN LEUNG, A/K/A TAO DING),              Judge:   Hon. Nathanael Cousins
    TEMUJIN LABS INC. (A DELAWARE
21  CORPORATION), AND TEMUJIN LABS
    INC. (A CAYMAN CORPORATION),
22
                    DEFENDANTS,
23
          and
24
    EIAN LABS INC.,
25
                    NOMINAL DEFENDANT.
26

27

28

---

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, this Court's Standing Orders, and this Court's November 15, 2021 Order (ECF No. 111), Plaintiff Ariel Abittan ("Plaintiff") and Defendants[1] jointly submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conference scheduled for December 8, 2021.

**A.     Jurisdiction and Service**

      1.     Plaintiff's Position

This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy between the parties exceeds $75,000. This court also possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction as to Counts Six and Seven pursuant to 18 U.S.C. §§ 1962 and 1964. This Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the remaining causes of action.

All parties have been served.

There are no issues regarding personal jurisdiction or venue.

      2.     Defendants' Position

As set out in Temujin Cayman's Motion to Dismiss, Temujin Cayman disputes that Plaintiff has standing to bring the derivative claims in the Complaint.  Plaintiff's lack of standing means that the Court lacks jurisdiction over those derivative claims.  Temujin Cayman does not dispute service, personal jurisdiction or venue.

**B.     Relevant Factual Background**

      **1.**  Summary of Plaintiff's Factual Allegations

Plaintiff's action arises from a multi-year fraudulent scheme orchestrated by Defendants. After spending approximately two years working together as 50/50 partners in a luxury watch re-sale business—in which Abittan still co-owns 24 watches with Ding and Chen worth at least five times his original investment of $1,139,270—Abittan, Chao, and Ding founded a cryptocurrency and blockchain project in 2018 currently known to the public as Findora.

---

[1]  Plaintiff named the Defendants as follows in the caption:  Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"), and Temujin Labs Inc., a Cayman Islands corporation ("Temujin Cayman").

1    Personal anonymity and corporate misdirection were the foundation of Chao's and Ding's
2    fraudulent scheme. While reassuring Abittan that he had an interest in all aspects of Findora, Chao
3    and Ding fraudulently formed numerous shell companies through a series of forged contracts, false
4    filings, and misrepresentations about ownership. Chen and Ding then acted as general managers of
5    those entities while defrauding Abittan and investors out of millions of dollars.

6    While unaware of Chao and Ding's fraud, Abittan worked in good faith to make Findora
7    a success. Ding and Chen consistently represented that they had secured or were securing
8    investments in Findora from major players in China, including a $230,000,000 investment in tokens
9    and another $50,000,000 investment. In reliance on Chen's misrepresentation, Abittan secured
10   $1,200,000 in investments for Findora from his friends and family. When Findora failed to issue a
11   token and investors demanded their money back, Chen induced the investors to roll their
12   investments into a new deal with Findora by presenting a term sheet showing a $10,000,000
13   incoming investment from China Orient Group, at a $60,000,000 valuation for Findora. To date,
14   Plaintiff's friends and family have received neither their tokens nor a return of their investments.

15   On July 3, 2019, Abittan, Chen, and Ding met to discuss repayment of investor funds, as
16   well as the repayment of over $600,000 of credit card expenses that Chen (and her agents) had
17   incurred on Abittan's personal credit. At that meeting, Chen and Ding presented Abittan with a
18   single-page document tilted a "Unanimous Action of Members" ("UAM") that, at the time, Chen
19   and Ding claimed was a corporate formality to preserve the rights of Findora's shareholders. The
20   terms of the UAM state that Eian owed $300,000 to Temujin Labs Inc. but lacked "sufficient assets"
21   to repay that debt. The document then purports to authorize Eian to sell its assets to Temujin Labs
22   Inc. for $1 and a discharge of the $300,000 debt. Defendants contend that the UAM represents
23   Abittan's consent to transfer the Findora name and intellectual property (purportedly valued at
24   **$60,000,000**) from Eian—the corporate entity of which Abittan was at least a 39.6% beneficial
25   owner—to Temujin Cayman—a new entity formed by Ding and Chen in which Abittan purportedly
26   has no stake—for **absolutely nothing**.

27   Following the execution of the UAM, Ding and Chen shut Abittan out of Findora, omitted
28   Abittan from Findora's new website, and prevented Abittan from accessing his Findora-related

1   email accounts. Chen and Ding falsely told numerous individuals that Abittan was not a founder of

2   Findora and that Abittan had made false promises to investors. Chen also failed to make good on

3   numerous promises to repay the debt incurred on Abittan's credit.

4       In sum, Chen and Ding inspired both Abittan's loyalty and his deference, first through a

5   watch partnership and, second, through promises of success if Abittan followed Chen's and Ding's

6   business advice. And once Chen and Ding knew they had Abittan's full trust, they weaponized it

7   to steal Findora and millions of dollars from investors and Abittan. In the process, Ding and Chen

8   defamed Abittan to countless individuals, incurred over $600,000 of debt on Abittan's personal

9   credit, converted millions of dollars' worth of watches, and stole an additional $1,200,000 from

10  Abittan's friends and family.

11      2.  Defendants' Statement Regarding Plaintiff's Allegations

12      Defendants vigorously dispute all of Plaintiff's allegations.  Rather, it is Plaintiff that is

13  spinning an elaborate web of lies and deception, fabricating alleged partnerships, agreements and

14  representations that do not exist and never have.  It is Plaintiff that has sought to harm, steal

15  from, and defraud Defendants and the Temujin business.

16      For example, Plaintiff's complaint starts out by falsely identifying the Defendants in the

17  action. Plaintiff knows that Lily Chao ("Chao") and Yuting Chen ("Chen") are two separate

18  individuals. Plaintiff also knows that the watch business involved Chen, whereas the

19  cryptocurrency business involved Chao.

20      Regarding the watch business, Defendants dispute that there was a 50/50 partnership

21  between Abittan and the individual defendants. Abittan does not co-own any watch with the

22  individual defendants, and Abittan did not make an "original" investment of $1,139,270.  On the

23  contrary, Abittan still owes Chen a substantial amount for the proceeds of reselling watches that

24  Chen acquired, in addition to watches and sales proceeds unaccounted for that Abittan is

25  responsible for. As a result, Abittan currently owes Chen millions of dollars in the watch

26  business.

27      Regarding the cryptocurrency business, Temujin helped develop blockchain-based

28  financial technology known as "Findora."  The Findora blockchain facilitates blockchain

1    transaction processing in a way that is both auditable and preserves user privacy.

2        Early in the cryptocurrency business, Abittan voluntarily transferred Eian Lab's

3    intellectual property to discharge a substantial debt of $300,000. The transfer was evidenced by a

4    duly executed agreement, the authenticity of which has never been disputed by Abittan.  This

5    action brought by Abittan is at most a case of seller's remorse. At worst, it is a calculated

6    double-dip by Abittan to reap an unjustified gain on a speculative tech startup by fraudulently

7    claiming an ownership interest in it now that the business is doing very well.

8        Around October 2020, Abittan began to foment discord among Temujin's employee and

9    advisor base, claiming that he owned some portion of Temujin's business and intellectual

10   property. Ultimately, Abittan's misstatements disrupted Temujin's employee and advisor base,

11   leading several of them to attempt to undermine the business.

12       Plaintiff's assertions were false.  Plaintiff had no rightful claim to ownership in Temujin

13   or to any intellectual property related to Temujin or Findora. As noted, over a year and a half

14   earlier, in his capacity as a shareholder of a different entity, he had approved in writing the sale

15   of the intellectual property assets at issue to Temujin Cayman.  Plaintiff's ownership assertions,

16   while false, had their intended effect, and precipitated a string of employee and advisor

17   defections from Temujin's business, accompanied by various forms of interference with the

18   business. Plaintiff conspired with Temujin's then-CEO and an advisor to Temujin to interfere

19   with Temujin's business, thereby damaging it.  These claims are the subject of a pending state

20   court action filed by Temujin Delaware against Abittan and others that is currently pending in

21   the Superior Court of Santa Clara County.

22       In an effort to justify his lies, deception, and wrongful interference, Plaintiff has resorted

23   to meritless claims in both this Court and the Superior Court of Santa Clara County against

24   Defendants and the Temujin business.  It appears that Plaintiff is intent on maximizing the use of

25   judicial resources.  Having had his Complaint in this Court against Temujin Delaware dismissed

26   because it should have been brought as a counterclaim in the earlier-filed Superior Court action

27   by Temujin Delaware, Abittan has now filed a Cross-Complaint in the Superior Court action

28   naming the same two entities and two individuals that he named as defendants in this case,

1  together with another twenty entities and individuals that he again alleges were part of a "RICO

2  enterprise" and "fraudulent scheme."  Apart from the vastly expanded number of cross-

3  defendants in the state court action, Abittan raises nearly identical claims to those asserted in this

4  Court (except for the derivative claims on purported behalf of Eian Labs Inc.).

5       For the time being, therefore, and subject to the pending motion, Abittan's meritless

6  claims are being litigated in two separate courts.  Abittan's bizarre and unsupported allegations,

7  including that Defendants masterminded a "RICO enterprise" and "fraudulent scheme" are

8  merely an extension of Plaintiff's all-out baseless war against Defendants and the Temujin

9  business.

10  **C.    <u>Legal Issues</u>**

11       1. <u>Plaintiff's Position</u>

12       Plaintiff anticipates the following disputed points of law, among others, will arise in this

13  case:

14  •    Whether Defendants are liable for breach of fiduciary duty;

15  •    Whether Defendants are liable for aiding and abetting breach of fiduciary duty;

16  •    Whether Defendants are liable for fraudulent inducement;

17  •    Whether Defendants are liable for unjust enrichment;

18  •    Whether Plaintiff is entitled to an accounting;

19  •    Whether Defendants are liable for violations of Civil Rico (18 U.S.C. §§ 1962(c);

20       1962(d));

21  •    Whether Defendants are liable for fraud;

22  •    Whether Defendants are liable for breach of contract;

23  •    Whether Defendants are liable for defamation.

24       2. <u>Defendants' Position</u>

25       None of the Defendants has yet answered Abittan's Complaint.  Temujin Cayman's motion

26  to dismiss is pending As noted above, Defendants will vigorously contest Plaintiff's allegations

27  and claims, if and when required to do so, which may include asserting their own counterclaims

28  against Plaintiff.

1

2      **D.      Motions**

3

4      | MOVING PARTY | MOTION | STATUS |
       |---|---|---|
5      | Defendant Temujin Labs Inc. (Delaware) | Motion to Dismiss Complaint filed 4/9/21 | Granted on 7/19/21 |
6      | Individual Defendants and Temujin Labs Inc. (Cayman) | Motion to Dismiss, or in the Alternative Quash Service of Summons filed 5/28/21 | Granted on 7/19/21 |
7
8      | Individual Defendants, Temujin Labs Inc. (Cayman), Temujin Labs Inc. (Delaware) | Administrative Motion to Continue Case Management Conference and Associated Deadlines filed on 7/2/21 | Denied on 7/6/21 |
9
       | Plaintiff Ariel Abittan | Motion for an Order Allowing Defendants Lily Chao and Damien Ding to be Served (1) Through Counsel, (2) Through Temujin Labs Inc. (Delaware)'s Registered Agent, (3) By Text, or (4) By Publication filed on 9/20/21 | Granted on 11/24/21 |
10
11
12
13
14     | Defendant Temujin Labs Inc. (Cayman) | Motion to Dismiss Complaint filed on 11/8/21 | Pending: Opposition filed on 11/22/21; Reply filed on 11/29/21; Hearing is set for 12/15/21. |
15

16

17          Plaintiff submits that there are no other motions anticipated at this time.

18          Depending on the outcome of Temujin Cayman's motion to dismiss, and in view of

19     Plaintiff's apparent intention to amend the Complaint (indicated below), Defendants cannot rule

20     out other motions.  Defendants also submit that motions for summary judgment and/or other

21     substantive motions may be appropriate in due course.

22     **E.      Amendment of Pleadings**

23          Plaintiff anticipates amending the Complaint to add defendants and alter claims to conform

24     with newly discovered facts. Plaintiff proposes a deadline for amending the Complaint of March 9,

25     2022.

26     **F.      Evidence Preservation**

27          Counsel for the parties have met and conferred about the preservation of evidence relevant

28     to the issues reasonably evident in this action. The parties additionally certify that the parties have

1   reviewed the Guidelines for the Discovery of Electronically Stored Information, understand their

2   preservation obligations, and have implemented document preservation protocols.

3   **G.    Disclosures**

4        In accordance with the parties' joint stipulation (ECF No. 110) and this Court's order (ECF

5   No. 111), the parties will fully and timely comply with the requirements of Fed. R. Civ. P. 26 by

6   exchanging initial disclosures on December 1, 2021. To the extent that there are any perceived

7   deficiencies in the disclosures, the parties will meet and confer and, if an agreement cannot be

8   reached, the parties will advise the Court of any need to compel further disclosures.

9   **H.    Discovery**

10       On November 17, 2021, the parties met and conferred on the scope and timing of discovery.

11  Plaintiff submits that even though Defendants Chao and Ding had not been served at the time of

12  the conference, Plaintiff advised Defendants' *shared* counsel during the Rule 26(f) conference that

13  given the unity of identity between Chao, Ding, and Temujin Cayman, the scope and timing of

14  discovery would be identical for all Defendants. Following the meet and confer, this Court granted

15  Plaintiff's motion for alternative service (ECF No. 113), and Plaintiff promptly served Chao and

16  Ding via email and text message. Consequently, Plaintiff submits that the November 17, 2021

17  meet and confer satisfied his Fed. R. Civ. P. 26 obligations for all defendants.

18       Defendants submit that, at the time of the Rule 26(f) conference, the individual Defendants

19  had not been served.  Counsel for Temujin Cayman expressly stated during that conference that

20  the individual Defendants were not part of the conference. Accordingly, it is Defendants' position

21  that a separate Rule 26(f) conference is required as to the individual Defendants.

22       No discovery has been propounded to date.

23       1.   **Plaintiff's Rule 26(f) Report**

24       a.  Proposed Changes to Rule 26(a)(1) Disclosures

25            a.   Initial disclosures will be exchanged on December 1, 2021.

26            b.  No changes to the standard requirements are necessary.

27       b.  Scope and Subjects of Discovery

28            a.   Without prejudice to his rights to seek discovery on any relevant issues,

Plaintiff contemplates that he will need and seek discovery concerning all factual, evidentiary, and legal support from Defendants and any relevant non-party regarding Plaintiff's' claims and theories of liability and damages.

b.  Plaintiff contemplates that Defendants will seek discovery concerning the basis of Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

c.  The anticipated method of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of Plaintiff, Defendants, Defendants' employees, agents, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third parties.

d.  Plaintiff respectfully submits that no limitations or phases should be imposed on conducting written discovery or depositions. Plaintiff submits that the parties should be permitted to serve written discovery, as well as take depositions, at any time following the initial case management conference.

e.  Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

f.  Discovery deadlines shall be set by the Court.

c.  <u>Issues Relating to Electronically Stored Information</u>

a.  Plaintiff does not anticipate any issues relating to disclosure or discovery of electronically stored information.

b.  The parties will address any such issues in the event they arise.

d.  <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

a.  Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

b.  Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

e.  Other Orders

    a.  Plaintiff is willing to immediately enter into a protective order in the form of the model Stipulated Protective Order for Standard Litigation.

    b.  Plaintiff requests a scheduling order under Rule 16(b).

    c.  Plaintiff does not request an order under Rule 16(c) at this time.

f.  Changes in Discovery Limitations

    a.  Plaintiff anticipates that it will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of Ding and Chen's use of agents, the shell companies' various employees, and Findora's consultants, advisors, and investors, all of whom have relevant, probative evidence of Ding and Chen's fraudulent scheme. These limitations may need to be revisited if Plaintiff's Complaint is amended and other parties are added.

    b.  Otherwise, Plaintiff does not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**2.  Temujin Cayman's Rule 26(f) Report:**

Temujin Cayman provides the following information in connection with the Rule 26(f) Report:

a.  Proposed Changes to Rule 26(a)(1) Disclosures

    i.  Defendants will provide their initial disclosures on December 1, 2021.

    ii.  No changes to the standard requirements are necessary.

b.  Scope and Subjects of Discovery

    i.  Without prejudice to Temujin Cayman's rights to seek discovery on any relevant issues, Temujin Cayman contemplates that it will need and seek discovery from Plaintiff and any relevant non-party regarding Plaintiff's' claims and theories of liability and damages, as well as Defendants' defenses.

    ii  Temujin Cayman contemplates that Plaintiff will seek discovery from

1    Defendants and others regarding Plaintiff's claims, theories of liability and

2    damages, Defendants' defenses to each, and any and all factual, evidentiary, and

3    legal support.

4    iii.    The anticipated methods of future discovery will include: (1) written

5    discovery in the form of Interrogatories, Requests for Admissions, and Requests

6    for Production of Documents; (2) written discovery via issuance of subpoenas to

7    third parties; (3) oral depositions of the parties; and (4) oral depositions of third

8    parties.

9    iv.    Temujin Cayman submits that the parties should not be permitted to serve

10    written discovery or take depositions until the pending motion to dismiss has been

11    adjudicated and all parties have filed a responsive pleading.

12    v.    Temujin Cayman agrees that supplementations under Rule 26(e) are due

13    in reasonable time after material, relevant facts are learned, or by court order.

14    vi.    Temujin Cayman agrees that discovery deadlines shall be set by the Court

15    and respectfully submits that these should be set after the pending motion to

16    dismiss has been adjudicated and responsive pleadings have been filed if

17    necessary.

18    c.    <u>Issues Relating to Electronically Stored Information</u>

19    i.    Temujin Cayman does not anticipate any issues relating to disclosure or

20    discovery of electronically stored information.

21    ii.    The parties will address any such issues in the event they arise.

22    d.    <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

23    i.    Temujin Cayman agrees that Rule 26(b)(5) should apply to any claims of

24    privilege or protecting materials asserted as being for trial-preparation.

25    ii.    Temujin Cayman agrees that this proposed procedure should be adopted

26    within the Court's further orders.

27    f.    <u>Other Orders</u>

28    i.    Because disclosure and discovery activity in this action is likely to involve

1    the production of highly sensitive confidential information, Temujin Cayman will

2    seek a protective order based on the Court's model protective orders, with

3    appropriate modifications as necessary.  Temujin Cayman will work with Plaintiff

4    to seek to agree a proposed protective order to be submitted to the Court for

5    approval.

6        ii.    Temujin Cayman submits that a scheduling order under Rule 16(b) should

7    not be entered until the pending motion has been adjudicated and all parties have

8    filed a responsive pleading.

9        iii.    Temujin Cayman does not request an order under Rule 16(c) at this time.

10    g.    <u>Changes in Discovery Limitations</u>

11        i.    Temujin Cayman anticipates that it will need to take more than ten (10)

12    depositions because of the extensive (but false) allegations by Plaintiff and with

13    respect to its defenses and counterclaims should a responsive pleading be

14    required.  Temujin Cayman also anticipates that it will need an additional ten (10)

15    interrogatories, making a total of 35, because of the Plaintiff's allegations.  These

16    limitations may need to be revisited if Plaintiff's Complaint is amended and other

17    parties are added as Plaintiff has indicated.

18        ii.    Otherwise, Temujin Cayman does not currently anticipate any other

19    changes to the limitations on discovery proposed by the Federal Rules of Civil

20    Procedure, but reserves the right to seek appropriate relief and modifications to

21    the discovery limitations from the Court if necessary.

22    Defendants further note that it is their position that a Rule 26(f) conference has yet to be

23    held involving the individual Defendants.

24    **I.    Class Actions**

25    Not applicable.

26    **J.    Related Cases**

27    1.    <u>Plaintiff's Statement</u>

28    Plaintiff submits the following cases are presently related to this action:

- *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622;
- *Temujin Labs Inc. (Delaware) v. Franklin Fu*, Santa Clara County Superior Court, Case No. 28-21CV375422;
- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* San Francisco Superior Court, Case No. CGC21596745;
- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* United Stated District Court, Northern District of California, San Francisco Division, Case No. 3:21-cv-09152.

2. Defendants' Statement

Defendants agree that *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622 is related to this action.

Defendants disagree that the other cases listed by Plaintiff are related to this action.

**K.    Relief**

1. Plaintiff's Statement

Plaintiff, on behalf of himself and derivatively on behalf of Nominal Defendant Eian Labs Inc. (f/k/a Porepsus Inc.) requests the following relief:

- temporary, preliminary, and permanent injunctive relief, or any other injunctive relief that is proper
- an accounting of all gains, profits, and advantage derived from Defendants' acts
- constructive trust for the benefit of Plaintiff;

- rescission, restitution, unjust enrichment, actual damages, statutory damages, compensatory damages, punitive damages, and disgorgement in an amount to be determined at trial;
- an order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;
- an award of costs and attorneys' fees; and
- for such other and further relief as the Court deems just and proper.

2. <u>Defendants' Statement</u>

As noted already, none of the Defendants has yet filed an answer and Temujin Cayman's motion to dismiss is pending.  Accordingly, Defendants have not yet pled the specific relief they seek, but they deny that they have caused any injury to Plaintiff and deny that he is entitled to the relief he seeks or any relief.

**L.      Settlement and ADR**

On March 3, 2021, Plaintiff filed an ADR Certification by Parties and Counsel pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), which certified that counsel for all parties discussed the selection of an ADR process, and that based on such discussion, the parties prefer to discuss ADR selection at the case management conference.

**M.      Consent to Magistrate Judge for All Purposes**

Plaintiff (ECF No. 8), Defendant Temujin Cayman (ECF No. 52), and Nominal Defendant Eian Labs Inc. (ECF No. 66) consent to a Magistrate Judge for all purposes.

To date, individual defendants have not filed a consent or declination to proceed before a Magistrate Judge for all purposes.

**N.      Other References**

None.

**O.      Narrowing of Issues**

The parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it would be inappropriate to bifurcate any issues, claims, or defenses at this time.

**P.     Expedited Trial Procedure**

The parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**Q.     Scheduling**

The parties agree to have this Court set deadlines.

Plaintiff respectfully submits that a scheduling order should be promptly entered.

Defendants respectfully submit that these should be set after the pending motion to dismiss has been adjudicated and responsive pleadings have been filed if necessary.

**R.     Trial**

Plaintiff has demanded a jury trial of their claims against Defendants. The parties respectfully submit that it is premature to estimate an expected length of the trial.

**S.     <u>Disclosure of Non-Party Interested Entities or Persons</u>**

1. <u>Plaintiff's Statement</u>

Plaintiff does not believe he is required to file a statement pursuant to Local Rule 3-15 because he is not associated with persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (a) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (b) any other kind of interest that could be substantially affected by the outcome of the proceeding.

2. <u>Defendant's Statement</u>

On March 2, 2021, Temujin Cayman and Temujin Labs Inc. (Delaware) filed a Certification of Interested Entities or Persons, identifying Temujin Cayman as the parent of Temujin Labs Inc. (Delaware), and identifying MapleLeaf Ventures Limited as Temujin Cayman's majority holder. [ECF No. 17]. Individual Defendants will file a Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**T.     <u>Professional Conduct</u>**

All attorneys of record for the parties can certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1    **U.**     **Other Matters**

2           The parties do not believe any other matters are appropriate for discussion at this time.

3

4    Dated: December 1, 2021                                 Respectfully Submitted,

5

6                                                            */s/ Constantine P. Economides*
                                                             Constantine P. Economides (*pro hac vice*)
7                                                            Brianna K. Pierce (CBN 336906)
                                                             ROCHE FREEDMAN LLP
8                                                            1 SE Third Avenue, Suite 250
                                                             Miami, Florida 33131
9                                                            Tel: (305) 971-5943
                                                             Email: ceconomides@rochefreedman.com
10                                                                          bpierce@rochefreedman.com

11                                                           *Counsel for Plaintiff*
                                                             *Ariel Abittan*
12

13                                                           */s/ Craig Hansen*
                                                             Craig Hansen (CBN 209622)
14                                                           HANSEN LAW FIRM, P.C.
                                                             75 E. Santa Clara St., Suite 1250
15                                                           San Jose, CA 95113
                                                             Telephone: (408) 715-7980
16                                                           Facsimile: (408) 715-7001
                                                             craig@hansenlawfirm.net
17
                                                             *Counsel for Defendants*
18

19

20

21

22

23

24

25

26

27

28