Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email:  ceconomides@rochefreedman.com
        bpierce@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN,<br><br>PLAINTIFF,<br><br>v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>DEFENDANTS,<br><br>and<br><br>EIAN LABS INC.,<br><br>NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    February 16, 2022<br>Time:   1:00 p.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Nathanael Cousins |

**TO THE COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 16, 2022, at 1:00 p.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Nathanael M. Cousins, located at the United States District Court for the Northern District of California, 280 South First Street, 4th Floor, San Jose, CA 95113, Plaintiff Ariel Abittan will, and hereby does, move under Civil L.R. 7-1 to

stay this action in its entirety, pending the outcome of related state court proceedings to which Plaintiff and Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding), and Temujin Labs Inc. (a Cayman Corporation) (collectively, "Defendants") are parties.

The grounds for Plaintiff's requested stay of this action are the *Colorado River* doctrine of abstention and this Court's inherent powers under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Staying the instant action in favor of the parallel state action will promote the interests of economy, efficiency, convenience, and comity.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Constantine P. Economides, all papers and pleadings on file in this action, and such other and further evidence that the Court deems just and proper at the hearing of this motion.

## STATEMENT OF ISSUES TO BE DECIDED

Whether the action should be stayed in deference to the parallel state court proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION[1]

On July 19, 2021, this Court dismissed former defendant Temujin Labs Inc. (Delaware) ("Temujin DE"), ruling that Plaintiff Ariel Abittan's ("Abittan") claims against Temujin DE were required to be brought as compulsory crossclaims in the first-filed state action, *Temujin Labs Inc. v. Ariel Abittan et al.*, No. 20-cv-372622, Santa Clara Superior Court (the "state action").[2] *See* [ECF No. 78]. Following the Court's ruling, Abittan filed a cross-complaint against, *inter alia*, Temujin

---

[1] On November 17, 2021, Defendants advised Plaintiff that they intended to seek a stay of this litigation, in deference to the state action. Having made progress with filing counterclaims and serving defendants in the state action—and with discovery now open—Plaintiff decided to join in Defendants' anticipated request for a stay. On January 5, 2022, Plaintiff communicated that decision to Defendants. Despite subsequent communications, sending Defendants a draft motion, and (upon Defendants' request) changing the motion to a draft stipulation, Defendants have failed to agree to the stipulation or to join the motion. To prevent further delay and the prospect of the Court expending judicial resources, Plaintiff is filing this motion unilaterally. If Defendants do not oppose the relief requested, Plaintiff is ready and willing to submit a stipulated proposed order for the requested stay.

[2] Unless otherwise noted, all emphasis has been added, and internal citations have been omitted. Citations to "¶" refer to the Complaint (ECF No. 1) and references to Exhibits ("Ex.") are to the exhibits to the Declaration of Constantine P. Economides.

- 2 -

DE and the other federal action defendants: Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"), and Temujin Labs Inc. (Cayman) ("Temujin Cayman"; collectively, "Defendants"). Ex. A. The complaints—and therefore, the actions themselves—are predicated on the same facts and occurrences, involve the same parties, and seek the same remedies. As a result, the parties are simultaneously, though unnecessarily, litigating nearly identical disputes in two forums.

In *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976), the U.S. Supreme Court authorized district courts to stay litigation in favor of substantially similar parallel state proceedings. Moreover, the U.S. Supreme Court has long recognized, since *Landis v. N. Am. Co.*, 299 U.S. 248 (1936), that district courts, in the interests of efficiency, have discretion to stay cases in the face of parallel state proceedings. Here, a stay is appropriate, given that the state action will resolve factual and liability issues in the present case.

Accordingly, pursuant to the *Colorado River* doctrine and in recognition of general concerns of judicial administration, convenience, comity, and fairness, Plaintiff hereby moves this Court, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, to abstain from exercising its jurisdiction over the claims at issue in this action (hereinafter, the "federal action") and stay further proceedings herein pending resolution of the parallel state action

**FACTUAL BACKGROUND**

On November 6, 2020, Temujin DE filed suit against Abittan in Santa Clara Superior Court based on allegations related to Findora—the blockchain technology project that Abittan, Chao, and Ding formed in 2018. *See, generally*, Ex. A.

On December 24, 2020, Abittan filed this federal action against Ding, Chao, Temujin DE, and Temujin Cayman, asserting, *inter alia*, eleven (11) state law claims and two (2) federal claims arising out of Defendants' multi-year fraudulent scheme to steal Findora and millions of dollars from Abittan. *See* [ECF No. 1]. Abittan's federal action asserts claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, unjust enrichment, fraudulent inducement, fraud, accounting, breach of contract, defamation, and civil RICO violations. *Id.*

On July 19, 2021, this Court dismissed Temujin DE, ruling that the facts—and, therefore,

the claims—at issue in the state and federal actions are nearly identical:

> [A]ll claims—in both the state and federal cases—hinge on the same dispute over whether Abittan owns "some part of the Findora project." ECF 36 at 8. Each claim in the federal case relates to an allegedly fraudulent effort by Defendants to deprive Abittan of his ownership interest in Findora, and each claim in the state court case relates to Abittan's alleged efforts to interfere with the Findora project after having voluntarily given up his ownership interest. ECF 36 at 2, 7. Far from being merely logically related, these claims have nearly "absolute identity of factual backgrounds," meeting and exceeding the "liberal" construction that California courts give the relatedness requirement under section 426.30. Therefore, Abittan's claims are compulsory counterclaims under the state statute and must be brought in the pending case in Santa Clara County Superior Court.

[ECF No. 78] at 9.

Accordingly, on November 3, 2021, Abittan filed a cross-complaint—substantially similar to the complaint filed in this federal action—against, *inter alia*, Temujin DE, Temujin Cayman, Ding, and Chao in the state action. *Compare* [ECF No. 1] *with* Ex. A. Specifically, Abittan's cross-complaint—like his federal action complaint—asserts claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, unjust enrichment, fraudulent inducement, fraud, accounting, breach of contract, defamation, and civil RICO violations, plus additional claims for declaratory judgment and breach of partnership.[3]

As a result of Abittan's cross-complaint, there is no meaningful difference between the state and federal actions: both complaints contain the same claims for relief, the same parties, and are predicated on the exact same facts and circumstances.

## LEGAL STANDARD

### A. The *Colorado River* Doctrine

The Supreme Court has long recognized the power of a district court to abstain from exercising its jurisdiction "due to the presence of a concurrent state proceeding." *Colo. River*, 424 U.S. at 818. The *Colorado River* abstention doctrine promotes federalism and judicial efficiency by authorizing the federal court to defer to "parallel state proceedings where doing so would serve the interests of wise judicial administration, giving regard to the conservation of judicial resources

---

[3] Abittan's investigation has been ongoing, and his cross-complaint's additional claims are based on facts learned after the complaint was filed in the federal action. In the event this motion is denied, Abittan intends to seek leave to amend his complaint to conform it to the new facts alleged in the cross-complaint.

- 4 -

and comprehensive disposition of litigation." *Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1057 (N.D. Cal. 2011). A court may entertain a *Colorado River* stay where the parallel state and federal actions are "substantially similar." *See Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 845 (9th Cir. 2017) ("sufficiently similar claims are a necessary precondition to *Colorado River* abstention").

Once the "substantially similar" threshold has been met, the Court then assesses eight factors to determine whether the federal case should be stayed:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011). Each of the *Colorado River* factors "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).

### B.   The *Landis* Doctrine

The *Colorado River* doctrine is a manifestation of this Court's broader inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In exercising that power, a court may find "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action" when there is a parallel "independent proceeding[] which bear[s] upon the case" before the court. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The issues in such proceedings do not need to be identical, and courts should determine whether the parallel proceeding is likely "to decide, or contribute to the decision of, the factual and legal issues before the district court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005).

Where it is proposed that a pending proceeding be stayed, a court must weigh competing interests, including any "possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Under this framework, courts in

the Northern District have used their discretionary power to grant stays where the non-moving party would not suffer irreparable damage or injustice if a stay were granted, and resolution of the parallel proceeding would simplify "issues, proof, and questions of law." *See id.* at 268.

## ARGUMENT

**I.     This Action Should Be Stayed Under the *Colorado River* Abstention Doctrine**

*Colorado River* recognizes that in the "exceptional circumstances" of highly duplicative co-pending state and federal actions, a federal court may refrain from exercising jurisdiction. *See Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002); *see, e.g.*, *Goodin v. Vendley*, 356 F. Supp. 3d 935, 948 (N.D. Cal. 2018) (granting stay where the state action addressed the same underlying allegations as the federal action and involved "the same relevant conduct and named the same pertinent parties"); *see also Krieger*, 776 F. Supp. 2d at 1063 (granting stay in case where federal action claims were "virtually identical" to claims in the state court actions).

This case presents exceptional circumstances, given that Abittan's complaint and cross-complaint are based on an identical factual background, involve the same parties, allege the same claims, and seek the same relief. Accordingly, while Abittan must preserve his rights in the federal action, he does not desire to double the litigation burden or strain the resources of two separate court systems. Neither the parties' nor the Court's interests are served by such duplication.

Thus, staying this action will: (1) eliminate the risk of potentially inconsistent rulings on largely overlapping issues; (2) simplify the development of the factual record and the resolution of factual disputes and questions of law; and (3) promote judicial efficiency and the conservation of judicial resources.

**A.     There Is Substantial Similarity Between the Actions**

In determining whether to grant a *Colorado River* stay, courts assess, as a threshold matter, whether the two actions are substantially similar. Courts in this District have held state and federal proceedings to be "substantially similar" when they "arise out of the same alleged conduct and when they involve 'substantially the same parties' and 'are premised on the same interactions between the parties[.]'" *Brito v. New United Motor Mfg., Inc.*, No. 06-cv-06424-JF, 2007 WL 1345197, at *3 (N.D. Cal. May 8, 2007).

This case easily meets the "substantially similar" prerequisite. The parties to the federal and state actions are completely overlapping, as are the claims, facts, and relief sought. Indeed, this Court has already adjudicated the similarity of the actions, ruling that "all claims—in both the state and federal cases—hinge on the same dispute over whether Abittan owns 'some part of the Findora project.' . . . *Far from being merely logically related, these claims have nearly 'absolute identity of factual backgrounds*[.]'" [ECF No. 78] at 9.

Having met the threshold requirements for a stay, the relevant *Colorado River* factors weigh resoundingly in favor of a stay.[4]

### B.  The Third *Colorado River* Factor Favors a Stay to Avoid Piecemeal Litigation

Under the third *Colorado River* factor, the parallel proceedings at issue constitute "piecemeal litigation," which occurs when "different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). Both actions require the adjudication of the same legal claims—breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, unjust enrichment, fraudulent inducement, fraud, accounting, breach of contract, defamation, and civil RICO violations—based on the same alleged conduct and involving the same parties. Litigating the same issues and claims against the same defendants simultaneously in different tribunals will require substantial duplication of effort: repeated document, deposition, and expert discovery and related motion practice.

Indeed, these are not hypothetical issues, and this duplication of effort is already ongoing. For example, Temujin DE filed a demurrer to Abittan's cross-complaint "for many of the reasons previously identified with respect to Abittan's federal complaint." Ex. B. Defendants Chao and Ding are (again) contesting service of process in the state action—an issue that this Court has already resolved after extensive motion practice. *See* [ECF Nos. 53, 61, 72, 77, 83, 99, 103, 112]. These types of overlapping processes will occur again and again—at summary judgment, in

---

[4] The first and second *Colorado River* factors are irrelevant here because this dispute does not involve real property (Factor 1), and because the state and federal forums—both in San Jose, less than 1 mile apart—are equally convenient to the parties (Factor 2). *See R.R. St. & Co. Inc.*, 656 F.3d at 979.

*Daubert* and *Frye* challenges, at trial—if this case is not stayed. The energies of two courts rather than one will be continually engaged on the same issues. The Supreme Court has repeatedly noted that "wise judicial administration" counsels against such a waste of resources. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15 (quoting *Colorado River*, 424 U.S. at 818); *see also Riley v. City of Richmond*, No. C-13-4752 MMC, 2014 WL 5073804, at *3 (N.D. Cal. Oct. 9, 2014) (finding third factor weighed in favor of stay because "plaintiff seeks to litigate the exact same issue in both cases"). Thus, the third *Colorado River* factor favors staying this action so as to avoid piecemeal litigation and its accompanying risks.

  **C.** **The Fourth *Colorado River* Factor Favors a Stay Based on the Primacy of the State Action**

  The fourth *Colorado River* factor considers not only which action was filed first, but also "how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 21. Both considerations weigh in favor of a stay here. <u>First</u>, the state action was filed before the federal action (which is why this Court found that Abittan's claims against Temujin DE were compulsory crossclaims). <u>Second</u>, while the issue of service is unresolved in the state action, the progress of the state action, as a whole, is further along. In the state action, there have been numerous case management conferences. Additionally, discovery has been propounded by the parties, and productions have been made. By contrast, in the federal action, the parties have neither participated in an initial case management conference nor begun discovery. Thus, the fourth *Colorado River* factor favors staying this action, given the earlier filing and advanced progress of the state action.

  **D.** **The Fifth *Colorado River Factor* Favors a Stay Given the State Law Claims at Issue**

  There is no dispute that California law governs the core claims in both state and federal actions. With the exception of civil RICO (over which California state courts enjoy concurrent jurisdiction), the claims in both actions are based on California law. The fact that state law—not federal law—provides the rule of decision on primary and identical claims brought in both actions favors a stay under the fifth *Colorado River* factor. *See Krieger*, 776 F. Supp. 2d at 1063 ("[T]he

fact that Delaware corporate law provides the rule of decision on the merits of Plaintiff's state-law class action claims strongly favors a stay").

This factor bears significant weight given that "the state law questions are themselves complex," *Seneca*, 862 F.3d at 844. The legal claims in these actions are exceedingly complex, given that Abittan alleges a multi-year conspiracy crossing state and international borders and involving complex multi-layered corporate deception through the fraudulent creation of at least thirteen (13) shell companies. Indeed, the complexity of this dispute has already been adjudicated in the state action. *See* Ex. C. ("The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court Rule 3.400.") (emphasis in original). In designating the case complex, the state court recognized that the state action "is likely to involve . . . difficult or novel legal issues that will be time-consuming to resolve." *See* Cal. Rules of Court, Rule 3.400(b). Thus, the fifth *Colorado River* factor favors staying this action, given that California law—and the complex and novel issues arising thereunder—will provide the rule of decision in this action.

### E. The Sixth *Colorado River* Factor Favors a Stay Given the State Court's Ability to Adequately Protect the Rights of the Federal Litigants

Under the sixth *Colorado River* factor, the court considers "whether the state court might be unable to enforce federal rights." *Seneca*, 862 F.3d at 845; s*ee Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) ("This factor involves the state court's adequacy to protect federal rights"). Here, in both actions, Abittan's only federal claims are civil RICO violations under 18 U.S.C. § 1964. The state court's ability to adjudicate these federal claims is equal to this Court's. Indeed, all state courts enjoy concurrent jurisdiction over civil RICO Claims. *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). Accordingly, the sixth factor weighs in favor of a stay because the parties' rights are adequately protected in the state action.

### F. The Seventh *Colorado River* Factor Favors a Stay Given That Plaintiff is Not Forum Shopping

Under the seventh *Colorado River* factor, the Ninth Circuit has held that the appearance of "forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse

rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Madonna*, 914 F.2d at 1371.

Abittan's request for a stay is the opposite of forum shopping. Indeed, Abittan's choice of forum was *this* court; however, following Temujin DE's dismissal, Abittan was required to bring his claims against Temujin DE as crossclaims in the first-filed state action—*i.e.*, in the forum selected by *Defendants*. To avoid any possible prejudice —after extensive efforts to find and serve Defendants—Abittan has continued pursuing his federal action. At this stage, however, Abittan has served most of the Defendants in the state action, has a pathway to serve the unserved defendants, and believes he can effectively and efficiently prosecute his claims in state court, without facing prejudice. Accordingly, Abittan's motion is motivated by judicial efficiency, rather than tactical advantage. Thus, the seventh *Colorado River* factor favors staying this action.

### G. The Eighth *Colorado River* Factor Favors a Stay Given the Substantially Similar and Parallel Nature of the Actions

The final *Colorado River* factor considers "whether the state court proceeding sufficiently parallels the federal proceeding." *R.R. St. & Co. Inc.*, 656 F.3d at 982. While the Ninth Circuit does not require "exact parallelism" between the state and federal actions—only that the "two actions must be 'substantially similar'"—a *Colorado River* stay is precluded if there is "substantial doubt as to whether the state proceedings will resolve the federal action." *Id.*

Here, there is no doubt that the state action will resolve all the claims and issues in the federal action. In fact, *every* claim brought in the federal action is made in the state action. And, to the extent there are differences between the complaints, Abittan reiterates his intention to amend the federal complaint to comport with new evidence that he discovered after commencing the federal action—evidence which Abittan has already incorporated into the state action cross-complaint. *See* [ECF No. 112] ("Plaintiff respectfully requests leave to amend the Complaint to correct any defects and to conform the pleading to newly discovered facts of fraud.")

In other words, because the actions are (or will be) essentially identical, a determination in the state action will effectively preclude re-litigating the same liability questions in the federal action, which pleads the same factual allegations as the state action. Thus, the eighth *Colorado*

*River* factor favors a stay because the rulings and judgments in the state action will ensure "comprehensive disposition" of those issues. *See Colo. River*, 424 U.S. at 817.

***

The fundamental purpose of *Colorado River* abstention is to promote "wise judicial administration" in the name of conserving judicial resources and preventing duplicative litigation. *R.R. St. & Co. Inc.*, 656 F.3d at 982. Staying the present action to allow the nearly identical state action to resolve the duplicative claims and issues will achieve these ends, while simultaneously eliminating the risks of inconsistent rulings and duplicative discovery.

## II.     The Court Should Stay This Action Under *Landis*

In addition to, or in the alternative of, a *Colorado River* stay, the Court should also stay this action pursuant to its inherent discretion to manage its docket under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). In assessing a *Landis* stay, courts consider: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1100. Here, all three factors weigh in favor of a stay.

### A.     Defendants Will Suffer No Damage From a Stay

Defendants will suffer no meaningful prejudice as a result of the stay. In fact, because the actions include the same parties, the same factual allegations, and the same claims for relief, the stay's only true effect in practice would be to require Defendants to defend against Abittan's claims in the forum of *Defendant's* choice. Furthermore, Defendants previously indicated that they intended to move for a stay.

### B.     All Parties Will Suffer Hardship and Inequity in the Absence of a Stay

If the federal action proceeds, *all parties* will suffer significant hardships and inequity. Plaintiff and Defendants will be significantly harmed by being forced to litigate the same complex issues in two forums, which includes significant duplicative motion practice regarding the same substantive issues in state court and then again in this Court, potential highly overlapping hearings and trials, and expending considerable duplication of efforts. Granting a stay would undeniably aid

in avoiding duplication of considerable effort and work, as a stay pending the resolution of the state action would eliminate the potential of unnecessary, costly, and duplicative litigation. *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Rudolph & Sletten, Inc.*, No. 20-CV-00810-HSG, 2020 WL 4039370, at *8 (N.D. Cal. July 17, 2020) (finding "no doubt" that Defendants would be prejudiced in having to fight a "two-front war").

The parties will also be harmed by being forced to engage in overlapping and highly cumbersome discovery, including the potential for multiple (and international) depositions of the same witnesses. *See Arris Enters. LLC v. Sony Corp.*, No. 17-CV-02669-BLF, 2017 WL 3283937, at *2 (N.D. Cal. Aug. 1, 2017) (finding that the potential burden stemming from duplicative efforts weighed in favor of granting a stay where defendant would otherwise be "required to litigate 'essentially two separate actions with overlapping and duplicative discovery'"). Though Abittan recognizes that there may be coordination of discovery between the two actions, that is necessarily an incomplete solution, as procedural differences between state and federal courts may affect the scope of discovery in the two forums. And in any event, coordination of discovery cannot lead to coordination of the substantive motions and adjudication of the merits, which require considerable resources and time on behalf of the parties and the courts.

More importantly, the parties will be harmed by litigating duplicative actions that could result in conflicting factual determinations and rulings. *See Klein*, 2015 WL 2454056, at *4 (finding the potential prejudice "that could result from conflicting rulings" weighs in favor of a stay). Staying the action to avoid potentially inconsistent rulings is well-served here, as the actions involve novel and complex issues of state law that, in the interest of comity and federalism, should be adjudicated in the first-filed state action.

### C. A Stay Would Promote the Orderly Course of Justice

The third factor a court considers under *Landis* is whether a stay would promote the orderly course of justice "measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. A stay here would promote the orderly administration of justice by resolving the issues, preventing inconsistent rulings, and conserving judicial resources. Because Abittan's state action cross-

complaint is based on the same facts, involves the same parties, and seeks the same relief as Abittan's federal complaint, the adjudication of the state action will do more than "simplify" the issues. Indeed, adjudication of the state action will effectively moot this action, obviating the need for the Court to preside "over parallel proceedings over largely overlapping issues," and "would allow this Court to better manage its limited resources until the underlying [action] is resolved." *Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *6 (N.D. Cal. Feb. 12, 2019). In short, judicial economy would be best served by staying this case while Abittan's cross-complaint is adjudicated in state court.

## CONCLUSION

For the reasons set forth above, the Court should stay this action.

Dated: January 12, 2022

**ROCHE FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides (pro hac vice)
(Florida Bar No. 118177)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE Third Avenue, Suite 250
Miami, Florida 33131
Tel: (305) 971-5943
Email: ceconomides@rcfllp.com
         bpierce@rochefreedman.com

*Counsel for Plaintiff,
Ariel Abittan*