Craig A. Hansen (SBN 209622)
  Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
  Email: steve@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
  Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
  Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1250
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Attorneys for Defendant
Temujin Labs Inc., a Cayman corporation

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN<br><br>              PLAINTIFF,<br><br>v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>              DEFENDANTS,<br><br>  and<br><br>EIAN LABS INC.,<br><br>              NOMINAL DEFENDANT. | Case No.: 5:20-CV-09340-NC<br><br>**DEFENDANT TEMUJIN LABS INC., A CAYMAN CORPORATON'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY**<br><br>Date:    February 16, 2022<br>Time:   1:00 PM<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Nathanael Cousins |

## INTRODUCTION

After engaging in blatant forum shopping, and while awaiting a potentially negative ruling on a pending Motion to Dismiss filed by defendant Temujin Labs, Inc. (A Cayman Corporation) ("Temujin Cayman"), plaintiff Ariel Abittan now asks this court to "stay" *his own federal action* on the basis that his action and his recently filed cross-complaint in the concurrent state court proceedings "are predicated on the same facts and occurrences, involve the same parties, and seek the same remedies."[1]

While Temujin Cayman does not disagree that maintaining Abittan's federal action is improper in light of the concurrent state court litigation, Temujin Cayman asserts that Abittan's action should be *dismissed* rather than *stayed*. Quite simply, given Abittan's dispositive assertion that he is seeking the same relief in this action that he is seeking in his cross-complaint filed in the state court action, there is no reason to keep the federal action open under a "stay." Rather, this court should simply dismiss Abittan's federal action – as the court did in *Colorado River*[2] – and allow the parties to litigate their claims in the state court proceedings.

## BACKGROUND

On November 6, 2020, Temujin Labs, Inc., a Delaware corporation ("Temujin Delaware) filed a complaint against Ariel Abittan, Benjamin Fisch, and Charles Lu, in the Santa Clara County Superior Court, asserting claims based, *inter alia*, on Abittan's false claims of ownership of Temujin assets and technology, and disruption of Temujin's business and operations (the "State Court Action").

The following month, on December 24, 2020 – rather than simply cross-complaining in the State Court Action – Abittan filed a separate federal action against Temujin Delaware, Temujin Cayman, and two individual defendants, asserting an amalgamation of amorphous claims against them (the "Federal Action"), which included defective derivative claims on behalf Eian Labs, Inc. ("Eian").

On July 19, 2021, this court granted Temujin Delaware's motion to dismiss from the federal

---

[1] Abittan Motion to Stay at 3:4-5.
[2] *Colorado River Water Conservation Dist. V. U.S.,* 424 U.S. 800 (1976).

– 1 –

action on the basis that Abittan's claims against it were "compulsory cross-claims" that must be litigated in the State Court action and not the Federal Action.

On November 8, 2021, Temujin Cayman filed a Motion to Dismiss Abittan's federal action on various grounds, including that Abittan lacked standing to assert derivative claims on behalf of Eian and that Abittan otherwise failed to state a claim against Temujin Cayman.[3] The Court has taken the matter under submission without a hearing, and its ruling is pending.

Likewise, in early November 2021, Abittan filed a Cross-Complaint against Temujin Delaware, Temujin Cayman, and a slew of other cross-defendants seeking the same relief and based upon the same allegations already asserted by Abittan in the Federal Action. By Abittan's own admission:

> As a result of Abittan's cross-complaint, there is no meaningful difference between the state and federal actions: both complaints contain the same claims for relief, the same parties, and are predicated on the exact same facts and circumstances.[4]

Two months later, and while awaiting the Court's ruling on the Motion to Dismiss the Federal Action, Abittan filed the instant motion seeking to "stay" the Federal Action. Abittan's motion offers no discussion as to why his action should be "stayed" rather than simply dismissed.

## ARGUMENT

Abittan relies heavily on *Colorado River*,[5] to argue that his Federal Action should be "stayed" pending the outcome of the State Court Action. But *Colorado River* did *not* involve a "stay," but rather a *dismissal* of a federal action in favor of a concurrent state court proceeding.[6] While Abittan argues that the factors analyzed in *Colorado River* permit this court to "refrain from exercising jurisdiction" in this matter – a position with which Temujin Cayman agrees – Abittan posits that the Court should "stay" this matter rather than simply dismiss it, as the Court did in *Colorado River*. But Abittan offers no discussion or analysis as to why this matter should be stayed rather than dismissed.

---

[3] On December 17, 2021, the Individual Defendants Joined in Temujin Cayman's Motion to Dismiss.
[4] Abittan Motion to Stay at 4:16-18.
[5] 424 U.S. 800 (1976).
[6] *Id*. at 820-821.

In arguing that this matter should be stayed, Abittan asserts that:

- "Plaintiff and Defendants will be significantly harmed by being forced to litigate the same complex issues in two forums, which includes significant duplicative motion practice regarding the same substantive issues in state court and then again in this Court, potential highly overlapping hearings and trials, and expending considerable duplication of efforts";[7]

- "The parties will also be harmed by being forced to engage in overlapping and highly cumbersome discovery, including the potential for multiple (and international) depositions of the same witnesses;"[8] and

- "More importantly, the parties will be harmed by litigating duplicative actions that could result in conflicting factual determinations and rulings."[9]

While each of these points are arguably valid, each of these concerns can be equally avoided by dismissing the Federal Action and allowing the parties' claims to be litigated in the State Court Action. Abittan offers no points to the contrary.

In cases, such as this, where the claimant seeks a combination of monetary and equitable relief, the district court may dismiss the federal action rather than stay it:

> **Stay vs. dismissal of action**: When the relief sought is equitable or otherwise discretionary, federal courts invoking abstention principles have discretion to either stay the action or decline jurisdiction altogether by dismissing the action or, in removal cases, remanding it to state court. [Quackenbush v. Allstate Ins. Co., supra, 517 US at 717-722, 116 S.Ct. at 1721-1724][10]

As a jurisdictional limitation, abstention may be raised by the court *sua sponte* at any time, even for the first time on appeal.[11]

Here, Abittan seeks various forms of equitable relief, including injunctive relief, an accounting, rescission, imposition of a constructive trust, restitution, and disgorgement.[12] Abittan can (and is) seeking the same equitable relief (along with his damages claims) in the Cross-Complaint in the State Court Action.[13] Accordingly, this court can (and should) dismiss Abittan's

---

[7] Motion to Stay at 11:25-28.
[8] *Id.* at 12:6-8.
[9] *Id.* at 12:17-18.
[10] Philips & Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions (2021), § 2:4391 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717-722 (1996)).
[11] *Bellotti v. Baird*, 428 US 132, 143 (1976).
[12] Abittan Compliant (Doc. #1) at 37:19 – 38:11 (Prayer for Relief).
[13] Abittan State Court Cross-Complaint at 52:1-22 (Prayer for Relief).

1 Federal Action and allow his claims to simply proceed in the Santa Clara County Superior Court.
2 Maintaining this action under a "stay" serves no legitimate purpose, will create needless
3 inefficiency, and will not advance the interests of the parties, the public, or this Court.

## CONCLUSION

5     For the forgoing reasons, this Court should deny Abittan's Motion to Stay and should instead
6 enter an order dismissing Abittan's Federal Action, allowing his claims to be litigated under his
7 Cross-Complaint in the State Court Action.

9 DATED: January 26, 2022          Respectfully submitted,

10                                HANSEN LAW FIRM, P.C.

By:    /s/ Craig A. Hansen
     Craig A. Hansen
     Stephen C. Holmes
     Philip E. Yeager
     Collin D. Greene
     HANSEN LAW FIRM, P.C.
     75 E. Santa Clara Street, Suite 1250
     San Jose, CA 95113-1837
     Telephone: (408) 715 7980
     Facsimile: (408) 715 7001

     Attorneys for Defendant
     Temujin Labs Inc., a Cayman corporation