| | |
|---|---|
| 1 | Constantine P. Economides (*pro hac vice*) |
| 2 | (Florida Bar No. 118177)<br>Brianna K. Pierce (CA Bar No. 336906) |
| 3 | ROCHE FREEDMAN LLP<br>1 SE 3rd Avenue, Suite 1240 |
| 4 | Miami, FL 33131<br>Tel: (305) 971-5943 |
| 5 | Email:  ceconomides@rochefreedman.com |
| 6 |           bpierce@rochefreedman.com |
| 7 | *Counsel for Plaintiff,*<br>*Ariel Abittan* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, | Case No. 5:20-CV-09340-NC |
| PLAINTIFF, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), | Date:    February 16, 2022<br>Time:    1:00 p.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:  Hon. Nathanael Cousins |
| DEFENDANTS, | |
| and | |
| EIAN LABS INC., | |
| NOMINAL DEFENDANT. | |

Defendants do not substantively oppose Plaintiff's motion to stay these proceedings pending resolution of the parallel state action. In its opposition ("Opp."), Defendant Temujin Labs Inc. (a Cayman Corporation) ("Temujin Cayman") acknowledges that it "does not disagree that maintaining Abittan's federal action is improper in light of the concurrent state court litigation[.]" Opp. at 1. Temujin Cayman does not contest Plaintiff's 8-factor analysis under the *Colorado River* doctrine or 4-factor analysis under the *Landis* doctrine. And Temujin Cayman quotes three of Plaintiff's reasons for granting a stay—hardship and inequity, duplicative discovery, and conflicting determinations—and then concludes that each of Plaintiff's points is "arguably **valid**." *Id.* at 3 (emphasis added). Furthermore, Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao") and Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding") chose not to file an opposition to Plaintiff's motion.

Temujin Cayman's only argument is that "there is no reason to keep the federal action open under a 'stay.' Rather, this court should simply dismiss Abittan's federal action –as the court did in *Colorado River* – and allow the parties to litigate their claims in the state court proceedings." *Id.* at 1 (footnote omitted). Temujin Cayman is wrong.

"When a district court declines to exercise jurisdiction under *Colorado River*, it should *stay* rather than dismiss the federal action. This ensures that the federal forum will remain open if, for some unexpected reason, the state forum proves to be inadequate. 'Only the clearest of justifications will warrant dismissal.'" Phillips & Stevenson, Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2021) ¶ 2:4390 (first citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-819 (1976); and then citing *Attwood v. Mendocino Coast Dist. Hosp.* 886 F. 2d 241, 243 (9th Cir. 1989)) (emphasis in original).

Accordingly, courts in this circuit have long expressed a strong preference for staying, rather than dismissing, in deference to parallel proceedings. *See Brito v. New United Motor Mfg., Inc.,* 2007 WL 1345197, at *6 (N.D. Cal. May 8, 2007) (declining to dismiss an action under *Colorado River* in light of the Ninth Circuit's "strong preference for the issuance of a stay"). As held in *Attwood v. Mendocino Coast Dist. Hosp.*, for example, a dismissal could prejudice a plaintiff

if the state forum becomes in adequate, the plaintiff must re-file in federal court, and the statute of limitations or repose has expired. 886 F. 2d at 243. In *Attwood*, the appellant—who did not contest the district court's deference to the state action—challenged the district court's decision to dismiss the federal action rather than stay it, because she feared that the "expiration of the statute of limitations may bar her return to federal court, and thus neither the state court nor the federal court [would] reach the merits of all her claims." *Id.* The Ninth Circuit reversed the order of dismissal, holding that federal courts have an obligation to remain open if the state forum could *hypothetically* fail to adequately resolve a party's claims:

> We hold that the district court should have stayed rather than dismissed Attwood's action. This holding ensures that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate. The Supreme Court has strongly hinted that invocation of *Colorado River* is contingent on keeping the federal forum open if necessary. The Court has never approved a dismissal under *Colorado River* where plaintiffs were foreclosed from returning if necessary to federal court. [U]nlike a dismissal, a stay avoids the risk that the federal plaintiff will be time-barred from reinstating the federal suit. In this way, a stay will effectively conserve court resources while avoiding premature rejection of the litigants' access . . . to a federal forum. If we were to affirm the district court's dismissal, and Attwood subsequently attempted to return to federal court, the parties would then be likely to litigate whether California's equitable tolling doctrine preserves Attwood's section 1983 claim. We cannot say with certainty which party would prevail. It would be unwise for us to attempt to answer this question prematurely, without even knowing the final judgment of the state proceedings, let alone other variables relevant to the equitable tolling inquiry. Yet to review the choice between a stay and dismissal would require us to engage in precisely this type of speculation. We conclude it would be inappropriate to do so.

*Id.* at 243-45 (internal citations and quotations omitted). The Ninth Circuit explicitly noted that "only a stay ensures that the federal court will meet its 'unflagging duty' to exercise its jurisdiction, [citation], in case the state proceedings do not reach the expected resolution." *Id.* at 244.

Accordingly, this action must be stayed. Defendants could hypothetically challenge the timelines or other procedural aspects of Plaintiff's claims in the state action. If Defendants prevailed, Plaintiff would have every right to pursue these claims that were originally and properly filed in this Court. By issuing a stay, rather than dismissal, this Court defers to the state proceedings, while avoiding prejudice to Plaintiff if for some unexpected reason the state forum

becomes inadequate as to any claim against any defendant. In sum, because neither the parties to this action nor this Court can predict the outcome of the state action and because Plaintiff properly and timely invoked this Court's jurisdiction, this Court should stay the case (and potentially administratively but not substantively close the case), pending the litigation in state court.

## CONCLUSION

For the reasons set forth above, the Court should stay this action.

Dated: February 2, 2022

**ROCHE FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE Third Avenue, Suite 250
Miami, Florida 33131
Tel: (305) 971-5943
Email: ceconomides@rochefreedman.com
bpierce@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*