Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce
(CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email: ceconomides@rochefreedman.com
         bpierce@rochefreedman.com

*Attorneys for Plaintiff,*
*Ariel Abittan*

Craig A. Hansen (SBN 209622)
   Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
   Email: steve@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
   Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
   Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1250
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN, <br><br> PLAINTIFF, <br><br> v. <br><br> LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), <br><br> DEFENDANTS, <br><br> and <br><br> EIAN LABS INC., <br><br> NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC <br><br> **UPDATED INITIAL JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT; [PROPOSED] ORDER** <br><br> Complaint Filed: December 24, 2020 <br><br> Judge:   Hon. Nathanael Cousins |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, this Court's Standing Orders, and this Court's December 9, 2021 Order (ECF No. 116), Plaintiff Ariel Abittan ("Plaintiff") and Defendants[1] jointly submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conference scheduled for February 9, 2022.

A. **Jurisdiction and Service**

   1. Plaintiff's Position

This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy between the parties exceeds $75,000. This court also possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction as to Counts Six and Seven pursuant to 18 U.S.C. §§ 1962 and 1964. This Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the remaining causes of action.

All parties have been served.

There are no issues regarding personal jurisdiction or venue.

   2. Defendants' Position

As set out in Temujin Cayman's Motion to Dismiss, in which the Individual Defendants join, Temujin Cayman disputes that Plaintiff has standing to bring the derivative claims in the Complaint. Plaintiff's lack of standing means that the Court lacks jurisdiction over those derivative claims. Defendants do not dispute service, personal jurisdiction or venue.

B. **Relevant Factual Background**

   **1.** Summary of Plaintiff's Factual Allegations

Plaintiff's action arises from a multi-year fraudulent scheme orchestrated by Defendants. After spending approximately two years working together as 50/50 partners in a luxury watch re-sale business—in which Abittan still co-owns 24 watches with Ding and Chen worth at least five times his original investment of $1,139,270—Abittan, Chao, and Ding founded a cryptocurrency and blockchain project in 2018 currently known to the public as Findora.

---

[1] Plaintiff named the Defendants as follows in the caption: Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"), and Temujin Labs Inc., a Cayman Islands corporation ("Temujin Cayman").

Personal anonymity and corporate misdirection were the foundation of Chao's and Ding's fraudulent scheme. While reassuring Abittan that he had an interest in all aspects of Findora, Chao and Ding fraudulently formed numerous shell companies through a series of forged contracts, false filings, and misrepresentations about ownership. Chen and Ding then acted as general managers of those entities while defrauding Abittan and investors out of millions of dollars.

While unaware of Chao and Ding's fraud, Abittan worked in good faith to make Findora a success. Ding and Chen consistently represented that they had secured or were securing investments in Findora from major players in China, including a $230,000,000 investment in tokens and another $50,000,000 investment. In reliance on Chen's misrepresentation, Abittan secured $1,200,000 in investments for Findora from his friends and family. When Findora failed to issue a token and investors demanded their money back, Chen induced the investors to roll their investments into a new deal with Findora by presenting a term sheet showing a $10,000,000 incoming investment from China Orient Group, at a $60,000,000 valuation for Findora. To date, Plaintiff's friends and family have received neither their tokens nor a return of their investments.

On July 3, 2019, Abittan, Chen, and Ding met to discuss repayment of investor funds, as well as the repayment of over $600,000 of credit card expenses that Chen (and her agents) had incurred on Abittan's personal credit. At that meeting, Chen and Ding presented Abittan with a single-page document tilted a "Unanimous Action of Members" ("UAM") that, at the time, Chen and Ding claimed was a corporate formality to preserve the rights of Findora's shareholders. The terms of the UAM state that Eian owed $300,000 to Temujin Labs Inc. but lacked "sufficient assets" to repay that debt. The document then purports to authorize Eian to sell its assets to Temujin Labs Inc. for $1 and a discharge of the $300,000 debt. Defendants contend that the UAM represents Abittan's consent to transfer the Findora name and intellectual property (purportedly valued at **$60,000,000**) from Eian—the corporate entity of which Abittan was at least a 39.6% beneficial owner—to Temujin Cayman—a new entity formed by Ding and Chen in which Abittan purportedly has no stake—for **absolutely nothing**.

Following the execution of the UAM, Ding and Chen shut Abittan out of Findora, omitted Abittan from Findora's new website, and prevented Abittan from accessing his Findora-related

email accounts. Chen and Ding falsely told numerous individuals that Abittan was not a founder of Findora and that Abittan had made false promises to investors. Chen also failed to make good on numerous promises to repay the debt incurred on Abittan's credit.

In sum, Chen and Ding inspired both Abittan's loyalty and his deference, first through a watch partnership and, second, through promises of success if Abittan followed Chen's and Ding's business advice. And once Chen and Ding knew they had Abittan's full trust, they weaponized it to steal Findora and millions of dollars from investors and Abittan. In the process, Ding and Chen defamed Abittan to countless individuals, incurred over $600,000 of debt on Abittan's personal credit, converted millions of dollars' worth of watches, and stole an additional $1,200,000 from Abittan's friends and family.

2. Defendants' Statement Regarding Plaintiff's Allegations

Defendants vigorously dispute all of Plaintiff's allegations.  Rather, it is Plaintiff that is spinning an elaborate web of lies and deception, fabricating alleged partnerships, agreements and representations that do not exist and never have.  It is Plaintiff that has sought to harm, steal from, and defraud Defendants and the Temujin business.

For example, Plaintiff's complaint starts out by falsely identifying the Defendants in the action. Plaintiff knows that Lily Chao ("Chao") and Yuting Chen ("Chen") are two separate individuals. Plaintiff also knows that the watch business involved Chen, whereas the cryptocurrency business involved Chao.

Regarding the watch business, Defendants dispute that there was a 50/50 partnership between Abittan and the individual defendants. Abittan does not co-own any watch with the individual defendants, and Abittan did not make an "original" investment of $1,139,270.  On the contrary, Abittan still owes Chen a substantial amount for the proceeds of reselling watches that Chen acquired, in addition to watches and sales proceeds unaccounted for that Abittan is responsible for. As a result, Abittan currently owes Chen millions of dollars in the watch business.

Regarding the cryptocurrency business, Temujin helped develop blockchain-based financial technology known as "Findora."  The Findora blockchain facilitates blockchain

transaction processing in a way that is both auditable and preserves user privacy.

Early in the cryptocurrency business, Abittan voluntarily transferred Eian Lab's intellectual property to discharge a substantial debt of $300,000. The transfer was evidenced by a duly executed agreement, the authenticity of which has never been disputed by Abittan.  This action brought by Abittan is at most a case of seller's remorse. At worst, it is a calculated double-dip by Abittan to reap an unjustified gain on a speculative tech startup by fraudulently claiming an ownership interest in it now that the business is doing very well.

Around October 2020, Abittan began to foment discord among Temujin's employee and advisor base, claiming that he owned some portion of Temujin's business and intellectual property. Ultimately, Abittan's misstatements disrupted Temujin's employee and advisor base, leading several of them to attempt to undermine the business.

Plaintiff's assertions were false.  Plaintiff had no rightful claim to ownership in Temujin or to any intellectual property related to Temujin or Findora. As noted, over a year and a half earlier, in his capacity as a shareholder of a different entity, he had approved in writing the sale of the intellectual property assets at issue to Temujin Cayman.  Plaintiff's ownership assertions, while false, had their intended effect, and precipitated a string of employee and advisor defections from Temujin's business, accompanied by various forms of interference with the business. Plaintiff conspired with Temujin Delaware's then-CEO and an advisor to Temujin to interfere with Temujin's business, thereby damaging it.  These claims are the subject of a pending state court action filed by Temujin Delaware against Abittan and others that is currently pending in the Superior Court of Santa Clara County.

In an effort to justify his lies, deception, and wrongful interference, Plaintiff has resorted to meritless claims in both this Court and the Superior Court of Santa Clara County against Defendants and the Temujin business.  It appears that Plaintiff is intent on maximizing the use of judicial resources.  Having had his Complaint in this Court against Temujin Delaware dismissed because it should have been brought as a counterclaim in the earlier-filed Superior Court action by Temujin Delaware, Abittan has now filed a Cross-Complaint in the Superior Court action naming the same two entities and two individuals that he named as defendants in this case,

together with another twenty entities and individuals that he again alleges were part of a "RICO enterprise" and "fraudulent scheme." Apart from the vastly expanded number of cross-defendants in the state court action, Abittan raises nearly identical claims to those asserted in this Court (except for the derivative claims on purported behalf of Eian Labs Inc.).

For the time being, therefore, and subject to the pending motion, Abittan's meritless claims are being litigated in two separate courts. Abittan's bizarre and unsupported allegations, including that Defendants masterminded a "RICO enterprise" and "fraudulent scheme" are merely an extension of Plaintiff's all-out baseless war against Defendants and the Temujin business.

## C. Legal Issues

### 1. Plaintiff's Position

Plaintiff anticipates the following disputed points of law, among others, will arise in this case:

- Whether Defendants are liable for breach of fiduciary duty;
- Whether Defendants are liable for aiding and abetting breach of fiduciary duty;
- Whether Defendants are liable for fraudulent inducement;
- Whether Defendants are liable for unjust enrichment;
- Whether Plaintiff is entitled to an accounting;
- Whether Defendants are liable for violations of Civil Rico (18 U.S.C. §§ 1962(c); 1962(d));
- Whether Defendants are liable for fraud;
- Whether Defendants are liable for breach of contract;
- Whether Defendants are liable for defamation.

### 2. Defendants' Position

None of the Defendants has yet answered Abittan's Complaint. Temujin Cayman's motion to dismiss is pending and the Individual Defendants have joined in that motion. As noted above, Defendants will vigorously contest Plaintiff's allegations and claims, if and when required to do so, which may include asserting their own counterclaims against Plaintiff.

D.     **Motions**

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Defendant Temujin Labs Inc. (Delaware) | Motion to Dismiss Complaint filed 4/9/21 | Granted on 7/19/21 |
| Individual Defendants and Temujin Labs Inc. (Cayman) | Motion to Dismiss, or in the Alternative Quash Service of Summons filed 5/28/21 | Granted on 7/19/21 |
| Individual Defendants, Temujin Labs Inc. (Cayman), Temujin Labs Inc. (Delaware) | Administrative Motion to Continue Case Management Conference and Associated Deadlines filed on 7/2/21 | Denied on 7/6/21 |
| Plaintiff Ariel Abittan | Motion for an Order Allowing Defendants Lily Chao and Damien Ding to be Served (1) Through Counsel, (2) Through Temujin Labs Inc. (Delaware)'s Registered Agent, (3) By Text, or (4) By Publication filed on 9/20/21 | Granted on 11/24/21 |
| Defendant Temujin Labs Inc. (Cayman) | Motion to Dismiss Complaint filed on 11/8/21 | Pending: Opposition filed on 11/22/21; Reply filed on 11/29/21; Hearing date vacated on 12/9/21 (ECF 117) because "[t]he Court finds the motion suitable for decision without oral argument." |
| Plaintiff Ariel Abittan | Motion to Stay filed 1/12/22 | Pending: Opposition filed on 1/26/22; Reply filed on 2/2/22; Hearing set for 2/16/22 |

Plaintiff submits that there are no other motions anticipated at this time.

Defendants submit that rather than stay this action, as requested by Plaintiff's motion, this Court should dismiss the action and allow the claims at issue in this case to be litigated in the state forum currently pending in Santa Clara County Superior Court.  Additionally, depending on the outcome of Temujin Cayman's motion to dismiss, and in view of Plaintiff's apparent intention to amend the Complaint (indicated below), Defendants cannot rule out other motions.  Defendants also submit that motions for summary judgment and/or other substantive motions may be appropriate in due course.

**E.     Amendment of Pleadings**

Plaintiff anticipates amending the Complaint to add defendants and alter claims to conform with newly discovered facts. Plaintiff proposes a deadline for amending the Complaint of April 13, 2022.

//

**F.     Evidence Preservation**

Counsel for the parties have met and conferred about the preservation of evidence relevant to the issues reasonably evident in this action. The parties additionally certify that the parties have reviewed the Guidelines for the Discovery of Electronically Stored Information, understand their preservation obligations, and have implemented document preservation protocols.

**G.     Disclosures**

In accordance with the parties' joint stipulation (ECF No. 110) and this Court's order (ECF No. 111), the parties fully and timely complied with the requirements of Fed. R. Civ. P. 26 by exchanging initial disclosures on December 1, 2021.

**H.     Discovery**

On November 17, 2021, the parties met and conferred on the scope and timing of discovery. Plaintiff submits that even though Defendants Chao and Ding had not been served at the time of the conference, Plaintiff advised Defendants' *shared* counsel during the Rule 26(f) conference that given the unity of identity between Chao, Ding, and Temujin Cayman, the scope and timing of discovery would be identical for all Defendants. Following the meet and confer, this Court granted Plaintiff's motion for alternative service (ECF No. 113), and Plaintiff promptly served Chao and Ding via email and text message. Consequently, Plaintiff submits that the November 17, 2021 meet and confer satisfied his Fed. R. Civ. P. 26 obligations for all defendants.

Defendants submit that, at the time of the Rule 26(f) conference, the individual Defendants had not been served.  Counsel for Temujin Cayman expressly stated during that conference that the individual Defendants were not part of the conference. Nevertheless, the individual Defendants submit that the parties have met and conferred to satisfy their Fed. R. Civ. P. 26 obligations.

No discovery has been propounded to date.

1. **Plaintiff's Rule 26(f) Report**

    a. <u>Proposed Changes to Rule 26(a)(1) Disclosures</u>

        a. Initial disclosures were exchanged on December 1, 2021.

        b. No changes to the standard requirements were necessary.

    b. <u>Scope and Subjects of Discovery</u>

        a. Without prejudice to his rights to seek discovery on any relevant issues, Plaintiff contemplates that he will need and seek discovery concerning all factual, evidentiary, and legal support from Defendants and any relevant non-party regarding Plaintiff's' claims and theories of liability and damages.

        b. Plaintiff contemplates that Defendants will seek discovery concerning the basis of Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

        c. The anticipated method of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of Plaintiff, Defendants, Defendants' employees, agents, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third parties.

        d. Plaintiff respectfully submits that no limitations or phases should be imposed on conducting written discovery or depositions. Plaintiff submits that the parties should be permitted to serve written discovery, as well as take depositions, at any time following the initial case management conference.

        e. Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

        f. Discovery deadlines shall be set by the Court.

    c. <u>Issues Relating to Electronically Stored Information</u>

        a. Plaintiff does not anticipate any issues relating to disclosure or discovery of electronically stored information.

      b. The parties will address any such issues in the event they arise.

  d. <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

      a. Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

      b. Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

  e. <u>Other Orders</u>

      a. Plaintiff is willing to immediately enter into a protective order in the form of the model Stipulated Protective Order for Standard Litigation.

      b. Plaintiff requests a scheduling order under Rule 16(b).

      c. Plaintiff does not request an order under Rule 16(c) at this time.

  f. <u>Changes in Discovery Limitations</u>

      a. Plaintiff anticipates that it will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of Ding and Chen's use of agents, the shell companies' various employees, and Findora's consultants, advisors, and investors, all of whom have relevant, probative evidence of Ding and Chen's fraudulent scheme. These limitations may need to be revisited if Plaintiff's Complaint is amended and other parties are added.

      b. Otherwise, Plaintiff does not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**2. Defendants' Rule 26(f) Report:**

Defendants provide the following information in connection with the Rule 26(f) Report:

  a.   <u>Proposed Changes to Rule 26(a)(1) Disclosures</u>

      i.   Defendants provided their initial disclosures on December 1, 2021.

      ii.   No changes to the standard requirements are necessary.

  b.   <u>Scope and Subjects of Discovery</u>

     i. Without prejudice to Defendants' rights to seek discovery on any relevant issues, Defendants contemplate that they will need and seek discovery from Plaintiff and any relevant non-party regarding Plaintiff's claims and theories of liability and damages, as well as Defendants' defenses.

     ii Defendants contemplate that Plaintiff will seek discovery from Defendants and others regarding Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

     iii. The anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of the parties; and (4) oral depositions of third parties.

     iv. Defendants submit that the parties should not be permitted to serve written discovery or take depositions until the pending motions to stay and to dismiss have been adjudicated and all parties have filed a responsive pleading.

     v. Defendants agree that supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

     vi. Defendants agree that discovery deadlines shall be set by the Court and respectfully submits that these should be set after the pending motions to stay and to dismiss have been adjudicated and responsive pleadings have been filed if necessary.

  c. <u>Issues Relating to Electronically Stored Information</u>

     i. Defendants do not anticipate any issues relating to disclosure or discovery of electronically stored information.

     ii. The parties will address any such issues in the event they arise.

  d. <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

     i. Defendants agree that Rule 26(b)(5) should apply to any claims of

privilege or protecting materials asserted as being for trial-preparation.

  ii. Defendants agree that this proposed procedure should be adopted within the Court's further orders.

 f. Other Orders

  i. Because disclosure and discovery activity in this action is likely to involve the production of highly sensitive confidential information, Defendants will seek a protective order based on the Court's model protective orders, with appropriate modifications as necessary. Defendants will work with Plaintiff to seek to agree a proposed protective order to be submitted to the Court for approval.

  ii. Defendants submit that a scheduling order under Rule 16(b) should not be entered until the pending motions have been adjudicated and all parties have filed a responsive pleading.

  iii. Defendants do not request an order under Rule 16(c) at this time.

 g. Changes in Discovery Limitations

  i. Defendants anticipate that they will need to take more than ten (10) depositions because of the extensive (but false) allegations by Plaintiff and with respect to their defenses and counterclaims should a responsive pleading be required. Defendants also anticipate that they will need an additional ten (10) interrogatories, making a total of 35, because of the Plaintiff's allegations. These limitations may need to be revisited if Plaintiff's Complaint is amended and other parties are added as Plaintiff has indicated.

  ii. Otherwise, Defendants do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserve the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

I. **Class Actions**

 Not applicable.

J. **Related Cases**

1. Plaintiff's Statement

Plaintiff submits the following cases are presently related to this action:

- *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622;
- *Temujin Labs Inc. (Delaware) v. Franklin Fu*, Santa Clara County Superior Court, Case No. 28-21CV375422;
- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* San Francisco Superior Court, Case No. CGC21596745;
- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* United Stated District Court, Northern District of California, San Francisco Division, Case No. 3:21-cv-09152.
- *Yuting Chen v. Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Allyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, Realtime NY LLC, a New. York Limited Liability Company, and DOES 1-20, inclusive*, United Stated District Court, Northern District of California, San Francisco Division, Case No. 3:21-cv-09393(the "Chen v. Abittan et al. Action").[2]

2. Defendants' Statement

Defendants agree that *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622 is related to this action.

---

[2] Though Defendants apparently "disagree" that the Chen v. Abittan et al. Action is related (as noted below), Yuting Chen—through the same counsel representing her and the other Defendants herein—marked this action as a "related case" on the civil cover sheet filed in conjunction with the Chen v. Abittan et al. complaint on December 6, 2021.

Defendants disagree that the other cases listed by Plaintiff are related to this action. Furthermore, *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* San Francisco Superior Court, Case No. CGC21596745 has already been dismissed without prejudice.

**K.     Relief**

1. Plaintiff's Statement

Plaintiff, on behalf of himself and derivatively on behalf of Nominal Defendant Eian Labs Inc. (f/k/a Porepsus Inc.) requests the following relief:

- temporary, preliminary, and permanent injunctive relief, or any other injunctive relief that is proper
- an accounting of all gains, profits, and advantage derived from Defendants' acts
- constructive trust for the benefit of Plaintiff;
- rescission, restitution, unjust enrichment, actual damages, statutory damages, compensatory damages, punitive damages, and disgorgement in an amount to be determined at trial;
- an order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;
- an award of costs and attorneys' fees; and
- for such other and further relief as the Court deems just and proper.

2. Defendants' Statement

As noted already, none of the Defendants has yet filed an answer and the motion to dismiss is pending. Accordingly, Defendants have not yet pled the specific relief they seek, but they deny that they have caused any injury to Plaintiff and deny that he is entitled to the relief he seeks or any relief.

**L.     Settlement and ADR**

On March 3, 2021, Plaintiff filed an ADR Certification by Parties and Counsel pursuant to

Civil L.R. 16-8(b) and ADR L.R. 3-5(b), which certified that counsel for all parties discussed the selection of an ADR process, and that based on such discussion, the parties prefer to discuss ADR selection at the case management conference.

**M.     Consent to Magistrate Judge for All Purposes**

    1. Plaintiff's Statement

    Plaintiff (ECF No. 8), Defendant Temujin Cayman (ECF No. 52), and Nominal Defendant Eian Labs Inc. (ECF No. 66) consent to a Magistrate Judge for all purposes. Seventy (70) days after being served and fifty (50) days after appearing through counsel to file a joinder to Defendant Temujin Cayman's motion to dismiss (ECF No. 120), Defendants Lily Chao and Damien Ding have still not filed a consent or declination to proceed before a Magistrate Judge for all purposes.

    2. Defendants' Statement

    The Individual Defendants anticipate filing a consent or declination to proceed before a Magistrate Judge for all purposes shortly.

**N.     Other References**

    None.

**O.     Narrowing of Issues**

    The parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it would be inappropriate to bifurcate any issues, claims, or defenses at this time.

**P.     Expedited Trial Procedure**

    The parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**Q.     Scheduling**

    The parties agree to have this Court set deadlines.

    Plaintiff respectfully submits that a scheduling order should be promptly entered.

    Defendants respectfully submit that these should be set after the pending motions to stay and to dismiss have been adjudicated and responsive pleadings have been filed if necessary.

**R.     Trial**

Plaintiff has demanded a jury trial of their claims against Defendants. The parties respectfully submit that it is premature to estimate an expected length of the trial.

S. **Disclosure of Non-Party Interested Entities or Persons**

1. Plaintiff's Statement

Plaintiff does not believe he is required to file a statement pursuant to Local Rule 3-15 because he is not associated with persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (a) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (b) any other kind of interest that could be substantially affected by the outcome of the proceeding.

2. Defendant's Statement

On March 2, 2021, Temujin Cayman and Temujin Labs Inc. (Delaware) filed a Certification of Interested Entities or Persons, identifying Temujin Cayman as the parent of Temujin Labs Inc. (Delaware), and identifying MapleLeaf Ventures Limited as Temujin Cayman's majority holder. [ECF No. 17]. Individual Defendants will file a Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

T. **Professional Conduct**

All attorneys of record for the parties can certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

U. **Other Matters**

The parties do not believe any other matters are appropriate for discussion at this time.

Dated: February 2, 2022                              Respectfully Submitted,

*/s/ Constantine P. Economides*
Constantine P. Economides (*pro hac vice*)
Brianna K. Pierce (CBN 336906)
ROCHE FREEDMAN LLP
1 SE Third Avenue, Suite 250
Miami, Florida 33131
Tel: (305) 971-5943

Email: ceconomides@rochefreedman.com
bpierce@rochefreedman.com

*Counsel for Plaintiff*
*Ariel Abittan*


*/s/ Craig Hansen*
Craig Hansen (CBN 209622)
HANSEN LAW FIRM, P.C.
75 E. Santa Clara St., Suite 1250
San Jose, CA 95113
Telephone: (408) 715-7980
Facsimile: (408) 715-7001
craig@hansenlawfirm.net

*Counsel for Defendants*