Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 851-5997
Email: ceconomides@rochefreedman.com
bpierce@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

ARIEL ABITTAN,

PLAINTIFF,

v.

LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),

DEFENDANTS,

and

EIAN LABS INC.,

NOMINAL DEFENDANT.

Case No. 5:20-CV-09340-NC

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: March 23, 2022
Time: 1:00 p.m.
Place: Courtroom 5, 4th Floor
Judge: Hon. Nathanael Cousins

**TO THE COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE on March 23, 2022, at 1:00 p.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Nathanael M. Cousins, located at the United States District Court for the Northern District of California, 280 South First Street, 4th Floor, San Jose, CA 95113, Plaintiff Ariel Abittan, through his undersigned counsel, respectfully will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 15 for an Order Granting Plaintiff's Motion for Leave to File an Amended Complaint.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, Declaration of Constantine P. Economides, filed concurrently herewith, all papers and pleadings on file in this action, and such other and further evidence that the Court deems just and proper at the hearing of this motion.

Dated: February 23, 2022

**ROCHE FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides (pro hac vice)
(Florida Bar No. 118177)
Brianna Pierce (CA Bar No. 336906)
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
Tel: (305) 851-5997
Email: ceconomides@rochefreedman.com
bpierce@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

## STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiff should be permitted to file an amended complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Ariel Abittan's ("Plaintiff") investigation into Defendants' fraudulent conduct has been ongoing since the complaint was filed on December 24, 2020. Specifically, between July and November of 2021, Plaintiff discovered numerous key documents, shell companies, and agents that Plaintiff did not know about when the original complaint was filed. Accordingly, Plaintiff seeks to amend his complaint to allege these new facts, add new direct claims stemming from Defendants' fraudulent conduct, and remove derivative claims that (based on the information known at this time) can be brought directly.

Plaintiff has indicated his intent to amend the complaint in this manner on numerous occasions; however, Plaintiff refrained from amending as of right, pursuant to FRCP 15(a)(1), because of the severe prejudice he would have suffered if a new operative complaint was filed before service on Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao") and Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding") was complete. Then, in the interest of efficiency, Plaintiff further (briefly) refrained while his motion to stay these proceedings was pending. On February 7, 2022, this Court denied Plaintiff's motion to stay, indicating that it would continue exercising jurisdiction over this action.

Now that issues related to service and jurisdiction are resolved, Plaintiff respectfully requests leave to file an amended complaint. A copy of the proposed amended complaint is annexed as Exhibit A hereto.

## FACTUAL BACKGROUND

On December 24, 2020, Abittan filed this action against Defendants Chao, Ding, Temujin Labs Inc. (Cayman) ("Temujin Cayman"; collectively with Chao and Ding, "Defendants"), and Temujin Labs Inc. (Delaware) ("Temujin DE"), asserting, *inter alia*, thirteen (13) claims arising out of Defendants' multi-year fraudulent scheme to steal Findora and millions of dollars from

Abittan. [ECF No. 1].

On April 9, 2021, Temujin DE filed a motion to dismiss, arguing, *inter alia*, that Plaintiff's claims against it should have been brought as compulsory counterclaims in a pending state action.[1] [ECF No. 36]. On July 19, 2021, this Court granted Temujin DE's motion. [ECF No. 78].

Following Temujin DE's dismissal, Plaintiff—represented by new counsel—conducted an extensive investigation into specific issues highlighted by Defendant's briefing, such as proof of stock ownership, the interrelatedness of various entities, the identification of parties and agents, and the substance of material documents that Plaintiff did not possess until Temujin DE filed them in conjunction with its motion to dismiss. *See* Declaration of Constantine P. Economides ("Economides Decl.") ¶ 5; *see, e.g.*, [ECF No. 37] at Exs. C, D. As a result of Plaintiff's investigation, which predominantly occurred between July and November of 2021, Plaintiff has uncovered numerous key documents; connected over a dozen shell companies to Defendants' elaborate scheme to defraud; discovered several new participants in Defendants' criminal enterprise; and developed a more fully informed understanding of how Defendants stole Findora and millions of dollars from Plaintiff. *See* Economides Decl. ¶ 6.

On November 3, 2021, Plaintiff filed a cross-complaint against, *inter alia*, Temujin DE, Ding, Chao, and Temujin Cayman in the state action based on these new facts and Plaintiff's evolved understanding of Defendants' fraud. *See id.* ¶ 7; *see also* [ECF 122-1].

On November 8, 2021, Temujin Cayman filed a motion to dismiss Plaintiff's complaint. [ECF No. 109]. On November 22, 2021, Plaintiff opposed Temujin Cayman's motion to dismiss on numerous grounds, noting:

> [I]n the event Defendant's Motion is not denied in full, Plaintiff respectfully requests leave to amend the Complaint to correct any defects and to conform the pleading to newly discovered facts of fraud. But Plaintiff respectfully requests the opportunity to amend after this Court decides Plaintiff's pending motion for alternative service on Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao") and Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"). See [ECF No. 83]. Otherwise, Plaintiff would suffer prejudice in repeating months of costly service efforts thwarted by Chao's and Ding's evasion. Once Chao and Ding are served in the manner ordered by this Court, Plaintiff could serve an

[1] *See Temujin Labs Inc. v. Ariel Abittan et al.*, No. 20-cv-372622, Santa Clara Superior Court (the "state action").

> amended complaint, as well as any motions or other filings, pursuant to Rule 5 (i.e., via CM/ECF without any possibility for Chao or Ding to evade).

[ECF No. 112] at 1.

Two days later, on November 24, 2021, this Court granted Plaintiff's motion for alternative service (ECF No. 113), and service on Chao and Ding was completed (ECF Nos. 118, 119).

On December 1, 2021, Plaintiff and Defendants filed a joint case management statement, in which Plaintiff indicated that he anticipates amending the Complaint "to conform with newly discovered facts." [ECF No. 115] at 7. Plaintiff proposed that the Court set March 9, 2022 as his deadline to file an amended complaint. *Id.*

On December 2, 2021, this Court continued the Initial Case Management Conference set for December 8, 2021 to February 9, 2022. [ECF No. 116].

On January 12, 2022, Plaintiff filed a motion to stay these proceedings pending the outcome of parallel state proceedings, in which Plaintiff indicated that "[i]n the event that this motion [to stay] is denied, Abittan intends to seek leave to amend his complaint to conform it to the new facts alleged in the [state action] cross-complaint." [ECF No. 121] at 4 fn. 3; *see* [ECF 122-1].

On February 2, 2022, Plaintiff and Defendants filed an updated joint case management statement, in which Plaintiff again indicated that he anticipates amending the Complaint "to conform with newly discovered facts." [ECF No. 115] at 7. Plaintiff proposed that the Court set March 9, 2022 as his deadline to file his amended complaint. *Id.*

On February 7, 2022, this Court denied Plaintiff's motion to stay (ECF No. 126) and continued the Initial Case Management Conference set for February 9, 2022 to March 2, 2022 (ECF No. 127).

## **LEGAL STANDARD**

Once the time to amend a complaint as of right has lapsed, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15 is interpreted with "extreme liberality." *See Scognamillo v. Credit Suisse First Bos., LLC*, 587 F. Supp. 2d 1149, 1150 (N.D. Cal. 2008) (citing *Chodos v. West Publ'g Co*., 292 F.3d 992, 1003 (9th Cir.2002)).

A court considers five factors in determining whether to grant leave to amend: "(1) undue delay in seeking amendment; (2) repeated failure to cure deficiencies by prior amendment; (3) undue prejudice to the opposing party; (4) bad faith or dilatory motive; and (5) futility of amendment."[2] *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1119-20 (N.D. Cal. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). "Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir.1987).

"The party opposing the amendment bears the burden of showing why the amendment should not be granted." *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006).

## ARGUMENT

### A. Plaintiff Did Not Unduly Delay in Seeking Leave to Amend

"A party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it 'knew or should have known' that amendment was called for." *Johnson*, 809 F. Supp. 2d at 1120. "The passage of time is not, in and of itself, undue delay; rather, the inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *Johnson v. Serenity Transp., Inc.,* 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015).

Neither the factual nor the legal bases for Plaintiff's amended complaint were known to Plaintiff when the original complaint was filed. Indeed, Plaintiff's amended complaint is the direct result of an investigation undertaken in response to specific issues illuminated by Temujin DE's motion to dismiss and in preparation of filing a cross-complaint in the state action nearly a full year

[2] As this is the first amendment sought by Plaintiff, the second factor does not apply here.

after this action commenced.

Moreover, while Plaintiff admittedly knew the factual or legal bases for the amendment on November 3, 2021 when the state cross-complaint was filed, service on Chao and Ding remained incomplete until November 24, 2021, and this court had not ruled on the motion to stay until February 7, 2021. Filing an amended complaint prior to the resolution of service or prior to a determination of whether this case should proceed in tandem with the state action would have resulted in severe prejudice to Abittan and would have been a waste of judicial resources. Plaintiff, therefore, is seeking leave to amend the complaint at the earliest appropriate time.

**B. Plaintiff Does Not Seek to Amend in Bad Faith.**

"[F]or a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows 'wrongful motive' on the part of the moving party." *Wixon v. Wyndham Resort Dev. Corp.*, 2007 WL 3101331, at *2 (N.D. Cal. Oct. 22, 2007); *see Johnson*, 2015 WL 4913266, at *4 ("Leave to amend may be denied where the amendment is introduced to cause a delay in proceedings or for some other improper purpose.").

Abittan's request to file an amended complaint is not a tactical advantage to delay these proceedings or avoid an adverse ruling. To the contrary, Abittan's state action cross-complaint, which is substantively identical to the proposed amended complaint, was filed on November 3, 2021—a week *prior* to Temujin Cayman's motion to dismiss. And Plaintiff has made his intentions to amend the complaint to conform to the state action cross-complaint known to Defendants at least four times. *See* [ECF No. 112] at 1; [ECF No. 115] at 7; [ECF No. 121] at 4 fn. 3; [ECF No. 115] at 7. Accordingly, nothing in the record supports a finding that Abittan's request to amend is sought in bad faith.

**C. Defendants Will Not Be Prejudiced**

"Prejudice is the touchstone of the inquiry under Rule 15(a)," *Eminence Capital*, 316 F.3d at 1052, and "the most important factor," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "To deny leave to amend, the prejudice must be substantial." *Abels v. JBC Legal Grp., P.C.* 229 F.R.D. 152, 156 (N.D. Cal. 2005). "The burden of having to defend a new claim alone is not

undue prejudice under Rule 15." *See Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013). But courts are wary of potential prejudice caused by a "radical departure" in the litigation when legal theories are added that are inconsistent with the original complaint and require proof of different facts, thereby necessitating "extensive additional discovery on entirely new topics and the redeposition of witnesses[.]" *Scognamillo v. Credit Suisse First Boston, LLC*, 587 F.Supp.2d 1149, 1155-56 (N.D.Cal.2008).

For this reason, "[p]rejudice is heightened when a Plaintiff seeks to amend a complaint late in litigation," *Netbula, LLC v. Bindview Dev. Corp.*, 2007 WL 2221070, at *4 (N.D. Cal. Aug. 2, 2007); *Scognamillo*, 587 F.Supp.2d at 1156 (finding prejudice where plaintiffs "sought leave to amend late in litigation, approximately twelve weeks before the ...discovery cutoff"). Conversely, defendants generally cannot show prejudice when amendment occurs while the litigation is at very early stage. *See L. Sch. Admission Council, Inc.*, 2013 WL 485830, at *6 (no prejudice found when the motion for leave to amend came more than a year before the close of fact discovery).

This action is unquestionably in the early stages. The *initial* case management conference will not take place until March 2, 2022, and no discovery has been sought or received to date. Thus, even if the amended complaint is deemed a "radical departure" from the original complaint (which it is not), this amendment will not (and cannot) necessitate any additional discovery or the redeposition of any witnesses because discovery has not begun and no depositions have been taken. Accordingly, Defendants will not be prejudiced by the proposed amendment.

**D. <u>Plaintiff's Amended Complaint is Not Futile</u>**

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988) (citations omitted). "A proposed amendment is futile only if it would be immediately subject to dismissal." *Johnson*, 2015 WL 4913266, at *3 (citing *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir.2011)). Therefore, Defendants must present "adequate argument and authority in support thereof to enable the court to make an informed decision as to

futility." *Id.; see Raifman v. Wachovia Secs., LLC*, 2012 WL 1611030, at *3 (N.D.Cal. May 8, 2012) (granted leave to amend where defendants made unsupported, conclusory arguments about futility and "failed to demonstrate that any of the claims alleged in the proposed amended complaint would immediately be subject to dismissal").

Plaintiff's amended complaint adds well-pled direct claims that are based on a more fully informed understanding of Defendants' fraud and that plausibly allege damages caused by Defendants' conspiratorial and illegal conduct. As stated, Plaintiff's claims are legally sufficient and not futile.

**CONCLUSION**

For the reasons set forth above, the Court should grant Plaintiff leave to file an amended complaint.

Dated: February 23, 2022

**ROCHE FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides (pro hac vice)
(Florida Bar No. 118177)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
Tel: (305) 851-5997
Email: ceconomides@rcfllp.com
bpierce@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*