Craig A. Hansen (SBN 209622)
  Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
  Email: steve@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
  Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
  Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1250
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Attorneys for Defendants
Temujin Labs Inc., a Cayman Islands corporation
and the Individual Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN<br><br>                    PLAINTIFF,<br><br>     v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>                    DEFENDANTS,<br><br>     and<br><br>EIAN LABS INC.,<br><br>                    NOMINAL DEFENDANT. | Case No.:  5:20-CV-09340-NC<br><br>**DEFENDANTS' TEMUJIN LABS INC., A CAYMAN ISLANDS CORPORATON'S AND INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:     March 30, 2022<br>Time:    1:00 p.m.<br>Place:   Courtroom 5, 4th Floor<br>Judge:   Hon. Nathanael Cousins |

# OPPOSITION

## I. INTRODUCTION

Plaintiff Ariel Abittan ("Abittan") filed his Motion for Leave to File Amended Complaint after the Court denied his Motion to Stay this action and while awaiting a potentially negative ruling on the pending Motion to Dismiss filed by Defendant Temujin Labs Inc. (A Cayman Corporation) ("Temujin Cayman"). Abittan has been aware of the defects in his Complaint since at least the time that Temujin Labs Inc. (A Delaware Corporation) ("Temujin Delaware") filed a Motion to Dismiss in March of 2021. Yet, Abittan's proposed Amended Complaint is still defective for many of the same reasons Temujin Delaware previously identified. Moreover, it is defective for new reasons. Among the many deficiencies is Abittan's false assertion that Yuting Chen is the same person as Lily Chao.

Given the ongoing deficiencies that Abittan has failed to correct, and the new deficiencies, this Court should deny Abittan's Motion for Leave to File Amended Complaint. If, however, the Court does permit Abittan to file his proposed Amended Complaint, the Court should require that: (i) any amended Complaint must distinguish between Yuting Chen and Lily Chao, and (ii) Defendants have 30 days to respond to any amended Complaint, rather than the usual 14 days.

## II. ARGUMENT

More than a year *after* Abittan approved the sale of certain assets in 2019 to Temujin Delaware's parent company, defendant Temujin Cayman, and just as the blockchain project on which Temujin Cayman and Temujin Delaware had started to work (which they fully developed and named "Findora") was poised for great success, Abittan began making tortiously false claims that he controlled the project and the associated technology.

In November 2020, Temujin Delaware filed suit against Abittan and various of his co-conspirators in Santa Clara County Superior Court to prevent further tortious interference, and to recover damages for injuries inflicted by Abittan's attempted sabotage of the Findora project.

In a transparent attempt to deflect from his misdeeds, Abittan subsequently filed this suit

against Temujin Delaware[1], Temujin Cayman, and the individual defendants, making the revisionist claim that the sale of assets was procured by fraud. This assertion is irredeemably flawed, first and foremost because nothing was concealed from Abittan. Abittan reviewed and was aware of the terms of the agreement when he approved the asset sale to Temujin Cayman in his capacity as a shareholder of a different entity called Eian Labs Inc. Abittan has also held himself out to be Eian's CEO and purported "[o]n information and belief" to be an Eian director. To the extent he *now* claims he did not understand the terms of the sale – purportedly because he was in a hurry to catch a plane and did not read the sale documents carefully – this would merely reflect a breach of *his* fiduciary duties to Eian. While Abittan may now regret his decisions, or the lack of any role for him on the Findora project, no facts are pleaded in the Complaint or the proposed Amended Complaint that show fraud. Abittan's vague claims of a continuing "ownership" interest are unsupported by any agreement and are contradicted by the asset sale agreement he approved. That is not the basis for any lawsuit, much less one with sensationalized, but deficient, allegations including as to fraud, conspiracy and "racketeering."

Recognizing that Abittan could not sustain his deficient derivative claims on behalf of Eian, as set out in Temujin Delaware's and Temujin Cayman's motions to dismiss (ECF Nos. 36 and 109), Abittan has now dropped those claims. However, the remaining claims and the new claims in his proposed Amended Complaint are still hopelessly defective, including for the reasons previously set out in those motions to dismiss (*Id.*)

As explained in Temujin Cayman's motion to dismiss (ECF No 109), the original Complaint—and now similarly the proposed Amended Complaint—conflates claims against Temujin Cayman with those against other defendants, blurring the lines between the entity and the individual defendants. In the Ninth Circuit, as elsewhere, "group pleading" of this sort is not permitted. The prohibition applies with particular force here given that Abittan's claims sound in fraud and are subject to heightened pleading requirements. No particularized facts are alleged demonstrating what Temujin Cayman did to further any alleged fraud (e.g., who said what and had

---

[1] The Complaint was dismissed as to Temujin Delaware by this Court's July 19, 2021 Order (ECF No. 78).

authority to speak for whom). Nor could Abittan plead such facts. Temujin Cayman *did not exist* until July 2019, years after all or virtually all of the alleged wrongdoing alleged in multiple causes of action purportedly pleaded against it.

Moreover, the array of other existing and new claims Abittan purports to allege, including, among others, civil RICO, conversion, unjust enrichment, and for an "accounting," suffer from other defects and fail to state a claim against Temujin Cayman. Likewise, there are substantial deficiencies in the claims asserted against the individual defendants, including but not limited to the wrongful assertion that Yuting Chen and Lily Chao are the same person. They are not. See ECF 74. As such, the proposed Amended Complaint is ambiguous, unintelligible, and incomprehensible.

Abittan has been aware of the substantial number of these defects in his original Complaint since at least March 2021, when Temujin Delaware filed its motion to dismiss (ECF No. 36). Although the Court dismissed the claims against Temujin Delaware on the basis that they should have been brought as a compulsory counterclaim in the prior state court action filed by Temujin Delaware (see ECF No. 78), that motion to dismiss also set out the reasons why Abittan's entire Complaint was defective (ECF No. 36). Then on November 8, 2021, Temujin Cayman filed its motion to dismiss (ECF No. 109) that also explained in detail the pleading defects against Temujin Cayman.

None of the pleading defects identified in the prior motions to dismiss (ECF Nos. 36 and 109) have been cured in the proposed Amended Complaint. Indeed, the proposed Amended Complaint merely compounds the defects by adding new claims that are also defective. Furthermore, Temujin Delaware and another cross-defendant in the Santa Clara Superior Court action have filed a demurrer—the state law equivalent to a motion to dismiss—to Abittan's cross-complaint in that action, which has not yet been decided.

Thus, Abittan's assertion in his Motion for Leave to Amend that he does not seek to amend "in bad faith" rings hollow in view of the multiple ways that the deficiencies of his claims have been drawn to his attention and which he has blatantly ignored in requesting leave to file the proposed Amended Complaint.

In addition, contrary to Abittan's assertions, defendants will be prejudiced by having to

1  defend Abittan's claims in this case as well as those in the prior-filed state court action.

2      For these reasons, defendants respectfully request that the Court deny Abittan's Motion for
3  Leave to Amend.  In the event that the Court does permit Abittan to file an amended Complaint,
4  Defendants request that leave to amend be subject to the following conditions, that: (i) any amended
5  Complaint must distinguish between Yuting Chen and Lily Chao, and (ii) Defendants have 30 days
6  to respond to any amended Complaint, rather than the usual 14 days.

7      To the extent that Abittan is permitted to file an amended complaint along the lines of the
8  proposed Amended Complaint, Defendants anticipate filing a motion to dismiss regarding the
9  defective claims.

### III.  CONCLUSION

For the reasons set out above, Defendants respectfully request that Abittan's Motion for Leave to Amend be denied.  If Abittan is permitted to file an amended Complaint, Defendants request that leave to amend be subject to the following conditions, that: (i) any amended Complaint distinguish between Yuting Chen and Lily Chao, and (ii) Defendants have 30 days to respond to any amended Complaint, rather than the usual 14 days.

DATED:  March 9, 2022

Respectfully submitted,

HANSEN LAW FIRM, P.C.

By:     /s/ Craig A. Hansen
Craig A. Hansen
Stephen C. Holmes
Philip E. Yeager
Collin D. Greene
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1250
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Attorneys for Defendants
Temujin Labs Inc., a Cayman Islands corporation
and Individual Defendants