Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 851-5997
Email: ceconomides@rochefreedman.com
         bpierce@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN, | Case No. 5:20-CV-09340-NC |
| PLAINTIFF, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), | Date:   March 23, 2022<br>Time:  1:00 p.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge: Hon. Nathanael Cousins |
| DEFENDANTS, | |
| and | |
| EIAN LABS INC., | |
| NOMINAL DEFENDANT. | |

Despite the liberal standard for granting leave to amend, Defendants raise only cursory arguments, assert bare legal conclusions, and fail to cite to legal precedent in support of their position. Courts consider the following factors when assessing motions for leave to amend under Rule 15: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint." *Gonzalez v. Experian Info. Sols., Inc.*, No. 16-cv-05678, 2017 WL 363268, at *1 (N.D. Cal. Jan. 25, 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In denying a motion for leave to amend, courts must make a "contemporaneous specific finding" of prejudice, bad faith, or futility. *See FullView, Inc. v. Polycom, Inc.*, No. 18-cv-00510, 2021 WL 1668017, at *3 (N.D. Cal. Apr. 28, 2021) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).

As stated below, Defendants largely ignored those factors. And a none of the applicable factors weighs against granting leave to amend the complaint.

### A.  Plaintiff Does Not Seek to Amend in Bad Faith

Defendants erroneously conclude that Plaintiff's "claim that he does not seek to amend 'in bad faith' rings hollow" because the amended complaint "ignores" assertions made by Defendants in their motions to dismiss. Opp. at 3. Defendants, however, fail to cite any case law supporting their vague understanding of bad faith. Indeed, Defendants offer no factual or legal analysis of Plaintiff's motive or purpose for seeking leave to amend whatsoever. Accordingly, Defendants do not meet their burden of demonstrating that Plaintiff seeks leave to amend the complaint in bad faith.

In any case, there is no bad faith. Bad faith exists where the plaintiff aims to amend in order to "cause a delay in proceedings or for other improper purpose" such as to "prejudice [defendants] by requiring re-opening of discovery[.]" *See Artemus v. Louie,* No. 16-cv-00626, 2017 WL 747368, at *3 (N.D. Cal. Feb. 27, 2017) (first citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); and then citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986)). Bad faith could also exist if the plaintiff seeks to amend in order to "avoid the possibility of an adverse summary judgment ruling" or to "destroy diversity and, therefore, the court's

- 2 -

jurisdiction." *See id.* (first citing *Acri,* 781 F.2d at 1398-99; and then citing *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)).

None of those circumstances applies to Plaintiff's request for leave to amend. Plaintiff seeks to amend the complaint to reflect his ongoing investigation into Defendants' identities and damaging conduct. Every allegation is plausible and well-founded. The timing will not delay any aspect of the litigation or affect jurisdiction. Simply put, in drafting the proposed amended complaint and seeking leave to amend, Plaintiff has acted purely in good faith.

### B. Plaintiff Did Not Unduly Delay in Seeking Leave to Amend

Defendants do not argue that Plaintiff has "unduly delayed" in seeking leave to amend. Instead, Defendants indirectly suggest delay by concluding that "Abittan has been aware of the substantial number of defects in his original Complaint since at least March 2021, when Temujin Delaware filed its motion to dismiss (ECF No. 36)." Opp. at 3. But, as detailed in Plaintiff's motion, Temujin Delaware's motion to dismiss was a large impetus for Plaintiff's comprehensive investigation, which—over the course of many months—uncovered the new factual and legal bases included in Plaintiff's proposed amended complaint. Rather than delaying, therefore, Plaintiff is seeking leave to amend the complaint at an appropriate time in this litigation.

Additionally, the Court has not yet set any deadline for the parties to seek leave to amend. Hence, Defendants lack a basis to argue that Plaintiff has unduly delayed.

### C. Defendants Will Not Be Prejudiced

Prejudice may be found where the "motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close" and granting the motion would create "a need to reopen discovery and therefore delay the proceedings." *See Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, No. C-12-1830, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir. 1999)).

Despite this standard, Defendants provide a single conclusory sentence: "[C]ontrary to Abittan's assertions, defendants will be prejudiced by having to defend Abittan's claims in this case as well as those in the prior-filed state court action." Opp. 3-4. Defendants' argument is not well

- 3 -

1 taken.

2  Plaintiff filed a motion to stay this action pending resolution of the parallel state proceeding, and Defendants opposed that requested stay (requesting dismissal instead). This Court denied the motion and decided to proceed with this case. Because this case is proceeding in parallel with the state litigation, Plaintiff now seeks to amend the complaint, to reflect additional facts learned through Plaintiff's ongoing investigation and already at issue in the state litigation.

 In that context, Defendants' claim of prejudice is misplaced. Defendants appear to be arguing that the existence of parallel litigation causes prejudice. That issue, however, is irrelevant. Regardless of whether this action proceeds with the proposed amended complaint or the current operative complaint, the parties are litigating in parallel proceedings. Furthermore, it would cause **more** prejudice to Plaintiff and Defendants if this case proceeded with allegations that materially differed from those in the state court action or that otherwise failed to reflect Plaintiff's investigation to date. Simply put, leave to amend would cause the least prejudice.

### D.  Plaintiff's Amended Complaint is Not Futile

 Defendants do not directly argue that Plaintiff's claims are "futile." Instead, Defendants vaguely conclude—without factual or legal justification—that "[n]one of the pleading defects identified in the prior motions to dismiss (ECF Nos. 36 and 109) have been cured in the proposed Amended Complaint." Opp at 3. Under the standard for "futility," Defendants' argument fails.

 "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-cv-06663, 2019 WL 861422, at *3 (N.D. Cal. Feb. 22, 2019) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)); *see also Mendia v. Garcia*, 165 F. Supp. 3d 861, 875 (N.D. Cal. 2016) ("[T]he standard to be applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

 Despite this exacting standard, Defendants fail to identify specific purported defects in the proposed amended complaint. Defendants ignore the dozens of new factual allegations made by Plaintiff in the amended complaint and do not provide any legal analysis of Plaintiff's amended (or

current) claims. Defendants' conclusory statements and bare legal conclusions cannot enable this court to make an informed decision as to whether Plaintiff's amended complaint is immediately subject to dismissal. *See Raifman v. Wachovia Secs., LLC*, No. C 11-02885, 2012 WL 1611030, at *3 (N.D. Cal. May 8, 2012) (granting leave to amend where defendants made unsupported, conclusory arguments about futility and "failed to demonstrate that any of the claims alleged in the proposed amended complaint would immediately be subject to dismissal"). Consequently, Defendants have failed to make the requisite showing of futility.

## CONCLUSION

For the reasons set forth above and in Plaintiff's Motion (ECF No. 129), Plaintiff respectfully requests that the Court grant Plaintiff leave to file an amended complaint and grant any other relief the Court deems proper.

Dated: March 16, 2022

**ROCHE FREEDMAN LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides (pro hac vice)
(Florida Bar No. 118177)
Brianna Pierce (CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, Florida 33131
Tel: (305) 851-5997
Email: ceconomides@rochefreedman.com
          bpierce@rochefreedman.com

*Counsel for Plaintiff,*
*Ariel Abittan*