1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN,<br><br>PLAINTIFF,<br><br>v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>DEFENDANTS,<br><br>and<br><br>EIAN LABS INC.,<br><br>NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC<br><br>**JOINT DISCOVERY LETTER REGARDING DEPOSITIONS OF INDIVIDUAL DEFENDANTS**<br><br>Complaint Filed: December 24, 2020<br><br>Judge:   Hon. Nathanael Cousins |

Honorable Judge Nathanael Cousins
United State District Court
San Jose Courthouse, Courtroom 5 – 4th Floor
280 South 1st Street, San Jose, CA 95113

Dear Judge Cousins,

      Pursuant to your Honor's Civil Standing Order, the parties submit this joint letter regarding the individual defendants, Lily Chao and Damien Ding's request for a protective order regarding Plaintiff Ariel Abittan ("Plaintiff" or "Abittan")'s notices of Chao and Ding's depositions on May 3 and May 4.  The parties have met and conferred and exchanged correspondence in a good faith effort to resolve the issues set forth hereinbelow.  The parties have been unable to reach agreement and therefore submit this joint letter.

Respectfully submitted,

**HANSEN LAW FIRM, P.C.**
*/s/ Craig Hansen_____*
Craig Hansen
*Counsel for the Individual Defendants*

**ROCHED FREEDMAN LLP**
*/s/ Constantine Economides___*
Constantine Economides
*Counsel for Plaintiff*

1

**Individual Defendants' Position:**

2

3       On April 21, 2022, Abittan served deposition notices for the depositions of "Lily Chao
(a/k/a Tiffany Chen, a/k/a Yuting Chen)" on May 3, 2022 at 1:00 pm and "Damien Ding (a/k/a
Damien Leung, a/k/a Tao Ding)" on May 4, 2022 at 10:00 am in this case.  Those depositions
4       should not proceed at this time for namely three reasons: (1) they undermine Judge Sunil
Kulkarni's order in the parallel state case Santa Clara County Superior Court Case No.
5       20CV372622 (the "State Action") temporarily staying all discovery and motion practice in order
to facilitate an early global mediation between the parties named in several pending state and
6       federal matters (including this one); (2) any contemplated testimony from the subject depositions
is likely to include confidential information and there is no protective order entered in this action;
7       and (3) they threaten to subject the deponents to fear, intimidation, and potential persecution
under China's anti-cryptocurrency laws.
8

9       **Violating the Spirit of Judge Kulkarni's Order:** On Monday, April 25, 2022, Judge
Sunil Kulkarni held a Case Management Conference ("CMC") with the parties in the State
10      Action.  As this Court is well-aware, the State Action involves the same parties and claims at
issue in the present action.  At that CMC, Judge Kulkarni inquired whether the parties would be
11      willing to temporarily stay all pending discovery and motion practice and formulate a focused
joint discovery plan in order to facilitate an early global mediation in the State Action and all
12      other pending state and federal matters involving Abittan, the Temujin entities, and the other
named parties.  After some discussion, all counsel (including counsel for Abittan) agreed to Judge
13      Kulkarni's proposal. Accordingly, Judge Kulkarni entered an order: (1) taking all pending
demurrer hearings and briefing for those demurrers off calendar; (2) temporarily staying
14      discovery and tolling all discovery motion deadlines; and (3) ordering the parties to meet and
confer on a narrowed discovery plan "to focus the parties' attention on key discovery necessary to
15      lead to a productive early mediation" to take place in the summer of 2022.  During the
conference, Judge Kulkarni specifically asked whether all counsel for any of the other cases that
16      any of the parties have alleged to be related to case no. 20CV372622 were present, with an eye
toward global mediation, or at least a narrowing of issues. All counsel confirmed that they were
17      present and were in accord with Judge Kulkarni's proposal.
18

19      In this context, counsel for Chao and Ding wrote to Abittan's counsel noting that
proceeding with the depositions noticed in this matter before the contemplated meet and confer
20      and IDC in the State Action would thwart the Judge Kulkarni's carefully thought-out discovery
and early global mediation plan.  Indeed, Judge Kulkarni specifically suggested during that
21      conference that limited depositions may be part of the narrowed discovery plan, and asked
Abittan's counsel if he would agree to postpone the depositions of Chao and Ding until after the
22      meet and confer and IDC.  Abittan's counsel agreed.[1]  Yet now, Abittan's counsel stubbornly
refuses to temporarily withdraw the deposition notices in this matter pending the parties' meet
23      and confer on the focused discovery needed to have a meaningful global mediation.
24

25      Abittan's refusal to withdraw the deposition notices flies in the face of Judge Kulkarni's
contemplated focused discovery and early global mediation plan. While Judge Kulkarni
26
──────────────────────────────
27      [1] Abittan's counsel now asserts that his agreement to postpone the depositions of Chao and Ding
only applied to the State Action and was not meant to apply to the present federal action.  But
28      Abittan's counsel drew no such distinction during the conference with Judge Kulkarni.  And his
commitment to suspend the depositions in one matter – but not the other identical matter – rings
hallow and would subvert the purpose and spirit of Judge Kulkarni's order.

obviously cannot stay discovery in this action, his clear intent (which all counsel appeared to agree to follow) was that the plan was meant to include all parties and their counsel in the various pending matters. Abittan's insistence in proceeding with the depositions of Chao and Ding next week – before the discovery meet and confer or IDC – is a blatant attempt to bypass Judge Kulkarni's order when there is no reason to do so.  Indeed, discovery is effectively stayed in the State Aase and there is no other discovery activity in this case, aside from these deposition notices. Abittan will have his opportunity to depose Chao and Ding. But attempting to force the depositions now is inappropriate and in bad faith.

**Lack of a Protective Order in this Case:** Since there is no protective order in this case, depositions are inappropriate at this time.  Testimony in this matter is likely to involve confidential, propriety, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Abittan acknowledges this, as evidenced by his statements in the Joint Case Management Statements. *See e.g.*, Updated Initial Case Management Statement and Rule 26(f) Report [Proposed] Order, 10:9-10 ("Plaintiff is willing to immediately enter into a protective order in the form of the model Stipulated Protective Order for Standard Litigation.").  Additionally, in the related state case, the parties have stipulated to the entry of a protective order with two tiers of confidentiality designation – "Confidential" and "Highly Confidential – Attorney's Eyes Only" – because they recognize the nature of what may be revealed in documents and testimony.  That protection is no less warranted here.

Furthermore, depositions in this matter are premature where there is a pending motion to dismiss and motion to amend the complaint, and there is not yet a case management order (*see* Local Rule 16-10(b), stating that the case management order will "establish a disclosure and discovery plan, [and] set appropriate limits on discovery…").  In any event, Abittan ignores the glaring issue that without a protective order in this case, the noticed depositions cannot meaningfully proceed.  Indeed, deposing counsel would be precluded from eliciting any testimony involving confidential, propriety, and/or private information.  As such, it is impractical and lacks sense to move forward with these depositions at this time.

**Chao and Ding have legitimate fear of persecution under relevant laws and regulations of China:** The depositions of Chao and Ding should not be allowed to proceed until adequate appropriate safeguards are in place.  Specifically, Chao and Ding legitimately fear that if certain identification information is disclosed without protection, they and/or their families and Chinese contacts, could potentially be subjected to criminal prosecution and persecution, and interference with business and property interests, in the PRC due to their involvement in the cryptocurrency industry, which is banned and being severely cracked down on in that country.

For instance, on September 4, 2017, various Chinese government authorities issued an Announcement jointly promulgated by the People's Bank of China, the Cyberspace Administration of China, the Ministry of Industry and Information Technology, the State Administration for Industry and Commerce, the China Banking Regulatory Commission, the China Securities Regulatory Commission and the China Insurance Regulatory Commission on Preventing Initial Coin Offerings ("Announcement") deeming any initial coin offerings ("ICOs") in the cryptocurrency arena to be unauthorized and illegal public fundraising, and strictly prohibiting any organization or individual from engaging in such ICO activities.

1

2

3

4

5

6

Further, on September 15, 2021, various Chinese government authorities issued a Circular jointly promulgated by the People's Bank of China, the Office of the Central Cyberspace Affairs Commission, the Supreme People's Court, the Supreme People's Procuratorate, the Ministry of Industry and Information Technology, the Ministry of Public Security, the State Administration for Market Regulation, the China Banking and Insurance Regulatory Commission, the China Securities Regulatory Commission, and the State Administration of Foreign Exchange on Further Preventing and Disposing of Risks in Virtual Currency Trading and Speculation ("Circular") deeming virtual currency-related business activities to be "illegal financial activities" and noting that any such activities will be severely cracked down upon.

7

8

9

10

From the Announcement and the Circular, it is evident that legal and legitimate cryptocurrency activities in the United States may be causes for potential prosecution of Chao and Ding in PRC, in which they have strong personal ties and business interests. The unprotected exposure of their identification information may cause grave consequences for Chao and Ding. It is believed that Abittan and his counsel know this. Abittan's seeking to depose Chao and Ding now without protective order is believed to be intended to foment fear and torment them, and to potentially expose them, under the purview of certain PRC laws.

11

12

13

14

Accordingly, to the extent that any such depositions proceed as part of the focused discovery and early global mediation plan, they should only proceed after the parties have their joint meet and confer sessions, and conduct their IDC with Judge Kulkarni, in order to appropriately address those concerns.  Similarly, to the extent that such depositions are allowed to proceed in the present matter, they should be coordinated with the process outlined in the State Action – or otherwise conducted under appropriate protections implemented by this Court.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Plaintiff's Position:</u>

Chao and Ding did not have the unilateral authority to refuse to appear at properly noticed depositions, and none of the reasons provided in their portion of this joint letter constitutes an excuse for their non-appearance. Accordingly, Plaintiff respectfully requests that the Court order that Chao and Ding appear for immediate depositions on dates set by the Court and impose monetary sanctions against Chao and Ding for their unjustified refusal to appear at their properly noticed depositions.

Federal Rule of Civil Procedure ("Rule") 30 states: "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." In relevant part, Rule 30(a)(2) requires leave of court only if the party seeks to take a deposition before the time specified in Rule 26(d)—*i.e.*, before the parties engage in a Rule 26(f) conference. Put simply, parties have a unilateral right to notice party depositions after the Rule 26(f) conference.

In accordance with the parties' joint stipulation (ECF No. 110) and the Court's Order (ECF No. 111), counsel for all parties fully and timely complied with the requirements of Rule 26. Specifically, on November 17, 2021, the parties met and conferred regarding the scope and timing of discovery. Indeed, Chao and Ding represented to the Court in the last two case management statements that "the individual Defendants submit that the parties have met and conferred to satisfy their Fed. R. Civ. P. 26 obligations." [ECF No. 125] at 8; [ECF No. 134] at 8.

Based on the foregoing, and in accordance with Civil Local Rule 30-1, Plaintiff's counsel has been attempting to cooperatively schedule Chao's and Ding's depositions. On March 31, 2022, via email, Plaintiff's counsel requested deposition dates from Defendants' counsel. During a meet and confer on April 5, 2022, and, again, via email on April 8, 2022, Plaintiff's counsel reiterated their request for deposition dates. Finally, on April 18, 2022, Plaintiff's counsel asked Defendants' counsel to provide dates by April 20, 2022—specifically noting that if they failed to provide dates, Plaintiff would notice Chao's and Ding's depositions, pursuant to Rule 30. After each of Plaintiff's good faith attempts at coordination, Chao and Ding did not provide dates.

Consequently, on April 21, 2022, Plaintiff properly noticed Chao's and Ding's depositions for May 4, 2022 and May 5, 2022, respectively. On April 27, 2022, Plaintiff's counsel reminded Defendants' counsel that if Chao and Ding failed to appear at their properly noticed depositions, Plaintiff would pursue all available remedies, including sanctions under Rule 30(d)(2).

Nevertheless, on April 29, 2022, Defendants' counsel informed Plaintiff's counsel that "[t]he depositions of Lily Chao and Damien Ding will not go forward next week, and we will be seeking a protective order relating to your deposition notices from Judge Cousins." To justify their refusals to appear for the depositions, Chao and Ding make three primary arguments: (1) reliance on Judge Kulkarni's Order; (2) the litigation's procedural posture; and (3) fear of persecution. Each argument is irrelevant or incorrect.

**Judge Kulkarni's Order:** The informal discovery conference ordered by Judge Kulkarni in the State Action does not and cannot affect this action. As the Court knows, Abittan previously filed a motion to stay this action pending resolution of the State Action (ECF No. 121), and Defendants opposed that motion (ECF No. 123). The Court denied Plaintiff's motion, ruling that "the Court is not persuaded that a stay of this case would be efficient or in the interest of justice." [ECF No. 126]. This action, therefore, is proceeding in earnest. Accordingly, irrespective of the procedural posture in the State Action, Abittan has every right to proceed with the properly noticed depositions of Chao and Ding.

Furthermore, Judge Kulkarni did **not** ask Abittan's counsel to postpone these noticed depositions, and in turn, Abittan's counsel did **not** agree to postpone these noticed depositions.[2] Rather, the parties and the Court discussed that discovery would not proceed in the **state** action while the parties would meet and confer over discovery relevant to a mediation. Abittan's counsel further emphasized that depositions into the identities of Chao, Yuting Chen, and Ding were critical before the parties could seriously pursue a resolution of the litigation.

---

[2] To the extent Defendants' counsel is suggesting that Plaintiff's counsel agreed, before Judge Kulkarni, to postpone these properly noticed depositions, Defendants' counsel is misrepresenting facts to this Court.

1
2
3

Accordingly—even if the state court proceedings were relevant to the propriety of party depositions in this federal action—the depositions of Chao and Ding are wholly consistent with the global mediation the parties discussed with Judge Kulkarni. Abittan's counsel has been steadfast on this point in this action and the state action: the identities and connections between Chao, Yuting Chen (if not an alias of Chao), and Ding are threshold issues that must be resolved so that the parties can diligently litigate issues of liability or pursue a settlement.

4
5
6
7
8

**The Procedural Posture of the Case**: Chao and Ding were not entitled to cancel their properly noticed depositions while seeking a protective order. Seeking a protective order does not eliminate a party's duty to appear for a deposition. Rather, a party is excused only if the court issues a protective order before the deposition date. *Hamilton v. TBC Corp.*, No. CV1701060, 2018 WL 9815585, at *3 (C.D. Cal. Mar. 29, 2018) ("Rule 37(d)(2) provides that a failure to appear for a properly noticed deposition 'is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).' In this Circuit, case law is clear that a pending motion is not sufficient to excuse appearance. The party to be deposed must also **obtain** a protective order or stay." (emphasis added)).

9
10

Since March 31, 2021, Chao and Ding have known that Abittan intended to take their depositions. Chao and Ding were served (through counsel) with deposition notices on April 22, 2022. Chao and Ding did not obtain a protective order prior to their depositions, and therefore, their attendance was not excused.

11
12
13
14
15
16

Moreover, Plaintiff is not aware of any—and Chao and Ding have not provided any—applicable legal or procedural doctrine that automatically stays discovery while a motion to dismiss or motion for leave to amend is pending. Nor have Chao or Ding provided any support for their contention that depositions are premature until entry of a case management order or confidentiality order. Chao and Ding have not requested (or been granted) a stay of discovery, and therefore, Mr. Abittan's right to notice their depositions is unabridged. *See Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 286 (S.D. Cal. 2018) ("The Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a motion to dismiss is pending."); *see Gold v. Kaplan*, No. 221CV03204, 2021 WL 6618643, at *4 (C.D. Cal. Dec. 2, 2021) ("Defendants could have, but did not, seek a stay of discovery from the District Judge. They may not impose a unilateral 'self-help' stay by simply objecting and refusing to provide substantive discovery responses while the Motions to Dismiss are pending.").

17
18

Further, as Defendants note in their position, Plaintiff is ready, willing, and able to execute an appropriate confidentiality order regarding discovery. Defendants, however, have not taken any steps to execute and obtain court approval of a confidentiality order. Instead of sending a draft or negotiating the terms, Defendants used the lack of a confidentiality order as a pretext for delaying the noticed depositions. This delay tactic does not justify Chao and Ding's non-appearance.

19
20
21

**Chao and Ding purported "fear" of persecution in China:** Defendants final attempt to excuse their non-appearance is based on their purported fear of persecution in China. This "fear" is irrelevant at best and disingenuous at worst. Chao and Ding do not explain how the laws of China could affect them as residents of California, nor do they identify a legal doctrine that prevents them from their obligations as parties to this federal litigation.

* * *

22
23
24

Based on the foregoing, Chao and Ding have refused, without justification, to appear at their properly noticed depositions. Pursuant to Rule 30(d)(2), "[t]he court may impose an appropriate sanction—including reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

25
26
27
28

Plaintiff made multiple good faith attempts over the past 32 days to coordinate deposition dates. Chao and Ding refused to provide deposition dates; failed to substantiate or otherwise provide any legal authority for their position that the depositions are premature; and, ultimately, refused to appear for their properly noticed depositions, without reasonable justification. As a result, Plaintiff respectfully requests that the Court order Chao and Ding to appear for depositions on two consecutive days, within fourteen (14) days from today, to be set by the Court. Plaintiff further requests the Court impose monetary sanctions against Chao and Ding for their unjustified refusal to appear at their properly noticed depositions.