1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8          NORTHERN DISTRICT OF CALIFORNIA
9
10
ARIEL ABITTAN,                              Case No. 20-cv-09340-NC
11
Plaintiff,                                  **ORDER GRANTING TEMUJIN
12                                          LABS INC.'S AND INDIVIDUAL
                                            DEFENDANTS' MOTION TO
13   v.                                     DISMISS**
14   LILY CHAO and others,                  Re: ECF 109, ECF 120
15
Defendants.
16

17          Before the Court is Defendant Temujin Labs Inc.'s (Temujin Cayman's) Motion to

18   Dismiss Abittan's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) for lack of standing

19   and failure to state a claim. The Individual Defendants Lily Chao and Damien Ding further

20   join the Motion. ECF 120. Specifically, they argue that Temujin's argument that Plaintiff

21   lacks standing to bring a derivative claim on behalf of Eian applies in equal force to them.

22   *Id.* at 2.

23          The Complaint asserts thirteen claims, ten of which are asserted against Temujin

24   Cayman: (1) four derivative claims, allegedly on behalf of company Eian: aiding and

25   abetting breach of fiduciary duty (Count 2), fraudulent inducement (Count 3), unjust

26   enrichment (Count 4), and a request for an accounting (Count 5); (2) six direct claims: civil

27   violation and conspiracy under the Racketeer Influenced and Corrupt Organizations Act

28
                                            1

1    (RICO) (Counts 6 and 7), fraud (Count 8), conversion (Count 10), and unjust enrichment

2    (Count 11), and Accounting (Count 13). Counts 1, 9, and 12 neither implicate Temujin

3    Cayman, nor were joined by the individual defendants and are therefore not relevant to the

4    instant motion.

5          For the reasons explained below, Abittan has failed to state a claim on any count.

6    Accordingly, the four derivative claims (Counts 2-5) are dismissed with respect to all

7    Defendants. Counts 6, 7, 8, 10, 11, and 13 are dismissed with respect to Temujin Cayman.

8    Leave to amend is GRANTED on all claims.

9    **I.      BACKGROUND**

10          A. <u>Facts</u>

11          Plaintiff claims to be a co-founder and co-owner of a venture, Temujin Delaware,

12    which operates under the trade name "Findora." ECF 1 at ¶¶ 21, 24. Findora is a

13    blockchain-based financial technology project. *Id.* at ¶ 43. Plaintiff claims he met the

14    Individual Defendants buying and selling luxury watches on the internet around May 2016.

15    *Id.* at ¶¶ 27-34. According to Plaintiff, Ding and Chao sometimes misused his credit card

16    to pay his share of the business costs. *Id.* at ¶ 31. Plaintiff alleges that Ding and Chao did

17    not give him his share of the profits, but instead diverted that money into new investments

18    without Plaintiff's consent. *Id.* at ¶ 32. Plaintiff alleges that Ding and Chao cultivated trust

19    with him, while repeatedly misrepresenting various aspects of their lives, backgrounds, and

20    business dealings. *Id.* at ¶¶ 37-41.

21          By December 2017, Plaintiff, Ding, and Chao were discussing business ventures

22    involving blockchain. They developed an entity called the Project Revolution Fund to

23    pursue these ventures. *Id.* at ¶ 42. After further discission, they started Juniper Ventures

24    Inc. to expand their blockchain work. *Id.* at ¶ 43. Plaintiff alleges that Ding and Chao

25    represented that Juniper was their venture. Chao represented that this was part of

26    projecting an appropriate image for Silicon Valley. *Id.* at ¶ 46. Thereafter, the three

27    founded Porepsus Labs Inc., which became Eian Labs Inc. *Id.* at ¶ 51. Eian also owned

28    rights to the name Findora, which was (and remains) the public-facing name for the

1  venture. *Id.* at ¶ 52. Plaintiff alleges that Chao routinely lied to Findora investors. *Id.* at ¶

2  55.

3  Plaintiff further alleges that from 2018 until July 2019, he collaborated with the

4  Individual Defendants and others to make Findora a success. *Id.* at ¶ 59. During that time,

5  Plaintiff alleges various types of impropriety took place at the company. This included

6  hidden identities and relationships, *id.* at ¶¶ 53-58; unreimbursed credit card expenses, *id.*

7  at ¶¶ 75-82; requests to return investor funds that were not honored, *id.* at ¶¶ 83-86; and

8  diversion of funds from the Findora project. *Id.* at ¶¶ 115-18.

9  Temujin Cayman was incorporated on July 2, 2019. On the following day, Plaintiff

10  met with the Individual Defendants. *Id.* at ¶ 87. At that meeting, in his capacity as a

11  member of Juniper (which, in turn, was a shareholder in Eian), Plaintiff signed a document

12  approving the sale of Eian's assets (including intellectual property) to Temujin Cayman in

13  exchange for satisfaction of $300,000 in outstanding debt. *Id.* at ¶¶ 95, 101-02, 151.

14  Plaintiff does not allege that either Individual Defendant, in negotiating the asset sale, did

15  so on behalf of either Temujin Defendant. Indeed, the Complaint does not plead that either

16  Individual Defendant had any formal association with any Temujin Defendant, whether as

17  an executive, a director, or otherwise.

18  Following the Eian asset transfer, Plaintiff allegedly continued to engage with the

19  Individual Defendants about his outstanding credit card debt and any ongoing business

20  relationship but was ultimately asked to separate from the project. *Id.* ¶¶ 99-110.

21  Prior to the filing of this lawsuit, Plaintiff has consistently claimed an ownership

22  interest in Findora. According to Defendants, "[t]he doubt sowed by Plaintiff's false

23  ownership assertion ultimately caused key members of the team to stop contributing, and

24  actively interfere with project development. By October 2020, these distractions had

25  reached a crisis level, with several individuals resigning from their employment. *Id.* at ¶¶

26  5, 119, 124.

27  As a result, Defendant Temujin Delaware filed suit against Plaintiff in state court,

28  raising factual claims similar to the ones at issue here. In response, Plaintiff filed the

3

1    instant case.

2         On September 30, 2021, Defendant filed a Motion for Extension of Time to respond

3    to the Complaint. ECF 91. The Court granted the extension of time, directing Temujin

4    Cayman to respond to the Complaint no later than October 29, 2021. Defendant filed the

5    instant motion on November 8, 2021.

6    **II.     LEGAL STANDARD**

7         A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

8    sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To

9    survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

10   true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

11   662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When

12   reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the

13   complaint and draw all reasonable inferences in favor of the non-moving party." *Retail*

14   *Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir.

15   2014). A court, however, need not accept as true "allegations that are merely conclusory,

16   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs.*

17   *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows

18   the court to draw the reasonable inference that the defendant is liable for the misconduct

19   alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted

20   unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v.*

21   *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

22   **III.    DISCUSSION**

23            A. Timeliness of 12(b)(6) Motion

24        The first issue is whether the instant Motion is timely. In the Ninth Circuit, Rule

25   12(b) motions are timely if filed any time before the any other responsive pleading is filed.

26   *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988); *see*

27   *also Philpot v. Kos Media LLC*, No. 18-CV-04100 TSH, 2018 WL 10399910, at *3 (N.D.

28   Cal., Dec. 6, 2018) (holding that "[w]hile [plaintiff] is right that [defendant] filed its

4

1  present motion [to dismiss] eighteen days after the stipulated deadline to answer the

2  complaint, under controlling law, that is not grounds to deny the motion given that it was

3  filed before any responsive pleading was filed.").

4        Here, although the Motion is late, the Court will not strike it for the reasons

5  articulated in *Aetna*. What's more, reasons of judicial efficiency favor allowing this

6  motion, as the plausibility of these claims will have to be decided if this case is to move

7  forward.

8        B. <u>Derivative Claims</u> (Counts 2-5)

9        Next, the Court must decide whether the Complaint is adequately verified and

10  whether Plaintiff has standing to bring the derivative claims.

11        Fed. R. Civ. P. 23.1(b) requires that any complaint alleging derivative claims "must

12  be verified." The Court concludes that the Complaint is not properly verified and will grant

13  leave to amend for that purpose. *In re Extreme Networks Inc. S'holder Deriv. Litig.*, 573

14  F. Supp. 2d 1228, 1237 (N.D. Cal. Aug. 12, 2008) ("An unverified derivative complaint

15  should be dismissed with leave to amend"); *In re MIPS Technologies Inc., Deriv. Litig.*,

16  542 F. Supp. 2d 968, 974 (N.D. Cal. Jan 11, 2008) (same).

17        With respect to standing, only a shareholder may bring a derivative claim on behalf

18  of a company. *See In re Verisign Inc. Der. Litig.*, 521 F. Supp. 2d 1173, 1202 (N.D. Cal.

19  Sept. 14, 2007) (strictly enforcing shareholder requirements for derivative suits).

20  Therefore, even if the verification here was adequate, Plaintiff has no standing to bring a

21  derivative suit against Temujin, or the individual defendants, because he has not alleged

22  that he is a shareholder of Eian.

23        Accordingly Counts 2-5 of the Complaint are dismissed with respect to all

24  Defendants.

25        C. <u>Racketeer Influenced and Corrupt Organizations Act (RICO)</u> (Counts 6 and 7)

26        The next issue is whether Plaintiff has alleged a plausible claim under RICO. To

27  state such a claim, however, he must allege specific facts, as to each defendant, showing:

28  (1) the conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, (5)

1    causing injury to plaintiff's business or property. *Eclectic Properties E., LLC v. The*

2    *Marcus & Millichap Co.*, No. 09-CV-00511 RMW, 2012 WL 713289, at \*6 (N.D. Cal.

3    Mar. 5, 2012), *aff'd sub nom. Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751

4    F.3d 990 (9th Cir. 2014) (applying Rule 9(b)'s heightened pleading standard to RICO

5    claim grounded in fraud).

6         Having reviewed the Complaint, the Court concludes that Plaintiff has failed to

7    allege an enterprise or an association-in-fact because there is no allegation of a common

8    purpose nor any common activities. Additionally, because of the group pleading that

9    Plaintiff engaged in, he has failed to attribute any wrongful activities to Temujin Cayman

10    specifically. Indeed, Temujin Cayman did not even exist until 2019, after many of the

11    activities alleged. ECF 1 at ¶ 87. Accordingly, the RICO claim is dismissed with respect to

12    Temujin Cayman.

13         Because Plaintiff has failed to plead primary RICO liability, his RICO conspiracy

14    claim (Count 7) also fails. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n. 8

15    (9th Cir. 1992) ("Because we find that RTC has failed to allege the requisite substantive

16    elements of RICO, the conspiracy cause of action cannot stand."); *Spotlight Ticket Mgmt.,*

17    *Inc. v. StubHub, Inc.*, No. 19-CV-10791 PA, 2020 WL 4342260, at \*6 (C.D. Cal. May 22,

18    2020).

19         Accordingly, Counts 6 and 7 are dismissed with respect to Temujin Cayman.

20         D. <u>Fraud</u> (Count 8)

21         The next issue is whether Plaintiff has adequately pleaded fraud directly against

22    Temujin Cayman. Because substantially all the alleged activities giving rise to the claims

23    occurred in California, California law applies to those claims. *W. Airlines, Inc. v. Sobieski*,

24    191 Cal. App. 2d 399, 411 (1961) (applying California law to affairs of Delaware

25    corporation with principal place of business and substantial contacts in California).

26    To plead fraud under California law, Plaintiff is required to allege particularized facts

27    showing (a) a material misrepresentation; (b) knowledge of falsity; (c) intent to induce

28    reliance on the misrepresentation; (d) justifiable reliance on the misrepresentation; and (e)

1  resulting damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); Fed R. Civ. P.

2  9(b).

3      Having reviewed the complaint, the Court concludes that the Complaint as written

4  does not plead fraud against Temujin Cayman with adequate particularity. Additionally,

5  because Plaintiff engaged in group pleading, no allegations of fraud were made against

6  Temujin Cayman specifically.

7      Therefore, Count 8 is dismissed with respect to Temujin Cayman.

8      E. <u>Conversion</u> (Count 10)

9      Next, Plaintiff alleges a conversion claim against Temujin Cayman. To prove

10  conversion under state law, a Plaintiff must prove "Under California law, "the elements of

11  a conversion [claim] are the plaintiff's ownership or right to possession of the property at

12  the time of the conversion; the defendant's conversion by a wrongful act or disposition of

13  property rights; and damages." *Oakdale v. Village Group v. Fong*, 43 Cal. App. 4th 539,

14  543-44 (1996).

15      Having reviewed the complaint, the Court concludes that, as written, it does not

16  adequately allege the involvement of Temujin Cayman. The alleged activities giving rise

17  to the complaint appear to have taken place in 2016. ECF 1 at ¶¶ 201-203. Temujin

18  Cayman did not exist until 2019. *Id.* at ¶ 87.

19      Therefore, Count 10 is dismissed with respect to Temujin Cayman.

20  **IV.    REMEDIES**

21      A final issue is whether Abittan can recover for unjust enrichment (Count 11) or an

22  accounting (Count 13). Neither unjust enrichment nor an accounting is an independent

23  claim. Because Plaintiff has not stated a primary claim, he is not entitled recovery for

24  unjust enrichment. *Keirsey v. eBay, Inc.*, No. 16-CV-7067 PJH, 12-CV-01200 JSW, 2012

25  WL 12920765, at *2 (N.D. Cal. Aug. 6, 2012) (dismissing unjust enrichment claim

26  because it "does not constitute a stand-alone cause of action"); *In re ConAgra Foods Inc.*,

27  908 F. Supp. 2d 1090, 1114 (C.D. Cal. 2012) (same). He is also not entitled to an

28  accounting; *Hutchins v. Nationstar Mortgage LLC*, No. 16-CV-7067 PJH, 2017 WL

1   2021363, at *5 (N.D. Cal. May 12, 2017) ("The right to an accounting is derivative of

2   other claims."); *Duggal v. G.E. Capital Commc'ns Services, Inc.*, 81 Cal. App. 4th 81, 95

3   (2000) (same).

4   Because Plaintiff has not stated a primary claim, he is not entitled to an accounting

5   or recovery for unjust enrichment. Count 11 and 13 are dismissed with respect to Temujin

6   Cayman.

7   **V.    LEAVE TO AMEND**

8   If a court grants a motion to dismiss, leave to amend should be granted unless the

9   pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203

10  F.3d 1122, 1127 (9th Cir. 2000). The Court will GRANT leave to amend, allowing

11  Plaintiff to adequately verify the Complaint, allege additional facts to substantiate his

12  claims, and better differentiate allegations between Defendants. Plaintiff may amend this

13  Complaint within 14 days of the date of this order.

14  Because the Court is granting leave to amend, it will terminate as moot the pending

15  Motion for Leave to Amend. ECF 129.

16  **VI.   CONCLUSION**

17  For the reasons explained above, Plaintiff has failed to state a claim. The Motion to

18  Dismiss is GRANTED, with leave to amend as stated below:

19  • Count 2: Dismissed with respect to all Defendants

20  • Count 3: Dismissed with respect to all Defendants

21  • Count 4: Dismissed with respect to all Defendants

22  • Count 5: Dismissed with respect to all Defendants

23  • Count 6: Dismissed with respect to Temujin Cayman

24  • Count 7: Dismissed with respect to Temujin Cayman

25  • Count 8: Dismissed with respect to Temujin Cayman

26  • Count 10: Dismissed with respect to Temujin Cayman

27  • Count 11: Dismissed with respect to Temujin Cayman

28  • Count 13: Dismissed with respect to Temujin Cayman

Plaintiff may amend this Complaint within 14 days of the date of this order. The Amended Complaint may not add any additional claims or parties without advance leave of Court.  Defendants do not need to answer the present Complaint unless Plaintiff files notice that he does not intend to amend.

**IT IS SO ORDERED.**

Dated:  May 20, 2022                              _____

NATHANAEL  M. COUSINS
United States Magistrate Judge