1  Craig A. Hansen (SBN 209622)
      Email: craig@hansenlawfirm.net
2  Stephen C. Holmes (SBN 200727)
      Email: steve@hansenlawfirm.net
3  Sarah Wager (SBN 209277)
      Email: sarah@hansenlawfirm.net
4  Philip E. Yeager (SBN 265939)
      Email: phil@hansenlawfirm.net
5  Collin D. Greene (SBN 326548)
      Email: collin@hansenlawfirm.net
6  HANSEN LAW FIRM, P.C.
   75 E. Santa Clara Street, Suite 1150
7  San Jose, CA 95113-1837
   Telephone: (408) 715 7980
8  Facsimile: (408) 715 7001

9  Jingjing Ye (Admitted Pro Hac Vice)
    Email: yelaw@pm.me
10 YE & ASSOCIATES, PLLC
   3400 N. Central Expy, #500
11 Plano, TX 75080
   Telephone (469) 410-5232

12

13 Attorneys for Defendants Temujin Labs, Inc.,
   Lily Chao, and Damien Ding

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>            Plaintiff,<br><br>      v.<br><br>LILY CHAO (a/k/a TIFFANY CHEN, a/k/a YUTING CHEN), DAMIEN DING (a/k/a DAMON LEUNG, a/k/a DAMIEN RAY DONOVAN, a/k/a TAO DING), YUTING CHEN, TEMUJIN LABS INC. (a Cayman Islands corporation), and Does 1-100, inclusive,<br><br>            Defendants. | Case No.:  5:20-CV-09340-NC<br><br>**TEMUJIN LABS INC., A CAYMAN ISLANDS CORPORATON'S, LILY CHAO'S, AND DAMIEN DING'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:     September 28, 2022<br>Time:    1:00 p.m.<br>Place:    Courtroom 5, 4th Floor<br>Judge:   Hon. Nathanael Cousins |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 3

    A.   The Court's Order is Consistent with FRCP 15(a)(2), and Must be Enforced ............. 3

    B.   The Unauthorized Portions of the Amended Complaint are a Nullity and Subject to FRCP 12(f) as Immaterial, Impertinent, and Scandalous ........................................... 3

        i.    The Unauthorized Causes of Action are Immaterial…………………………..4

        ii.   The Unauthorized Causes of Action are Impertinent…………………………4

        iii.  The Unauthorized Causes of Action are Scandalous……………………….....4

    C.   These Facts are Similar to *Quantum Labs, Inc. v. Maxim Integrated Products, Inc.,* where the Court not only Struck the Pleadings, but also Awarded Sanctions ............... 5

III. CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Burke v. Mesta Mach Co.*, 5 F.R.D. 134 (W.D. Penn. 1946).................................................................. 4

*Gilbert v. Eli Lilly & Co., Inc.,* 56 F.R.D. 116, 120, n. 4 (D.P.R.1972) ........................................... 3, 4

*Kamakeeaina v. City & Cty. of Honolulu*, 2013 WL 816411, at *3 (D. Haw. Feb. 15, 2013) ............. 4

*Quantum Labs, Inc. v. Maxim Integrated Products, Inc.*, 2020 WL1914959 (N.D. Cal. 2020) .......... 5

*Sirois v. East West Partners, Inc.*, 285 F. Supp. 1152, 1161-1162 (D. Haw. 2018)............................ 4

*Talbot v. Robert Matthews Distrib., Co*., 961 F.2d 654, 664–65 (7th Cir. 1992).................................. 5

*Whittlestone, Inc. v. Handi Craft Co.*, 618 F. 3d 970, 973-974 (9th Cir. 2010) ............................... 2, 4

*Wilkerson v. Butler* 229, F.R.D. 166, 170 (E.D. Cal. 2005) ................................................................ 4

*U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ............................... 3-4

**Rules**

FRCP 12(b), (e), or (f) ......................................................................................................................... 3

FRCP 12(f)........................................................................................................................................ 1-4

FRCP 15(a)(1)...................................................................................................................................... 3

FRCP 15(a)(2).................................................................................................................................... 1-4

**Secondary Sources**

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (1990) .... 4

# NOTICE OF MOTION AND MOTION TO STRIKE

TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 28, 2022 at 1:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Nathanael M. Cousins, located at the United States District Court for the Northern District of California, 280 South First Street, 4th Floor, San Jose, CA 95113, Defendants Temujin Labs, Inc., a Cayman Islands Corporation, Lily Chao, and Damien Ding (collectively "Defendants") will, and hereby do, move to strike portions of the Plaintiff's Amended Complaint that add an additional party and claims in violation of this Court's May 20, 2022 order.  Defendants move to strike, pursuant to Rules 12(f) and 15(a)(2) of the Federal Rules of Civil Procedure, all causes of action against impermissibly added defendant Yuting Chen and all impermissibly added causes of action against Defendants.  These additions were added in the Amended Complaint in direct violation of this Court's May 20, 2022 order granting Temujin Labs, Inc.'s motion to dismiss.  As these additions are a nullity, they are immaterial, impertinent, and scandalous and, as such, must be stricken.

This motion is based on the Memorandum of Points and Authorities below, the [Proposed] Order, the arguments of counsel, and any other matters properly before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Ariel Abittan ("Abittan" or "Plaintiff") filed his complaint (the "Complaint") against Temujin Labs, Inc., a Cayman Islands Corporation ("Temujin Cayman"), Lily Chao ("Chao"), Damien Ding ("Ding"), and other defendants on December 24, 2020.[1]  Temujin Cayman filed a motion to dismiss the Complaint on November 8, 2021.[2]  Chao and Ding joined Temujin Cayman's motion.  On May 20, 2022, the Court issued an order granting the motion to dismiss with leave to amend ("May 20 Order").  The May 20 Order specifically limited the scope of Plaintiff's amendment to existing parties and claims.  Indeed, the May 20 Order expressly stated that: "<u>The Amended Complaint may not add any additional claims or parties without advance leave of Court</u>."[3]

---

[1] See Dkt. 1.
[2] See Dkt. 109.
[3] See Dkt. 141(9:1-3, emphasis added).

Plaintiff's Amended Complaint, however, is in direct contravention of the May 20 Order. Instead of following the Court's directives in relation to the permissible scope of amendment Plaintiff's June 3, 2022 Amended Complaint added a new party, Yuting Chen ("Chen"),[4] and added the following new causes of action:

> Count 1 – Declaratory Judgment against Temujin Cayman, Chao, Ding, and Chen;
>
> Count 2 – Breach of Partnership against Chao and Ding;
>
> Count 3 – Breach of Partnership against Temujin Cayman, Chao and Ding;
>
> Count 4 – Breach of Fiduciary Duty against Ding;
>
> Count 6 – Aiding and Abetting Breach of Fiduciary Duty against Chen;
>
> Count 7 – Breach of Fiduciary Duty against Ding and Temujin Cayman;
>
> Count 10 – Conversion against Chen;
>
> Count 13 – Breach of Contract against Temujin Cayman;
>
> Count 19 – Unjust Enrichment against Chen; and
>
> Count 22 – Accounting against Chen.

In addition to flagrantly disregarding the May 20 Order, the Amended Complaint also violates the Federal Rules of Civil Procedure. FRCP 15(a)(2) specifically prohibits amendments of pleadings without a court order or party consent – neither of which occurred here. "[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect." (See *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003).) Here, Plaintiff did not obtain leave, resulting in the new causes of action having no legal effect.

As the above causes of action in the Amended Complaint have no legal effect and violate the Court's order, they are immaterial, impertinent, and scandalous and therefore may be stricken pursuant to FRCP 12(f). (See *Whittlestone, Inc. v. Handi Craft Co.*, 618 F. 3d 970, 973-974 (9th Cir. 2010).) Therefore, this Court should strike the naming of Yuting Chen as a defendant and all the above causes of action from the Amended Complaint.

---

[4] Ms. Chen has not been served.

## II. ARGUMENT

**A. The Court's Order is Consistent with FRCP 15(a)(2), and Must be Enforced**

FRCP 15 allows for amendment of complaints before trial in two circumstances: (1) a one-time "as-of-right" amendment under FRCP 15(a)(1) before a responsive pleading is filed or in response to a motion under FRCP 12(b), (e), or (f); and (2) for "all other cases" under FRCP 15(a)(2). Here, the Amended Complaint was filed pursuant to the May 20 Order, so FRCP 15(a)(2) applies. As such, under FRCP 15(a)(2) the Plaintiff was only authorized to amend the pleading with either: (1) the Defendants' written consent or (2) "the court's leave."

In this case, the Court did not provide leave for Plaintiff to file an amended complaint with new causes of actions or new parties, and Plaintiff did not seek leave to do so after the May 20 Order. Indeed, the Court stated in its order that it "will GRANT leave to amend, allowing Plaintiff to adequately verify the complaint, allege additional facts to substantiate his claims, and better differentiate allegations between Defendants."[5] The May 20 Order concluded with the express statement that: "The Amended Complaint may not add any additional claims or parties without **advance** leave of Court."[6] The Court's directions were specific and clear, but Plaintiff ignored them anyway.

Plaintiff also failed to obtain Defendants' consent to add new parties or claims. Instead, Plaintiff proceeded to name Yuting Chen as a new defendant and add the causes of action identified above.

Because Plaintiff neither obtained advance leave of court or party consent, the Amended Complaint's addition of new parties and new claims violates both the express language of FRCP 15(a)(2) and the May 20 Order.

**B. The Unauthorized Portions of the Amended Complaint are a Nullity and Subject to FRCP 12(f) as Immaterial, Impertinent, and Scandalous**

The portions of the Amended Complaint that add new parties and claims are also null and void. Indeed, "failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no

---

[5] See Dkt. 141(8:10-12).
[6] See Dkt. 141(9:1-3) (emphasis added).

legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). (emphasis added)  (plaintiff's failure to seek and obtain permission to file amended complaint under FRCP 15(a)(2) resulted in loss of impermissibly added claim).

Since these unauthorized causes of action have no legal effect, they are immaterial, impertinent, and scandalous, and the Court should strike them pursuant to FRCP 12(f).

### i. The Unauthorized Causes of Action are Immaterial

The test of whether a matter is "immaterial" under FRCP 12(f) is "[when a] matter consists of statements that do not pertain, and are not necessary, to the issues in question." (See *Whittlestone, Inc.*, 229 F.R.D. 166, quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990).  Since the unauthorized causes of action have no legal effect, they are immaterial.

### ii. The Unauthorized Causes of Action are Impertinent

The test of whether a matter or allegation is "impertinent" under FRCP 12(f) is whether the matter is not responsive, not relevant, or cannot be used as evidence between the parties.  (See *Wilkerson v. Butler*, 229 F.R.D. 166, citing *Gilbert*, 56 F.R.D. at 120 and *Burke v. Mesta Mach Co.*, 5 F.R.D. 134 (W.D. Penn. 1946).)  For the same reasons stated above, the unauthorized causes of action have no legal effect and are thus impertinent.

### iii. The Unauthorized Causes of Action are Scandalous

Under FRCP 12(f) "[a]llegations may be stricken as *scandalous* if the matter bears no possible relation to the controversy, or when it may cause 'prejudice' to the objecting party.  (See *Sirois v. East West Partners, Inc.*, 285 F. Supp. 1152, 1161-1162 (D. Haw. 2018), citing *Talbot v. Robert Matthews Distrib., Co.*, 961 F.2d 654, 664–65 (7th Cir. 1992) (emphasis added) (citations omitted); *Kamakeeaina v. City & Cty. of Honolulu*, 2013 WL 816411, at *3 (D. Haw. Feb. 15, 2013) (citing *Talbot*, 961 F.2d 654), *recommendation adopted*, 2013 WL 816090 (D. Haw. Mar. 5, 2013).)  In this case, Defendants are prejudiced because they must respond to pleadings with no legal effect.  As such, the unauthorized causes of action are scandalous.

Because the unauthorized causes of action are immaterial, impertinent, and scandalous, the Court should strike them all.

### C. These Facts are Similar to *Quantum Labs, Inc. v. Maxim Integrated Products, Inc.*, where the Court not only Struck the Pleadings, but also Awarded Sanctions

Plaintiff's actions are similar those in *Quantum Labs, Inc. v. Maxim Integrated Products, Inc.*, 2020 WL1914959 (N.D. Cal. 2020). In that case, Judge Freeman had previously issued an order granting, in part, the defendant's motion to dismiss and provided plaintiff leave to amend "only as to Plaintiffs' existing claims" and that "Plaintiffs may not add claims without leave of the Court." *Id.* Additionally, a case scheduling order prohibited new parties from being added. *Id.* But, like the Plaintiff in this case, Quantum Labs Inc. ignored the Court's orders by filing an amended complaint with a new plaintiff and new causes of action without leave of Court.

The Court in *Quantum Labs* struck the improper plaintiff, struck the additional causes of action, and gave the plaintiff 7 days to file a corrected amended complaint. *Id.* The Court in the present case should do the same.

Additionally, the *Quantum Labs* Court also ordered sanctions against the plaintiff for failing to follow the Court's orders. While Temujin Cayman, Chao, and Ding do not presently seek sanctions, should Plaintiff persist with pleading violations or other violations of Court orders, Defendants will file motions for sanctions – as the *Quantum Labs* Court ordered.

### III. CONCLUSION

For the reasons stated above, the Court should strike the addition of Yuting Chen as a defendant party, and strike the following causes of action from Plaintiff's Amended Complaint:

Count 1 – Declaratory Judgment against Temujin Cayman, Chao, Ding, and Chen;

Count 2 – Breach of Partnership against Chao and Ding;

Count 3 – Breach of Partnership against Temujin Cayman, Chao and Ding;

Count 4 – Breach of Fiduciary Duty against Ding;

Count 6 – Aiding and Abetting Breach of Fiduciary Duty against Chen;

Count 7 – Breach of Fiduciary Duty against Ding and Temujin Cayman;

Count 10 – Conversion against Chen;

Count 13 – Breach of Contract against Temujin Cayman;

Count 19 – Unjust Enrichment against Chen; and

1       Count 22 – Accounting against Chen.

2       Additionally, the Court should order Plaintiff to file a corrected Amended Complaint within 7 days of this Order, and the Court should reiterate its order of May 20, 2022 that no additional parties or causes of action shall be added without advance leave of Court.

DATED: June 17, 2022　　　　　　　　　　Respectfully submitted,

                                            HANSEN LAW FIRM, P.C.

                                            By:    /s/ Philip E. Yeager
                                                  Craig A. Hansen
                                                  Philip E. Yeager
                                                  Collin D. Greene
                                                  HANSEN LAW FIRM, P.C.
                                                  75 E. Santa Clara Street, Suite 1150
                                                  San Jose, CA 95113-1837
                                                  Telephone: (408) 715 7980
                                                  Facsimile: (408) 715 7001

                                                  Attorneys for Defendants Temujin Labs, Inc., a Cayman Islands Corporation, Lily Chao and Damien Ding