Craig A. Hansen (SBN 209622)
    Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
    Email: steve@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
    Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
    Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Jingjing Ye (Admitted Pro Hac Vice)
    Email: yelaw@pm.me
YE & ASSOCIATES, PLLC
3400 N. Central Expy, #500
Plano, TX 75080
Telephone (469) 410-5232

*Attorneys for Defendants*
*Temujin Labs, Inc.*
*a Cayman Islands Corporation, and*
*the individual defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN, <br><br> PLAINTIFF, <br><br> v. <br><br> LILY CHAO (a/k/a TIFFANY CHEN, a/k/a YUTING CHEN), DAMIEN DING (a/k/a DAMIEN LEUNG, a/k/a DAMIEN RAY DONOVAN, a/k/a TAO DING), TEMUJIN LABS INC. (a Cayman Islands corporation), and Does 1-100, inclusive, <br><br> DEFENDANTS. | Case No. 5:20-CV-09340-NC <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF ARIEL ABITTAN'S [SECOND] AMENDED COMPLAINT** <br><br> Complaint Filed: December 24, 2020 <br><br> Judge:   Hon. Nathanael Cousins |

Defendants Lily Chao ("Chao"), Damien Ding ("Ding"), and Temujin Labs, Inc. (a Cayman Islands Corporation) ("Temujin Cayman") (collectively, "Defendants") hereby answer the [Second] Amended Complaint ("Second Amended Complaint" or "SAC") of Plaintiff Ariel Abittan ("Plaintiff" or "Abittan") as follows:

1.    In answer to Paragraph 1 of the SAC, Defendants admit that the SAC purports to state allegations regarding the Defendants. Defendants deny those allegations.

2.    In answer to Paragraph 2 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to the alleged watch purchases and business, and on that basis deny all those allegations. Defendants also deny all allegations that Plaintiff has an ownership interest in Temujin Cayman or partnership interest with Defendants.

3.    In answer to Paragraph 3 of the SAC, Defendants deny all allegations therein.[1]

4.    In answer to Paragraph 4 of the SAC, Defendants deny all allegations therein.

5.    In answer to Paragraph 5 of the SAC, Defendants and deny all allegations therein.

6.    In answer to Paragraph 6 of the SAC, Defendants admit that Plaintiff executed a document entitled "UNANIMOUS ACTION OF BOARD MEMBERS [-] Juniper Venture

---

[1] In answer to Paragraph 1 of Footnote 1 of the FAC, Defendants deny the allegations that Ding and Chao directed Abittan to wire monies into a bank accounts with the names Tao Ding and Yuting Chen; that Defendants used addresses, real property, or zoom accounts affiliated with Tao Ding, Yuting Chen. Furthermore, Defendants are not in a position to admit or deny the remaining allegations in Paragraph 1 of Footnote 1 of the FAC, particularly as to what Abittan believes or not.

In answer to Paragraph 2 of Footnote 1 of the FAC, Defendants admit that Yuting Chen filed a declaration on July 9, 2021, and that quoted portion is from that declaration except that "Lily" was not spelled "lily" in the declaration. Defendants are without sufficient knowledge or information or knowledge to admit or deny the remaining allegations in Paragraph 2 of Footnote 1 of the FAC, paragraph, and on that basis deny each and every allegation contained therein.

In answer to Paragraph 3 of Footnote 1 of the FAC, Defendants admit that Yuting Chen filed the federal action referenced, but deny that is related, and also deny that the claims are related and that the watch business at issue in those claims have anything to do with Abittan's alleged claims against Defendants. Defendants admit that Yuting Chen and Lily Chao are different people and that Ms. Chao had nothing to do with the watch transactions of Plaintiff and Ms. Chen. Defendants deny the remaining allegations of Paragraph 3 of Footnote 1 of the FAC, including that Ms. Chao and Ms. Chen are the same person.

In answer to Paragraph 4 of Footnote 4 of the FAC, Defendants deny that Chao or Ding were business partners of Plaintiff between 2017 and 2020. The remainder of Paragraph 4 of Footnote 4 of the FAC has no allegations for Defendants to admit or deny.

Partners LLC" on July 3, 2019, and deny all allegations remaining allegations therein.

7.  In answer to Paragraph 7 of the SAC, Defendants deny all allegations therein.

8.  In answer to Paragraph 8 of the SAC, Defendants admit that Charles Lu, Benjamin Fisch, and Frank Fu resigned from Temujin Labs, Inc. (a Delaware Corporation) in late 2020, and deny all remaining allegations therein.

9.  In answer to Paragraph 9 of the SAC, Defendants deny all allegations therein.

10. In answer to Paragraph 10 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to the purpose of Plaintiff's lawsuit, and on that basis deny each and every allegation contained therein.

11. In answer to Paragraph 10 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

## **PARTIES**

12. In answer to Paragraph 12 of the SAC, Defendants admit that Plaintiff is an individual residing in Lawrence, New York. Defendants also admit that Defendants deny that Plaintiff is a partner with Chao and Ding and that his placement or non-placement on corporate formation documents advances the interest of such an alleged partnership. Defendants admit that that Plaintiff is a member of Juniper Venture Partner LLC, which is a shareholder of Eian Labs, Inc. (f/k/a Porepsus Labs, Inc.). Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein.[2]

13. In answer to Paragraph 13 of the SAC, Defendants admit Chao is a resident of Atherton, California, and deny all remaining allegations in Paragraph 13 of the SAC.

14. In answer to Paragraph 14 of the SAC, Defendants admit that Ding is an individual residing in Atherton, California. Defendants deny that Chao and Ding are married and that they

---

[2] In answer to Footnote 2 of the FAC, Defendants deny that a partnership existed under Cal. Corp. Code § 16202.

have or ever had a partnership with Plaintiff.  Defendants admit that Chao and Ding founded

Findora and deny that Abittan was also such a cofounder.  Defendants deny the remaining

allegations in Paragraph 13 of the SAC.

15.     In answer to Paragraph 15 of the SAC, Defendants deny the all the allegations of

Paragraph 15 of the SAC.

## ALLEGATION: "RELEVANT NON-PARTIES" -- DENIED

16.     In answer to Paragraph 16 of the SAC, Defendants are without sufficient

knowledge or information to inform a belief as to the truth of the allegations contained in said

paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

allegation contained therein except that Yuting Chen is an individual residing in Atherton,

California.  Furthermore, to the extent that Plaintiff's allegations in this paragraph incorporates

prior paragraphs, Defendants incorporate their prior paragraphs to answer such repeated

allegations.  Additionally, Defendants do not know the meaning of the term "relevant non-

party(ies)" and on that basis deny the allegation that any party or parties exist(s).

17.     In answer to Paragraph 17 of the SAC, Defendants are without sufficient

knowledge or information to inform a belief as to the truth of the allegations contained in said

paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

allegation contained therein.  Additionally, Defendants do not know the meaning of the term

"relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

18.     In answer to Paragraph 18 of the SAC, Defendants are without sufficient

knowledge or information to inform a belief as to the truth of the allegations contained in said

paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

allegation contained therein.  Additionally, Defendants do not know the meaning of the term

"relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

19.     In answer to Paragraph 19 of the SAC, Defendants are without sufficient

knowledge or information to inform a belief as to the truth of the allegations contained in said

paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

allegation contained therein.  Additionally, Defendants do not know the meaning of the term

1  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

2        20.     In answer to Paragraph 20 of the SAC, Defendants are without sufficient

3  knowledge or information to inform a belief as to the truth of the allegations contained in said

4  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

5  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

6  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

7        21.     In answer to Paragraph 21 of the SAC, Defendants are without sufficient

8  knowledge or information to inform a belief as to the truth of the allegations contained in said

9  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

10  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

11  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

12        22.     In answer to Paragraph 22 of the SAC, Defendants are without sufficient

13  knowledge or information to inform a belief as to the truth of the allegations contained in said

14  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

15  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

16  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

17        23.     In answer to Paragraph 23 of the SAC, Defendants are without sufficient

18  knowledge or information to inform a belief as to the truth of the allegations contained in said

19  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

20  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

21  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

22        24.     In answer to Paragraph 24 of the SAC, Defendants are without sufficient

23  knowledge or information to inform a belief as to the truth of the allegations contained in said

24  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

25  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

26  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

27        25.     In answer to Paragraph 25 of the SAC, Defendants are without sufficient

28  knowledge or information to inform a belief as to the truth of the allegations contained in said

paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein. Additionally, Defendants do not know the meaning of the term "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

26. In answer to Paragraph 26 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein. Additionally, Defendants do not know the meaning of the term "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

27. In answer to Paragraph 27 of the SAC, Defendants admit that Temujin Labs Inc., a Delaware Corporation ("Temujin Delaware"), is a corporation organized existing under the laws of Delaware with its principal place of business in Santa Clara County and also does business as Findora. Defendants deny that the Findora name was stolen. Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein. Additionally, Defendants do not know the meaning of the term "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

28. In answer to Paragraph 28 of the SAC, Defendants deny the allegation that Temujin Cayman is a non-party because Temujin Cayman is listed as a defendant in the SAC. Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein. Additionally, Defendants do not know the meaning of the term "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

29. In answer to Paragraph 29 of the SAC, Defendants admit that Findora Foundation Ltd. is a company organized under the laws of the Cayman Islands. Defendants deny that the Findora name was stolen. Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph as to what Plaintiff

1  is informed of and believes, and on that basis deny each and every allegation contained therein.

2  Additionally, Defendants do not know the meaning of the term "relevant non-party(ies)" and on

3  that basis deny the allegation that any party or parties exist(s).

4          30.     In answer to Paragraph 30 of the SAC, Defendants are without sufficient

5  knowledge or information to inform a belief as to the truth of the allegations contained in said

6  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

7  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

8  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

9          31.     In answer to Paragraph 31 of the SAC, Defendants are without sufficient

10  knowledge or information to inform a belief as to the truth of the allegations contained in said

11  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

12  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

13  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

14          32.     In answer to Paragraph 32 of the SAC, Defendants are without sufficient

15  knowledge or information to inform a belief as to the truth of the allegations contained in said

16  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

17  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

18  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

19          33.     In answer to Paragraph 33 of the SAC, Defendants are without sufficient

20  knowledge or information to inform a belief as to the truth of the allegations contained in said

21  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

22  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

23  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

24          34.     In answer to Paragraph 34 of the SAC, Defendants are without sufficient

25  knowledge or information to inform a belief as to the truth of the allegations contained in said

26  paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every

27  allegation contained therein.  Additionally, Defendants do not know the meaning of the term

28  "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

35.    In answer to Paragraph 35 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein.  Additionally, Defendants do not know the meaning of the term "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

36.    In answer to Paragraph 36 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein.  Additionally, Defendants do not know the meaning of the term "relevant non-party(ies)" and on that basis deny the allegation that any party or parties exist(s).

## ALLEGATIONS

A.    **Allegation: "Ding and Chao Quickly Identify Abittan as a Viable Mark" -- Denied**

37.    In answer to Paragraph 37 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein.

38.    In answer to Paragraph 38 of the SAC, Defendants admit all allegations therein.

39.    In answer to Paragraph 39 of the SAC, Defendants admit that Ding invited Abittan to California.  Defendants deny the remaining allegations in Paragraph 39.

40.    In answer to paragraph 40 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein.  Defendants also deny the remaining allegations of Paragraph 47 of the SAC.

41.    In answer to Paragraph 41 of the SAC, Defendants admit that Abittan may have visited 69 Isabella Ave., Atherton, CA 94027.  Defendants deny all remaining allegations in Paragraph 41 of the SAC.

42. In answer to Paragraph 42 of the SAC, Defendants deny all allegations therein.

43. In answer to Paragraph 43 of the SAC, Defendants deny all allegations therein.

44. In answer to Paragraph 44 of the SAC, Defendants deny the allegation therein.

45. In answer to Paragraph 45 of the SAC, Defendants deny all allegations therein.

46. In answer to Paragraph 46 of the SAC, Defendants deny all allegations therein.

47. In answer to Paragraph 47 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein. Defendants also deny the remaining allegations of Paragraph 47 of the SAC.

48. In answer to Paragraph 48 of the SAC, Defendants deny all allegations therein.

**B.** **Allegation: "Chao and Ding Invite Abittan into Partnership" -- Denied**

49. In answer to Paragraph 49 of the SAC, Defendants deny all allegations therein.

50. In answer to Paragraph 50 of the SAC, Defendants deny all allegations therein.

51. In answer to Paragraph 51 of the SAC, Defendants deny all allegations therein.

52. In answer to Paragraph 52 of the SAC, Defendants deny all allegations therein

**C.** **Allegation: "Ding and Chao Plant the Seed of Extraordinary Success and the Partnership Founds the Blockchain Project" – Denied**

53. In answer to Paragraph 53 of the SAC, Defendants admit that Abittan and Ding communicated with each other. Defendants deny all remaining allegations therein.

54. In answer to Paragraph 54 of the SAC, Defendants deny all allegations therein.

55. In answer to Paragraph 55 of the SAC, Defendants deny all allegations therein.

56. In answer to Paragraph 56 of the SAC, Defendants deny all allegations therein.

57. In answer to Paragraph 57 of the SAC, Defendants deny all allegations therein.

**D.** **Allegation: "Chao and Ding Lay the Foundation for Anonymity While Testing Abittan's Deference" -- Denied**

58. In answer to Paragraph 58 of the SAC, Defendants deny all allegations therein.

59. In answer to Paragraph 59 of the SAC, Defendants deny all allegations therein.

60. In answer to Paragraph 60 of the SAC, Defendants deny all allegations therein.

61.     In answer to Paragraph 61 of the SAC, Defendants deny all allegations therein.

62.     In answer to Paragraph 62 of the SAC, Defendants deny all allegations therein.

63.     In answer to Paragraph 63 of the SAC, Defendants deny all allegations therein.

64.     In answer to Paragraph 64 of the SAC, Defendants deny all allegations therein.

65.     In answer to Paragraph 65 of the SAC, Defendants deny all allegations therein.

66.     In answer to Paragraph 65 of the SAC, Defendants deny all allegations therein.

**E.     Allegation: "Chao and Ding Create Two Public-Facing Entities to Act for the Partnership" -- Denied**

67.     In answer to Paragraph 67 of the SAC, Defendants deny all allegations therein.

68.     In answer to Paragraph 68 of the SAC, Defendants deny all allegations therein.

69.     In answer to Paragraph 69 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein.  Defendants deny all allegations therein.

70.     In answer to Paragraph 70 of the SAC, Defendants deny all allegations therein.

71.     In answer to Paragraph 71 of the SAC, Defendants deny all allegations therein.

72.     In answer to Paragraph 72 of the SAC, Defendants deny all allegations therein.

**F.     Allegation: "Findora is Developed by the Cryptologists Consulting with Project Revolution" – Denied**

73.     In answer to Paragraph 73 of the SAC, Defendants deny all allegations therein.

74.     In answer to Paragraph 74 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every allegation contained therein.

75.     In answer to Paragraph 75 of the SAC, Defendants deny all allegations therein.

76.     In answer to Paragraph 76 of the SAC, Defendants deny all allegations therein.

**G.     Allegation: "Abittan Devotes Time, Energy, and Money into Attracting Investors" – Denied**

77. In answer to Paragraph 77 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein.

78. In answer to Paragraph 78 the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein.

79. In answer to Paragraph 79 of the SAC, Defendants admit that Abittan's name appears in a white paper related to Eian Labs, Inc. Defendants deny all remaining allegations therein.

80. In answer to Paragraph 80 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph as to what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein.

81. In answer to Paragraph 81 of the SAC, Defendants admit that they interacted with investors, and deny all remaining allegations therein.

82. In answer to Paragraph 82 of the SAC, Defendants deny all allegations therein.

83. In answer to Paragraph 83 of the SAC, Defendants deny all allegations therein.

84. In answer to Paragraph 84 of the SAC, Defendants deny the alleged representation by Chao. As to the remainder of Paragraph 84 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained therein, and on that basis deny each and every such remaining allegation.

85. In answer to Paragraph 85 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained therein, and on that basis deny each and every such allegation.

86. In answer to Paragraph 86 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained therein,

and on that basis deny each and every such allegation.

87.    In answer to Paragraph 87 of the SAC, Defendants admit that Chao went to New York around March of 2019, and deny all remaining allegations therein.

88.    In answer to Paragraph 88 of the SAC, Defendants deny all allegations therein.

**H.    Allegation: "As Abittan Diligently Works to Make Findora a Success, Chao and Ding Take Advantage of Abittan's Trust**

89.    In answer to Paragraph 89 of the SAC, Defendants deny all allegations therein.

90.    In answer to Paragraph 90 of the SAC, Defendants deny all allegations therein.

91.    In answer to Paragraph 91 of the SAC, Defendants deny all allegations therein.

92.    In answer to Paragraph 92 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth as what plaintiff is informed of and believes, and on that basis deny each and every such allegation.  Defendants also deny all remaining allegations in Paragraph 92 of the SAC.

93.    In answer to Paragraph 93 of the SAC, Defendants deny all allegations therein.

94.    In answer to Paragraph 94 of the SAC, Defendants deny all allegations therein.

95.    In answer to Paragraph 95 of the SAC, Defendants admit that credit charges were made on Plaintiff's account or accounts.   Defendants are without sufficient knowledge or information to inform a belief as to the remaining allegations therein, and on that basis deny each and every such remaining allegation.

96.    In answer to Paragraph 96 of the SAC, Defendants deny all allegations therein.

97.    In answer to Paragraph 97 of the SAC, Defendants deny all allegations therein.

**I.    Allegation: "Abittan Demands Return of Investor Funds and Chao Stops Paying the Credit Cards" – Denied**

98.    In answer to Paragraph 97 of the SAC, Defendants deny all allegations therein.

99.    In answer to Paragraph 99 of the SAC, Defendants deny all allegations therein.

100.    In answer to Paragraph 100 of the SAC, Defendants deny all allegations therein.

101.    In answer to Paragraph 101 of the SAC, Defendants admit that Plaintiff and Plaintiff's father met with Chao sometime in 2019 and deny all remaining allegations therein.

**J.**     **Allegation: "As a Ruse to Coopt Findora, Chao and Ding Tell Abittan They Must Transfer Eian's Assets to a Cayman Entity to Protect Investors –Denied**

102.     In answer to Paragraph 102 of the SAC, Defendants admit all allegations therein.

103.     In answer to Paragraph 103 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

104.     In answer to Paragraph 104 of the SAC, Defendants deny all allegations therein.

105.     In answer to Paragraph 105 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

106.     In answer to Paragraph 106 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

107.     In answer to Paragraph 107 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

108.     In answer to Paragraph 108 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

109.     In answer to Paragraph 109 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

110.     In answer to Paragraph 110 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

111.     In answer to Paragraph 111 of the SAC, Defendants deny all allegations therein.

**K.**  **Allegation: "The Blockchain Project Continues Without Disruption Under Temujin Cayman" – Denied**

112. In answer to Paragraph 112 of the SAC, Defendants deny all allegations therein.

113. In answer to Paragraph 113 of the SAC, Defendants deny all allegations therein.

114. In answer to Paragraph 114 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

115. In answer to Paragraph 115 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every such allegation contained therein.

116. In answer to Paragraph 116 of the SAC, Defendants deny all allegations therein.

117. In answer to Paragraph 117 of the SAC, Defendants deny all allegations therein.

**L. Allegation: "Chao and Ding Quietly Shut Abittan Out of His Own Company, While Defrauding Abittan as to the Credit Card Debt" – Denied**

118. In answer to Paragraph 118 of the SAC, Defendants deny all allegations therein.

119. In answer to Paragraph 119 of the SAC, Defendants deny all allegations therein.

120. In answer to Paragraph 120 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph regarding Plaintiff's web browsing. Defendants deny all remaining allegations therein.

121. In answer to Paragraph 121 of the SAC, Defendants admit that at some point Plaintiff's Eian e-mail account was deactivated and deny all remaining allegations therein.

122. In answer to Paragraph 122 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph regarding Plaintiff's web browsing, and on that basis deny all allegations therein.

123. In answer to Paragraph 123 of the SAC , Defendants admit that Ms. Chao and Plaintiff exchanged text messages. Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny all remaining allegations therein.

124. In answer to Paragraph 124 of the SAC , Defendants admit that Ms. Chao and Plaintiff exchanged text messages. Defendants are without sufficient knowledge or information

to inform a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny all remaining allegations therein.

125.     In answer to Paragraph 125 of the SAC , Defendants admit that Ms. Chao and Plaintiff exchanged text messages.  Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny all remaining allegations therein.

126.     In answer to Paragraph 126 of the SAC , Defendants admit that Ms. Chao and Plaintiff exchanged text messages.  Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny all remaining allegations therein.

127.     In answer to Paragraph 127 of the SAC , Defendants admit that Ms. Chao and Plaintiff exchanged text messages.  Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny all remaining allegations therein.

128.     In answer to Paragraph 128, Defendants admit that on or around December 29, 2019, Plaintiff met with Chao and they discussed a separation agreement involving Eian Labs, Inc.  Defendants further admit that no agreement was reached.  Defendants deny all remaining allegations in Paragraph 128 of the SAC.

129.     In answer to Paragraph 129 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said paragraph, and on that basis deny all allegations therein.

130.     In answer to Paragraph 130 of the SAC, Defendants deny all allegations therein.

131.     In answer to Paragraph 131 of the SAC , Defendants admit that Chao, Plaintiff, and Plaintiff's father exchanged text messages.  Defendants further admit that Plaintiff's father and Chao had phone conversations.  Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny all remaining allegations therein.

132.     In answer to Paragraph 132 of the SAC, Defendants deny all allegations therein.

133.     In answer to Paragraph 133 of the SAC, Defendants admit that the Chief Executive Officer and Chief Technology Officer resigned and deny all remaining allegations therein.

134.     In answer to Paragraph 134 of the SAC, Defendants admit that Chao and Plaintiff's father spoke on the phone and deny all remaining allegations therein.

**M. Allegation: "Abittan Begins to Discover the Extent of the Fraudulent and Illicit Conduct by Chao, Ding, and Their Co-Conspirators" – Denied**

135.     In answer to Paragraph 135 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the remaining allegations contained in said paragraph as to what Plaintiff claims to have discovered or how he discovered, and on that basis deny each and every allegation contained therein.  Defendants also deny all substantive allegations contained in Paragraph 135 of the SAC.

i.     Allegation: "Fraudulent Documents" – Denied

136.     In answer to Paragraph 136 of the SAC, Defendants deny all allegations therein.

137.     In answer to Paragraph 137 of the SAC, Defendants admit that Plaintiff executed a document entitled "UNANIMOUS ACTION OF BOARD MEMBERS [-] Juniper Venture Partners LLC" on July 3, 2019, and deny all allegations remaining allegations therein. Defendants also admit that Eian Labs Inc. was authorized sell its assets to Temujin Delaware for $1 to repay Eian Labs Inc.'s debt to Temujin Delaware.  Defendants deny the remaining allegations in Paragraph 137 of the SAC except as otherwise stated below:

- In answer to bullet point 1 of Paragraph 137 of the SAC, Defendants are not aware what "federal filings" Plaintiff refers to in this bullet point, and thus cannot admit or deny that particular allegation.  Defendants admit that Temujin Delaware and Temujin Cayman are distinct entities.  Defendants also admit that the document does not itself specifically identify which of the Temujin entities is referenced.

- In answer to bullet point 2 of Paragraph 137 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said bullet point paragraph as to what Plaintiff is "unclear about" and on that basis cannot fully answer and deny this portion of the bullet

point.  Defendants admit that corporate records of Temujin Delaware were filed on July 2, 2019 and the "UNANIMOUS ACTION OF BOARD MEMBERS [-] Juniper Venture Partners LLC" was executed by Plaintiff on July 3, 2019.

- In answer to bullet point 3 of Paragraph 137 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said bullet point paragraph as to what Plaintiff is "unclear about," and on and on that basis deny each and every allegation contained therein. Defendants also deny all remaining allegations of bullet point 3 of Paragraph 137 of the SAC.

- In answer to bullet point 4 of Paragraph 137 of the SAC, Defendants admit all allegations therein except for the allegation "otherwise confirmed that person's identity."  Defendants are without sufficient knowledge or information to inform a belief as to the truth of that vague and unclear allegation, so Defendants deny it on that basis.

- In answer to bullet point 5 of Paragraph 137 of the SAC, Defendants admit there are no page numbers on the "UNANIMOUS ACTION OF BOARD MEMBERS [-] Juniper Venture Partners LLC," and that the second page only contains signature blocks.  Defendants are without sufficient knowledge or information to inform a belief as to the allegation of "…text showing that the first page with substantive provisions was actually attached to it," so Defendants deny this allegation.

- In answer to bullet point 6 of Paragraph 137 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations regarding what an "original copy" means, and on that basis deny all these allegations.

- In answer to bullet point 7 of Paragraph 137 of the SAC , Defendants admit that the text cited from the UAM is a correct citation of the text.  Defendants also admit that in this case Exhibit A was not included the prior motion to dismiss.

Defendants further admit that Exhibit A has not yet been produced in this case.

- In answer to bullet point 8 of Paragraph 137 of the SAC, Defendants deny all allegations therein.

138. In answer to Paragraph 138 of the SAC, Defendants lack information to inform a belief as to the truth unable to admit or deny what Temujin Delaware did or did not file in the undefined "Federal Action referred to herein," and on that basis deny all such allegations. Defendants admit that a document entitled "Intellectual Property Sale Agreement" was entered into on August 12, 2019 between Eian Labs, Inc. and Temujin Cayman. Defendants all further allegations in this deny the remaining allegations in Paragraph 138 of the SAC except as otherwise stated below:

- In answer to bullet point 1 of Paragraph 138 of the SAC, Defendants lack information to inform a belief as to the truth unable to admit or deny what is allegedly inconsistent about the date of the Intellectual Property Sale Agreement and the date of the "Uniform Action by Board Members" and on that basis deny such allegations.

- In answer to bullet point 2 of Paragraph 138 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations contained in said bullet point, and on that basis cannot fully answer and deny this portion of the bullet point.

- In answer to bullet point 3 of Paragraph 138 of the SAC, Defendants admit all the allegations therein.

- In answer to bullet point 4 of Paragraph 138 of the SAC, Defendants deny all the allegations therein.

  ii. <u>Allegation: "Obfuscating True Identities, Concealing Assets, and Evading Service of Process" – Denied</u>

139. In answer to Paragraph 139 of the SAC, Defendants deny all allegations therein.

140. In answer to Paragraph 140 of the SAC, Defendants deny all remaining allegations therein.

141. In answer to Paragraph 141 of the SAC, Defendants admit that business meetings took place at 69 Isabella Avenue, Atherton, California, and deny all remaining allegations therein.

142. In answer to Paragraph 142 of the SAC, Defendants deny all allegations therein.

143. In answer to Paragraph 143 of the SAC, Defendants admit that business meetings took place at 69 Isabella Avenue, Atherton, California, and deny all remaining allegations therein.

144. In answer to Paragraph 144 of the SAC, Defendants deny all allegations therein.

145. In answer to Paragraph 145 of the SAC, Defendants admit that Yuting Chen is in litigation with Plaintiff and certain of Plaintiff's relatives and that the litigation in involves luxury watch transactions. Defendants deny all remaining allegations therein.

146. In answer to Paragraph 146 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations regarding what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein. Furthermore, Defendants deny all remaining allegations in Paragraph 146.

147. In answer to Paragraph 147 of the SAC, Defendants admit that the picture therein is of Chao.

148. In answer to Paragraph 148 of the SAC, Defendants admit that the picture therein is of Ding.

149. In answer to Paragraph 149 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations regarding what Plaintiff is informed of and believes, or as to what pictures he has or does not have, and on those bases deny each and every such allegation contained therein. Furthermore, Defendants deny all remaining allegations in Paragraph 149.

        iii.    Allegation: "Creating Sham to Fake Investors and Aid in the Fraudulent Scheme" – Denied

150. In answer to Paragraph 150 of the SAC, Defendants deny all allegations therein.

151. In answer to Paragraph 151 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations regarding what Plaintiff is informed of and believes, and on that basis deny each and every such allegation

contained therein.  Furthermore, Defendants deny all remaining allegations in Paragraph 151.

152.    In answer to Paragraph 152 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations regarding what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein.  Furthermore, Defendants deny all remaining allegations in Paragraph 152.

153.    In answer to Paragraph 153 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations regarding what Plaintiff discovered, and on that basis deny each and every such allegation contained therein. Furthermore, Defendants deny all remaining allegations in Paragraph 153.

154.    In answer to Paragraph 154 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations regarding what Plaintiff is informed of and believes, and on that basis deny each and every such allegation contained therein.  Furthermore, Defendants deny all remaining allegations in Paragraph 154.

iv.    <u>Allegation: "Lying to Investors and Current and Former Findora<br>Employees While Denying Abittan's Role in Findora" – Denied</u>

155.    In answer to Paragraph 155 of the SAC, Defendants admit that LinkedIn removed inaccurate information from Abittan's LinkedIn profile and deny all remaining allegations therein.

156.    In answer to Paragraph 156 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

157.    In answer to Paragraph 157 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

158.    In answer to Paragraph 158 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

159.    In answer to Paragraph 159 of the SAC, Defendants are without sufficient

knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

160. In answer to Paragraph 160 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

161. In answer to Paragraph 161 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

162. In answer to Paragraph 162 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

163. In answer to Paragraph 163 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

164. In answer to Paragraph 164 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

165. In answer to Paragraph 165 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.[3]

166. In answer to Paragraph 16 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein, and on that basis deny each and every such allegation contained therein.

167. In answer to Paragraph 167 of the SAC, Defendants deny all allegations therein.

168. In answer to Paragraph 168 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth as to what Plaintiff is informed of or

---

[3] In answer to Footnote 3 of the FAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth of the allegations therein as the link provided does not work, and on that basis deny each and every such allegation contained therein. Defendants also deny all remaining allegations in Footnote 3 of the FAC

believes, and on that basis deny each and every such allegation contained therein. Defendants also deny all remaining allegations therein.

169. In answer to Paragraph 169 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth as to what Plaintiff is informed of or believes, and on that basis deny each and every such allegation contained therein.[4] Defendants also deny all remaining allegations therein.

170. In answer to Paragraph 170 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth as to what Plaintiff is informed of or believes, and on that basis deny each and every such allegation contained therein. Defendants also deny all remaining allegations therein.

171. In answer to Paragraph 171 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth as to what Plaintiff is informed of or believes, and on that basis deny each and every such allegation contained therein. Defendants also deny all remaining allegations therein.

v. <u>Allegation: "Obtaining a Covid PPP Loan for Temujin Delaware" – Admit that Temujin Delaware Received PPP Loans</u>

172. In answer to Paragraph 172 of the SAC, Defendants deny all allegations therein.

173. In answer to Paragraph 173 of the SAC, Defendants admit all allegations therein.

174. In answer to Paragraph 174 of the SAC, Defendants admit all allegations therein.

175. In answer to Paragraph 175 of the SAC, Defendants are without sufficient knowledge or information to inform a belief as to the truth as to what Plaintiff is informed of or believes, and on that basis deny each and every such allegation contained therein.

vi. <u>Allegation: "Using Abittan's Credit Cards to Pay Chao's and Dings' Share of Partnership Expenses" – Denied</u>

176. In answer to Paragraph 176 of the SAC, Defendants deny all allegations therein.

177. In answer to Paragraph 177 of the SAC, Defendants deny all allegations therein.

---

[4] In answer to Footnote 4 of the FAC, Defendants are without sufficient knowledge or information to inform a belief as to the link provided as, upon accessing, states "the content has been deleted by the author," and on that basis deny each and every such allegation contained therein.

178. In answer to Paragraph 178 of the SAC, Defendants deny all allegations therein.

179. In answer to Paragraph 179 of the SAC, Defendants deny all allegations therein.

180. In answer to Paragraph 180 of the SAC, Defendants deny all allegations therein.

181. In answer to Paragraph 181 of the SAC, Defendants deny all allegations therein.

182. In answer to Paragraph 182 of the SAC, Defendants deny all allegations therein.

## ALLEGATION: "ALTER EGO/COMMON ENTERPRISE LIABILITY" -- DENIED

183. In answer to Paragraph 183 of the SAC, Defendants deny all allegations therein including sub-sections (a) through (m).

184. In answer to Paragraph 184 of the SAC, Defendants deny all allegations therein.

185. In answer to Paragraph 185 of the SAC, Defendants deny all allegations therein.

186. In answer to Paragraph 186 of the SAC, Defendants deny all allegations therein.

187. In answer to Paragraph 187 of the SAC, Defendants deny all allegations therein.

188. In answer to Paragraph 188 of the SAC, Defendants deny all allegations therein.

189. In answer to Paragraph 189 of the SAC, Defendants deny all allegations therein.

190. In answer to Paragraph 190 of the SAC, Defendants deny all allegations therein.

191. In answer to Paragraph 191 of the SAC, Defendants deny all allegations therein.

## FRIST CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against Chao)

192. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

193. In answer to Paragraph 193 of the SAC, Defendants deny all allegations therein.

194. In answer to Paragraph 194 of the SAC, Defendants deny all allegations therein.

195. In answer to Paragraph 195 of the SAC, Defendants deny all allegations therein.

196. In answer to Paragraph 196 of the SAC, Defendants deny all allegations therein.

197. In answer to Paragraph 197 of the SAC, Defendants deny all allegations therein.

198. In answer to Paragraph 198 of the SAC, including subsections (a) through (g), Defendants deny all allegations therein.

199. In answer to Paragraph 199 of the SAC, Defendants deny all allegations therein.

200. In answer to Paragraph 200 of the SAC, Defendants deny all allegations therein.

201. In answer to Paragraph 201 of the SAC, Defendants deny all allegations therein.

## SECOND CAUSE OF ACTION

### Aiding and Abetting Breach of Fiduciary Duty

### (Against Ding and Temujin Cayman)

202. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

203. In answer to Paragraph 203 of the SAC, Defendants deny all allegations therein.

204. In answer to Paragraph 204 of the SAC, Defendants deny all allegations therein.

205. In answer to Paragraph 205 of the SAC, including subsections (a) through (j), Defendants deny all allegations therein.

206. In answer to Paragraph 206 of the SAC, Defendants deny all allegations therein.

207. In answer to Paragraph 207 of the SAC, Defendants deny all allegations therein.

208. In answer to Paragraph 208 of the SAC, Defendants deny all allegations therein.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against Chao)

209. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

210. In answer to Paragraph 210 of the SAC, Defendants deny all allegations therein.

211. In answer to Paragraph 211 of the SAC, Defendants deny all allegations therein.

212. In answer to Paragraph 212 of the SAC, Defendants deny all allegations therein.

213. In answer to Paragraph 213 of the SAC, Defendants deny all allegations therein.

214. In answer to Paragraph 214 of the SAC, Defendants deny all allegations therein.

215. In answer to Paragraph 215 of the SAC, including subsections (a) through (h) Defendants deny all allegations therein.

216. In answer to Paragraph 216 of the SAC, Defendants deny all allegations therein.

1   217.   In answer to Paragraph 217 of the SAC, Defendants deny all allegations therein.

2   218.   In answer to Paragraph 218 of the SAC, Defendants deny all allegations therein.

3   **FOURTH CAUSE OF ACTION**

4   **Aiding and Abetting Breach of Fiduciary Duty**

5   **(Against Ding and Temujin Cayman)**

6   219.   Defendants incorporate all the answers of the preceding paragraphs as fully set

7   forth herein in answer to this alleged cause of action.

8   220.   In answer to Paragraph 220 of the SAC, Defendants deny all allegations therein.

9   221.   In answer to Paragraph 221 of the SAC, Defendants deny all allegations therein.

10  222.   In answer to Paragraph 222 of the SAC, including subsection (a) through (j),

11  Defendants deny all allegations therein.

12  223.   In answer to Paragraph 223 of the SAC, Defendants deny all allegations therein.

13  224.   In answer to Paragraph 224 of the SAC, Defendants deny all allegations therein.

14  225.   In answer to Paragraph 225 of the SAC, Defendants deny all allegations therein.

15  **FIFTH CAUSE OF ACTION**

16  **Conversion**

17  **(Against Chao and Ding)**

18  226.   Defendants incorporate all the answers of the preceding paragraphs as fully set

19  forth herein in answer to this alleged cause of action.

20  227.   In answer to Paragraph 227 of the SAC, Defendants deny all allegations therein.

21  228.   In answer to Paragraph 228 of the SAC, Defendants deny all allegations therein.

22  229.   In answer to Paragraph 229 of the SAC, Defendants deny all allegations therein.

23  230.   In answer to Paragraph 230 of the SAC, Defendants deny all allegations therein

24  231.   In answer to Paragraph 231 of the SAC, Defendants deny all allegations therein

25  232.   In answer to Paragraph 232 of the SAC, Defendants deny all allegations therein

26  233.   In answer to Paragraph 233 of the SAC, Defendants deny all allegations therein

27  234.   In answer to Paragraph 234 of the SAC, Defendants deny all allegations therein

28  235.   In answer to Paragraph 235 of the SAC, Defendants deny all allegations therein

1    236.   In answer to Paragraph 236 of the SAC, Defendants deny all allegations therein

## SIXTH CAUSE OF ACTION

### Conversion

### (Against Temujin Cayman)

237.   Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

238.   In answer to Paragraph 238 of the SAC, Defendants deny all allegations therein.

239.   In answer to Paragraph 239 of the SAC, Defendants deny all allegations therein.

240.   In answer to Paragraph 240 of the SAC, Defendants deny all allegations therein.

241.   In answer to Paragraph 241 of the SAC, Defendants deny all allegations therein.

242.   In answer to Paragraph 242 of the SAC, Defendants deny all allegations therein.

243.   In answer to Paragraph 243 of the SAC, Defendants deny all allegations therein.

244.   In answer to Paragraph 244 of the SAC, Defendants deny all allegations therein.

245.   In answer to Paragraph 245 of the SAC, Defendants deny all allegations therein.

246.   In answer to Paragraph 246 of the SAC, Defendants deny all allegations therein.

## SEVENTH CAUSE OF ACTION

### Fraudulent Inducement

### (Against Chao and Ding)

247.   Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

248.   In answer to Paragraph 247 of the SAC, Defendants deny all allegations therein.

249.   In answer to Paragraph 248 of the SAC, Defendants deny all allegations therein.

250.   In answer to Paragraph 249 of the SAC, Defendants deny all allegations therein.

251.   In answer to Paragraph 250 of the SAC, Defendants deny all allegations therein.

252.   In answer to Paragraph 252 of the SAC, Defendants deny all allegations therein.

253.   In answer to Paragraph 253 of the SAC, Defendants deny all allegations therein.

254.   In answer to Paragraph 254 of the SAC, Defendants deny all allegations therein.

255.   In answer to Paragraph 255 of the SAC, Defendants deny all allegations therein.

256. In answer to Paragraph 256 of the SAC, Defendants deny all allegations therein.

## EIGHTH CAUSE OF ACTION

### Fraudulent Inducement

### (Against Chao, Ding, and Temujin Cayman)

257. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

258. In answer to Paragraph 258 of the SAC, Defendants deny all allegations therein.

259. In answer to Paragraph 259 of the SAC, Defendants deny all allegations therein.

260. In answer to Paragraph 260 of the SAC, Defendants deny all allegations therein.

261. In answer to Paragraph 261 of the SAC, Defendants deny all allegations therein.

262. In answer to Paragraph 262 of the SAC, Defendants deny all allegations therein.

263. In answer to Paragraph 263 of the SAC, Defendants deny all allegations therein.

264. In answer to Paragraph 264 of the SAC, Defendants deny all allegations therein.


## NINTH CAUSE OF ACTION

### Breach of Contract

### (Against Chao and Ding)

265. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

266. In answer to Paragraph 266 of the SAC, Defendants deny all allegations therein.

267. In answer to Paragraph 267 of the SAC, Defendants deny all allegations therein.

268. In answer to Paragraph 268 of the SAC, Defendants deny all allegations therein.

269. In answer to Paragraph 269 of the SAC, Defendants deny all allegations therein.

## TENTH CAUSE OF ACTION

### Breach of Contract

### (Against Chao and Ding)

270. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

1   271.   In answer to Paragraph 271 of the SAC, Defendants deny all allegations therein.

2   272.   In answer to Paragraph 272 of the SAC, Defendants deny all allegations therein.

3   273.   In answer to Paragraph 273 of the SAC, including subsections (a) through (d),

4   Defendants deny all allegations therein.

5   274.   In answer to Paragraph 274 of the SAC, Defendants deny all allegations therein.

### ELEVENTH CAUSE OF ACTION

**Fraud**

**(Against Chao and Ding)**

9   275.   Defendants incorporate all the answers of the preceding paragraphs as fully set

10  forth herein in answer to this alleged cause of action.

11  276.   In answer to Paragraph 276 of the SAC, including subsections (a) through (i),

12  Defendants deny all allegations therein.

13  277.   In answer to Paragraph 277 of the SAC, including subsections (a) through (g),

14  Defendants deny all allegations therein.

15  278.   In answer to Paragraph 278 of the SAC, Defendants deny all allegations therein.

16  279.   In answer to Paragraph 279 of the SAC, Defendants deny all allegations therein.

17  280.   In answer to Paragraph 280 of the SAC, Defendants deny all allegations therein.

18  281.   In answer to Paragraph 281 of the SAC, Defendants deny all allegations therein.

### TWELFTH CAUSE OF ACTION

**Fraud**

**(Against Chao and Ding and Temujin Cayman)**

22  282.   Defendants incorporate all the answers of the preceding paragraphs as fully set

23  forth herein in answer to this alleged cause of action.

24  283.   In answer to Paragraph 283 of the SAC, including subsections (a) through (b),

25  Defendants deny all allegations therein.

26  284.   In answer to Paragraph 284 of the SAC, including subsections (a) through (b),

27  Defendants deny all allegations therein.

28  285.   In answer to Paragraph 285 of the SAC, Defendants deny all allegations therein.

1    286.    In answer to Paragraph 286 of the SAC, Defendants deny all allegations therein.

2    287.    In answer to Paragraph 287 of the SAC, Defendants deny all allegations therein.

3    288.    In answer to Paragraph 288 of the SAC, Defendants deny all allegations therein.

4    **THIRTEENTH CAUSE OF ACTION**

5    **Defamation**

6    **(Against Chao and Ding)**

7    289.    Defendants incorporate all the answers of the preceding paragraphs as fully set

8    forth herein in answer to this alleged cause of action.

9    290.    In answer to Paragraph 290 of the SAC, Defendants deny all allegations therein.

10    291.    In answer to Paragraph 291 of the SAC, including subsections (a) through (h),

11    Defendants deny all allegations therein.

12    292.    In answer to Paragraph 292 of the SAC, Defendants deny all allegations therein.

13    293.    In answer to Paragraph 293 of the SAC, Defendants deny all allegations therein.

14    294.    In answer to Paragraph 294 of the SAC, Defendants deny all allegations therein.

15    295.    In answer to Paragraph 295 of the SAC, Defendants deny all allegations therein.

16    **FOURTEENTH CAUSE OF ACTION**

17    **Civil Violations of the Racketeer Influenced and Corrupt Organizations Act**

18    **(18 U.S.C. § 1962(c))**

19    **(Against Chao and Ding)**

20    296.    Defendants incorporate all the answers of the preceding paragraphs as fully set

21    forth herein in answer to this alleged cause of action.

22    297.    In answer to Paragraph 297 of the SAC, Defendants deny all allegations therein.

23    298.    In answer to Paragraph 298 of the SAC, Defendants deny all allegations therein.

24    299.    In answer to Paragraph 299 of the SAC, Defendants deny all allegations therein.

25    300.    In answer to Paragraph 300 of the SAC, including subsections (a) through (f),

26    Defendants deny all allegations therein.

27    301.    In answer to Paragraph 301 of the SAC, Defendants deny all allegations therein.

28    302.    In answer to Paragraph 302 of the SAC, Defendants deny all allegations therein.

303. In answer to Paragraph 303 of the SAC, Defendants deny all allegations therein.

304. In answer to Paragraph 304 of the SAC, Defendants deny all allegations therein.

305. In answer to Paragraph 305 of the SAC, Defendants deny all allegations therein.

306. In answer to Paragraph 306 of the SAC, Defendants deny all allegations therein.

307. In answer to Paragraph 307 of the SAC, Defendants deny all allegations therein.

308. In answer to Paragraph 308 of the SAC, Defendants deny all allegations therein.

309. In answer to Paragraph 309 of the SAC, Defendants deny all allegations therein.

310. In answer to Paragraph 310 of the SAC, Defendants deny all allegations therein.

311. In answer to Paragraph 311 of the SAC, Defendants deny all allegations therein.

312. In answer to Paragraph 312 of the SAC, Defendants deny all allegations therein.

## FIFTEENTH CAUSE OF ACTION

**Conspiracy to Civil Violations of the Racketeer Influenced and Corrupt Organizations Act**

**(18 U.S.C. § 1962(d))**

**(Against Chao, Ding and Temujin Cayman)**

313. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

314. In answer to Paragraph 314 of the SAC, Defendants deny all allegations therein.

315. In answer to Paragraph 315 of the SAC, Defendants deny all allegations therein.

316. In answer to Paragraph 316 of the SAC, Defendants deny all allegations therein.

317. In answer to Paragraph 317 of the SAC, Defendants deny all allegations therein.

## SIXTEENTH CAUSE OF ACTION

**Unjust Enrichment**

**(Against All Defendants)**

318. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

319. In answer to Paragraph 319 of the SAC, including subsections (a) through (d), Defendants deny all allegations therein.

320. In answer to Paragraph 320 of the SAC, Defendants deny all allegations therein.

321. In answer to Paragraph 321 of the SAC, Defendants deny all allegations therein.

322. In answer to Paragraph 322 of the SAC, Defendants deny all allegations therein.

323. In answer to Paragraph 323 of the SAC, Defendants deny all allegations therein.

324. In answer to Paragraph 324 of the SAC, Defendants deny all allegations therein.

325. In answer to Paragraph 325 of the SAC, Defendants deny all allegations therein.

326. In answer to Paragraph 326 of the SAC, Defendants deny all allegations therein.

327. In answer to Paragraph 327 of the SAC, Defendants deny all allegations therein.

328. In answer to Paragraph 328 of the SAC, Defendants deny all allegations therein.

329. In answer to Paragraph 329 of the SAC, Defendants deny all allegations therein.

330. In answer to Paragraph 330 of the SAC, Defendants deny all allegations therein.

331. In answer to Paragraph 331 of the SAC, Defendants deny all allegations therein.

## SEVENTEENTH CAUSE OF ACTION

### Accounting

### (Against Chao and Ding)

332. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

333. In answer to Paragraph 333 of the SAC, Defendants deny all allegations therein.

334. In answer to Paragraph 334 of the SAC, Defendants deny all allegations therein.

335. In answer to Paragraph 335 of the SAC, Defendants deny all allegations therein.

## EIGHTEENTH CAUSE OF ACTION

### Accounting

### (Against Chao and Ding)

336. Defendants incorporate all the answers of the preceding paragraphs as fully set forth herein in answer to this alleged cause of action.

337. In answer to Paragraph 337 of the SAC, Defendants deny all allegations therein.

338. In answer to Paragraph 338 of the SAC, Defendants deny all allegations therein.

339. In answer to Paragraph 338 of the SAC, Defendants deny all allegations therein.

# AFFIRMATIVE DEFENSES

Defendants assert the following defenses in answer to the SAC.

1.     As a first affirmative defense, Defendants assert that the SAC fails to allege facts sufficient to state a claim against Defendants.

2.     As a second affirmative defense, Defendants assert that Plaintiff has not suffered recoverable damages as a result of the acts alleged in the SAC.

3.     As a third affirmative defense, Defendants assert that all or a portion of each of Plaintiff's claims are barred by the statute of limitations.

4.     As a fourth affirmative defense, Defendants assert that all or a portion of each of the Plaintiff's claims are barred by the doctrine of laches.

5.     As a fifth affirmative defense, Defendants assert that all or a portion of each of Plaintiff's claims are barred by the doctrines of wavier, ratification, and/or estoppel.

6.     As a sixth affirmative defense, Defendants assert that the plaintiff's claims are barred by the doctrine of unclean hands.

7.     As a seventh affirmative defense, Defendants assert that all or a portion of plaintiff's contract claims are barred by the statute of frauds.

8.     As an eighth affirmative defense, Defendants assert that all or a portion Plaintiff's claims are subject to the defense of consent.

9.     As ninth affirmative defense, Defendants assert that Plaintiff's defamation claim is subject to the defense of truth.

10.     As a tenth affirmative defense, Defendants assert that Plaintiff's defamation claim is subject to the defense that all or a portion of the statements were a statement of opinion.

11.     As an eleventh affirmative defense, Defendants assert that Plaintiff's defamation claim is subject to privilege the defense that all or a portion of such statements were subject to an absolute and/or qualified.

12.     As a twelfth affirmative defense, Defendants assert that Plaintiff's damages, as alleged in the SAC resulted, in whole or in part, from Plaintiff's failure to mitigate Plaintiff's alleged damages

13.    Defendants presently have insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate

## PRAYER

WHEREFORE, Defendants pray as follows:

1.    That Plaintiff takes nothing by reason of its [Second] Amended Complaint, and that judgment be rendered in favor of Defendants.

2.    That Defendants be awarded their costs of suit incurred in defense of this action;

3.    That Defendants be awarded attorney's fees for the defense of this action if they are entitled to such fees by contract or statute; and

4.    For such other relief that the Court deems proper.


DATED:  July 26, 2022                    Respectfully submitted,

HANSEN LAW FIRM, P.C.


By: /s/ Philip Yeager
Craig A. Hansen
Philip E. Yeager
Collin D. Greene
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Attorneys for Defendants Temujin Labs, Inc., a Cayman Islands Corporation, Lily Chao and Damien Ding