Craig A. Hansen (SBN 209622)
 Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
 Email: steve@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
 Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
 Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>PLAINTIFF,<br><br>v.<br><br>LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION),<br><br>DEFENDANTS,<br><br>and<br><br>EIAN LABS INC.,<br><br>NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC<br><br>**UPDATED CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>Complaint Filed: December 24, 2020<br><br>Judge:   Hon. Nathanael Cousins |

1    Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, this Court's Standing

2    Orders, and the Stipulation Re Continuance of Case Management Conference; Order (Dkt. No

3    156), Defendants[1] submit this Case Management Statement and Rule 26(f) Report in advance of

4    the Case Management Conference scheduled for September 28, 2022.   At 3:51 pm PT on

5    September 21, 2022, counsel for Defendants emailed counsel for Plaintiff to coordinate on the

6    submission of a joint CMC statement.  Counsel for Defendants did not respond until over four

7    hours later at 7:53 pm PT, well after business hours.  As such, counsel for Defendants could not

8    coordinate with counsel for Plaintiff regarding the submission of a joint CMC statement.

9    Defendants therefore file a separate CMC statement that only includes their updated positions

10   (those that have changed since the last Joint CMC Statement was filed on March 23, 2022, Dkt.

11   No. 134, and that were not included in the CMC statement filed by Plaintiff).

12   **A.    <u>Jurisdiction and Service</u>**

13       2.    <u>Defendants' Position</u>

14       Defendants do not dispute service, personal jurisdiction or venue and have filed an Answer

15   to the Second Amended Complaint (Dkt. No. 152).

16   **B.    <u>Relevant Factual Background</u>**

17       2. <u>Defendants' Statement Regarding Plaintiff's Allegations</u>

18       Defendants vigorously dispute all of Plaintiff's allegations.  Rather, it is Plaintiff that is

19   spinning an elaborate web of lies and deception, fabricating alleged partnerships, agreements and

20   representations that do not exist and never have.  It is Plaintiff that has sought to harm, steal

21   from, and defraud Defendants and the Temujin business.

22       For example, Plaintiff's complaint starts out by falsely identifying the Defendants in the

23   action. Plaintiff knows that Lily Chao ("Chao") and Yuting Chen ("Chen") are two separate

24   individuals. Plaintiff also knows that the watch business involved Chen, whereas the crypto

25   business involved Chao.

26       Regarding the watch business, Defendants dispute that there was a 50/50 partnership

27

28   _____

[1]  Plaintiff named the Defendants as follows in the caption:  Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"), and Temujin Labs Inc., a Cayman Islands corporation ("Temujin Cayman").

1   between Abittan and the individual defendants. Abittan does not co-own any watch with the

2   individual defendants, and Abittan did not make an "original" investment of $1,139,270.  On the

3   contrary, on information and belief, Abittan still owes Chen a substantial amount for the

4   proceeds of reselling watches that Chen acquired, in addition to watches and sales proceeds

5   unaccounted for that Abittan is responsible for. As a result, Abittan currently owes Chen

6   millions of dollars in the watch business.

7         Regarding the crypto business, Temujin helped develop blockchain-based financial

8   technology known as "Findora."  The Findora blockchain facilitates blockchain transaction

9   processing in a way that is both auditable and preserves user privacy.

10        Early in the crypto business, Abittan voluntarily transferred Eian Lab's intellectual

11  property to discharge a substantial debt of $300,000. The transfer was evidenced by a duly

12  executed agreement, the authenticity of which has never been disputed by Abittan.  This action

13  brought by Abittan is at most a case of seller's remorse. At worst, it is a calculated double-dip by

14  Abittan to reap an unjustified gain on a speculative tech startup by fraudulently claiming an

15  ownership interest in it.

16        Around October 2020, Abittan began to foment discord among Temujin's employee and

17  advisor base, claiming that he owned some portion of Temujin's business and intellectual

18  property. Ultimately, Abittan's misstatements disrupted Temujin's employee and advisor base,

19  leading several of them to attempt to undermine the business.

20        Plaintiff's assertions were false.  Plaintiff had no rightful claim to ownership in Temujin

21  or to any intellectual property related to Temujin or Findora. As noted, over a year and a half

22  earlier, in his capacity as a shareholder of a different entity, he had approved in writing the sale

23  of the intellectual property assets at issue to Temujin Cayman.  Plaintiff's ownership assertions,

24  while false, had their intended effect, and precipitated a string of employee and advisor

25  defections from Temujin's business, accompanied by various forms of interference with the

26  business. Plaintiff conspired with Temujin Delaware's then-CEO and an advisor to Temujin to

27  interfere with Temujin's business, thereby damaging it.  These claims are the subject of a

28  pending state court action filed by Temujin Delaware against Abittan and others that is currently

1   pending in the Superior Court of Santa Clara County.

2          In an effort to justify his lies, deception, and wrongful interference, Plaintiff has resorted

3   to meritless claims in both this Court and the Superior Court of Santa Clara County against

4   Defendants and the Temujin business.  It appears that Plaintiff is intent on maximizing the use of

5   judicial resources.  Having had his Complaint in this Court against Temujin Delaware dismissed

6   because it should have been brought as a counterclaim in the earlier-filed Superior Court action

7   by Temujin Delaware, Abittan has now filed a Cross-Complaint in the Superior Court action

8   naming the same two entities and two individuals that he named as defendants in this case,

9   together with another twenty entities and individuals that he again alleges were part of a "RICO

10  enterprise" and "fraudulent scheme."  Apart from the vastly expanded number of cross-

11  defendants in the state court action, Abittan raises nearly identical claims to those asserted in this

12  Court (except for the derivative claims on purported behalf of Eian Labs Inc.).

13         As such, Abittan's meritless claims are being litigated in two separate courts.  Abittan's

14  bizarre and unsupported allegations, including that Defendants masterminded a "RICO

15  enterprise" and "fraudulent scheme" are merely an extension of Plaintiff's all-out baseless war

16  against Defendants and the Temujin business.

17  **C.**     **Legal Issues**

18         2. Defendants' Position

19         The Defendants dispute Plaintiff's allegations, as detailed in their Answer to the Second

20  Amended Complaint.

21  **D.**     **Motions**

22

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Defendant Temujin Labs Inc. (Delaware) | Motion to Dismiss Complaint filed 4/9/21 | Granted on 7/19/21 |
| Individual Defendants and Temujin Labs Inc. (Cayman) | Motion to Dismiss, or in the Alternative Quash Service of Summons filed 5/28/21 | Granted on 7/19/21 |
| Individual Defendants, Temujin Labs Inc. (Cayman), Temujin Labs Inc. (Delaware) | Administrative Motion to Continue Case Management Conference and Associated Deadlines filed on 7/2/21 | Denied on 7/6/21 |

| Plaintiff Ariel Abittan | Motion for an Order Allowing Defendants Lily Chao and Damien Ding to be Served (1) Through Counsel, (2) Through Temujin Labs Inc. (Delaware)'s Registered Agent, (3) By Text, or (4) By Publication filed on 9/20/21 | Granted on 11/24/21 |
|---|---|---|
| Defendant Temujin Labs Inc. (Cayman) | Motion to Dismiss Complaint filed on 11/8/21 | Granted on 5/20/22 |
| Plaintiff Ariel Abittan | Motion to Stay filed 1/12/22 | Denied on 2/7/22 |
| Plaintiff Ariel Abittan | Motion for Leave to File Amended Complaint filed on 2/23/22 | Terminated as moot on 5/20/22 (ECF 141) |
| Defendant Temujin Labs Inc. (Cayman) and Individual Defendants | Motion to Strike Portions of Plaintiff's Amended Complaint | Terminated on 7/4/22 (Dkt No. 148) |

Defendants submit that this Court should dismiss the action and allow the claims at issue in this case to be litigated in the state forum currently pending in Santa Clara County Superior Court, Case No. 20CV372622 (the "State Action"). Defendants also submit that motions for summary judgment and/or other substantive motions may be appropriate in due course.

Defendants also alert the Court to their filing on September 21, 2022 in the State Action, of a Motion (1) to Disqualify Roche Freedman LLP; (2) to stay that Court's August 22, 2022 Discovery Order pending resolution of the motion to disqualify; and (3) to request clarification of the that Court's August 22, 2022 Discovery Order regarding whether the individual defendants must produce their Chinese character names (as opposed to only their English language names). That Motion is currently set to be heard on October 27, 2022. Defendants may need to bring a similar motion to disqualify in this action.

**H.    Discovery**

**2.  Defendants' Rule 26(f) Report:**

Defendants provide the following information in connection with the Rule 26(f) Report:

a.    Proposed Changes to Rule 26(a)(1) Disclosures

i.    Defendants provided their initial disclosures on December 1, 2021.

ii.    No changes to the standard requirements are necessary.

b.      Scope and Subjects of Discovery

i.      Without prejudice to Defendants' rights to seek discovery on any relevant issues, Defendants contemplate that they will need and seek discovery from Plaintiff and any relevant non-party regarding Plaintiff's claims and theories of liability and damages, as well as Defendants' defenses.

ii      Defendants contemplate that Plaintiff will seek discovery from Defendants and others regarding Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

iii.    The anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of the parties; and (4) oral depositions of third parties.

iv.     Defendants submit that the parties should not be permitted to serve written discovery or take depositions until the pending motion to disqualify filed in the State Action has been adjudicated.

v.      Defendants agree that supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

vi.     Defendants agree that discovery deadlines shall be set by the Court and respectfully submits that these should be set after the pending motion to disqualify filed in the State Action has been adjudicated.

c.      Issues Relating to Electronically Stored Information

i.      Defendants do not anticipate any issues relating to disclosure or discovery of electronically stored information.

ii.     The parties will address any such issues in the event they arise.

d.      Procedures for Resolving Disputes Regarding Claims of Privilege

i.      Defendants agree that Rule 26(b)(5) should apply to any claims of

privilege or protecting materials asserted as being for trial-preparation.

      ii.      Defendants agree that this proposed procedure should be adopted within the Court's further orders.

    f.    <u>Other Orders</u>

      i.      Because disclosure and discovery activity in this action is likely to involve the production of highly sensitive confidential information, Defendants will seek a protective order based on the Court's model protective orders, with appropriate modifications as necessary.  Defendants will work with Plaintiff to seek to agree a proposed protective order to be submitted to the Court for approval.

      ii.      Defendants submit that a scheduling order under Rule 16(b) should not be entered until the pending motion to disqualify filed in the State Action has been adjudicated.

      iii.      Defendants do not request an order under Rule 16(c) at this time.

    g.    <u>Changes in Discovery Limitations</u>

      i.      Defendants anticipate that they will need to take more than ten (10) depositions because of the extensive (but false) allegations by Plaintiff and with respect to their defenses.  Defendants also anticipate that they will need an additional ten (10) interrogatories, making a total of 35, because of the Plaintiff's allegations.

      ii.      Otherwise, Defendants do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserve the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**K.**    **<u>Relief</u>**

    2.  <u>Defendants' Statement</u>

    The Defendants dispute Plaintiff's allegations, as detailed in their Answer to the Second Amended Complaint, and deny that they have caused any injury to Plaintiff and deny that he is entitled to the relief he seeks or any relief.

1    **Q.      Scheduling**

2            Defendants respectfully submit that the Court set deadlines after the pending motion to

3    disqualify is adjudicated in the State Action.

4

5    Dated: September 23, 2022                    Respectfully Submitted,

6

7

8                                                 */s/ Craig Hansen*
                                                  Craig Hansen (CBN 209622)
9                                                 HANSEN LAW FIRM, P.C.
                                                  75 E. Santa Clara St., Suite 1250
10                                                San Jose, CA 95113
                                                  Telephone: (408) 715-7980
11                                                Facsimile: (408) 715-7001
                                                  craig@hansenlawfirm.net
12
                                                  *Counsel for Defendants*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28