Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce
(CA Bar No. 336906)
ROCHE FREEDMAN LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email: ceconomides@rochefreedman.com
          bpierce@rochefreedman.com

*Attorneys for Ariel Abittan, Abraham
Abittan, Rachel Abittan, Brian Abittan,
Jacob Abittan, Alyssa Abittan, Eliana
Abittan, Roy Graber, Tova Graber, and
Realtime NY LLC*

Craig A. Hansen (SBN 209622)
  Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
  Email: steve@hansenlawfirm.net
Sarah Wager (SBN 209277)
  Email: sarah@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
  Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
  Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

Jingjing Ye (Admitted Pro Hac Vice)
Email: yelaw@pm.me
YE & ASSOCIATES, PLLC
3400 N Central Expy Suite 110-132
Richardson, TX 75080
Telephone (469) 410-5232

*Attorneys for Yuting Chen, Lily Chao,
Damien Ding, and Temujin Labs Inc., a
Cayman Islands Corporation*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN, <br><br> PLAINTIFF, <br><br> v. <br><br> LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), <br><br> DEFENDANTS, | Case No. 20-CV-09340-NC <br><br> Case No. 21-CV-09393-NC <br><br><br> **UPDATED INITIAL JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** <br><br> Complaints Filed: December 24, 2020 and December 3, 2021 |

Judge:   Hon. Nathanael Cousins

and

EIAN LABS INC.,

NOMINAL DEFENDANT.

YUTING CHEN,

Plaintiff,

v.

ARIEL ABITTAN, ABRAHAM ABITTAN,
RACHEL ABITTAN, BRIAN ABITTAN,
JACOB ABITTAN, ALYSSA ABITTAN,
ELIANA ABITTAN, ROY GRABER, TOVA
GRABER, REALTIME NY LLC, a New York
Limited Liability Company, and DOES 1-20,
inclusive.

Defendants.

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, this Court's Standing Orders, and this Court's September 24, 2022 Order Striking Separately Filed Case Management Statements and Directing Filing of Joint Statement (ECF No. 159 in Case No. 20-CV-09340-NC and ECF No. 56 in Case No. 21-CV-09393-NC) ("September 24, 2022 Order), Plaintiff Ariel Abittan ("Abittan" or "Abittan Case Plaintiff") and Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"), and Temujin Labs Inc., a Cayman Islands corporation ("Temujin Cayman"; collectively with Chao and Ding, "Abittan Case Defendants") in Case No. 20-CV-09340-NC ("Abittan Case") and Plaintiff Yuting Chen ("Chen" or "Chen Case Plaintiff") and Defendants Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (collectively, "Chen Case Defendants") in Case No. 21-CV-09393-NC ("Chen Case") (collectively, the parties in both cases are referred to as the "Parties"), jointly submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conferences scheduled for September 28, 2022.

1. **Jurisdiction and Service**

**Abittan Case:**

A.   Abittan Case Plaintiff's Position

This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy between the parties exceeds $75,000. This court also possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction as to Counts Six and Seven pursuant to 18 U.S.C. §§ 1962 and 1964. This Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the remaining causes of action.

All parties have been served.

There are no issues regarding personal jurisdiction or venue.

B.   Abittan Case Defendants' Position

Abittan Case Defendants do not dispute service, personal jurisdiction or venue and have filed an Answer to the Second Amended Complaint (Dkt. No. 152).

**Chen Case:**

A.    Chen Case Plaintiff's Position

This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy between the parties exceeds $75,000 and there is complete diversity.

All parties have been served and have answered.

B.    Chen Case Defendants' Position

At this time, Chen Case Defendants lack knowledge or information sufficient to form a belief about whether this Court possesses subject matter jurisdiction over this matter because Defendants do not know the person suing them.

Chen Case Defendants allege that personal jurisdiction over Chen Case Defendants, other than Ariel Abittan, is lacking. Chen Case Defendants, other than Ariel Abittan, do not consent to personal jurisdiction or waive any challenges to personal jurisdiction. Chen Case Defendants Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Portal (née Abittan), Eliana Abittan, Roy Graber, Tova Graber, and RealTime NY, LLC do not own any assets or conduct any business in California. Chen Case Defendants Brian Abittan, Jacob Abittan, Alyssa Portal (née Abittan), Roy Graber, Tova Graber have not had any contact with California in over fifteen (15) years. Chen Case Defendants Abraham Abittan and Rachelle Abittan have spent approximately twenty-four (24) hours in California in the last fifteen (15) years. Approximately two (2) of those hours were spent with Ariel Abittan's business partner, who used the name Tiffany Chen (not Yuting Chen). Chen Case Defendant Eliana Abittan, accompanied by her children, made one social visit to the California home of Ariel Abittan's business partner, who used the name Tiffany Chen (not Yuting Chen). Chen Case Defendant RealTime NY LLC ("RealTime") is a limited liability company formed under the laws of New York with its principal place of business in Lawrence, New York. RealTime buys and sells ultra-luxury watches from and to people throughout the United States and the world. RealTime primarily uses dealers located outside of California and passive online platforms to conduct its business. RealTime does not purposefully direct its business into California over any other domestic or foreign jurisdiction.

All Chen Case Defendants have been served or accepted service.

2.    **Relevant Factual Background**

**Abittan Case:**

A.      Summary of Abittan Case Plaintiff's Factual Allegations

Abittan Case Plaintiff's action arises from a multi-year fraudulent scheme orchestrated by Abittan Case Defendants. After spending approximately two years working together as 50/50 partners in a luxury watch re-sale business—in which Abittan still co-owns 24 watches with Ding and Chao worth at least five times his original investment of $1,139,270—Abittan, Chao, and Ding founded a cryptocurrency and blockchain project in 2018 currently known to the public as Findora.

Personal anonymity and corporate misdirection were the foundation of Chao's and Ding's fraudulent scheme. While reassuring Abittan that he had an interest in all aspects of Findora, Chao and Ding fraudulently formed numerous shell companies through a series of forged contracts, false filings, and misrepresentations about ownership. Chao and Ding then acted as general managers of those entities while defrauding Abittan and investors out of millions of dollars.

While unaware of Chao and Ding's fraud, Abittan worked in good faith to make Findora a success. Ding and Chao consistently represented that they had secured or were securing investments in Findora from major players in China, including a $230,000,000 investment in tokens and another $50,000,000 investment. In reliance on Chao's misrepresentation, Abittan secured $1,200,000 in investments for Findora from his friends and family. When Findora failed to issue a token and investors demanded their money back, Chao induced the investors to roll their investments into a new deal with Findora by presenting a term sheet showing a $10,000,000 incoming investment from China Orient Group, at a $60,000,000 valuation for Findora. To date, Plaintiff's friends and family have received neither their tokens nor a return of their investments.

On July 3, 2019, Abittan, Chao, and Ding met to discuss repayment of investor funds, as well as the repayment of over $600,000 of credit card expenses that Chao (and her agents, including Yuting Chen (to the extent Chao and Chen are different people)) had incurred on Abittan's personal credit. At that meeting, Chao and Ding presented Abittan with a single-page document tilted a "Unanimous Action of Members" ("UAM") that, at the time, Chaoand Ding claimed was a corporate formality to preserve the rights of Findora's shareholders. The terms of the UAM state

that Eian owed $300,000 to Temujin Labs Inc. but lacked "sufficient assets" to repay that debt. The document then purports to authorize Eian to sell its assets to Temujin Labs Inc. for $1 and a discharge of the $300,000 debt. Defendants contend that the UAM represents Abittan's consent to transfer the Findora name and intellectual property (purportedly valued at **$60,000,000**) from Eian—the corporate entity of which Abittan was at least a 39.6% beneficial owner—to Temujin Cayman—a new entity formed by Ding and Chao in which Abittan purportedly has no stake—for **absolutely nothing**.

Following the execution of the UAM, Ding and Chao shut Abittan out of Findora, omitted Abittan from Findora's new website, and prevented Abittan from accessing his Findora-related email accounts. Chao and Ding falsely told numerous individuals that Abittan was not a founder of Findora and that Abittan had made false promises to investors. Chao also failed to make good on numerous promises to repay the debt incurred on Abittan's credit.

In sum, Chao and Ding inspired both Abittan's loyalty and his deference, first through a watch partnership and, second, through promises of success if Abittan followed Chao's and Ding's business advice. And once Chao and Ding knew they had Abittan's full trust, they weaponized it to steal Findora and millions of dollars from investors and Abittan. In the process, Ding and Chao defamed Abittan to countless individuals, incurred over $600,000 of debt on Abittan's personal credit, converted millions of dollars' worth of watches, and stole an additional $1,200,000 from Abittan's friends and family.

**B.**    Summary of Abittan Case Defendants' Factual Allegations

Abittan Case Defendants vigorously dispute all of Abittan Case Plaintiff's allegations. Rather, it is Abittan Case Plaintiff that is spinning an elaborate web of lies and deception, fabricating alleged partnerships, agreements and representations that do not exist and never have. It is Abittan Case Plaintiff that has sought to harm, steal from, and defraud Abittan Case Defendants and the Temujin business.

For example, Abittan Case Plaintiff's complaint starts out by falsely identifying the Abittan Case Defendants in the action. Abittan Case Plaintiff knows that Lily Chao ("Chao") and

1   Yuting Chen ("Chen") are two separate individuals. Abittan Case Plaintiff also knows that the

2   watch business involved Chen, whereas the crypto business involved Chao.

3        Regarding the watch business, Abittan Case Defendants dispute that there was a 50/50

4   partnership between Abittan and the individual defendants. Abittan does not co-own any watch

5   with the individual defendants, and Abittan did not make an "original" investment of

6   $1,139,270.  On the contrary, on information and belief, Abittan still owes Chen a substantial

7   amount for the proceeds of reselling watches that Chen acquired, in addition to watches and

8   sales proceeds unaccounted for that Abittan is responsible for. As a result, Abittan currently

9   owes Chen millions of dollars in the watch business.

10       Regarding the crypto business, Temujin helped develop blockchain-based financial

11  technology known as "Findora."  The Findora blockchain facilitates blockchain transaction

12  processing in a way that is both auditable and preserves user privacy.

13       Early in the crypto business, Abittan voluntarily transferred Eian Lab's intellectual

14  property to discharge a substantial debt of $300,000. The transfer was evidenced by a duly

15  executed agreement, the authenticity of which has never been disputed by Abittan.  This action

16  brought by Abittan is at most a case of seller's remorse. At worst, it is a calculated double-dip by

17  Abittan to reap an unjustified gain on a speculative tech startup by fraudulently claiming an

18  ownership interest in it.

19       Around October 2020, Abittan began to foment discord among Temujin's employee and

20  advisor base, claiming that he owned some portion of Temujin's business and intellectual

21  property. Ultimately, Abittan's misstatements disrupted Temujin's employee and advisor base,

22  leading several of them to attempt to undermine the business.

23       Abittan Case Plaintiff's assertions were false.  Abittan Case Plaintiff had no rightful

24  claim to ownership in Temujin or to any intellectual property related to Temujin or Findora. As

25  noted, over a year and a half earlier, in his capacity as a shareholder of a different entity, he had

26  approved in writing the sale of the intellectual property assets at issue to Temujin Cayman.

27  Plaintiff's ownership assertions, while false, had their intended effect, and precipitated a string

28  of employee and advisor defections from Temujin's business, accompanied by various forms of

1   interference with the business. Abittan Case Plaintiff conspired with Temujin Delaware's then-

2   CEO and an advisor to Temujin to interfere with Temujin's business, thereby damaging it.

3   These claims are the subject of a pending state court action filed by Temujin Delaware against

4   Abittan and others that is currently pending in the Superior Court of Santa Clara County.

5       In an effort to justify his lies, deception, and wrongful interference, Abittan Case Plaintiff

6   has resorted to meritless claims in both this Court and the Superior Court of Santa Clara County

7   against Abittan Case Defendants and the Temujin business.  It appears that Abittan Case Plaintiff

8   is intent on maximizing the use of judicial resources.  Having had his Complaint in this Court

9   against Temujin Delaware dismissed because it should have been brought as a counterclaim in

10  the earlier-filed Superior Court action by Temujin Delaware, Abittan has now filed a Cross-

11  Complaint in the Superior Court action naming the same two entities and two individuals that he

12  named as defendants in this case, together with another twenty entities and individuals that he

13  again alleges were part of a "RICO enterprise" and "fraudulent scheme."  Apart from the vastly

14  expanded number of cross-defendants in the state court action, Abittan raises nearly identical

15  claims to those asserted in this Court (except for the derivative claims on purported behalf of

16  Eian Labs Inc.).

17      As such, Abittan's meritless claims are being litigated in two separate courts.  Abittan's

18  bizarre and unsupported allegations, including that Abittan Case Defendants masterminded a

19  "RICO enterprise" and "fraudulent scheme" are merely an extension of Abittan Case Plaintiff's

20  all-out baseless war against Abittan Case Defendants and the Temujin business.

21      **Chen Case:**

22      **A.**    <u>Summary of Chen Case Plaintiff's Factual Allegations</u>

23      Chen Case Plaintiff's action arises from a fraudulent scheme orchestrated by <u>Chen Case</u>

24  Defendants, namely Ariel Abittan, against Chen Case Plaintiff.  Chen Case Plaintiff is a wealthy

25  Chinese immigrant with a limited command of the English language and of American culture.  Chen

26  Case Defendant Ariel Abittan and his immediate and extended family, who comprise the other

27  Chen Case Defendants, learned of Chen Case Plaintiff's financial status and lack of business

28  sophistication and dubbed her as a prime target for a calculated scheme to defraud Chen Case

Plaintiff, and later her friends, for millions of dollars.  With Chen Case Defendant Ariel Abittan as the front man, the Chen Case Defendants concocted countless fabricated stories in order to gain and maintain Chen Case Plaintiff's confidence in his family's wealth and their exclusive connections in the form of celebrities, politicians and the business elite. The sole purpose of their web of lies was to entice Chen Case Plaintiff into conducting business with Ariel Abittan so that Chen Case Defendants could infiltrate her life and rip her off. That's exactly what happened.

Starting in or around 2015, Chen Case Plaintiff developed an interest in luxury watches and discovered that they had a good resale value in secondary markets. Initially as a hobby, Chen Case Plaintiff started trading extremely high-end, exclusive and highly sought-after luxury watches.  Her trade gradually became more frequent that morphed into a business wherein she would purchase the luxury watches from retailers that she believed to be good investments, then resell them in the secondary market. She found interested buyers through personal connections and online platforms.

Through deception and lies, Ariel Abittan conned his way into forming and maintaining a regular business relationship with Chen Case Plaintiff in connection with her watch business. Through this business relationship, Chen Case Defendants perpetrated fraud to gain Chen Case Plaintiff's trust and infiltrated her life, taking advantage of her lifestyle, tricking her into bad business deals, and cheating her out of millions.  In particular, Ariel Abittan convinced Chen Case Plaintiff to give him various watches to show potential buyers.  Ariel Abittan claimed to have sold some watches, and wired some portions of some sale proceeds back to Chen Case Plaintiff, but not in full.  When Chen Case Plaintiff demanded complete payment and an accurate accounting of the profits, Ariel Abittan would come up with some excuses as to why he could not pay the total amount back to Plaintiff.  For example, Ariel Abittan told Chen Case Plaintiff that some customers required financing, hence he could only send her partial payments. But Ariel Abittan did not follow up with any arrears from the people who supposedly financed or documentation on the investment he did for Plaintiff. At other times, Ariel Abittan told Chen Case Plaintiff that he had held onto and invested the money for her in other ventures based on his financial background and she would get it back plus additional investment income. Chen Case Plaintiff, however, never received a dime from Ariel Abittan for any such purported investment. Further, there are 12 watches Ariel Abittan

took from Chen Case Plaintiff for which Chen Case Plaintiff has received zero payment and no confirmation as to the status of the watches – whether they remain in Ariel Abittan's possession or have been sold. In sum, through various lies, Ariel Abittan underpaid Chen Case Plaintiff not only for the profit that she deserved, but even the out-of-pocket acquisition costs she paid. Taking advantage of her inexperience in business finance, he steadily bled her business and embezzled the proceeds.

Chen Case Defendant Ariel Abittan also defrauded Chen Case Plaintiff in relation to payment of his credit card debt. Specifically, he stated that he wanted to have a higher credit line on the credit cards and asked Chen Case Plaintiff and her friends to use those cards on his behalf. He stated that those cards came with premium points and he could give some of the points to Chen Case Plaintiff and her friends to use. Believing Ariel Abittan, Chen Case Plaintiff and her friends started using and repaying the credit cards. However, after a few billing cycles, Chen Case Plaintiff and her friends started to find that they might not be the only persons using the cards. From month to month, they would be paying more to the credit cards than they would be able to use. For over a year, Chen Case Plaintiff paid back on Ariel Abittan's credit cards over a million dollars. However, she was not able to use all the credit that she paid off. Essentially, Chen unwittingly paid off Ariel Abittan's credit card debt. The overall discrepancy between the amount Chen Case Plaintiff used on the card and the amount she paid out was over $400,000.

When Chen Case Plaintiff figured out that Ariel Abittan was a con artist she cut ties with him, so Chen Case Defendants tried to extort her. The Chen Case Defendants demanded that Chen Case Plaintiff immediately pay $4.5 million, threatening that failure to comply would result in grave harm to Chen Case Plaintiff and her family, as well as a lawsuit against Chen Case Plaintiff personally.

Chen Case Plaintiff seeks recovery in this action for her tremendous financial losses resulting from her business relationship with Ariel Abittan, induced and maintained with the assistance of the remining co-conspirator Chen Case Defendants who are believed to have financially benefitted from the business transactions, and mental/emotional anguish resulting from their deceitful and malicious conduct.

1

2          **B.**      Chen Case Defendants' Statement Regarding Plaintiff's Allegations

3          At this time, Chen Case Defendants lack knowledge or information sufficient to fully

4   respond to Chen Case Plaintiff's allegations because Chen Case Defendants do not know who is

5   suing them.

6          On December 24, 2020—nearly a full year before this action commenced— Chen Case

7   Defendant Ariel Abittan filed commenced the Abittan Case against a woman with whom he had

8   been conducting business for more than four years. When Ariel Abittan first met the woman, she

9   used the name "Tiffany Chen." Subsequently, Tiffany Chen told Ariel Abittan to call her "Lily

10  Chao" in public. Irrespective of the names she used publicly, the woman—for years—directed Ariel

11  Abittan to wire her money to a bank account in the name of Yuting Chen and to mail her packages

12  using a mailing address associated with Yuting Chen. The woman claimed to own a house and an

13  apartment leased under the name Yuting Chen. Consequently, Ariel Abittan believed that the

14  woman had a legal name of Yuting Chen, with aliases of Tiffany Chen and Lily Chao.

15         As Plaintiff acknowledges in the complaint, "a great deal" of Ariel Abittan's and the

16  woman's "business was conducted in person." [ECF No. 1] ¶ 46. As alleged, "Ariel Abittan would

17  fly regularly to California and meet Chen in her residential city of Atherton." *Id.* Indeed, on

18  approximately two dozen occasions, Ariel Abittan stayed at the woman's home. Ariel Abittan spent

19  hundreds of hours working face-to-face with the woman and her husband to buy and sell ultra-

20  luxury watches and, eventually, to build a successful financial technology business.

21         In or around December of 2017, Ariel Abittan invited the woman (and her husband) to Chen

22  Case Defendant Jacob Abittan's wedding, where the woman met many of the Chen Case

23  Defendants for the first (and only) time. The woman—who was only accompanied by her husband

24  and no other women—introduced herself as Tiffany Chen. Later on, Chen Case Defendants

25  Abraham Abittan, Rachel Abittan, and Eliana Abittan knew that the woman used the name Lily

26  Chao. Chen Case Defendants Roy and Tova Graber never met the woman at all. Regardless of the

27  name, there was one woman with whom Ariel Abittan conducted business. Some of Ariel Abittan's

28  relatives, named as Chen Case Defendants in this litigation, met that woman. Other Chen Case

1   Defendants did not. Ariel Abittan never did business with a second woman going by any of those

2   names, and none of the other Chen Case Defendants ever met a second female business partner or

3   business contact of Ariel Abittan.

4        When Ariel Abittan's and the woman's business relationship soured, Ariel Abittan sued the

5   woman as "Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen)" in the Related Federal Action and

6   as Yuting Chen (a/k/a Tiffany Chen, a/k/a Lily Chao) in a related state action.[1] Ariel Abittan alleges

7   in both of those actions that, *inter alia*, he and the woman partnered to buy and sell ultra-luxury

8   watches, she failed to pay Ariel Abittan his share of the proceeds from several watch sales, she

9   failed to contribute her share of the cost to acquire certain watches, and she sold or retained twenty-

10  four (24) watches for which Ariel Abittan has received no compensation. *See, e.g.*, Related Federal

11  Action, [ECF No. 1] at ¶¶ 196-98.

12       On July 9, 2021, Yuting Chen filed a sworn declaration in the Abittan Action, stating: "I

13  am aware that plaintiff Ariel Abittan has submitted a declaration in this matter in which he makes

14  allegations about an individual who he claims is Lily Chao, and that in this case, he appears to

15  confuse me with Lily Chao. I am not lily [sic] Chao and Lily Chao is not my sister." Related Federal

16  Action, [ECF No. 74]. The declarant did **not** clarify whether she is the former business partner

17  against whom Ariel Abittan has raised claims. She did not acknowledge that she has used the name

18  Lily Chao as an alias. She did not acknowledge that Lily Chao is a different individual whom she

19  knows. And she did not attempt to clear up the source of any issues of mistaken identity.

20       Instead, on December 3, 2021, Yuting Chen—represented by the same counsel appearing

21  on behalf of Lily Chao in the Abittan Case and on behalf of Yuting Chen in the Related State

22  Action—filed the instant complaint. Counsel and their client(s) appear to be taking the position that

23  Yuting Chen is a different person than Lily Chao, that Yuting Chen is the person who engaged in

24  the watch business with Ariel Abittan, and that Lily Chao is a third-party with no connection to the

25  watch transactions described in either complaint. Yet, counsel and their client(s) have refused to

26

27

28  ---
[1] *See Temujin Labs Inc., et al. v. Ariel Abittan, et. al.*, Superior Court of California, County of Santa Clara, Case No. 20CV372622

state those precise facts under oath via a declaration or produce any evidence that identifies Yuting Chen as the woman with whom Ariel Abittan conducted business.

In sum, Ariel Abittan was engaged in one watch business with one woman between 2016 and 2020 and that person used the name Lily Chao, Tiffany Chen, and Yuting Chen at different times in different contexts. Until that person identifies herself under oath, Chen Case Defendants are left wondering exactly *who* Chen Case Plaintiff is. If she is not the woman who used the names "Lily Chao" and "Tiffany Chen," then this action is frivolous.

In any event, each and every allegation related to Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, and Tova Graber (the "Family Defendants") is both legally and factually baseless. Aside from being Ariel Abittan's family members, the Family Defendants have no relationship to Ariel Abittan's watch business. They have never sold a luxury watch, purchased a luxury watch for resell, received a luxury watch as a gift, shared in the proceeds of a luxury watch sale, or benefited from the sale of a luxury watch.

**3.** **Legal Issues**

**Abittan Case:**

A.  Abittan Case Plaintiff's Position

Abittan Case Plaintiff anticipates the following disputed points of law, among others, will arise in this case:

- Whether Abittan Case Defendants are liable for breach of fiduciary duty;
- Whether Abittan Case Defendants are liable for aiding and abetting breach of fiduciary duty;
- Whether Abittan Case Defendants are liable for fraudulent inducement;
- Whether Abittan Case Defendants are liable for unjust enrichment;
- Whether Abittan Case Plaintiff is entitled to an accounting;
- Whether Abittan Case Defendants are liable for violations of Civil Rico (18 U.S.C. §§ 1962(c); 1962(d));
- Whether Abittan Case Defendants are liable for fraud;
- Whether Abittan Case Defendants are liable for breach of contract;

1    •      Whether Abittan Case Defendants are liable for defamation.

2    B.  <u>Abittan Case Defendants' Position</u>

3    The Abittan Case Defendants dispute Abittan Case Plaintiff's allegations, as detailed in

4    their Answer to the Second Amended Complaint.

5    **Chen Case:**

6    A.  <u>Chen Case Plaintiff's Position</u>

7    Chen Case Plaintiff anticipates the following disputed points of law, among others, will

8    arise in this case:

9    •      Whether Chen Case Defendant Ariel Abittan is liable for breach of contract related

10        to the watch business;

11   •      Whether Chen Case Defendant Ariel Abittan is liable for breach of contract related

12        to the credit card debt;

13   •      Whether Chen Case Defendant Ariel Abittan is liable for breach of fiduciary duty;

14   •      Whether the Chen Case Co-Defendant family members are liable for aiding and

15        abetting breach of fiduciary duty;

16   •      Whether Chen Case Defendants are liable for fraud;

17   •      Whether Chen Case Defendant Ariel Abittan is liable for conversion;

18   •      Whether Chen Case Defendants are liable for unjust enrichment;

19   •      Whether a constructive trust should be imposed against the Chen Case Defendants;

20   •      Whether the Court should issue declaratory relief against Chen Case Defendant

21        Ariel Abittan;

22   •      Whether the Court should order an accounting by Chen Case Defendant Ariel

23        Abittan;

24   •      Whether Chen Case Defendants are liable for intentional infliction of emotional

25        distress; and

26   •      Whether Chen Case Defendants are liable for civil conspiracy.

27   B.  <u>Chen Case Defendants' Position</u>

28

As noted above, Chen Case Defendants do not have adequate information to fully understand what disputes of law will arise in this action because Chen Case Defendants do not know the identity of the person suing them. Chen Case Defendants need more information before they can complete an analysis of the legal issues in this action and assess whether the claims brought are frivolous and subject to sanctions.

**4.**    <u>**Motions**</u>

     **Abittan Case:**

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Abittan Case Defendant Temujin Labs Inc. (Delaware) | Motion to Dismiss Complaint filed 4/9/21 | Granted on 7/19/21 |
| Abittan Case Individual Defendants and Temujin Labs Inc. (Cayman) | Motion to Dismiss, or in the Alternative Quash Service of Summons filed 5/28/21 | Granted on 7/19/21 |
| Abittan Case Individual Defendants, Temujin Labs Inc. (Cayman), Temujin Labs Inc. (Delaware) | Administrative Motion to Continue Case Management Conference and Associated Deadlines filed on 7/2/21 | Denied on 7/6/21 |
| Abittan Case Plaintiff Ariel Abittan | Motion for an Order Allowing Defendants Lily Chao and Damien Ding to be Served (1) Through Counsel, (2) Through Temujin Labs Inc. (Delaware)'s Registered Agent, (3) By Text, or (4) By Publication filed 9/20/21 | Granted on 11/24/21 |
| Abittan Case Defendant Temujin Labs Inc. (Cayman) | Motion to Dismiss Complaint filed on 11/8/21 | Granted on 5/20/22 |
| Abittan Case Plaintiff Ariel Abittan | Motion to Stay filed 1/12/22 | Denied on 2/7/22 |
| Abittan Case Plaintiff Ariel Abittan | Motion for Leave to File Amended Complaint filed on 2/23/22 | Terminated as moot on 5/20/22 (ECF 141) |
| Abittan Case Defendant Temujin Labs Inc. (Cayman) and Individual Defendants | Motion to Strike Portions of Plaintiff's Amended Complaint | Terminated on 7/4/22 (Dkt No. 148) |

**A.**  Abittan Case Plaintiff's Position:

Abittan Case Plaintiff has attempted to meet and confer with Abittan Case Defendants with respect to their deficient initial disclosures, but the meet and confer attempts have been unsuccessful to date. If the parties cannot resolve their disputes with respect to Abittan Case Defendants' initial disclosures, Abittan Case Plaintiff may need to file a motion to compel. Abittan Case Plaintiff submits that there are no other motions anticipated at this time.

**B.**  Abittan Case Defendants' Position:

Abittan Case Defendants submit that this Court should dismiss the action and allow the claims at issue in this case to be litigated in the state forum currently pending in Santa Clara County Superior Court, Case No. 20CV372622 (the "State Action").  Abittan Case Defendants also submit that motions for summary judgment and/or other substantive motions may be appropriate in due course.

Abittan Case Defendants also alert the Court to their filing on September 21, 2022 in the State Action, of a Motion (1) to Disqualify Roche Freedman LLP; (2) to stay that Court's August 22, 2022 Discovery Order pending resolution of the motion to disqualify; and (3) to request clarification of the that Court's August 22, 2022 Discovery Order regarding whether the individual defendants must produce their Chinese character names (as opposed to only their English language names).  That Motion is currently set to be heard on October 27, 2022.  Defendants may need to bring a similar motion to disqualify in this action and reserve all rights to do so.  A discussion of the motion to disqualify in more detail is included in Section 21.

Abittan Case Defendants are willing to meet and confer regarding initial disclosures at an appropriate time.

**Chen Case:**

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Defendants | Motion for Administrative Relief Regarding Defendants' Time to Respond to the Complaint filed 4/13/22 | Denied as Moot on 4/29/22 |

| Plaintiff | Plaintiff Yuting Chen's Motion to Strike Portions of Declarations Annexed to Defendants' Answer | Denied on 8/28/22 |
|---|---|---|

Chen Case Defendants anticipate filing a motion for judgment on the pleadings relating to this Court's lack of personal jurisdiction over Chen Case Defendants (other than Ariel Abittan). Depending on Chen Case Plaintiff's identity, Chen Case Defendants cannot rule out filing a motion for sanctions pursuant to Rule 11; however, Chen Case Defendants will not file any such motion until they have fully complied with the safe harbor provision of Rule 11. Chen Case Defendants also submit that motions for summary judgment and/or other substantive motions may be appropriate in due course.

## 5. __Amendment of Pleadings__

**Abittan Case:**

Abittan Case Plaintiff filed an amended complaint on July 5, 2022 (ECF No. 149). Abittan Case Plaintiff does not anticipate amending the pleadings further at this time, but reserves the right to seek leave to amend the pleadings further if newly discovered evidence emerges.

**__Chen Case:__**

Chen Case Plaintiff does not anticipate amending the pleadings at this time.

On May 16, 2022, Chen Case Defendants filed an amended answer, as of right, pursuant to Rule 15(a)(1)(B). Chen Case Defendants do not anticipate amending the pleadings further at this time, but reserve the right to seek leave to amend the pleadings further if newly discovered evidence emerges.

## 6. __Evidence Preservation__

**Abittan Case and Chen Case:**

Counsel for the parties have met and conferred about the preservation of evidence relevant to the issues reasonably evident in these actions. The parties additionally certify that the parties have reviewed the Guidelines for the Discovery of Electronically Stored Information, understand their preservation obligations, and have implemented document preservation protocols.

7.   **Disclosures**

**Abittan Case:**

In accordance with the parties' joint stipulation (ECF No. 110) and this Court's order (ECF No. 111), the parties timely complied with the requirements of Fed. R. Civ. P. 26 by exchanging initial disclosures on December 1, 2021.

As stated above, Abittan Case Plaintiff's position is that he has attempted to meet and confer with Abittan Case Defendants with respect to their deficient initial disclosures, but the meet and confer attempts have been unsuccessful to date. If the parties cannot resolve their disputes with respect to Abittan Case Defendants' initial disclosures, Abittan Case Plaintiff may need to file a motion to compel.

Abittan Case Defendants are willing to meet and confer to the extent necessary at an appropriate time.

**Chen Case:**

In accordance with the Stipulation Re Service and Joint Request to Continue Case Management Conference and Related Deadlines with Order (ECF No. 26), the parties exchanged initial disclosures on May 16, 2022.

The Parties will meet and confer with each other in good faith to resolve any disputes related to disclosures.

8.   **Discovery**

**Abittan Case:**

A. Abittan Case Plaintiff's Position.

On November 17, 2021, the parties met and conferred on the scope and timing of discovery. Abittan Case Plaintiff submits that even though Abittan Case Defendants Chao and Ding had not been served at the time of the conference, Abittan Case Plaintiff advised Abittan Case Defendants' *shared* counsel during the Rule 26(f) conference that given the unity of identity between Chao, Ding, and Temujin Cayman, the scope and timing of discovery would be identical for all Defendants. Following the meet and confer, this Court granted Abittan Case Plaintiff's motion for alternative service (ECF No. 113), and Abittan Case Plaintiff promptly served Chao and Ding via

1   email and text message. Consequently, Abittan Case Plaintiff submits that the November 17, 2021

2   meet and confer satisfied his Fed. R. Civ. P. 26 obligations for all defendants.

3   On May 2, 2022, this Court stayed Abittan Case Defendants Lily Chao's and Damien Ding's

4   depositions "based on the pending motions and the global mediation being planned in State Court."

5   [ECF No. 139]. On May 20, 2022, the Court granted Abittan Case Defendants' motion to dismiss

6   without prejudice. [ECF No. 141]. On July 5, 2022, Abittan Case Plaintiff filed an Amended

7   Complaint. [ECF No. 149]. On July 26, 2022, Abittan Case Defendants answered Abittan Case

8   Plaintiff's Amended Complaint. [ECF No. 152]. Accordingly, there are no pending motions in this

9   action. Moreover, in the three months since this Court's order staying Abittan Case Defendants'

10  depositions, the parties have made incremental progress towards mediation. Abittan Case

11  Defendants have agreed to produce Chao and Ding for depositions on identity issues, and Judge

12  Kulkarni has ordered the parties to complete those depositions by October 31, 2022. Following

13  multiple motions to compel, Judge Kulkarni also ordered Chao and Ding to disclose their true

14  identities and aliases. Chao and Ding were also ordered to produce documents to Abittan's Co-

15  Defendants, Benjamin Fisch and Charles Lu, and to related party Franklin Fu, by September 22,

16  2022. Instead of producing those documents pursuant to Judge Kulkarni's Order, the Abittan Case

17  Defendants filed a motion to disqualify Roche Freedman LLP. On September 27, 2022, Franklin

18  Fu filed an ex parte application for order requiring compliance with Judge Kulkarni's prior order.

19  Also on September 27, 2022, Abittan's Co-Defendants, Benjamin Fisch and Charles Lu filed a

20  joinder to Franklin Fu's ex parte application. Abittan is currently reviewing the ex parte application

21  and determining whether to file a joinder as well. A mediator has not been selected, and no

22  additional documents have been exchanged. In short, the timing of the State Action mediation

23  remains uncertain. Additionally, the disqualification motion in the State Action does not negate

24  the need for coordination. The undersigned and Roche Freedman LLP intend to vigorously oppose

25  the disqualification motion in the State Action. The undersigned and Roche Freedman LLC have

26  not committed, and will not commit, any discovery violations, and the accusations in the

27  disqualification motion are legally and factually specious. The Abittan Plaintiff intends to provide

28  this Court with a copy of the opposition to the disqualification motion once filed.

Abittan Case Plaintiff provides the following information in connection with the Rule 26(f) Report:

a. Proposed Changes to Rule 26(a)(1) Disclosures

    i. Initial disclosures were exchanged on December 1, 2021.

    ii. No changes to the standard requirements were necessary.

b. Scope and Subjects of Discovery

    i. Without prejudice to his rights to seek discovery on any relevant issues, Abittan Case Plaintiff contemplates that he will need and seek discovery concerning all factual, evidentiary, and legal support from Abittan Case Defendants and any relevant non-party regarding Abittan Case Plaintiff's' claims and theories of liability and damages.

    ii. Abittan Case Plaintiff contemplates that Abittan Case Defendants will seek discovery concerning the basis of Abittan Case Plaintiff's claims, theories of liability and damages, Abittan Case Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

    iii. The anticipated method of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of Abittan Case Plaintiff, Defendants, Defendants' employees, agents, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third parties.

    iv. Abittan Case Plaintiff respectfully submits that no limitations or phases should be imposed on conducting written discovery or depositions. Abittan Case Plaintiff submits that the parties should be permitted to serve written discovery, as well as take depositions, at any time following the initial case management conference.

v.    Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

vi.    Discovery deadlines shall be set by the Court.

c.  Issues Relating to Electronically Stored Information

i.    Abittan Case Plaintiff does not anticipate any issues relating to disclosure or discovery of electronically stored information.

ii.    The parties will address any such issues in the event they arise.

d.  Procedures for Resolving Disputes Regarding Claims of Privilege

i.    Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

ii.    Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

e.  Other Orders

i.    Abittan Case Plaintiff is willing to immediately enter into a protective order in the form of the model Stipulated Protective Order for Standard Litigation.

ii.    Abittan Case Plaintiff requests a scheduling order under Rule 16(b).

iii.    Abittan Case Plaintiff does not request an order under Rule 16(c) at this time.

f.  Changes in Discovery Limitations

i.    Abittan Case Plaintiff anticipates that it will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of Ding and Chao's use of agents, the shell companies' various employees, and Findora's consultants, advisors, and investors, all of whom have relevant, probative evidence of Ding and Chao's fraudulent scheme. These limitations may need to be revisited if Abittan Case Plaintiff's Complaint is further amended and other parties are added.

ii.    Otherwise, Abittan Case Plaintiff does not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil

1    Procedure, but reserves the right to seek appropriate relief and modifications to

2    the discovery limitations from the Court if necessary.

3        B. <u>Abittan Case Defendants' Position.</u>

4        Abittan Case Defendants submit that, at the time of the Rule 26(f) conference, the

5 individual Defendants had not been served.  Counsel for Temujin Cayman expressly stated during

6 that conference that the individual Defendants were not part of the conference. Nevertheless, the

7 individual Abittan Case Defendants submit that the parties have met and conferred to satisfy their

8 Fed. R. Civ. P. 26 obligations.

9        Abittan Case Defendants provide the following information in connection with the Rule

10 26(f) Report:

11    a.    <u>Proposed Changes to Rule 26(a)(1) Disclosures</u>

12        i.    Abittan Case Defendants provided their initial disclosures on December 1,

13    2021.

14        ii.    No changes to the standard requirements are necessary.

15    b.    <u>Scope and Subjects of Discovery</u>

16        i.    Without prejudice to Abittan Case Defendants' rights to seek discovery on

17    any relevant issues, Abittan Case Defendants contemplate that they will need and

18    seek discovery from Abittan Case Plaintiff and any relevant non-party regarding

19    Abittan Case Plaintiff's claims and theories of liability and damages, as well as

20    Abittan Case Defendants' defenses.

21        ii    Abittan Case Defendants contemplate that Abittan Case Plaintiff will seek

22    discovery from Abittan Case Defendants and others regarding Abittan Case

23    Plaintiff's claims, theories of liability and damages, Abittan Case Defendants'

24    defenses to each, and any and all factual, evidentiary, and legal support.

25        iii.    The anticipated methods of future discovery will include: (1) written

26    discovery in the form of Interrogatories, Requests for Admissions, and Requests

27    for Production of Documents; (2) written discovery via issuance of subpoenas to

28

1    third parties; (3) oral depositions of the parties; and (4) oral depositions of third

2    parties.

3        iv.    Abittan Case Defendants submit that the parties should not be permitted to

4    serve written discovery or take depositions until the pending motion to disqualify

5    filed in the State Action has been adjudicated.

6        v.    Abittan Case Defendants agree that supplementations under Rule 26(e) are

7    due in reasonable time after material, relevant facts are learned, or by court order.

8        vi.    Abittan Case Defendants agree that discovery deadlines shall be set by the

9    Court and respectfully submits that these should be set after the pending motion

10    to disqualify filed in the State Action has been adjudicated.

11    c.    <u>Issues Relating to Electronically Stored Information</u>

12        i.    Abittan Case Defendants do not anticipate any issues relating to disclosure

13    or discovery of electronically stored information.

14        ii.    The parties will address any such issues in the event they arise.

15    d.    <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

16        i.    Abittan Case Defendants agree that Rule 26(b)(5) should apply to any

17    claims of privilege or protecting materials asserted as being for trial-preparation.

18        ii.    Abittan Case Defendants agree that this proposed procedure should be

19    adopted within the Court's further orders.

20    f.    <u>Other Orders</u>

21        i.    Because disclosure and discovery activity in this action is likely to involve

22    the production of highly sensitive confidential information, Abittan Case

23    Defendants will seek a protective order based on the Court's model protective

24    orders, with appropriate modifications as necessary.  Abittan Case Defendants

25    will work with Abittan Case Plaintiff to seek to agree a proposed protective order

26    to be submitted to the Court for approval.

27

28

ii.     Abittan Case Defendants submit that a scheduling order under Rule 16(b) should not be entered until the pending motion to disqualify filed in the State Action has been adjudicated.

iii.    Abittan Case Defendants do not request an order under Rule 16(c) at this time.

g.      <u>Changes in Discovery Limitations</u>

i.      Abittan Case Defendants anticipate that they will need to take more than ten (10) depositions because of the extensive (but false) allegations by Abittan Case Plaintiff and with respect to their defenses.  Abittan Case Defendants also anticipate that they will need an additional ten (10) interrogatories, making a total of 35, because of the Plaintiff's allegations.

ii.     Otherwise, Abittan Case Defendants do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserve the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**Chen Case:**

A. <u>Chen Case Plaintiff's Position</u>.

The parties have met and conferred on the scope and timing of discovery.   Chen Case Plaintiff asserts that she is not a party to any other case and thus discovery need not be coordinated among other cases.  Finally, Plaintiff asserts that until she conducts discovery in this action, any ADR is premature; Plaintiff anticipates that the case will likely be ready for ADR in the summer of 2023.

Chen Case Plaintiff provides the following information in connection with the Rule 26(f) Report:

a.      <u>Proposed Changes to Rule 26(a)(1) Disclosures</u>

i.      Initial disclosures were exchanged on May 16, 2022.

ii.     No changes to the standard requirements were necessary.

b.      <u>Scope and Subjects of Discovery</u>

i.   Without prejudice to her rights to seek discovery on any relevant issues, Chen Case Plaintiff contemplates that she will need and seek discovery concerning all factual, evidentiary, and legal support from Chen Case Defendants and any relevant non-party regarding Plaintiff's claims and theories of liability and damages.

ii.  Chen Case Plaintiff contemplates that Chen Case Defendants will seek discovery concerning the basis of Chen Case Plaintiff's claims, theories of liability and damages, Chen Case Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

iii. The anticipated method of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of Chen Case Plaintiff, Defendants, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third parties.

iv.  Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

v.   Discovery deadlines shall be set by the Court.

c.   <u>Issues Relating to Electronically Stored Information</u>

i.   Chen Case Plaintiff does not anticipate any issues relating to disclosure or discovery of electronically stored information.

ii.  The parties will address any such issues in the event they arise.

d.   <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

i.   Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

ii.  Chen Case Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

e.   <u>Other Orders</u>

i.     The Parties are meeting and conferring on the form of a stipulated protective order.

ii.    Chen Case Plaintiff requests a scheduling order under Rule 16(b).

iii.   Chen Case Plaintiff does not request an order under Rule 16(c) at this time.

f.  <u>Changes in Discovery Limitations</u>

i.     Chen Case Plaintiff anticipates that she will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of the extensive fraudulent scheme carried out by the ten Chen Case Defendants. These limitations may need to be revisited if Chen Case Plaintiff's Complaint is amended and other parties are added.

ii.    Otherwise, Chen Case Plaintiff does not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

B. <u>Chen Case Defendants' Position.</u>

On May 2, 2022, the parties met and conferred on the scope and timing of discovery.  The parties met and conferred on a deposition date of Chen Case Plaintiff. Chen Case Plaintiff stated that she was unavailable until August 2022 due to travel to China, but now that Plaintiff has returned, Chen Case Defendants intend to notice Chen Case Plaintiff's deposition shortly and will meet and confer with Chen Case Plaintiff's counsel on a mutually agreeable date.

No other discovery has been propounded to date.

Chen Case Defendants provide the following information in connection with the Rule 26(f) Report:

a.  <u>Scope and Subjects of Discovery</u>

i.     Chen Case Defendants cannot fully assess the scope or subjects of discovery until they understand the identity of Chen Case Plaintiff. Nevertheless, without prejudice to their rights to seek discovery on any relevant issues, Chen Case Defendants contemplate that they will need and seek discovery concerning all

1         factual, evidentiary, and legal support from Chen Case Plaintiff and any

2         relevant non-party regarding Chen Case Plaintiff's claims and theories of

3         liability and damages.

4     ii.   Chen Case Defendants contemplate that Chen Case Plaintiff will seek discovery

5         concerning the basis of Chen Case Plaintiff's claims, theories of liability and

6         damages, Chen Case Defendants' defenses to each, and any and all factual,

7         evidentiary, and legal support.

8     iii.   The anticipated method of future discovery will include: (1) written discovery

9         in the form of Interrogatories, Requests for Admissions, and Requests for

10        Production of Documents; (2) written discovery via issuance of subpoenas to

11        third parties; (3) oral depositions of Chen Case Plaintiff, Defendants, Plaintiff's

12        agents employees, agents, and "person(s) most knowledgeable" under Rule

13        30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third

14        parties.

15     iv.   Chen Case Defendants respectfully submits that no limitations or phases should

16        be imposed on conducting written discovery or depositions. Chen Case

17        Defendants submit that the parties should be permitted to serve written

18        discovery, as well as take depositions, at any time following the initial case

19        management conference.

20     v.   Supplementations under Rule 26(e) are due in reasonable time after material,

21        relevant facts are learned, or by court order.

22     vi.   Discovery deadlines shall be set by the Court.

23   b.  <u>Issues Relating to Electronically Stored Information</u>

24     i.   Chen Case Defendants do not anticipate any issues relating to disclosure or

25        discovery of electronically stored information.

26     ii.   The parties will address any such issues in the event they arise.

27   c.  <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

28

       i.      Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

       ii.     Chen Case Defendants respectfully request that this proposed procedure be adopted within the Court's further orders.

  d.  <u>Other Orders</u>

       i.      Chen Case Defendants are willing to immediately enter into a protective order, and have already drafted and circulated a protective order to Chen Case Plaintiff, which is based on the model protective order in the Northern District of California.

       ii.     Chen Case Defendants request a scheduling order under Rule 16(b).

       iii.    Chen Case Defendants do not request an order under Rule 16(c) at this time.

  e.  <u>Changes in Discovery Limitations</u>

       i.      Chen Case Defendants anticipate that they will need more than seven (7) hours to depose Chen Case Plaintiff in order to understand Chen Case Plaintiff's identity and her relationship to the women and men with whom Chen Case Defendant Ariel Abittan conducted business.

       ii.     Otherwise, Chen Case Defendants do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**9.**    **Class Actions**

    **Abittan Case and Chen Case:**

    Not applicable.

**10.**    **Related Cases**

    **A. Abittan Case Plaintiff and Chen Case Defendants:**

    Abittan Case Plaintiff and Chen Case Defendants submit that the Abittan Case and Chen Case are related and should be coordinated. First, both cases include allegations and causes of action involving the subject luxury watches. Second, the cases include overlapping parties. While

1    the Chen Case Plaintiff states that she is not a party in any other action, "Yuting Chen" is the

2    named defendant (not an alias) in the Related State Action—an action which the Chen Case

3    Plaintiff agrees is related to the Abittan Case. Third, the Chen Defendants intend to file a motion

4    for judgment on the pleadings that will resolve, *inter alia*, personal jurisdiction issues and

5    substantially narrow, or dispose the entirety of, the Chen Action. And, as stated above,

6    Additionally, the disqualification motion in the State Action does not negate the need for

7    coordination. The undersigned and Roche Freedman LLP intend to vigorously oppose the

8    disqualification motion in the State Action. The undersigned and Roche Freedman LLC have not

9    committed, and will not commit, any discovery violations, and the accusations in the

10   disqualification motion are legally and factually specious. The Abittan Plaintiff intends to provide

11   this Court with a copy of the opposition to the disqualification motion once filed.

12        Abittan Case Plaintiff and Chen Case Defendants also submit the following cases are

13   presently related to botht the Abittan Case and Chen Case actions:

14        - *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu,*
15          *and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622;

16        - *Temujin Labs Inc. (Delaware) v. Franklin Fu*, Santa Clara County Superior Court,
17          Case No. 28-21CV375422;

18        - *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman*
19          *Islands corporation v. Translucence Research Inc., a Delaware corporation,*
20          *Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell,*
21          *Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-*
22          *20, inclusive,* San Francisco Superior Court, Case No. CGC21596745;

23        - *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman*
24          *Islands corporation v. Translucence Research Inc., a Delaware corporation,*
25          *Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell,*
26          *Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-*
27          *20, inclusive,* United Stated District Court, Northern District of California, San
28          Francisco Division, Case No. 3:21-cv-09152.

**B.  Abittan Case Defendants and Chen Case Plaintiff:**

Chen, Chao, Ding, and Temujin Cayman submit that Case No. 20-CV-09340-NC is related to Case No. 21-CV-09393-NC solely because Ariel Abittan intentionally misnamed Chen as an "A/K/A" of Chao in Case No. 20-CV-09340-NC.

Chao, Ding, and Temujin Cayman agree that *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622 is related to this action.

Chao, Ding, and Temujin Cayman disagree that the other cases listed by Ariel Abittan are related to either Case No. 20-CV-09340-NC or Case No. 21-CV-09393-NC. Furthermore, *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* San Francisco Superior Court, Case No. CGC21596745 has already been dismissed without prejudice.

**11.    Relief**

**Abittan Case:**

A.  Abittan Case Plaintiff's Statement

Abittan Case Plaintiff requests the following relief:

1.  That Abittan Case Defendants, and all other persons acting in active concert or privately or in participation with Abittan Case Defendants, be temporarily, preliminarily, and permanently enjoined from the wrongful acts and conduct set forth above;

2.  That Abittan Case Abittan receive such other injunctive relief as they may request and the Court may deem just and proper;

3.  That Abittan Case Defendants be required to account for all gains, profits, and advantages derived from their acts of conversion and other violations of law;

4. That all gains, profits and advantages derived by Abittan Case Defendants from acts of conversion and other violations of law be deemed to be in constructive trust for the benefit of Abittan;

5. For an order rescinding the corporate formation documents of each Common Enterprise Entity and intellectual property sale agreement;

6. For an order requiring Abittan Case Defendants to disgorge profits earned from their unlawful conduct;

7. For an award of restitution, unjust enrichment, actual damages, statutory damages, and compensatory damages according to proof at trial;

8. For punitive and exemplary damages according to proof at trial;

9. For attorneys' fees, costs of suit, and prejudgment and post judgment interest, as provided under applicable law; and

10. For such other and further relief as the Court deems just and proper.

B. Defendants' Statement

The Abittan Case Defendants dispute Abittan Case Plaintiff's allegations, as detailed in their Answer to the Second Amended Complaint, and deny that they have caused any injury to Abittan Case Plaintiff and deny that he is entitled to the relief he seeks or any relief.

**Chen Case:**

A. Chen Case Plaintiff's Statement

Chen Case Plaintiff requests the following relief:

- For declaratory relief, stating and confirming that all unsold luxury watches and income from watch sales belong exclusively to Chen Case Plaintiff.

- For preliminary and permanent injunctive relief, restraining Ariel Abittan from selling, gifting or otherwise disposing of the luxury watches that came to him through his business dealings with Chen Case Plaintiff.

- For an accounting.

- For imposition of a constructive trust over all Chen Case Plaintiff's watches and money currently in the possession of any Chen Case Defendant.

- For compensatory, special, incidental and consequential damages according to proof.
- For exemplary and punitive damages to the extent permitted by law.
- For recovery of the unjust enrichment obtained by Chen Case Defendants as a result of their wrongful conduct.
- For an award of prejudgment interest, cost of suit, and reasonable attorneys' fees to the extent permitted by contract or by operation of law.
- For such other and further relief as the Court may deem just and proper.

B. <u>Chen Case Defendants' Statement</u>

As noted above, Chen Case Defendants cannot fully assess the requested relief in this action until they understand Chen Case Plaintiff's identity. In any event, however, Chen Case Defendants deny that they have caused any injury to Chen Case Plaintiff and deny that Chen Case Plaintiff is entitled to the relief she seeks.

**12.     Settlement and ADR**

**Abittan Case:**

On March 3, 2021, Abittan Case Plaintiff filed an ADR Certification by Parties and Counsel pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), which certified that counsel for all parties discussed the selection of an ADR process, and that based on such discussion, the parties prefer to discuss ADR selection at the case management conference. Abittan Case Plaintiff also submits that the parties to the Related State Action are working towards a potential mediation, which could potentially dispositive of the Abittan Case and Chen Case.

**Chen Case:**

Chen Case Plaintiff will file an ADR Certification by Parties and Counsel pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), which certifies that counsel for all parties discussed the selection of an ADR process, and that based on such discussion, the parties prefer to discuss ADR selection at the case management conference. Chen Case Plaintiff asserts that until she conducts discovery in this action, any ADR is premature; Plaintiff anticipates that the case will likely be ready for ADR in the summer of 2023.

**13.    Consent to Magistrate Judge for All Purposes**

**Abittan Case:**

All parties have consented to proceeding before a Magistrate Judge for all purposes.

**Chen Case:**

Chen Case Plaintiff filed a declination to proceed before a Magistrate Judge and this case was subsequently reassigned to the Honorable District Judge Yvonne Gonzalez Rogers.  However, pursuant to Stipulation Consenting to Judge Nathanael Cousins Conducting All Further Proceedings in this Matter; Order [ECF No. 43], the parties consented to have United States Magistrate Judge Nathanael Cousins conduct all further proceedings in this case, including trial and entry of final judgment, and Judge Yvonne Gonzalez Rogers granted that order. Accordingly, the case was subsequently transferred to United States Magistrate Judge Nathanael Cousins for all purposes.

**14.    Other References**

**Abittan Case and Chen Case:**

None.

**15.    Narrowing of Issues**

**Abittan Case and Chen Case:**

The parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it would be inappropriate to bifurcate any issues, claims, or defenses at this time.

**16.    Expedited Trial Procedure**

**Abittan Case and Chen Case:**

The parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**17.    Scheduling**

**Abittan Case:**

Abittan Case Plaintiff asserts that a case a schedule should be set, and respectfully submits that the Abittan Case should have the same jointly agreed upon schedule as the Chen Case, specifically:

  a. Initial Expert Disclosures – June 4, 2023
  b. Rebuttal Expert Disclosures – July 5, 2023
  c. Discovery cutoff (fact and expert) – August 3, 2023
  d. Hearing of Dispositive Motions – November 1, 2023
  e. Pretrial Conference – January 10, 2024
  f. Trial – February 12, 2024

Alternatively, the Abittan Case Plaintiff agrees to have this Court set deadlines.

Abittan Case Defendants do not believe this case and the Chen Case should have the same trial schedule.  As discussed above, they are not related and cannot be tried together.

Abittan Case Defendants respectfully submit that the Court set deadlines after the pending motion to disqualify is adjudicated in the State Action.

**Chen Case:**

The Chen Case Parties assert a case schedule should be set in this case, and request that the Court adopt the Chen Case Plaintiff's proposed case schedule[2]:

  a. Initial Expert Disclosures – June 4, 2023
  b. Rebuttal Expert Disclosures – July 5, 2023
  c. Discovery cutoff (fact and expert) – August 3, 2023
  d. Hearing of Dispositive Motions – November 1, 2023
  e. Pretrial Conference – January 10, 2024
  f. Trial – February 12, 2024

Chen Case Plaintiff opposes her case having the same trial schedule as the Abittan Case.

Further, Chen Case Plaintiff asserts that she is not a party to any other case and thus discovery need not be coordinated among other cases.  Finally, Plaintiff asserts that until she conducts discovery in this action, any ADR is premature; Plaintiff anticipates that the case will likely be ready for ADR in the summer of 2023.

**18.    Trial**

**Abittan Case and Chen Case:**

---

[2] Chen Case Plaintiff still asserts that a protective order is necessary in this case and will coordinate with Chen Case Defendants on the entry of a stipulated protective order.

Plaintiffs in both actions have demanded jury trial of their claims against the respective Defendants. The parties in both actions respectfully submit that it is premature to estimate an expected length of the trial.

**19.     Disclosure of Non-Party Interested Entities or Persons**

**Abittan Case:**

A.  Abittan Case Plaintiff's Statement

Abittan Case Plaintiff does not believe he is required to file a statement pursuant to Local Rule 3-15 because he is not associated with persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (a) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (b) any other kind of interest that could be substantially affected by the outcome of the proceeding.

B.  Abittan Case Defendants' Statement

On March 2, 2021, Temujin Cayman and Temujin Labs Inc. (Delaware) filed a Certification of Interested Entities or Persons, identifying Temujin Cayman as the parent of Temujin Labs Inc. (Delaware), and identifying MapleLeaf Ventures Limited as Temujin Cayman's majority holder. [ECF No. 17]. Individual Defendants will file a Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**Chen Case:**

A.  Plaintiff's Statement

Chen Case Plaintiff has filed a Certificate of Interested Entities or Persons.

B.  Defendant's Statement

Chen Case Defendant RealTime NY, LLC will file a Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15.

**20.     Professional Conduct**

**Abittan Case and Chen Case:**

All attorneys of record for the parties can certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1

**21.** **Other Matters**

2

**Abittan Case:**

3

A. Plaintiff's Statement

4

Abittan Case Plaintiff submits that all matters ripe for discussion are addressed in this Case

5

Management Statement and that no additional statements are necessary.

6

B. Abittan Case Defendant's Statement

7

Abittan Case Defendants do not believe this case should be coordinated with Case No. 20-

8

CV-09340-NC (the "Chen Case"). First, as explained in Section 2, the watch business involved

9

Chen, whereas the crypto business involved Chao, so the two involve separate factual issues.

10

Additionally, the pending motion to disqualify prevents coordination, at least for the time being.

11

The motion to disqualify alleges that on August 26, 2022, the website Crypto Leaks published a

12

series of explosive videos of Kyle Roche ("Roche"), a founding partner of Roche Freedman LLP,

13

in which he admits to misusing the legal system for the purpose of unlawfully advancing the

14

commercial interests of Ava Labs ("Ava") – a for-profit company that promotes the Avalanche

15

blockchain and AVAX Crypto and in which he had an enormous financial stake – by suing Ava's

16

competitors and others in the crypto industry, as well as carrying out the personal vendettas of

17

Ava's CEO, Emin Gun Sirer. Defendants assert that this action will involve the production of

18

highly confidential trade secrets and business information of Temujin Cayman in the same

19

blockchain technology and software development space as Ava. As such, Temujin Cayman

20

alleges that it is concerned that Roche Freedman LLP will use Temujin Cayman's confidential

21

business and trade secret information to Temujin Cayman's detriment and for Roche Freedman's

22

personal gain, and possibly take actions to harm the individual cross-defendants, one of whom is

23

a co-founder of the Findora blockchain, by revealing their highly confidential Chinese legal names

24

to others. Defendants assert these particular concerns are not present in the Chen case, which may

25

proceed as normal, and thus cannot be coordinated with this action.

26

27

28

1    Further, until there is a ruling on the motion, Defendants submit that there can be no

2  discovery in the State Action.[3]  Once that motion to disqualify is resolved, Defendants assert that

3  discovery should only proceed in the State Action as contemplated by Judge Sunil Kulkarni as the

4  parties move toward a potential global mediation.

5    Abittan Case Defendants respectfully submit that the Court set deadlines after the pending

6  motion to disqualify is adjudicated in the State Action.  As required by the Court, that motion is

7  attached to this Joint Case Management Statement (as "**Attachment**").  No response to the motion

8  has been filed yet (the hearing is set for October 27, 2022).

9    **Chen Case:**

10   A. Plaintiff's Position:

11    Chen Case Plaintiff does not believe any other matters are appropriate for discussion at this

12  time.

13   B. Defendant's Statement:

14    If the Court decides that the Chen Case and Abittan Case should not be coordinated, then

15  the Chen Case Defendants respectfully submit that the timing of Chen Case Plaintiff's deposition

16  is ripe for discussion with the Court. As detailed above, Chen Case Defendants do not know who

17  is suing them. On March 31, 2022, Chen Case Defendants' counsel wrote to Chen Case Plaintiff's

18  counsel, stating that Chen Case Defendants cannot accurately respond to the complaint until they

19  understand *who* is asserting causes of action against them. Chen Case Defendants requested that

20  Chen Case Plaintiff stipulate to a brief deposition—expressly limited in scope to identifying Yuting

21  Chen and differentiating her from Tiffany Chen and Lily Chao. Chen Case Plaintiff did not so

22  stipulate.

23    On April 5, 2022 and April 8, 2022, during a meet and confer and subsequent email

24  communication, Chen Case Defendants' counsel asked Chen Case Plaintiff's counsel to stipulate

25  to a narrowly tailored identity-based deposition. Chen Case Plaintiff's counsel did not agree.

26

27

28  [3] Ariel Abittan is not a party to any other actions besides Case No. 20-CV-09340-NC, Case No. 20-CV-09340-NC, and 20CV372622.

Accordingly, on April 13, 2022, Chen Case Defendants filed a motion for administrative relief (ECF No. 28), together with a joint discovery letter relating to Chen Case Defendants' request for pre-Rule 26(f) conference deposition of Yuting Chen for the purpose of identification (ECF No. 29). Chen Case Defendants' motion was not ruled on prior to the deadline for filing a responsive pleading, and, therefore, on April 25, 2022, Chen Case Defendants filed their answer. [ECF No. 32]. Nevertheless, Chen Case Plaintiff's identity remains unknown to Chen Case Defendants.

On May 2, 2022, counsel for all parties participated in the Rule 26(f) conference, at which time Defendants' counsel reiterated Chen Case Defendants' need for an immediate deposition of Yuting Chen. Chen Case Defendants' counsel asked for deposition dates, noting that leave of court was no longer necessary after the Rule 26(f) conference. Chen Case Plaintiff's counsel did not provide a date and would not commit to providing a deposition date to Chen Case Defendants.

On May 3, 2022, Chen Case Defendants' counsel memorialized their request for deposition dates via email. Chen Case Defendants asked Chen Case Plaintiff to provide deposition dates by May 13, 2022, noting that if Chen Case Plaintiff refused to provide a date, Chen Case Defendants would notice Chen Case Plaintiff's deposition, pursuant to Rule 30. On May 9, 2022, Chen Case Defendants' counsel followed up on their request for deposition dates via email. Chen Case Plaintiff did not provide dates on either occasion.

On May 13, 2022, Chen Case Defendants requested deposition dates again.  Chen Case Plaintiff's counsel responded stating: "Tragically, Yuting Chen's mother in China just suffered a stroke.  Yuting will be flying to China ASAP to take care of her mother in China through the end of July. . . Thus, the earliest Ms. Chen can appear for deposition when she returns from China, and for when we are available, is August 18 or 19." Chen Case Plaintiff submitted that all discovery, including written discovery, should be stayed until Chen Case Plaintiff returns from China in August.

Now that it is September, Chen Case Defendants submit that Chen Case Plaintiff's deposition should be scheduled without further delay. Chen Case Defendants will meet and confer with Chen Case Plaintiff's counsel regarding a deposition date, but if no such date is provided by Chen Case Plaintiff, Chen Case Defendants ask that this Court order Chen Case Plaintiff to sit for

a deposition related to her identity within the next seven (7) days, or, in the alternative, dismiss

Chen Case Plaintiff's complaint without prejudice.

Dated: September 27, 2022                          Respectfully Submitted,

                                                  /s/ _____ _____
                                                  Constantine P. Economides (*pro hac vice*)
                                                  Brianna K. Pierce (CBN 336906)
                                                  ROCHE FREEDMAN LLP
                                                  1 SE Third Avenue, Suite 250
                                                  Miami, Florida 33131
                                                  Tel: (305) 971-5943

                                                  Email: ceconomides@rochefreedman.com
                                                        bpierce@rochefreedman.com

                                                  *Counsel for Ariel Abittan, Abraham Abittan,
                                                  Rachel Abittan, Brian Abittan, Jacob Abittan,
                                                  Alyssa Abittan, Eliana Abittan, Roy Graber,
                                                  Tova Graber, and Realtime NY LLC*

                                                  /s/ _____
                                                  Craig Hansen (CBN 209622)
                                                  HANSEN LAW FIRM, P.C.
                                                  75 E. Santa Clara St., Suite 1150
                                                  San Jose, CA 95113
                                                  Telephone: (408) 715-7980
                                                  Facsimile: (408) 715-7001
                                                  craig@hansenlawfirm.net

                                                  *Counsel for Yuting Chen, Lily Chao, Damien
                                                  Ding, and Temujin Labs Inc., a Cayman
                                                  Islands Corporation*