Constantine P. Economides (*pro hac vice*)
Brianna K. Pierce (CBN 336906)
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email: ceconomides@fnf.law
          bpierce@fnf.law

*Attorneys for Ariel Abittan, Abraham
Abittan, Rachel Abittan, Brian Abittan,
Jacob Abittan, Alyssa Abittan, Eliana
Abittan, Roy Graber, Tova Graber, and
Realtime NY LLC*

Jingjing Ye (Admitted Pro Hac Vice)
Email: yelaw@pm.me
YE & ASSOCIATES, PLLC
3400 N Central Expy Suite 110-132
Richardson, TX 75080
Telephone (469) 410-5232

James Cai (SBN: 200189)
*jcai@sacattorneys.com*
Brian A. Barnhorst (SBN: 130292)
*bbarnhorst@sacattorneys.com*
Jackson D. Morgus (SBN: 318453)
*jmorgus@sacattorneys.com*
Woody Wu (SBN: 309317)
*wwu@sacattorneys.com*
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, CA  95110
Telephone: (408) 436-0789

*Attorneys for Yuting Chen, Lily Chao,
Damien Ding, and Temujin Labs Inc., a
Cayman Islands Corporation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>                Plaintiff,<br><br>        v.<br><br>LILY CHAO, et. al.<br><br>                Defendants,<br><br>        and<br><br>EIAN LABS INC.,<br><br>        NOMINAL DEFENDANT. | Case No. 20-CV-09340-NC<br>Filed: December 24, 2020<br><br><br>**UPDATED INITIAL JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br><br>Judge:   Hon. Nathanael Cousins |
| YUTING CHEN,<br><br>                Plaintiff,<br><br>        v.<br><br>ARIEL ABITTAN, et. al.,<br><br>                Defendants. | Case No. 21-CV-09393-NC<br>Filed: December 3, 2021 |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, this Court's Standing Orders, and this Court's September 28, 2022 Minute Entry (ECF No. 161 in Case No. 20-CV-09340-NC and ECF No. 58 in Case No. 21-CV-09393-NC), Plaintiff Ariel Abittan ("Abittan" or "Abittan Case Plaintiff") and Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"), and Temujin Labs Inc., a Cayman Islands corporation ("Temujin Cayman"; collectively with Chao and Ding, "Abittan Case Defendants") in Case No. 20-CV-09340-NC ("Abittan Case") and Plaintiff Yuting Chen ("Chen" or "Chen Case Plaintiff") and Defendants Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (collectively, "Chen Case Defendants") in Case No. 21-CV-09393-NC ("Chen Case") (collectively, the parties in both cases are referred to as the "Parties"), jointly submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conferences scheduled for January 25, 2023.[1]

1.  **Jurisdiction and Service**

    **Abittan Case:**

    A.    Abittan Case Plaintiff's Position

    This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy between the parties exceeds $75,000. This court also possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction as to Counts Six and Seven pursuant to 18 U.S.C. §§ 1962 and 1964. This Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the remaining causes of action.

    All parties have been served.

    There are no issues regarding personal jurisdiction or venue.

---

[1] The Abittan Case Plaintiff/Chen Case Defendants submitted a draft statement to the Abittan Case Defendants/Chen Case Plaintiffs at 6:45 pm on January 17, 2023. On January 18, 2023, counsel for the Abittan Case Defendants/Chen Case Plaintiffs stated they would be unable to provide their positions until after the court-ordered submission deadline. Given the Court's disfavor of individual submissions, the parties are respectfully submitting this joint submission a day late.

B.     Abittan Case Defendants' Position

As set out in Temujin Cayman's Motion to Dismiss, in which the Individual Defendants join, Temujin Cayman disputes that Plaintiff has standing to bring the derivative claims in the Complaint. Plaintiff's lack of standing means that the Court lacks jurisdiction over those derivative claims. Defendants do not dispute service, personal jurisdiction or venue.[2]

**Chen Case:**

A.     Chen Case Plaintiff's Position

This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy between the parties exceeds $75,000 and there is complete diversity.

All parties have been served.

B.     Chen Case Defendants' Position

At this time, the Chen Case Defendants lack knowledge or information sufficient to form a belief about whether this Court possesses subject matter jurisdiction over this matter because Defendants do not know the person suing them.

The Chen Case Defendants allege that personal jurisdiction over the Chen Case Defendants, other than Ariel Abittan, is lacking. The Chen Case Defendants, other than Ariel Abittan, do not consent to personal jurisdiction or waive any challenges to personal jurisdiction.

 All of the Chen Case Defendants have been served or accepted service.

**2.     Relevant Factual Background**

**Abittan Case:**

A.     Summary of Abittan Case Plaintiff's Factual Allegations

The Abittan Case Plaintiff's action arises from a multi-year fraudulent scheme orchestrated by the Abittan Case Defendants. After spending approximately two years working together as 50/50 partners in a luxury watch re-sale business—in which Abittan still co-owns 24 watches with Ding and Chao worth at least five times his original investment of $1,139,270—Abittan, Chao, and Ding founded a cryptocurrency and blockchain project in 2018 currently known to the public as Findora.

---

[2] The Abittan Case Plaintiff submits that there is not a pending Motion to Dismiss and the Abittan Case Plaintiff does not have any pending derivative claims.

While reassuring Abittan that he had an interest in all aspects of Findora, Chao and Ding fraudulently formed numerous shell companies through a series of forged contracts, false filings, and misrepresentations about ownership. Chao and Ding then acted as general managers of those entities while defrauding Abittan and investors out of millions of dollars.

In sum, Chao and Ding inspired both Abittan's loyalty and his deference, first through a watch partnership and, second, through promises of success if Abittan followed Chao's and Ding's business advice. And once Chao and Ding knew they had Abittan's full trust, they weaponized it to steal Findora and millions of dollars from investors and Abittan. In the process, Ding and Chao defamed Abittan to countless individuals, incurred over $600,000 of debt on Abittan's personal credit, converted millions of dollars' worth of watches, and stole an additional $1,200,000 from Abittan's friends and family.

B.      Summary of Abittan Case Defendants' Factual Allegations

Abittan Case Defendants vigorously dispute all of Plaintiff's allegations. Rather, as detailed in the Chen case's Factual allegations, it is Plaintiff that is spinning an elaborate web of lies and deception, fabricating alleged partnerships, agreements and representations that do not exist and never have. It is Plaintiff that has sought to harm, steal from, and defraud Defendants and the Temujin business.

Abittan Case Plaintiff's complaint starts out by falsely identifying the Defendants in the action. Abittan Case Plaintiff knows that Lily Chao ("Chao") and Yuting Chen ("Chen") are two separate individuals. Plaintiff also knows that the watch business involved Chen, whereas the cryptocurrency business involved Chao.

Regarding the watch business, Abittan Case Defendants dispute that there was a 50/50 partnership between Abittan and the individual defendants. Abittan does not co-own any watch with the individual defendants, and Abittan did not make an "original" investment of $1,139,270.

Regarding the cryptocurrency business, Temujin helped develop blockchain-based financial technology known as "Findora." The Findora blockchain facilitates blockchain transaction processing in a way that is both auditable and preserves user privacy.

Early in the cryptocurrency business, Abittan voluntarily transferred Eian Lab's intellectual property to discharge a substantial debt of $300,000. The transfer was evidenced by a duly executed agreement, the authenticity of which has never been disputed by Abittan. Plaintiff has no rightful claim to ownership in Temujin or to any intellectual property related to Temujin or Findora.

Abittan Case Plaintiff has resorted to meritless claims in both this Court and the Superior Court of Santa Clara County against Abittan Case Defendants and the Temujin business. Having had his Complaint in this Court against Temujin Delaware dismissed because it should have been brought as a counterclaim in the earlier-filed Superior Court action by Temujin Delaware, Abittan has now filed a Cross-Complaint in the Superior Court action naming the same two entities and two individuals that he named as defendants in this case, together with another twenty entities and individuals that he again alleges were part of a "RICO enterprise" and "fraudulent scheme." Apart from the vastly expanded number of cross-defendants in the state court action, Abittan raises nearly identical claims to those asserted in this Court (except for the derivative claims on purported behalf of Eian Labs Inc.).

As such, Abittan's meritless claims are being litigated in two separate courts. Abittan's bizarre and unsupported allegations, including that Abittan Case Defendants masterminded a "RICO enterprise" and "fraudulent scheme" are merely an extension of Abittan Case Plaintiff's all-out baseless war against Abittan Case Defendants and the Temujin business.

**Chen Case:**

**A.**   Summary of Chen Case Plaintiff's Factual Allegations

Chen Case Plaintiff's action arises from a fraudulent scheme orchestrated by Chen Case Defendants, namely Ariel Abittan, against Chen Case Plaintiff. Chen Case Plaintiff is a wealthy Chinese immigrant with a limited command of the English language and of American culture. Chen Case Defendant Ariel Abittan and his immediate and extended family, who comprise the other Defendants, learned of Chen Case Plaintiff's financial status and lack of business sophistication and dubbed her as a prime target for a calculated scheme to defraud Chen Case Plaintiff, and later her friends, for millions of dollars. With Defendant Ariel Abittan as the front

man, the Chen Case Defendants concocted countless fabricated stories in order to gain and maintain Chen Case Plaintiff's confidence in his family's wealth and their exclusive connections in the form of celebrities, politicians and the business elite. The sole purpose of their web of lies was to entice Chen Case Plaintiff into conducting business with Ariel Abittan so that Defendants could infiltrate her life and rip her off. That's exactly what happened.

Starting in or around 2015, Chen Case Plaintiff developed an interest in luxury watches and discovered that they had a good resale value in secondary markets. Initially as a hobby, Chen Case Plaintiff started trading extremely high-end, exclusive and highly sought-after luxury watches. Her trade gradually became more frequent that morphed into a business wherein she would purchase the luxury watches from retailers that she believed to be good investments, then resell them in the secondary market. She found interested buyers through personal connections and online platforms.

Through deception and lies, Ariel Abittan conned his way into forming and maintaining a regular business relationship with Chen Case Plaintiff in connection with her watch business. Through this business relationship, Chen Case Defendants perpetrated fraud to gain Chen Case Plaintiff's trust and infiltrated her life, taking advantage of her lifestyle, tricking her into bad business deals, and cheating her out of millions. In particular, Ariel Abittan convinced Chen Case Plaintiff to give him various watches to show potential buyers. Ariel Abittan claimed to have sold some watches, and wired some portions of some sale proceeds back to Chen Case Plaintiff, but not in full. When Chen Case Plaintiff demanded complete payment and an accurate accounting of the profits, Ariel Abittan would come up with some excuses as to why he could not pay the total amount back to Chen Case Plaintiff. For example, Ariel Abittan told Chen Case Plaintiff that some customers required financing, hence he could only send her partial payments. But Ariel Abittan did not follow up with any arrears from the people who supposedly financed or documentation on the investment he did for Chen Case Plaintiff. At other times, Ariel Abittan told Plaintiff that he had held onto and invested the money for her in other ventures based on his financial background and she would get it back plus additional investment income. Chen Case Plaintiff, however, never received a dime from Ariel Abittan for any such purported investment.

Further, there are 12 watches Ariel Abittan took from Chen Case Plaintiff for which Plaintiff has received zero payment and no confirmation as to the status of the watches – whether they remain in Ariel Abittan's possession or have been sold. In sum, through various lies, Ariel Abittan underpaid Chen Case Plaintiff not only for the profit that she deserved, but even the out-of-pocket acquisition costs she paid.

Defendant Ariel Abittan also defrauded Chen Case Plaintiff in relation to payment of his credit card debt. Specifically, he stated that he wanted to have a higher credit line on the credit cards and asked Chen Case Plaintiff and her friends to use those cards on his behalf. He stated that those cards came with premium points and he could give some of the points to Chen Case Plaintiff and her friends to use. Believing Ariel Abittan, Chen Case Plaintiff and her friends started using and repaying the credit cards. However, after a few billing cycles, Chen Case Plaintiff and her friends started to find that they might not be the only persons using the cards. From month to month, they would be paying more to the credit cards than they would be able to use. For over a year, Chen Case Plaintiff paid back over a million dollars on Ariel Abittan's credit cards, more than she was able to use. Essentially, Chen unwittingly paid off Ariel Abittan's credit card debt. The overall discrepancy between the amount Plaintiff used on the card and the amount she paid out was over $400,000.

Thereafter, when Chen Case Plaintiff cut ties with Abittan, Chen Case Defendants tried to extort her. The Chen Case Defendants demanded that Plaintiff immediately pay $4.5 million, threatening that failure to comply would result in grave harm to Chen Case Plaintiff and her family, as well as a lawsuit against Chen Case Plaintiff personally.

**B.**     Chen Case Defendants' Statement Regarding Plaintiff's Allegations

At this time, the Chen Case Defendants lack knowledge or information sufficient to fully respond to Chen Case Plaintiff's allegations because the Chen Case Defendants do not know who is suing them.

Ariel Abittan was engaged in one watch business with one woman between 2016 and 2020, and that person used the name Lily Chao, Tiffany Chen, and Yuting Chen at different times in different contexts. Until that person identifies herself under oath, the Chen Case Defendants are left

wondering exactly *who* the Chen Case Plaintiff is. If she is not the woman who used the names "Lily Chao" and "Tiffany Chen," then this action is frivolous.

In any event, each and every allegation related to Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, and Tova Graber (the "Family Defendants") is both legally and factually baseless. Aside from being Ariel Abittan's family members, the Family Defendants have no relationship to Ariel Abittan's watch business. They have never sold a luxury watch, purchased a luxury watch for resell, received a luxury watch as a gift, shared in the proceeds of a luxury watch sale, or benefited from the sale of a luxury watch.

**3.** **<u>Legal Issues</u>**

**Abittan Case:**

A.  <u>Abittan Case Plaintiff's Position</u>

The Abittan Case Plaintiff anticipates the following disputed points of law, among others, will arise in this case:

- Whether the Abittan Case Defendants are liable for breach of fiduciary duty;
- Whether the Abittan Case Defendants are liable for aiding and abetting breach of fiduciary duty;
- Whether the Abittan Case Defendants are liable for fraudulent inducement;
- Whether the Abittan Case Defendants are liable for unjust enrichment;
- Whether the Abittan Case Plaintiff is entitled to an accounting;
- Whether the Abittan Case Defendants are liable for violations of Civil Rico (18 U.S.C. §§ 1962(c); 1962(d));
- Whether the Abittan Case Defendants are liable for fraud;
- Whether the Abittan Case Defendants are liable for breach of contract;
- Whether the Abittan Case Defendants are liable for defamation.

B.  <u>Abittan Case Defendants' Position</u>

The Abittan Case Defendants dispute Abittan Case Plaintiff's allegations, as detailed in their Answer to the Second Amended Complaint.

**Chen Case:**

A. <u>Chen Case Plaintiff's Position</u>

Chen Case Plaintiff anticipates the following disputed points of law, among others, will arise in this case:

- Whether Chen Case Defendant Ariel Abittan is liable for breach of contract related to the watch business;

- Whether Chen Case Defendant Ariel Abittan is liable for breach of contract related to the credit card debt;

- Whether Chen Case Defendant Ariel Abittan is liable for breach of fiduciary duty;

- Whether the Chen Case Co-Defendant family members are liable for aiding and abetting breach of fiduciary duty;

- Whether Chen Case Defendants are liable for fraud;

- Whether Chen Case Defendant Ariel Abittan is liable for conversion;

- Whether Chen Case Defendants are liable for unjust enrichment;

- Whether a constructive trust should be imposed against the Chen Case Defendants;

- Whether the Court should issue declaratory relief against Chen Case Defendant Ariel Abittan;

- Whether the Court should order an accounting by Chen Case Defendant Ariel Abittan;

- Whether Chen Case Defendants are liable for intentional infliction of emotional distress; and

- Whether Chen Case Defendants are liable for civil conspiracy.

B. <u>Chen Case Defendants' Position</u>

As noted above, the Chen Case Defendants do not have adequate information to fully understand what disputes of law will arise in this action, because the Chen Case Defendants do not know the identity of the person suing them. The Chen Case Defendants need more information before they can complete an analysis of the legal issues in this action and fully assess whether the claims brought are frivolous and subject to sanctions.

**4.** **Motions**

**Abittan Case:**

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Abittan Case Defendant Temujin Labs Inc. (Delaware) | Motion to Dismiss Complaint filed 4/9/21 | Granted on 7/19/21 |
| Abittan Case Individual Defendants and Temujin Labs Inc. (Cayman) | Motion to Dismiss, or in the Alternative Quash Service of Summons filed 5/28/21 | Granted on 7/19/21 |
| Abittan Case Individual Defendants, Temujin Labs Inc. (Cayman), Temujin Labs Inc. (Delaware) | Administrative Motion to Continue Case Management Conference and Associated Deadlines filed on 7/2/21 | Denied on 7/6/21 |
| Abittan Case Plaintiff Ariel Abittan | Motion for an Order Allowing Defendants Lily Chao and Damien Ding to be Served (1) Through Counsel, (2) Through Temujin Labs Inc. (Delaware)'s Registered Agent, (3) By Text, or (4) By Publication filed on 9/20/21 | Granted on 11/24/21 |
| Abittan Case Defendant Temujin Labs Inc. (Cayman) | Motion to Dismiss Complaint filed on 11/8/21 | Granted on 5/20/22 |
| Abittan Case Plaintiff Ariel Abittan | Motion to Stay filed 1/12/22 | Denied on 2/7/22 |
| Abittan Case Plaintiff Ariel Abittan | Motion for Leave to File Amended Complaint filed on 2/23/22 | Terminated as moot on 5/20/22 (ECF No. 141) |
| Abittan Case Defendant Temujin Labs Inc. (Cayman) and Individual Defendants | Motion to Strike Portions of Plaintiff's Amended Complaint filed on 6/17/22 | Terminated on 7/4/22 (ECF No. 148) |

**A.** Abittan Case Plaintiff's Position:

The Abittan Case Plaintiff has attempted to meet and confer with the Abittan Case Defendants with respect to their deficient initial disclosures, but the meet and confer attempts have been unsuccessful to date. The parties have not conferred about the dispute after new counsel appeared for the Abittan Case Defendants in December 2022.  If the parties cannot resolve their

disputes with respect to the Abittan Case Defendants' initial disclosures, the Abittan Case Plaintiff may need to file a motion to compel. The Abittan Case Plaintiff submits that there are no other motions anticipated at this time.

**B.**  Abittan Case Defendants' Position:

Abittan Case Defendants submit that this Court should dismiss the action and allow the claims at issue in this case to be litigated in the state forum currently pending in Santa Clara County Superior Court, Case No. 20CV372622 (the "State Action"). Abittan Case Defendants also submit that motions for summary judgment and/or other substantive motions may be appropriate in due course.

Abittan Case Defendants are willing to meet and confer regarding initial disclosures at an appropriate time.

**Chen Case:**

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Defendants | Motion for Administrative Relief Regarding Defendants' Time to Respond to the Complaint filed 4/13/22 | Denied as Moot on 4/29/22 |
| Plaintiff | Plaintiff Yuting Chen's Motion to Strike Portions of Declarations Annexed to Defendants' Answer filed 6/2/22 | Denied on 8/28/22 |

A.  Chen Case Plaintiff's Position:
Chen Case Plaintiff is not anticipating any further motions at this time.

B.  Chen Case Defendants' Position:

The Chen Case Defendants anticipate filing a motion for judgment on the pleadings relating to, *inter alia*, this Court's lack of personal jurisdiction over the Chen Case Defendants (other than Ariel Abittan). Depending on the Chen Case Plaintiff's identity, the Chen Case Defendants cannot rule out filing a motion for sanctions pursuant to Rule 11; however, the Chen Case Defendants will not file any such motion until they have fully complied with the safe harbor

provision of Rule 11. The Chen Case Defendants also submit that motions for summary judgment and/or other substantive motions may be appropriate in due course.

**5.** **Amendment of Pleadings**

**Abittan Case:**

The Abittan Case Plaintiff filed an amended complaint on July 5, 2022 (ECF No. 149). The Abittan Case Plaintiff does not anticipate amending the pleadings further at this time, but reserves the right to seek leave to amend the pleadings further if newly discovered evidence emerges.

**Chen Case:**

The Chen Case Plaintiff does not anticipate amending the pleadings at this time.

On May 16, 2022, the Chen Case Defendants filed an amended answer, as of right, pursuant to Rule 15(a)(1)(B). The Chen Case Defendants do not anticipate amending the pleadings further at this time, but reserve the right to seek leave to amend the pleadings further if newly discovered evidence emerges.

**6.** **Evidence Preservation**

**Abittan Case and Chen Case:**

Counsel for the parties have met and conferred about the preservation of evidence relevant to the issues reasonably evident in these actions. The parties additionally certify that the parties have reviewed the Guidelines for the Discovery of Electronically Stored Information, understand their preservation obligations, and have implemented document preservation protocols.

**7.** **Disclosures**

**Abittan Case:**

In accordance with the parties' joint stipulation (ECF No. 110) and this Court's order (ECF No. 111), the parties timely complied with the requirements of Fed. R. Civ. P. 26 by exchanging initial disclosures on December 1, 2021.

As stated above, the Abittan Case Plaintiff's position is that he has attempted to meet and confer with the Abittan Case Defendants with respect to their deficient initial disclosures, but the meet and confer attempts have been unsuccessful to date. If the parties cannot resolve their disputes

with respect to the Abittan Case Defendants' initial disclosures, the Abittan Case Plaintiff may need to file a motion to compel.

**Chen Case:**

In accordance with the Stipulation Re Service and Joint Request to Continue Case Management Conference and Related Deadlines with Order (ECF No. 26), the parties exchanged initial disclosures on May 16, 2022.

The Parties will meet and confer with each other in good faith to resolve any disputes related to those disclosures.

**8.** **<u>Discovery</u>**

**Abittan Case:**

A. <u>Abittan Case Plaintiff's Position</u>.

There are no pending motions in this action. Moreover, the parties have made only incremental progress towards mediation. The Abittan Case Defendants had agreed to produce Chao and Ding for depositions on identity issues, which Judge Kulkarni ordered completed by October 31, 2022. Because the Abittan Case Defendants filed a motion for disqualification, those depositions did not take place prior to October 31, 2022. Abittan has attempted to reschedule those depositions, but new counsel for Chao and Ding have not responded.  With respect to mediation, a mediator has not been selected, and no additional documents have been exchanged. In short, the timing of the State Action mediation remains uncertain.

The Abittan Case Plaintiff provides the following information in connection with the Rule 26(f) Report:

a. <u>Proposed Changes to Rule 26(a)(1) Disclosures</u>

    i.   Initial disclosures were exchanged on December 1, 2021.

    ii.   No changes to the standard requirements were necessary.

b. <u>Scope and Subjects of Discovery</u>

    i.   Without prejudice to his rights to seek discovery on any relevant issues, the Abittan Case Plaintiff contemplates that he will need and seek discovery concerning all factual, evidentiary, and legal support from the Abittan Case

1         Defendants and any relevant non-party regarding the Abittan Case Plaintiff's'

2         claims and theories of liability and damages.

3    ii.    The Abittan Case Plaintiff contemplates that the Abittan Case Defendants will

4         seek discovery concerning the basis of the Abittan Case Plaintiff's claims,

5         theories of liability and damages, the Abittan Case Defendants' defenses to

6         each, and any and all factual, evidentiary, and legal support.

7    iii.    The anticipated method of future discovery will include: (1) written discovery

8         in the form of Interrogatories, Requests for Admissions, and Requests for

9         Production of Documents; (2) written discovery via issuance of subpoenas to

10         third parties; (3) oral depositions of Abittan Case Plaintiff, Defendants,

11         Defendants' employees, agents, and "person(s) most knowledgeable" under

12         Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to

13         third parties.

14    iv.    The Abittan Case Plaintiff respectfully submits that no limitations or phases

15         should be imposed on conducting written discovery or depositions. The Abittan

16         Case Plaintiff submits that the parties should be permitted to serve written

17         discovery, as well as take depositions, at any time following the initial case

18         management conference.

19    v.    Supplementations under Rule 26(e) are due in reasonable time after material,

20         relevant facts are learned, or by court order.

21    vi.    Discovery deadlines shall be set by the Court.

22  c.  <u>Issues Relating to Electronically Stored Information</u>

23    i.    The Abittan Case Plaintiff does not anticipate any issues relating to disclosure

24         or discovery of electronically stored information.

25    ii.    The parties will address any such issues in the event they arise.

26  d.  <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

27    i.    Rule 26(b)(5) should apply to any claims of privilege or protecting materials

28         asserted as being for trial-preparation.

ii.   Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

e.   <u>Other Orders</u>

   i.   The Abittan Case Plaintiff is willing to immediately enter into a protective order in the form of the model Stipulated Protective Order for Standard Litigation.

   ii.   The Abittan Case Plaintiff requests a scheduling order under Rule 16(b).

   iii.   The Abittan Case Plaintiff does not request an order under Rule 16(c) at this time.

f.   <u>Changes in Discovery Limitations</u>

   i.   The Abittan Case Plaintiff anticipates that it will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of Ding and Chao's use of agents, the shell companies' various employees, and Findora's consultants, advisors, and investors, all of whom have relevant, probative evidence of Ding and Chao's fraudulent scheme. These limitations may need to be revisited if Abittan Case Plaintiff's Complaint is further amended and other parties are added.

   ii.   Otherwise, the Abittan Case Plaintiff does not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

B.   <u>Abittan Case Defendants' Position.</u>

Abittan Case Defendants provide the following information in connection with the Rule 26(f) Report:

a)   <u>Proposed Changes to Rule 26(a)(1) Disclosures</u>

   i.   Abittan Case Defendants provided their initial disclosures on December 1, 2021.

   ii.   No changes to the standard requirements are necessary.

b)   <u>Scope and Subjects of Discovery</u>

i. Without prejudice to Abittan Case Defendants' rights to seek discovery on any relevant issues, Abittan Case Defendants contemplate that they will need and seek discovery from Abittan Case Plaintiff and any relevant non-party regarding Abittan Case Plaintiff's claims and theories of liability and damages, as well as Abittan Case Defendants' defenses.

ii. ii Abittan Case Defendants contemplate that Abittan Case Plaintiff will seek discovery from Abittan Case Defendants and others regarding Abittan Case Plaintiff's claims, theories of liability and damages, Abittan Case Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

iii. The anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of the parties; and (4) oral depositions of third parties.

iv. Abittan Case Defendants agree that supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

v. Abittan Case Defendants agree that discovery deadlines shall be set by the Court and respectfully submits that these should be set after the pending motion to disqualify filed in the State Action has been adjudicated.

c) Issues Relating to Electronically Stored Information

i. Abittan Case Defendants do not anticipate any issues relating to disclosure or discovery of electronically stored information.

ii. The parties will address any such issues in the event they arise.

d) Procedures for Resolving Disputes Regarding Claims of Privilege

i. Abittan Case Defendants agree that Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation. Abittan Case Defendants agree that this proposed procedure should be adopted within the Court's further orders.

e) Other Orders

    i.   Because disclosure and discovery activity in this action is likely to involve the production of highly sensitive confidential information, Abittan Case Defendants will seek a protective order based on the Court's model protective orders, with appropriate modifications as necessary. Abittan Case Defendants will work with Abittan Case Plaintiff to seek to agree a proposed protective order to be submitted to the Court for approval.

f) Changes in Discovery Limitations

    i.   Abittan Case Defendants anticipate that they will need to take more than ten (10) depositions because of the extensive (but false) allegations by Abittan Case Plaintiff and with respect to their defenses. Abittan Case Defendants also anticipate that they will need an additional ten (10) interrogatories, making a total of 35, because of the Plaintiff's allegations.

    ii.   Otherwise, Abittan Case Defendants do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserve the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**Chen Case:**

A. Chen Case Plaintiff's Position.

The parties have met and conferred on the scope and timing of discovery. Chen Case Plaintiff asserts that she is not a party to any other case and thus discovery need not be coordinated among other cases. Finally, Plaintiff asserts that until she conducts discovery in this action, any ADR is premature; Plaintiff anticipates that the case will likely be ready for ADR in the summer of 2023.

Chen Case Plaintiff provides the following information in connection with the Rule 26(f) Report:

a) Proposed Changes to Rule 26(a)(1) Disclosures

    i.   Initial disclosures were exchanged on May 16, 2022.

  ii. No changes to the standard requirements are necessary.

 b) <u>Scope and Subjects of Discovery</u>

  i. Without prejudice to her rights to seek discovery on any relevant issues, Chen Case Plaintiff contemplates that she will need and seek discovery concerning all factual, evidentiary, and legal support from Chen Case Defendants and any relevant non-party regarding Plaintiff's claims and theories of liability and damages.

  ii. Chen Case Plaintiff contemplates that Chen Case Defendants will seek discovery concerning the basis of Chen Case Plaintiff's claims, theories of liability and damages, Chen Case Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

  iii. The anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of Chen Case Plaintiff, Defendants, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions of third parties.

  iv. Chen Case Plaintiff agrees that supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

  v. Chen Case Plaintiff agrees that discovery deadlines shall be set by the Court.

 c) Issues Relating to Electronically Stored Information

  i. Chen Case Plaintiff does not anticipate any issues relating to disclosure or discovery of electronically stored information.

  ii. The parties will address any such issues in the event they arise.

 d) Procedures for Resolving Disputes Regarding Claims of Privilege

  i. Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

ii.   Chen Case Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

e)  Other Orders

i.   Chen Case Plaintiff will meet and confer with opposing counsel on the form of a stipulated protective order.

ii.   Chen Case Plaintiff requests a scheduling order under Rule 16(b).

iii.   Chen Case Plaintiff does not request an order under Rule 16(c) at this time.

f)  Changes in Discovery Limitations

i.   Chen Case Plaintiff anticipates that she will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of the extensive fraudulent scheme carried out by the ten Chen Case Defendants. These limitations may need to be revisited if Chen Case Plaintiff's Complaint is amended and other parties are added.

ii.   Otherwise, Chen Case Plaintiffs do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserve the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

B. Chen Case Defendants' Position.

On May 2, 2022, the parties met and conferred on the scope and timing of discovery.  The parties met and conferred on a deposition date of the Chen Case Plaintiff. The Chen Case Plaintiff stated that she was unavailable until August 2022 due to travel to China. Abittan intends to notice the Chen Case Plaintiff's deposition on a mutually agreeable date that does not interfere with the State Action or mediation.

No other discovery has been propounded to date.

The Chen Case Defendants provide the following information in connection with the Rule 26(f) Report:

a.  Scope and Subjects of Discovery

i.   The Chen Case Defendants cannot fully assess the scope or subjects of discovery until they understand the identity of Chen Case Plaintiff. Nevertheless, without prejudice to their rights to seek discovery on any relevant issues, Chen Case Defendants contemplate that they will need and seek discovery concerning all factual, evidentiary, and legal support from Chen Case Plaintiff and any relevant non-party regarding Chen Case Plaintiff's claims and theories of liability and damages.

ii.   The Chen Case Defendants contemplate that Chen Case Plaintiff will seek discovery concerning the basis of Chen Case Plaintiff's claims, theories of liability and damages, the Chen Case Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

iii.   The anticipated method of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of the Chen Case Plaintiff, Defendants, Plaintiff's agents employees, agents, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third parties.

iv.   The Chen Case Defendants respectfully submits that no limitations or phases should be imposed on conducting written discovery or depositions. The Chen Case Defendants submit that the parties should be permitted to serve written discovery, as well as take depositions, at any time following the initial case management conference.

v.   Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

vi.   Discovery deadlines shall be set by the Court.

b.   <u>Issues Relating to Electronically Stored Information</u>

1    i.    The Chen Case Defendants do not anticipate any issues relating to disclosure
2          or discovery of electronically stored information.

3    ii.   The parties will address any such issues in the event they arise.

4  c.  <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

5    i.    Rule 26(b)(5) should apply to any claims of privilege or protecting materials
6          asserted as being for trial-preparation.

7    ii.   The Chen Case Defendants respectfully request that this proposed procedure be
8          adopted within the Court's further orders.

9  d.  <u>Other Orders</u>

10   i.    The Chen Case Defendants are willing to immediately enter into a protective
11         order, and have already drafted and circulated a protective order to Chen Case
12         Plaintiff, which is based on the model protective order in the Northern District
13         of California.

14   ii.   The Chen Case Defendants request a scheduling order under Rule 16(b).

15   iii.  The Chen Case Defendants do not request an order under Rule 16(c) at this
16         time.

17 e.  <u>Changes in Discovery Limitations</u>

18   i.    The Chen Case Defendants anticipate that they will need more than seven (7)
19         hours to depose Chen Case Plaintiff in order to understand the Chen Case
20         Plaintiff's identity and her relationship to the women and men with whom the
21         Chen Case Defendant Ariel Abittan conducted business.

22   ii.   Otherwise, the Chen Case Defendants do not currently anticipate any other
23         changes to the limitations on discovery proposed by the Federal Rules of Civil
24         Procedure, but reserves the right to seek appropriate relief and modifications to
25         the discovery limitations from the Court if necessary.

26 **9.    Class Actions**

27      **Abittan Case and Chen Case:**

28      Not applicable.

**10.    Related Cases**

A. **Abittan Case Plaintiff and Chen Case Defendants:**

The Abittan Case Plaintiff and the Chen Case Defendants submit that their cases are related and that the following cases are presently related to the Abittan Case and Chen Case:

- *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622;
- *Temujin Labs Inc. (Delaware) v. Franklin Fu*, Santa Clara County Superior Court, Case No. 28-21CV375422;
- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* San Francisco Superior Court, Case No. CGC21596745;
- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* United Stated District Court, Northern District of California, San Francisco Division, Case No. 3:21-cv-09152.

B. **Abittan Case Defendants and Chen Case Plaintiff:**

Chen, Chao, Ding, and Temujin Cayman submit that Case No. 20-CV-09340-NC is related to Case No. 21-CV-09393-NC solely because Ariel Abittan intentionally misnamed Chen as an "A/K/A" of Chao in Case No. 20-CV-09340-NC.

Chao, Ding, and Temujin Cayman agree that Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive, Santa Clara County Superior, Case No. 20CV372622 is related to this action.

Chao, Ding, and Temujin Cayman disagree that the other cases listed by Ariel Abittan are related to either Case No. 20-CV-09340-NC or Case No. 21-CV-09393-NC. Furthermore,

1  Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation

2  v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit

3  Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan

4  (Alex) Xiong, and Does 1-20, inclusive, San Francisco Superior Court, Case No. CGC21596745

5  has already been dismissed without prejudice.

6  **11.** **<u>Relief</u>**

7  **Abittan Case:**

8  A. <u>Abittan Case Plaintiff's Statement</u>

9  The Abittan Case Plaintiff requests the following relief:

10      1.  That the Abittan Case Defendants, and all other persons acting in active concert or

11          privately or in participation with the Abittan Case Defendants, be temporarily,

12          preliminarily, and permanently enjoined from the wrongful acts and conduct set

13          forth above;

14      2.  That the Abittan Case Abittan receive such other injunctive relief as they may

15          request and the Court may deem just and proper;

16      3.  That the Abittan Case Defendants be required to account for all gains, profits, and

17          advantages derived from their acts of conversion and other violations of law;

18      4.  That all gains, profits and advantages derived by the Abittan Case Defendants from

19          acts of conversion and other violations of law be deemed to be in constructive trust

20          for the benefit of Abittan;

21      5.  For an order rescinding the corporate formation documents of each Common

22          Enterprise Entity and intellectual property sale agreement;

23      6.  For an order requiring the Abittan Case Defendants to disgorge profits earned from

24          their unlawful conduct;

25      7.  For an award of restitution, unjust enrichment, actual damages, statutory damages,

26          and compensatory damages according to proof at trial;

27      8.  For punitive and exemplary damages according to proof at trial;

28

9.   For attorneys' fees, costs of suit, and prejudgment and post judgment interest, as provided under applicable law; and

10. For such other and further relief as the Court deems just and proper.

B.   <u>Abittan Case Defendants' Statement</u>

The Abittan Case Defendants dispute Abittan Case Plaintiff's allegations, as detailed in their Answer to the Second Amended Complaint, and deny that they have caused any injury to Abittan Case Plaintiff and deny that he is entitled to the relief he seeks or any relief.

**Chen Case:**

A.   <u>Chen Case Plaintiff's Statement</u>

Chen Case Plaintiff requests the following relief:

- For declaratory relief, stating and confirming that all unsold luxury watches and income from watch sales belong exclusively to Chen Case Plaintiff.

- For preliminary and permanent injunctive relief, restraining Ariel Abittan from selling, gifting or otherwise disposing of the luxury watches that came to him through his business dealings with Chen Case Plaintiff.

- For an accounting.

- For imposition of a constructive trust over all Chen Case Plaintiff's watches and money currently in the possession of any Chen Case Defendant.

- For compensatory, special, incidental and consequential damages according to proof.

- For exemplary and punitive damages to the extent permitted by law.

- For recovery of the unjust enrichment obtained by Chen Case Defendants as a result of their wrongful conduct.

- For an award of prejudgment interest, cost of suit, and reasonable attorneys' fees to the extent permitted by contract or by operation of law.

- For such other and further relief as the Court may deem just and proper.

B.   <u>Chen Case Defendants' Statement</u>

As noted above, the Chen Case Defendants cannot fully assess the requested relief in this action until they understand Chen Case Plaintiff's identity. In any event, however, the Chen Case

1   Defendants deny that they have caused any injury to the Chen Case Plaintiff and deny that the

2   Chen Case Plaintiff is entitled to the relief she seeks.

3   **12.   Settlement and ADR**

4       **Abittan Case:**

5       The Abittan Case Plaintiff has filed an ADR Certification by Parties and Counsel pursuant

6   to Civil L.R. 16-8(b) and ADR L.R. 3-5(b). The Abittan Case Plaintiff also submits that the parties

7   to the Related State Action are working towards a potential mediation, which could potentially

8   dispose of the Abittan Case and Chen Case.

9       **Chen Case:**

10       Chen Case Plaintiff will file an ADR Certification by Parties and Counsel pursuant to Civil

11   L.R. 16-8(b) and ADR L.R. 3-5(b), which certifies that counsel for all parties discussed the

12   selection of an ADR process, and that based on such discussion, the parties prefer to discuss ADR

13   selection at the case management conference. Chen Case Plaintiff asserts that until she conducts

14   discovery in this action, any ADR is premature; Plaintiff anticipates that the case will likely be

15   ready for ADR in the summer of 2023.

16   **13.   Consent to Magistrate Judge for All Purposes**

17       **Abittan Case:**

18       All parties have consented to proceeding before a Magistrate Judge for all purposes.

19       **Chen Case:**

20       All parties have consented to proceeding before a Magistrate Judge for all purposes.

21   **14.   Other References**

22       **Abittan Case and Chen Case:**

23       None.

24   **15.   Narrowing of Issues**

25       **Abittan Case and Chen Case:**

26       The parties respectfully submit that it is premature to consider agreement to narrow issues

27   for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it

28   would be inappropriate to bifurcate any issues, claims, or defenses at this time.

**16.** **Expedited Trial Procedure**

**Abittan Case and Chen Case:**

The parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**17.** **Scheduling**

**Abittan Case and Chen Case:**

On September 28, 2022, the Court set the following schedule for the Abittan Case and Chen Case:

a.   All non-expert discovery must be completed by 8/3/2023;

b.   Parties must complete all discovery of expert witnesses by 8/3/2023;

c.   Dispositive motions to be filed by 9/15/2023;

d.   Pretrial Statements and Motions in Limine due 1/3/2024;

e.   Pretrial Conference set for 1/17/2024, at 02:00 PM; and

f.   Jury Trial set for 2/12/2024, at 09:30 AM.

**18.** **Trial**

**Abittan Case and Chen Case:**

Plaintiffs in both actions have demanded jury trial of their claims against the respective Defendants. The parties in both actions respectfully submit that it is premature to estimate an expected length of the trial.

**19.** **Disclosure of Non-Party Interested Entities or Persons**

**Abittan Case:**

A.  Abittan Case Plaintiff's Statement

Abittan Case Plaintiff has filed a Certificate of Interested Entities or Persons.

B.  Abittan Case Defendants' Statement

Abittan Case Defendants have filed a Certificate of Interested Entities or Persons.

**Chen Case:**

A.  Plaintiff's Statement

Chen Case Plaintiff has filed a Certificate of Interested Entities or Persons.

1    B.  Defendant's Statement

2    Chen Case Defendants have filed a Certificate of Interested Entities or Persons.

**20.    Professional Conduct**

3    **Abittan Case and Chen Case:**

4

5    All attorneys of record for the parties can certify that they have reviewed the Guidelines for

6    Professional Conduct for the Northern District of California.

**21.    Other Matters**

7

8    **Abittan Case:**

9    A. Abittan Case Plaintiff's Statement

10   Abittan Case Plaintiff submits that all matters ripe for discussion are addressed in this Case

11   Management Statement and that no additional statements are necessary.

12   B.  Abittan Case Defendant's Statement

13   Abittan Case Defendants submit that all matters ripe for discussion are addressed in this

14   Case Management Statement and that no additional statements are necessary.

15   **Chen Case:**

16   A. Chen Case Plaintiff's Position:

17   Chen Case Plaintiff submits that all matters ripe for discussion are addressed in this Case

18   Management Statement and that no additional statements are necessary.

19   B.  Chen Case Defendant's Statement:

20   The Chen Case Defendants submit that all matters ripe for discussion are addressed in this

21   Case Management Statement and that no additional statements are necessary.

22   Dated: January 19, 2023

23                                        Respectfully Submitted,

24

25                                        /s/  Brianna K. Pierce
                                          Brianna K. Pierce (CBN 336906)
26                                        Constantine P. Economides (*pro hac vice*)
                                          FREEDMAN NORMAND FRIELDAND LLP
27                                        1 SE Third Avenue, Suite 250
                                          Miami, Florida 33131
28                                        Tel: (305) 971-5943

Email: ceconomides@fnf.law
        bpierce@fnf.law

*Counsel for Ariel Abittan, Abraham Abittan,
Rachel Abittan, Brian Abittan, Jacob Abittan,
Alyssa Abittan, Eliana Abittan, Roy Graber,
Tova Graber, and Realtime NY LLC*


*/s/  Brian A. Barnhorst*
James Cai
Brian A. Barnhorst
Jackson D. Morgus
SAC ATTORNEYS, LLP
*Counsel for Yuting Chen, Lily Chao,
Damien Ding, and Temujin Labs Inc., a
Cayman Islands Corporation*