**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN,<br><br>          Plaintiff,<br><br>     v.<br><br>LILY CHAO, et. al.<br><br>          Defendants,<br><br>     and<br><br>EIAN LABS INC.,<br><br>          Nominal Defendant. | Case No. 20-CV-09340-NC<br>Filed: December 24, 2020<br><br>**JOINT DISCOVERY LETTER REGARDING INITIAL DISCLOSURES**<br><br>Judge:   Hon. Nathanael Cousins |
| YUTING CHEN,<br><br>          Plaintiff,<br><br>     v.<br><br>ARIEL ABITTAN, et. al.,<br><br>          Defendants. | Case No. 21-CV-09393-NC<br>Filed: December 3, 2021 |

Dear Judge Cousins,

Pursuant to your Honor's Paperless Order [ECF No. 170] in Case No. 20-cv-09340-NC (the "Abittan Case") and [ECF No. 66] in Case No. 21-cv-09393-NC (the "Chen Case"), Plaintiff Ariel Abittan ("Abittan") and Defendants Lily Chao, Damien Ding, and Temujin Labs Inc. (the "Abittan Case Defendants"), and Plaintiff Yuting Chen ("Chen") and Defendants Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (together with Abittan, the "Chen Case Defendants") submit this joint letter regarding initial disclosures.[1] The parties have met and conferred and exchanged correspondence in a good faith effort to resolve the issues set forth hereinbelow. The parties have been unable to reach agreement and therefore submit this joint letter.

Respectfully submitted,

| | |
|---|---|
| **FREEDMAN NORMAND FRIEDLAND LLP** | **SAC ATTORNEYS LLP** |
| */s/ Brianna K. Pierce*<br>Brianna K. Pierce | */s/ Jackson Morgus*<br>Jackson Morgus |
| *Attorneys for Abittan and the Chen Case Defendants* | *Attorneys for Chen and the Abittan Case Defendants* |

---

[1] The Chen Case Defendants, other than Ariel Abittan, do not consent to personal jurisdiction or waive any challenges to personal jurisdiction by filing this joint discovery letter.

**ABITTAN AND THE CHEN CASE DEFENDANTS' POSITION**

On December 1, 2021, the Abittan Case Defendants served their initial disclosures in the Abittan Case. On May 16, 2022, Yuting Chen served her initial disclosures in the Chen Case. At various times—with both former and present counsel—counsel for Abittan and the Chen Case Defendants identified specific deficiencies in the Abittan Case Defendants' and Chen's respective initial disclosures. During a meet and confer, on January 27, 2023, counsel for Abittan and the Chen Case Defendants (again) identified deficiencies with (1) witness disclosures, (2) document disclosures, and, in the Chen Case only, (3) damages disclosures.[2] On January 30, 2023, Chen served supplemental disclosures, while the Abittan Case Defendants did not.

For the reasons set forth below, the initial disclosures remain deficient in both cases. Accordingly, Abittan and the Chen Case Defendants respectfully request an order directing Chen and the Abittan Case Defendants to supplement their respective initial disclosures in compliance with Rule 26 of the Federal Rule of Civil Procedure ("Rule"). Alternatively, Abittan and the Chen Case Defendants seek leave to file a motion to compel supplemental disclosures and for sanctions.

**Party Identification**: Rule 26(a)(1)(A)(i) requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]"

Chen Case: Chen identifies only one person other than the parties as an individual likely to have discoverable information in support of her claims for, *inter alia*, fraud and civil conspiracy. This position is untenable. Throughout the Complaint, Chen references numerous "friends" and "family members" who purportedly witnessed or, in some instances, were also "defrauded" by the Chen Case Defendants. *See, e.g.,* [ECF No. 1] at ¶ 28 ("Abittan also used Chen to get to her *friends* for the sole purpose of defrauding them too"); ¶ 40 ("Elaina Abittan together with her parents, Roy and Tova Graber, represented to Chen and her *friends* that they owned big real-estate development businesses"; ¶ 40 ("Brian and Jacob Abittan[] also represented to Chen and her *friends* that they were famous and well-connected lawyers"); ¶ 40 ("Alyssa Abittan[]represented to Chen and her *friends* that her husband was a wealthy businessman"); ¶ 42 ("[the Chen Case Defendants] also defrauded Chen's *friends* directly"); ¶ 58 ("[Abittan] asked Chen and her *friends* to use [credit cards] on his behalf" and stated "he could give some of the points to Chen and her *friends* to use"); ¶ 59 ("Chen and her *friends* started using and repaying [Abittan's] credit card."); ¶ 61 ("Chen started to suspect that Ariel Abittan was actually a fraud and been defrauding her and her friends all along.").

Despite Chen's repeated reference to and reliance on unnamed friends in her Complaint, Chen now asserts (below) that she does not identify additional individuals because she does not intend to use their testimony in support of her claims. Accordingly, Chen should either be required to produce a full list of the friends referenced in the Complaint, or she should be prohibited from relying on any individual other than Damien Ding in support of her claims at trial and the allegations related to "friends" should be stricken from the Complaint. *See Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010), *aff'd*, 768 F.3d 843 (9th Cir. 2014)("In order to give teeth to these requirements, Rule 37(c)(1) permits the Court to preclude 'the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.'")(internal quotations omitted)).

Abittan Case: The Abittan Case Defendants identify four individuals as likely to have discoverable information upon which they may rely—one is Yuting Chen and three are individuals possibly connected to Temujin (though the disclosures do not identify them as such). The Abittan Case Defendants omit the addresses and telephone numbers of the witnesses, direct Abittan to

---

[2] At the January 27, 2023 meet and confer, counsel for Chen and the Abittan Case Defendants stated that they have no issues with Abittan's or the Chen Case Defendants' initial disclosures. Nor do they raise any issues in this joint letter.

contact the witnesses through the Abittan Case Defendants' counsel, and identify the subjects of information known to these individuals as either "Plaintiff Abittan; interactions with Abittan" or "Plaintiff Abittan; Findora Project; Temujin business." The contact information and scope of information do not satisfy Rule 26 and, therefore, should be supplemented.

Moreover, the disclosure is lacking key individuals. Indeed, the omission of Lily Chao is untenable. Counsel for Chen and Chao have repeatedly stated in filings before this Court that "the watch business involved Chen, whereas the cryptocurrency business involved Chao." *See, e.g.*, [ECF No. 169] at 4. Because both the watch and cryptocurrency businesses are at issue in the Abittan Case, the Abittan Case Defendants must identify all known witnesses to *both* businesses, including Lily Chao and the "friends" referenced in the Chen Case Complaint.

**Description and Location of Documents**: Rule 26(a)(1)(A)(ii) requires a party to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" The description of the documents must be specific enough to enable opposing parties to make an informed decision concerning which documents they may need to examine and to frame their document requests in a manner "likely to avoid squabbles resulting from the wording of the requests." Adv. Comm. Notes on 1993 Amendments to Rule 26(a)(1)(A).

Chen Case: Chen's supplemental document disclosure states that she has "documents related to the watch enterprise," including text messages, emails, "[f]inancial statements evidencing relevant payments made[,]" and "[d]ocumentation of watches owned, bought and sold by Plaintiff[.]"Chen does not identify the location of the foregoing documents. Nor does she produce any of the documents that she claims to possess or control. Chen's document disclosure, therefore, does not comport with Rule 26.

Abittan Case: The Abittan Case Defendants' document disclosures consist entirely of five nebulous references to "[d]ocuments" concerning extraordinarily vague subject areas, such as "[d]ocuments related to Plaintiff Abittan" and "[d]ocuments relating to the Temujin business." This sort of "disclosure" is plainly improper under Rule 26, as it does not identify the category or location of documents with sufficient specificity.

**Damages (Chen Case Only)**: Rule 26 requires parties to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]"

Despite identifying "[f]inancial statements evidencing relevant payments made[,]" and "[d]ocumentation of watches owned, bought and sold by Plaintiff" as documents within Chen's possession, custody, or control, Chen does not identify a single dollar in claimed damages—past or future. Nor did Chen produce or provide access to any documents in support of her damage allegations. Instead, Chen states that she has "suffered significant damages" and that she will "supplement this disclosure statement with any additional information uncovered regarding damages to Plaintiff" following expert analysis. But even if damages may be the subject of expert testimony, this is not a valid basis for a party to refuse to provide proper damages disclosures under Rule 26. *See Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) ("[A] party is not excused from makings its disclosures because it has not fully investigated the case. Future expert analysis does not relieve Plaintiff of its obligation to provide information reasonably available to it") (citation omitted)). Given Chen's admission that she possesses or controls financial documentation that will support her damages claims, Chen must supplement her initial disclosures with a computation of damages *and* must produce the supporting documentation.

**CHEN AND THE ABITTAN CASE DEFENDANTS' POSITION**

Through their meet and confer efforts, counsel for Ariel Abittan (Defendant) has raised three allegations as to Plaintiff's initial disclosures:

(1) That plaintiff has failed to disclose witnesses

(2) That Plaintiff did not disclose the location of the documents, and

(3) That no computation of damages was calculated.

First of all, as to witnesses, Defendant's counsel contends that Plaintiff makes reference to "friends" (in reality it is "a friend"), referenced in the Complaint, who received a facial, purported to be "free," for which she was actually charged over $10,000.

Plaintiff's reason for not disclosing an additional witness to this end is simple. Rule 26 provides that disclosure is required only of those witnesses the disclosing party "may use to support its claims or defenses, unless the use would be solely for impeachment." [FRCP 26(a)(1)(A)(i)]

Here, simply put, the individual in question, Yuting Chen's friend who accompanied her on the New York trip and was herself defrauded, is not a witness which Plaintiff intends to use to support their claims. While she was present on that trip, and the facial incident is proffered in the complaint as background information as to the character of Defendant Arial Abittan, that witnesses testimony is not necessary to support the claims brought in the instant lawsuit.

Second, Defendant's counsel contends that the location of the documents listed in Plaintiff's initial disclosures was not provided. The documents and electronically stored information are in the possession of the Plaintiff, as indicated on the initial disclosures.

Finally, as to calculation of damages, while Plaintiff is, in fact, in posession of financial statements evidencing payments made, and documentation of watches owned, bought and sold by Plaintiff, this information is not comprehensive. Investigation is ongoing as to the exact amount and nature of the damages incurred.

Abittan's counsel has also asked SAC Attorneys, which also represents Lily Chao, Yuting Chen, Damien Ding and Temujn Labs, Inc. in case No. 5:20-CV-09340-NC, in which Abittan is Plaintiff, whether they will be supplementing initial disclosures in that case. Counsel for those

Defendants are unaware of the issues which Abittan takes with the initial disclosures in that matter.