| | |
|---|---|
| Constantine P. Economides (*pro hac vice*) | Jingjing Ye (Admitted Pro Hac Vice) |
| Brianna K. Pierce (CBN 336906) | Email: yelaw@pm.me |
| FREEDMAN NORMAND | YE & ASSOCIATES, PLLC |
| FRIEDLAND LLP | 3400 N Central Expy Suite 110-132 |
| 1 SE 3rd Avenue, Suite 1240 | Richardson, TX 75080 |
| Miami, FL 33131 | Telephone (469) 410-5232 |
| Tel: (305) 971-5943 | |
| Email: ceconomides@fnf.law | James Cai (SBN: 200189) |
|          bpierce@fnf.law | *jcai@sacattorneys.com* |
| | Brian A. Barnhorst (SBN: 130292) |
| *Attorneys for Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC* | *bbarnhorst@sacattorneys.com* |
| | Jackson D. Morgus (SBN: 318453) |
| | *jmorgus@sacattorneys.com* |
| | Raymond G. Hora (SBN: 335123) |
| | *rhora@sacattorneys.com* |
| | SAC ATTORNEYS LLP |
| | 1754 Technology Drive, Suite 122 |
| | San Jose, CA  95110 |
| | Telephone: (408) 436-0789 |
| | |
| | *Attorneys for Yuting Chen, Lily Chao, Damien Ding, and Temujin Labs Inc., a Cayman Islands Corporation* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, | Case No. 20-CV-09340-NC |
|                              Plaintiff, | Filed: December 24, 2020 |
| v. | **JOINT STATUS UPDATE REGARDING INITIAL DISCLOSURES** |
| LILY CHAO, et. al. | |
|                              Defendants, | Judge:   Hon. Nathanael Cousins |
| and | |
| EIAN LABS INC., | |
|          NOMINAL DEFENDANT. | |
| YUTING CHEN, | Case No. 21-CV-09393-NC |
|                              Plaintiff, | Filed: December 3, 2021 |
| v. | |
| ARIEL ABITTAN, et. al., | |
|                              Defendants. | |

Pursuant to this Court's March 8, 2023 paperless Order [ECF No. 176] in Case No. 5:20-CV-09340 (the "Abittan Case") and [ECF No. 73] in Case No. 5:21-CV-09393 (the "Chen Case"), Plaintiff Ariel Abittan ("Abittan") and Defendants Lily Chao, Damien Ding, and Temujin Labs Inc. (the "Abittan Case Defendants"), and Plaintiff Yuting Chen ("Chen") and Defendants Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC (together with Abittan, the "Chen Case Defendants")[1] submit this joint status update regarding initial disclosures.

## ABITTAN'S AND THE CHEN CASE DEFENDANTS' POSITIONS

### I. The Abittan Case

On March 22, 2023, the Abittan Case Defendants served third supplemental disclosures. On March 23, 2023, via email, counsel for Abittan raised several remaining deficiencies with counsel for the Abittan Case Defendants. Later that day, counsel for the parties met and conferred in an attempt to resolve the outstanding dispute. After the meet and confer, on March 27, 2023, the Abittan Case Defendants served fourth amended disclosures. The following two issues related to document disclosures remains between the parties.[2]

First, the Abittan Case Defendants failed to fully supplement its categories of documents. In two instances, the Abittan Case Defendants identify the scope of information (such as "documents relating to ownership of assets") but fail to give any specific category, such as emails or financial documents. The general use of the word "documents" is not a sufficiently detailed category of documents.

Second, with respect to location, the Abittan Case Defendants list only one address—444 High Street, Suite 300, Palo Alto 94031 ("444 High St.")—for the location of all documents, electronically stored information, and tangible things within their possession, custody, or control that they may use to support their claims or defenses. Temujin Labs Inc. and Yuting Chen (both

---

[1] The Chen Case Defendants, other than Ariel Abittan, do not consent to personal jurisdiction or waive any challenges to personal jurisdiction by filing this joint discovery letter.

[2] While the Abittan Case Defendants supplemented their witness disclosures to include addresses, Abittan notes that twenty-one (21) phone numbers are listed as "no longer known." Abittan reserves the right to seek appropriate relief if it becomes apparent that the Abittan Case Defendants knew the contact information of these witnesses but failed to disclose it.

parties to these actions) rented 444 High St. for the cryptocurrency business at issue in the Abittan case. However, upon information and belief, the Abittan Case Defendants' documents are either not located at 444 High St. or will be imminently removed from that office. Indeed, on January 12, 2023, 101 University Limited Partnership ("101 University")—the owner of 444 High St.—filed an unlawful detainer action against Temujin Labs Inc. and Yuting Chen, seeking, *inter alia*, restitution of possession of 444 High St. and forfeiture of the lease. *See 101 Univ. Ltd. P'ship v. Tumujin Labs Inc.,* No. 23cv409882 (Cal. Super. Ct. Jan. 1, 2023). The process server for 101 University made eleven (11) unsuccessful attempts to serve process at 444 High St., noting that the business was "closed." *Id.* On January 24, 2023, 101 University sought an order to serve process by posting a copy of the summons on the premises at 444 High St. *Id.* On February 1, 2023, the Court granted the order for posting. *Id.* Service of process was made on February 2, 2023, but Temujin Labs and Yuting Chen failed to appear. *Id.* On February 23, 2023, default was entered against Temujin Labs and Yuting Chen. *Id.* On March 17, 2023—10 days before the Abittan Case Defendants' served their fourth supplemental disclosures—a Clerk's judgment for possession of real property was entered and a writ of possession issued. *Id.* The unlawful detainer action has since been closed. *Id.* Given the foregoing, it is hard to understand how the identification of 444 High St. as the location for the Abittan Case Defendants' documents—including personal text messages— could have been made in good faith. Abittan requests that the Abittan Case Defendants be ordered to supplement their document disclosure with a current address for the documents identified in their document disclosures and/or for all sanctions that the Court deem fair and just.

## II.  Chen Case

On March 22, 2023, Chen served third supplemental disclosures. On March 23, 2023, via email, counsel for the Chen Case Defendants raised several remaining deficiencies with counsel for Chen. Later that day, counsel for the parties met and conferred in an attempt to resolve the outstanding dispute. After the meet and confer, on March 27, 2023, Chen served fourth amended disclosures. The following issues remains between the parties.

A. <u>Witness Disclosures</u>

During the parties' meet and confer, counsel for Chen represented that the non-party witnesses included in Chen's initial disclosures are the friends referenced in the complaint. However, Chen failed to supplement her witness disclosures to include any phone numbers. Accordingly, Chen's witness disclosures do not comport with the Court's Order, which specifically ordered Chen to "[d]isclos[e] known address and telephone number of all witnesses."

Moreover, with respect to addresses, Chen provides only an address to a **virtual office** for herself and Damien Ding (an Abittan Case Defendant). Counsel for Chen (and the Abittan Case Defendants) have not offered any explanation that would make the identification of a virtual office—as opposed to Chen's and Ding's personal addresses—sufficient under Rule 26. Accordingly, Abittan request an order requiring Chen to supplement her witness disclosures and/or for all sanctions the Court deems fair and just.

B. <u>Document Disclosures</u>

Chen failed to fully supplement her categories of documents. In two instances, Chen identifies the scope of information (such as "documentation of watches owned") but fails to give any specific category, such as excel spreadsheets or contracts. The general use of the word "documentation" is not a sufficiently detailed category of documents.

With respect to location, Chen again provides the virtual office address. However, in addition to being a virtual office, it is unclear how or why all documents—including personal text messages between Chen and the Chen Case Defendants—would *all* be located at a virtual office and nowhere else, such as in Chen's home on her cell phone. Accordingly, Abittan request an order requiring Chen to supplement her document disclosures and/or for all sanctions the Court deems fair and just.

C. <u>Damages Disclosures</u>

Ms. Chen's damages disclosures remains deficient. Despite the Court's order to "produc[e] or disclos[e] with more specificity documents supporting damages calculations[,]" Chen has failed to produce supporting documents or to make any disclosures with greater specificity. To the contrary, Ms. Chen produced 19 **heavily redacted** pages that purport to be Certificates of Origin

for less than half of the watches Chen seeks damages for in this action Notably, Chen redacted every piece of information that could give Mr. Abittan relevant information about Ms. Chen's damages calculations, including the purchaser, the dealer, the serial number, and the date of sale. During the meet and confer, counsel for Chen did not provide any justification for the redactions and was unwilling to provide the certificates without redactions.

Further, Chen does not add any specificity to her damages calculation. Indeed, she does not add any calculations or documents in support of the numerous **categories** of damages she seeks in this action, including compensatory, special, incidental, consequential, exemplary, punitive, or unjust enrichment. "The federal rules require that parties promptly disclose, 'without awaiting a discovery request,' 'a computation of each category of damages claimed' and must make available documents on which that computation is based. *Undiscovered Corp. v. Heist Studios*, No. CV 18-5719 FMO (ASX), 2019 WL 8219489, at *2 (C.D. Cal. Oct. 1, 2019) (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)). Accordingly, Chen's one general computation of damages does not sufficiently disclose the damages calculations for each category of damages sought by Chen.

Moreover, even if the certificates could support Ms. Chen's damages claims, her production would still be woefully deficient. Ms. Chen admits that she has the following documents within her possession, custody, or control: (1) "financial statements evidencing relevant payments made to Ariel Abittan and/or Defendants involving sale of the watches"; (2) "financial statements evidencing relevant payments made to the credit card account used by Abittan and Defendants"; (3) "[r]eceipts and/or [f]inancial statements evidencing proof of purchase of the watches from retailers." Despite repeated representations that Ms. Chen is in possession of specific financial documents, Ms. Chen refuses to produce these documents, as required by Rule 26.

Accordingly, Ms. Chen's damages disclosure—without the production of the financial documents or any additional specificity—remains deficient. The Chen Case Defendants request that Ms. Chen's damages and/or claims be stricken and that the Court issue any other sanctions it deems fit due to Ms. Chen's deliberate and willful violation of this Court's Order.

## CHEN'S AND THE ABITTAN CASE DEFENDANTS' POSITION

After the hearing date, Chen and Abittan Case Defendants amended their respective initial disclosures for the third and fourth times. Chen served and filed her Third Amended Initial Disclosure to amend the address of witnesses, amended the subjects of information with more specificity, amended the description of documents, amended the description of the location of the documents, and amended the calculation of damages while producing additional documents to corroborate the calculation. Abittan Case Defendants served and filed their Third Amended Initial Disclosure to amend the address of the witnesses, provided the phone numbers of the witnesses that are known, amended the subjects of information for the witnesses, amended the description by category of the documents and amended the description of the location of the documents.

Afterwards, counsel for the parties met and conferred to try and narrow down the issues. Chen served and filed her Fourth Amended Initial Disclosure to amend the address of witnesses, amended the subjects of information with more specificity and amended the description of the location of the documents. Abittan Case Defendants served and filed their Fourth Amended Initial Disclosure to amend the phone number of the witnesses for those that are known, amended the description by category of the documents and amended the description of the location of the documents. Still, Counsel for Abittan and Chen Case Defendants raised the same complaints that the disclosures are not sufficient.

**Chen Case**

Chen Case Defendants allege that Chen's Fourth Amended Initial Disclosures are still not sufficient because they believe the scope of knowledge by witnesses is still vague. They also allege that the damages disclosures were not adequately supplemented with the additional documents.

As to the allegation of insufficient scope of knowledge, Chen believes the subject of information are adequate. For example, Damien Ding is described as having knowledge of identification of Ariel Abittan and other Defendants in this action; Damien Ding's interactions with the Ariel Abittan and Defendants in this action; Damien Ding's knowledge of Ariel Abittan

and Defendants related to the watch business. Damien Ding's knowledge of Yuting Chen's watch business with Ariel Abittan; Damien Ding's account witnessing Yuting Chen interact with Ariel Abittan and Defendants.  These information are all relevant and specific because Ariel Abittan is expressly denying knowledge of Yuting Chen and doing business with her.  Damien Ding's first hand account witnessing Yuting Chen interact with Ariel Abittan is certainly a sufficient enough disclosure of his knowledge because it tends to prove or disprove Ariel Abittan's claim of lack of knowledge of Yuting Chen, let alone doing business with her.

Another example is Ming Chang's knowledge of Yuting Chen's watch business with Ariel Abittan.  Ariel Abittan is claiming that he did not have a business relationship with Yuting Chen regarding a watch business.  But Ming Chang's knowledge of the watch business between Yuting Chen and Ariel Abittan is certainly specific enough to dispel Ariel Abittan's claim of lack of knowledge of a watch business with Yuting Chen.

As to their claim that damages disclosures were not adequately supplemented, Chen disclosed that her initial assessment of damages indicates 45 individual Patek Philippe watches with a total retail cost of $2,607,743.00 and a total market value of $6,700,000.00.  These figures are derived from the spreadsheet produced to Chen Case Defendants identifying the specific make, model, and price of the watch.  The spreadsheet was further supplemented with the Certificate of Origin from Patek Philippe for the watches.  This identifies the specific model purchased at retail and the date of sale.  In the watch resale business, the certificate of origin accompanies the watch and is transferred to the new owner when the watch is sold. The Certificate of Origin(s) produced to Defendants are for the watches identified in the spreadsheet above, evidencing Plaintiff's purchase of the watches. The Certificate of Origins are the "other evidentiary material" that tends to prove or disprove that Chen owned these watches because of the nature of the watch resale business included these certificates when a watch is resold.

**Abittan Case**

Abittan claims that the use of the word "documents" to describe the category of documents is still deficient.  Abittan Case Defendants' Fourth Amended Initial Disclosure as to the category of documents are as follows:

- Documents relating to the Findora project and Plaintiff's non-involvement with the Findora business including business agreement formations and product presentations.
- Documents relating to the Temujin business and Plaintiff's non-involvement with the Temujin business including business agreement formations and product presentations.
- Documents relating to ownership of assets and intellectual property relating to the Temujin business, not mentioning Ariel Abittan.
- Documents relating to ownership of assets and intellectual property relating to the Findora business, not mentioning Ariel Abittan.

As alleged by the Abittan Case Defendants, Ariel Abittan does not have ownership interest in the Findora and Temujin business. Thus, Abittan's challenge as to the sufficiency of the word "document" is effectively asking the Court for the Abittan Case Defendants to prove a negative. The Fourth Amended Initial Disclosures amended the category to state that the Findora and Temujin records, including the business agreement formations and product presentations, relate to Abittan's *non-involvement* in those businesses. The Fourth Amended Initial Disclosure also amended the category of documents to indicate ownership of assets and intellectual properly relating to both business, which would *not mention* Ariel Abittan. Asking the Court to disclose documents showing Ariel Abittan is not part of the business is asking the Abittan Case Defendants to refute something that is not true – that Ariel Abittan allegedly has ownership interest. Thus, documents relating to ownership of assets and business agreement formations that does not mention Abittan is certainly specific enough that would tend to prove or disprove Abittan's claim of ownership (or lack thereof.)

Chen and Abittan Case Defendants submit that their Fourth Amended Initial Disclosures are compliant under the rules for the reasons stated above.

Respectfully submitted,

| FREEDMAN NORMAND FRIEDLAND LLP | SAC ATTORNEYS LLP |
|---|---|
| */s/ Brianna K. Pierce*<br>Brianna K. Pierce | */s/ Raymond Hora*<br>Raymond Hora |
| *Attorneys for Abittan and the Chen Case Defendants* | *Attorneys for Chen and the Abittan Case Defendants* |