Constantine P. Economides (*pro hac vice*)
Brianna K. Pierce (CBN 336906)
FREEDMAN NORMAND
FRIEDLAND LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 971-5943
Email: ceconomides@fnf.law
        bpierce@fnf.law

*Attorneys for Ariel Abittan, Abraham Abittan, Rachel Abittan, Brian Abittan, Jacob Abittan, Alyssa Abittan, Eliana Abittan, Roy Graber, Tova Graber, and Realtime NY LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>                Plaintiff,<br><br>    v.<br><br>LILY CHAO, et. al.<br><br>                Defendants,<br><br>    and<br><br>EIAN LABS INC.,<br><br>                NOMINAL DEFENDANT. | Case No. 20-CV-09340-NC<br>Filed: December 24, 2020<br><br>**NOTICE REGARDING PROPOSED PROTECTIVE ORDER**<br><br>Judge:   Hon. Nathanael Cousins |
| YUTING CHEN,<br><br>                Plaintiff,<br><br>    v.<br><br>ARIEL ABITTAN, et. al.,<br><br>                Defendants. | Case No. 21-CV-09393-NC<br>Filed: December 3, 2021 |

Ariel Abittan hereby files this notice[1] in response to the filing of a proposed protective order [ECF No. 187] in Case No. 5:20-CV-09340 (the "Abittan Case") and [ECF No. 96] in Case No. 5:21-CV-09393 (the "Chen Case"), and states as follows:

### The Abittan Case

Abittan and the Abittan Case Defendants have not met and conferred about a protective order in this action. While Abittan is always willing to meet and confer in good faith, Abittan could not have agreed to the proposed protective order filed by the Abittan Case Defendants. As proposed, the protective order prohibits the use of documents in any other case, including the numerous related cases. For example, Abittan would not be permitted to use documents from this action in the state action and, therefore, Abittan would have to propound identical party discovery, serve identical subpoenas, and take identical depositions in each case. Such a protective order would necessarily lead to duplicative discovery, increased inefficiencies, and wasted resources. Accordingly, the Abittan Case Defendants' proposed protective order should not be entered.

### The Chen Case

The Court's April 26, 2023 Order Dismissing Case with Conditions stated that the parties had "**until May 2, 2023**, to jointly or separately propose a protective order to regulate certain documents that were produced in the case." [ECF No. 92] (emphasis added). Chen's proposed protective order, filed May 5, 2023, is untimely and, therefore, should not be entered.

Moreover, the documents served in the Chen Case were served without a protective order in place. The case has since been dismissed with prejudice. If Chen's untimely protective order is entered, it will raise questions about the Chen Case Defendants' ability to lodge a challenge to the post hac designations. Further, because Chen's proposed protective order prohibits the use of documents in any other case, including the related cases, entry of Chen's protective order will lead to inefficiencies and duplicative discovery.

In sum, Chen knew the deadline for producing documents, but did not seek a protective order prior to service. Then, Chen failed to file a protective order by May 2, 2023, as ordered. Now,

---

[1] Given the atypical filing of these proposed protective orders without any concomitant motion or explanation that they were not filed on consent of all parties, Abittan concluded that this notice was the best way to address the Court on this topic.

1  Chen asks the Court to enter a protective order that will create more problems than it will solve.

2  Accordingly, Chen's proposed protective order should not be entered.

3  Dated: May 5, 2023                           **FREEDMAN NORMAND FRIEDLAND LLP**

4  
   <u>/s/ Brianna K. Pierce</u>
   Brianna Pierce (CA Bar No. 336906)
5  Constantine P. Economides (*pro hac vice*)
   1 SE Third Avenue, Suite 250
6  Miami, Florida 33131
   Tel: (305) 971-5943
7  Email: bpierce@fnf.law
   ceconomides@fnf.law

8  

9  *Counsel for Ariel Abittan and the Chen Case Defendants*