James Cai (SBN: 200189)
jcai@sacattorneys.com
Brian A. Barnhorst (SBN: 130292)
bbarnhorst@sacattorneys.com
Patrick E. O'Shaughnessy (SBN: 218051)
poshaughnessy@sacattorneys.com
Woody Wu (SBN: 309317)
wwu@sacattorneys.com
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, CA  95110
Telephone: (408) 436-0789

Jingjing Ye (*Pro Hac Vice*)
jye@yefirm.com
YE & ASSOCIATES, PLLC
3400 N. Central Expy, #500
Plano, TX 75080
Telephone: (469) 410-5232

*Attorneys for Temujin Labs Inc. (Delaware)*
*Temujin Labs Inc. (Cayman Islands), Lily Chao,*
*and Damien Ding*

Constantine P. Economides (*Pro Hac Vice*)
ceconomides@fnf.law
Brianna Pierce (SBN: 336906)
bpierce@fnf.law
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Ste. 1240
Miami, FL 33131
Telephone: (786) 924-2900

*Attorneys for Ariel Abittan*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>                         Plaintiff,<br><br>         v.<br><br>LILY CHAO et al.,<br><br>                         Defendants. | Case No. 20-CV-09340-NC<br><br>**JOINT STATEMENT OF DISCOVERY DISPUTE RE: LAW FIRM SUBPOENAS**<br><br>Judge:    Hon. Nathanael Cousins<br><br>Filed:     December 24, 2020 |

The parties write pursuant to the Hon. Nathanael Cousins' March 15, 2019 Civil Standing Order to raise a discovery dispute. Defendants object to Plaintiff's subpoena requests to non-party law firms. The parties' differing positions on the dispute are set forth separately below.

**Defendants' Position**

1) **The unresolved issues** in this dispute are:

- Whether Plaintiff's broad document requests to several non-party law firms infringe upon attorney-client privileges and other protections?

- Whether Plaintiff's thirty-seven (37) specification discovery requests are disproportionate, overbroad, and pose an undue burden on counsel because they, for example, call for "all documents about Damien Ding," and twenty-seven (27) other actual and potential law firm clients?

- Whether Plaintiff's discovery requests should be quashed or significantly limited such that Defendants, their information, and their lawyers are protected from Plaintiff's unreasonable use of subpoena powers?

2) **Defendants propose and respectfully request** that the Court quash or very significantly limit Plaintiff's unreasonable subpoenas to several non-party law firms.

   a) <u>Attorney-Client Privilege, Work Product, and Other Protections</u>

Plaintiff's broad discovery requests to several non-party law firms infringe upon attorney-client privileges, and work product and other protections.[1] They call for substantial amounts of information reflecting communications between Defendants and their lawyers about legal services. *See, e.g.,* O'Shaughnessy Decl. Ex. 1 ("Fenwick Subp."). Rule 45 places an affirmative burden on the party seeking discovery to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). And Courts must quash subpoenas that call for the "disclosure of privileged or other protected matter if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii) & 26(b). Plaintiff articulated no argument for waiver or exception in meet and confer discussions.

Instead, Plaintiff continues to seek communications between the non-party law firms and Defendants, and other actual and potential law firm clients, including about the legal services these law firms provided to these individuals and entities. The vast majority of that information

---

[1] Defendants also seek to quash or significantly limit the subpoenas because they attempt to end-run important research and development, intellectual property, and trade secret protections. Courts may quash subpoenas that require the disclosure of this type of information. Fed. R. Civ. P. 45(d)(3)(B)(i) & 26(b). The burden to justify such a demand is on "the requesting party to show a 'substantial need for the … material that cannot be otherwise met without undue hardship.'" *Gonzalez v. Google*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) (quoting Rule 45). Moreover, the determination of substantial need is more important when one seeks to enforce a subpoena seeking trade secret or confidential information from non-parties. *See Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 814 (9th Cir. 2003). As Plaintiff admits, the technology in this case has been developed through highly sophisticated research and development and includes protected intellectual property. *See, e.g.*, Doc. No. ¶¶ 149 at 2:5-9 & 10:23-24. These admissions balance in favor of quashing the subpoenas.

is privileged or otherwise protected. What remains is almost entirely irrelevant to this case and too burdensome to pick out from the impermissible. *See* Fed. R. Civ. Pro. 26(b). Further, the standard for whether a discovery request is reasonable is higher when non-parties are the targets. *See, e.g., Gonzalez v. Google*, 234 F.R.D. 674, 685 (N.D. Cal. 2006). Information requests from non-parties "should be narrowly drawn to meet specific needs for information." *Convolve, Inc. v. Dell Inc.*, 2011 WL 1766486 at *2 (N.D. Cal. May 9, 2011).

       b)      <u>Protections Against Disproportionate Requests, Overbreadth, and Undue Burden</u>

Plaintiff's thirty-seven (37) specification discovery requests are disproportionate, overbroad, and pose an undue burden. Courts must quash subpoena requests that pose an "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) & 26(b). Even the acts of identifying and analyzing the little responsive information these non-party law firms could produce responsibly would impose an undue burden. Plaintiff's subpoenas, for example, use the phrase "all documents" repeatedly and define "documents" expansively over the course of twenty-five (25) lines of text, with instructions to read that text in the singular as well as plural and disjunctive as well as conjunctive, and other burden-enhancing instructions and definitions. *See, e.g.,* Fenwick Subp. And each specification calls for more than eight (8) years of documents. *See, e.g., id.* at 4:20-21.

Previously this Court has evaluated non-party subpoenas like these in *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 629225 (N.D. Cal. Feb. 27, 2012). There, the plaintiffs subpoenaed the Big Ten Conference and Network, and Fox Broadcasting because they might have information relevant to the plaintiffs' antitrust claims. *Id.* at *1 – *2. Each subpoena contained between twenty-seven and thirty-six specifications. *Id.* at *2. The non-parties objected that the subpoenas called for vast amounts of irrelevant information as well as privileged information. *Id.* And, as a result, the plaintiffs reduced their requests to just eight (8) to eleven (11) specifications each. *Id.* The non-parties objected and produced no documents. *Id.* This Court denied the plaintiffs' motions to compel. *Id.* It found the *NCAA* plaintiffs' more limited document requests overly broad, and it sanctioned the plaintiffs. *Id.* at *8. In doing so, the Court emphasized an issuing party's burden to avoid imposing undue expense, and that "[t]his duty is heightened when the person subject to the subpoena is a nonparty to the litigation." *Id.* Notably, the Court found the plaintiffs should have sought to reduce the breadth of their document requests more meaningfully. *Id.*

Plaintiff's subpoenas to law firms are more egregious than those in *NCAA*. There, the Court's holding was based on just eight (8) to eleven (11) broad requests rather than the thirty-seven (37) overbroad requests at issue here. *See id.* at *2. The cases are otherwise similar in many respects. In both *NCAA* and here, the plaintiffs refused to narrow their subpoenas sufficiently. *See id.* at *8. Here, Plaintiff has refused to narrow his subpoenas at all. Further, both cases involve direct attacks on the attorney-client privilege and related protections, although these attacks are more prevalent in Plaintiff's requests (to law firms) in this instance. *NCAA*, 2012 WL 629225 at *2. Further still, both the *NCAA* plaintiffs' and Plaintiff's discovery requests call for voluminous information. *See id.* Plaintiff here asks, for example: "Produce all documents related to [your actual or potential client] Damien Ding." *See, e.g.,* Fenwick Subp. at 5:18-19. He also asks for approximately eight and a half (8.5) years of information for each of his thirty-seven (37) specifications to law firms. *See id.* at 4:20-21.

The *NCAA* Court found the "refusal to produce documents in response to [an] 11-specification subpoena[ ] was appropriate because, as a nonparty, responding to them would have been unduly burdensome and expensive." *NCAA*, 2012 WL 629225 at *9. The Court should similarly quash the 37-specification subpoenas at issue here, which are broader, more disproportionate, and more unduly burdensome.

### Plaintiff's Position

Notably missing from Defendants' position are the identities of the sophisticated law firms, the relationship between Defendants and those firms (if any), and Defendants' lack of knowledge related to breadth and burden. Accordingly, Abittan respectfully requests that the Court deny Defendants' request to quash or limit the subpoenas.

### A. Privilege

Abittan served subpoenas on five sophisticated law firms to date: (1) Cooley LLP, (2) DLA Piper, (3) Ropes & Gray, (4) Fenwick & West LLP, and (5) Hansen Law Firm, P.C. Each of the law firms have already served responses and objections to the subpoena.[2]

With respect to the first three subpoenas, Defendants do not claim to have maintained attorney-client relationships with Cooley, DLA Piper, or Ropes & Gray. Therefore, Defendants lack standing to assert any privilege argument.

With respect to Fenwick & West and Hansen Law Firm, those firms have served objections and responses, invoking attorney-client privilege. Notably, however, California Code of Evidence § 956 vitiates attorney-client privilege whenever "the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud." Evid. Code §1956. Notably, "[t]he word 'fraud' in this exception to the privilege includes civil fraud." *Action Performance Companies, Inc. v. Bohbot* (C.D. Cal. 2006) 420 F.Supp.2d 1115, 1118-19. "Moreover, under Evidence Code § 956, the lawyer does not have to be aware of the fraud for the crime-fraud exception to apply. Instead, the application of [Evid. C.] § 956 turns on the client's intent." *Id.* at 1119.

Abittan has alleged that Defendants engaged in and continue to engage in fraud. Based on, *inter alia*, the conduct that has occurred in this and the related actions, there is evidence indicating that Defendants used their counsel to continue their fraudulent activities. Accordingly, Abittan has the right to obtain discovery from Defendants' prior counsel pursuant to the crime/fraud exception to the attorney-client privilege.

Accordingly, while Abittan's subpoenas request documents typically covered by the attorney-client privilege, in light of the circumstances of this case, Abittan's subpoenas are appropriate, proper, and made in good faith.

### B. Breadth and Burden

Defendants lack the requisite knowledge to make arguments about burden and breadth in good faith. Nor does reality support Defendants' claims. Notably, during the meet and confers that have occurred to date, none of the firms have raised burden or overbreadth as an issue. For example, during Plaintiff's meet and confer with counsel from Cooley, Plaintiff learned that Cooley ran numerous searches, but did not locate a single responsive document. Similarly, counsel from Ropes & Gray indicated that a search of their records uncovered that the firm did a mere 14 hours of work that might bear responsive documents. If the remaining subpoena recipients wish to discuss breadth during a meet and confer, Abittan's counsel is prepared to engage in good faith.

---

[2] The subpoena served on Cooley was withdrawn after Cooley represented to Plaintiff that, following a search of Cooley's records, no responsive documents could be located.

* * *

Should you have any questions regarding the foregoing, please do not hesitate to contact us.

Respectfully submitted,

| SAC ATTORNEYS LLP | FREEDMAN NORMAND FRIEDLAND LLP |
|---|---|
| __/s/ Patrick O'Shaughnessy___<br>James Cai, Esq.<br>Brian Barnhorst, Esq.<br>Patrick O'Shaughnessy, Esq.<br>Woody Wu, Esq.<br>*Counsel for Defendants* | __/s/ Brianna Pierce_____<br>Brianna Pierce, Esq.<br>Constantine Economides, Esq.<br>*Counsel for Plaintiff* |