| | |
|---|---|
| Constantine P. Economides (*pro hac vice*) <br> Brianna K. Pierce (CBN 336906) <br> FREEDMAN NORMAND <br> FRIEDLAND LLP <br> 1 SE 3rd Avenue, Suite 1240 <br> Miami, FL 33131 <br> Tel: (305) 971-5943 <br> Email: ceconomides@fnf.law <br>       bpierce@fnf.law <br><br> *Attorneys for Plaintiff Ariel Abittan* | James Cai (SBN: 200189) <br> jcai@sacattorneys.com <br> Brian A. Barnhorst (SBN: 130292) <br> bbarnhorst@sacattorneys.com <br> Patrick O'Shaughnessy (SBN: 218051) <br> jmorgus@sacattorneys.com <br> Woody Wu (SBN: 309317) <br> wwu@sacattorneys.com <br> SAC ATTORNEYS LLP <br> 1754 Technology Drive, Suite 122 <br> San Jose, CA 95110 <br> Tel.: (408) 436-0789 <br><br> Jingjing Ye (Admitted Pro Hac Vice) <br> yelaw@pm.me <br> YE & ASSOCIATES, PLLC <br> 3400 N Central Expy Suite 110-132 <br> Richardson, TX 75080 <br> Tel.: (469) 410-5232 <br><br> *Attorneys for Lily Chao, Damien Ding, and Temujin Labs Inc., a Cayman Islands Corporation* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN, <br><br>     Plaintiff, <br><br> v. <br><br> LILY CHAO, et. al. <br><br>     Defendants, | Case No. 20-CV-09340-NC <br> Filed: December 24, 2020 <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Nathanael Cousins |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 16-9, this Court's Standing Orders, and this Court's June 5, 2023 Order (ECF No. 192), Plaintiff Ariel Abittan and Defendants Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen) ("Chao"), Damien Ding (a/k/a Damien Leung, a/k/a Tao Ding) ("Ding"), and Temujin Labs Inc., a Cayman Islands corporation ("Temujin Cayman") (collectively, referred to as the "Parties"), jointly submit this Joint Case Management Statement and Rule 26(f) Report in advance of the Case Management Conference scheduled for June 21, 2023.

**1. Jurisdiction and Service**

    A.    Plaintiff's Position

This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy between the parties exceeds $75,000. This court also possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction as to Counts Six and Seven pursuant to 18 U.S.C. §§ 1962 and 1964. This Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the remaining causes of action.

All parties have been served.

There are no issues regarding personal jurisdiction or venue.

    B.    Defendants' Position

Defendants do not dispute service, personal jurisdiction, or venue.

Defendants moved to dismiss Plaintiff's case. They dispute Plaintiff's standing to bring his derivative claims and, consequently, the Court's jurisdiction over those claims.

**2. Relevant Factual Background**

    A.    Summary of Plaintiff's Factual Allegations

Plaintiff's action arises from a multi-year fraudulent scheme orchestrated by Defendants. After spending approximately two years working together as 50/50 partners in a luxury watch re-sale business—in which Abittan still co-owns 24 watches with Ding and Chao worth at least five times his original investment of $1,139,270—Abittan, Chao, and Ding founded a cryptocurrency and blockchain project in 2018 currently known to the public as Findora.

While reassuring Abittan that he had an interest in all aspects of Findora, Chao and Ding fraudulently formed numerous shell companies through a series of forged contracts, false filings, and misrepresentations about ownership. Chao and Ding then acted as general managers of those entities while defrauding Abittan and investors out of millions of dollars.

In sum, Chao and Ding inspired both Abittan's loyalty and his deference, first through a watch partnership and, second, through promises of success if Abittan followed Chao's and Ding's business advice. And once Chao and Ding knew they had Abittan's full trust, they weaponized it to steal Findora and millions of dollars from investors and Abittan. In the process, Ding and Chao

defamed Abittan to countless individuals, incurred over $600,000 of debt on Abittan's personal credit, converted millions of dollars' worth of watches, and stole an additional $1,200,000 from Abittan's friends and family.

### B. Summary of Defendants' Factual Allegations

Defendants dispute Plaintiff's allegations.

What happened instead relates primarily to Temujin's efforts to develop blockchain-based financial technology now known as "Findora," which facilitates blockchain transaction processing in a way that is both auditable and preserves user privacy. Early on in this business venture, Plaintiff participated with others in the voluntarily transfer of intellectual property from Eian Labs Inc. (f/k/a Porepsus Labs) in exchange for $300,000 to satisfy a debt. Eian and its shareholders reviewed, approved, and signed-off on the transaction. Plaintiff did too.

The authenticity of the core transaction documents is not in dispute. Plaintiff has no claim to ownership in Temujin or any Temujin or Findora intellectual property.

In an apparent effort to buttress his claims and his chances of harming Defendants for his own economic advantage, Plaintiff resorted to unmeritorious claims. His claims are reflected in his complaints before this Court, in Santa Clara County Superior Court, and otherwise.

This Court dismissed Plaintiff's case against Temujin's U.S. business, Temujin Labs Inc. (Delaware). Plaintiff expanded his State Court claims beyond his claims in this Court by naming not only the same two entities and two individuals he named as Defendants here but also twenty additional entities and individuals that he alleges were part of a RICO enterprise and fraudulent scheme. Apart from the expanded list of Cross-Defendants in the State Court case, Plaintiff raises effectively the same claims asserted in this Case (other than his derivative claims).

Plaintiff has spun an elaborate web of defamatory and inaccurate allegations about Defendants that Defendants seek to untangle. They include Plaintiff's inaccurate claims of alleged partnerships, agreements, and representations that do not exist and never have. Plaintiff has utilized these inaccuracies in his attempts to harm, steal from, and defraud Defendants.

Plaintiff, Ms. Chao, Ms. Chen, and Mr. Ding also worked with each other in the watch business. In this instance, Defendants dispute that there was a 50/50 partnership between

Plaintiff and the individual Defendants. Plaintiff does not co-own any watch with the individual Defendants and did not make an original investment of $1,139,270.

### 3. Legal Issues

A. Plaintiff's Position

Plaintiff anticipates the following disputed points of law, among others, will arise in this case:

- Whether Defendants are liable for breach of fiduciary duty;
- Whether Defendants are liable for aiding and abetting breach of fiduciary duty;
- Whether Defendants are liable for fraudulent inducement;
- Whether Defendants are liable for unjust enrichment;
- Whether Plaintiff is entitled to an accounting;
- Whether Defendants are liable for violations of Civil Rico (18 U.S.C. §§ 1962(c); 1962(d));
- Whether Defendants are liable for fraud;
- Whether Defendants are liable for breach of contract;
- Whether Defendants are liable for defamation.

B. Defendants' Position

Defendants dispute Plaintiff's allegations and their narrative. Plaintiff actively harmed Defendants, not the other way around, as reflected in other cases pending before this Court.

### 4. Motions

| MOVING PARTY | MOTION | STATUS |
|---|---|---|
| Defendant Temujin Labs Inc. (Delaware) | Motion to Dismiss Complaint filed 4/9/21 | Granted on 7/19/21 |
| Defendants Chao, Ding, and Temujin Labs Inc. (Cayman) | Motion to Dismiss, or in the Alternative Quash Service of Summons filed 5/28/21 | Granted on 7/19/21 |
| Defendants Chao, Ding, Temujin Labs Inc. (Cayman), Temujin Labs Inc. (Delaware) | Administrative Motion to Continue Case Management Conference and Associated Deadlines filed on 7/2/21 | Denied on 7/6/21 |

| Plaintiff Ariel Abittan | Motion for an Order Allowing Defendants Lily Chao and Damien Ding to be Served (1) Through Counsel, (2) Through Temujin Labs Inc. (Delaware)'s Registered Agent, (3) By Text, or (4) By Publication filed on 9/20/21 | Granted on 11/24/21 |
|---|---|---|
| Defendant Temujin Labs Inc. (Cayman) | Motion to Dismiss Complaint filed on 11/8/21 | Granted on 5/20/22 |
| Plaintiff Ariel Abittan | Motion to Stay filed 1/12/22 | Denied on 2/7/22 |
| Plaintiff Ariel Abittan | Motion for Leave to File Amended Complaint filed on 2/23/22 | Terminated as moot on 5/20/22 (ECF No. 141) |
| Defendants Chao, Ding, and Temujin Labs Inc. (Cayman) | Motion to Strike Portions of Plaintiff's Amended Complaint filed on 6/17/22 | Terminated on 7/4/22 (ECF No. 148) |

**5.    Amendment of Pleadings**

Plaintiff filed an amended complaint on July 5, 2022 (ECF No. 149). In light of new facts learned in the course of discovery, Plaintiff is contemplating whether to seek leave to amend the pleadings to assert additional claims against new and existing defendants.

Likewise, Defendants are evaluating their options about how to best organize and move forward their claims against Plaintiff.

**6.    Evidence Preservation**

Counsel for the parties have met and conferred about the preservation of evidence relevant to the issues reasonably evident in these actions. The parties additionally have certified that they have reviewed the Guidelines for the Discovery of Electronically Stored Information, understand their preservation obligations, and have implemented document preservation protocols.

**7.    Disclosures**

In accordance with the parties' joint stipulation (ECF No. 110) and this Court's order (ECF No. 111), the parties timely complied with the requirements of Fed. R. Civ. P. 26 by exchanging initial disclosures on December 1, 2021. Following extensive supplementation and hearings with the Court, the parties' initial disclosure dispute has been resolved.

**8. Discovery**

A. <u>Plaintiff's Position</u>.

The parties continue to negotiate a protective order. Plaintiff submits that preventing the use of discovery between the actions would be highly inefficient and unnecessarily burdensome on all parties. Plaintiff will not produce documents until a protective order is entered in this case. Defendants are evaluating Plaintiff's proposed stipulated protective order.

Plaintiff and Defendants met and conferred on June 13, 2023 about Plaintiff's responses to Defendant's discovery requests as well as about a protective order. The parties are hopeful that they will soon come to an agreement on the protective order.

Plaintiff provides the following information in connection with the Rule 26(f) Report:

a. <u>Proposed Changes to Rule 26(a)(1) Disclosures</u>

   i. Initial disclosures were exchanged on December 1, 2021.

   ii. No changes to the standard requirements were necessary.

b. <u>Scope and Subjects of Discovery</u>

   i. Without prejudice to his rights to seek discovery on any relevant issues, Plaintiff contemplates that he will need and seek discovery concerning all factual, evidentiary, and legal support from Defendants and any relevant non-party regarding Plaintiff's' claims and theories of liability and damages.

   ii. Plaintiff contemplates that Defendants will seek discovery concerning the basis of Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

   iii. The anticipated method of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of Plaintiff, Defendants, Defendants' employees, agents, and "person(s) most knowledgeable" under Rule 30(b)(6); and (4) oral depositions via consent or issuance of subpoenas to third parties.

       iv.    Plaintiff respectfully submits that no limitations or phases should be imposed on conducting written discovery or depositions. Plaintiff submits that the parties should be permitted to serve written discovery, as well as take depositions, at any time following the initial case management conference.

       v.    Supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

       vi.    Discovery deadlines shall be set by the Court.

c. <u>Issues Relating to Electronically Stored Information</u>

       i.    Plaintiff does not anticipate any issues relating to disclosure or discovery of electronically stored information.

       ii.    The parties will address any such issues in the event they arise.

d. <u>Procedures for Resolving Disputes Regarding Claims of Privilege</u>

       i.    Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation.

       ii.    Plaintiff respectfully requests that this proposed procedure be adopted within the Court's further orders.

e. <u>Other Orders</u>

       i.    Plaintiff is willing to immediately enter into a protective order in the form of the model Stipulated Protective Order for Standard Litigation.

       ii.    Plaintiff requests a scheduling order under Rule 16(b).

       iii.    Plaintiff does not request an order under Rule 16(c) at this time.

f. <u>Changes in Discovery Limitations</u>

       i.    Plaintiff anticipates that it will need more than ten (10) depositions, as well as an additional ten (10) interrogatories, making a total of 35, because of Ding and Chao's use of agents, the shell companies' various employees, and Findora's consultants, advisors, and investors, all of whom have relevant, probative evidence of Ding and Chao's fraudulent scheme. These limitations may need

to be revisited if Plaintiff's Complaint is further amended and other parties are added.

    ii.    Otherwise, Plaintiff does not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserves the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

### B. Defendants' Position.

Defendants provide the following information in connection with the Rule 26(f) Report:

    a)  Proposed Changes to Rule 26(a)(1) Disclosures

        i.    Defendants provided their initial disclosures on December 1, 2021.

        ii.   No changes to the standard requirements are necessary.

    b)  Scope and Subjects of Discovery

        i.    Without prejudice to Defendants' rights to seek discovery on any relevant issues, Defendants contemplate that they will need and seek discovery from Plaintiff and any relevant non-party regarding Plaintiff's claims and theories of liability and damages, as well as Defendants' defenses.

        ii.   Defendants contemplate that Plaintiff will seek discovery from Defendants and others regarding Plaintiff's claims, theories of liability and damages, Defendants' defenses to each, and any and all factual, evidentiary, and legal support.

        iii.  The anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; (3) oral depositions of the parties; and (4) oral depositions of third parties.

        iv.  Defendants agree that supplementations under Rule 26(e) are due in reasonable time after material, relevant facts are learned, or by court order.

      v.    Defendants agree that discovery deadlines shall be set by the Court and respectfully submits that these should be set after the pending motion to disqualify filed in the State Action has been adjudicated.

c) Issues Relating to Electronically Stored Information

    i.    Defendants do not anticipate any issues relating to disclosure or discovery of electronically stored information.

    ii.    The parties will address any such issues in the event they arise.

d) Procedures for Resolving Disputes Regarding Claims of Privilege

    i.    Defendants agree that Rule 26(b)(5) should apply to any claims of privilege or protecting materials asserted as being for trial-preparation. Defendants agree that this proposed procedure should be adopted within the Court's further orders.

e) Other Orders

    i.    Because disclosure and discovery activity in this action is likely to involve the production of highly sensitive confidential information, Defendants will seek a protective order based on the Court's model protective orders. Defendants are working with Plaintiff toward a proposed stipulated protective order and anticipate submitting one to the Court for approval in the near future.

f) <u>Changes in Discovery Limitations</u>

    i.    Defendants anticipate that they will need to take more than ten (10) depositions because of Plaintiff's extensive allegations and their consequent defenses. Defendants also anticipate that they will need an additional ten (10) interrogatories, making a total of 35, because of the Plaintiff's allegations and their consequent defenses.

    ii.    Otherwise, Defendants do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Civil Procedure, but reserve the right to seek appropriate relief and modifications to the discovery limitations from the Court if necessary.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

   A.  **Plaintiff's Position**

Plaintiff submits that the following cases are related to this case:

- *Temujin Labs Inc. (Delaware) v. Ariel Abittan, Benjamin Fisch, and Charles Lu, and Does 1-10, inclusive*, Santa Clara County Superior, Case No. 20CV372622;
- *Temujin Labs Inc. (Delaware) v. Franklin Fu*, Santa Clara County Superior Court, Case No. 28-21CV375422;
- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* San Francisco Superior Court, Case No. CGC21596745;
- *Temujin Labs Inc., a Delaware corporation, and Temujin Labs Inc., a Cayman Islands corporation v. Translucence Research Inc., a Delaware corporation, Benjamin Fisch, Charles Lu, Benedkit Bunz, Nathan McCarty, Fernando Krell, Philippe Camacho Cortina, Binyi Chen, and Luoyuan (Alex) Xiong, and Does 1-20, inclusive,* United Stated District Court, Northern District of California, San Francisco Division, Case No. 3:21-cv-09152.

   B.  **Defendants' Position:**

This case is related to *Chen v. Abittan et al.*, Northern District of California Case No. 21-CV-09393-NC solely because Plaintiff used the name Ms. Yuting Chen as an a/k/a of Ms. Lily Chao, the lead Defendant in this case, and when Plaintiff intended to refer to just one person: Ms. Chao. These two cases are materially different.

Ms. Chao, Mr. Ding, and Temujin Cayman agree that this case is related to *Temujin Labs Inc. (Delaware) v. Ariel Abittan et al.*, Santa Clara County Superior Court Case No. 20CV372622. They disagree, however, that the other cases listed by Plaintiff are related to this case or Case No. 21-CV-09393-NC, with one exception: this case is related to *Temujin Labs Inc.*

*(Delaware) v. Translucence Research Inc. et al.*, Northern District of California Case No. 21-CV-09152.

**11. Relief**

    A. <u>Plaintiff's Statement</u>

Plaintiff requests the following relief:

1. That Defendants, and all other persons acting in active concert or privately or in participation with Defendants, be temporarily, preliminarily, and permanently enjoined from the wrongful acts and conduct set forth above;
2. That the Abittan Case Abittan receive such other injunctive relief as they may request and the Court may deem just and proper;
3. That Defendants be required to account for all gains, profits, and advantages derived from their acts of conversion and other violations of law;
4. That all gains, profits and advantages derived by Defendants from acts of conversion and other violations of law be deemed to be in constructive trust for the benefit of Abittan;
5. For an order rescinding the corporate formation documents of each Common Enterprise Entity and intellectual property sale agreement;
6. For an order requiring Defendants to disgorge profits earned from their unlawful conduct;
7. For an award of restitution, unjust enrichment, actual damages, statutory damages, and compensatory damages according to proof at trial;
8. For punitive and exemplary damages according to proof at trial;
9. For attorneys' fees, costs of suit, and prejudgment and post judgment interest, as provided under applicable law; and
10. For such other and further relief as the Court deems just and proper.

    B. <u>Defendants' Statement</u>

Defendants dispute Plaintiff's allegations, deny they have caused any injury to Plaintiff, and disagree with Plaintiff's belief that he is entitled to any relief. They claim instead that

Plaintiff harmed them by damaging their valuable businesses, assets, economic opportunities, and reputations.

**12.    Settlement and ADR**

Plaintiff has filed an ADR Certification by Parties and Counsel pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b). Plaintiff also submits that the parties to the Related State Action are working towards a potential mediation, which could potentially dispose of the Abittan Case and Chen Case.

**13.    Consent to Magistrate Judge for All Purposes**

All parties have consented to proceeding before a Magistrate Judge for all purposes.

**14.    Other References**

None.

**15.    Narrowing of Issues**

The parties respectfully submit that it is premature to consider agreement to narrow issues for trial or to expedite the presentation of evidence at trial. The parties respectfully submit that it would be inappropriate to bifurcate any issues, claims, or defenses at this time.

**16.    Expedited Trial Procedure**

The parties respectfully submit that this case is not appropriate for proceedings pursuant to the expedited trial procedure of General Order No. 64, Attachment A.

**17.    Scheduling**

On September 28, 2022, the Court set the following schedule for the Abittan Case and Chen Case:
  a. All non-expert discovery must be completed by 8/3/2023;
  b. Parties must complete all discovery of expert witnesses by 8/3/2023;
  c. Dispositive motions to be filed by 9/15/2023;
  d. Pretrial Statements and Motions in Limine due 1/3/2024;
  e. Pretrial Conference set for 1/17/2024, at 02:00 PM; and
  f. Jury Trial set for 2/12/2024, at 09:30 AM.

Defendants anticipate conferring with Plaintiff about adjustments to this schedule in the near future.

**18.   Trial**

Plaintiffs in both actions have demanded jury trial of their claims against the respective Defendants. The parties in both actions respectfully submit that it is premature to estimate an expected length of the trial.

**19.   Disclosure of Non-Party Interested Entities or Persons**

A.   Plaintiff's Statement

Plaintiff has filed a Certificate of Interested Entities or Persons.

B.   Defendants' Statement

Defendants have filed a Certificate of Interested Entities or Persons.

**20.   Professional Conduct**

All attorneys of record for the parties can certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

A. Plaintiff's Statement

With respect to mediation in the state action before Judge Kulkarni, the parties are scheduled to mediate with Judge Laporte on June 16, 2023. While Plaintiff will engage in that mediation in good faith, it is unlikely that the mediation will negate the need to pursue all of Plaintiff's claims given that Yuting Chen has ignored all attempts to include her in the mediation.

Plaintiff also wishes to apprise the Court of the damning issue sanctions imposed by Judge Kulkarni against Defendants. Specifically, Judge Kulkarni granted an order establishing and preventing Chao, Ding, and Temujin Labs Inc. from disputing that:

- Ms. Chao and Mr. Ding utilized numerous identities and aliases to perform work on behalf of Temujin including but not limited to the following: Lily Chao, Tiffany Chen, Yuting Chen, Tiffany Lily Chen, Yang Rong, Damien Ding, Damien Leung, Tao Ding, Damien Ray Donovan, Damien Ray Donovan Leung, Jianrong Wang, Alex Wang, Yang Yang, and the two Chinese character names reflected at p. 16:4-5 in the memorandum of points and authorities;

- Ms. Chao and Mr. Ding utilized aliases to sign corporate documents on behalf of Temujin, including investment documents, incorporation documents, and employee contracts; and

- Ms. Chao and Mr. Ding disguised their true identities in order to mislead Mr. Fisch and Mr. Lu and other third parties regarding Temujin's business ventures.[1]

A. <u>Defendant's Statement</u>

Defendants understand the facts differently and disagree with Plaintiff's characterizations. Ms. Chen has not ignored these attempts, is aware that she has the option to attend the mediation, and is not a defendant in the applicable cases just by matter of Plaintiff misnaming Ms. Chao in his State Court case against Ms. Chao. An a/k/a caption referencing one specific person but not another does not alone make the other person a defendant in that case under the applicable rules.[2]

Dated: June 14, 2023

Respectfully Submitted,

/s/ Brianna K. Pierce
Brianna K. Pierce (CBN 336906)
Constantine P. Economides (*pro hac vice*)
FREEDMAN NORMAND FRIELDAND LLP
1 SE Third Avenue, Suite 250
Miami, Florida 33131
Tel: (305) 971-5943
Email: ceconomides@fnf.law
     bpierce@fnf.law

*Counsel for Ariel Abittan*

/s/ Patrick E. O'Shaughnessy
James Cai
Brian A. Barnhorst
Patrick O'Shaughnessy
Woody Wu
SAC ATTORNEYS LLP

*Counsel for Lily Chao, Damien Ding, and Temujin Labs Inc., a Cayman Islands Corporation*

---

[1] The Court granted Abittan's request to join in Charles Lu and Benjamin Fisch's sanctions motion.

[2] Plaintiff notes that this position is frivolous. Judge Kulkarni has already ruled that Ms. Chen is a party to the state action.