# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| Ariel Abittan | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  20-CV-09340-NC |
| Lily Chao (a/k/a Tiffany Chen, a/k/a Yuting Chen), et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Hansen Law Firm, P.C.
              75 E. Santa Clara Street, Suite 1150, San Jose, CA 95113

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Schedule A

| Place: Veritext Legal Solutions 101 Montgomery Street, Ste. 450, San Francisco, CA 94104 | Date and Time: 06/09/2023 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/10/2023

                    _CLERK OF COURT_
                                              OR
                                                        _/s/ Brianna K. Pierce_
_____                    _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Ariel Abittan
_____, who issues or requests this subpoena, are:

Brianna K. Pierce; 1800 Century Park East, Suite 600-2477, Los Angeles, CA 90067; bpierce@fnf.law; (786) 706-7801

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20-CV-09340-NC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCHEDULE A TO SUBPOENA *AD TESTIFICANDU* AND *DUCES TECUM***

**DEFINITIONS**

1.    "Action" means the "Actions" means the following lawsuits:

    a.    *Temujin Labs Inc. v. Ariel Abittan, et al.*, Superior Court of California, Santa Clara County, Case No. 20-cv-372622;

    b.    *Ariel Abittan v. Temujin Labs Inc., et. al.*, United States District Court for the Northern District of California, Case No. 20-cv-09340-NC;

    c.    *Yuting Chen v. Ariel Abittan, et. al.*, United States District Court for the Northern District of California, Case No. 21-cv-09393-NC.

2.    "Any" or "each" should be understood to include and encompass "all."

3.    "Document" or "Documents" shall be synonymous in meaning, equal in scope and shall have the broadest meaning. This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely: electronic or computerized data compilations, notes, letters, correspondence, communications, e-mails, SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; Telegram messages; any other form of messages or communications, memoranda, summaries of telephone conversations, records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, illustrations, product descriptions, technology roadmaps, design documents, product analyses, white papers, requests for proposal, technical tutorials, writings related to proposed or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, business flow charts or descriptions or specifications, product functions or descriptions or specifications, minutes or records of meetings, summaries of interviews, reports or investigations, opinions or reports of consultants, reports of trademark searches, trademark application materials, opinions of counsel, agreements, reports or

summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, sales and purchase orders, receipts, invoices, quotations, estimates, leases or consignments, drafts of any of the foregoing documents, and all other material fixed in a tangible or electronic medium of whatever sort or type in Your possession, custody or control, whether or not prepared by You. "Document" or "documents" also includes all non-identical copies of the foregoing, such as those bearing comments, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed or otherwise prepared.

4. "Party" means any legal or natural person that has sued, been sued, or otherwise intervened in any of the Actions.

5. "Relating to," "relating to," "referring or relating to," and "related to" include, in addition to their customary and usual meanings, the following: pertaining to, making reference to, concerning, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, setting forth, in respect of, or having any logical or factual connection with the subject matter in question.

6. "You" and "Your" refer to Hansen Law Firm, P.C., including its representatives, partners, employees, officers, shareholders, subsidiaries, affiliates, and any other agent(s) acting on its or their behalf.

## INSTRUCTIONS

1. The use of the singular form of any word includes the plural, and vice versa.

2. Any use of gender includes all genders.

3. A verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

4. The use of the conjunctive shall also be taken in the disjunctive, and vice versa.

5. These Requests shall apply to all documents and Things in Your actual or constructive possession, custody, or control at the present time or coming into Your actual or constructive possession, custody, or control during the litigation, including all such responsive Documents and Things located in the personal files of any and all past or present directors, officers,

1  principals, managers, employees, attorneys, agents, representatives, contractors, consultants, or

2  accountants of Respondents.

3       6.     If any Request asks for Documents that no longer exist, then in Your response to

4  that Request: (1) identify each such Document; (2) identify all information that was contained in

5  each such Document; (3) state the date when each such Document ceased to exist; (4) state what

6  happened that caused each such Document to cease to exist; (5) state why each such Document was

7  caused to or happened to cease to exist; (6) state the time periods during which such types of

8  Documents were maintained; (7) identify each Person having knowledge of the circumstances

9  under which each such Document ceased to exist; and (8) identify each Person having knowledge

10  of each such Document and state the substance of said knowledge.

11       7.     If You are unable to produce a requested Document or can produce only a portion

12  of a requested Document, the requested Document should be produced to the extent possible and

13  as to any Document or portion not being produced, state or describe: (1) the reasons You cannot

14  produce the requested Documents; (2) a list of all Documents or categories of Documents that can

15  be only partially produced or cannot be produced; and (3) the earliest date that You can complete

16  production of the requested Documents.

17       8.     If You claim any kind of privilege as a ground for refusing to answer in whole or in

18  part to any of these Requests, set forth in complete detail the facts on which the privilege is based.

19       9.     If there are no documents responsive to any particular Request, state or describe in

20  writing Your efforts to identify, search for, or collect responsive documents to that Request and

21  state in writing that, despite those efforts, You have not found responsive documents.

22       10.     Each paragraph and subparagraph in a Request shall be construed independently and

23  not with reference to any other paragraph or subparagraph for the purpose of limitation.

24       11.     These Requests seek production of all Documents described in each Request,

25  including all drafts, of whatever date, and all non-identical copies, unless all relevant and material

26  information may be conveyed by producing less than all Documents, in which case the response

27  should indicate what Documents are not being produced.

28

1    12.    These Requests are continuing in nature and, to the extent that Your responses may
2    be enlarged, diminished, or otherwise modified by information acquired subsequent to the
3    production of Your initial responses, You are required promptly to produce supplemental responses
4    reflecting such changes.

5    13.    All Documents requested are to be produced in the same file or other organizational
6    environment in which they are maintained. For example, a Document that is part of a file, docket,
7    or other grouping, should be physically produced together with all other Documents from said file,
8    docket, or grouping in the same order or manner of arrangement as the original. File folders with
9    tabs or labels identifying documents should be produced intact with such documents.

10    14.    Each Request shall be construed according to the broadest possible construction of
11    its terms, and in such a way as to bring within its scope any Document that could otherwise be
12    construed as outside its scope.

13    15.    Where a request literally would require production of only a part of a Document,
14    Claimant requests that the entire Document be produced.

15    16.    If no Documents exist that are responsive to a particular paragraph of these
16    Requests, state so in writing.

17    17.    Any objections to any category of Documents to be produced pursuant to this
18    request or to any definition or instruction it contains shall be in writing and delivered electronically
19    to undersigned counsel within 30 days of the service hereof or as earlier ordered by the Court.

20    18.    Unless otherwise stated in a Request, the period covered by these document requests
21    is from January 1, 2015 through the present.

22    **REQUESTS FOR PRODUCTION**

23    **REQUEST FOR PRODUCTION NO. 1:**

24    Documents sufficient to identify every litigation, arbitration, or regulatory proceeding in
25    which You have represented any Party.

26    **REQUEST FOR PRODUCTION NO. 2:**

27    All retention agreements, engagement letters, or other contracts for legal representation
28    between You and any Party.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents indicating the reasons for the termination of Your legal representation of any Party.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the amount, date, time, payor(s), sending bank(s), account holder(s), currency, and reasons for every payment from any Party to You.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents indicating the legal names, dates of birth, citizenships, immigration statuses, residences, employer(s), or place(s) of employment of any Party who is a natural person.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents related to Ariel Abittan.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents related to Yuting Chen.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents related to Lily Chao.

**REQUEST FOR PRODUCTION NO. 9:**

1.      All Documents related to Tao Ding.

**REQUEST FOR PRODUCTION NO. 10:**

2.      All Documents related to Damien Ding.

**REQUEST FOR PRODUCTION NO. 11:**

3.      All Documents related to Damien Leung.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents related to Juniper Ventures Incorporated.

**REQUEST FOR PRODUCTION NO. 13:**

4.      All Documents related to Project Revolution Fund Inc.

**REQUEST FOR PRODUCTION NO. 14:**

5.      All Documents related to Juniper Venture Holdings LLC.

1   **REQUEST FOR PRODUCTION NO. 15:**

2   6.     All Documents related to Juniper Venture Partners LLC.

3   **REQUEST FOR PRODUCTION NO. 16:**

4       All Documents related to Eian Labs Inc. (f/k/a Porepsus Inc.)

5   **REQUEST FOR PRODUCTION NO. 17:**

6   7.     All Documents related to Fourhair LLC.

7   **REQUEST FOR PRODUCTION NO. 18:**

8   8.     All Documents related to Lakeside Garden Heritage LLC.

9   **REQUEST FOR PRODUCTION NO. 19:**

10   9.     All Documents related to Powerscale Capital Management LLC.

11   **REQUEST FOR PRODUCTION NO. 20:**

12   10.     All Documents related to Powerscale Capital Fund LP.

13   **REQUEST FOR PRODUCTION NO. 21:**

14   11.     All Documents related to Black Cobble Rideshare Funding LLC.

15   **REQUEST FOR PRODUCTION NO. 22:**

16   12.     All Documents related to Temujin Labs Inc. (Delaware)

17   **REQUEST FOR PRODUCTION NO. 23:**

18   13.     All Documents related to Temujin Labs Inc. (Cayman)

19   **REQUEST FOR PRODUCTION NO. 24:**

20   14.     All Documents related to Nessco Investments, LLC.

21   **REQUEST FOR PRODUCTION NO. 25:**

22   15.     All Documents related to Findora Foundation Ltd.

23   **REQUEST FOR PRODUCTION NO. 26:**

24   16.     All Documents related to Discreet Labs, Ltd.

25   **REQUEST FOR PRODUCTION NO. 27:**

26   17.     All Documents related to Guanghua Liang.

27   **REQUEST FOR PRODUCTION NO. 28:**

28   18.     All Documents related to Yang Yang.

**REQUEST FOR PRODUCTION NO. 29:**

19.     All Documents related to Alex Wang.

**REQUEST FOR PRODUCTION NO. 30:**

20.     All Documents related to Selena Chen.

**REQUEST FOR PRODUCTION NO. 31:**

21.     All Documents related to Jianrong Wang.

**REQUEST FOR PRODUCTION NO. 32:**

22.     All Documents related to Xilei Wang.

**REQUEST FOR PRODUCTION NO. 33:**

23.     All Documents related to Yi Chung Yang.

**REQUEST FOR PRODUCTION NO. 34:**

24.     To the extent not responsive to any other request herein, all Documents related to the Complaint, filed by TEMUJIN LABS INC., a Delaware Corporation, on November 6, 2020, in *Temujin Labs Inc. v. Ariel Abittan, et al.*, Superior Court of California, Santa Clara County, Case No. 20-cv-372622.

**REQUEST FOR PRODUCTION NO. 35:**

25.     To the extent not responsive to any other request herein, all Documents related to the Complaint [ECF No. 1], filed by ARIEL ABITTAN on December 24, 2020, in *Ariel Abittan v. Temujin Labs Inc., et. al.*, United States District Court for the Northern District of California, Case No. 20-cv-09340-NC.

**REQUEST FOR PRODUCTION NO. 36:**

26.     To the extent not responsive to any other request herein, all Documents related to the Complaint or Amended Complaint, filed by TEMUJIN LABS INC., a Delaware Corporation, and TEMUJIN LABS INC., a Cayman Islands Corporation, on November 6, 2020, and January 21, 2022, in *Temujin Labs Inc. v. Ariel Abittan, et al.*, Superior Court of California, Santa Clara County, Case No. 20-cv-372622.

**REQUEST FOR PRODUCTION NO. 37:**

27.     To the extent not responsive to any other request herein, all Documents related to the Cross-Complaint, filed by ARIEL ABITTAN, on November 3, 2021, in *Temujin Labs Inc. v. Ariel Abittan, et al.*, Superior Court of California, Santa Clara County, Case No. 20-cv-372622.