# EXHIBIT 2

Craig A. Hansen (SBN 209622)
  Email: craig@hansenlawfirm.net
Stephen C. Holmes (SBN 200727)
  Email: steve@hansenlawfirm.net
Philip E. Yeager (SBN 265939)
  Email: phil@hansenlawfirm.net
Collin D. Greene (SBN 326548)
  Email: collin@hansenlawfirm.net
HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
San Jose, CA 95113-1837
Telephone: (408) 715 7980
Facsimile: (408) 715 7001

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN,<br><br>          PLAINTIFF,<br><br>     v.<br><br>LILY CHAO (a/k/a TIFFANY CHEN, a/k/a YUTING CHEN), DAMIEN DING (a/k/a DAMIEN LEUNG, a/k/a DAMIEN RAY DONOVAN, a/k/a TAO DING), TEMUJIN LABS INC. (a Cayman Islands corporation), and Does 1-100, inclusive,<br><br>          DEFENDANTS. | Case No. 5:20-CV-09340-NC<br><br>**HANSEN LAW FIRM, P.C.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**<br><br>Judge:   Hon. Nathanael Cousins |

Hansen Law Firm, P.C. ("HLF"), prior counsel in this matter for Defendants Lily Chao ("Chao"), Damien Ding ("Ding"), and Temujin Labs, Inc. (a Cayman Islands Corporation) ("Temujin Cayman") (collectively, "Defendants"), hereby objects to Plaintiff Ariel Abittan ("Abittan" or "Propounding Party")'s Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Document Subpoena") as follows:

## **GENERAL OBJECTIONS**

1.      HLF objects to each request to the extent that it seeks materials that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

2.      HLF objects to each request to the extent that it seeks to impose any duties or obligations beyond those required by Applicable Law.

3.      HLF objects to each request to the extent that it seeks information protected by the attorney-client privilege, work product privilege, right to privacy or any other applicable privilege. To the extent that a request may be construed as seeking such privileged or protected information or documents, HLF hereby claims such privileges and invokes such protections on behalf of its prior clients, Defendants, and on behalf of itself. Neither HLF's failure to specifically object to a request on the grounds that it seeks such privileged or protected information or documents, nor the inadvertent production of documents that are protected by such privileges or protections, shall be deemed a waiver of the protection afforded by the attorney-client privilege, the work product doctrine, or any other applicable immunity, privilege, or protection.

4.       HLF objects to each request to the extent that it contains inaccurate, incomplete and/or misleading assertions of any fact, events, allegations or pleadings. HLF's responses to the requests do not and are not intended to reflect HLF's agreement with or acquiescence in any such inaccuracies.

5.      HLF objects to each request to the extent that it is overbroad, vague, ambiguous, unclear, and fails to describe the documents requested with reasonable particularity. This failure to describe documents with particularity is unduly burdensome and requires HLF to speculate as

1    to which documents Propounding Party seeks.

2         6.      HLF objects to each request to the extent that it seeks documents already in

3    Propounding Party's possession, on the grounds that it subjects HLF to unreasonable and undue

4    burden and expense.

5         7.      HLF objects to each request to the extent that it is duplicative of other requests

6    and is therefore unduly burdensome.

7         8.      HLF objects to each request to the extent that it seeks documents in the

8    possession, custody or control of third parties. HLF shall produce only those documents in its

9    possession, custody or control.

10        9.      To the extent possible, HLF will interpret all words and phrases in the requests

11   reasonably and in accordance with its understanding of their ordinary, usual and accepted

12   meanings. Nothing in any response should be taken as an admission of the existence,

13   admissibility, or genuineness of any document called for in a request. Any statement made by

14   HLF that a category of documents will be produced is not a representation that such documents

15   exist, but only that, if such documents exist, and can be located in the course of a reasonably

16   diligent search, they will be produced at a time, date, place and manner convenient to HLF and

17   mutually agreed to by the parties. Any extraordinary costs for production will be at the

18   propounding party's expense.

19        10.     HLF objects to each request to the extent that it requires HLF to draw legal

20   conclusions.

21        11.     These objections are based upon information presently available to HLF.

22        **OBJECTIONS TO DEFINITIONS IN REQUESTS FOR PRODUCTION**

23        1.      HLF objects to the definition of "Action" as unreasonable, overly broad, unduly

24   burdensome, vague and ambiguous.  "'Action' means the 'Actions' means the following lawsuits"

25   is nonsensical.  HLF further objects to this definition to the extent that it requires the production

26   of information or documents that are not in HLF's possession, custody, or control, or information

27   or documents protected by the attorney-client privilege or any other privilege or protection,

28   including work product.

2.      HLF objects to the definition of "Document" and "Documents" as unreasonable, overly broad, unduly burdensome, vague and ambiguous. HLF also objects to the definition to the extent that it encompasses materials beyond those encompassed by usage of that term under Applicable Law. HLF further objects to this definition to the extent that it requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product. HLF also objects to this definition to the extent its incorporation into the requests renders them objectionable for the same reasons stated above. Where applicable, HLF will give the term "Document" and "Documents" their plain and ordinary meaning.

3.      HLF objects to the definitions of "Relating to," "relating to," "referring or relating to," and "related to" to the extent that they render the requests overbroad and unduly burdensome or renders the requests vague or ambiguous. HLF further objects to these definitions to the extent they exceed the ordinary meaning of the terms.  HLF will give the terms "Relating to," "relating to," "referring or relating to," and "related to" their plain and ordinary meaning.

4.      HLF objects to the definition of "You" and "Your" as unreasonable, overly broad, unduly burdensome, vague and ambiguous.  HLF further objects to this definition to the extent that it requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including the attorney work product doctrine.

### OBJECTIONS TO INSTRUCTIONS IN REQUESTS FOR PRODUCTION

1.      HLF objects to Instruction No. 5 as it calls for the production of "Documents and Things located in the personal files of any and all past or present directors, officers, principals, managers, employees, attorneys, agents, representatives, contractors, consultants, or accountants of Respondents." Such an Instruction is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.

2.     HLF objects to Instruction No. 6 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.

3.     HLF objects to Instruction No. 7 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.

4.     HLF objects to Instruction No. 8 as it is unduly burdensome.

5.     HLF objects to Instruction No. 9 as it is unduly burdensome.

6.     HLF objects to Instruction No. 11 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.

7.     HLF objects to Instruction No. 12 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.

8.     HLF objects to Instruction No. 13 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.  Further, if HLF produces any documents, such documents will be in electronic format.

9.     HLF objects to Instruction No. 14 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.  Further, if HLF produces any documents, such documents will be in electronic format.

10.     HLF objects to Instruction No. 15 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.  Further, if HLF produces any documents, such documents will be in electronic format.

11.     HLF objects to Instruction No. 16 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.

12.     HLF objects to Instruction No. 18 as it is overbroad and unduly burdensome, vague and ambiguous, and requires the production of information or documents that are not in HLF's possession, custody, or control, or information or documents protected by the attorney-client privilege or any other privilege or protection, including work product.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Documents sufficient to identify every litigation, arbitration, or regulatory proceeding in which You have represented any Party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to

1   the attorney is obvious." (*Id.*)

2      HLF further objects to the extent that the request seeks documents protected by the

3   attorney-client and/or attorney-work product privileges, and/or any other privileges.

4      HLF also objects to the extent that the request asks for confidential financial information

5   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

6   information protected by the right of privacy.

7      HLF further objects that the request is vague and ambiguous regarding the documents that

8   the request seeks.

9      HLF further objects that the request is overbroad and unduly burdensome.

10     HLF further objects that the request seeks documents not relevant and not reasonably

11  calculated to lead to the discovery of admissible evidence.

12     HLF further objects that the request serves no purpose other than to harass the responding

13  party and the responding party's former client(s), and propounding party has not exhausted all

14  reasonable alternative means for obtaining the information sought.

15  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

16     All retention agreements, engagement letters, or other contracts for legal representation

17  between You and any Party.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

19     HLF specifically incorporates by reference each of the general objections, objections to

20  definitions, and objections to instructions noted above as though they were fully set forth herein.

21     HLF further objects that this request improperly seeks clearly protected information from

22  prior opposing counsel, an action which the California courts have condemned as it "not only

23  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

24  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

25  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

26  quality of client representation. Counsel should be free to devote his or her time and efforts to

27  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

28  the 'chilling effect' that such practice will have on the truthful communications from the client to

1    the attorney is obvious." (*Id.*)

2         HLF further objects to the extent that the request seeks documents protected by the

3    attorney-client and/or attorney-work product privileges, and/or any other privileges.

4         HLF also objects to the extent that the request asks for confidential financial information

5    protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

6    information protected by the right of privacy.

7         HLF further objects that the request is vague and ambiguous regarding the documents that

8    the request seeks.

9         HLF further objects that the request is overbroad and unduly burdensome.

10        HLF further objects that the request seeks documents not relevant and not reasonably

11   calculated to lead to the discovery of admissible evidence.

12        HLF further objects that the request serves no purpose other than to harass the responding

13   party and the responding party's former client(s), and propounding party has not exhausted all

14   reasonable alternative means for obtaining the information sought.

15   **REQUEST FOR PRODUCTION NO. 3:**

16        All Documents indicating the reasons for the termination of Your legal representation of

17   any Party.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

19        HLF specifically incorporates by reference each of the general objections, objections to

20   definitions, and objections to instructions noted above as though they were fully set forth herein.

21        HLF further objects that this request improperly seeks clearly protected information from

22   prior opposing counsel, an action which the California courts have condemned as it "not only

23   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

24   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

25   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

26   quality of client representation. Counsel should be free to devote his or her time and efforts to

27   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

28   the 'chilling effect' that such practice will have on the truthful communications from the client to

1    the attorney is obvious." (*Id.*)

2           HLF further objects to the extent that the request seeks documents protected by the

3    attorney-client and/or attorney-work product privileges, and/or any other privileges.

4           HLF also objects to the extent that the request asks for confidential financial information

5    protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

6    information protected by the right of privacy.

7           HLF further objects that the request is vague and ambiguous regarding the documents that

8    the request seeks.

9           HLF further objects that the request is overbroad and unduly burdensome.

10          HLF further objects that the request seeks documents not relevant and not reasonably

11   calculated to lead to the discovery of admissible evidence.

12          HLF further objects that the request serves no purpose other than to harass the responding

13   party and the responding party's former client(s), and propounding party has not exhausted all

14   reasonable alternative means for obtaining the information sought.

15   **REQUEST FOR PRODUCTION NO. 4:**

16          Documents sufficient to show the amount, date, time, payor(s), sending bank(s), account

17   holder(s), currency, and reasons for every payment from any Party to You.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19          HLF specifically incorporates by reference each of the general objections, objections to

20   definitions, and objections to instructions noted above as though they were fully set forth herein.

21          HLF further objects that this request improperly seeks clearly protected information from

22   prior opposing counsel, an action which the California courts have condemned as it "not only

23   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

24   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

25   Cal.App.3d 1487, 1494 (1988).) "[T]he practice of deposing opposing counsel detracts from the

26   quality of client representation. Counsel should be free to devote his or her time and efforts to

27   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

28   the 'chilling effect' that such practice will have on the truthful communications from the client to

1    the attorney is obvious." (*Id.*)

2         HLF further objects to the extent that the request seeks documents protected by the

3    attorney-client and/or attorney-work product privileges, and/or any other privileges.

4         HLF also objects to the extent that the request asks for confidential financial information

5    protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

6    information protected by the right of privacy.

7         HLF further objects that the request is vague and ambiguous regarding the documents that

8    the request seeks.

9         HLF further objects that the request is overbroad and unduly burdensome.

10        HLF further objects that the request seeks documents not relevant and not reasonably

11   calculated to lead to the discovery of admissible evidence.

12        HLF further objects that the request serves no purpose other than to harass the responding

13   party and the responding party's former client(s), and propounding party has not exhausted all

14   reasonable alternative means for obtaining the information sought.

15   **REQUEST FOR PRODUCTION NO. 5:**

16        All Documents indicating the legal names, dates of birth, citizenships, immigration

17   statuses, residences, employer(s), or place(s) of employment of any Party who is a natural person.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

19        HLF specifically incorporates by reference each of the general objections, objections to

20   definitions, and objections to instructions noted above as though they were fully set forth herein.

21        HLF further objects that this request improperly seeks clearly protected information from

22   prior opposing counsel, an action which the California courts have condemned as it "not only

23   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

24   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

25   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

26   quality of client representation. Counsel should be free to devote his or her time and efforts to

27   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

28   the 'chilling effect' that such practice will have on the truthful communications from the client to

1    the attorney is obvious." (*Id.*)

2        HLF further objects to the extent that the request seeks documents protected by the

3    attorney-client and/or attorney-work product privileges, and/or any other privileges.

4        HLF also objects to the extent that the request asks for confidential financial information

5    protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

6    information protected by the right of privacy.

7        HLF further objects that the request is vague and ambiguous regarding the documents that

8    the request seeks.

9        HLF further objects that the request is overbroad and unduly burdensome.

10       HLF further objects that the request seeks documents not relevant and not reasonably

11   calculated to lead to the discovery of admissible evidence.

12       HLF further objects that the request serves no purpose other than to harass the responding

13   party and the responding party's former client(s), and propounding party has not exhausted all

14   reasonable alternative means for obtaining the information sought.

15   **REQUEST FOR PRODUCTION NO. 6:**

16       All Documents related to Ariel Abittan.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

18       HLF specifically incorporates by reference each of the general objections, objections to

19   definitions, and objections to instructions noted above as though they were fully set forth herein.

20       HLF further objects that this request improperly seeks clearly protected information from

21   prior opposing counsel, an action which the California courts have condemned as it "not only

22   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

23   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

24   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

25   quality of client representation. Counsel should be free to devote his or her time and efforts to

26   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

27   the 'chilling effect' that such practice will have on the truthful communications from the client to

28   the attorney is obvious." (*Id.*)

1      HLF further objects to the extent that the request seeks documents protected by the

2   attorney-client and/or attorney-work product privileges, and/or any other privileges.

3      HLF also objects to the extent that the request asks for confidential financial information

4   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

5   information protected by the right of privacy.

6      HLF further objects that the request is vague and ambiguous regarding the documents that

7   the request seeks.

8      HLF further objects that the request is overbroad and unduly burdensome.

9      HLF further objects that the request seeks documents not relevant and not reasonably

10  calculated to lead to the discovery of admissible evidence.

11     HLF further objects that the request serves no purpose other than to harass the responding

12  party and the responding party's former client(s), and propounding party has not exhausted all

13  reasonable alternative means for obtaining the information sought.

14  **REQUEST FOR PRODUCTION NO.** 7:

15     All Documents related to Yuting Chen.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17     HLF specifically incorporates by reference each of the general objections, objections to

18  definitions, and objections to instructions noted above as though they were fully set forth herein.

19     HLF further objects that this request improperly seeks clearly protected information from

20  prior opposing counsel, an action which the California courts have condemned as it "not only

21  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

22  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

23  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

24  quality of client representation. Counsel should be free to devote his or her time and efforts to

25  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

26  the 'chilling effect' that such practice will have on the truthful communications from the client to

27  the attorney is obvious." (*Id.*)

28     HLF further objects to the extent that the request seeks documents protected by the

1   attorney-client and/or attorney-work product privileges, and/or any other privileges.

2      HLF also objects to the extent that the request asks for confidential financial information

3   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

4   information protected by the right of privacy.

5      HLF further objects that the request is vague and ambiguous regarding the documents that

6   the request seeks.

7      HLF further objects that the request is overbroad and unduly burdensome.

8      HLF further objects that the request seeks documents not relevant and not reasonably

9   calculated to lead to the discovery of admissible evidence.

10      HLF further objects that the request serves no purpose other than to harass the responding

11   party and the responding party's former client(s), and propounding party has not exhausted all

12   reasonable alternative means for obtaining the information sought.

13   **REQUEST FOR PRODUCTION NO. 8:**

14      All Documents related to Lily Chao.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16      HLF specifically incorporates by reference each of the general objections, objections to

17   definitions, and objections to instructions noted above as though they were fully set forth herein.

18      HLF further objects that this request improperly seeks clearly protected information from

19   prior opposing counsel, an action which the California courts have condemned as it "not only

20   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

21   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

22   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

23   quality of client representation. Counsel should be free to devote his or her time and efforts to

24   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

25   the 'chilling effect' that such practice will have on the truthful communications from the client to

26   the attorney is obvious." (*Id.*)

27      HLF further objects to the extent that the request seeks documents protected by the

28   attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents related to Tao Ding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).) "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information

protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents related to Damien Ding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).) "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

1  information protected by the right of privacy.

2  HLF further objects that the request is vague and ambiguous regarding the documents that

3  the request seeks.

4  HLF further objects that the request is overbroad and unduly burdensome.

5  HLF further objects that the request seeks documents not relevant and not reasonably

6  calculated to lead to the discovery of admissible evidence.

7  HLF further objects that the request serves no purpose other than to harass the responding

8  party and the responding party's former client(s), and propounding party has not exhausted all

9  reasonable alternative means for obtaining the information sought.

10  **REQUEST FOR PRODUCTION NO. 11:**

11  All Documents related to Damien Leung.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

13  HLF specifically incorporates by reference each of the general objections, objections to

14  definitions, and objections to instructions noted above as though they were fully set forth herein.

15  HLF further objects that this request improperly seeks clearly protected information from

16  prior opposing counsel, an action which the California courts have condemned as it "not only

17  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

18  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

19  Cal.App.3d 1487, 1494 (1988).) "[T]he practice of deposing opposing counsel detracts from the

20  quality of client representation. Counsel should be free to devote his or her time and efforts to

21  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

22  the 'chilling effect' that such practice will have on the truthful communications from the client to

23  the attorney is obvious." (*Id.*)

24  HLF further objects to the extent that the request seeks documents protected by the

25  attorney-client and/or attorney-work product privileges, and/or any other privileges.

26  HLF also objects to the extent that the request asks for confidential financial information

27  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

28  information protected by the right of privacy.

1  HLF further objects that the request is vague and ambiguous regarding the documents that
2  the request seeks.

3  HLF further objects that the request is overbroad and unduly burdensome.

4  HLF further objects that the request seeks documents not relevant and not reasonably
5  calculated to lead to the discovery of admissible evidence.

6  HLF further objects that the request serves no purpose other than to harass the responding
7  party and the responding party's former client(s), and propounding party has not exhausted all
8  reasonable alternative means for obtaining the information sought.

9  **REQUEST FOR PRODUCTION NO. 12:**

10  All Documents related to Juniper Ventures Incorporated.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12  HLF specifically incorporates by reference each of the general objections, objections to
13  definitions, and objections to instructions noted above as though they were fully set forth herein.

14  HLF further objects that this request improperly seeks clearly protected information from
15  prior opposing counsel, an action which the California courts have condemned as it "not only
16  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the
17  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198
18  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the
19  quality of client representation. Counsel should be free to devote his or her time and efforts to
20  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,
21  the 'chilling effect' that such practice will have on the truthful communications from the client to
22  the attorney is obvious." (*Id.*)

23  HLF further objects to the extent that the request seeks documents protected by the
24  attorney-client and/or attorney-work product privileges, and/or any other privileges.

25  HLF also objects to the extent that the request asks for confidential financial information
26  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks
27  information protected by the right of privacy.

28  HLF further objects that the request is vague and ambiguous regarding the documents that

1   the request seeks.

2          HLF further objects that the request is overbroad and unduly burdensome.

3          HLF further objects that the request seeks documents not relevant and not reasonably

4   calculated to lead to the discovery of admissible evidence.

5          HLF further objects that the request serves no purpose other than to harass the responding

6   party and the responding party's former client(s), and propounding party has not exhausted all

7   reasonable alternative means for obtaining the information sought.

8   **REQUEST FOR PRODUCTION NO. 13:**

9          All Documents related to Project Revolution Fund Inc.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11         HLF specifically incorporates by reference each of the general objections, objections to

12  definitions, and objections to instructions noted above as though they were fully set forth herein.

13         HLF further objects that this request improperly seeks clearly protected information from

14  prior opposing counsel, an action which the California courts have condemned as it "not only

15  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

16  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

17  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

18  quality of client representation. Counsel should be free to devote his or her time and efforts to

19  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

20  the 'chilling effect' that such practice will have on the truthful communications from the client to

21  the attorney is obvious." (*Id.*)

22         HLF further objects to the extent that the request seeks documents protected by the

23  attorney-client and/or attorney-work product privileges, and/or any other privileges.

24         HLF also objects to the extent that the request asks for confidential financial information

25  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

26  information protected by the right of privacy.

27         HLF further objects that the request is vague and ambiguous regarding the documents that

28  the request seeks.

1    HLF further objects that the request is overbroad and unduly burdensome.

2    HLF further objects that the request seeks documents not relevant and not reasonably

3    calculated to lead to the discovery of admissible evidence.

4    HLF further objects that the request serves no purpose other than to harass the responding

5    party and the responding party's former client(s), and propounding party has not exhausted all

6    reasonable alternative means for obtaining the information sought.

7    **REQUEST FOR PRODUCTION NO. 14:**

8    All Documents related to Juniper Venture Holdings LLC.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

10   HLF specifically incorporates by reference each of the general objections, objections to

11   definitions, and objections to instructions noted above as though they were fully set forth herein.

12   HLF further objects that this request improperly seeks clearly protected information from

13   prior opposing counsel, an action which the California courts have condemned as it "not only

14   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

15   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

16   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

17   quality of client representation. Counsel should be free to devote his or her time and efforts to

18   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

19   the 'chilling effect' that such practice will have on the truthful communications from the client to

20   the attorney is obvious." (*Id.*)

21   HLF further objects to the extent that the request seeks documents protected by the

22   attorney-client and/or attorney-work product privileges, and/or any other privileges.

23   HLF also objects to the extent that the request asks for confidential financial information

24   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

25   information protected by the right of privacy.

26   HLF further objects that the request is vague and ambiguous regarding the documents that

27   the request seeks.

28   HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents related to Juniper Venture Partners LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).) "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably

1   calculated to lead to the discovery of admissible evidence.

2        HLF further objects that the request serves no purpose other than to harass the responding

3   party and the responding party's former client(s), and propounding party has not exhausted all

4   reasonable alternative means for obtaining the information sought.

5   **REQUEST FOR PRODUCTION  NO. 16:**

6        All Documents related to Eian Labs Inc. (f/k/a Porepsus Inc.)

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

8        HLF specifically incorporates by reference each of the general objections, objections to

9   definitions, and objections to instructions noted above as though they were fully set forth herein.

10        HLF further objects that this request improperly seeks clearly protected information from

11   prior opposing counsel, an action which the California courts have condemned as it "not only

12   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

13   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

14   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

15   quality of client representation. Counsel should be free to devote his or her time and efforts to

16   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

17   the 'chilling effect' that such practice will have on the truthful communications from the client to

18   the attorney is obvious." (*Id.*)

19        HLF further objects to the extent that the request seeks documents protected by the

20   attorney-client and/or attorney-work product privileges, and/or any other privileges.

21        HLF also objects to the extent that the request asks for confidential financial information

22   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

23   information protected by the right of privacy.

24        HLF further objects that the request is vague and ambiguous regarding the documents that

25   the request seeks.

26        HLF further objects that the request is overbroad and unduly burdensome.

27        HLF further objects that the request seeks documents not relevant and not reasonably

28   calculated to lead to the discovery of admissible evidence.

1   HLF further objects that the request serves no purpose other than to harass the responding

2   party and the responding party's former client(s), and propounding party has not exhausted all

3   reasonable alternative means for obtaining the information sought.

4   **REQUEST FOR PRODUCTION NO. 17:**

5       All Documents related to Fourhair LLC.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7       HLF specifically incorporates by reference each of the general objections, objections to

8   definitions, and objections to instructions noted above as though they were fully set forth herein.

9       HLF further objects that this request improperly seeks clearly protected information from

10   prior opposing counsel, an action which the California courts have condemned as it "not only

11   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

12   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

13   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

14   quality of client representation. Counsel should be free to devote his or her time and efforts to

15   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

16   the 'chilling effect' that such practice will have on the truthful communications from the client to

17   the attorney is obvious." (*Id.*)

18       HLF further objects to the extent that the request seeks documents protected by the

19   attorney-client and/or attorney-work product privileges, and/or any other privileges.

20       HLF also objects to the extent that the request asks for confidential financial information

21   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

22   information protected by the right of privacy.

23       HLF further objects that the request is vague and ambiguous regarding the documents that

24   the request seeks.

25       HLF further objects that the request is overbroad and unduly burdensome.

26       HLF further objects that the request seeks documents not relevant and not reasonably

27   calculated to lead to the discovery of admissible evidence.

28       HLF further objects that the request serves no purpose other than to harass the responding

1   party and the responding party's former client(s), and propounding party has not exhausted all

2   reasonable alternative means for obtaining the information sought.

3   **REQUEST FOR PRODUCTION NO. 18:**

4         All Documents related to Lakeside Garden Heritage LLC.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

6         HLF specifically incorporates by reference each of the general objections, objections to

7   definitions, and objections to instructions noted above as though they were fully set forth herein.

8         HLF further objects that this request improperly seeks clearly protected information from

9   prior opposing counsel, an action which the California courts have condemned as it "not only

10  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

11  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

12  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

13  quality of client representation. Counsel should be free to devote his or her time and efforts to

14  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

15  the 'chilling effect' that such practice will have on the truthful communications from the client to

16  the attorney is obvious." (*Id.*)

17        HLF further objects to the extent that the request seeks documents protected by the

18  attorney-client and/or attorney-work product privileges, and/or any other privileges.

19        HLF also objects to the extent that the request asks for confidential financial information

20  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

21  information protected by the right of privacy.

22        HLF further objects that the request is vague and ambiguous regarding the documents that

23  the request seeks.

24        HLF further objects that the request is overbroad and unduly burdensome.

25        HLF further objects that the request seeks documents not relevant and not reasonably

26  calculated to lead to the discovery of admissible evidence.

27        HLF further objects that the request serves no purpose other than to harass the responding

28  party and the responding party's former client(s), and propounding party has not exhausted all

1   reasonable alternative means for obtaining the information sought.

2   **REQUEST FOR PRODUCTION  NO. 19:**

3       All Documents related to Powerscale Capital Management LLC.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

5       HLF specifically incorporates by reference each of the general objections, objections to

6   definitions, and objections to instructions noted above as though they were fully set forth herein.

7       HLF further objects that this request improperly seeks clearly protected information from

8   prior opposing counsel, an action which the California courts have condemned as it "not only

9   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

10  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

11  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

12  quality of client representation. Counsel should be free to devote his or her time and efforts to

13  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

14  the 'chilling effect' that such practice will have on the truthful communications from the client to

15  the attorney is obvious." (*Id.*)

16      HLF further objects to the extent that the request seeks documents protected by the

17  attorney-client and/or attorney-work product privileges, and/or any other privileges.

18      HLF also objects to the extent that the request asks for confidential financial information

19  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

20  information protected by the right of privacy.

21      HLF further objects that the request is vague and ambiguous regarding the documents that

22  the request seeks.

23      HLF further objects that the request is overbroad and unduly burdensome.

24      HLF further objects that the request seeks documents not relevant and not reasonably

25  calculated to lead to the discovery of admissible evidence.

26      HLF further objects that the request serves no purpose other than to harass the responding

27  party and the responding party's former client(s), and propounding party has not exhausted all

28  reasonable alternative means for obtaining the information sought.

1   **REQUEST FOR PRODUCTION NO. 20:**

2        All Documents related to Powerscale Capital Fund LP.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4        HLF specifically incorporates by reference each of the general objections, objections to

5   definitions, and objections to instructions noted above as though they were fully set forth herein.

6        HLF further objects that this request improperly seeks clearly protected information from

7   prior opposing counsel, an action which the California courts have condemned as it "not only

8   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

9   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

10  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

11  quality of client representation. Counsel should be free to devote his or her time and efforts to

12  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

13  the 'chilling effect' that such practice will have on the truthful communications from the client to

14  the attorney is obvious." (*Id.*)

15       HLF further objects to the extent that the request seeks documents protected by the

16  attorney-client and/or attorney-work product privileges, and/or any other privileges.

17       HLF also objects to the extent that the request asks for confidential financial information

18  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

19  information protected by the right of privacy.

20       HLF further objects that the request is vague and ambiguous regarding the documents that

21  the request seeks.

22       HLF further objects that the request is overbroad and unduly burdensome.

23       HLF further objects that the request seeks documents not relevant and not reasonably

24  calculated to lead to the discovery of admissible evidence.

25       HLF further objects that the request serves no purpose other than to harass the responding

26  party and the responding party's former client(s), and propounding party has not exhausted all

27  reasonable alternative means for obtaining the information sought.

28

**REQUEST FOR PRODUCTION NO. 21:**

All Documents related to Black Cobble Rideshare Funding LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).) "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

**REQUEST FOR PRODUCTION  NO. 22:**

All Documents related to Temujin Labs Inc. (Delaware)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents related to Temujin Labs Inc. (Cayman)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

1   **REQUEST FOR PRODUCTION  NO. 24:**

2       All Documents related to Nessco Investments, LLC.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

4       HLF specifically incorporates by reference each of the general objections, objections to

5   definitions, and objections to instructions noted above as though they were fully set forth herein.

6       HLF further objects that this request improperly seeks clearly protected information from

7   prior opposing counsel, an action which the California courts have condemned as it "not only

8   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

9   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

10  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

11  quality of client representation. Counsel should be free to devote his or her time and efforts to

12  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

13  the 'chilling effect' that such practice will have on the truthful communications from the client to

14  the attorney is obvious." (*Id.*)

15      HLF further objects to the extent that the request seeks documents protected by the

16  attorney-client and/or attorney-work product privileges, and/or any other privileges.

17      HLF also objects to the extent that the request asks for confidential financial information

18  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

19  information protected by the right of privacy.

20      HLF further objects that the request is vague and ambiguous regarding the documents that

21  the request seeks.

22      HLF further objects that the request is overbroad and unduly burdensome.

23      HLF further objects that the request seeks documents not relevant and not reasonably

24  calculated to lead to the discovery of admissible evidence.

25      HLF further objects that the request serves no purpose other than to harass the responding

26  party and the responding party's former client(s), and propounding party has not exhausted all

27  reasonable alternative means for obtaining the information sought.

28

1   **REQUEST FOR PRODUCTION  NO. 25:**

2        All Documents related to Findora Foundation Ltd.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

4        HLF specifically incorporates by reference each of the general objections, objections to

5   definitions, and objections to instructions noted above as though they were fully set forth herein.

6        HLF further objects that this request improperly seeks clearly protected information from

7   prior opposing counsel, an action which the California courts have condemned as it "not only

8   disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

9   already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

10  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

11  quality of client representation. Counsel should be free to devote his or her time and efforts to

12  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

13  the 'chilling effect' that such practice will have on the truthful communications from the client to

14  the attorney is obvious." (*Id.*)

15       HLF further objects to the extent that the request seeks documents protected by the

16  attorney-client and/or attorney-work product privileges, and/or any other privileges.

17       HLF also objects to the extent that the request asks for confidential financial information

18  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

19  information protected by the right of privacy.

20       HLF further objects that the request is vague and ambiguous regarding the documents that

21  the request seeks.

22       HLF further objects that the request is overbroad and unduly burdensome.

23       HLF further objects that the request seeks documents not relevant and not reasonably

24  calculated to lead to the discovery of admissible evidence.

25       HLF further objects that the request serves no purpose other than to harass the responding

26  party and the responding party's former client(s), and propounding party has not exhausted all

27  reasonable alternative means for obtaining the information sought.

28

---

**REQUEST FOR PRODUCTION  NO. 26:**

All Documents related to Discreet Labs, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

**REQUEST FOR PRODUCTION  NO. 27:**

All Documents related to Guanghua Liang.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

1    **REQUEST FOR PRODUCTION  NO. 28:**

2         All Documents related to Yang Yang.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

4         HLF specifically incorporates by reference each of the general objections, objections to

5    definitions, and objections to instructions noted above as though they were fully set forth herein.

6         HLF further objects that this request improperly seeks clearly protected information from

7    prior opposing counsel, an action which the California courts have condemned as it "not only

8    disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

9    already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

10   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

11   quality of client representation. Counsel should be free to devote his or her time and efforts to

12   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

13   the 'chilling effect' that such practice will have on the truthful communications from the client to

14   the attorney is obvious." (*Id.*)

15        HLF further objects to the extent that the request seeks documents protected by the

16   attorney-client and/or attorney-work product privileges, and/or any other privileges.

17        HLF also objects to the extent that the request asks for confidential financial information

18   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

19   information protected by the right of privacy.

20        HLF further objects that the request is vague and ambiguous regarding the documents that

21   the request seeks.

22        HLF further objects that the request is overbroad and unduly burdensome.

23        HLF further objects that the request seeks documents not relevant and not reasonably

24   calculated to lead to the discovery of admissible evidence.

25        HLF further objects that the request serves no purpose other than to harass the responding

26   party and the responding party's former client(s), and propounding party has not exhausted all

27   reasonable alternative means for obtaining the information sought.

28

1    **REQUEST FOR PRODUCTION NO. 29:**

2        All Documents related to Alex Wang.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

4        HLF specifically incorporates by reference each of the general objections, objections to

5    definitions, and objections to instructions noted above as though they were fully set forth herein.

6        HLF further objects that this request improperly seeks clearly protected information from

7    prior opposing counsel, an action which the California courts have condemned as it "not only

8    disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

9    already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

10   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

11   quality of client representation. Counsel should be free to devote his or her time and efforts to

12   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

13   the 'chilling effect' that such practice will have on the truthful communications from the client to

14   the attorney is obvious." (*Id.*)

15       HLF further objects to the extent that the request seeks documents protected by the

16   attorney-client and/or attorney-work product privileges, and/or any other privileges.

17       HLF also objects to the extent that the request asks for confidential financial information

18   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

19   information protected by the right of privacy.

20       HLF further objects that the request is vague and ambiguous regarding the documents that

21   the request seeks.

22       HLF further objects that the request is overbroad and unduly burdensome.

23       HLF further objects that the request seeks documents not relevant and not reasonably

24   calculated to lead to the discovery of admissible evidence.

25       HLF further objects that the request serves no purpose other than to harass the responding

26   party and the responding party's former client(s), and propounding party has not exhausted all

27   reasonable alternative means for obtaining the information sought.

28

---

1    **REQUEST FOR PRODUCTION  NO. 30:**

2         All Documents related to Selena Chen.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

4         HLF specifically incorporates by reference each of the general objections, objections to

5    definitions, and objections to instructions noted above as though they were fully set forth herein.

6         HLF further objects that this request improperly seeks clearly protected information from

7    prior opposing counsel, an action which the California courts have condemned as it "not only

8    disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

9    already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

10   Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

11   quality of client representation. Counsel should be free to devote his or her time and efforts to

12   preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

13   the 'chilling effect' that such practice will have on the truthful communications from the client to

14   the attorney is obvious." (*Id.*)

15        HLF further objects to the extent that the request seeks documents protected by the

16   attorney-client and/or attorney-work product privileges, and/or any other privileges.

17        HLF also objects to the extent that the request asks for confidential financial information

18   protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

19   information protected by the right of privacy.

20        HLF further objects that the request is vague and ambiguous regarding the documents that

21   the request seeks.

22        HLF further objects that the request is overbroad and unduly burdensome.

23        HLF further objects that the request seeks documents not relevant and not reasonably

24   calculated to lead to the discovery of admissible evidence.

25        HLF further objects that the request serves no purpose other than to harass the responding

26   party and the responding party's former client(s), and propounding party has not exhausted all

27   reasonable alternative means for obtaining the information sought.

28

**REQUEST FOR PRODUCTION NO. 31:**

All Documents related to Jianrong Wang.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

**REQUEST FOR PRODUCTION  NO. 32:**

All Documents related to Xilei Wang.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

37

**REQUEST FOR PRODUCTION NO. 33:**

All Documents related to Yi Chung Yang.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).) "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding party and the responding party's former client(s), and propounding party has not exhausted all reasonable alternative means for obtaining the information sought.

**REQUEST FOR PRODUCTION NO. 34:**

To the extent not responsive to any other request herein, all Documents related to the Complaint, filed by TEMUJIN LABS INC., a Delaware Corporation, on November 6, 2020, in *Temujin Labs Inc. v. Ariel Abittan, et al.,* Superior Court of California, Santa Clara County, Case No. 20-cv-372622.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

HLF specifically incorporates by reference each of the general objections, objections to definitions, and objections to instructions noted above as though they were fully set forth herein.

HLF further objects that this request improperly seeks clearly protected information from prior opposing counsel, an action which the California courts have condemned as it "not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198 Cal.App.3d 1487, 1494 (1988).) "[T]he practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious." (*Id.*)

HLF further objects to the extent that the request seeks documents protected by the attorney-client and/or attorney-work product privileges, and/or any other privileges.

HLF also objects to the extent that the request asks for confidential financial information protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks information protected by the right of privacy.

HLF further objects that the request is vague and ambiguous regarding the documents that the request seeks.

HLF further objects that the request is overbroad and unduly burdensome.

HLF further objects that the request seeks documents not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

HLF further objects that the request serves no purpose other than to harass the responding

1  party and the responding party's former client(s), and propounding party has not exhausted all

2  reasonable alternative means for obtaining the information sought.  Many documents responsive

3  to this request are publicly available through the Court's public portal.

4  **REQUEST FOR PRODUCTION  NO. 35:**

5       To the extent not responsive to any other request herein, all Documents related to the

6  Complaint [ECF No. 1], filed by ARIEL ABITTAN on December 24, 2020, in *Ariel Abittan*

7  *v. Temujin Labs Inc., et. al.,* United States District Court for the Northern District of

8  California, Case No. 20-cv-09340-NC.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10      HLF specifically incorporates by reference each of the general objections, objections to

11  definitions, and objections to instructions noted above as though they were fully set forth herein.

12      HLF further objects that this request improperly seeks clearly protected information from

13  prior opposing counsel, an action which the California courts have condemned as it "not only

14  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

15  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

16  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

17  quality of client representation. Counsel should be free to devote his or her time and efforts to

18  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

19  the 'chilling effect' that such practice will have on the truthful communications from the client to

20  the attorney is obvious." (*Id.*)

21      HLF further objects to the extent that the request seeks documents protected by the

22  attorney-client and/or attorney-work product privileges, and/or any other privileges.

23      HLF also objects to the extent that the request asks for confidential financial information

24  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

25  information protected by the right of privacy.

26      HLF further objects that the request is vague and ambiguous regarding the documents that

27  the request seeks.

28      HLF further objects that the request is overbroad and unduly burdensome.

1  HLF further objects that the request seeks documents not relevant and not reasonably
2  calculated to lead to the discovery of admissible evidence.

3  HLF further objects that the request serves no purpose other than to harass the responding
4  party and the responding party's former client(s), and propounding party has not exhausted all
5  reasonable alternative means for obtaining the information sought.  Many documents responsive
6  to this request are publicly available through PACER.

7  **REQUEST FOR PRODUCTION NO. 36:**

8  To the extent not responsive to any other request herein, all Documents related to the
9  Complaint or Amended Complaint, filed by TEMUJIN LABS INC., a Delaware Corporation,
10  and TEMUJIN LABS INC., a Cayman Islands Corporation, on November 6, 2020, and
11  January 21, 2022, in *Temujin Labs Inc. v. Ariel Abittan, et al.,* Superior Court of California,
12  Santa Clara County, Case No. 20-cv-372622.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

14  HLF specifically incorporates by reference each of the general objections, objections to
15  definitions, and objections to instructions noted above as though they were fully set forth herein.

16  HLF further objects that this request improperly seeks clearly protected information from
17  prior opposing counsel, an action which the California courts have condemned as it "not only
18  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the
19  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198
20  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the
21  quality of client representation. Counsel should be free to devote his or her time and efforts to
22  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,
23  the 'chilling effect' that such practice will have on the truthful communications from the client to
24  the attorney is obvious." (*Id.*)

25  HLF further objects to the extent that the request seeks documents protected by the
26  attorney-client and/or attorney-work product privileges, and/or any other privileges.

27  HLF also objects to the extent that the request asks for confidential financial information
28  protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

1   information protected by the right of privacy.

2         HLF further objects that the request is vague and ambiguous regarding the documents that

3   the request seeks.

4         HLF further objects that the request is overbroad and unduly burdensome.

5         HLF further objects that the request seeks documents not relevant and not reasonably

6   calculated to lead to the discovery of admissible evidence.

7         HLF further objects that the request serves no purpose other than to harass the responding

8   party and the responding party's former client(s), and propounding party has not exhausted all

9   reasonable alternative means for obtaining the information sought.  Many documents responsive

10  to this request are publicly available through the Court's public portal.

11  **REQUEST FOR PRODUCTION  NO. 37:**

12        To the extent not responsive to any other request herein, all Documents related to

13  the Cross-Complaint, filed by ARIEL ABITTAN, on November 3, 2021, in *Temujin Labs*

14  *Inc. v. Ariel Abittan, et al.,* Superior Court of California, Santa Clara County, Case No. 20-

15  cv-372622.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

17        HLF specifically incorporates by reference each of the general objections, objections to

18  definitions, and objections to instructions noted above as though they were fully set forth herein.

19        HLF further objects that this request improperly seeks clearly protected information from

20  prior opposing counsel, an action which the California courts have condemned as it "not only

21  disrupts the adversarial system and lowers the standard of the profession, but it also adds to the

22  already burdensome time and costs of litigation." (*Spectra-Physics, Inc. v. Superior Court*, 198

23  Cal.App.3d 1487, 1494 (1988).)  "[T]he practice of deposing opposing counsel detracts from the

24  quality of client representation. Counsel should be free to devote his or her time and efforts to

25  preparing the client's case without fear of being interrogated by his or her opponent. Moreover,

26  the 'chilling effect' that such practice will have on the truthful communications from the client to

27  the attorney is obvious." (*Id.*)

28        HLF further objects to the extent that the request seeks documents protected by the

1    attorney-client and/or attorney-work product privileges, and/or any other privileges.

2          HLF also objects to the extent that the request asks for confidential financial information

3    protected by the taxpayer privilege. HLF further objects to this request to the extent it seeks

4    information protected by the right of privacy.

5          HLF further objects that the request is vague and ambiguous regarding the documents that

6    the request seeks.

7          HLF further objects that the request is overbroad and unduly burdensome.

8          HLF further objects that the request seeks documents not relevant and not reasonably

9    calculated to lead to the discovery of admissible evidence.

10          HLF further objects that the request serves no purpose other than to harass the responding

11    party and the responding party's former client(s), and propounding party has not exhausted all

12    reasonable alternative means for obtaining the information sought.  Many documents responsive

13    to this request are publicly available through the Court's public portal.

14

15    DATED:  May 24, 2023               HANSEN LAW FIRM, P.C.

16

17                                        By:  /s/   Craig A. Hansen
                                              Craig A. Hansen
18                                            Stephen C. Holmes
                                              Philip E. Yeager
19                                            Collin D. Greene
                                              HANSEN LAW FIRM, P.C.
20                                            75 E. Santa Clara Street, Suite 1150
                                              San Jose, CA 95113-1837
21                                            Telephone: (408) 715 7980
                                              Facsimile: (408) 715 7001

22

23

24

25

26

27

28