# EXHIBIT 4



PHILIP E. YEAGER
phil@hansenlawfirm.net

June 9, 2023

**VIA E-Mail Only:**
bpierce@fnf.law

Brianna K. Pierce
Freedman Normand Friedland LLP
1 SE 3rd Ave., Suite 1240
Miami, FL 33131

      RE:   Meet and Confer Regarding Hansen Law Firm, P.C.'s Objections to Subpoena Served in *Abittan v. Chao et. al.*, U.S. District Court for the Northern District of California Case No. 20-CV-09340-NC

Ms. Pierce,

      This letter responds to your e-mail to Collin Greene of June 7, 2023, seeking to meet and confer regarding your client's May 10, 2023 Subpoena ("Subpoena") to the Hansen Law Firm, P.C. ("HLF").  As you know, HLF was prior counsel for the defendants in the above-captioned matter.

      As a preliminary matter, we are set for trial all next week in another matter in Santa Clara County Superior Court.  We suggest Friday, June 23, or Tuesday, June 27, for a telephonic or Zoom meet and confer.

      To ensure that the meet and confer is completed as efficiently as possible, we wanted to elaborate on our position in our objections to the Subpoena served – particularly since every document request in the Subpoena: (1) seeks privileged information; (2) is exceedingly overbroad; and/or (3) seeks information that can be obtained through other sources.  Also, none of the defendants have provided HLF with informed consent to waive privilege as required by California Rule of Professional Conduct 1.6 – so HLF must assert the attorney-client and attorney work product privileges.

      First, it is HLF's position that *Spectra Physics, Inc. v. Superior Court*, 198 Cal. App. 3d 1487 (1988) applies to the Subpoena, as we are former counsel in the above captioned case.  As such, it is your client's burden to: (1) show that no other means exist to obtain the requested documents; (2) that the documents sought are crucial to your client's preparation of his case; and (3) that the documents sought are relevant and non-privileged.  (*Franklin v. Allstate Corp.* 2008 WL 590508 *1 (N.D. Cal. 2008)).  The Subpoena is so broad that we are doubtful that your client can meet these requirements.

June 9, 2023
Brianna Pierce
Page 2 of 2

      While there are some minor procedural differences from the present matter and *Spectra-Physics* (there is a document request at issue here as opposed to a deposition for oral testimony), the fact remains that directing the Subpoena to HLF, as former counsel, "…not only disrupts the adversarial system and lowers the standard of the profession, but it also adds to the already burdensome time and costs of litigation." (*Spectra-Physics, Inc.*, Supra, 1494).

      Second, it is HLF's position that the Subpoena also fails to comply with FRCP 45(d)(1), which states:

> (d)    Protecting a Person Subject to a Subpoena; Enforcement.
>
> (1)    Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena <u>must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena</u>. The court for the district where compliance is required must enforce this duty <u>and impose an appropriate sanction</u>--which may include lost earnings and reasonable attorney's fees--<u>on a party or attorney who fails to comply</u>. [Emphasis Added]

      The Subpoena, as emphasized in HLF's objections, takes no steps whatsoever to comply with this rule. As just one example, the production of a privilege log would require review of thousands of pages of documents for privilege. Producing such a privilege log would constitute an undue burden for HLF. FRCP 45 protects prior counsel from document requests that are "overbroad and unduly burdensome" and would "impose an undue and disproportionate burden…to prepare a privilege log of thousands of documents…most of which would be protected by the attorney-client privilege or attorney work-product doctrine." (*Dell Inc. v. Decosta*, 233 F. Supp. 3d 1 (D.D.C. 2017).

      Accordingly, we strongly urge you and your client to withdraw the Subpoena and put an end to this patently improper use of the discovery process. If you and your client elect to proceed, we will meet and confer in good faith. However, we reserve all rights to oppose any motion to compel regarding the Subpoena and to seek appropriate sanctions against you and your client.

                                          Yours very truly,

                                          Philip Eugene Yeager

cc    Constantine Economides
       SAC ATTORNEYS LLP
       Ye & Associates, PLLC