1   Constantine P. Economides (*pro hac vice*)
    (Florida Bar No. 118177)
2   Brianna K. Pierce
    (CA Bar No. 336906)
3   FREEDMAN NORMAND
    FRIEDLAND LLP
4   1 SE 3rd Avenue, Suite 1240
    Miami, FL 33131
5   Tel: (305) 971-5943
    Email: ceconomides@fnf.law
6           bpierce@fnf.law

7   *Counsel for Plaintiff*

8                **UNITED STATES DISTRICT COURT**
                 **NORTHERN DISTRICT OF CALIFORNIA**
9                      **SAN JOSE DIVISION**

10

11  ARIEL ABITTAN,                          Case No. 5:20-CV-09340-NC

12              Plaintiff,
                                            **PLAINTIFF'S NOTICE OF MOTION**
13      v.                                  **AND MOTION FOR VOLUNTARY**
                                            **DISMISSAL WITHOUT PREJUDICE**
14  LILLY CHAO (A/K/A TIFFANY               **PURSUANT TO RULE 41(a);**
    CHEN, A/K/A YUTING CHEN) et al.,        **MEMORADUM OF POINTS AND**
15                                          **AUTHORITIES IN SUPPORT**
                Defendants.                 **THEREOF**
16
                                            Date:    July 26, 2023
17                                          Time:    1:00 p.m.
                                            Judge:   Hon. Nathanael Cousins
18                                          Place:   Courtroom 5, 4th Floor

19

20

21

22

23

24

25

26

27

28  PLAINTIFF'S NOTICE OF MOTION AND              CASE NO. 5:20-CV-09340-NC
    MOTION FOR VOLUNTARY DISMISSAL
    WITHOUT PREJUDICE PURSUANT TO RULE
    41(a)

**TO THE COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on, July 26, 2023, at 1:00 p.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Nathanael M. Cousins, located at the United States District Court for the Northern District of California, 280 South First Street, 4th Floor, San Jose, California 95113, Plaintiff Ariel Abittan will, and hereby does, move to voluntarily dismiss the case without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2).

This Motion is made on the grounds that Defendants are not, and will not, be prejudiced by Plaintiff dismissing the case.

The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all papers and pleadings on file in this action, the declaration of Constantine P. Economides, and such other and further evidence that the Court deems just and proper at the hearing of this motion.

## STATEMENT OF ISSUES TO BE DECIDED

Whether the action should be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

Federal Rule of Civil Procedure 41 governs the voluntary dismissal of claims. After a defendant has served an answer, as is the case here, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant or deny a voluntary dismissal pursuant to Rule 41(a)(2) is within "the sound discretion of the District Court," including whether the dismissal is with or without prejudice. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982); *Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 F. App'x 671, 673 (9th Cir. 2010). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as

[1] The Court and parties are familiar of the background through the various filings in this action and the related actions. Therefore, Plaintiff does not repeat those facts here.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)

CASE NO. 5:20-CV-09340-NC

1    the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am.*

2    *V. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citation omitted).

3         In deciding a motion for voluntary dismissal under Rule 41(a)(2), the Court "must make

4    three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be

5    with or without prejudice; and (3) what terms and conditions, if any should be imposed." *Williams*

6    *v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). Here, the Court should grant

7    Plaintiff's motion for voluntary dismissal and should do so without prejudice and without any

8    conditions.

9    **A.     Dismissal Should Be Allowed**

10         The Ninth Circuit has held that a Rule 41(a)(2) motion should be granted "unless a

11   defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263

12   F.3d 972, 975 (9th Cir. 2001). "Legal prejudice means prejudice with some legal interest, some

13   legal claim, some legal argument." *Id.* at 976 (internal quotations omitted). "[U]ncertainty because

14   a dispute remains unresolved or because the threat of future litigation ... causes uncertainty does

15   not result in plain legal prejudice. Also, plain legal prejudice does not result merely because the

16   defendant will be inconvenienced by having to defend in another forum or where a plaintiff would

17   gain a tactical advantage by that dismissal." *Id.* (internal quotation marks omitted). Furthermore,

18   "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westland*

19   *Water Dist. V. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

20         Here, Defendants will suffer no legal prejudice if this case is dismissed. The Parties are

21   engaged in litigation in state court, where Plaintiff's allegations and claims are similar to those here.

22   Defendants, therefore, will be able to assert any defenses they may have against Plaintiff in state

23   court.

24   **B.     The Case Should Be Dismissed Without Prejudice**

25         Unless an order specifies otherwise, a dismissal under Rule 41(a)(2) is without prejudice.

26   *See* Fed. R. Civ. P. 41(a)(2). In determining whether to dismiss with or without prejudice, courts in

27   this district have considered "(1) the defendant's effort and expense involved in preparing for trial;

28

1   (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and

2   (3) insufficient explanation of the need to take a dismissal." *See Fraley v. Facebook, Inc.*, No. 11-

3   CV-01726, 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012); *see also Williams*, 227 F.R.D. at

4   540 (same). Each factor supports a dismissal without prejudice.

5       First, Defendants have not yet spent substantial effort and expense to prepare for trial. The

6   trial in this matter is scheduled for February 2, 2024. *See* ECF No. 162. The bulk of discovery has

7   occurred in the state action and has largely focused on the true identities of Lilly Chao and Damien

8   Ding.

9       Second, Plaintiff has diligently sought to prosecute this action, while not needlessly

10  duplicating resources between the related actions. When service of process was at issue in this

11  action and the related state action in 2021, Plaintiff even offered to dismiss this action without

12  prejudice and continue solely in state court if Defendants would agree to accept service rather than

13  continue litigating service of process. Defendants declined. Subsequently, Plaintiff worked toward

14  a global mediation ordered in the related state action. To that end, Plaintiff conducted limited

15  discovery into Defendants' identities such that a mediation could potentially yield a binding

16  settlement. Because that identity discovery took place in the state action, Plaintiff sought to limit

17  overlapping discovery in this action.

18      Finally, Plaintiff seeks to dismiss this action given the posture of the related actions.  The

19  June 16, 2023, mediation did not result in a settlement, meaning the parties will likely pursue

20  broader discovery and litigation on the merits in the state action. Furthermore, the Yuting Chen

21  action against Mr. Abittan, also before this Court, was recently dismissed with prejudice. Prior to

22  that dismissal, Mr. Abittan would have been forced into federal court, regardless of the status of

23  this action, and Mr. Abittan had the benefit of coordinating resources between the two federal

24  actions. At this stage, however, a dismissal without prejudice will leave no further related cases in

25  federal court, such that the parties' claims and defenses can proceed efficiently in a single forum.

26  Based on foregoing, Plaintiff respectfully requests that the Court dismiss the case without prejudice.

27

28

1  **C.     The Dismissal Should Not be Conditioned Upon Fees and Costs**

2          Rule 41 allows the court to dismiss an action "on terms that the court considers proper."

3  Fed. R. Civ. P. 41(a)(2). The Ninth Circuit has stated that "[i]mposition of costs and fees as a

4  condition for dismissing without prejudice is *not mandatory*[.]" *See Westlands*, 100 F.3d at 97

5  (emphasis added). Rather, "[t]he court's imposition of fees and costs in discretionary." *Arteris*

6  *S.A.S. v. Sonics, Inc.*, No. C 12–0434 SBA, 2013 WL 3052903, at *4 (N.D. Cal. June 7, 2013). "'In

7  determining whether to award costs to a defendant after a voluntary dismissal without prejudice,

8  courts generally consider the following factors: (1) any excessive and duplicative expense of a

9  second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the

10  extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss.'"

11  *Williams*, 727 F.R.D. at 540. Each factor supports a dismissal without prejudice, with each party

12  bearing its own attorneys' fees and costs.

13          First, there is no risk of duplicative expenses of a second, future litigation, because the

14  Parties are already litigating in state court. *See Williams*, 227 F.R.D. at 540 n.1 (noting the purpose

15  of the first factor is "generally to reimburse the defendant for the litigation costs incurred, in view

16  of the risk (often the certainty) taken by defendant that the same suit will be refiled and will impose

17  duplicative expenses upon him." (quoting *Colombrito v. Kelley*, 764 F.2d 122, 133 (2d Cir. 1985)).

18          Second, as discussed above, Defendants have not yet spent substantial effort and expenses

19  on preparing for trial. The bulk of discovery to date has occurred in the state action, with the aim

20  of addressing critical identity issues that required resolution for the parties to fruitfully mediate.

21  But that mediation has failed, and the state action will likely proceed into the next stages through

22  which each party can pursue its claims or defenses.

23          Third, although a substantial time has passed since this case was initiated, the case has not

24  progressed substantially. Plaintiff litigated service of process for approximately eleven months and

25  subsequently focused efforts toward the identity discovery and mediation in state court. Absent the

26  dismissal, the parties would need to coordinate a proposed scheduling order extending the existing

27

28

1  deadlines and trial date. Most of the discovery to date has focused on initial disclosures. *See* ECF
2  No. 195.

3        Finally, Plaintiff has been diligent in moving to dismiss. The related Yuting Chen action in
4  this Court was dismissed on April 26, 2023, and the global mediation through the state court action
5  finally occurred less than two weeks ago on June 16th. After assessing the various factors discussed
6  herein, Plaintiff promptly sought this dismissal. For these reasons, Plaintiff respectfully request that
7  the Court dismiss this case without any conditions.

8  **D.**    **If the Court Imposes Conditions, Plaintiff Is Entitled to Withdraw his Motion**

9        To the extent the Court intends to impose a condition upon Plaintiff's request to voluntarily
10 dismiss without prejudice, Plaintiff respectfully request that he be given an opportunity to withdraw
11 his motion. *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986) (requiring
12 district court to provide plaintiff "a reasonable period of time within which to refuse the conditional
13 voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the
14 imposition of conditions.").

15       Plaintiff intends to vigorously pursue his claims and has no intention of waiving any claims,
16 allegations, or arguments. Given that the global mediation has ended and the related Yuting Chen
17 action before this Court was dismissed, Plaintiff believes that all parties can proceed more
18 efficiently in a single forum: the state court. Furthermore, Plaintiff faces claims in state court and,
19 therefore, would be forced to litigate in that forum regardless of the status of his claims here.
20 Accordingly, Plaintiff seeks this dismissal without prejudice as a means of efficiently proceeding
21 with the litigation, not as a means of reaching a final adjudication on the merits.

22       Thus, if this requested dismissal would result in any prejudice to Plaintiff—either in terms
23 of barring claims or mandating fees or costs—Plaintiff would elect to continue with this litigation.
24 For those reasons, Plaintiff respectfully requests an opportunity to assess any conditions of
25 dismissal and to withdraw this motion if such conditions would be imposed.

26
27
28

     5

1

## **CONCLUSION**

2      For the foregoing reasons, Plaintiff respectfully requests this Court dismiss this case without

3 prejudice, with all parties to incur their own fees and costs, and without any conditions.

4

5 Dated: June 28, 2023                    Respectfully Submitted,

6                                        */s/ Constantine P. Economides*
                                         Constantine P. Economides (*pro hac vice*)
7                                        Brianna K. Pierce (CBN 336906)
                                         FREEDMAN NORMAND FRIEDLAND LLP
                                         1 SE Third Avenue, Suite 250
8                                        Miami, Florida 33131
                                         Tel: (305) 971-5943
9                                        Email: ceconomides@fnf.law
                                                bpierce@fnf.law
10

11                                       *Counsel for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28