1 | Craig A. Hansen (SBN 209622)
Email: craig@hansenlawfirm.net
2 | Stephen C. Holmes (SBN 200727)
Email: steve@hansenlawfirm.net
3 | Philip E. Yeager (SBN 265939)
Email: phil@hansenlawfirm.net
4 | Collin D. Greene (SBN 326548)
Email: collin@hansenlawfirm.net
5 | HANSEN LAW FIRM, P.C.
75 E. Santa Clara Street, Suite 1150
6 | San Jose, CA 95113-1837
Telephone: (408) 715 7980
7 | Facsimile: (408) 715 7001

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ARIEL ABITTAN,<br><br>PLAINTIFF,<br><br>v.<br><br>LILY CHAO (a/k/a TIFFANY CHEN, a/k/a YUTING CHEN), DAMIEN DING (a/k/a DAMIEN LEUNG, a/k/a DAMIEN RAY DONOVAN, a/k/a TAO DING), TEMUJIN LABS INC. (a Cayman Islands corporation), and Does 1-100, inclusive,<br><br>DEFENDANTS. | Case No. 5:20-CV-09340-NC<br><br>**DECLARATION OF CRAIG A. HANSEN IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOCUMENT NO. 204)**<br><br>Judge:   Hon. Nathanael Cousins |

I, Craig A. Hansen, declare as follows:

1. I am an attorney and principal of the Hansen Law Firm, P.C. ("Hansen Law Firm"), former counsel for Defendants in this matter. I have personal knowledge of the facts stated herein, unless stated on information and belief, and if called upon to testify to those facts I could and would competently do so.

2. On May 11, 2023, Hansen Law Firm was served with a *Subpoena to Produce Documents, Information, or Objects Or to Permit Inspection of Premises in a Civil Action* by Plaintiff Ariel Abittan in this matter (the "Subpoena").

3. On May 24, 2023, Hansen Law Firm served *Hansen Law Firm, P.C.'s Objections to Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action* ("HLF's Objections") upon counsel for Ariel Abittan and current counsel for Defendants in this matter.

4. During proceedings before Magistrate Judge Nathanael M. Cousins on June 21, 2023, Judge Cousins quashed the Subpoena as not remotely complying with Rule 45, noted that the Subpoena appeared to be retaliatory as to Hansen Law Firm, and observed that monetary sanctions appeared to be appropriate under Rule 45(d)(1).  However, Judge Cousins deferred the issue of monetary sanctions given the lack of a record as to how much attorney time Hansen Law Firm had spent responding to the Subpoena.

5. Later that day, I prepared and filed a declaration confirming that Hansen Law Firm had incurred $5,820 in attorney time responding to the subpoena and detailing how that time was spent.

6. Two days later, on June 23, 2023, the Clerk issued a notice giving Plaintiff until June 30, 2023 (one week) to respond as to "why client and counsel should not be ordered to pay Hansen Law Firm $5,820 for Rule 45 violation."

7. Yesterday, June 29, 2023, I received an email from Plaintiff's counsel asking whether I would object to a request for a one-week extension of Plaintiff's response deadline on the purported basis that plaintiff's counsel was in trial on another matter or was otherwise on

vacation. I informed Plaintiff's counsel that I did object to the extension request and would seek further sanctions for additional time spent by my law firm dealing with this matter.

8. Plaintiff's extension request is improper and should be rejected. As an initial matter, I submitted my fee declaration on June 21, 2023. So plaintiff and his counsel have now had nine days to respond. They have also had one week to respond since the Court set the June 30, 2023 response deadline on June 23, 2023, yet they waited until the night before that filing deadline to seek a one-week extension. Finally, Plaintiff's counsel's suggestion that his 20-lawyer firm[1] is too busy to meet today's filing deadline is not credible. Indeed, since the Court's June 23, 2023 Notice, plaintiff and his counsel have found the time to prepare and file: (1) a Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a) (Doc. Nos. 201 and 202); and (2) the present Motion for Extension of Time to File Response/Reply in the current matter (Doc. No. 204). If Plaintiff and his counsel had given equal priority to meeting today's filing deadline, there is no apparent reason why they could not have done so. Accordingly, Plaintiff's current request for an extension of time smacks more of a delay tactic than a legitimate need for an extension of the Court-ordered deadline.

9. I have spent an additional 1.5 hours reviewing Plaintiff's Motion for Extension of Time and preparing this Declaration. At my rate of $500/hour, the value of that time is $750. I would respectfully ask that the Court add this time to our pending fee request, for a total request of $6,570.

10. I declare under penalty of perjury under the laws of the United States of America that the matters stated in this declaration are true and correct.

DATED: June 30, 2023

San Jose, California                    /s/ Craig Alan Hansen

                                        Craig Alan Hansen
                                        HANSEN LAW FIRM, P.C.

---

[1] https://www.fnf.law/attorneys