James Cai (SBN: 200189)
*jcai@sacattorneys.com*
Brian A. Barnhorst (SBN: 130292)
*bbarnhorst@sacattorneys.com*
Patrick E. O'Shaughnessy (SBN: 218051)
*poshaughnessy@sacattorneys.com*
Woody Wu (SBN: 309317)
*wwu@sacattorneys.com*
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, CA  95110
Telephone: (408) 436-0789

Jingjing Ye (*Pro Hac Vice*)
*jye@yefirm.com*
YE & ASSOCIATES, P.C.
500 N. Central Expy, #500
Plano, TX 75080
Telephone: (469) 410-5232

*Attorneys for Temujin Labs Inc. (Delaware)*
*Temujin Labs Inc. (Cayman Islands), Lily Chao,*
*and Damien Ding*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN, | Case No. 20-CV-09340-NC |
| Plaintiff, | **OPPOSITION TO PLAINTIFF'S RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE, SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS INCLUDING ORDERS COMPELLING PRODUCTION** |
| v. | |
| LILY CHAO et al., | |
| Defendants. | Judge:     Hon. Nathanael Cousins |
| | Filed:     December 24, 2020 |
| | Hearing:  July 26, 2023 at 10:30 a.m. |

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS

Page 1

## I.    INTRODUCTION

Defendants Lily Chao, Damien Ding, and Temujin Labs Inc. (Cayman Islands) (collectively, "Temujin") respectfully request that the Court grant Plaintiff's motion to dismiss his case but *with* prejudice, or with significant conditions. They oppose Plaintiff's motion to dismiss his case without prejudice (the "Motion"). Plaintiff seeks in his Motion to: (1) avoid producing documents pursuant to Temujin's pending and ripe party discovery requests in this case; (2) forum shop; and (3) create redundant costs and delay for Temujin.

Temujin expended significant funds to answer the complaint, complete their initial disclosures, develop litigation and discovery strategies, serve and negotiate party discovery requests, and serve non-party discovery requests, among other things. And their work has been more complicated than it should have been throughout because of how effectively Mr. Abittan vexatiously switched the narrative from a discussion about substantive legal claims into one about name calling and supposedly mistaken identities.

Plaintiff's claims about supposedly mistaken identities between Ms. Chao and Ms. Yuting (Selena) Chen:

- contradict his earlier statements that he was ***not*** mistaken about these identities because he spent so much time working with Ms. Chao and met Ms. Chen on many occasions;[1] and

- insensitively conflate Ms. Chao and Ms. Chen as the same person in the minds of others.

Plaintiff knew better, and he feigned ignorance about Ms. Chao's and Ms. Chen's separate "identities." He persisted in this offense for more than a year *after* he correctly identified in a Court pleading Ms. Chao and Ms. Yuting (Selena) Chen as separate individuals. Chen Case, Doc. No. 107-3 at 28 ¶ 130. Mr. Abittan affirmed his prior knowledge recently in filings before this Court. *See* Chen Case Doc. No. 107 at 8:13 – 14 & n.4.

---

[1]   N.D. Cal. Case No. 5:21-cv-09393 ("Chen Case") Doc. No. 107 at 6:4 – 11; Chen Case, Doc. No. 107-3 (Cai Decl. Ex. C) at 28 ¶ 130.

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS

1        Plaintiff's admitted contradictions reflect vexatious and unnecessarily burdensome

2 conduct because of their subject matter. The consequences have been significant, and Plaintiff's

3 Motion proposes to carry on with them by shopping the dispute entirely over to Santa Clara

4 Superior Court. Mr. Abittan could have helped put these unnecessary comments to rest with his

5 admitted knowledge, but instead has joined in on and prolonged the offense.[2]

6        The parties' dispute is not about name calling. Instead, it is a serious trade secret dispute

7 stemming from a contentious business break up.[3] Temujin had a nascent and developing business

8 in the lucrative cryptocurrency industry. N.D. Cal. Case No. 3:21-cv-09152 ("Translucence

9 Case") Doc. No. 1 (Complaint) ¶¶ 1 – 4 & 23 – 26. Its team included some of the most

10 knowledgeable and valuable cryptocurrency and blockchain scholars and businesspeople in the

11 world. *See id.; see also id.* ¶¶ 8 – 10. Then Plaintiff worked with others to torpedo it. *See, e.g.,*

12 *id.* ¶¶ 2 – 3 & 27 – 57; *see also, e.g.,* Abittan State Case, First Amended Complaint ¶¶ 22 – 27.

13        Those others include not just Mr. Abittan but also Temujin's former CEO, who now

14 serves as a leader at Temujin's cryptocurrency competitor Translucence (d/b/a Espresso

15 Systems), and Temujin's former CTO, who now serves as Espresso's CEO. Translucence Case

---

[2]  Mr. Abittan and others led the Santa Clara Superior Court to write: Mr. "Abittan may incorrectly believe that Yuting Chen and Lily Chao are the same person" and "to the extent Chen and Chao are different individuals…." Santa Clara Superior Court Case No. 20CV372622 ("Abittan State Case") April 14, 2023 Court Order Re: Motion to Quash at 7:9 – 10 & 16. It made these comments at Mr. Abittan's urging more than a year *after* Mr. Abittan wrote that he knew Ms. Chao and Ms. Chen were separate people. N.D. Cal. Case No. 5:21-cv-09393 ("Chen Case") Doc. No. 107-3 (Cai Decl. Ex. A) at p. 28 ¶ 130 (submitted in Nov. 2021). Mr. Abittan used the Court's findings as a basis to push for sanctions when he knew it was premised on false facts. *Compare* Chen Case Doc. No. 107 & 112, and Doc. No. 197 in this case, *with* Chen Case Doc. No. 107-3 at p. 28 ¶ 130.

[3]  Mr. Abittan notably omits when describing "related cases" in his Motion the related Translucence Case. *Compare* Doc. No. 202 (Economides Decl. ISO the Motion) ¶ 2 *with* Motion at 3:23 – 25. But Mr. Abittan previously admitted the Translucence Case is related to this case. Doc. 195 (June 14, 2023 Joint Case Management Statement) at 10:4 – 19 ("Plaintiff submits that the following cases are related to this case…. *Temujin Labs Inc. … v. Translucence Research Inc.* [N.D. Cal.] Case No. 3:21-cv-09152.")

The Motion puts forth a "single forum" argument that hinges on this notable omission. Without the omission, *i.e.*, in light of the accurate facts, Plaintiff's "single forum" argument fails because, contrary to the inaccurate claims in Mr. Abittan's Motion, the Translucence case remains related and pending.

To the extent Mr. Abittan's omission was deliberate, it highlights the importance of Temujin having the opportunity to tell its version of the events in question. Without that opportunity, the core basis of this dispute could be lost and obfuscated by Mr. Abittan's omissions and inaccuracies.

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS

¶¶ 1 – 4; *see also* https://espressosys.com/about#s1 (accessed July 11, 2023 at 2:45 pm) (depicting, on Espresso's website, former Temujin and corporate leaders as now Espresso's leaders). They took Temujin's valuable assets, intellectual property, and key employees to Temujin's competitor Espresso. *See id*.

Temujin's description of what really happened and how this dispute started and grew is essential to its defense of nearly every claim in this case.[4] These claims reflect Plaintiff telling an alternative-universe story Temujin will rebut. Temujin respectfully requests the opportunity to develop evidence to demonstrate its side of the events in question and to be heard on the merits in their dispute with Mr. Abittan.

This process starts with obtaining the pending discovery in this case and following through with nearly consummated agreements (via a proposed protective order) to permit sharing of these materials across pending related cases, which include the Translucence Case. Mr. Abittan seeks to vitiate Temujin's progress with his motion to dismiss without prejudice.

## II.   ARGUMENT

### A.     *Dismissal on Terms the Court Considers Proper*

Plaintiff must obtain Court approval to dismiss his case because Temujin answered his complaint and the case has progressed significantly. *See* Fed. R. Civ. Pro. 41(a)(1)(A)(i); Doc. No. 152. And that dismissal shall be on terms this Court considers proper. Fed. R. Civ. Pro. 41(a)(2); *see also* Hon. Karen Stevenson & James Fitzgerald, Federal Civil Procedure Before Trial (9th Cir. Ed., April 2023 Update) ("Stevenson & Fitzgerald") at 16-G(3). The Rules call upon the Court to evaluate, in the exercise of its discretion, the following questions:

- Will the Court permit dismissal?
- Will the Court dismiss the case with prejudice or without prejudice?
- What terms and conditions will accompany any dismissal?

---

[4] Temujin's side of the parties' cryptocurrency business disputes is not as directly relevant to the tenth cause of action in this case, which focuses on Mr. Abittan's luxury watch business relationships with Ms. Chao, Ms. Chen, and Mr. Ding. *Compare* Doc. No. 149 (First Amended Complaint) ¶¶ 192 – 269 & 275 – 339 *with* 270 – 274.

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS

*Id.; see also Stevedoring Servs. of America v. Armilla Intern. B.V.*, 990 F.2d 919, 921 (9th Cir. 1989) ("A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion.")

Rule 41(a)(2) is designed primarily "for the *defendant's* protection." Stevenson & Fitzgerald at 16-G(3)(b)(emphasis in the original); *see also Stevedoring*, 990 F.2d at 921. And Courts typically consider when determining whether to dismiss with or without prejudice defendants' expenses thus far and the possibility of duplicative expenses upon re-litigation, along with plaintiffs' explanation for dismissing the case and "undue vexatiousness," if any. *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005); *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir 1990).

Importantly, if a Court determines it will dismiss a case without prejudice, it may also choose to order conditions that, if not met, call for the case to later be dismissed with prejudice. *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993); *see also Blue Ridge Investments, LLC v. Republic of Argentina*, 902 F. Supp. 2d 367, 384 – 385 (S.D.N.Y. 2012) (emphasizing also the value of clarifying this specific question in dismissal orders). Common conditions imposed by Courts in this context include fees and costs. *Stevedoring*, 889 F.2d at 921 ("[C]osts and attorney fees are often imposed on a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. Pro. 41(a)(2)."); *see also Brown v. Baeke*, 413 F.3d 1121, 1124, 1126 (10th Cir. 2005) (the "effective use of curative conditions," including "fees and expenses," "can help balance competing equities and ensure that substantial justice is done for all parties, which is the goal of the Rule 41(a)(2) analysis").[5]

---

[5]   These fees and costs differ from any sanction on counsel and are limited to work that would have to be done again by, for example, reissuing discovery in a different case. *See Koch v. Hankins*, 8 F.3d 650 (9th Cir. 1993).

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS

**B.      The Court Should Dismiss Plaintiff's Case with Prejudice or Significant Conditions to Prevent His Gamesmanship from Prejudicing Temujin**

1.      Plaintiff Seeks to Avoid Responding to Temujin's
Pending and Ripe Discovery Requests

Plaintiff's responses to Temujin's initial discovery requests came due less than 30 days before this Motion. The parties conferred about and substantially narrowed them on June 13, 2023. O'Shaughnessy Decl. ¶ 2 (Temujin's initial discovery requests focus on the materials from which Plaintiff built his complaint in this case. *Id.*) Plaintiff said then that he would produce documents responsive to these requests if this Court entered a sufficient protective order. *Id.* ¶ 3 & Ex. A. The remaining issue on the protective order negotiations was whether the documents may be shared across the pending federal and state lawsuits. *Id.* ¶ 8 & Exs. B & C. The parties subsequently negotiated a protective order to apparent completion, including at the Court's June 21, 2023 urging. *See id.* ¶ 10 & Ex. C. But rather than consummate the proposed protective order agreement and produce responsive documents, Plaintiff sought just seven (7) days later to dismiss his case without prejudice, allowing him to continue litigating it at a later date without producing responsive documents now. *See* Motion.

2.      Plaintiff Seeks to Forum Shop

Plaintiff's Motion reflects his preference to litigate in Santa Clara Superior Court rather than in this Court. Plaintiff's prior filings in this case reflect the same preference. *See* Doc. No. 197 (Plaintiff submitting unnecessary and off-point Court Order from a different case based on entirely different circumstances when urging this Court to act on a different question). United States and California policies disfavor forum shopping.[6]

---

[6]   Temujin makes no apologies about its preference for handling this dispute in Federal Court, particularly given its emphasis on the Federal Defend Trade Secrets Act.

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS

Page 6

3.    Plaintiff's Conduct, if Permitted, Would Cause
      Temujin to Incur Duplicative Expenses

Plaintiff's request to dismiss his case, if granted as proposed, would require Temujin to incur duplicative expenses. It would force Temujin to restart the clock on, redraft, and reissue its party document requests. Temujin also issued non-party subpoenas, drafted another set of document requests to Plaintiff, and planned for depositions in the near term. Its discovery requests are critical to obtaining evidence to allow Temujin to lead with the truth about Plaintiff and several former Temujin employees with whom Plaintiff worked to diminish Temujin.

Plaintiff worked with others to diminish Temujin at the same time that several of them (then key Temujin employees) left the company to form and run a new competitor to Temujin: Translucence (now d/b/a Espresso). Subpoena responses from those former Temujin (and now current Espresso) employees, as well as those from Espresso and its leading investors, are due in this case in late July 2023.[7] But Plaintiff's Motion would cut off this discovery too if the Court grants the dismissal Plaintiff proposed.

Temujin needs to obtain evidence to demonstrate its side of the events in question. The Espresso parties in the federal Translucence and state cases have produced no documents to date. And Mr. Abittan has produced just 119 documents, in sum, across the four pending federal and state lawsuits. Temujin would suffer significant prejudice if Plaintiff's Motion prevents that discovery now.

Further, if the Court dismisses this case without prejudice, Plaintiff can bring the same case again in this Court, or another, and Temujin would again need to answer the complaint, make initial disclosures, and draft and serve discovery requests. It may even have to address insensitive "identity" and other comments and questions again. These are substantial costs for Temujin. It would like to move past them and focus on the legal merits of its valid federal claims.

---

[7]    Previously the Court required Plaintiff to pre-clear any subpoenas with the Court. To the extent the Court wishes to manage Temujin's discovery too, the Temujin Parties are willing to submit their subpoenas for Court review in advance too.

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS

Defendant's citation to *Westland Water District v. United States*, that "the expense incurred in defending against a lawsuit does not amount to legal prejudice," Motion at 2:17 – 19. (quoting 100 F.3d 94, 97 (9th Cir. 1996)), goes to the question of whether to dismiss the case, and not the question of what conditions the Court may impose. *Westland Water* does not overrule *Stevedoring*. *See Stevedoring*, 889 F.2d at 921 (common conditions imposed by Courts in this context include fees and costs). Instead, it is consistent with it. *Westland Water*, 100 F.3d at 97 ("The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees."). And Plaintiff's Motion acknowledges the precedent as well as the possibility of fee and cost awards in this context. Motion at 4:1 – 5:7.

## III.    PRAYER FOR RELIEF / CONDITIONS UPON DISMISSAL

Consequently, to the extent the Court may dismiss this case without prejudice, Temujin respectfully requests relief from the Court in the form of conditions to protect and avoid prejudice to Temujin. It respectfully requests that the Court consider and implement in its Order the following conditions, as applicable:

1.    Plaintiff must respond to Temujin's pending and ripe party discovery requests (following the prompt submission and entry of the parties' negotiated proposed protective order, as potentially modified by the Court).

2.    Temujin may amend its complaint in the Translucence Case to focus on its Federal Defend Trade Secret Act claims, proceed immediately with all forms of discovery in that case before this Court, and make use in that case of the pending discovery at issue in this case.

3.    Plaintiff must promptly pay any duplicative fees and costs Temujin may incur in litigation in other cases because of Plaintiff's Motion in this case.

4.    If Plaintiff re-files this lawsuit, or any lawsuit based on the same operative facts, he must, for the sake of efficiency, do so in the Northern District of California and consent to proceed before the Hon. Nathanael Cousins.

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS

Page 8

5.      If Plaintiff does not meet all of the Court's conditions for dismissal without
prejudice, then this case and all of his future claims against Temujin based on the
same operative facts shall be dismissed with prejudice.

Temujin also respectfully requests that the Court grant it other conditions and relief the Court
deems just and proper.

## IV.    CONCLUSION

For the foregoing reasons, Temujin respectfully requests that the Court dismiss this case
with prejudice or impose significant conditions to make the dismissal meaningful and prevent
prejudice to Temujin.


SAC ATTORNEYS LLP


__/s/ Patrick O'Shaughnessy__
James Cai, Esq.
Brian Barnhorst, Esq.
Patrick O'Shaughnessy, Esq.
Woody Wu, Esq.

*Counsel for Defendants*

OPPOSITION TO RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE,
SEEKING INSTEAD DISMISSAL WITH PREJUDICE OR SIGNIFICANT CONDITIONS