1  Constantine P. Economides (*pro hac vice*)
   (Florida Bar No. 118177)
2  Brianna K. Pierce (CA Bar No. 336906)
   DYNAMIS LLP
3  261 Madison Avenue, 9th Floor
   New York, NY 10016
4  Tel: (619) 225-7323
   Email: ceconomides@dynamisllp.com
5          bpierce@dynamisllp.com

6  *Counsel for Plaintiff Ariel Abittan*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ARIEL ABITTAN, <br><br> PLAINTIFF, <br><br> v. <br><br> LILY CHAO (A/K/A TIFFANY CHEN, A/K/A YUTING CHEN), DAMIEN DING (A/K/A DAMIEN LEUNG, A/K/A TAO DING), TEMUJIN LABS INC. (A DELAWARE CORPORATION), AND TEMUJIN LABS INC. (A CAYMAN CORPORATION), <br><br> DEFENDANTS, <br><br> and <br><br> EIAN LABS INC., <br><br> NOMINAL DEFENDANT. | Case No. 5:20-CV-09340-NC <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15** <br><br> Date:  July 26, 2023 <br> Time:  1:00 p.m. <br> Place: Courtroom 5, 4th Floor <br> Judge: Hon. Nathanael Cousins |

As set forth in Plaintiff's motion (ECF No. 201), a Rule 41(a)(2) motion for voluntary dismissal without prejudice and without conditions should be granted unless the defendant will be legally or unduly prejudiced. As a threshold matter, Defendants do not claim that they will suffer legal prejudice if Plaintiff's claims are dismissed. Nor do Defendants argue that the dismissal should be, from the outset, with prejudice. Instead, Defendants ask the Court to impose four conditions on Plaintiff's voluntary dismissal that are unnecessary, irrelevant, vague, and/or improper. In sum, Defendants base these conditions on the mild inconvenience of having to re-serve document requests in the pre-existing state action. Accordingly, for the four reasons set forth below, the Court should grant Plaintiff's motion for voluntary dismissal without prejudice and without any conditions.

First, Defendants claim that they will be unduly prejudiced by a voluntary dismissal without a condition that requires Plaintiff to "respond to Temujin's pending and ripe party discovery requests (following the prompt submission and entry of the parties' negotiated proposed protective order, as potentially modified by the Court)." Opp. 8. However, this condition will impose a *greater* burden on all parties (including Defendants) than the dismissal. Indeed, despite Defendants' confounding statement that the parties "negotiated a protective order to *apparent completion*," the reality is that the parties have not agreed on the terms of a stipulated protective order.[1] By comparison, the parties in the state action have already stipulated to, and Judge Kulkarni has already entered, a protective order. Thus, the only "prejudice" that Defendants will incur if this condition is denied is the mild inconvenience of changing the caption on the requests and sending Plaintiff's counsel an email. Accordingly, Defendants' first condition is unnecessary and burdensome, and should be denied.

Second, Defendants ask the Court to impose a condition that "Temujin may amend its complaint in the Translucence Case to focus on its Federal Defend Trade Secret Act claims, proceed immediately with all forms of discovery in that case before this Court, and make use in that case of

---

[1] The draft Defendants circulated just two (2) days before Plaintiff filed the instant Motion omitted the crucial definition of "Related Case" that Plaintiff insisted on to ensure efficiency between the related federal and state actions.

- 2 -

PLAINTIFF'S REPLY IN SUPPORT OF MOTION           CASE NO. 5:20-CV-09340-NC
FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

1 the pending discovery at issue in this case." Opp. 8. However, Defendants do not connect the Translucence Case to any alleged prejudice that would be caused by Plaintiff's voluntary dismissal. Plaintiff is not a party to that action, has no relationship to Translucence, and cannot understand how this condition could be relevant or proper. If Defendants want to amend their complaint or proceed with discovery in the Translucence Case, they should seek relief within that action. Defendants' second condition is irrelevant and improper, and should be denied.

Third, Defendants allege that they will be unduly prejudiced by a dismissal absent a condition requiring Plaintiff to "promptly pay any duplicative fees and costs Temujin may incur in litigation in *other cases* because of Plaintiff's Motion in this case." Opp. 8 (emphasis added). Defendants base this condition on the claim that they will incur duplicative costs to (1) re-serve document requests on Plaintiff and (2) re-serve subpoenas on non-parties related to Translucence. Opp. 7. As detailed above, the minor inconvenience of changing the caption on party requests is de minimums. With respect to the non-party subpoenas, Plaintiff is unaware of any non-party subpoenas that have been successfully served by Defendants in this action. Indeed, two days ***after*** opposing the instant Motion, counsel for Defendants asked new counsel for the non-party subpoena recipients to accept service because Defendants were "not able to serve [the subpoenas] through [prior counsel]." Thus, to the extent Defendants incur expenses serving the non-party subpoenas in the state action, such expenses will not be duplicative of successful service efforts in this case. Moreover, if Defendants incur expenses in any "other cases" (such as the Translucence Case) it is unclear how or why Plaintiff should be responsible for discovery taken in cases in which he is not a party. Based on the foregoing, Defendants' third condition is unnecessary and vague, and should be denied.

Fourth, Defendants accuse Plaintiff of forum-shopping—without identifying how they would be harmed by proceeding in the forum that *Defendants* selected—and ask the Court to impose a condition so that "[i]f Plaintiff re-files this lawsuit, or any lawsuit based on the same operative facts, he must, for the sake of efficiency, do so in the Northern District of California and consent to proceed before the Hon. Nathanael Cousins." Opp. 8. This condition is unnecessary

given that Plaintiff intends to litigate (and in fact, already is litigating) these claims in the ongoing and first-filed action in Santa Clara County Superior Court before Judge Kulkarni. However, Defendants cite no case law that would permit the Court to limit Plaintiff's access to other courts if, in the future, Plaintiff has a good faith basis for filing claims "based on the same operative facts" in some other forum. And, if Plaintiff refiles his claims in this District, the existing local rules are sufficient to address Defendants' desire to litigate before this Court. *See* Civ. L. R 3-3(c). As such, Defendants' fourth condition is unnecessary and improper, and should be denied.

For the reasons set forth above and in Plaintiff's Motion, Plaintiff respectfully requests that the Court grant Plaintiff's motion for voluntarily dismissal without prejudice and without conditions.

Dated: July 19, 2023                **DYNAMIS LLP**

*/s/ Constantine P. Economides*
Constantine P. Economides (*pro hac vice*)
(Florida Bar No. 118177)
Brianna K. Pierce (CA Bar No. 336906)
261 Madison Avenue, 9th Floor
New York, NY 10016
Tel: (619) 225-7323
Email: ceconomides@dynamisllp.com
         bpierce@dynamisllp.com

*Counsel for Plaintiff Ariel Abittan*

- 4 -

PLAINTIFF'S REPLY IN SUPPORT OF MOTION                    CASE NO. 5:20-CV-09340-NC
FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE